UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**

FEB - 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN RE: LITHIUM ION BATTERIES
ANTITRUST LITIGATION

MDL No. 2420

## TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the District of New Jersey *Clark* action moves to centralize this litigation in the District of New Jersey. This litigation currently consists of four actions pending in the Northern District of California and an action in the District of New Jersey, as listed on Schedule A.[1] The actions involve claims by direct and indirect purchasers of lithium ion batteries—such as those used in cellular telephones, laptop computers, and other consumer electronics— of an alleged conspiracy among manufacturers to fix, raise, maintain and/or stabilize the prices of those batteries.

All responding parties support the motion, but disagree as to the transferee district. Movant and plaintiffs in eight potential tag-along actions in the District of New Jersey support transfer to that district. Defendants,[2] plaintiffs in three of the four Northern District of California actions, and plaintiffs in seven potential tag-along actions in that district support transfer to the Northern District of California. Plaintiffs in three potential tag-along actions in the Southern District of California support centralization in that district, while the plaintiff in a potential tag-along action in the District of Minnesota advocates centralization in the District of Minnesota. Several plaintiffs also support centralization in the Southern District of California in the alternative.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to whether manufacturers of lithium ion batteries formed a conspiracy to fix, maintain, raise and/or stabilize the prices of lithium ion batteries sold in the United States. Centralization will eliminate duplicative discovery; prevent inconsistent

---

[1] The parties have notified the Panel of forty-seven related actions pending in the Northern District of California, the Southern District of California, the District of Massachusetts, the District of Minnesota, and the District of New Jersey. These actions and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] The responding defendants include: LG Chem America, Inc.; Maxell Corporation of America; Panasonic Corporation of North America; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Sanyo North America Corporation; and Sony Electronics, Inc.

-2-

pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Weighing all factors, the Northern District of California stands out as an appropriate transferee forum. The first four actions in this litigation were filed in the Northern District of California and are pending before Judge Yvonne Gonzalez Rogers, as are another eight related actions. Both defendants and several plaintiffs favor transfer there. The Northern District of California undoubtedly will be the most convenient for the greatest number of parties in this litigation, including the defendants based in Asia. In addition, relevant documents and witnesses may be found in the Northern District of California, inasmuch as several defendants have major facilities or lithium ion battery business in or near the district. Relevant grand jury proceedings also are reportedly underway in this district. We are convinced that the Northern District of California has the necessary judicial resources and expertise to efficiently manage this litigation, and centralization in this district provides us the opportunity to assign the litigation to a judge who is not presently presiding over other multidistrict litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action pending in the District of New Jersey is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

IN RE: LITHIUM ION BATTERIES
ANTITRUST LITIGATION                                            MDL No. 2420

## SCHEDULE A

### Northern District of California

Kevin Young, et al. v. LG Chem, Ltd., et al., C.A. No. 4:12-05129
Brian Hanlon v. LG Chem, Ltd., et al., C.A. No. 4:12-05159
Charles Carte v. Samsung SDI, Co., Ltd., et al., C.A. No. 4:12-05268
Nichole M. Gray v. Samsung SDI Co., Ltd., et al., C.A. No. 4:12-05274

### District of New Jersey

Woodrow Clark, II v. LG Chem America, Inc., et al., C.A. No. 2:12-06431