*Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Plaintiff Actions | Case No. 4:13-md-02420-YGR<br><br>MDL No. 2420<br><br>**INDIRECT PURCHASER PLAINTIFFS' JOINT PRELIMINARY STATEMENT**<br><br>Date:         April 3, 2013<br>Time:         2:00 p.m.<br>Courtroom:  5<br>Judge:         Yvonne Gonzalez Rogers |

As required by ¶ 3(c) of the Court's March 4, 2013 Order Setting Initial Conference (Dkt. No. 8), counsel for all Indirect Purchaser Plaintiffs ("IPP") respectfully submit this Joint Preliminary Statement.

## I. INDIRECT PURCHASER PLAINTIFFS' PRELIMINARY UNDERSTANDING OF THE FACTS.

Indirect Purchaser Plaintiffs allege a conspiracy to raise, stabilize, and maintain the prices of "Lithium Ion Batteries" and "Lithium Ion Battery Products." Lithium Ion Batteries are rechargeable batteries that utilize lithium ion technology. Lithium Ion Battery Products include cameras, notebook computers, mobile telephones, smartphones, power tools, personal digital assistants, tablet computers, handheld game consoles, and other products that contain lithium ion batteries. Plaintiffs allege that the conspiracy succeeded in maintaining prices of Lithium Ion Batteries and Lithium Ion Battery Products above competitive levels, which caused Plaintiffs to

pay supra-competitive prices.

Lithium Ion Batteries are considered secondary batteries, or rechargeable batteries. They possess certain unique performance qualities that make them the most popular form of rechargeable battery. These qualities include increased power, relatively small size and light weight, and absence of the "memory effect" that makes other types of rechargeable batteries such as nickel-cadmium or nickel-metal hydride batteries less desirable. Lithium Ion Batteries are not interchangeable with other secondary batteries. Lithium Ion Batteries are an important power source for various electronics products, including the Lithium Ion Battery Products identified above.

Defendants are the world's largest Lithium Ion Battery manufacturers. Defendants and/or their corporate affiliates have previously orchestrated and been convicted of some of the largest price-fixing conspiracies in history involving related products – conspiracies that over the past 20 years artificially raised the prices of various electronics components such as computer chips, LCD television and computer screens, and disk drives.

Lithium Ion Batteries first became commercially available in the early 1990s and, at that time, were manufactured exclusively by two Japanese defendants – Sony and Panasonic. However, in the late 1990's, two Korean defendants – LG Chem and Samsung SDI – entered the Lithium Ion Battery market and began to compete intensely with Sony and Panasonic. This competition led to a dramatic decrease in Lithium Ion Battery prices. In or around the end of 2001-beginning of 2002, in order to arrest the price decline, the Defendants entered into the alleged illegal conspiracy. This immediately halted the dramatic decrease in Lithium Ion Battery prices, and throughout the remainder of the alleged class period, there began a period of remarkable stability (with the exception of the Great Recession in 2008) for Lithium Ion Battery prices.

Starting in May 2011, Defendants disclosed that the Antitrust Division of the U.S. Department of Justice ("DOJ") and the European Commission ("EC") had initiated an investigation for violation of competition laws against manufacturers of Lithium Ion Batteries. The DOJ and the EC have subpoenaed documents from at least several Defendants in the course

of their investigation, and Defendants have disclosed that a grand jury is empanelled in the Northern District of California.  It is widely believed that one defendant is cooperating with the government as an amnesty applicant pursuant to the Antitrust Criminal Penalties Enhancement Reform Act, ("ACPERA"), codified at 15 U.S.C. § 1 note.

### A. Critical Factual and Legal Issues

The following are some of the legal and factual issues that will arise in the Indirect Purchaser Plaintiff cases:

- Whether the Court has personal jurisdiction over certain Defendants;
- Whether Defendants' alleged conduct constituted a *per se* violation of Section 1 of the Sherman Act and of state antitrust and consumer protection statutes;
- Whether the amnesty applicant has complied fully and timely with its ACPERA obligations.
- Whether IPPs have adequately pleaded causes of action for the violation of state and federal antitrust laws, and state consumer protection statutes, including under the pleading requirements set forth in *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544 (2007) and its progeny;
- Whether IPPs may maintain a class action against Defendants;
- Whether the Foreign Trade Antitrust Improvements Act ("FTAIA"), 15 U.S.C. § 6a applies to any of the conduct at issue in this case;
- Whether Defendants have been unjustly enriched by the alleged conspiracy; and
- Whether IPPs are entitled to punitive, actual, and trebled statutory damages, costs, attorneys' fees, pre- and post-judgment interest, declaratory relief, equitable relief, and any other relief provided for by federal and state law.

## II. LIST OF ALL PENDING MOTIONS

IPPs in the following five actions have Motions to Relate pending, filed in the first filed case – *Young, et al. v. LG Chem Ltd., et al.*, No. 4:12-cv-5129 (N.D. Cal.) ("*Young Action*"): Alexandara Le (Dkt. No. 63); Matt Bryant (Dkt. No. 64); Spencer K. Hathaway (Dkt. No. 65); Robert L. McGranahan (Dkt. No. 66); Patrick McGuiness (Dkt. No. 67); Petree (Dkt. No. 68);

Gallardo (Dkt. No. 69); and Tozer (Dkt. No. 71). There are no other prior or pending motions in any of the related cases.

### III.  LIST OF ALL RELATED CASES PENDING IN STATE OR FEDERAL COURT AND THEIR CURRENT STATUS

IPPs believe all of the related IPP actions are federal actions and no state actions are currently pending. Attached as Exhibit A is a chart of all related federal IPP cases before this Court, including those awaiting relation or transfer from the JPML.

Further, pursuant to certain consumer and/or antitrust state law procedures, one or more additional complaints are filed under seal, pending the decision of one or more state's Attorney General to intervene in this matter.

The Antitrust Division of the Department of Justice is conducting a criminal investigation in the Northern District of California relating to IPPs allegations, and the European Commission has also confirmed such an investigation.

### IV.  INDIRECT PURCHASER PLAINTIFFS' PROPOSED SCHEDULE

In the *Young* action, Plaintiffs and several Defendants stipulated to, and this Court ordered, a schedule for the filing of Defendants' responsive pleadings. (Stipulation and Order, No. 12-5129, Dkt. No. 24.) The Stipulation and Order affords this extension to any named Defendant that notifies Plaintiffs in writing of its intention to join the Stipulation and Order without requiring further stipulation. Defendants in most actions have so elected.

Once Interim Class Counsel and/or a Plaintiffs' Steering Committee ("PSC") has been appointed, the parties anticipate the filing of a Consolidated Amended Complaint. IPPs respectfully suggest the following schedule:

| Event | Date |
|---|---|
| Initial Conference | April 3, 2013, 2 p.m. |
| Deadline to submit applications for interim class counsel/membership in PSC | March 28, 2013 |
| Rule 26(f) Conference among IPPs and Defendants (including ESI preservation protocol discussion) | March 18, 2013; continued to within 21 days following the April 3, 2013 conference |
| Defendants advise Plaintiffs of issues concerning misjoinder or personal jurisdiction | Within 20 days of the April 3, 2013 conference |
| Discovery – grand jury materials. Defendants produce grand jury documents and information in the form produced to grand jury | 14 days after appointment of interim class counsel |
| Amnesty Applicant meet and confer with Plaintiffs for purpose of proffer and/or disclosures to Plaintiffs | Within 30 days after appointment of interim class counsel |
| **Complaint**<br>    Filing of IPP Consolidated Amended Complaint | 60 days following appointment of class counsel/PSC |
|     Defendants' Response to IPPs' Consolidated Amended Complaint | 60 days following filing of IPPs' Consolidated Amended Complaint |
|     IPPs' Opposition to Defendants' Motion(s) to Dismiss (to the extent defendants elect to move to dismiss and not answer) | 60 days following filing of Rule 12 Motions |
|     Defendants' Reply Memorandum in Support of Motion to Dismiss | 30 days following submission of IPPs' opposition to motion to dismiss |
|     Hearing on Rule 12 Motions | To be set by Court |
| **Class Certification:** *Dates contingent on Court ordering and Defendants adhering to the dates proposed above.*<br>    Motion Filed with Expert Reports | September 18, 2014 |
|     Defendants' Expert Disclosures | October 18, 2014 |
|     Defendants' Opposition Expert Reports | November 18, 2014 |
|     Plaintiffs' Reply and Rebuttal Reports | January 31, 2015 |
|     Discovery Period for Experts | September 19, 2014 – January 31, 2015 |
|     Hearing | February 15, 2015 |
| Discovery Cutoff | May 15, 2015 |
| Trial Date | |

## V. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over the related cases on the basis of federal question jurisdiction, 28 U.S.C. §§ 1331, 1337, and/or diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

IPPs served or secured service waivers from each Defendant located in the United States, and initiated the process of translating the complaints and effecting service via the Hague Service Convention on all foreign Defendants.

Further service efforts should be halted pending the organization of Plaintiffs' Counsel and the filing of a Consolidated Amended Complaint.

Counsel for Indirect and Direct Purchaser Plaintiffs and Defendants met on March 18, 2013 in San Francisco to discuss the topics the Court listed in its March 4 Order. At that meeting, Plaintiffs asked that any Defendant which believes it (a) has been mis-joined or (b) will assert a defense of lack of subject matter and/or personal jurisdiction or failure of service to identify itself so the parties may try to resolve the issue promptly and without motion practice. Plaintiffs asked that Defendants inform Plaintiffs of these issues within 15 days, so that Plaintiffs may attempt to resolve these issues efficiently and with a minimal amount of expense and burden for all parties prior to the filing of a consolidated amended complaint. Defendants responded that any individual defendant that will raise issues concerning misjoinder or personal jurisdiction will do so within 20 days of the April 3 conference and contact Plaintiffs individually to attempt to resolve them.

## VI. EVIDENCE PRESERVATION

Plaintiffs have adhered to this Court's requirement regarding the preservation of records as set forth in paragraph 4(d) of the March 4, 2013 Order, and have proposed an initial conference with Defendants to reach agreement on an ESI protocol. Defendants have agreed to consider this proposal. Defendants also noted that each Defendant is differently situated, and thus individualized negotiations will be necessary.

## VII. DISCOVERY CONFERENCE AND DISCLOSURES

On March 18, 2013, consistent with the Order, the parties met and conferred to discuss a proposed discovery plan pursuant to Rule 26(f) and a suggested schedule under Rule 16(b) for the joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial. *See generally* Standing Order for All Judges of the N. Dist. of Cal. (Nov. 27, 2012); Guidelines for the Discovery of Electronically Stored Information.

Plaintiffs requested that Defendants produce all documents produced to the Grand Jury and the DOJ within 14 days of the March 18 meeting (April 3) and that Defendants provide Rule 26(f) disclosures identifying the custodians for whom documents had been produced to the DOJ and those custodians' supervisors. Plaintiffs offered to forgo serving any discovery requests until they had reviewed those documents and disclosures. Plaintiffs offered to accept all documents in whatever format they exist and subject to any confidentiality designation Defendants choose.

Defendants have made clear that prior to the Court upholding the Consolidated Amended Complaint, they refuse to address any substantive or scheduling issues concerning discovery, contrary to Rule 26, this Court's Local Civil Rules, the ESI Guidelines, and what Plaintiffs understand this Court's March 4 Order to require.

Defendants refuse to produce any documents that they provided to the DOJ, and claim that the identity of the custodians whose documents were produced to the DOJ is "attorney work product." Defendants said their Discovery Plan is no discovery until after the Court rules on any Rule 12 motions, although Defendants said they would consider serving Rule 26(a)(1) Initial Disclosures after Plaintiffs file Consolidated Amended Complaints.

The parties did agree to meet and confer on a protective order.

## VIII. LIST OF AFFILIATED COMPANIES AND COUNSEL

Pursuant to ¶ 3(d) of the Order Setting Initial Conference, Exhibit B is a list of companies affiliated with the parties. Further, a list of all counsel associated in the litigation appears on the signature lines below.

## IX. ADDITIONAL TOPICS INCLUDED ON EXHIBIT A TO MARCH 4 ORDER

### A. Areas of Agreement

#### 1. Creation of Master Docket

The parties agree that it is most efficient if all documents are filed electronically in a single master docket, Case No. 4:13-MD-02420-YGR. In the event parties file opt out (also called "direct action") cases, the Court may determine it will be efficient if parties file documents both in their individual case and in the master docket. *See, e.g.*, *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. M 07-1827-SI, slip op, (N.D. Cal. Oct. 15, 2012) (attached as Exhibit C.)

#### 2. Discovery Served by Email

The parties agree that all discovery and discovery responses shall be served by email with no need to serve paper copies. The parties request the Court order that Federal Rule of Civil Procedure 6(d) will not apply.

### B. Other Topics

#### 1. Referring Discovery to Magistrate Judge

IPPs believe it is appropriate at this early stage in the litigation to present any discovery issues to a Magistrate Judge.

#### 2. Appointment of Plaintiffs' Liaison, Lead, Trial Counsel, Steering Committee; Maintaining Time and Expense Reports.

IPPs, through their counsel, have had numerous discussions regarding which firms the Court should consider appointing to lead the litigation. To date, no agreement has been reached. Counsel wish to discuss with the Court at the April 3 conference its guidance regarding the appointment of interim lead or co-lead counsel, liaison counsel, and the duties and membership of the Plaintiffs' Steering Committee.

IPPs' counsel agree that monthly time and expense reporting is necessary. Maintaining and auditing such reports should be the responsibility of interim lead or liaison counsel.

### 3. ADR

IPPs, pursuant to the Court's agenda item, advised Defendants that they are willing to engage in early mediation alternative dispute resolution. Defendants declined.

Dated: March 28, 2013                                    Respectfully submitted,[1]

By:  /s/ Jill L. Diamond                                 By:  /s/ Steven N. Williams

Jill L. Diamond                                          Joseph W. Cotchett
Joseph M. Breall                                         Nancy Fineman
**BREALL & BREALL LLP**                                  Steven N. Williams
1550 Bryant Street                                       **COTCHETT, PITRE & McCARTHY, LLP**
Suite 575                                                840 Malcolm Road, Suite 200
San Francisco, CA 94103                                  Burlingame, CA 94010
Telephone: (415) 345-0545                                Telephone: (650)697-6000
Facsimile: (415) 435-0538                                Fax: (650) 697-0577
jill@breallaw.com                                        nnishimura@cpmlegal.com
jmbreall@breallaw.com                                    jcotchett@cpmlegal.com
                                                         swilliams@cpmlegal.com
Counsel for the Plaintiff in *Rojanasathit v. Samsung SDI America Inc. et al.*, No. 12-6183
                                                         Counsel for Plaintiff Kristina Yee in *Yee v. LG Chem, Ltd., et al.*, No 13-0703

By:  /s/ Bryan L. Clobes                                 By:  /s/ William J. Doyle II

Bryan L. Clobes                                          William J. Doyle II
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**            James R. Hail
1101 Market Street, Suite 2650                           Katherine S. DiDonato
Philadelphia, PA 19107                                   **DOYLE LOWTHER LLP**
Telephone: (215) 864-2800                                10200 Willow Creek Road, Suite 150
Facsimile: (215) 864-2810                                San Diego, CA 92131
bclobes@caffertyclobes.com                               Telephone: (858) 935-9960
                                                         Facsimile: (858) 939-1939
Counsel for the Plaintiff in *Lepore v. LG Chem LTD., et al.*, No. 13-0361 (N.D. Cal.)
                                                         bill@doylelowther.com
                                                         jim@doylelowther.com
                                                         kate@doylelowther.com

                                                         Counsel for Plaintiffs in *Russo et al v. LG Chem, Ltd. et al.*, No. 3:12-cv-2505 (S.D. Cal.)

---

[1] The individuals shown next to "/s/" below provided their concurrence in the filing of this document. N.D. Cal. L.R. 5-1(e)(3).

| | |
|---|---|
| By: /s/ Daniel R. Karon | By: /s/ Peter Safirstein |
| Daniel R. Karon<br>**GOLDMAN SCARLATO KARON<br>& PENNY, P.C.**<br>700 W. St. Clair Ave., Suite 204<br>Cleveland, OH 44113-1998<br>Telephone: (216) 622-1851<br>Facsimile: (216) 241-8175<br>karon@gskplaw.com | Peter Safirstein<br>Domenico Minerva<br>**MORGAN & MORGAN, P.C.**<br>5 Pennsylvania Plaza<br>New York, NY 10001<br>Telephone: (212) 564-1637<br>Facsimile: (212) 564-1807<br>psafirstein@forthepeople.com<br>dminerva@forthepeople.com |
| Brian D. Penny<br>**GOLDMAN SCARLATO KARON<br>& PENNY, P.C.**<br>101 E. Lancaster Ave., Suite 204<br>Wayne, PA 19087<br>Telephone: (484) 342-0700<br>Facsimile: (484) 580-8729<br>penny@gskplaw.com | Attorneys for Plaintiff in *D'Orazio v. LG Chem, LTD.*, Case No. 3:12-cv-06173 and *Marcus v. LG Chem, LTD.*, Case No. 4:13-CV-00339 |
| Counsel for the Plaintiffs in *Cohen v. LG Chem America, Inc. et al.,* No. 2:12-cv-7793 (D.N.J.) | |
| By: /s/ Lesley Elizabeth Weaver | By: /s/ Jeffrey C. Block |
| Lesley Elizabeth Weaver<br>James Robert Noblin<br>Robert S. Green<br>**GREEN & NOBLIN, P.C.**<br>700 Larkspur Landing Circle, Suite 275<br>Larkspur, CA 94939<br>Telephone: (415) 477-6700<br>Facsimile: (415) 477-6710<br>cand.uscourts@classcounsel.com | Jeffrey C. Block<br>Mark A. Delaney<br>Whitney E. Street<br>**BLOCK & LEVITON LLP**<br>155 Federal Street, Suite 1303<br>Boston, MA 02110<br>Telephone: (617) 398-5600<br>Fascimile: (617) 507-6020<br>Jeff@blockesq.com<br>Mark@blockesq.com<br>Whitney@blockesq.com |
| Counsel for the Plaintiff in *Martinez v. LG Chem., Ltd., et al*., No. 12-6151, *D'Orazio v. LG Chem., LTD., et al*, No. 12-06173, *Marcus v. LG Chem, LTD.*, Case No. 4:13-CV-00339 and *Cohen v. LG Chem, LTD.*, Case No. 3:13-cv-00761 | Attorneys for Plaintiff in *Martinez v. LG Chem, LTD.*, Case No. 4:12-CV-06151 and *Marcus v. LG Chem, LTD.*, Case No. 4:13-CV-00339 |

| | |
|---|---|
| By: /s/ Louise H. Renne | By: /s/ Brent W. Johnson |
| Louise H. Renne<br>Steve Cikes<br>**RENNE SLOAN HOLTZMAN SAKAI LLP**<br>350 Sansome Street, Suite 300<br>San Francisco, CA 94104<br>Telephone: (415) 678-3800<br>Facsimile: (415) 678-3838<br>lrenne@publiclawgroup.com<br>scikes@publiclawgroup.com | Kit A. Pierson<br>Brent W. Johnson<br>**COHEN MILSTEIN SELLERS & TOLL, P.L.L.C.**<br>1100 New York Avenue, N.W.<br>Suite 500 West Tower<br>Washington, D.C. 20005<br>kpierson@cohenmilstein.com<br>bjohnson@cohenmilstein.com<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 |
| Attorneys for Plaintiff in *Cohen v. LG Chem, LTD.*, Case No. 3:13-cv-00761 | Counsel for the Plaintiffs in *Hanlon v. LG Chem, Ltd., et al.*, No. 12-5159 |
| By: /s/ Jason Zweig | By: /s/ Kathleen R. Scanlan |
| Jeff D. Friedman<br>Shana E. Scarlett<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001<br>jefff@hbsslaw.com<br>shanas@hbsslaw.com<br><br>George W. Sampson<br>Steve W. Berman<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1918 8th Ave., Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>george@hbsslaw.com<br>steve@hbsslaw.com<br><br>Jason A. Zweig<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>One Penn Plaza, 36th Floor<br>New York, NY 10119<br>Telephone: (212) 752-5455<br>Facsimile: (917) 210-3980<br>jasonz@hbsslaw.com<br><br>Counsel for the Plaintiffs in *Young v. LG Chem Ltd., et al.*, No. 12-5129, and *Hanlon v. LG Chem, Ltd., et al.*, No. 12-5159 | Eric A. Grover<br>Jeffrey Farley Keller<br>Kathleen R. Scanlan<br>**KELLER GROVER LLP**<br>1965 Market Street<br>San Francisco, CA 94103<br>Telephone: (415) 543-1305<br>Facsimile: (415) 543-7861<br>eagrover@kellergrover.com<br>jfkeller@kellergrover.com<br>kscanlan@kellergrover.com<br><br>Counsel for the Plaintiff in *Johns v. Hitachi Ltd. et al.*, No. 12-6152<br><br>By: /s/ Thomas H. Brill<br><br>Thomas H. Brill<br>**LAW OFFICE OF THOMAS H. BRILL**<br>8012 State Line Road, Suite 102<br>Leawood, Kansas 66208-3712<br>Tel. 913-677-2004<br>brillkc@gmail.com<br><br>Gregory P. Forney<br>**SHAFFER LOMBARDO SHURIN**<br>911 Main Street Suite 2000<br>Kansas City, Missouri 64105<br>Tel: 816-931-0500<br>gforney@sls-law.com<br><br>Counsel for Plaintiff in *O'Daniel v. LG Chem, Ltd., et al.,* No. 4:13-cv-00182 (W.D. Mo.) |

| | |
|---|---|
| By: /s/ Michael D. Liberty | By: |
| Michael D. Liberty<br>**LAW OFFICE OF MICHAEL D. LIBERTY**<br>1290 Howard Avenue, Suite 303<br>Burlingame, CA 94010<br>Telephone: (650) 685-8085<br>Facsimile: (650) 685-8086<br><br>Judd B. Grossman<br>**GROSSMAN LLP**<br>590 Madison Avenue<br>18th Floor<br>New York, New York 10022<br>Telephone: (646) 770-7445<br>Facsimile: (212) 521-4044<br>jgrossman@grossmanllp.com<br><br>Counsel for the Plaintiff *Tolchin v. LG Chem, LTD. et al.*, Case No. 3:13-cv-700 | Robert J. Gralewski, Jr.<br>**KIRBY MCINERNEY LLP**<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 398-4340<br>bgralewski@kmllp.com<br><br>Daniel Hume<br>**KIRBY MCINERNEY LLP**<br>825 Third Avenue, 16th Floor<br>New York, NY<br>dhume@kmllp.com<br><br>Mario N. Alioto<br>Joseph M. Patane<br>Lauren C. Capurro<br>**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**<br>2280 Union Street<br>San Francisco, CA 94123<br>Telephone:  (415) 563-7200<br>Facsimile:  (415) 346-0679<br>malioto@tatp.com<br>jpatane@tatp.com<br>laurenrussell@tatp.com<br><br>Counsel for Plaintiff in *Tozer v. LG Chem Ltd., et al.*, No. 13-CV-0397 (N.D. Cal.) |
| By: /s/ Eric S. Somers | By: /s/ Steven G. Sklaver |
| Eric S. Somers<br>Mark N. Todzo<br>Howard Hirsch<br>**LEXINGTON LAW GROUP**<br>503 Divisadero Street<br>San Francisco, CA  94117<br>Telephone: (415) 913-7800<br>Facsimile: (415) 759-4112<br><br>Counsel for Plaintiffs in *Conover et al. v. LG Chem America, Inc. et al.,* No. 2:13-cv-190 (D.N.J.) Susanne Hiller, Robert Hyams and Matthew Weiner | Marc M. Seltzer<br>Steven G. Sklaver<br>Kalpana Srinivasan<br>Kathryn P. Hoek<br>**SUSMAN GODFREY L.L.P.**<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067<br>Telephone: 310-789-3123<br>Facsimile:  310-789-3150<br>ssklaver@susmangodfrey.com<br>mseltzer@susmangodfrey.com<br>ksrinivasan@susmangodfrey.com<br>khoek@susmangodfrey.com<br><br>Counsel for the Plaintiff in<br>*Jawor v. LG Chem, Ltd.*, et al., No. 13-cv-1166 (N.D. Cal.) (relation pending) |

| | |
|---|---|
| By: /s/ Sandra Cuneo | By: /s/ J. Gerard Stranch IV |

Sandra Cuneo (SBN 110388)
**CUNEO GILBERT & LADUCA, LLP**
330 S. Burlingame Avenue, #109
Los Angeles, CA 90049
Telephone: (424) 832-3450
Facsimile: (424) 832-3017
scuneo@cuneolaw.com

Jonathan W. Cuneo
Daniel Cohen
Victoria Romanenko
Katherine Van Dyck
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, D.C. 20002
Telephone: (202) 780-3960
Facsimile: (202) 789-1813

Counsel for Plaintiffs in *Le v. LG Chem, Ltd. et al.*, No. 3:13-cv-708 (N.D. Cal.); *McGranahan v. LG Chem, LTD., et al.*, No. 13-CV-975 (N.D. Cal.); *Hathaway v. LG Chem, LTD., et al.*, No. 13-CV-926 (N.D. Cal.); *Bryant v. LG Chem, LTD., et al.*, No. 12-CV-5129 (N.D. Cal.); *McGuinness v. LG Chem, LTD., et al.*, No. 13-CV-929 (N.D. Cal.)

J. Gerard Stranch IV
Michael G. Stewart
Benjamin A. Gastel
**BRANSTETTER, STRANCH & JENNINGS**
227 Second Avenue North– 4th Floor
Nashville, TN 37201
Telephone: (615) 254-880
gstranch@branstetterlaw.com
mstewart@branstetterlaw.com
beng@branstetterlaw.com

Counsel for Plaintiffs in *Batey v. LG Chem America, Inc*, Case No. 2:12-cv-06555 (D.N.J.); *David Shawn et al., v. LG Chem America, Inc., et al.*, Case No. 2:12-cv-06793 (D.N.J.); *Doyle v. LG Chem America, Inc.*, et al., Case No. 2:12-cv-07633 (D.N.J.)

| | |
|---|---|
| By: /s/ Elizabeth J. Cabraser | By: |

Elizabeth J. Cabraser
Richard M. Heimann
Eric B. Fastiff
Joy A. Kruse
Brendan P. Glackin
Marc A. Pilotin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
rheimann@lchb.com
efastiff@lchb.com
jakruse@lchb.com
bglackin@lchb.com
mpilotin@lchb.com

Counsel for the Plaintiff in *Katz-Lacabe v. Hitachi Ltd., et al.*, No. 12-5681

Dan W. Taliaferro
Greg L. Davis
**DAVIS & TALIAFERRO, LLC**
7031 Halcyon Park Drive
Montgomery, Alabama 36117
Telephone: (334) 832-9080

Counsel for Plaintiffs in *Doyle v. LG Chem America, Inc.*, et al., Case No. 2:12-cv-07633 (D.N.J.)

| | |
|---|---|
| By: /s/ Paul F. Novak | By: /s/ Jennie Lee Anderson |
| Paul F. Novak<br>Elizabeth McKenna<br>Peggy Wedgworth<br>**MILBERG LLP**<br>One Pennsylvania Plaza<br>New York, NY 10119<br>Telephone: (212) 594-5300<br>Facsimile: (212) 868-1229<br>pnovak@milberg.com<br>emckenna@milberg.com<br>pwedgworth@milberg.com<br><br>David Azar<br>**MILBERG LLP**<br>300 South Grand Avenue<br>Suite 3900<br>Los Angeles, CA 90071<br>Telephone: (213) 617-1200<br>Facsimile: (213) 617-1975<br>dazar@milberg.com<br><br>Ralph B. Kalfayan<br>Vic A. Merjanian<br>**KRAUSE KALFAYAN BENINK & SLAVENS, LLP**<br>550 W. C Street, Suite 530<br>San Diego, CA 92101<br>Telephone: (619) 232-0331<br>Facsimile: (619) 232-4019<br>rkalfayan@kkbs-law.com<br>vmerjanian@kkbs-law.com<br><br>Counsel for Plaintiff in *Bugge v. LG Chem, Ltd et al.,* No. 3:12-cv-6492 (N.D. Cal.); *Juncaj et al. v. LG Chem, Ltd et al.,* No. C 13-01379 JSC (N.D. Cal.) (relation pending) | Jennie Lee Anderson (SBN 203586)<br>Jessica Moy (SBN 272941)<br>**ANDRUS ANDERSON LLP**<br>155 Montgomery Street, Suite 900<br>San Francisco, CA 94104<br>Telephone: (415) 986-1400<br>Facsimile: (415) 986-1474<br>jennie@andrusanderson.com<br><br>Peter Mougey<br>James Kauffman<br>**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Telephone: (850) 435-7000<br>Facsimile: (850) 435-7020<br>pmougey@levinlaw.com<br>jkauffman@levinlaw.com<br><br>Counsel for Plaintiff David Petree in *Petree v. LG Chem, Ltd*, et al. Case No: 3:13-cv-0976 LB<br><br>By: /s/ Jayne Arnold Goldstein<br><br>Jayne Arnold Goldstein<br>**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**<br>1792 Bell Tower Lane, Suite 203<br>Weston, FL 33326<br>Telephone: (954) 315-3454<br>Facsimile: (954) 315-3455<br>jagoldstein@pomlaw.com<br><br>Natalie Finkelman Bennett<br>**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**<br>475 White Horse Pike<br>Collingswood, NJ 08107<br>Telephone: (856) 858-1770<br>Facsimile: (856) 858-7012<br>nfinkelman@sfmslaw.com<br><br>Counsel for the Plaintiff in *Molfetas v. LG Chem Ltd. et al.,* No. 2:13-cv-541 (D.N.J.) |

| | |
|---|---|
| By: /s/ Bonny E. Sweeney | By: /s/ Walter W. Noss |

Bonny E. Sweeney
Thomas Robert Merrick
Alexandra Senya Bernay
**ROBBINS GELLER RUDMAN AND DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com

Alan M. Caplan
Roderick P. Bushnell
**BUSHNELL & CAPLAN LLP**
900 Kearny Street, Suite 299
San Francisco, CA 94133-5124
Telephone: 415/217-3800
415/217-3820 (fax)
rod@bcfmlaw.com

Counsel for the Plaintiff in *Powers v. LG Chem America, Inc. et al.*, No. 12-6118

Christopher M. Burke
Walter W. Noss
John T. Jasnoch
**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Joseph P. Guglielmo
**SCOTT+SCOTT LLP**
The Chrysler Building
405 Lexington Ave., 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

Counsel for Plaintiffs in *Batey v. LG Chem America, Inc*, Case No. 2:12-cv-06555 (D.N.J.), *Miller et al. v. LG Chem, LTD.,* Case No. 3:12-cv-02531 (S.D. Cal.); *David Shawn et al., v. LG Chem America, Inc*., et al., Case No. 2:12-cv-06793 (D.N.J.); *Turner et al. v. LG Chem America, Inc*., et al., Case No. 3:12-cv-02658 (S.D. Cal.); *Doyle v. LG Chem America, Inc*., et al., Case No. 2:12-cv-07633 (D.N.J.); *Sclar v. LG Chem America, Inc., et al.*, Case No. 2:13-cv-00592 (D.N.J.)

By: /s/ Timothy D. Battin

Timothy D. Battin
Christopher Le
**STRAUS & BOIES, LLP**
4041 University Dr.
Fifth Fl.
Fairfax, VA 22030
tbattin@straus-boies.com
Telephone: (703) 764-8700
Facsimile: (703) 764-8704
cle@straus-boies.com

Counsel for the Plaintiff in
*Pham et al v. Hitachi Maxell Ltd. et al.*,
No. 12-5938 (relation pending)

# **EXHIBIT A**

**Related Federal IPP Cases Pending in N.D. Cal.**
**(as of March 28, 2013, including those pending relation or transfer from MDL)**

| | |
|---|---|
| *Young v. LG Chem Ltd., et al.*, No. 4:12-cv-5129 (N.D. Cal.) | *Cohen v. LG Chem, Ltd. et al.*, No. 3:13-cv-761 (N.D. Cal.) |
| *Hanlon v. LG Chem, Ltd., et al.*, No. 4:12-cv-5159 (N.D. Cal.) | *Russo et al v. LG Chem, Ltd. et al.*, No. 3:12-cv-2505 (S.D. Cal.) |
| *Katz-Lacabe v. Hitachi Ltd., et al.*, No. 4:12-cv-5681 (N.D. Cal.) | *Miller et al v. LG Chem, Ltd. et al.*, No. 3:12-cv-2531 (S.D. Cal.) |
| *Pham et al v. Hitachi Maxell Ltd. et al.*, No. 4:12-cv-5938 (N.D. Cal.) | *Van Patten v. LG Chem, Ltd. et al.*, No. 3:12-cv-2615 (S.D. Cal.) |
| *Powers v. LG Chem America, Inc. et al.*, No. 3:12-cv-6118 (N.D. Cal.) | *Turner et al v. LG Chem, Ltd. et al.*, No. 3:12-cv-2658 (S.D. Cal.) |
| *Martinez v. LG Chem., Ltd., et al.*, No. 4:12-cv-6151 (N.D. Cal.) | *Batey v. LG Chem America, Inc. et al.*, No. 2:12-cv-6555 (D.N.J.) |
| *Johns v. Hitachi Ltd. et al.*, No. 3:12-cv-6152 (N.D. Cal.) | *A-1 Computers, Inc. v. LG Chem, Ltd. et al.*, No. 2:12-cv-6581 (D.N.J.) |
| *D'Orazio v. LG Chem., Ltd., et al.*, No. 3:12-cv-6173 (N.D. Cal.) | *Shawn et al v. LG Chem America, Inc. et al.*, No. 2:12-cv-6793 (D.N.J.) |
| *Rojanasathit v. Samsung SDI America, Inc. et al.*, No. 3:12-cv-6183 (N.D. Cal.) | *Doyle v. LG Chem America et al.*, No. 2:12-cv-7633 (D.N.J.) |
| *Levy v. LG Chem, Ltd., et al.*, No. 3:12-cv-6446 (N.D. Cal.) | *Cohen et al v. LG Chem America, Inc. et al.*, No. 2:12-cv-7793 (D.N.J.) |
| *Bugge v. LG Chem, Ltd et al.*, No. 3:12-cv-6492 (N.D. Cal.) | *Conover et al. v. LG Chem America, Inc. et al.*, No. 2:13-cv-190 (D.N.J.) |
| *Marcus v. LG Chem et al.*, No. 4:13-cv-339 (N.D. Cal.) | *Molfetas v. LG Chem Ltd. et al.*, No. 2:13-cv-541 (D.N.J.) |
| *Lepore v. LG Chem, Ltd., et al.*, No. 3:13-cv-361 (N.D. Cal.) | *Tuohy v. LG Chem, Ltd. et al.*, No. 2:13-cv-557 (D.N.J.) |
| *Tozer v. LG Chem Ltd., et al.*, No. 3:13-cv-397 (N.D. Cal.) | *Sclar v. LG Chem America, Inc. et al.*, No. 2:13-cv-592 (D.N.J.) |

| | |
|---|---|
| *Cabral et al v. Hitachi Maxwell, Ltd. et al,* No. 3:13-cv-686 (N.D. Cal.) | *Thompson et al v. Toshiba Corporation et al.,* No. 1:12-cv-12419 (D. Mass.) |
| *Tolchin v. LG Chem, LTD. et al.,* No. 3:13-cv-700 (N.D. Cal.) | *Billingsley v, L.G. Chem America, et al.,* No. 2:12-cv-06973 (D.N.J.) |
| *Le v. LG Chem, Ltd. et al.,* No. 3:13-cv-708 (N.D. Cal.) | *O'Daniel v. LG Chem, Ltd., et al.,* No. 4:13-cv-00182 (W.D. Mo.) |
| *Yee v. LG Chem, LTD. et al.,* No. 3:13-cv-703 (N.D. Cal.) | *McGranahan v. LG Chem, LTD., et al.,* No. 13-CV-975 (N.D. Cal.) |
| *Hathaway v. LG Chem, LTD., et al.,* No. 13-CV-926 (N.D. Cal.) | *Bryant v. LG Chem, LTD., et al.,* No. 12-CV-5129 (N.D. Cal.) |
| *McGuinness v. LG Chem, LTD., et al.,* No. 13-CV-929 (N.D. Cal.) | *Petree v. LG Chem, Ltd, et al.,* Case No: 3:13-CV-0976 (N.D. Cal.) |
| *Galardo v. LG Chem, Ltd.,* et al., No. 13-cv-1030 (N.D. Cal.) | *Lincoln v. LG Chem, Ltd., et al.,* No. 13-cv-1131 (N.D. Cal.) |
| *Hernandez v. LG Chem, Ltd., et al.,* No. 13-cv-1189 (N.D. Cal.) | *Ames v. LG Chem, Ltd., et al.,* No. 13-cv-1194 (N.D. Cal.) |
| *Jawor v. LG Chem, Ltd.*, et al., No. 13-cv-1166 (N.D. Cal.) | *Juncaj et al. v. LG Chem, Ltd et al.,* No. C 13-01379 JSC (N.D. Cal.) |

# **EXHIBIT B**

## **List of Companies Associated with Indirect Purchaser Plaintiffs**

None.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from signatories indicated with an "/s/" above.

Dated: March 28, 2013           By:      */s/ Eric B. Fastiff*
                                         Eric B. Fastiff