Kit A. Pierson (*pro hac vice*)
Brent W. Johnson (*pro hac vice*)
Laura Alexander (*pro hac vice*)
Jeffrey B. Dubner (*seeking pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
bjohnson@cohenmilstein.com
lalexander@cohenmilstein.com
jdubner@cohenmilstein.com

*Attorneys for Plaintiff Brian Hanlon*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | No. 4:13-md-02420-YGR<br><br>MDL No. 2420<br><br>**PLAINTIFF BRIAN HANLON'S APPLICATION FOR APPOINTMENT OF HAGENS BERMAN AS LEAD COUNSEL AND APPOINTMENT OF COHEN MILSTEIN TO SERVE ON PLAINTIFFS' STEERING COMMITTEE** |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | Date: April 3, 2013<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Ctrm: 5, 2nd Floor |

1

Pursuant to this Court's March 4, 2013 Order Setting Initial Conference, Plaintiff Hanlon submits this memorandum respectfully requesting that the Court:  (1) appoint the law firm of Hagens Berman as lead counsel or chair of the Plaintiffs' Steering Committee ("PSC"); and (2) appoint the law firm of Cohen Milstein Sellers & Toll, PLLC ("CMST") to serve on the PSC.  In support of this request, we set forth Plaintiff's views regarding the appropriate leadership and structure of the PSC and then address Cohen Milstein's qualifications to serve on the PSC based on the criteria set forth in the March 4, 2013 Order and the requirements of Federal Rule of Civil Procedure 23(g).

## I.   THE PSC SHOULD BE STRUCTURED TO REFLECT HAGENS BERMAN'S LEADERSHIP ROLE AND ENSURE THAT THE CASE WILL PROCEED IN AN EFFECTIVE AND EFFICIENT MANNER THAT PROTECTS THE INTERESTS OF THE PUTATIVE CLASS.

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Similarly, the *Manual for Complex Litigation (Fourth)* recommends that the court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation."[1]  Counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Manual* § 10.22.

Although neither Rule 23(g) nor the Advisory Committee Notes explicitly define the standards for appointing *interim* class counsel, courts have held that the factors set forth in Rule 23(g) should be considered in this context.  *See, e.g.*, *Paraggua v. LinkedIn Corp.*,  2012 U.S. Dist. LEXIS 123226, at *6 (N.D. Cal. Aug. 29, 2012) (looking to Rule 23(g) factors); *In re Bear Stearns*

---

[1] The Court has significant discretion in determining the leadership structure that will best serve the interests of the putative class.  *See, e.g., In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litig.*, No. 3:12-cv-007-11-AET-LHG (D.N.J. May 14, 2012) (appointing Cohen Milstein and Kaplan Fox as co-lead class counsel); *In re Electronic Books Antitrust Litig.*, No. 1:11-md-02293-DLC (S.D.N.Y. Dec. 21, 2011) (appointing Hagens Berman and Cohen Milstein as co-lead counsel); *Wallach v. Eaton Corp., et al.*, No. 10-cv-260 (D. Del. July 21, 2010) (appointing Cohen Milstein and Berman DeValerio as co-lead class counsel and two firms to an executive committee); *In re Plasma Derivative Protein Therapies Antitrust Litig.*, No. 09-cv-7666 (N.D. Ill. Apr. 7, 2010) (appointing Cohen Milstein and Shapiro Haber & Urmy as co-chairs of Plaintiffs' Steering Committee).

*Application for Lead Counsel and PSC Appointments – MDL No. 2420*

*Cos., Inc., Securities, Derivative, and ERISA Litig.*, MDL No. 1963, 2008 U.S. Dist. LEXIS 106327, at *36 (S.D.N.Y. Jan. 5, 2009) (explaining that it is "generally accepted that the considerations set out in Rule 23(g)(1)(c), which governs appointment of class counsel once a class is certified, apply equally to the designation of Interim class counsel before certification" (quoting *In re Air Cargo Shippings Servs. Antitrust Litig.*, 240 F.R.D. 57 (E.D.N.Y. 2006)).  Rule 23(g)(1)(A) provides that in appointing class counsel, a court "must consider" these factors:

- the work counsel has done in identifying or investigation potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action;
- counsel's knowledge of the applicable law;
- the resources counsel will commit to representing the class.

Federal Rule 23(g)(1)(B) further provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

As set forth more fully below, Cohen Milstein has served as lead or co-lead counsel in numerous antitrust class actions throughout the United States.  Based on this experience, we believe the following considerations are particularly important in determining the leadership structure and evaluating the applications of the many capable law firms here.

*First*, because of Hagen Berman's development and initiation of this case – as well as the other qualifications it offers – plaintiff Brian Hanlon respectfully requests that Hagens Berman be appointed as lead counsel in this case (either as Chair of the PSC or otherwise).  The original complaint in this matter was filed by Hagens Berman and it reflects the considerable work that firm performed in the investigation and analysis of this matter.   Where one firm has devoted significant time and resources to the investigation and development of an antitrust case (and is well qualified to lead that case), Rule 23(g) appropriately recognizes that this should be an important factor in determining leadership.  Indeed, if other firms subsequently try to displace that firm as lead or co-lead counsel, this has the potential to undermine private enforcement of the antitrust laws by discouraging firms from making the substantial investment required to investigate and develop such cases.  In light of the role Hagens Berman played in developing this case, as well as its experience in

3

1   other class action matters, we believe the putative class and the purposes underlying Federal Rule

2   23(g) are best served by appointing Hagens Berman as lead counsel in this case.

3        *Second,* Plaintiff respectfully submits that the PSC in this case should include a moderate

4   number of appointed firms.[2] We do not believe the putative class would be well-served here by a

5   structure that designates a larger number of firms to serve in that capacity, or otherwise

6   compartmentalizes the pre-trial work in this litigation. A larger structure here would create an

7   inherent risk of overstaffing, duplication and potential fragmentation of knowledge of issues (such as

8   factual discovery, preparation of experts, and briefing) that are in fact closely interrelated. It may

9   well be the case that the demands of the litigation and the interests of the putative class will justify

10   delegating tasks to a substantial number of counsel. But that is a decision that is best made over the

11   course of the litigation by Lead Counsel and a moderate number of firms with a clear focus on the

12   best interests of the putative class and the efficient conduct of this litigation.

13       **II.    COHEN MILSTEIN IS HIGHLY QUALIFIED TO SERVE ON THE PSC.**

14        This Court's March 4, 2013 Order explains that "[t]he main criteria for membership in the

15   PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to

16   work cooperatively with others; and (c) professional experience in this type of litigation. CMST is

17   highly qualified under each of these criteria. Several points bear emphasis:

18       &bull;   With more than sixty lawyers – including twenty lawyers primarily dedicated to antitrust

19           matters – CMST is one of the largest antitrust class action firms in the United States and

20           thus has the resources to represent the putative class zealously and effectively;

21       &bull;   CMST has a demonstrated record of success in numerous complex antitrust class actions,

22           including both direct and indirect purchaser antitrust cases;

23       &bull;   The CMST attorneys involved in this matter are highly qualified, have served as judicial

24           law clerks for federal district courts and courts of appeal, and have significant experience

25

26

27       [2] We understand that Hagens Berman has proposed a leadership structure in which it would serve as Lead Counsel in this litigation, and the following firms would serve on the PSC: Cohen, Milstein, Sellers & Toll, PLLC, Robbins Geller Rudman & Dowd LLP, and Goldman Scarlato

28   Karon & Penny, P.C. Cohen Milstein supports the structure recommended by Hagens Berman.

*Application for Lead Counsel and PSC Appointments – MDL No. 2420*

not only in prosecuting class actions, but also in defending major corporations in antitrust litigation – experience that will be beneficial to the putative class and is often helpful in constructively addressing discovery, procedural or other pretrial challenges with opposing defense counsel.

**Cohen Milstein.**   For forty years, Cohen Milstein has been one of the nation's leading plaintiffs' class action firms.  The firm has litigated some of the nation's most complex class cases and has recovered billions of dollars of damages for injured plaintiffs.  *See* Cohen Milstein Firm Resume, attached as Exhibit A.  In October 2012, the *National Law Journal* again named Cohen Milstein one of the top plaintiffs' firms in the nation.  Similarly, the *Legal 500* publication ranked Cohen Milstein as a Leading Plaintiff Class Action Antitrust Firm in the United States.  *The Trial Lawyer* magazine has described Cohen Milstein as one of "America's 25 Most Influential Law Firms."

Cohen Milstein's experience in complex antitrust litigation fulfills each of the criteria specified by the Court – the resources and willingness to commit to a time-consuming project, the ability to work cooperatively with other firms, and professional experience in complex antitrust cases and class action litigation.  Indeed, the firm's practice is devoted to prosecuting major, nationwide class actions on behalf of injured parties.  In that capacity, Cohen Milstein has served as lead or co-lead counsel in many important class action cases, including:

- *In re Urethane Antitrust Litig.*, Case No. 2:04-md-01616 (D. Kan.).  Cohen Milstein is co-lead counsel in a class action challenging price-fixing by leading manufacturers of polyurethanes.  After securing settlements with certain defendants of $139 million, the matter recently proceeded to trial and resulted in a jury verdict in favor of the class that amounted to $400 million before trebling.

- *Nate Pease v. Jasper Wyman & Son, Inc.*, Civil Action No. CO-015 (Maine Super. Ct., Knox Cty.).  Cohen Milstein successfully represented a class of farmers as lead counsel in a case challenging price-fixing and non-solicitation agreements by the defendant processors.  A Maine jury found defendants liable and ordered them to pay

5

$18.68 million in damages, the precise amount calculated by plaintiffs' expert.  After mandatory trebling and the addition of fees and costs, the total amount of the judgment for the plaintiff class was approximately $60 million.

- *Keepseagle v. Vilsack*, No. 1:99-cv-03119 (D.D.C.).  Cohen Milstein has served as lead counsel for a class of Native American farmers in an 11-year case against the United States based on discrimination in the federal farm program.  The case settled for $760 million in damages and debt forgiveness, a settlement that the District Court described as "historic" and "groundbreaking."  The Court also observed that it was "probably the best negotiated agreement that this court has seen in its experience" and that Cohen Milstein "demonstrated the highest level of skills and professionalism."  Transcript of Fairness Hearing, Apr. 28, 2011 at 24-25, 45, 46, 49.

- *In re Rubber Chemicals Antitrust Litigation*, No. C04-1648 (N.D. Cal.).  Cohen Milstein served as co-lead counsel in a price-fixing case on behalf of direct purchasers of chemicals used in the manufacture of rubber products.  Settlements in the case totaled approximately $320 million.

- *In re Infant Formula Consumer Antitrust Litigation* (multiple state courts).  Cohen Milstein successfully prosecuted price-fixing cases on behalf of indirect purchasers in 17 states under state antitrust laws.  The cases resulted in settlements of more than $64 million on behalf of purchasers of infant formula.

- *In re The Exxon Valdez Litigation*, No. A89-095 Civ. (D. Ak.).  Cohen Milstein was selected from dozens of law firms around the country to serve as co-lead counsel for plaintiffs in the largest environmental case in United States history, which resulted in a jury verdict of more than $5 billion (later reduced on appeal).

- *In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C.).  Cohen Milstein served as co-lead class counsel in antitrust litigation against vitamin manufacturers.  Four major settlements were approved, including a landmark partial settlement of $1.1 billion.  In a subsequent trial, a jury unanimously found the defendants liable and ordered them to pay more than $49 million, which was trebled to more than $148 million.

6

In addition to Cohen Milstein's expertise and success in prosecuting antitrust and other class action litigation, the firm has a commitment to litigation that protects consumers or otherwise serves the public interest.   The firm has been selected by Attorneys General in the States of Pennsylvania, Indiana, Arizona, Nevada and Mississippi as counsel in major litigation seeking to redress injuries to the States and their consumers.  Cohen Milstein has received the National Legal Aid and Defender Association's Beacon of Justice Aware for its *pro bono* representation.   In January 2011, Cohen Milstein was selected by the *National Law Journal* as one of "six firms that best reflect the pro bono tradition."   Professor David B. Wilkin of Harvard Law School has written that "[f]irms such as Cohen Milstein … are organized around a broader social justice mission that is reflected in the areas in which they practice, their significant commitment to pro bono, and in the backgrounds and commitments of their lawyers."  Wilkin, *Rethinking the Public-Private Distinction in Legal Ethics*: *The Case of "Substitute" Attorneys General*, 2010 Mich. St. L. Rev. 423, 446 (2010).

**Cohen Milstein's Litigation Team**.  The attorneys from Cohen Milstein who will work on this case include:

Kit Pierson is co-chair of the Antitrust Practice Group at Cohen Milstein.  His work has included representation of Fortune 500 corporations, leading national associations such as the American Psychological Association, and both corporations and individual plaintiffs in complex antitrust class action litigation across the United States.  As a shareholder at Heller Ehrman LLP from 1997-2008, Mr. Pierson represented clients such as Microsoft Corporation and 3M Company in major antitrust class action matters.  Since joining Cohen Milstein he has acted as lead or co-lead counsel in significant antitrust class actions, such as the *Electronic Books Antitrust Litigation* and the *Ductile Iron Pipe Fittings* antitrust litigation (*see supra* note 1).  Mr. Pierson was one of the trial lawyers for the class in the successful jury trial in *In re Urethane Antitrust Litigation*, described above.  He has been named a Washington, D.C. "Super Lawyer" in the antitrust field.   Mr. Pierson also has a longstanding commitment to pro bono work.  He was Chair of Heller Ehrman's national pro bono practice from 2006-08, has chaired Cohen Milstein's Pro Bono Committee since 2009, and was lead counsel in one of the first habeas corpus cases in which a federal court found that a Guantanamo detainee was being unlawfully detained and ordered his release.  Mr. Pierson graduated

*magna cum laude* from the University of Michigan Law School class of 1983, where he served as a Note Editor on the *Michigan Law Review*. He then served as a law clerk for the Honorable Harry T. Edwards of the United States Court of Appeals for the District of Columbia Circuit and the Honorable Chief Judge John Feikens of the United States District Court for the Eastern District of Michigan.

Brent Johnson is a partner at Cohen Milstein and a member of the firm's Antitrust Practice Group. Mr. Johnson has represented class plaintiffs in many complex antitrust class action matters, including *Allen vs. Dairy Farmers of America* (D. Vt.), *The Shane Group v. Blue Cross Blue Shield of Michigan* (E.D. Mich.), *In re Urethane Antitrust Litigation* and *Carlin v. DairyAmerica, Inc.* (E.D. Cal.). Prior to joining Cohen Milstein, he practiced at Latham & Watkins LLP in its Washington, DC office and represented primarily defendants, such as the Carlyle Group and Michael Foods, in complex antitrust class actions and other antitrust matters, including at trial. He is a 2003 graduate of Stanford Law School.

Laura Alexander is an associate at Cohen Milstein and a member of the firm's Antitrust Practice Group. Prior to joining Cohen Milstein, Ms. Alexander worked on complex antitrust class action matters as an associate at Kirkland & Ellis. Ms. Alexander graduated *magna cum laude* from Georgetown University Law Center in 2007, where she served as an Editor on the *Georgetown Law Journal*. After law school, Ms. Alexander served as a law clerk to the Honorable M. Margaret McKeown on the United States Court of Appeals for the Ninth Circuit.

Jeffrey Dubner is an associate at Cohen Milstein and a member of the firm's Antitrust Practice Group. Mr. Dubner graduated *magna cum laude* from Harvard Law School in 2009, where he served as a Note Editor on the *Harvard Law Review*. Prior to joining the firm, Mr. Dubner served as a law clerk for the Honorable Guido Calabresi of the United States Court of Appeals for the Second Circuit and the Honorable John G. Koeltl of the United States District Court for the Southern District of New York.

The experience of both Cohen Milstein and the individual lawyers described above demonstrates their qualifications to serve on the PSC based on the specific criteria set forth in this Court's Order. Cohen Milstein's long track record of success in some of the largest and most

1  challenging class action cases in the United States demonstrates the firm's willingness, resources and
2  ability to play a major role in litigation of this kind.  The firm's role as a lead or co-lead counsel in
3  numerous cases reflects a demonstrated ability to work cooperatively with others.  Cohen Milstein
4  places a high priority on cooperative and professional relationships both with its co-counsel and
5  opposing counsel.  As noted above, the significant experience of Cohen Milstein's team not only in
6  prosecuting class actions, but also in defending major class action litigation, may offer particular
7  benefits to the class in recognizing discovery challenges that the defendants (as well as plaintiffs)
8  confront and working toward sensible and constructive solutions that will move the litigation
9  forward in a manner that is efficient and consistent with the needs of the putative class.  Finally, the
10  professional experience of Cohen Milstein and the attorneys described above in this type of litigation
11  makes them highly qualified to help represent the class on the PSC.

12                                               **<u>CONCLUSION</u>**

13          For the foregoing reasons, Plaintiff Brian Hanlon respectfully requests that the Court appoint
14  Hagens Berman at Lead Counsel (or Chair of the PSC), and appoint Cohen Milstein to serve on the
15  PSC on behalf of the putative class.

16

17  Dated:  March 28, 2013                          Respectfully submitted,

18

19                                      By:     /s/ Kit A. Pierson
                                                Kit A. Pierson (*pro hac vice*)
20                                              Brent W. Johnson (*pro hac vice*)
                                                Laura Alexander (*pro hac vice*)
21                                              Jeffrey B. Dubner (*seeking pro hac vice*)
                                                COHEN MILSTEIN SELLERS & TOLL PLLC
22                                              1100 New York Ave. NW
                                                Suite 500, West Tower
23                                              Washington, DC 20005
                                                Telephone:  (202) 408-4600
24                                              kpierson@cohenmilstein.com
                                                bjohnson@cohenmilstein.com
25                                              lalexander@cohenmilstein.com
                                                jdubner@cohenmilstein.com
26                                              *Attorneys for Plaintiff Brian Hanlon*

27

28

                                                      9

1

**CERTIFICATE OF SERVICE**

2

3          I hereby certify that on March 28, 2013, I electronically filed the foregoing with the Clerk of

4    the Court using the CM/ECF system which will send notification of such filing to the e-mail

5    addresses registered, as denoted on the Electronic Mail Notice List generated by the CM/ECF

6    system, and I hereby certify that I have mailed the foregoing document or paper via the United States

7    Postal Service to the non-CM/ECF participants indicated on the list generated by the CM/ECF

8    system.

9                                                                  /s/ Kit A. Pierson
                                                         _____
                                                                  KIT A. PIERSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28