1  Joseph W. Cotchett (SBN 36324)
Nancy L. Fineman (SBN 124870)
2  **COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
3  Burlingame, CA  94010
Telephone: (650) 697-6000
4  Fax: (650) 697-0577
jcotchett@cpmlegal.com
5  nfineman@cpmlegal.com

6  *Attorneys for Indirect Purchaser Plaintiff Kristina Yee*

7  Elizabeth J. Cabraser (SBN 083151)
Richard M. Heimann (SBN 063607)
8  **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
9  275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
10  Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
11  ecabraser@lchb.com
rheimann@lchb.com
12
*Attorneys for Indirect Purchaser Plaintiff*
13  *Mike Katz-Lacabe*

14  Additional Attorneys on Signature Page

15  **UNITED STATES DISTRICT COURT**

16  **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

17  **IN RE LITHIUM ION BATTERIES**     Case No. 4:13-md-02420-YGR
**ANTITRUST LITIGATION**
18
MDL No. 2420
19

20  This Document Relates to:
**NOTICE OF MOTION AND**
**MOTION OF PLAINTIFFS YEE**
21  **INDIRECT PURCHASER PLAINTIFFS**     **AND KATZ-LACABE**

22  **FOR APPOINTMENT OF INTERIM**
**CO-LEAD CLASS COUNSEL FOR**
23  **INDIRECT PURCHASER CLASS**

24  **MEMORANDUM OF POINTS**
**AND AUTHORITIES**
25

26  Date:        **April 3, 2013**
Time:        **2:00 p.m.**
27  Judge:       **Yvonne Gonzalez Rogers**
Courtroom: **5**
28

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP     1089460.5

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................ 3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 3

I.      INTRODUCTION ............................................................ 3

II.     PROCEDURAL AND FACTUAL BACKGROUND ........................................... 5

     A.    Lithium Batteries Cases ............................................... 5

     B.    Transfer to This Court .................................................. 6

     C.    Initial Conference Order ............................................... 7

III.    THE COURT SHOULD APPOINT COTCHETT AND LIEFF CABRASER AS INTERIM CO-LEAD CLASS COUNSEL AND ANDRUS ANDERSON AS LIAISON COUNSEL .................................... 7

     A.    Moving Counsel Thoroughly Investigated the Misconduct Alleged in this Action (Fed. R. Civ. P. 23(g)(1)(A)(i)) ............................................. 8

     B.    Moving Counsel Has Extensive Experience in Complex Handling Electronic Component Antitrust Class Actions (Fed. R. Civ. P. 23(g)(1)(A)(ii)) ........................................................ 8

          1.    Moving Counsel's Substantial Experience in Prior Electronic Component Price-Fixing Cases Guided Their Investigation .............................................. 9

          2.    The Cotchett and Lieff Cabraser Law Firms Have Substantial Experience in Litigating and Trying Class Actions and Complex Cases .................................. 10

              a.    Cotchett and its Attorneys Handle Complex Litigation Efficiently and Effectively .............................. 10

              b.    The Lieff Cabraser Law Firm Has the Experience Necessary to Serve as Interim Co-Lead Class Counsel and Has Extensive Knowledge about the Applicable Law ................................ 12

              c.    The Cotchett and Lieff Cabraser Law Firms Regularly Take Cases to Trial ................................. 13

     C.    The Cotchett and Lieff Cabraser Law Firms Have Substantial Experience in Antitrust Law, Particularly Within This District (Fed. R. Civ. P. 23(g)(1)(A)(iii)) ............................................. 14

     D.    The Cotchett and Lieff Cabraser Law Firms Will Continue To Commit More Than Ample Resources To Representing The Indirect Purchaser Plaintiffs (Fed. R. Civ. P. 23(g)(1)(A)(iv)) ................. 15

     E.    Appointment of Lead Counsel Based In This District Serves the Best Interests of the Class ...................................... 16

IV.    CONCLUSION ............................................................. 17

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Claghorn v. Edsaco Ltd.,*
   Case No. C 98-3039 SI .................................................................................... 13

*Coleman v. Gen. Motors Acceptance Corp.,*
   220 F.R.D. 64 (M.D. Tenn. 2004).......................................................................7

*Gutierrez v. Wells Fargo Bank,*
   Case No. C 07-05923 WHA (N.D. Cal.) ........................................................... 13

*In re Automotive Parts Antitrust Litigation,*
   12-MD-02311 (E.D. Mich.) ............................................................................... 12

*In re Cathode Ray Tube ("CRT"),*
   Case No. 07-5944 SC (Conti, J.)................................................................ 4, 9, 10

*In re Dynamic Random Access Memory ("DRAM"),*
   Case No. M 02-1486 PJH (Hamilton, J.) ........................................................ 4, 9

*In re Exxon Valdez Oil Spill Litigation,*
   No. 3:89-cv-0095 HRH (D. Alaska) ................................................................. 13

*In re Flash Memory ("Flash"),*
   Case No. C 07-0086 SBA (Armstrong, J.)................................................. 4, 9, 10

*In re FPI/Agretech Securities Litigation,*
   MDL No. 763 (D. Haw.)..................................................................................... 13

*In re High-Tech Employee Antitrust Litigation,*
   Case No. C 11-2509 LHK (N.D. Cal.)............................................................... 15

*In re Homestore.com, Inc. Securities Litigation,*
   01-cv-11115 (C.D. Cal) ..................................................................................... 14

*In re International Air Transportation Surcharge Antitrust Litigation,*
   06-cv-1793 (N.D. Cal.) ................................................................................ 12, 14

*In re Methionine Antitrust Litigation,*
   Case No. 00-1311 CRB (N.D. Cal.).................................................................. 15

*In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,*
   MDL No. 2179 (E.D. La.)................................................................................. 13

*In re Optical Disk Drive ("ODDs"),*
   Case No. M 10-2143 RS (Seeborg, J.) ...................................................... 4, 9, 10

*In re TFT-LCD (Flat Panel) Antitrust Litigation,*
   Case No. M 07-1827 SI (N.D. Cal.).......................................................... passim

*In re Transpacific Passenger Air Transportation Antitrust Litigation,*
   Case No. M 06-1793 (N.D. Cal.) ...................................................................... 12

**TABLE OF AUTHORITIES**
(continued)

Page

*Kopies, Inc., v. Eastman Kodak Co.*,
   94-0524 (N.D. Cal., Armstrong, J.) ........................................................................ 12

*Marchbanks Truck Service, Inc. v. Ceridian Corp.*,
   Civil Action No. 07-cv-1128 (E.D. Pa.) .................................................................. 15

*Massoyan v. HL Leasing, Inc.*,
   Case No. 09-CECG 01839 (Fresno Cnty. Supr. Ct.) ............................................... 14

*Meijer, Inc. v. Abbott Laboratories* ("*Norvir*"),
   Case No. C 07-5985 CW (Wilken, C.J.)............................................................. 14, 15

*Millman v. Brinkley*,
   2004 U.S. Dist. LEXIS 20113 (N.D. Ga. Oct. 1, 2004)............................................ 9

*Naef v. Masonite*,
   No. CV-94-4033 (Mobile County Circuit Ct., Ala.)................................................ 13

*Natural Gas Antitrust Cases I-IV*,
   J.C.C.P. No. 4221 (Cal. Supr. Ct.) ................................................................... 11, 15

*Paraggua v. Linkedin Corp.*,
   Case No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012) ............. 7

*Sullivan v. DB Investments*,
   Case No. 04-02819 (D.N.J.)..................................................................................... 15

*White v. TransUnion, LLC*,
   239 F.R.D. 681 (C.D. Cal. 2006) .............................................................................. 7

**Other Authorities**
Fed. R. Civ. P. 23(g) ..................................................................................... 1, 7

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) ...................................................................... 8

Fed. R. Civ. P. 23(g)(3) .......................................................................................... 7

**Treatises**
Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 9.35 at 388 (4th ed. 2002)........ 9

**Other Authorities**
*Daily Journal* ....................................................................................... 11, 15

*National Law Journal* .............................................................................. 10, 11

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on **April 3, 2013, at 2:00 p.m.**, or as soon thereafter as this matter may be heard before the Honorable Yvonne Gonzalez Rogers of the United States District Court, Northern District of California, Courtroom 5 - 2nd Floor, 1301 Clay Street, Oakland, California, plaintiffs Kristina Yee and Michael Katz-Lacabe will and hereby do move the Court for an order appointing the law firms of **Cotchett, Pitre & McCarthy LLP** and **Lieff Cabraser Heimann & Bernstein, LLP** as co-lead counsel and interim class counsel (collectively, "Interim Co-Lead Counsel") for the putative indirect purchaser class in these actions, as well as appointing **Andrus Anderson LLP** as liaison counsel.  Plaintiffs' counsel herein recommends that, after the Court appoints Interim Co-Lead Class Counsel, the Court allow appointed Interim Co-Lead Class Counsel to recommend to the Court a Plaintiffs' Steering Committee.  This will allow this case to proceed in an **efficient manner**.

This motion is brought pursuant to Federal Rule of Civil Procedure 23(g)(1) and (3).  The grounds for this motion are that this complex antitrust action will benefit from the appointment of experienced trial lawyers who will take personal responsibility for leading and directing this litigation.  The proposed Interim Co-Lead Class Counsel are well qualified for the position due to their extensive experience in antitrust class action litigation and trial experience, including a recent major class action antitrust trial victory by Lieff Cabraser Heimann & Bernstein, LLP in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. M 07-1827 SI (N.D. Cal.) (Illston, J.).  As Interim Co-Lead Class Counsel, these firms will organize and build relationships with the other plaintiffs' counsel, which bring significant antitrust experience and a dedication to actively prosecute this case.  Proposed Interim Co-Lead Class Counsel will ensure that work is performed efficiently.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of **Nancy L. Fineman**, the Declaration of **Elizabeth J. Cabraser**, all records on file with this Court, and such other written and/or oral argument as may be presented to the Court.

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

1089460.5

- 1 -

MOTION FOR APPOINTMENT OF INTERIM CO-LEAD
CLASS COUNSEL
CASE NO. 4:13-MD-02420-YGR

1

2    DATED:  March 28, 2013          **COTCHETT, PITRE & McCARTHY, LLP**

3                                    By:        /s/ Nancy L. Fineman
                                                Nancy L. Fineman
4

5    Joseph W. Cotchett (SBN 36324)
     Nancy L. Fineman (SBN 124870)
6    Nanci E. Nishimura (SBN 152621)
     Steven N. Williams (SBN 175489)
7    Joanna W. LiCalsi (SBN 288771)
     840 Malcolm Road, Suite 200
8    Burlingame, CA 94010
     Telephone:  (650) 697-6000
9    Facsimile:  (650) 697-0577
     jcotchett@cpmlegal.com
10   nfineman@cpmlegal.com
     nnishimura@cpmlegal.com
11   swilliams@cpmlegal.com
     jlicalsi@cpmlegal.com

12   *Attorneys for Indirect Purchaser Plaintiff Kristina Yee*

13                                   **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**

14

15                                   By:        /s/ Elizabeth J. Cabraser
                                                Elizabeth J. Cabraser
16
     Elizabeth J. Cabraser (SBN 083151)
17   Richard M. Heimann (SBN 063607)
     Eric B. Fastiff (SBN 182260)
18   Joy A. Kruse (SBN 142799)
     Marc A. Pilotin (SBN 266369)
19   275 Battery Street, 29th Floor
     San Francisco, CA  94111-3339
20   Telephone:  (415) 956-1000
     Facsimile:  (415) 956-1008
21   ecabraser@lchb.com
     rheimann@lchb.com
22   efastiff@lchb.com
     jakruse@lchb.com
23   mpilotin@lchb.com

24   *Attorneys for Indirect Purchaser Plaintiff Mike Katz-Lacabe*

25

26

27

28

Law Offices
Cotchett, Pitre &
McCarthy, LLP        1089460.5

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

**STATEMENT OF ISSUES TO BE DECIDED**

**(Civil L.R. 7-4)**

1.   Should the Court appoint **Cotchett, Pitre & McCarthy LLP** and **Lieff Cabraser Heimann & Bernstein** as Interim Co-Lead Class Counsel.

2.   Should the Court appoint Jennie Lee Anderson of **Andrus Anderson** as Liaison Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

While the criteria for selection of interim lead counsel in class actions are set forth and addressed at greater length below, perhaps the most important consideration of the Court in deciding on interim lead counsel is determining who is prepared and most capable of ***organizing and trying*** the case on behalf of the class.   Chief Judge Claudia Wilken chose Cotchett, Pitre & McCarthy LLP as lead counsel in the *SRAM* antitrust litigation described below for this very reason, and Judge Charles Breyer recently applied the same criteria in selecting a firm to lead the *HP Derivative Litigation*.  Lieff Cabraser Heimann & Bernstein, LLP recently demonstrated the importance of this principle when it successfully tried to a jury class claims in the *In re TFT-LCD Antitrust* case before Judge Susan Illston.  While there are many fine firms involved in this action, it is respectfully suggested that the ability to organize and try cases on behalf of the classes is paramount, and that Cotchett, Pitre & McCarthy, LLP and Lieff Cabraser Heimann & Bernstein, LLP are most qualified to prosecute and try this case on behalf of the class, given the firms and the locale of the litigation.  Efficiency of prosecuting the action filed in the Northern District is paramount.

This is a multidistrict class action alleging a conspiracy to fix the prices of Lithium Ion Batteries.  The Court's March 4, 2013 Order directed each plaintiff group to meet and confer in an effort to agree upon lead counsel, liaison counsel and a Plaintiffs' Steering Committee ("PSC") for discovery.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

1089460.5

- 3 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

Counsel for Indirect Purchaser Plaintiffs have met but were unable to reach an agreement. However, the majority of plaintiffs support the proposed organizational structure in this application:

1. Proposed Interim Co-Lead Class Counsel **Cotchett, Pitre & McCarthy LLP** and **Lieff Cabraser Heimann & Bernstein, LLP**

2. Proposed Liaison Counsel **Jennie Lee Anderson of Andrus Anderson LLP**.

Both local firms bring extensive trial and leadership qualities to the case. For example, **Lieff Cabraser Heimann & Bernstein, LLP** ("Lieff Cabraser") recently served as co-lead class counsel for the direct purchaser plaintiff class in *In re TFT-LCD (Flat Panel)* ("*LCD*"), Case No. M 07-1827 SI (Illston, J.). After reaching settlements with almost all defendants for over $400 million, Partner **Richard Heimann** tried a six-week jury trial against the remaining defendant and obtained a $87 million verdict.

**Joseph Cotchett** of **Cotchett Pitre & McCarthy LLP** ("Cotchett") is universally recognized as one of the foremost trial lawyers and strategists in the country, and has been personally involved in the related electronics antitrust cases in this District including *In re Dynamic Random Access Memory* ("*DRAM*"), Case No. M 02-1486 PJH (Hamilton, J.); *In re Static Random Access Memory* ("*SRAM*"), Case No. M 07-1819 CW (Wilken, C.J.); *In re Flash Memory* ("*Flash*"), Case No. C 07-0086 SBA (Armstrong, J.); *In re Cathode Ray Tube* ("*CRT*"), Case No. 07-5944 SC (Conti, J.); and *In re Optical Disk Drive* ("*ODDs*"), Case No. M 10-2143 RS (Seeborg, J.).[1] Chief Judge Wilken appointed Cotchett lead counsel in *SRAM* which resulted in $75 million in settlements, the last of which was reached on the afternoon before trial was to begin – all in a case in which the U.S. Department of Justice ("DOJ") Antitrust Division never filed charges against the Defendants.

Cotchett and Lieff Cabraser have long been preeminent plaintiffs' trial firms in antitrust litigation. Both were founded in and are based in this District, although their practices now expand throughout the country. Cotchett and Lieff Cabraser can operate efficiently since their

---

[1] Cotchett withdrew from *LCD* to avoid any appearance of conflict given that the Hon. Susan Illston, formerly a partner with Mr. Cotchett, presided over that case.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

1089460.5

- 4 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1    offices are in the District and are uniquely qualified to represent the indirect purchasers of

2    Lithium Ion Batteries as Interim Co-Lead Class Counsel.  Cotchett and Lieff Cabraser have

3    successfully <u>tried to verdict over a dozen antitrust cases</u>.  Andrus Anderson is similarly well-

4    experienced in litigating antitrust class actions and has earned a stellar reputation, making it well-

5    suited to serve as Liaison Counsel.  Cotchett and Lieff Cabraser, together, have been leaders in

6    every recent antitrust case involving these Defendants and concerning the price-fixing of

7    electronic components and consumer electronic goods.  They will use that experience to provide

8    the best representation to the indirect purchaser plaintiffs.

9         **This application does not name any members of the PSC other than these firms as**

10   **Interim Co-Lead Class Counsel**.  Moving Counsel intend to discuss with the Court the PSC's

11   size and membership at the April 3 conference.  Then, once the Court appoints Interim Co-Lead

12   Class Counsel, they will review the applications and make a recommendation to the Court.

13        Moving Counsel respectfully suggests that the PSC should be responsible for Plaintiff

14   discovery, Defendant discovery, third-party discovery, and expert discovery.   The committee

15   should be staffed and organized along these lines to promote efficiency.

16   **II.    <u>PROCEDURAL AND FACTUAL BACKGROUND</u>**

17        **A.    <u>Lithium Batteries Cases</u>**

18        This action involves a multiyear conspiracy by Defendants to manipulate and artificially

19   inflate the price of Lithium Ion Batteries, a key component in a number of electronic devices,

20   such as cell phones, notebook computers, tablet computers, digital cameras and music players,

21   which are made and sold by a select number of manufacturers.  This action flows from the same

22   investigation that began with DRAM and spread to products including SRAM, Flash, LCD, CRT,

23   and ODD.  All of these electronic components were subject to price-fixing conspiracies over the

24   last few years by some combination of the same Defendants, either alone or through joint

25   ventures.  While other law firms can claim some knowledge and some experience with one or

26   more of these cases, Cotchett and Lieff Cabraser have served leadership roles in every single one

27   of these cases.  Cotchett and Lieff Cabraser have a deep institutional knowledge and

28

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP        1089460.5

- 5 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1  understanding of these Defendants and their industries that few firms or combination of firms

2  possesses.

3     Competition authorities in at least the United States and European Union have been

4  investigating a conspiracy in the market for Lithium Ion Batteries since at least the first half of

5  2011, and Cotchett and Lieff Cabraser have been working on the case since that time.  Their

6  experiences in the cases described above give them a unique, and unmatched, perspective on the

7  practices of these defendants — particularly their history of collusion.

8     As part of a criminal investigation into anticompetitive conduct in the Lithium Ion

9  Batteries industry, the Antitrust Division of the DOJ has subpoenaed Defendant Sony, seeking

10  information about its battery business.  Defendants LG Chem, Samsung SDI, and Panasonic are

11  also under DOJ investigation.  A Korean news article quoting a DOJ source confirmed that the

12  DOJ is conducting a criminal investigation into potential price fixing regarding the sale of

13  Lithium Ion Batteries in the United States and stated the investigation is in its final stages with

14  criminal charges likely to be filed.  Although some firms were carefully investigating the action,

15  apparently other firms rushed to the courthouse upon learning that the papers of a defendant's

16  employee were produced to the grand jury immediately after news of the DOJ probe became

17  public.  These other firms did so to position themselves to claim to be the "first to file" and

18  therefore entitled to a leadership position.   Notably, this race-to-the-courthouse practice led to

19  reform in the field of securities law, and should not be the basis for any firm to claim an

20  advantage here.

21     **B.    Transfer to This Court**

22     On February 6, 2013, the Judicial Panel on issued a Transfer Order in *In re: Lithium Ion*

23  *Batteries Antitrust Litig.*, MDL No. 2420, transferring an action pending in the District of New

24  Jersey to this Court, and finding that "centralization of all actions in the Northern District of

25  California will serve the convenience of the parties and witnesses and promote the just and

26  efficient conduct of this litigation."  (JPML, MDL No. 2420, Dkt. No. 122.)

27

28

C.    **Initial Conference Order**

On <u>March 4, 2013</u>, in its Order Setting Initial Conference, this Court directed the plaintiffs to confer and seek consensus on appointment of liaison counsel and a plaintiffs' steering committee for discovery.  (Dkt. No. 8.)  Counsel for the plaintiffs met and conferred, but could not reach consensus.   Moving Plaintiffs respectfully suggest that the Court appoint Cotchett and Lieff Cabraser as Interim Co-Lead Class Counsel for the Indirect Purchaser Class, and Jennie Lee Anderson of Andrus Anderson LLP, a well-respected firm in this District, as Liaison Counsel.

III.    **THE COURT SHOULD APPOINT COTCHETT AND LIEFF CABRASER AS INTERIM CO-LEAD CLASS COUNSEL AND ANDRUS ANDERSON AS LIAISON COUNSEL**

Federal Rule of Civil Procedure 23(g) permits a court to "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  "'Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.'" *Paraggua v. Linkedin Corp.*, Case No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226, at *5-*6 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)).  In considering a motion to appoint interim co-lead class counsel, a court must determine who will best represent the interests of the class, and who is best able to accomplish the class action goals of efficiency and economy in doing so.  *See Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

Rule 23(g) sets forth four considerations for the appointment of lead class counsel:

> (i)    the work counsel has done in identifying or investigating potential claims in the action;
> (ii)   counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;
> (iii)  counsel's knowledge of the applicable law; and
> (iv)   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  No single factor is determinative; all factors must be weighed to determine who can best represent the class. Advisory Committee Notes (2003 Amendments).

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

1089460.5

- 7 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

As set forth below, each criterion supports the appointment of the proposed leadership structure, with Cotchett and Lieff Cabraser serving as Interim Co-Lead Counsel.  Cotchett and Lieff Cabraser have forty-plus-year histories of litigating and trying complex cases in courts throughout the United States.  The firms have taken hundreds of cases to trial, and the attorneys in each firm are widely recognized for their trial experience.  Both firms have served as lead counsel in direct purchaser antitrust class actions brought pursuant to the Sherman Act and in indirect purchaser antitrust class actions brought pursuant to various state antitrust statutes.  Indirect Purchaser Plaintiffs will benefit from these firms' appointment as Interim Co-Lead Counsel.

### A. Moving Counsel Thoroughly Investigated the Misconduct Alleged in this Action (Fed. R. Civ. P. 23(g)(1)(A)(i))

Before filing, Moving Counsel comprehensively researched the misconduct giving rise to Indirect Purchaser Plaintiffs' claims, the nature of the Lithium Ion Battery industry, and the injury and damages Defendants' alleged conduct caused.  In spring 2011, upon learning about the DOJ investigation, Cotchett and Lieff Cabraser began investigating the Lithium Ion Batteries industry.  Lieff Cabraser engaged an economist in July 2011 to evaluate the industry, Cabraser Decl. ¶ 3, while Cotchett engaged an investigator to study the industry, Fineman Decl. ¶ 6.  The firms filed complaints reflecting their investigations and economists' work.  *E.g.*, Compl. ¶¶ 2, 4-5, 82, 95, tbl. 1 (showing Herfindahl–Hirschman Index analysis), *Katz-Lacabe v. Hitachi Ltd.*, Case No. 12-5681 YGR.  Cotchett and Lieff Cabraser attorneys have extensive experience from the prior electronic component price-fixing cases described above that involve many of the same Defendants here.  Both firms have reviewed these Defendants' documents, taken depositions of Defendants' witnesses, and examined them at trial.

Moving Counsel have devoted substantial resources — both in time and money — to investigate the allegations in the complaint, and will devote all necessary resources going forward to achieve a successful resolution.

### B. Moving Counsel Has Extensive Experience in Complex Handling Electronic Component Antitrust Class Actions (Fed. R. Civ. P. 23(g)(1)(A)(ii))

In selecting lead counsel, "the 'guiding principle' is who will 'best serve the interest of the plaintiffs.  The criteria for selecting counsel include factors such as experience and prior success

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP     1089460.5

- 8 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

record, the number, size, and extent of involvement of represented litigants, the advanced stage of

the proceedings in a particular suit, and the nature of the causes of action alleged." *Millman v.*

*Brinkley*, 2004 U.S. Dist. LEXIS 20113, at *9 (N.D. Ga. Oct. 1, 2004) (quoting Herbert B.

Newberg & Alba Conte, *Newberg on Class Actions* § 9.35 at 388 (4th ed. 2002)).  Each of these

factors weighs in favor of approving the proposed leadership structure with Cotchett and Lieff

Cabraser serving as Interim Co-Lead Class Counsel.

### 1.   Moving Counsel's Substantial Experience in Prior Electronic Component Price-Fixing Cases Guided Their Investigation

Over the past decade, several electronic component price-fixing cases have been litigated

in this District.  In addition to *SRAM* and *LCD*, described above, the Northern District has been

the venue for the following electronic component price-fixing cases, some of which remain

ongoing: *In re Dynamic Random Access Memory* ("*DRAM*"), Case No. M 02-1486 PJH

(Hamilton, J.); *In re Flash Memory* ("*Flash*"), Case No. C 07-0086 SBA (Armstrong, J.); *In re*

*Cathode Ray Tube* ("*CRT*"), Case No. 07-5944 SC (Conti, J.); and *In re Optical Disk Drive*

("*ODDs*"), Case No. M 10-2143 RS (Seeborg, J.).

Between them, Cotchett and Lieff Cabraser have played important roles in each of these

cases.  As lead counsel in *SRAM*, Cotchett was able to obtain over $77 million in settlements, the

last of which was reached on the afternoon before trial was to begin – all in a case in which the

U.S. Department of Justice ("DOJ") Antitrust Division did not even file charges against the

Defendants.  The successful prosecution of *SRAM* was accomplished solely through the efforts of

the private plaintiffs' firms, led by Cotchett.  Cotchett was also the co-chair of the Discovery

Committee in *DRAM*, co-lead counsel for the indirect purchaser class in *Flash*, and member of

the executive committee in *CRT* and *ODDs*.  In these leadership positions, the Cotchett law firm

has successfully recovered over multi-millions for injured consumer class members.

For its part, as co-lead counsel in *LCD*, Lieff Cabraser managed voluminous discovery,

including approximately 8 million documents, comprising 110 million pages, in 4 languages, and

over 130 depositions.  After a six-week trial, the jury awarded plaintiffs $261 million, following

statutory trebling.  Cabraser Decl. ¶ 4.  Aside from its work in *LCD*, Lieff Cabraser also served as

Law Offices
Cotchett, Pitre &
McCarthy, LLP

1089460.5

- 9 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

a member of the plaintiffs' steering committee in *SRAM*.  Lieff Cabraser has also served as counsel in *Flash*, *CRT*, *ODDs*.  *Id.* ¶ 5.

Cotchett's and Lieff Cabraser's experience in these other electronic component price-fixing cases, all of which involved some of Defendants here, will benefit Indirect Purchaser Plaintiffs and the prosecution of this case.  For example, many Defendants are based in Asia, resulting in a significant amount of foreign-language discovery.  Over the past decade, Cotchett and Lieff Cabraser have amassed significant experience handling such discovery.  Indeed, the specific methods and means of communication in which such conspiracies occur are unique to the electronic components industry.  Cotchett and Lieff Cabraser have reviewed millions of pages of documents and have deposed and questioned hundreds of employees of these Defendants over the years, making these firms uniquely well-suited to serve as Interim Co-Lead Class Counsel.

Separate from Cotchett's and Lieff Cabraser's knowledge about Defendants, their business practices, and managing discovery from them, both firms have developed extensive relationships with consultants, experts, and foreign language translators and interpreters.  Further, Cotchett and Lieff Cabraser have relationships with many of Defendants' counsel, which led to agreements on acceptance of service of process and schedules for responding to the complaint. By building these relationships, Cotchett and Lieff Cabraser have laid a solid foundation for a working relationship with counsel for the Defendants.  Cotchett's and Lieff Cabraser's relationships will allow them to prosecute this litigation vigorously, efficiently, and in a manner consistent with best practices.

      2.      **The Cotchett and Lieff Cabraser Law Firms Have Substantial Experience in Litigating and Trying Class Actions and Complex Cases**

      a.      **Cotchett and its Attorneys Handle Complex Litigation Efficiently and Effectively**

Cotchett has been acknowledged for handling cases efficiently and effectively.  This is one reason large institutional investors, such as the California State Teachers' Retirement System ("CalSTRS") and The Regents of the University of California, have selected Cotchett as counsel in some of their most important cases.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

1089460.5

- 10 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1   The *National Law Journal* has reported that the firm and its members are regarded by both

2   plaintiff and defense attorneys as some of the foremost trial lawyers in the nation. Cotchett was

3   named to the *National Law Journal's* "Litigation Boutiques Hot List" in 2012 and the "Plaintiffs'

4   Hot List" in 2011. The *Daily Journal*, California's leading legal publication, has named Cotchett

5   one of the top law firms in Northern California – the only plaintiffs' class action firm so named.

6   Cotchett's background and qualifications are further set forth in the Declaration of Nancy

7   Fineman.

8       The attorneys Cotchett will bring to this litigation include:

9       **Cotchett** Partner **Joseph W. Cotchett** is lead counsel and team supervisor of the Cotchett

10  attorneys. As stated by The National Law Journal, Mr. Cotchett is considered by plaintiffs and

11  defense attorneys alike to be one of the foremost trial lawyers in the country. He was also named

12  the 2011 Antitrust Lawyer of the Year by the Golden State Antitrust and Unfair Competition Law

13  Institute. He is the author of several books, including Federal Courtroom Evidence, California

14  Courtroom Evidence and others. He has tried over 100 cases to verdict in the last 42 years in

15  jurisdictions across the country while settling hundreds more.

16      **Cotchett** Partner **Nancy L. Fineman** has over 26 years of experience litigating and trying

17  complex cases. She held leadership roles in class actions and consolidated actions including: the

18  Wachovia Securities, LLC Wage and Hour Litigation, an MDL class action in the Central District

19  of California, the coordinated Natural Gas Antitrust Litigation coordinated in the San Diego

20  Superior Court, the Fen-Phen Diet Drug litigation coordinated in the Los Angeles Superior Court,

21  franchise fee cases representing cities and counties against PG&E in Santa Clara Superior Court,

22  the Homestore.com, Inc. Securities Litigation coordinated in the Central District of California,

23  and the Lead Paint Litigation coordinated in the Santa Clara Superior Court.

24      **Cotchett** Partner **Steven N. Williams** has over fifteen years of experience litigating

25  antitrust, securities, and consumer class actions. Mr. Williams served as lead or co-counsel in

26  several nationwide class actions, including SRAM, *In re Automotive Parts Antitrust Litigation*,

27  12-MD-02311 (E.D. Mich.); *In re Transpacific Passenger Air Transportation Antitrust*

28  *Litigation*, Case No. M 06-1793 (N.D. Cal.) (Breyer, J.); *In re International Air Transportation*

1   *Surcharge Antitrust Litigation*, 06-cv-1793 (N.D. Cal.) (Breyer, J.); and *Kopies, Inc., v. Eastman*

2   *Kodak Co.*, 94-0524 (N.D. Cal.) (Armstrong, J.). Mr. Williams has also played a leading role in

3   natural gas antitrust litigation in state and federal courts in California.

   **b.     The Lieff Cabraser Law Firm Has the Experience Necessary to
          Serve as Interim Co-Lead Class Counsel and Has Extensive
          Knowledge about the Applicable Law**

6       Celebrating its 40th anniversary in 2012, Lieff Cabraser specializes in class actions and

7   complex litigation. Cabraser Decl. ¶ 2. As explained more fully in the firm's resume, Lieff

8   Cabraser enjoys national recognition for its handling of state coordinated and federal multi-

9   district litigation. Cabraser Decl., Ex. A at 1-2; *see also* www.lieffcabraser.com. Indeed, the

10  firm's experience and talents are recognized by both consumer clients and corporations, such as

11  the Charles Schwab Corporation, which has retained Lieff Cabraser in four cases, including the

12  LIBOR antitrust case.

13      Lieff Cabraser's work is attributable to a team of over sixty attorneys who have

14  experience spanning all levels and various disciplines. To this litigation, Lieff Cabraser will

15  bring a wide spectrum of experienced attorneys, permitting the team to litigate the case in the

16  most efficient, expeditious manner possible. Among the Lieff Cabraser attorneys who will be

17  involved in this action are:

18      **Lieff Cabraser** Partner **Elizabeth Cabraser**, who was recognized this week as one of the

19  100 most influential lawyers in America and regularly has leadership roles in coordinated or

20  multi-district litigation, will lead the Lieff Cabraser team. She has particular expertise in

21  organizing and guiding complex cases, currently serving as a member of the Plaintiffs' Steering

22  Committee in *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, MDL

23  No. 2179 (E.D. La.). Ms. Cabraser has also been involved in the planning, structure, and conduct

24  of class action trials tried to verdict, including *In re Exxon Valdez Oil Spill Litigation*, No. 3:89-

25  cv-0095 HRH (D. Alaska); *Naef v. Masonite*, No. CV-94-4033 (Mobile County Circuit Ct., Ala.);

26  *In re FPI/Agretech Securities Litigation*, MDL No. 763 (D. Haw.); and the Louisiana statewide

27  Breast Implant Class Litigation. In 2011, the United States Supreme Court appointed Ms.

28  Cabraser to the Federal Civil Rules Advisory Committee.

Law Offices
Cotchett, Pitre &
McCarthy, LLP

1089460.5

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1    **Lieff Cabraser** Partner **Richard M. Heimann** has over 35 years of experience in trial

2    courts in the areas of complex antitrust and securities litigation, including class action litigation.

3    Mr. Heimann has tried over 30 civil jury cases, including 4 class actions.  In addition to the *LCD*

4    jury trial described above, Mr. Heimann tried *Gutierrez v. Wells Fargo Bank*, Case No. C 07-

5    05923 WHA (N.D. Cal.), which resulted in a $203 million bench verdict in favor of the class, and

6    *Claghorn v. Edsaco Ltd.*, Case No. C 98-3039 SI, which resulted in a jury verdict of $170.7

7    million verdict in favor of the class.  Mr. Heimann also tried *In re FPI/Agretech Securities*

8    *Litigation*, MDL No. 763 (D. Haw.), a class action on behalf of investors where the jury returned

9    a $25 million verdict.

10    **Lieff Cabraser** Partner **Brendan P. Glackin** is also an experienced trial lawyer, serving

11    as a deputy public defender in Contra Costa County before coming to Lieff Cabraser.  Most

12    recently, he played an integral role in *LCD* and served as the second chair of the Lieff Cabraser

13    trial team.  Mr. Glackin regularly handles the deposition and examination of economic expert

14    witnesses in antitrust cases, including recently in *LCD* and *In re High-Tech Employee Antitrust*

15    *Litigation* ("*High-Tech*"), Case No. C 11-2509 LHK (N.D. Cal.) (Koh, J.).  During the *LCD* trial,

16    Mr. Glackin examined the plaintiffs' and the defendants' economic expert witnesses, including

17    the parties' experts on antitrust injury and damages.

18            c.    <u>The Cotchett and Lieff Cabraser Law Firms Regularly Take
19            Cases to Trial</u>

20            Although Cotchett and Lieff Cabraser work to resolve cases efficiently before trial, if

21    either firm cannot reach a settlement that is in the best interests of their clients, both firms will

22    proceed to trial.

23            For Lieff Cabraser, *LCD* presented such a scenario.  Although the direct purchaser

24    plaintiffs reached settlements totaling over $400 million with all but one Defendant, they were

25    unable to agree to favorable terms with Toshiba and accordingly proceeded to trial.  Cabraser

26    Decl. ¶ 4.  As noted above, after a six-week trial, the jury awarded plaintiffs $261 million,

27    following statutory trebling.  *Id.*  The *National Law Journal* recognized this verdict as among the

28    top 10 verdicts for 2012.  *Id.*

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP     1089460.5

- 13 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1    In another major antitrust case, *Meijer, Inc. v. Abbott Laboratories* ("*Norvir*"), Case No. C

2    07-5985 CW (Wilken, C.J.), the class and the defendant were unable to resolve the case in

3    advance of trial.  Cabraser Decl. ¶ 6.  Lieff Cabraser again prepared for and proceeded to trial.

4    However, shortly after opening statements, the parties settled, resulting in a $52 million recovery

5    for the class.  *Id.*

6    Cotchett likewise brings cases to trial.  Just in the last few years, Cotchett has successfully

7    brought to trial two class action cases.  In 2011 in *In re Homestore.com, Inc. Securities Litigation*,

8    01-cv-11115 (C.D. Cal), Cotchett tried one of only 15 class cases ever tried under the Private

9    Securities Litigation Reform Act.  The jury returned a verdict of $64,695,945 million on behalf of

10   the class.  In *Massoyan v. HL Leasing, Inc.*, Case No. 09-CECG 01839 (Fresno Cnty. Supr. Ct.),

11   Cotchett was unable to settle a class action on terms acceptable to the class, and in 2011 tried the

12   case to a jury verdict of $151.7 million.

13   **C.    The Cotchett and Lieff Cabraser Law Firms Have Substantial Experience in**

14   **Antitrust Law, Particularly Within This District (Fed. R. Civ. P. 23(g)(1)(A)(iii))**

15   Cotchett has a national reputation for excellence and success in complex antitrust

16   litigation.  Cotchett has been at the forefront of antitrust enforcement, successfully leading the

17   prosecution of antitrust cases in markets including consumer electronics, air transportation, cargo

18   and logistics, energy and natural gas, financial markets, automobiles, and office equipment.  The

19   firm's extensive experience includes both cases in this District and other courts, including the

20   Eastern District of Michigan, the Southern District of New York, the District of Delaware, and

21   California state courts.

22   In 2008, Cotchett finalized a settlement of over $200 million in *In re International Air*

23   *Transportation Surcharge Antitrust Litigation*, an MDL class action challenging the price-fixing

24   of air passenger ticket between the U.S. and the U.K. where Cotchett served as co-lead counsel.

25   This case involved navigating the intersection of U.S. and U.K. antitrust law and Cotchett is one

26   of the few firms with experience in addressing and resolving these complex issues.  In 2003,

27   Cotchett also finalized a settlement of over $100 million in *In re Methionine Antitrust Litigation*,

28

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP      1089460.5

- 14 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1  Case No. 00-1311 CRB (N.D. Cal.), an antitrust class action involving a conspiracy to fix prices

2  for methionine.

3       Lieff Cabraser likewise enjoys recognition for its successes in antitrust cases.  In 2012, the

4  *Daily Journal* selected Lieff Cabraser's antitrust practice group as one of the top five practice

5  groups in California.  Cabraser Decl. ¶ 7; *see also id.* Ex. B (antitrust group brochure).  Courts

6  have appointed Lieff Cabraser in various antitrust cases in this District, including *LCD*, *Norvir*,

7  and *High-Tech*.  Cabraser Decl. ¶ 8.  Outside of this District, courts have appointed Lieff

8  Cabraser to serve as class counsel in several antitrust cases, including *Marchbanks Truck Service,*

9  *Inc. v. Ceridian Corp.*, Civil Action No. 07-cv-1128 (E.D. Pa.) (litigation ongoing); *Sullivan v.*

10  *DB Investments*, Case No. 04-02819 (D.N.J.); and *Natural Gas Antitrust Cases I-IV*, J.C.C.P.

11  No. 4221 (Cal. Supr. Ct.) (co-lead counsel in record $1.5 billion settlement on behalf of

12  California natural gas businesses and consumers).  *Id.*

13       In *Sullivan*, Lieff Cabraser obtained a $295 million settlement for indirect purchaser

14  plaintiffs.[2]  Cabraser Decl. ¶ 9.  In this antitrust case against De Beers, Plaintiffs alleged

15  Defendants monopolized the sale of gem-quality diamonds.  This is the only case in which the

16  diamond monopolist has ever been held civilly accountable in a United States court.

17      **D.**    **The Cotchett and Lieff Cabraser Law Firms Will Continue To Commit More**
18          **Than Ample Resources To Representing The Indirect Purchaser Plaintiffs**
        **(Fed. R. Civ. P. 23(g)(1)(A)(iv))**

19       Moving Counsel have the necessary resources and are committed to prosecuting this

20  action in the best interests of the indirect purchase plaintiff class.  Cotchett and Lieff Cabraser are

21  ably staffed with attorneys and support, including private investigators, accountants, and

22  economists.  These law firms' attorney and paralegal resources will ensure that the case will be

23  staffed appropriately and efficiently so that senior attorneys are not performing junior attorney

24  work, junior attorneys will work at their level and will not spend too much time on a task, and no

25  attorneys will do any paralegal work.  In successfully prosecuting class actions for the last four

26  decades, these firms routinely advance the costs of litigation and have demonstrated an ability and

27

28  ---
[2] The Third Circuit, in a precedential *en banc* opinion, affirmed this settlement.  *See generally Sullivan v. DB Investments*, 667 F.3d 273 (3d Cir. 2011).

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP
1089460.5

- 15 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1   willingness to dedicate their substantial resources to vigorously prosecute the claims of putative

2   class members.  As reflected by the extensive time and funds it has already committed to this

3   case, Cotchett and Lieff Cabraser are prepared to continue to commit the resources necessary to

4   effectively and vigorously prosecute this case to a successful conclusion.

5        It is routine in nationwide antitrust class actions, such as the present litigation, for the

6   court to appoint multiple co-lead class counsel, such as in *LCD*.  This is particularly true where,

7   as here, the litigation involves complex antitrust claims.  The proposed structure will also help to

8   insure that sufficient resources are marshaled for the effective representation of the Class.  The

9   proposed leadership structure here is ideally suited to the particular circumstances of this

10  litigation, which will require a team of dedicated lawyers with ample resources to prosecute this

11  litigation against the multiple well-financed defendants in this litigation, which are located in

12  Asia and the United States.

13  **E.**    **Appointment of Lead Counsel Based In This District Serves the Best Interests**

14  **of the Class**

15       Both Cotchett and Lieff Cabraser are headquartered in this District.  As such, Cotchett and

16  Lieff Cabraser, as Interim Co-Lead Class Counsel, are in a superior position to any other firm in

17  managing the discovery in this litigation because, as the MDL Panel noted, the majority of the

18  evidence in this case will be located in this District, since "several defendants have major

19  facilities or lithium ion battery business in or near the [Northern District of California]."  Fineman

20  Decl., Ex. 1, pg. 2.  Furthermore, Northern California is a frequent destination for many of the

21  key witnesses in this litigation, meaning that many of the depositions of witnesses for the

22  Defendants will physically take place in the Northern District of California.

23       Because Cotchett and Lieff Cabraser are based here, they can reduce costs, benefitting the

24  Indirect Purchaser Plaintiff Class.  The Class will not have to pay additional expenses to fly

25  lawyers in for meet and confer sessions, document review sessions, depositions and hearings.

26  Cotchett and Lieff Cabraser can handle almost all of the critical litigation expenses without

27  paying unnecessary travel expenses, expenses that would be unnecessarily borne by the class if

28  this Court approves a lead class counsel that is based outside this District.

Law Offices
Cotchett, Pitre &
McCarthy, LLP

1089460.5

- 16 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR

1    Further, no other law firm or even combination of law firms can claim to surpass or even

2    match the experience that Cotchett and Lieff Cabraser have in practicing before the federal courts

3    of this District.  Cotchett and Lieff Cabraser therefore also have superior knowledge and

4    experience in federal practice before the courts of this District.

5    **IV.    <u>CONCLUSION</u>**

6         For all the foregoing reasons, it is respectfully requested that the Court grant the motion

7    and approve the proposed leadership structure by naming **Cotchett Pitre & McCarthy LLP** and

8    **Lieff Cabraser Heimann & Bernstein, LLP** as Interim Co-Lead Class Counsel and by naming

9    **Andrus Anderson LLP** as Liaison Counsel.

10

11   DATED:  March 28, 2013                              Respectfully submitted,

     **COTCHETT, PITRE & McCARTHY, LLP**        **LIEFF, CABRASER, HEIMANN &**
12                                                          **BERNSTEIN, LLP**

13   By: _____/s/ Nancy L. Fineman_____          By: _____/s/ Elizabeth J. Cabraser_____
              Nancy L. Fineman                             Elizabeth J. Cabraser
14
     Joseph W. Cotchett (SBN 36324)             Elizabeth J. Cabraser (SBN 083151)
15   Nancy L. Fineman (SBN 124870)              Richard M. Heimann (SBN 063607)
     Nanci E. Nishimura (SBN 152621)            Eric B. Fastiff (SBN 182260)
16   Steven N. Williams (SBN 175489)            Joy A. Kruse (SBN 142799)
     Joanna W. LiCalsi (SBN 288771)             Marc A. Pilotin (SBN 266369)
17   840 Malcolm Road, Suite 200                275 Battery Street, 29th Floor
     Burlingame, CA 94010                       San Francisco, CA  94111-3339
18   Telephone:  (650) 697-6000                 Telephone:  (415) 956-1000
     Facsimile:  (650) 697-0577                 Facsimile:  (415) 956-1008
19   jcotchett@cpmlegal.com                     ecabraser@lchb.com
     swilliams@cpmlegal.com                     rheimann@lchb.com
20                                              efastiff@lchb.com
     *Attorneys for Indirect Purchaser Plaintiff*  jakruse@lchb.com
21   *Kristina Yee*                             mpilotin@lchb.com

22                                              *Attorneys for Indirect Purchaser Plaintiff*
                                                *Mike Katz-Lacabe*
23

24

25

26

27

28

1

**ATTESTATION**

2

3

        Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence

in the filing of this document has been obtained from the other signatory above.

4

5

6

Dated:  March 28, 2013            By:_____   */s/ Elizabeth J. Cabraser*_____
                                              Elizabeth J. Cabraser

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
Cᴏᴛᴄʜᴇᴛᴛ, Pɪᴛʀᴇ &
McCᴀʀᴛʜʏ, LLP    1089460.5

- 18 -

NOTICE OF MOTION & MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL
CASE NO. 4:13-MD-02420-YGR