Joseph W. Cotchett (SBN 36324)
Nancy L. Fineman (SBN 124870)
Steven N. Williams  (SBN 175489)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
nfineman@cpmlegal.com
swilliams@cpmlegal.com

Jeff D. Friedman (SBN 173886)
Shana E. Scarlett (SBN 217895)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Elizabeth J. Cabraser (SBN 83151)
Richard M. Heimann (SBN 63607)
Eric B. Fastiff (SBN 182260)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
rheimann@lchb.com
efastiff@lchb.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

(Additional Counsel on Signature Page)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION** | **Case No. 4:13-md-02420-YGR** |
| | **MDL No. 2420** |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OF APPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE** |
| **INDIRECT PURCHASER PLAINTIFFS** | **Honorable Yvonne Gonzalez Rogers** |

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

## I.   INTRODUCTION

On April 3, 2013, the Court appointed COTCHETT, PITRE & McCARTHY LLP, HAGENS BERMAN SOBOL SHAPIRO LLP, and LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP as Indirect Purchaser Plaintiffs' Interim Co-Lead Counsel in this action. (Minute Order, Dkt. No. 145). The Court also ordered IPPs to submit a memorandum proposing recommendations for Steering Committee appointees, setting forth the qualifications of the proposed members.

Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs believe that the proposal set forth below serves the interest of "achieving efficiency and economy," Moore's Federal Practice: Manual for Complex Litigation (Fourth) § 10.2221 (2004), by appointing law firms that collectively have antitrust and complex litigation, discovery, and trial experience, financial and personnel resources, and breadth of clients. The appointment of the proposed firms to a Plaintiffs' Steering Committee, for the reasons stated herein, would benefit the Court and the Class by appointing firms experienced in indirect purchaser antitrust litigation to leadership positions so that work may be accomplished efficiently.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

This class action involves an alleged conspiracy beginning on or about January 1, 2002 to fix the price of Lithium Ion Batteries. These batteries are used to supply power to various electronic devices, such as digital cameras, laptop notebooks, camcorders, cell phones, music players, and personal game consoles, among others. This action is similar in some ways, and involves many of the same defendants, as *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL No. 02-1486 (N.D. Cal.) (Hamilton, J.) ("DRAM"), *In Re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 05-5944 (N.D. Cal.) (Conti, J.) ("CRT"), *In Re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 07-1827 (N.D. Cal.) (Illston, J.) ("LCD"), *In Re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 07-1819 (N.D. Cal.) (Wilken, J.) ("SRAM"), *In Re Flash Memory Antitrust Litigation*, MDL No. 07-0086 (N.D. Cal.) (Armstrong, J.) ("Flash"), and *In Re Optical Disk Drive (ODD) Products Antitrust Litigation*,

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE;**
**Case No. 4:13-md-02420-YGR          1**
1095171.2

MDL No. 10-2143 (N.D. Cal.) (Seeborg, J.) ("ODD").  The United States Department of Justice and the European Union's competition authorities have been investigating the alleged conspiracy to fix the price of Lithium Ion Batteries.

### III.      DISCUSSION

Due to the size and complexity of this multidistrict antitrust action, Plaintiffs' counsel believe that the proposed Plaintiffs' Steering Committee will provide substantial benefits to the Class.  Interim Lead Counsel's experience in recent MDL class actions, including those identified above, are illustrative of the demands that Indirect Purchaser Plaintiffs will face.  In almost all of these cases, document productions involved millions of pages of paper and electronic data in English and foreign languages, witnesses and documents located around the world, extensive deposition practice, hotly-contested motions including motions to dismiss, motions to stay, jurisdictional motions, class certification motions, and summary judgment motions.  These demands are best addressed through an organization of counsel with experience and expertise in cases of this nature.

For instance, in the SRAM Litigation, nine sets of foreign and domestic corporate defendants produced more than 11 million pages of documents, all of which had to be reviewed and indexed in preparation for class certification, summary judgment, and trial. Many of the documents produced were  in a foreign language and required translation and review. Plaintiffs' counsel also had to work with numerous experts and consultants in order to understand the technical intricacies of the SRAM market and industry. In the LCD and CRT cases, over a hundred depositions were taken.  Many of these depositions took place in Asia and required translators.

This action is similar in complexity, and will involve equally voluminous discovery, scores of depositions of defendants, class representatives, and third parties, and extensive technical work with experts. The inclusion of this group of qualified and experienced law firms and attorneys on the PSC will greatly benefit the prosecution of this action in an efficient,

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

effective, and timely manner, by drawing on their experience in representing plaintiff antitrust classes from discovery through trial.

The Court identified three "main criteria for membership in the PSC: a) willingness and availability to commit to a time-consuming project; b) ability to work cooperatively with others; and c) professional experience in this type of litigation." (March 4, 2013 Order Setting Initial Conference, Dkt. No. 8).  Interim Co-Lead Counsel have conferred extensively regarding the applicants for the Steering Committee, and have agreed that the following firms meet the Court's criteria, and have the qualifications necessary to make a valuable contribution to this litigation.

### A.  Cohen Milstein Sellers & Toll PLLC

Cohen Milstein – a firm with more than sixty lawyers, including twenty that focus primarily on antitrust class action litigation – brings two attributes to the Plaintiffs' Steering Committee that are particularly germane.  First, in addition to its established plaintiffs' credentials, the Cohen Milstein lawyers have significant experience representing defendants in class actions and other matters.  **Kit Pierson** represented large defendants for more than two decades, most recently for eleven years as a Shareholder at Heller Ehrman and before that as a Partner at Jenner & Block, including Fortune 500 companies in direct and indirect purchaser class action litigation.  Similarly, **Brent Johnson** has substantial experience from his tenure at Latham & Watkins representing large corporate defendants in complex antitrust litigation and class actions.  This experience will provide important insights on defense litigation strategies as well as areas where the plaintiffs and defendants may find common ground on discovery and other areas to move the litigation forward efficiently.

Second, the Cohen Milstein team has significant antitrust trial experience.  For example, Cohen Milstein is co-lead counsel for the plaintiff class in the *In re Urethane Antitrust Litigation,* Case No. 2:04-md-01616 (D. Kan.), where, after securing settlements with some defendants for $139 million, a trial this January resulted in a jury verdict for the class of $400 million (before trebling).  In addition to serving as a key member of that trial team, Mr. Pierson was also one of the trial lawyers for Microsoft Corporation in two lengthy jury trials defending antitrust claims

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE;
Case No. 4:13-md-02420-YGR          3**
1095171.2

1  brought by indirect purchaser classes.   Mr. Johnson has also defended one of the country's

2  largest food processors in a four week antitrust trial in federal court.  Accordingly, the Cohen

3  Milstein team has significant antitrust trial experience that will benefit the proposed class. Cohen

4  Milstein's firm resume is attached.  (Williams Decl., Ex. 1.)

5  **B.  Cuneo Gilbert & LaDuca, LLP**

6  Cuneo Gilbert & LaDuca, LLP has 18 attorneys in six offices and devotes the majority

7  of its practice to the representation of clients involved in antitrust, securities, corporate

8  governance, consumer protection, and product liability complex and class action litigation.  The

9  firm's antitrust attorneys have extensive experience and knowledge of the law, theory, and

10  economics of the antitrust statutes, and the firm has had great success helping both consumers

11  and businesses injured by antitrust practices.  The firm's attorneys are very experienced in

12  international antitrust issues. Cuneo Gilbert & LaDuca, LLP's firm profile is attached.

13  (Williams Decl., Ex. 2).

14  **Sandra W. Cuneo** is admitted to the State Bar of California and the District of

15  Columbia Bar.  She has significant antitrust and trade regulation experience, both as plaintiffs'

16  and defendants' counsel, as well as with the Federal Trade Commission.  She has extensive

17  complex litigation and discovery experience over the past 25 years, including supervision of up

18  to 165 attorneys in time-sensitive matters representing companies in merger investigations by

19  the Federal Trade Commission and U.S. Department of Justice.  In addition, she is familiar with

20  some of the most widely used ESI platforms, has negotiated contracts with ESI providers, and

21  negotiated key word and database search parameters with the Department of Justice. She has

22  taken and defended scores of depositions, many in complex trade regulation and antitrust

23  matters, and worked extensively with both testifying and non-testifying economic experts,

24  assisted in the preparation of their reports, and taken and defended expert depositions in

25  antitrust cases. Ms. Cuneo's resume is attached.  (Williams Decl., Ex. 3).

26

27

28

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT
OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE;**
**Case No. 4:13-md-02420-YGR          4**
1095171.2

### C.  Green & Noblin, P.C.

Green & Noblin, P.C. ("G&N"), along with Renne Sloan Holtzman Sakai LLP ("Renne Sloan"), represents both private plaintiffs in multiple states who purchased Lithium Ion batteries and government agencies that purchased large numbers of the products, such as the San Francisco Community College District, the City of Richmond, and others.  G&N has extensive antitrust class action litigation experience and with Renne Sloan provides the Steering Committee with the perspective of public agencies.  It is important to include on the Steering Committee a representative of institutional plaintiffs that purchased large numbers of lithium ion batteries and products containing them.

In addition to representing institutional and private plaintiffs in this action, G&N has extensive experience representing plaintiffs in antitrust class action cases.  Examples of cases where G&N litigated similar claims that settled for substantial payments on behalf of the plaintiff class include *LCD* (for indirect purchasers); *SRAM* (for direct purchasers), and *DRAM* (for _ for direct purchasers).  Additionally, principals at G&N are significantly involved in representing plaintiffs in MDL antitrust actions in courts across the country involving products that include cathode ray tubes, blood plasma and gypsum.  Renne Sloan supports the appointment of G&N based on their extensive experience in this type of case and their work with Renne Sloan representing the public entities. G&N's firm resume is attached. (Williams Decl., Ex. 4).

### D.  Robbins Geller Rudman & Dowd LLP

Robbins Geller Rudman & Dowd ("Robbins Geller") has ample resources, a successful track record prosecuting large and complex class actions, and extensive antitrust expertise.  With 180 attorneys in nine offices nationwide, including in this District, Robbins Geller is the largest firm in the United States specializing in complex class action litigation.  Robbins Geller has the resources and experience to litigate complicated multi-defendant class actions. The firm's track record of litigating complex cases over the long haul is exemplary.   It has litigated hundreds of cases that have endured years of fact and expert discovery, extensive motion practice, and lengthy trials.  As but one recent example, Robbins Geller served as co-lead counsel for the past eight

years in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.), an antitrust action against Visa, MasterCard and a dozen of the world's largest banks. Following these years of fact and expert discovery (including the production of more than 60 million pages of documents and the exchange of 17 expert reports), voluminous motion practice, and trial preparation, that case recently settled for *$7.25 billion* plus injunctive relief. The settlement was preliminarily approved, and if it is finally approved, will be the largest *ever* private antitrust settlement, *and the second-largest class action settlement in history*, providing benefits to more than 12 million merchants nationwide.

This track record of success is not new. For example, in *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (S.D.N.Y.), Robbins Geller served as co-lead counsel for a class of credit card holders in an antitrust action that settled for $336 million following eight years of litigation, resulting in payments to more than 10 million class members. These results would clearly only be possible with the kind of professional expertise, legal acumen, and extensive resources that this litigation requires.

Robbins Geller's senior antitrust partner, **Bonny E. Sweeney**, who will lead the firm's team in this case, has been a key player in most of the firm's antitrust cases over the past 17 years, and is co-lead counsel in *Payment Card* and *Currency Conversion*. She and her co-counsel were praised by the presiding Judge in *Currency Conversion* for providing "extraordinarily high-quality representation" and for litigating with "enormous attention to detail and unflagging devotion to the cause." *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 129 (S.D.N.Y. 2009), *aff'd*, 405 Fed. Appx. 532 (2d Cir. 2010). Ms. Sweeney has served as Chair of the Antitrust and Unfair Competition Law Section of the State Bar of California, serves on the Advisory Boards of the American Antitrust Institute and the Institute for Consumer Antitrust Studies, is a frequent lecturer on antitrust and unfair competition law, and has published numerous articles and book and treatise chapters on these topics. In 2007, Ms. Sweeney was honored by *Competition Law 360* in its "Outstanding Women in Antitrust" series. Robbins

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE;**
**Case No. 4:13-md-02420-YGR              6**
1095171.2

Geller's firm resume and the biographies of all of the Robbins Geller lawyers assigned to this case are attached.  (Williams Decl., Exhs. 5-9).

### E.  Scott+Scott LLP

With offices in California, Connecticut, New York, and Ohio, Scott+Scott has a proven track record of successfully handling large complex class actions, achieving substantial settlements and, when necessary to secure the best relief for its clients, taking cases to trial.  In January and February of this year, Scott+Scott served as co-trial counsel in a five week-long antitrust class action trial against American Express, Discover Financial Services, and Citigroup challenging class action barring arbitration clauses in credit card disclosures as a restraint of trade. *Ross v. American Express Co.,* No. 1:04-cv-05723 (S.D.N.Y.).  In December 2012, Scott+Scott took the lead role at a two-day summary judgment hearing in *Dahl v. Bain Capital Partners, LLC,* No. 1:07-cv-12388 (D. Mass.), an antitrust class action challenging bid-rigging and market allocation in the multi-billion dollar private equity/leveraged-buyout industry.

Scott+Scott also has significant experience litigation antitrust class actions on behalf of indirect purchasers.  Recent leadership examples in indirect purchaser antitrust class actions include: *In re Lipitor Antitrust Litigation,* 3:12-cv-2389-PGS-DEA (D. N.J.) (end payor action) (member of end payor class plaintiffs' Executive Committee); *Mylan Pharmaceuticals, Inc. v. Warner Chilcott Public Limited Company,* 12-cv-3824 (E.D. Pa) (indirect purchaser action) (lead counsel); *In re Skelaxin (Metexalone) Antitrust Litigation*, 1:12-cv-194 (E.D. Tenn.) (endpayor action) (member of steering committee); *In re Nexium (Esomeprazole) Antitrust Litigation,* 1:12-md-2409-WGY (D. Mass) (end-payor action) (member of executive committee); *In re Prograf Antitrust Litigation,* 1:11-cv-2242-RWZ (D. Mass) (indirect purchaser action) (member of the plaintiffs' executive committee); *In re Effexor XR Antitrust Litigation*, 3:11-cv-5661 (D. N.J.) (end-payor action) (member of plaintiffs' executive committee); and  *In re Korean Air Lines Co., Ltd. Antitrust Litigation,* 2:07-cv-06542-SJO-AGR (colead counsel for indirect purchaser plaintiffs). Scott+Scott's firm resume is attached. (Williams Decl. Ex. 10).

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE**;
Case No. 4:13-md-02420-YGR          7
1095171.2

### F.  Straus & Boies LLP

Straus & Boies has significant relevant experience in the prosecution of indirect-purchaser antitrust cases similar to the instant action, including within the Northern District of California. Currently, the firm serves as co-lead counsel in the DRAM Litigation and holds a significant role in the CRT Litigation.  Straus & Boies has previously participated in other technology cases in this District, including SRAM and Flash litigation cases.  The efficiency and dedication of its lawyers were recently recognized by Special Master Quinn in the LCD Litigation, who determined that its work was "of the highest quality."  *See* LCD Litigation, 07-MD-1827 (Dkt No. 7375).

In particular, Straus & Boies has considerable experience overseeing complex foreign discovery efforts.  In the LCD Litigation, the Special Master noted that Straus & Boies had "taken major responsibility throughout the case [and] led and managed the foreign document review process."  *See* LCD Litigation, 07-MD-1827 (Dkt No. 7375).  The Firm is currently engaged in a similar role on behalf of indirect purchasers in the CRT Litigation.  Accordingly, Straus & Boies has a history of working cooperatively with others and committing the time and resources necessary to the successful prosecution of major antitrust cases. Straus & Boies's firm resume is attached.  (Williams Decl., Ex. 11).

### G.  Susman Godfrey LLP

Susman Godfrey has decades of experience litigating and trying the Nation's largest civil antitrust cases.  While it is true that most large antitrust cases settle before trial, it is also true that the proven ability and *willingness* of its counsel to try such cases benefits the class by, among other things, giving it additional leverage in settlement negotiations.  Susman Godfrey has tried many complex cases, including the leading exemplars of antitrust class actions prosecuted through a jury trial in the past decade.  Beginning with the landmark Corrugated Container price-fixing case in 1980, in which Susman Godfrey recovered $500 million on behalf of plaintiffs as a result of settlements and a verdict after a 3-month jury trial, Susman Godfrey has been in the forefront of antitrust litigation and trying antitrust cases to successful conclusions for classes.

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE;**
**Case No. 4:13-md-02420-YGR          8**
1095171.2

1   Susman Godfrey tries dozens of cases around the country every single year, and has tried more

2   than a dozen major antitrust plaintiffs' cases to juries, resulting in over $1 billion in verdicts,

3   including *In re Vitamin C Antitrust Litigation* (E.D.N.Y., tried 2013), *In re Universal Service*

4   *Fund Tel. Billing Practices Litigation* (D. Kan. tried 2008), *Applied Medical Resources Corp. v.*

5   *Ethicon, Inc.* (C.D. Cal. tried 2006), and *Masimo Corp. v. Tyco Healthcare Group LP* (C.D. Cal.

6   tried 2005)

7        Susman Godfrey's most recent milestone antitrust verdict came just weeks ago, in *In re*

8   *Vitamin C Antitrust Litigation*.  On March 14, 2013, the firm and its co-counsel won a $54.1

9   million jury verdict on behalf of a direct purchaser class in the Eastern District of New York.  The

10  case involved price-fixing claims against Chinese vitamin C manufacturers, and was the first-ever

11  case in which Chinese companies were found liable for violating U.S. antitrust laws.  Judge

12  Cogan trebled the jury's $54.1 million verdict—which represented 100% of the damages sought

13  by Susman Godfrey and its co-counsel—to $162.3 million.

14       In appointing Susman Godfrey co-lead counsel in *In re Crude Oil* last year, Judge Pauley

15  praised the firm's long history of serving as "lead counsel in hundreds of class actions, including

16  complex antitrust actions."  *See In re Crude Oil Commodity Futures Litig.*, No. 11-CV-3600

17  (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012).  As reflected by its record in antitrust

18  cases, Susman Godfrey is a trial litigation firm with the skills and resources needed to effectively

19  and efficiently prosecute this action on behalf of the class.  Susman Godfrey currently has ninety-

20  five lawyers in its five offices around in the United States, including partners and associates

21  located in California. The firm's lawyers are consistently recognized as "Super Lawyers" and

22  "Rising Stars" in the states where they practice.  Over 90% of Susman Godfrey's lawyers have

23  served in highly sought-after federal judicial clerkships after law school.  Seven of the firm's

24  attorneys have clerked for Justices of the Supreme Court of the United States.  Susman Godfrey's

25  firm profile and the resumes of all of the Susman Godfrey lawyers assigned to this case are

26  attached.  (Williams Decl., Exhs. 14-18).

27

28

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT
OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE;
Case No. 4:13-md-02420-YGR            9**
1095171.2

IV.     **CONCLUSION**

For the reasons stated herein, on behalf of Indirect Purchaser Plaintiffs, it is respectfully requested that the Court adopt the Proposed Order submitted herewith, appointing the Plaintiffs' Steering Committee.

DATED: May 3, 2013              By:              */s/ Steven N. Williams*

Joseph W. Cotchett (SBN 36324)
Nancy L. Fineman (SBN 124870)
Nanci E. Nishimura (SBN 152621)
Steven N. Williams  (SBN 175489)
Joanna W. LiCalsi (SBN 288771)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
nfineman@cpmlegal.com
 nnishimura@cpmlegal.com
jlicalsi@cpmlegal.com


By:              */s/ Jeff D. Friedman*

Jeff D. Friedman (SBN 173886)
Shana E. Scarlett (SBN 217895)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OFAPPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE;**
**Case No. 4:13-md-02420-YGR          10**
1095171.2

1

2

Steve W. Berman
George W. Sampson
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 8th Ave., Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
george@hbsslaw.com
steve@hbsslaw.com

By:          */s/ Eric B. Fastiff*

Elizabeth J. Cabraser (SBN 83151)
Richard M. Heimann (SBN 63607)
Eric B. Fastiff (SBN 182260)
Joy A. Kruse (SBN 142799)
Brendan P. Glackin (SBN 199643)
Marc A. Pilotin (SBN 266369)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
rheimann@lchb.com
efastiff@lchb.com
jakruse@lchb.com
bglackin@lchb.com
mpilotin@lchb.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
CotchETT, Pitre &
McCarthy, LLP