[*Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 4:13-md-02420-YGR |
| | MDL No. 2420 |
| This Document Relates to: | **STIPULATED PROTECTIVE ORDER** |
| ALL ACTIONS | |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal, and is hereby incorporated by reference. This Order shall not apply to the use of protected material at trial.  The parties agree to meet and confer and seek Court approval in advance of trial to address appropriate limitations on the use of such material at trial.

**2. DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.4 <u>Highly Confidential Information or Items</u>: extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2.9 <u>Outside Counsel</u>: attorneys, along with their paralegals, and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>In House Legal Personnel</u>: attorneys and other personnel employed by a Party to perform legal functions and/or who are responsible for overseeing this litigation for the Party.

2.11 <u>Counsel (without qualifier)</u>:  Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), and, in the event an action or actions are brought by state Attorney(s) General, the Attorney General's office including its attorneys, paralegals, and other support personnel.

2.12 <u>Expert and/or Consultant</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who is not a current employee, nor has been an employee within four years of the date of entry of this Order, of a Party or of a Lithium-Ion Battery business unit of a non-party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a Lithium-Ion Battery business unit of a non-party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

4. **DURATION**

The confidentiality obligations imposed by this Order shall remain in effect, even after the termination of this litigation, until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## 5. DESIGNATING PROTECTED MATERIAL

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessary encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material, the Producing Party may notify all Parties, in writing, of the error and identify (by Bates number or other individually identifiable information) the affected material and their new designation.  Thereafter, the material so designated will be treated as Protected Material.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated material and will destroy the incorrectly designated material.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary or digital image format (apart from transcripts of depositions or other pretrial proceedings)</u>, that the Producing Party affix the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page or digital image that contains protected material unless otherwise agreed to a different designation protocol for digital information.

(b) <u>for testimony given in deposition, or other pretrial proceedings,</u> that a Party, or a non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" either on the record before the close of the deposition, hearing, or other pretrial proceeding, or in writing on or before the later of (i) twenty days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Stipulated Protective Order. The entire testimony shall be deemed to have been designated Confidential or Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as instructed by the Party or nonparty sponsoring, offering, giving or eliciting the witness' testimony.

(c) <u>for information produced in some form other than documentary or digital image, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

5.3 <u>Inadvertent Failures to Designate</u>. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is re-designated as "Confidential" or "Highly Confidential" after the material was

initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties.   Subject to the standards of paragraph 5.1, a Party may increase the designation (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward Designating Party's own Confidential or Highly Confidential Information.

Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.   Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

STIPULATED PROTECTIVE ORDER

**6.2** _Meet and Confer_.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone or in person of its challenge and identify the challenged material, then conferring directly in voice-to-voice dialogue (other forms of communication are not sufficient) with counsel for the Designating Party.  The Parties must then meet and confer in good faith.  Each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designations.  The parties shall have fourteen (14) days from the initial notification of a challenge to complete this meet and confer process.

**6.3** _Judicial Intervention_.  In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party.  If the parties are not able to resolve a dispute about a confidentiality designation within the time provided in paragraph 6.2, above, the Challenging Party may, within fourteen (14) days thereafter, file and serve a motion under Civil Local Rule 7-11 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The burden of persuasion in any such proceeding shall be on the Designating Party.  Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

In the event that the final ruling is that the challenged material is not confidential or that its designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within thirty (30) days at the expense of the Designating Party.

**7.      ACCESS TO AND USE OF DISCOVERY MATERIAL**

**7. 1**    _Basic Principles_.    A Receiving Party may use Discovery Material that is disclosed or produced by a Producing Party only in connection with this action for prosecuting, defending,

or attempting to settle this action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to the persons authorized under this Order, shall be deemed a secure location.

The restrictions on Protected Material shall not apply to information which, at or prior to disclosure thereof in this action, is or was public knowledge as a result of publication by one having the unrestricted right to do so, or which is otherwise in the public domain. Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or third Party of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Protected Material.

7.2     <u>Disclosure of "Confidential" Information or Items</u>.   Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     officers, directors, and employees of Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(c)     Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(d)     the Court and its personnel;

1    (e)    stenographers, their staffs, Professional Vendors, and private mediators to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)    the author, addressees, or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document, or who would reasonably be expected to have knowledge of the information in the document based on the specific context;

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A); provided that, Confidential Information may be disclosed to a witness consistent with paragraph 7.2(f), above, during their deposition, but only if the witness has executed the "Agreement to Be Bound by Protective Order" (Exhibit A), which shall be made an exhibit to the deposition transcript, or has agreed on the record to keep the information confidential and not to use it for any purpose, or has been ordered to do so; and provided further that, pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "Confidential" and separately bound by the court reporter and not included in the main deposition transcript and exhibit binder, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)    participants in a focus group or mock jury who have agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material; and

(i) any other person to whom the Designating Party agrees in writing or on the record and any other person to whom the Court compels access to the Confidential Information.

7.3     Disclosure of Highly Confidential Information or Items.  No information or items designated "Highly Confidential" may be disclosed to any Defendant or its In House Legal Personnel, including the Defendant's (or its parents', subsidiaries' or affiliates') current or former directors, officers, employees.  Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose, summarize, describe, characterize or otherwise communicate or make available in whole or in part information or items designated "Highly Confidential" only to the following persons:

(a)     a Plaintiff, provided that Plaintiffs' Counsel may only show "Highly Confidential" information or items to a natural person who is a named plaintiff as of the date of filing the Consolidated Amended Complaint, or if not a natural person, to one of the individual employees of a named plaintiff as of the date of this Order who is designated on Exhibit B and who has executed the "Agreement to Be Bound by Protective Order" (Exhibit A), but only on the condition that he or she may not: (1) keep a copy of the "Highly Confidential" materials; (2) view the "Highly Confidential" materials outside the direct supervision of Plaintiffs' Counsel; (3) take notes concerning the content of the "Highly Confidential" materials; (4) discuss with or disclose the contents of the "Highly Confidential" materials to any unauthorized parties; or (5) use the "Highly Confidential" materials for any purpose other than in connection with the prosecution or defense of this action.  If additional parties become named plaintiffs in this litigation after the date of the filing of Consolidated Amended Complaints ("New Plaintiffs"), such New Plaintiffs will not be allowed access to "Highly Confidential" materials unless separately agreed to in writing by the Designating Party;

(b)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)     Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

    (d)    the Court and its personnel;

    (e)    stenographers, their staffs, Professional Vendors, and private mediators to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

    (f)    the author, addressees, or recipients of the document, or any other natural person who is specifically identified in the document, or whose conduct relevant to the claims or defenses in this litigation is purported to be specifically identified in the document

    (g)    participants in a focus group or mock jury who have agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material.

    7.4    <u>Retention of Exhibit A</u>.  Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain such documents for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

    7.5    <u>Retention of Protected Material</u>.   Persons who have been shown Protected Material pursuant to Section 7.2(b), (c), (f), (g) or (h), or Section 7.3(b) or (f) shall not retain copies of such Protected Material.

    8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", or any information or items produced in this action regardless of designation, the Receiving Party must so notify the Designating Party, in writing (by electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its interests in the court from which the discovery request, subpoena or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order,  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures,  (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment  and Agreement To Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return

all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **INADVERTENTLY PRODUCED DOCUMENTS**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection.

The Receiving Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. The return of any discovery item to the inadvertently producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

STIPULATED PROTECTIVE ORDER

### 13. ATTORNEY RENDERING ADVICE

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

### 14. TRIAL

The terms of this Protective Order shall govern in all circumstances except at trial. The parties shall meet and confer in advance of trial and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

### 15. GRAND JURY DISCOVERY

No party shall serve or seek any discovery that would refer, reflect, or relate to any party's or witness' communications with the United States or with the grand jury (including, but not limited to, the fact or the existence of such communications), relating to the grand jury proceedings concerning the lithium ion battery industry, except by order of the Court upon good cause shown and consistent with governing law. This provision shall not bar the production to Plaintiffs of documents produced by any defendant to the United States concerning lithium ion batteries and/or lithium ion battery products if ordered by the Court.

### 16. MISCELLANEOUS

16. 1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

| | | |
|---|---|---|
| 1 | Dated: May 10, 2013 | Dated: May 10, 2013 |
| 2 | By: __/s/ Bruce L. Simon__<br>Bruce L. Simon | By: __/s/ Gary L. Halling__<br>Gary L. Halling |
| 3 | **PEARSON SIMON & WARSHAW, LLP**<br>44 Montgomery St., Suite 2450 | James L. McGinnis<br>Michael W. Scarborough |
| 4 | San Francisco, CA 94104<br>bsimon@pswlaw.com | **SHEPPARD MULLIN RICHTER &**<br>**HAMPTON** |
| 5 | Telephone: (415) 433-9000<br>Facsimile: (415) 433-9008 | 4 Embarcadero Center<br>San Francisco, CA 94111 |
| 6 | Dated: May 10, 2013 | jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com |
| 7 | By: __/s/ R. Alexander Saveri__ | dballard@sheppardmullin.com |
| 8 | R. Alexander Saveri<br>**SAVERI & SAVERI, INC.** | Telephone: (415) 774-3294<br>Facsimile: (415) 434-3947 |
| 9 | 706 Sansome St.<br>San Francisco, CA 94111 | *Counsel for Samsung SDI America, Inc.* |
| 10 | *rick@saveri.com*<br>Telephone: (415) 217-6810 | Dated: May 10, 2013 |
| 11 | Facsimile: (415) 217-6813 | By: __/s/ Jeffrey L. Kessler__ |
| 12 | Dated: May 10, 2013 | Jeffrey L. Kessler<br>A. Paul Victor |
| 13 | By: __/s/ Joseph J. Tabacco, Jr.__<br>Joseph J. Tabacco, Jr. | Eva W. Cole<br>Jeffrey J. Amato |
| 14 | **BERMAN DEVALERIO**<br>One California St., Suite 900 | **WINSTON & STRAWN LLP**<br>200 Park Avenue |
| 15 | San Francisco, CA 94111<br>jtabacco@bermandevalerio.com | New York, NY 10166-4193<br>jkessler@winston.com |
| 16 | Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382 | pvictor@winston.com<br>ewcole@winston.com |
| 17 | *Interim Co-Lead Counsel for*<br>*Direct Purchaser Plaintiffs* | jamato@winston.com<br>Telephone: (212) 294-4601 |
| 18 | Dated: May 10, 2013 | Facsimile: (212) 294-4700 |
| 19 | By: __/s/ Steve W. Berman__ | Ian L. Papendick |
| 20 | Steve W. Berman<br>**HAGENS BERMAN SOBOL SHAPIRO** | Diana L. Hughes<br>**WINSTON & STRAWN LLP** |
| 21 | **LLP**<br>1918 Eighth Avenue, Suite 3300 | 101 California Street<br>San Francisco, CA 94111 |
| 22 | Seattle, WA 98101<br>steve@hbsslaw.com | ipapendick@winston.com<br>dhughes@winston.com |
| 23 | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594 | Telephone: (415) 591-6904<br>Facsimile: (415) 591-1400 |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| Jeff D. Friedman<br>jefff@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>715 Hearst Ave., Suite 202<br>Berkeley, CA  94710<br>Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001<br><br>Dated:  May 10, 2013<br><br>By:  \_\_\_/s/  Steven N. Williams_____<br>Steven N. Williams<br>**COTCHETT, PITRE & McCARTHY, LLP**<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>swilliams@cpmlegal.com<br>Telephone:     (650) 697-6000<br>Facsimile:      (650) 697-0577<br><br>Dated:  May 10, 2013<br><br>By:  \_\_\_/s/  Elizabeth J. Cabraser_____<br>Elizabeth J. Cabraser<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>ecabraser@lchb.com<br>Telephone:      (415) 956-1000<br>Facsimile:       (415) 956-1008<br>*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*<br><br>Dated: May 10, 2013<br><br>By:  \_\_\_/s/  John C. Dwyer_____<br>John C. Dwyer<br>**COOLEY LLP**<br>5 Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155<br>dwyerjc@cooley.com<br>Telephone: (650) 843-5228<br>Facsimile: (650) 849-7400<br>*Counsel for Sony Electronics, Inc. ., Sony Corporation, and Sony Energy Devices Corporation* | Roxann E. Henry<br>**MORRISON & FOERSTER LLP**<br>2000 Pennsylvania Avenue, NW<br>Suite 6000<br>Washington, DC 20006<br>rhenry@mofo.com<br>Telephone: (202) 887-1500<br>Facsimile: (202) 887-0763<br>*Counsel for Panasonic Corporation, Panasonic Corporation of North America, Sanyo Electric Co., Ltd., and Sanyo North America Corporation*<br><br>Dated: May 10, 2013<br><br>By:  \_\_\_/s/  Kenneth P. Ewing_____<br>Kenneth P. Ewing<br>Robert W. Fleishman<br>Andrew J. Sloniewsky<br>**STEPTOE & JOHNSON LLP**<br>1330 Connecticut Ave., NW<br>Washington, D.C. 20036<br>kewing@steptoe.com<br>Telephone: (202) 429-6264<br>Facsimile: (202) 429-3902<br>*Counsel for LG Chem America, Inc.*<br><br>Dated: May 10, 2013<br><br>By:  \_\_\_/s/  Craig P. Seebald_____<br>Craig P. Seebald<br>**VINSON & ELKINS LLP**<br>2200 Pennsylvania Avenue NW<br>Suite 500 West<br>Washington, D.C. 20037<br>cseebald@velaw.com<br>Telephone: (202) 639-6585<br>Facsimile: (202) 879-8995<br><br>Matthew J. Jacobs<br>Elliott Joh<br>**VINSON & ELKINS LLP**<br>525 Market Street, Suite 2750<br>San Francisco, California 94105<br>mjacobs@velaw.com<br>ejoh@velaw.com<br>Telephone: (415) 979-6990<br>Facsimile: (415) 651-8786<br>*Counsel for Maxell Corporation of America, Hitachi, Ltd., and Hitachi Maxell, Ltd.* |

1  Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in
2  the filing of this document has been obtained from the other signatories above.

3                                                            */s/ Eric B. Fastiff*
4                                                               Eric B. Fastiff

5  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

6

7

8  DATED: _____         _____
                                          Hon. Yvonne Gonzalez Rogers
9                                         United States District Judge