**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | CASE NO. 13-MD-2420-YGR<br><br>MDL No. 2420<br><br>**The Honorable Yvonne Gonzalez Rogers**<br><br>[**PROPOSED**] ORDER APPOINTING INTERIM CO-LEAD COUNSEL AND LIAISON COUNSEL FOR DIRECT PURCHASER PLAINTIFFS AND APPOINTING INTERIM CO-LEAD COUNSEL AND LIAISON COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS |

WHEREAS, the Court has received and considered applications for appointment as Interim Co-Lead Counsel and Liaison Counsel;

WHEREAS, on April 3, 2013, at the Initial Case Management Conference, the Court considered the arguments and comments of counsel with respect to such appointments;

WHEREAS, in the interest of securing the just, speedy, and inexpensive determination of these proceedings, pursuant to Federal Rules of Civil Procedure 1 and 23(g)(3) and Local Civil Rules 1-2(b) and 16-10(b)(15), it is hereby ORDERED:

1. *Interim Lead Class Counsel for Direct Purchaser Plaintiffs*.
   a. Bruce L. Simon of PEARSON, SIMON & WARSHAW, LLP;
   b. R. Alexander Saveri of SAVERI & SAVERI, INC.; and
   c. Joseph J. Tabacco, Jr. of BERMAN DEVALERIO
   are appointed as Interim Co-Lead Counsel ("Co-Lead Counsel") for all Direct Purchaser Plaintiffs.

2. *Interim Liaison Class Counsel for Direct Purchaser Plaintiffs*. Judith A. Zahid of ZELLE HOFMANN VOELBEL & MASON LLP is appointed as Interim Liaison Class Counsel ("Liaison Counsel") for all Direct Purchaser Plaintiffs.

3. *Interim Lead Class Counsel for Indirect Purchaser Plaintiffs*.
   a. COTCHETT, PITRE & McCARTHY, LLP;
   b. HAGENS BERMAN SOBOL SHAPIRO LLP; and
   c. LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   are appointed as Interim Co-Lead Counsel ("Co-Lead Counsel") for all Indirect Purchaser Plaintiffs.

4. *Interim Liaison Class Counsel for Indirect Purchaser Plaintiffs*. Jennie Lee Anderson of ANDRUS ANDERSON LLP is appointed Interim Liaison Counsel ("Liaison Counsel") for all Indirect Purchaser Plaintiffs.

5. *Steering Committees for the Proposed Class.* The constitution of the Plaintiffs' Steering Committees ("PSC") for the proposed Direct Purchaser and Indirect Purchaser classes shall be the subject of a separate Order. By May 3, 2013, Co-Lead Counsel for the Direct Purchasers and for the Indirect Purchasers shall make recommendations to the Court as to the firms who should be appointed to their respective PSCs.

6. *Duties and Powers of Co-Lead Counsel.* Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of their respective proposed Plaintiff classes as follows:

   a. To promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and unproductive efforts;

   b. To conduct all pretrial, trial, and post-trial proceedings on behalf of their respective proposed Plaintiff classes;

   c. To sign any pleadings, motions, briefs, discovery requests or objections, subpoenas or notices on behalf of their respective proposed Plaintiff classes, but, in any event, no motion may be filed nor discovery served by any Plaintiff without the approval of their respective Co-Lead Counsel, absent leave of Court;

   d. To determine and present (either personally or by designee) in motions, briefs, oral argument or such other fashion as may be appropriate, the position of their respective proposed Plaintiff classes as to all matters arising during pretrial, trial, and post-trial proceedings;

   e. To act as spokesperson (either personally or by designee) for their respective proposed Plaintiff classes at pretrial conferences;

   f. To conduct and coordinate discovery (either personally or by designee) on behalf of their respective proposed Plaintiff classes

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of interrogatories, requests for production of documents, requests for admissions, and the examination of witnesses in depositions, as well as any motion practice related thereto;

g. To enter into stipulations (either personally or by designee) necessary for the conduct of the litigation with opposing counsel;

h. To make and supervise all work assignments;

i. To monitor the activities of their respective proposed Plaintiff classes' counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and costs are avoided;

j. To collect time and expense reports from each firm (either personally or by designee), including paralegals and any other staff members whose time is expected to be included in any fee petition, and to review such time and expense reports;

   i. To this end, all Plaintiffs' counsel shall contemporaneously keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours and particular activities performed;

   ii. By the tenth day of each month, each firm that may seek an award (or approval) of a fee or reimbursement of expenses by the Court shall provide its corresponding Liaison Counsel (or other designee established by Co-Lead Counsel), a report summarizing, according to each separate activity, the time and expenses spent by its attorneys, paralegals or staff during the preceding month (and the ordinary billing rates of such personnel in effect during the month) and the accumulated total

|   |   |   |
|---|---|---|
| | | of the firm's time, hourly rates, and expenses to date; |
| | iii. | All Plaintiffs' counsel shall endeavor to keep fees reasonable and to choose the most appropriate level of staffing for the tasks required in this litigation; and |
| | iv. | Co-Lead Counsel shall be responsible for preparing any application for an award (or approval) of fees and reimbursement of expenses by their respective proposed Plaintiff classes, consistent with the Rules and Orders of this Court.  The provisions of this subparagraph do not limit the discretion of Co-Lead Counsel in basing an allocation of a fee award among Plaintiffs' counsel based on hours, a percentage-based allocation, a combination of the two, or any other reasonable method of allocation, consistent with the Rules and Orders of this Court. |
| k. | | To make and collect assessments (either personally or by designee) from some or all of their respective Plaintiffs' counsel for the purpose of paying the costs necessary to prosecute the case; |
| l. | | To ensure that work assignments are not given to any firm that has not promptly submitted its time and expense records or paid its assessments; |
| m. | | To employ and consult with experts; |
| n. | | To call meetings of their respective Plaintiffs' counsel when deemed appropriate; |
| o. | | To conduct settlement negotiations with defendants on behalf of their respective proposed Plaintiff classes; |
| p. | | To ensure that all of their respective Plaintiffs' counsel are kept informed of the progress of this litigation as necessary; and |

    q.    To otherwise coordinate the work of their respective Plaintiffs' counsel, and perform such other duties as Co-Lead Counsel deems necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

7. *Duties of Liaison Counsel.*  Each Liaison Counsel may be the contact between its respective Plaintiffs' counsel and the Court for administrative and scheduling purposes.  Each Liaison Counsel shall (a) report upon any communications from the Court to its corresponding Co-Lead Counsel; (b) maintain and provide to plaintiffs' counsel and to defendants' liaison counsel, if requested, an up-to-date service list; (c) be responsible for collecting and reviewing the monthly time reports of all counsel in her case, and reporting to Co-Lead Counsel concerning the reasonableness of the time and expense reported by counsel; (d) as requested by Co-Lead Counsel, monitor the activities of Plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including the collection of time records on a monthly basis; and (e) as requested by Co-Lead Counsel, perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court. Co-Lead Counsel and Liaison Counsel may delegate certain time collecting and reporting functions to an outside vendor to further the efficient prosecution of this litigation.

8. *Duties and Powers of PSCs.*  The duties and powers of the PSCs shall be the subject of a separate Order.  As set forth above, Co-Lead Counsel shall recommend to the Court the attorneys who shall serve on the Steering Committees in their respective cases.  Upon appointment by the Court, members of the Steering Committees shall operate under the supervision of their respective Co-Lead Counsel and only do work that is assigned and

approved by their respective Co-Lead Counsel. The PSCs will not have the independent authority to assign work to other firms, and cannot do so without the approval and consent of the Co-Lead Counsel in their respective cases, nor shall the PSCs be authorized to convene meetings of counsel without the prior approval and consent of said Co-Lead Counsel.

9. *Service*. Co-Lead Counsel and Liaison Counsel are hereby designated as counsel for all of their respective Plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda which are not otherwise served via the Court's ECF system shall be served, and Defendants shall serve papers on all Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs by serving the corresponding Co-Lead Counsel and Liaison Counsel. Liaison Counsel shall be responsible for maintaining a master service list of all their respective parties and their respective counsel.

10. *Binding Effect*. Any agreement reached between Defendant(s) and Co-Lead Counsel or their designee(s) in the Direct Purchaser litigation, shall be binding on all other respective Plaintiffs' counsel in that action. Any agreement reached between Defendant(s) and Co-Lead Counsel or their designee(s) in the Indirect Purchaser litigation, shall be binding on all other respective Plaintiffs' counsel in that action.

11. *Privileges Preserved*. No communication between or among any of Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which Plaintiffs would otherwise be entitled.

12. This Order Terminates Dkt. Nos. 72, 74, 76, 85, 90, 91, 92, 94, 96, 98, 100, 101, 103, 104, 105, 106, 108, 118, 122 & 134.

**IT IS SO ORDERED.**

Dated: May 17, 2013__  _____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE