**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | CASE NO. 4:13-md-2420-YGR<br><br>MDL No. 2420<br><br>**CLASS ACTION**<br><br>[**PROPOSED**] *MODIFIED* **PRETRIAL ORDER NO. 1** |

The Judicial Panel on Multidistrict Litigation ("JPML") has transferred to this Court for coordinated pretrial proceedings certain antitrust actions relating to an alleged conspiracy to fix the prices for lithium ion batteries ("LIB"), *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420. There are two categories of actions now before this Court: (1) claims on behalf of **direct** purchasers of battery cells, batteries, and certain products containing LIB and/or lithium ion polymer batteries ("LIB Products"); and (2) claims by **indirect** purchasers of LIB Products.

With respect to the direct purchaser and indirect purchaser actions, the Court ORDERS as follows:

1. <u>APPLICABILITY OF ORDER</u>: The provisions of this Order shall govern the practice and procedure of actions coordinated and/or consolidated as part of MDL No. 2420, and all "tag-along actions" later filed in, removed to, or transferred to this Court.

2. <u>CONSOLIDATION</u>:  The civil actions transferred to this Court or related to the direct purchaser and indirect purchaser actions already pending before this Court are consolidated for pretrial purposes only.  This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3. <u>MASTER DOCKET FILE</u>:  The Clerk of the Court will maintain a master docket case file under the style "*In re Lithium Ion Batteries Antitrust Litigation*," No. 13-md-2420-YGR, and the identification of "MDL No. 2420."  When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: All Actions."  When a pleading is intended to apply to all direct purchaser actions, this shall be indicated by the words:  "This Document Relates to: All Direct Purchaser Actions." When a pleading is intended to apply to all indirect purchaser actions, this shall be indicated by the words:  "This Document Relates to: All Indirect Purchaser Actions."  When a pleading is intended to apply to fewer than all such cases, the abbreviated case caption and this Court's docket number of each individual case to which the document relates shall appear immediately after the words:  "This Document Relates to."

4. <u>FILING</u>:  This case is subject to Electronic Case Filing ("ECF"), pursuant to Local Rule 5.1(b), which requires that all documents be filed electronically.  Local Rule 5.1(b) provides that: "Each attorney of record is obligated to become an ECF User and obtain a user ID and password for access to the system upon filing a case in this district."  If he or she has not already done so, counsel shall register forthwith as an ECF user and be issued an ECF user ID and password.  Forms and instructions can be found on the Court's website at *ecf.cand.uscourts.gov*.  Filing via ECF shall be deemed sufficient service on all parties for all documents able to be publicly filed, and parties are excused from any duty to serve paper copies of any filing in these proceedings, with the exception of filings made under seal.  Federal Rule of Civil Procedure 6(d) shall not apply to extend time limits for documents filed and served electronically.

All documents shall be e-filed in the master file, No. 13-md-2420-YGR.  Document(s) that pertain to one or only some of the pending actions shall *also* be e-filed in the individual case(s) to which the document(s) pertain(s).

5. <u>MONTHLY STATEMENTS REGARDING TIME SPENT AND COSTS ADVANCED</u>:  Any attorney representing a plaintiff who may seek an award of fees or reimbursement of costs in connection with this litigation shall keep contemporaneous daily time records documenting all time spent, including a description of the tasks performed.  Additionally, a periodic (*i.e.*, at least quarterly) accounting of all expenses incurred for which reimbursement may be sought shall be maintained by each firm.  The Court will consult with Interim Class Counsel concerning how and where these files shall be preserved and what auditing procedures, if any, shall be used pending completion of the litigation.  Interim Class Counsel for the direct purchaser and indirect purchaser plaintiffs have agreed to, and the Court hereby approves, the Guidelines to Limit Costs and Expenses attached hereto as Exhibit A.  Counsel for all plaintiffs who intend to seek an award of fees and reimbursement of expenses herein shall also abide by those guidelines.

6. <u>DISCOVERY AND PROTECTIVE ORDER</u>:  The parties have agreed that all discovery and discovery responses may be served by email with no need to serve paper copies, and Rule 6(d) shall not apply.

7. <u>REFERRAL OF ALL DISCOVERY TO MAGISTRATE JUDGE RYU</u>:  The Court hereby **REFERS** all discovery matters to Magistrate Judge Donna M. Ryu.

8. <u>ADR PROCEDURES</u>:  Interim Class Counsel and Counsel for the Defendants will consider the advisability of using one or more mediators to design a process for resolution of these consolidated cases when an appropriate time arises in the case.

9. <u>LEAD AND LIAISON COUNSEL</u>:  The appointment of Lead and Liaison Counsel for the direct purchaser and indirect purchaser plaintiffs will be addressed in a separate order.

10. <u>RELATED CASES</u>:  The parties shall follow the procedure set forth by Civil Local Rule 3-12 for any later filed related cases.

1   11. For the reasons stated on the record, the Court **DENIES WITHOUT PREJUDICE** the
2 Administrative Motion for Appointment of International Process Server (Dkt. No. 17) filed in
3 *Univision-Crimson Holding, Inc. v. Samsung SDI Co., Ltd. et al.*, Case No. 12-CV-05682.
4   12. <u>STANDARDS FOR PROFESSIONAL CONDUCT</u>: Defendants are to propose
5 Standards for Professional Conduct based upon the Santa Clara County Bar Association Code of
6 Professionalism. Once Standards are agreed upon, all counsel are to sign on.

**IT IS SO ORDERED.**

Dated:  May 24 2013

  **YVONNE GONZALEZ ROGERS**
  **UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        NORTHERN DISTRICT OF CALIFORNIA
10
11 | IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | CASE NO. 13-MD-2420-YGR
12 |  | MDL No. 2420
13 | This Document Relates to: | **[PROPOSED] GUIDELINES FOR LIMITING COSTS AND EXPENSES, INCLUDING ATTORNEYS' FEES**
14 | ALL ACTIONS |
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Interim Co-Lead Counsel for direct purchaser and indirect purchaser plaintiffs ("Co-Lead Counsel") understand the need for efficiency and will monitor attorney billing and expenses in order to minimize duplicative and unnecessary work.  In the interest of balancing efficiency with the need to maintain quality and thoroughness in prosecuting this case, Co-Lead Counsel propose the following procedures, in addition to those set forth in Pretrial Order No. 1, paragraph 6 (Monthly Statements Regarding Time Spent and Costs Advanced).

Reference to Interim Co-Lead Counsel herein refers to the Co-Leads appointed in the direct and indirect cases with respect to their own cases.  Thus, for example, counsel following these guidelines and reporting to Co-Leads need to report to and provide the necessary information to their respective Co-Lead counsel, not the Co-Leads in both cases.

**1.      Staffing Practices**

Co-Lead Counsel will delegate work and authorize expenditures to other firms as needed, and will limit such delegation to tasks that are reasonable and necessary to the prosecution of this case.  Only time and costs incurred pursuant to assignments authorized by Co-Lead Counsel will be considered and ultimately reimbursed, including any such assignments made to Plaintiffs Steering Committee ("PSC") or firms not on the PSC to whom Co-Lead Counsel assign work.

a.      Depositions

Unless otherwise authorized by Co-Lead Counsel, counsel for plaintiffs shall send no more than four attorneys and two paraprofessional to any deposition, without regard to foreign language translators, which are not subject to this paragraph.  When possible, counsel shall limit attendance to no more than two attorneys and one two paraprofessionals.  For example, with regard to the depositions of class representative plaintiffs, counsel shall limit attendance to one attorney selected by Co-Lead Counsel and, if necessary, one attorney from the firm representing that particular plaintiff.

b.      Court Hearings

Absent unusual circumstances, counsel for plaintiffs shall limit attendance at non-dispositive hearings to two attorneys.  Counsel attending a hearing without making an appearance,

or counsel who are not involved in briefing or arguing at the hearing shall be advised that their time will not be reimbursed at the time of any fee petition.

With respect to hearings related to (1) class certification; (2) motions for summary judgment; and (3) other pretrial motions, Co-Lead Counsel will handle the arguments and may delegate work on these motions to other plaintiffs' firms, based on their knowledge of particular areas of the case. In this manner, Co-Lead Counsel may have certain firms specialize in certain areas of the case to reduce the learning curve and increase efficiency when it comes to handling such motions. Any such delegation of work will be done in a manner that avoids duplication of effort.

Co-Lead Counsel will limit the number of conference calls and group meetings that include multiple counsel, and will limit participation to indispensable attendees. Such conference calls and meetings will be limited to situations of strategic importance for the overall case, or where information (*e.g.*, settlements) needs to be disclosed and discussed. To the extent possible, teleconferencing and video conferencing or other means will be used to reduce travel expenses.

## 2. Travel Expenses

Counsel for plaintiffs shall only seek reimbursement for economy or coach-class airfare. Counsel are welcome to travel by any means they choose, but may only seek reimbursement for coach-class airfare or similarly priced travel arrangements. Counsel will likewise make reasonable arrangements for lodging and meals and shall only seek reimbursement for up to $250 per night (plus tax) for lodging and $100 per diem for meal expenses, unless counsel provides good cause exceeding these amounts.

## 3. Administrative Expenses

Counsel may bill for all expenses reasonably incurred in prosecuting this case. Co-Lead Counsel shall maintain records of all expenses incurred, as well as any funds maintained by plaintiffs' counsel for the purpose of paying such expenses. Co-Lead Counsel's explicit authorization shall be required for any expenditure exceeding $5,000. Expenditures under $5,000, such as copying costs, will be left to the discretion of counsel working on authorized assignments,

and will be reviewed by Co-Lead Counsel in monthly reports.

Counsel for plaintiffs shall not seek reimbursement for expenses or costs incurred as part of normal overhead costs of running a law firm.

**4.       Time Records**

a.       Recording Requirements

All plaintiffs' counsel shall record and maintain daily, contemporaneous time records for all work performed, including work by attorneys, paraprofessionals and assistants. Counsel shall bill in no larger than tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded separately. Counsel shall not combine billable activities into block-billing records. Counsel will not be reimbursed for any item of time or cost not described in sufficient detail to determine the nature and purpose of the service or cost.

b.       Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[1] their billing records shall be prepared and recorded at the then-present rates. Counsel shall not bill a rate other than their standard rates at the time the work is performed. Co-Lead Counsel may impose caps on hourly billing rates as deemed necessary.

c.       Document Review

Document review can be the most challenging area of a case to keep control over time and expenses. Co-Lead Counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. Once a document database is established, counsel will utilize searches where appropriate to create the universe of documents to be reviewed

---

[1]   The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

by counsel.  A remote document review system will be used to minimize travel expenses and procedures will be put in place to monitor how much time is spent reviewing documents and to monitor the efficiency and quality of review.

Depending on the volume of documents produced, Co-Lead Counsel will use paraprofessionals as necessary, attorneys for higher level review, and senior attorneys for top-tier review and quality control.  As set forth above, Co-Lead Counsel will impose an hourly rate limitation on paraprofessionals and non-senior attorneys for time expended reviewing documents. Where it proves economically advantageous, Co-Lead Counsel may employ contract attorneys to perform efficient and focused document review.

d.   <u>Co-Lead Counsel Review of Time Records and Expenses</u>

All plaintiffs' counsel shall submit a copy of all billing to Liaison Counsel for review no later than the 10th day of each month, with such reports to identify all time and expenses incurred for the prior calendar month.  Liaison Counsel will collect all billing records and expenses monthly and conduct a monthly review of time records and expenses and provide a report to Co-Lead Counsel as to whether the prior month's billing records reflect costs and expenses that are reasonable.  Co-Lead Counsel shall take care to ensure that duplicative work is not being performed.  Co-Lead Counsel shall have the power to discount or eliminate non-compliant or unnecessarily duplicative bills, and shall not submit those time records to the Court nor seek reimbursement for unnecessary expenses.

Co-Lead Counsel may consider using a third-party vendor to collect time and expense reports, if that will not add unnecessary costs to the case.

Liaison Counsel will maintain records in such a manner as to be prepared to submit for review a summary of time and expenses to the Court for its interim review if the Court so desires.

Co-Lead Counsel understand that the Court may review time records in the event of a settlement in order to perform a lodestar cross-check or otherwise ensure that plaintiffs' counsel have not billed unnecessarily.  Co-Lead Counsel will make necessary efforts to pre-screen billing records to eliminate unnecessary and duplicative work before submitting records to the Court.

Respectfully Submitted,

| | |
|---|---|
| */s/ Bruce L. Simon*<br>By: _____<br><br>Bruce L. Simon<br>**PEARSON SIMON & WARSHAW, LLP**<br>44 Montgomery St., Suite 2450<br>San Francisco, CA 94104<br>*bsimon@pswlaw.com*<br>Telephone:  (415) 433-9000<br>Facsimile: (415) 433-9008 | */s/  R. Alexander Saveri*<br>By: _____<br><br>R. Alexander Saveri<br>**SAVERI & SAVERI, INC.**<br>706 Sansome St.<br>San Francisco, CA 94111<br>*rick@saveri.com*<br>Telephone:  (415) 217-6810<br>Facsimile: (415) 217-6813 |

*/s/ Joseph J. Tabacco, Jr.*
By: _____

Joseph J. Tabacco, Jr.
**BERMAN DEVALERIO**
One California St., Suite 900
San Francisco, CA 94111
*jtabacco@bermandevalerio.com*
Telephone:     (415) 433-3200
Facsimile:     (415) 433-6382

**Interim Co-Lead Counsel for
Direct Purchaser Plaintiffs**

| | |
|---|---|
| */s/  Steve W. Berman*<br>By: _____<br><br>Steve W. Berman.<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>*steve@hbsslaw.com*<br>Telephone:     (206) 623-7292<br>Facsimile:     (206) 623-0594 | */s/ Steven N. Williams*<br>By: _____<br><br>Steven N. Williams.<br>**COTCHETT, PITRE & McCARTHY, LLP**<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>*swilliams@cpmlaw.com*<br>Telephone:     (650) 697-6000<br>Facsimile:     (650) 697-0577 |

*/s/  Elizabeth Cabraser*
By: _____

Elizabeth J. Cabraser.
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111

*ecabraser@lchb.com*
Telephone:     (415) 956-1000
Facsimile:      (415) 956-1008

**Interim Co-Lead Counsel for**
**Indirect Purchaser Plaintiffs**

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, I attest that I have obtained the concurrence in the filing of this document from all signatories.

Dated: April 12, 2013           */s/ Judith A. Zahid*
                                          Judith A. Zahid

Case4:13-md-02420-YGR   Document202   Filed05/24/13   Page13 of 13