UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS<br>ALL INDIRECT PURCHASER ACTIONS | **CASE NO. 13-MD-2420-YGR**<br>**MDL No. 2420**<br><br>**The Honorable Yvonne Gonzalez Rogers**<br><br>**ORDER GRANTING (i) DIRECT PURCHASER PLAINTIFFS' AND (ii) INDIRECT PURCHASER PLAINTIFFS' APPLICATIONS FOR APPOINTMENT OF PLAINTIFFS' STEERING COMMITTEES** |

The Court has reviewed Direct Purchaser Plaintiffs' Memorandum In Support of Appointment of Plaintiffs' Steering Committee ("PSC"), the objection/supplemental application thereto, and the Indirect Purchaser Plaintiffs' Memorandum In Support of Appointment of PSC. (Dkt. Nos. 166, 167, 182.)  The Court appoints the PSC proposed by respective Co-Lead Counsel for the Direct and Indirect Purchaser interim classes.

1.  The firms listed below shall constitute the Direct Purchaser Plaintiffs' Steering Committee in this case:

   a.  Steven A. Asher of Weinstein Kitchenoff & Asher LLC;
   b.  Jeffrey Gittleman of Barrack, Rodos & Bacine;
   c.  Susan G. Kupfer of Glancy Binkow & Goldberg LLP;
   d.  Douglas A. Millen of Freed Kanner London & Millen LLC;
   e.  Linda P. Nussbaum of Grant & Eisenhofer P.A.;
   f.  Daniel D. Owen of Polsinelli PC; and
   g.  Elizabeth C. Pritzker of PRITZKER | LAW.

2.  The firms listed below shall constitute the Indirect Purchaser Plaintiffs' Steering Committee in this case:

   a.  Cohen Milstein Sellers & Toll, PLLC;
   b.  Cuneo Gilbert & LaDuca, LLP;
   c.  Green & Noblin, P.C.;
   d.  Robbins Geller Rudman & Dowd, LLP;
   e.  Scott & Scott, LLP;
   f.  Straus Boies, LLP; and
   g.  Susman & Godfrey, LLP.

3.  The Court finds that the proposed PSC adequately addresses the Court's desire for a formal structure that will promote accountability.  The Court further finds that the proposed PSC will contribute those skills and abilities necessary to ensure the just and efficient conduct of this case.

4.  Co-Lead Counsel for the respective Plaintiffs' group shall supervise the PSC and

assign work to members of the PSC as reasonably required by the demands of the case. The PSC shall not have independent authority to assign work to other firms, and will not be able to do so without the approval and consent of Co-Lead Counsel. The PSC shall further not be authorized to convene meetings of counsel without the approval and consent of Co-Lead Counsel.

5. Co-Lead Counsel may assign work to firms not included in the PSC whenever reasonably required by the demands of the case, so long as they abide by this Court's instruction to be efficient, avoid duplication of effort, and protect the interests of the class they represent.

6. In that regard, Co-Lead Counsel and the PSC shall at all times adhere to procedures for civil conduct, professionalism, and efficiency ordered by the Court and required by the Local Rules of this District and the Order Regarding Code of Professional Conduct. (Docket 214, 210.)

7. This order shall apply to all civil actions related, transferred, or coordinated to the above-captioned action.

**IT IS SO ORDERED.**

Dated: July 10, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE