# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | LOS ANGELES |
| BRUSSELS | NEW YORK, NEW YORK 10166 | MOSCOW |
| CHARLOTTE | | NEW YORK |
| CHICAGO | +1 (212) 294-6700 | NEWARK |
| GENEVA | FACSIMILE +1 (212) 294-4700 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | www.winston.com | SHANGHAI |
| LONDON | | WASHINGTON, D.C. |

July 26, 2013

**VIA CM/ECF**

**JEFFREY L. KESSLER**
Partner
+1 (212) 294-4698
JKessler@winston.com

The Honorable Yvonne Gonzalez Rogers
United States District Court
Oakland Courthouse, Courtroom 5 - 2nd Floor
1301 Clay Street, Oakland, CA 94612

Re: *In re Lithium Ion Batteries Antitrust Litigation*, No. 4:13-md-02420-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

   Pursuant to the Court's direction at the pre-filing conference on July 12, 2013, certain Defendants[1] respectfully submit the attached charts showing the factual allegations in the direct purchaser plaintiffs' ("DPP") and indirect purchaser plaintiffs' ("IPP") consolidated amended complaints ("CAC"). The charts are organized to reflect the manner in which the CACs link specific allegations to particular defendants and applicable years of the class period. In an attempt to make the charts as user-friendly as possible, there is a separate page for each of the three different types of lithium ion battery (*i.e.*, cylindrical, prismatic, polymer), as well as for each type of Lithium Ion Battery Product alleged in the respective CAC (*e.g.*, notebook computers, mobile telephones, digital cameras, etc.). In classifying the allegations, Defendants neither admit to the sufficiency of the CACs nor accept plaintiffs' portrayal of any of the allegations.

   Charts for each CAC are being submitted in two formats: PDF via CM/ECF (attached hereto as Exhibits 1 and 2), and native Excel by e-mail to the Court's proposed order address. Each page of the PDF versions corresponds to a tab in the Excel versions of the charts.

   The following methodology was used to populate the charts:

- The paragraphs are categorized by specific references that can be gleaned from the face of the CACs, and no interpretations or assumptions are made from external documents or other sources. However, certain allegations identifying public

---

[1] Joining this letter are: Hitachi Maxell, Ltd., Maxell Corporation of America, LG Chem, Ltd., LG Chem America, Inc., Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., SANYO North America Corporation, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Sony Corporation, Sony Electronics, Inc., and Sony Energy Devices Corporation (collectively, "Defendants").

WINSTON & STRAWN LLP

July 26, 2013
Page 2

corporations are attributed to the products they can fairly be associated with, *e.g.*, HP and Dell produce notebook computers.

- Paragraphs that do not reference a specific battery type/product at the time of the alleged conduct, but which identify personnel who were allegedly involved in a business relating to a specific battery type/product, are included in the page/tab for that battery type/product.
- For the DPP Chart, specific allegations regarding fraudulent concealment are listed on a separate page/tab.
- Where allegations could not be fairly attributed to any type of battery or product, they are listed on a page/tab denoted "Non-specific."
- Conclusory or general allegations are listed on the "Other" page/tab.

As the Court directed, the parties met and conferred on the template for the spreadsheets. Defendants provided their proposed template to the plaintiffs, and asked if the plaintiffs would propose a competing template, which they declined to do. The parties were unable to come to an agreement and thus will be submitting their respective charts in separate formats. We hope the Court finds the charts helpful for resolution of the motions to dismiss and thank the Court for its time and consideration.

Respectfully submitted,

/s/ Jeffrey L. Kessler

Jeffrey L. Kessler

Attachments