1   Jeffrey L. Kessler (*pro hac vice*)
    jkessler@winston.com
2   A. Paul Victor (*pro hac vice*)
    pvictor@winston.com
3   Eva W. Cole (*pro hac vice*)
    ewcole@winston.com
4   Jeffrey J. Amato (*pro hac vice*)
    jamato@winston.com
5   Erica C. Smilevski (*pro hac vice*)
    esmilevski@winston.com
6   **WINSTON & STRAWN LLP**
    200 Park Avenue
7   New York, NY  10166-4193
    Telephone:  (212) 294-4601
8   Facsimile:  (212) 294-4700

9   Ian L. Papendick (SBN 275648)
    ipapendick@winston.com
10  **WINSTON & STRAWN LLP**
    101 California Street
11  San Francisco, CA 94111
    Telephone:  (415) 591-6905
12  Facsimile:  (415) 591-1400

13  Roxann E. Henry (*pro hac vice*)
    **MORRISON & FOERSTER LLP**
14  2000 Pennsylvania Avenue, NW
    Suite 6000
15  Washington, DC 20006
    rhenry@mofo.com
16  Telephone:  (202) 887-1500
    Facsimile:  (202) 887-0763

17

18  *Counsel for Defendants*
    *Panasonic Corporation of North America and*
    *SANYO North America Corporation*

19
    **UNITED STATES DISTRICT COURT**
20
    **NORTHERN DISTRICT OF CALIFORNIA**
21
    **OAKLAND DIVISION**
22

23  | *In re Lithium Ion Batteries Antitrust Litigation* | Case No. 13-md-02420-YGR |
    |---|---|
    | | MDL No. 2420 |

24

25  This Document Relates To:

    ALL ACTIONS

26

27

28

**PANASONIC CORP. OF NORTH AMERICA'S AND SANYO NORTH AMERICA CORP.'S INDIVIDUAL MOTION TO DISMISS**

Date:  December 6, 2013
Time:  10:00 a.m.
Judge:  Hon. Yvonne Gonzalez Rogers
Location:  Courtroom 5

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ......................................................................................... iii

STATEMENT OF ISSUES TO BE DECIDED ............................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES .....................................................................1

    I.      THE COMPLAINTS FAIL TO ADEQUATELY PLEAD AN ANTITRUST
           CONSPIRACY AGAINST PNA & SNA ...............................................................1

          A.      Plaintiffs Have Not Pled Any Facts That Demonstrate PNA's and
               SNA's Plausible Involvement in Any Alleged Conspiracy ........................1

          B.      Allegations Against "Panasonic" and "Sanyo" Do Not State A Claim
               Against PNA and SNA ...............................................................................3

CONCLUSION.................................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................2, 3, 4, 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................1, 4, 5

*Brennan v. Concord EFS, Inc.*,
369 F. Supp. 2d 1127 (N.D. Cal. 2005) ...................................................................3

*In re Graphics Processing Units Antitrust Litig.*,
527 F. Supp. 2d 1011 (N.D. Cal. 2007) ...................................................................2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
586 F. Supp. 2d 1109 (N.D. Cal. 2008) ...............................................................1, 3, 4

*Jung v. Ass'n of Am. Med. Colls.*,
300 F. Supp. 2d 119 (D.D.C. 2004)........................................................................3, 4

*Kendall v. Visa U.S.A., Inc.*,
518 F.3d 1042 (9th Cir. 2008) ................................................................................1

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ..................................................................................2

*Patterson v. O'Neal*,
673 F. Supp. 2d 974 (N.D. Cal. 2009) ....................................................................2

*Precision Assoc., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
No. 08-CV-00042 (JG) (VVP), 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012).......................4

*Precision Assoc., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
No. 08-CV-42 (JG) (VVP), 2011 WL 7053807 (E.D.N.Y. Jan. 4, 2011) ................................5

*Prime Healthcare Servs., Inc. v. Serv. Employees Int'l Union*,
No. 11-CV-02652 JLS (RBB), 2012 WL 3778348 (S.D. Cal. Aug. 30, 2012) .........................3

*Suguri v. Wells Fargo Bank N.A.*,
No. CV 09-1828 (PSG), 2009 WL 2486546 (C.D. Cal. Aug. 7, 2009)...................................3

*William O. Gilley Enters., Inc. v. Atl. Richfield Co.*,
588 F.3d 659 (9th Cir. 2009) ..................................................................................3

OTHER AUTHORITIES

FED. R. CIV. P. 8(a) ............................................................................................. iii, 2

FED. R. CIV. P. 12(b)(6) ....................................................................................... iii

1

## NOTICE OF MOTION AND MOTION

2   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3          PLEASE TAKE NOTICE that on December 6, 2013, at 10:00 a.m., or as soon thereafter as

4   the matter may be heard, Defendants Panasonic Corporation of North America ("PNA") and

5   SANYO North America Corporation ("SNA") will and hereby do move the Court, pursuant to

6   Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Direct

7   Purchaser Plaintiffs' Consolidated Amended Complaint and the Indirect Purchaser Plaintiffs'

8   Consolidated Amended Complaint as to PNA and SNA, with prejudice, for failure to state a claim

9   upon which relief can be granted.  This motion is based upon this Notice of Motion; the

10  accompanying Memorandum of Points and Authorities; the complete files and records in these

11  consolidated actions, including the concurrently-filed Certain Defendants' Joint Motion to Dismiss

12  the Direct Purchaser Plaintiffs' Consolidated Amended Complaint and Certain Defendants' Joint

13  Motion to Dismiss the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint; oral

14  argument of counsel; and such other and further matters as the Court may consider.

15

## STATEMENT OF ISSUES TO BE DECIDED

16          1.      Whether Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' claims

17  against PNA and SNA should be dismissed for failure to state a claim.

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Court's August 26, 2013 Order Setting Briefing Limits and Schedule, Panasonic Corporation of North America ("PNA") and SANYO North America Corporation ("SNA") hereby submit their individual motion to dismiss the Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("DPP-CAC") and Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("IPP-CAC") (together, the "Complaints").[1]

### I.   THE COMPLAINTS FAIL TO ADEQUATELY PLEAD AN ANTITRUST CONSPIRACY AGAINST PNA & SNA

Despite their 226 pages of allegations, there is not a single factual allegation that PNA or SNA participated in the purported conspiracies alleged in the Complaints.  Instead, the Plaintiffs in both cases try to rope PNA and SNA into their over-broad conspiracy claims by referring to vague, unspecified "Panasonic" and "Sanyo" Defendants and baldly asserting an unsupported agency theory that allegedly applies to all Defendant corporate families.  *See* DPP-CAC ¶ 56; IPP-CAC ¶ 395.  The Supreme Court has made it clear that much more is required before a company can be subjected to the enormous burdens and expense of antitrust litigation.

#### A.   Plaintiffs Have Not Pled Any Facts That Demonstrate PNA's and SNA's Plausible Involvement in Any Alleged Conspiracy

As established in Defendants' Joint Motions, the pleading requirements under *Twombly* must be satisfied with respect to each and every named defendant.[2]  *See, e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (requiring allegations that answer the who, what, when and where of each purported conspirator's involvement); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) ("*In re TFT-LCD*") (A "complaint must allege that each individual defendant joined the conspiracy and played some role in it.") (internal quotation omitted).  A single conclusory reference to PNA and SNA in each Complaint does not come close to satisfying this standard.

---

[1]  Certain Defendants' Joint Motions to Dismiss the DPP-CAC and IPP-CAC (the "Joint Motions"), which PNA and SNA have joined and hereby incorporate by reference, set forth the numerous grounds as to why both Complaints should be dismissed against all of the Defendants. This separate motion is directed to the failure of the Complaints to allege facts sufficient to state claims for relief specifically with respect to PNA and SNA.

[2]  *See* Certain Defs.' Joint Mot. to Dismiss the DPP-CAC, at Part I.A; Certain Defs.' Joint Mot. to Dismiss the IPP-CAC, at Part I.C.

1    Although both Complaints allege a series of bi-lateral meetings that purportedly establish a

2    "massive" and "long-running conspiracy over more than a decade," *see* DPP-CAC ¶¶ 1, 94-152,

3    196-97; IPP-CAC ¶¶ 2, 9-15, 52-160, 434-36, neither Complaint alleges that PNA or SNA

4    participated in or attended *any* of the alleged meetings.  Indeed, PNA and SNA are not even

5    mentioned in either Complaint, except for identifying them in conclusory fashion as purported

6    members of the conspiracy.  The DPP-CAC broadly asserts, without any factual support, that PNA

7    and SNA, each respectively "through its subsidiaries and affiliates, participated in the conspiracy

8    alleged in this Complaint . . . ."  DPP-CAC ¶¶ 33, 36.  The IPP-CAC similarly asserts that PNA

9    and SNA each, "either directly or through a wholly owned subsidiary, participated in the

10   conspiracy alleged in this complaint . . . ."  IPP-CAC ¶¶ 374, 377.  These conclusory allegations

11   "are not entitled to the assumption of truth."[3]  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also*

12   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009) (affirming dismissal where "bald

13   allegation . . . standing alone" was "conclusory" and "therefore not entitled to an assumption of

14   truth").  Rather, legal conclusions "must be supported by factual allegations," as Rule 8 "does not

15   unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*,

16   556 U.S. at 678-79 (dismissing complaint for failure to plead sufficient facts); *see also Moss*, 572

17   F.3d at 696 ("to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

18   inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to

19   relief"); *Patterson v. O'Neal*, 673 F. Supp. 2d 974, 982 (N.D. Cal. 2009) (dismissing conclusory

20   allegations).

21   The Complaints do not allege that PNA or SNA personnel participated in any of the

22   purportedly "collusive meetings" or joined any anticompetitive agreement, much less include any

23   allegations identifying which specific types of lithium ion battery cells or Lithium Ion Battery

---

[3]  The only other allegations directly relating to PNA and SNA concern knowledge of a Department of Justice ("DOJ") antitrust investigation.  IPP-CAC ¶ 226 & n.49.  However, the DOJ has not brought charges against PNA or SNA.  *See* ECF No. 258, Ex. 1 at 3 (DOJ press release).  The allegation that PNA has been involved in unrelated investigations and litigations concerning entirely separate products and markets has no bearing here.  *See* DPP-CAC ¶ 185; IPP-CAC ¶ 241; *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007) (a "grand jury investigation is a non-factor" which "carries no weight in pleading an antitrust conspiracy claim").

1   Products were the subject of any alleged anticompetitive agreement joined by PNA or SNA.  *See*

2   DPP-CAC ¶¶ 94-152, 196-97; IPP-CAC ¶¶ 9-15, 52-160, 434-36.  Indeed, there is no allegation

3   that any person at PNA or SNA—both American companies—even knew about the existence of

4   any of these meetings, which allegedly took place in overseas locations by foreign manufacturers

5   of lithium ion battery cells.[4]  Without any factual allegations about the content or nature of any

6   alleged participation by PNA or SNA, there is no basis for Plaintiffs to proceed with their

7   conclusory conspiracy claims against these Defendants.  *See, e.g.*, Certain Defs.' Joint Mot. to

8   Dismiss the DPP-CAC, at Part I; Certain Defs.' Joint Mot. to Dismiss the IPP-CAC, at Part I;

9   *Iqbal*, 556 U.S. at 679-80; *William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 669

10  (9th Cir. 2009) (affirming dismissal and holding that "[c]laimants must plead not just ultimate facts

11  (such as conspiracy), but evidentiary facts") (internal quotation omitted).

### B.  Allegations Against "Panasonic" and "Sanyo" Do Not State A Claim Against PNA and SNA

13          Plaintiffs may not escape their obligation to plead specific facts establishing the

14  involvement of each and every named defendant by lumping defendants together and asserting

15  vague claims against defendant groups.  *See In re TFT-LCD*, 586 F. Supp. 2d at 1116-17 (holding

16  that "general allegations as to . . . a single corporate entity such as 'Hitachi' is insufficient to put

17  specific defendants on notice of the claims against them"); *Brennan v. Concord EFS, Inc.*, 369 F.

18  Supp. 2d 1127, 1136 (N.D. Cal. 2005) (dismissing complaint against certain defendants because it

19  failed to plead allegations "specifically connecting [those defendants] to the alleged conspiracy");

20  *Prime Healthcare Servs., Inc. v. Serv. Employees Int'l Union*, No. 11-CV-02652 JLS (RBB), 2012

21  WL 3778348, at *5 n.7 (S.D. Cal. Aug. 30, 2012) ("General allegations as to all defendants . . . is

22  insufficient to put specific defendants on notice of the claims against them.") (quoting *In re TFT-*

23  *LCD*, 586 F. Supp. 2d at 1117); *Suguri v. Wells Fargo Bank, N.A.*, No. CV 09-1828 (PSG), 2009

24  WL 2486546, at *6 (C.D. Cal. Aug. 7, 2009) ("[F]ormulaic allegations lumping all Defendants

25  together are insufficient to state a claim"); *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119,

26  163 (D.D.C. 2004) ("Plaintiffs cannot escape their burden of alleging that each defendant

27  ───────────────

28  [4]  None of the few meetings allegedly occurring in the U.S. are claimed to include PNA or SNA participants.  *See* DPP-CAC ¶¶ 139, 150; IPP-CAC ¶¶ 144, 154-57, 434-36.

1   participated in or agreed to join the conspiracy by using the term 'defendants' to apply to

2   numerous parties without any specific allegations . . . .").

3         Neither Complaint distinguishes the separate Panasonic Defendants and Sanyo Defendants

4   in any shape or form, other than their respective corporate addresses and places of incorporation.

5   DPP-CAC ¶¶ 32-34 (defining Panasonic Corp. and PNA individually, stating that they are

6   "collectively referred to as 'Panasonic,'" and then referring to "Panasonic" throughout the

7   remainder of the DPP-CAC); *id.* ¶¶ 35-37 (defining SANYO Electric Co., Ltd. and SNA

8   individually, stating that they are  "collectively referred to as 'Sanyo,'" and then referring to

9   "Sanyo" throughout the remainder of the DPP-CAC); IPP-CAC ¶¶ 373-375 (defining Panasonic

10   Corp. and PNA individually, stating that they are "collectively referred to herein as 'Panasonic'");

11   *id.* ¶¶ 376-378 (defining Sanyo Electric Co., Ltd. and SNA individually, stating that they are

12   "collectively referred to herein as 'Sanyo'").  As such, the allegations against "Panasonic" fail to

13   give any notice as to whether it is Panasonic Corp., PNA, or both that are being accused of the

14   conduct described, and they are thus insufficient as a matter of law.  *See, e.g.*, *In re TFT-LCD*, 586

15   F. Supp. 2d at 1117.  The same is true for the allegations against "Sanyo" with respect to SANYO

16   Electric Co., Ltd., and/or SNA.  *Id.*

17         Plaintiffs' single conclusory allegation generically asserting agency relationships within

18   each corporate family likewise fails.  The two Complaints contain identical allegations that:

19   
20           When Plaintiffs refer to a corporate family or companies by a single name in this
        Complaint, they are alleging that one or more employees or agents of entities within that
        corporate family engaged in conspiratorial acts on behalf of every company in that family.

21           The individual participants in the conspiratorial acts did not always know the corporate
        affiliation of their counterparts, nor did they distinguish between the entities within a
        corporate family.  The individual participants entered into agreements on behalf of their

22           respective corporate families.  As a result, those agents represented the entire corporate
        family with respect to such conduct, and the corporate family was party to the agreements

23           that those agents reached.

24   DPP-CAC ¶ 56; IPP-CAC ¶ 395.  Yet, neither Direct Purchaser Plaintiffs nor Indirect Purchaser

25   Plaintiffs allege a single fact in support of their conclusory allegations of agency.  A pleading

26   convention that alleges claims against defendants based solely on corporate affiliation cannot

27   satisfy the pleading requirements of *Twombly* and *Iqbal*.  *See Precision Assoc., Inc. v. Panalpina*

28   *World Transp. (Holding) Ltd.*, No. 08-CV-00042 (JG) (VVP), 2012 WL 3307486, at *1 (E.D.N.Y.

Aug. 13, 2012) (it is a general principle of corporate law that a subsidiary is not liable for the acts of its parent).  Bare statements that corporate affiliates acted to one another's mutual benefit are "precisely the sort of 'legal conclusion couched as a factual allegation' that *Twombly* and *Iqbal* deemed insufficient to state a claim."  *Precision Assoc., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 (JG) (VVP), 2011 WL 7053807, at *15 (E.D.N.Y. Jan. 4, 2011) (quoting *Iqbal*, 556 U.S. at 678).  Specific factual allegations are required to support the inference that the individual corporate defendants joined the conspiracy separately or vicariously.  *Id.* at *17 (recommending dismissal where "plaintiffs wish[ed] to put individual defendants on the hook for antitrust violations based on corporate affiliation alone" without supporting factual allegations) (Magistrate Judge's R&R *adopted by* 2012 WL 3307486).  A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice to survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Moreover, Plaintiffs' specific factual allegations contradict their conclusory allegations that individual employees "engaged in conspiratorial acts on behalf of every company in that family." *See* DPP-CAC ¶ 56; IPP-CAC ¶ 395.  For example, Plaintiffs allege that Panasonic Corp. participated in the purported conspiracy through "Matsushita Battery Industrial Co., Ltd.," which was a wholly-owned subsidiary prior to October 1, 2008, at which time it became an internal division of Panasonic Corp.  DPP-CAC ¶ 32; IPP-CAC ¶ 373 & n.93.  Both Complaints plainly allege that it was Matsushita Battery Industrial Co., Ltd.—not its corporate parent or any sister company such as PNA—that allegedly participated in the purportedly conspiratorial meetings. DPP-CAC ¶¶ 9, 100-02, 111, 119, 197; IPP-CAC ¶¶ 65, 67, 90, 95, 125, 130, 150.  Thus, Plaintiffs' allegation that Defendants did not "distinguish between the entities within a corporate family," is counterfactual, and Plaintiffs set forth no facts to support the conclusory allegation that all of a Defendant's affiliates are "agents [who] represented the entire corporate family . . . ."  *See* DPP-CAC ¶ 56; IPP-CAC ¶ 395; *Precision Assoc., Inc.*, 2011 WL 7053807, at *15.

Similarly, Plaintiffs allege that SANYO Electric Co., Ltd., participated in the purported conspiracy through "Sanyo GS Soft Energy Co., Ltd.," an affiliate joint venture.  DPP-CAC ¶¶ 35, 37; IPP-CAC ¶¶ 376, 378.  Despite including it under the label "Sanyo," Plaintiffs plainly allege

1   that Sanyo GS Soft Energy Co., Ltd. personnel allegedly participated in meetings separately from

2   "Sanyo" personnel.  *See, e.g.*, DPP-CAC ¶¶ 93, 102, 104, 111; IPP-CAC ¶¶ 9, 12, 59, 61, 70, 72,

3   78, 83.  Thus, Plaintiffs' bald allegations of an "agency" relationship among all of the Sanyo

4   entities are simply insufficient to support claims against each of the "Sanyo" Defendants in the

5   absence of any factual allegations establishing each of those Defendants' participation in the

6   purported conspiracy.

7        Finally, for the reasons set forth in Defendants' joint motions to dismiss, even if the

8   lumping together of the "Panasonic" Defendants and "Sanyo" Defendants were proper—it is not—

9   there would still be insufficient facts pled to plausibly support a claim that PNA (or Panasonic

10   Corp.) or SNA (or SANYO Electric Co., Ltd.) participated in the vastly overbroad conspiracy

11   alleged.  There are simply no facts alleged to tie any Panasonic or Sanyo entity to a conspiracy

12   involving the vast array of products and eleven year time period alleged in both Complaints.  *See*

13   Certain Defs.' Joint Mot. to Dismiss the DPP-CAC, at Part I.A; Certain Defs.' Joint Mot. to

14   Dismiss the IPP-CAC, at Part I.D.

15                                     **CONCLUSION**

16        The absence of any factual allegations connecting PNA or SNA to any conspiracy, let alone

17   the eleven-year overarching conspiracy concerning all lithium ion battery cells and Lithium Ion

18   Battery Products alleged in both Complaints, requires dismissal of both Complaints as to PNA and

19   SNA.  Indeed, because there is no plausible basis for Plaintiffs to assert any claims against PNA or

20   SNA—companies that are not claimed to have attended any conspiratorial meetings—the dismissal

21   against these two Defendants should be with prejudice.

22   Dated: September 16, 2013                    Respectfully submitted,

23                                               By:  /s/  Jeffrey L. Kessler

24                                               Jeffrey L. Kessler (*pro hac vice*)
                                                 jkessler@winston.com
25                                               A. Paul Victor (*pro hac vice*)
                                                 pvictor@winston.com
26                                               Eva W. Cole (*pro hac vice*)
                                                 ewcole@winston.com
27                                               Jeffrey J. Amato (*pro hac vice*)
                                                 jamato@winston.com
28                                               Erica C. Smilevski (*pro hac vice*)

esmilevski@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY  10166-4193
Telephone:  (212) 294-4601
Facsimile:  (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Telephone:  (415) 591-6905
Facsimile:  (415) 591-1400

Roxann E. Henry (*pro hac vice*)
**MORRISON & FOERSTER LLP**
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
rhenry@mofo.com
Telephone:  (202) 887-1500
Facsimile:   (202) 887-0763

*Counsel for Defendants*
*Panasonic Corporation of North America and*
*SANYO North America Corporation*