Kenneth P. Ewing (admitted *pro hac vice*)
Robert W. Fleishman (admitted *pro hac vice*)
Andrew J. Sloniewsky (admitted *pro hac vice*)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., N.W.
Washington D.C.,  20036
Tel: (202) 429-3000
Fax: (202) 429-3902
Email: kewing@steptoe.com
rfleishman@steptoe.com
asloniewsky@steptoe.com

*Counsel for Defendants LG Chem, Ltd. and LG Chem America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: LITHIUM BATTERIES ANTITRUST LITIGATION | CASE NO. 4:13-md-02420-YGR<br>MDL NO. 2420 |
| This Document Relates to:<br><br>ALL DIRECT AND INDIRECT ACTIONS | **DEFENDANT LG CHEM AMERICA, INC.'S NOTICE OF INDIVIDUAL MOTION AND MOTION TO DISMISS DIRECT AND INDIRECT CONSOLIDATED AMENDED COMPLAINTS**<br><br>Date: December 6, 2013<br>Time: 10:00 a.m.<br>Location: Courtroom 5<br>Judge: Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 6, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, at 1301 Clay Street, Oakland City Center, Oakland, CA 94612, before the Honorable Yvonne Gonzalez Rogers, Defendant LG Chem America, Inc. ("LGCAI") will, and hereby does, move individually for an order under Fed. R. Civ. P. 12(b)(6) dismissing the claims brought against it by the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (the "Plaintiffs") in this action.

The present motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the attached Proposed Order, and Certain Defendants' Joint Motions to Dismiss and supporting materials filed this date in this litigation. This motion also relies upon the other pleadings submitted in this action and such additional matters as are presented to the Court at the time of hearing.

**RELIEF SOUGHT**

LGCAI seeks dismissal without prejudice under Fed. R. Civ. P. 12(b)(6) of the claims that Plaintiffs have brought against it in their Consolidated Amended Complaints.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' claims against LGCAI should be dismissed because they are not sufficiently supported by facts alleged in the Consolidated Amended Complaints ("CACs"). The CACs' only specific factual assertion against LGCAI is that in 2010 it allegedly participated in an effort to set prices of lithium ion battery cells used in Apple iPads. Under the Supreme Court's *Twombly* decision, this allegation cannot justify Plaintiffs' broader contention that LGCAI participated in a price-fixing conspiracy that allegedly began in 2000, involved over a dozen other Defendants, and sought to set prices for battery cells used in a wide variety of end products. LGCAI should not be subjected to the far-reaching and onerous discovery that would inevitably follow a failure to cut back the CACs' conspiracy allegations. Plaintiffs' claims against LGCAI should be dismissed.

## II. RELEVANT FACTS

As the Court is aware, Plaintiffs' Consolidated Amended Complaints ("CACs") assert that the eighteen Defendants in this litigation participated in a wide-ranging conspiracy to fix prices of lithium ion battery cells. The conspiracy purportedly lasted more than 10 years, from January 2000 to March 2011, and allegedly involved efforts to control prices of three types of cells[1] – cylindrical, prismatic, and polymer – which differ from each other in several fundamental ways.[2] The specific cells that were the object of the conspiracy were purportedly manufactured for use in a broad range of consumer goods, including cell phones, digital cameras, camcorders, notebook computers, and power tools, among many others.[3]

Plaintiffs make very few specific allegations in their CACs regarding LGCAI. Plaintiffs assert that LGCAI is a New Jersey-based subsidiary of Defendant LG Chem, Ltd., a Korean

---

[1] Direct Purchaser Plaintiff CAC ("DPP-CAC") ¶¶ 1, 85; Indirect Purchaser Plaintiff CAC ("IPP-CAC") ¶¶ 3, 31, 34.
[2] DPP-CAC ¶ 85; IPP-CAC ¶ 31.
[3] DPP-CAC ¶ 4; IPP-CAC ¶ 1; *see also* July 26, 2013 Letter of Defendants and accompanying charts, Dkts. ##259, -1, -2.

corporation ("LG Chem").[4]  They contend that in 2010, an LGCAI employee communicated with SDI and LG Chem representatives regarding an attempt to set the price of polymer battery cells used in Apple iPads.[5]  Plaintiffs do not allege any other incidents relating to polymer cells used in Apply iPads or involving any other defendants.  Other than the foregoing alleged incident, Plaintiffs nowhere identify any specific wrongdoing by LGCAI.  Instead, Plaintiffs refer generically in the CACs to the actions of "LG" or "LG Chem," defined terms that encompass either LG Chem, LGCAI, or both.[6]  Plaintiffs do not identify any specific facts suggesting that LGCAI participated in the alleged conspiracy before or after the incident in 2010. Plaintiffs also nowhere allege facts about any effort by LGCAI to fix prices of battery cells other than those used in battery packs for iPads.

### III.  STATEMENT OF ISSUE TO BE DECIDED

Whether Plaintiffs have pleaded sufficient facts under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to establish LGCAI's participation in a price-fixing conspiracy allegedly lasting from 2000 to 2011, involving seventeen other Defendants, and fixing the prices of three types of battery cells (cylindrical, prismatic, polymer) used in a broad array of consumer goods (cell phones, camcorders, notebook computers, power tools, etc.)?

### IV.  PLAINTIFFS HAVE FAILED TO PLEAD FACTS SUPPORTING LGCAI'S INVOLVEMENT IN THE FAR-FLUNG CONSPIRACY ALLEGED IN THE COMPLAINTS

As Defendants noted in their joint Motions to Dismiss, in its *Twombly* decision the Supreme Court stated that a complaint asserting antitrust claims must "raise a right to relief above the speculative level" and must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  Requiring an antitrust plaintiff to identify factual support for the alleged conspiracy is necessary "because discovery in antitrust cases

---

[4] DPP-CAC ¶ 25-26; IPP-CAC ¶ 366-67.
[5] DPP-CAC ¶ 150; IPP-CAC ¶ 155-57.  Apple iPads use polymer lithium ion battery cells.  IPP-CAC ¶ 45 and n.6 (citing http://www.apple.com/batteries/).  The Court may consider the contents of the foregoing Apple website based upon the "incorporation by reference" doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).
[6] DPP-CAC ¶ 27; IPP-CAC ¶ 368.

1  frequently causes substantial expenditures and give the plaintiff the opportunity to extort large
2  settlements even where he does not have much of a case." *Kendall v. Visa U.S.A, Inc.*, 518 F.3d
3  1042, 1047 (9th Cir. 2008) (citation omitted).  Thus, facts limited to a narrow price-fixing
4  scheme will not justify a claim that defendants participated in a much broader conspiracy.  *In re*
5  *Optical Disk Drive Antitrust Litig. ("ODD")*, No. 3:10-md-2143 RS, 2011 WL 3894376 at * 9
6  (N.D. Cal. Aug. 3, 2011).   Moreover, allegations made generally against generic groups of
7  defendants cannot support an antitrust conspiracy claim.  *See In re TFT-LCD (FLAT PANEL)*,
8  586 F. Supp.2d 1109, 1117 (N.D. Cal. 2008); *Total Benefits Planning Agency, Inc. v. Anthem*
9  *Blue Cross & Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008) ("Generic pleading, alleging
10  misconduct against defendants without specifics as to the role each played in the alleged
11  conspiracy, was specifically rejected by *Twombly*.")

12      In this instance, the Plaintiffs' CACs contain conspiracy allegations that – if not pruned
13  back – threaten to impose massive discovery obligations on Defendants such as LGCAI.  As
14  pleaded, the claims would potentially support discovery of an entire decade's worth of events,
15  actions, and communications.  Moreover, such discovery would not focus on a narrowly
16  circumscribed set of products.  Rather, LGCAI would potentially be required to provide
17  information regarding three types of lithium ion cells (cylindrical, prismatic, and polymer)
18  incorporated into a broad range of consumer products (cell phones, digital cameras, camcorders,
19  notebook computers, netbook computers, tablet computers, laptop computers, digital audio
20  players, and power tools).

21      LGCAI should not be subjected to such wide-ranging discovery.  Plaintiffs have failed to
22  allege specific facts suggesting LGCAI was involved in the broad conspiracy pleaded in the
23  CACs.  Plaintiffs' only substantive allegation in the CACs regarding LGCAI is that it *may* have
24  joined with SDI and LG Chem in efforts to fix the price of Apple iPad cells in 2010.[7]  There are
25  no allegations linking this isolated incident to the broader conspiracy alleged.  For instance, there
26  are no allegations that other Defendants were involved in this or any other incidents relating to

---

[7] DPP-CAC ¶ 150; IPP-CAC ¶ 155-57.

1   the Apple iPad.  Indeed, this is the only allegation relating to iPad batteries.  And there are no
2   allegations that LGCAI was involved in any incidents relating to any other types of battery cells
3   or end products.  It is also important to note that LGCAI is not a party to the recently announced
4   plea agreement between LG Chem and the United States Department of Justice.[8]
5       Under *Twombly*, the Plaintiffs' allegations are too slim a reed to link LGCAI to a
6   conspiracy that allegedly began a full decade earlier, allegedly involved relationships with over a
7   dozen other Defendants, and allegedly sought to fix the price of different kinds of battery cells
8   that were used to make batteries for a broad variety of other consumer goods.  *ODD*, 2011 WL
9   3984376 at *9 (allegations regarding discrete instances of price-fixing do not do not justify
10  claims of a broader conspiracy).   LGCAI should not be subjected to far-ranging and oppressive
11  discovery based upon such a deficient factual basis.

12  **V.    CONCLUSION**

13      Plaintiffs have failed to plead sufficient facts to support their claim that LGCAI
14  participated in the far-flung conspiracy alleged in the CACs.  To prevent LGCAI from being
15  subjected to onerous and unfair discovery, Plaintiffs' claims against it should be dismissed
16  without prejudice.

DATED:  September 16, 2013          Respectfully submitted,

By: */s/ Kenneth P. Ewing*
Kenneth P. Ewing
Robert W. Fleishman
Andrew J. Sloniewsky
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., NW
Washington, D.C. 20036
kewing@steptoe.com
Telephone: (202) 429-6264
Facsimile: (202) 429-3902

*Counsel for LG Chem America, Inc. and LG Chem, Ltd.*

---

[8] *See United States v. LG Chem, Ltd.*, No. 4:13-cr-00473-YGR (N.D. Cal.), Dkts. ##13 and 13-1.