**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                                    No. 13-MD-02420 YGR (DMR)

**ORDER ON JOINT DISCOVERY**
LITHIUM ION BATTERIES                   **LETTER [DOCKET NO. 459]**
ANTITRUST LITIGATION

_____/

On June 13, 2014, the parties submitted a joint discovery letter brief.  [Docket No. 459.]  At issue is whether and to what extent discovery should proceed at this stage in this antitrust class action. The presiding judge has resolved one set of motions to dismiss, but another set of motions is pending.  The pleadings are not yet settled, but it is clear that some portion of the case will move forward.  The court held a hearing on July 10, 2014.  This order summarizes the rulings made on the record.  In reaching these rulings, the court determined that in light of the phased approach to Rule 12 motion practice, it is appropriate to conduct phased discovery as well.  The court considered the discovery requests made by Plaintiffs, then applied the proportionality principles set forth in Federal Rule of Civil Procedure 26(b)(2)(C)(iii) by outlining a fair (though necessarily imprecise) understanding of the current contours of the case, then balancing the benefits and burdens of moving forward with certain discovery.

**I.      Discovery Protocols**

The parties shall submit their protocol on the form of production of electronically stored information ("ESI") for the court's approval by no later than **July 31, 2014.**  The parties shall submit their deposition protocol for the court's approval by no later than **August 15, 2014.**  If the parties have not reached full agreement regarding the deposition protocol by August 15, 2014, they shall submit a joint letter pursuant to the court's Standing Order re Discovery setting forth all agreements reached and identifying any specific disputes for resolution by the court.

**II.     Disclosure of Details Regarding Defendants' U.S. Department of Justice and/or Grand Jury Productions**

Each Defendant that produced documents to the U.S. Department of Justice and/or any grand jury in connection with any investigation relating to lithium ion batteries or battery products shall identify the following information for the sources from which documents were ultimately produced: 1) the identities of current and former employees whose documents were produced; 2) the time period for which documents and information were collected; and 3) the types of sources that were searched for information (e.g., mobile phones, instant messages, etc.).  This information shall be produced to Plaintiffs by no later than **August 15, 2014.**[1]

**III.    Rule 26(a)(1) – Initial Disclosures by Foreign Defendants**

Each foreign Defendant (other than the four entities exempted below) shall comply with its initial disclosure obligations regarding identification of individuals and documents pursuant to Rule 26(a)(1)(A)(i) and (ii).  For the time being, the scope of relevant claims and defenses that shall define these disclosure requirements encompasses Plaintiffs' allegations of a conspiracy among the foreign Defendants to fix prices of lithium ion batteries at the cell level, for the period 2002 to 2011. These initial disclosures must be served on Plaintiffs by no later than **September 17, 2014.**

The court requires further information to determine whether it is appropriate to impose these initial disclosure obligations on foreign Defendants NEC Corporation, GS Yuasa Corporation, Toshiba Corporation, and Sony Energy Devices Corporation.  Therefore, by **July 24, 2014**, Plaintiffs and Defendants NEC Corporation, GS Yuasa Corporation, Toshiba Corporation, and Sony Energy

---

[1] The court notes that it did not set a response date for this information at the July 10, 2014 hearing.

**United States District Court**
For the Northern District of California

1  Devices Corporation shall submit a joint letter brief on the subject of whether these four defendants

2  should be required to provide the initial disclosures described above at this time.  Each of the four

3  defendants are allotted three pages of the joint letter brief in which to make their arguments.

4  Plaintiffs' portion of the joint letter brief may not exceed ten pages.

5  After the initial disclosures described above are complete, the parties shall meet and confer

6  regarding whether the scope of the foreign Defendants' initial disclosures should encompass their

7  defenses to the alleged conspiracy to fix prices of lithium ion batteries at the original equipment

8  manufacturers ("OEM") level.  If the parties are unable to reach agreement on this subject they may

9  submit a joint letter brief outlining their dispute.

10  **IV.     Foreign Defendants' Sales & Cost Data**

11  The court does not order the production of transactional data at this time.  However, the

12  parties are ordered to begin detailed meet and confer proceedings on ESI in order to be prepared to

13  start search and production without delay as the contours of the case become clearer.

14  Using the Northern District of California's Checklist for Rule 26(f) Meet and Confer

15  Regarding Electronically Stored Information ("ESI Checklist") and Guidelines for the Discovery of

16  Electronically Stored Information, Plaintiffs and all foreign Defendants are ordered to immediately

17  begin meeting and conferring on Plaintiffs' request for sales data on a transaction-by-transaction

18  basis and cost data ("transactional data").  In addition to the subjects listed on the ESI Checklist, the

19  parties shall meet and confer regarding the appropriate time frame and geographic scope for

20  production of transactional data.

21  All parties, including the foreign Defendants' American subsidiaries, shall meet and confer

22  regarding ESI and document preservation.

23  By **September 17, 2014**, the parties shall submit a joint status report regarding the progress

24  of the meet and confer discussions on transactional data and preservation, and shall identify for the

25  court any outstanding disputes.

26  **V.     Discovery Regarding Foreign Defendants' Corporate Structures, Location of Facilities, and Identification of Customers**

27

28

**United States District Court**
For the Northern District of California

1      Plaintiffs may immediately serve interrogatories on all foreign Defendants regarding their

2 corporate structures, location of relevant facilities, and identification of customers. The parties shall

3 negotiate an appropriate response deadline for Defendants.

4

5 Dated: July 11, 2014

6

7                           _____

          DONNA M. RYU

8           United States Magistrate Judge



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28