UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:

LITHIUM ION BATTERIES
ANTITRUST LITIGATION

_____/

No. 13-MD-02420 YGR (DMR)

**AMENDED ORDER ON JOINT DISCOVERY LETTER RE DEPOSITION PROTOCOL AND JOINT DISCOVERY STATUS REPORT**

On November 10, 2014, the court conducted a hearing on the parties' proposed deposition protocol, as well as the discovery issues raised in their Joint Status Report. [Docket Nos. 501, 510.] This order summarizes the rulings made by the court on the record during the hearing.

## I. Deposition Protocol

The court ruled on the disputes regarding the parties' deposition protocol, as detailed below. By no later than November 24, 2014 the parties shall revise the proposed deposition protocol in accordance with this order and submit it for the court's approval.

**A.     Number of Depositions (§ I(B))**

For purposes of Plaintiffs' deposition limits, the Panasonic family of defendants and the Sanyo family of defendants shall be considered separate Defendant groups. This ruling is made without prejudice to Panasonic's right to move for an order adjusting downward the total number of

depositions allowed for Panasonic and Sanyo if it is able to make a factual showing that such an adjustment is warranted.

**B.     Departing Employees (§ I(C))**

Plaintiffs may immediately establish "watchlists" of no more than fifteen custodians/ witnesses per Defendant group. For each such identified custodian/witness, Defendants shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible. Upon Plaintiffs' request, Defendants shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible. Plaintiffs may make changes to their watchlists by December 31, 2014, and on a quarterly basis thereafter until December 31, 2015. These requirements will cease on June 15, 2016.

**C.     Inclusion of Direct Action Plaintiffs (§ I(D))**

Plaintiffs and Direct Action Plaintiffs collectively are subject to the 12 deposition limit for any single Defendant group.

**D.     Location of Depositions (§ III(B))**

Depositions of a corporation pursuant to Federal Rule of Civil Procedure 30(b)(6) will presumptively take place in the Northern District of California. The noticing party or parties shall be responsible for payment of the reasonable travel and lodging expenses for any 30(b)(6) foreign resident witnesses produced in the United States. The parties should consider whether the United States, including but not limited to the Northern District of California, is the most efficient and inexpensive location for the depositions of non-30(b)(6) foreign resident witnesses.

The Federal Rules of Civil Procedure and this court's orders will apply to the conduct of any deposition occurring in a foreign location. To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure and this court's orders or substantially interfere with the ability to take a deposition in that location, the parties shall meet and confer, and hold the deposition in an alternate location which allows for their application.

**E.     Scheduling of Depositions (§ III(D))**

A letter or telephone call suffices to begin the process of scheduling a deposition. The court anticipates that the parties should be able to confirm the date and location of a deposition within three weeks of a request. The parties shall meet and confer regarding a process by which they will track objective, non-argumentative information related to deposition scheduling, e.g., an agreed-upon log format that reflects dates of initial requests to schedule depositions, response/follow-up dates, and reasons provided for unavailability. If a dispute arises, the court expects to receive a joint log containing agreed-upon content, rather than competing logs containing different "spins" on the same log entry.

**F.     Choice of Interpreters (§ IV(A)**

Any party requesting an interpreter shall bear the expense of providing their own interpreter. The parties shall meet and confer to create an agreed-upon list from which the parties shall select interpreters. The agreed-upon list should be as expansive as possible; in other words, the court expects the parties to conduct due diligence now to identify mutually agreeable interpreters beyond those with which they currently are familiar. If a listed interpreter is not available, the parties shall meet and confer regarding the selection of an alternative. If the parties are unable to reach an agreement, the deposition should go forward and the noticing party or parties shall select and bear the expense of the lead interpreter. This ruling is made without prejudice to any witness timely moving for a protective order on the basis of a dispute regarding an interpreter.

**G.     Objections at Depositions (§ VII(A))**

Objections shall be limited to objection to the form of the question ("asked and answered," "compound," etc.) unless the objection involves privilege or the examining attorney asks for an explanation. Speaking objections or those which the court could interpret as coaching the deponent are prohibited. Attorneys shall not argue disputed objections or assertions of privilege on the record.

## II.  Joint Status Report

**A.     Production of Transaction Data**

The court ordered Defendants to immediately begin producing transaction data regarding sales of lithium ion cells and battery packs, as well as any other categories of transaction-related

3

1 //

2 //

3 //

4 information for which the parties have reached agreement. Subject to resolution of the disputes set

5 forth below, (1) the production of the cell/pack sales information must be completed by **February**

6 **27, 2015;** and (2) the production of finished product and utilization/capacity data shall be completed

7 by **April 30, 2015**. The court expects that all of the above-identified data shall be produced on a

8 rolling basis as it becomes available; in other words, the majority of the data should be produced

9 well in advance of the production deadline.

10 The court set the following briefing and hearing schedule regarding disputed categories of

11 information:

12 • Dispute regarding geographic scope of transactional data: any joint letter due by

13 **December 2, 2014**; hearing set on **December 18, 2014 at 11:00 a.m.** at the U.S.

14 District Court, 1301 Clay Street, Oakland, California 94612. For courtroom number

15 and floor information, please check the Court's on-line calendar at

16 http://www.cand.uscourts.gov (click "Calendars - Judges' Weekly Calendars" link,

17 then select Judge Ryu's calendar).

18 • Dispute regarding finished products data: any joint letter due by **December 16, 2014**.

19 Court will set a hearing.

20 • Dispute regarding capacity and utilization data: any joint letter due by **January 16,**

21 **2015**. Court will set a hearing.

22 In addition, any joint letter regarding custodians and search methods pertaining to discovery of non-

23 transaction data is due by **January 16, 2015**, with a hearing to be set at a later date.

24 **B.  ESI Checklist**

25 The parties shall meet and confer regarding the exchange of information regarding identity

26 and number of custodians, including whether to adopt the discovery plan protocol used in *In re:*

27 *Optical Disk Drive Products Antitrust Litigation*, C 10-MD-02143 RS (JCS), Docket No. 606 at

28

page 2, §a.  Any joint letter shall be filed by **November 26, 2014**, with a hearing set on **December 18, 2014 at 11:00 a.m.**

IT IS SO ORDERED.

Dated: November 18, 2014

_____
DONNA M. RYU
United States Magistrate Judge