UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:

LITHIUM ION BATTERIES
ANTITRUST LITIGATION

No. C-13-02420 YGR (DMR)

**ORDER ON JOINT DISCOVERY LETTER RE WORLDWIDE TRANSACTION DATA [DOCKET NO. 590]**

Plaintiffs and Defendant groups Panasonic, Sanyo, Sony, NEC, and GS Yuasa (the "Objecting Defendants") filed a joint letter brief on December 2, 2014 regarding the production of Defendants' worldwide transaction-level sales data for lithium ion battery cells and packs.[1] [Docket No. 590.] The court held a hearing on December 18, 2014. This order summarizes the rulings made on the record.

**I.  Worldwide Transaction-Level Data**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and

---

[1] Defendant groups Samsung, LG Chem, Hitachi Maxell, and Toshiba have agreed to produce worldwide transaction-level (i.e., non-aggregated) data, including cost data, where available. [*See* Docket No. 606.] It is not clear whether there are any outstanding disputes between Plaintiffs and the Objecting Defendants regarding the production of cost (as opposed to sales) data. If such disputes remain, the parties shall meet and confer and file a joint letter that does not exceed five pages by February 9, 2015.

necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). A party seeking to compel discovery must establish "that its request satisfies the relevancy requirements of Rule 26(b)(1) . . . [i]n turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citation omitted). "In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery," considering "the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1053-54 (S.D. Cal. 1999) (citing Fed. R. Civ. P. 26(b)(2)).

The Objecting Defendants first argue that worldwide transaction-level data is irrelevant. For the reasons stated on the record, the court finds that worldwide transaction-level sales and cost data for lithium ion battery cells and packs is relevant. However, the court finds that the following information is irrelevant: data relating to sales to foreign companies of cells and packs incorporated into finished products that were neither sold in the United States nor destined for United States buyers. An Objecting Defendant need not produce sales or cost data related to these "foreign finished products" if the Objecting Defendant can demonstrate that the data meets the court's definition. The court ordered the parties to meet and confer to develop a process for identifying and verifying that information falls within the court's definition of irrelevant data regarding a "foreign finished product."

The Objecting Defendants also argue that to the extent worldwide transaction-level data is relevant, it is unduly burdensome to produce. This requires a case-by-case analysis. At the hearing, the court held that certain transaction-level information was not unduly burdensome to produce. The court also ordered the production of certain information to aid the parties' meet and confer process on the question of burden, and set deadlines for presenting any remaining disputes for judicial determination. The court memorializes these orders below.

**A.  Sony Defendants**

The Sony Defendants shall produce complete transaction-level sales data for Japanese sales of lithium ion cells and packs by January 15, 2015. In addition, by January 15, 2015, the Sony Defendants shall provide aggregated data for worldwide sales of cells and packs by the Sony Defendants and their affiliates so that the parties can continue to meet and confer about what additional transactional level data, if any, should be produced. The parties shall complete the meet and confer process by January 29, 2015. Any joint letter regarding outstanding disputes shall be filed by February 9, 2015, and shall not exceed five pages.

### B. NEC

The NEC Defendants shall immediately produce complete worldwide transaction-level sales data for cells and packs stored on their centralized database(s).

### C. Panasonic/Sanyo Defendants

By January 9, 2015, the Sanyo Defendants shall produce to Plaintiffs complete worldwide transaction-level sales data for cells and packs stored since 2001 on their centralized database(s).

By December 24, 2014, Panasonic shall submit a report detailing the burdens associated with production of its worldwide transaction-level sales and cost data. By December 24, 2014, Sanyo shall submit a report detailing the burdens associated with production of the same data for the years 1997-2001. For each database that contains relevant sales and cost information, Panasonic and Sanyo shall detail:

- the type and location of database/system, including identification of legacy databases/systems;
- whether and for what periods of time the data is archived and must be retrieved;
- the fields of data that are maintained on each database/system and the level of detail at which it is maintained (i.e., individual transactions, transactions aggregated by specific intervals, etc.); and
- the time period(s) for which each type of data is available.

To the extent that Panasonic and/or Sanyo contend that data from any years during the requested time period (1997-2013) should be excluded from production, they shall set forth the basis for their contention(s). The report shall also include detailed cost estimates and the bases for such estimates.

1  Following the submission of the reports, the parties shall meet and confer regarding
2  Plaintiffs' request for worldwide transaction data.  The parties shall complete meeting and
3  conferring by January 29, 2015, and shall file any joint letter regarding outstanding disputes by
4  February 9, 2015.

**II.    GS Yuasa**

By no later than January 15, 2015, Plaintiffs and GS Yuasa shall file a joint status report regarding the status of their discussions about the informal discovery required to facilitate any early settlement negotiations and/or GS Yuasa's anticipated early summary judgment motion.  GS Yuasa shall also indicate the timing of any summary judgment motion.

IT IS SO ORDERED.

Dated:  December 23, 2014



DONNA M. RYU
United States Magistrate Judge

4