**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION**<br><br>**This Order Relates to:**<br><br>**All Direct and Indirect Purchaser Actions** | **Case No.: 13-MD-2420 YGR**<br><br>**ORDER DENYING REQUEST FOR CERTIFICATION OF ORDERS FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Re: Dkt. No. 541 |

Now before the Court is defendants' motion for certification under 28 U.S.C. section 1292(b) for interlocutory appeal of this Court's January 21, 2014 and October 2, 2014 Orders. (Dkt. No. 541 ("Mot."); *see also* Dkt. No. 361 ("Jan. 21, 2014 Order"); Dkt. No. 512 ("Oct. 2, 2014 Order")).) Plaintiffs oppose the motion. (Dkt. No. 594.) Having carefully considered the papers submitted and the record in this case,[1] and for the reasons set forth below, the Court hereby **DENIES** the motion.

The procedural history of this multidistrict litigation has been recounted in previous orders. *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-MD-2420, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014). Generally, the action relates to allegations of a multi-year conspiracy to fix prices of lithium ion battery cells, the chemical core of rechargeable batteries used in consumer electronics products. Two groups of plaintiffs, the direct purchaser plaintiffs ("DPPs") and the indirect purchaser plaintiffs ("IPPs"), seek to represent putative classes injured by the alleged overcharge. The DPPs sue for injunctive relief and money damages under the federal antitrust

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

laws, and seek to represent classes of purchasers who bought lithium ion batteries and products containing them for resale. The IPPs, by contrast, sue for injunctive relief under federal antitrust law, but seek money damages under *state* antitrust and consumer protection laws. The IPPs seek to represent classes of purchasers who bought lithium ion batteries and battery products for their own use.

The Court instituted a phased approach for challenges to the DPPs' and IPPs' pleadings. On January 21, 2014, the Court issued a phase one order dismissing without prejudice the DPPs' and IPPs' respective Consolidated Amended Complaints. (Jan. 21, 2014 Order.) On October 2, 2014, the Court issued a phase two and three order granting in part and denying in part defendants' motions to dismiss the Second Consolidated Amended Complaint. (Oct. 2, 2014 Order.)

Typically, a district court's ruling is not appealable until after entry of final judgment. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, Case No. 02-MD-1486, 2008 WL 863994, at *1 (N.D. Cal. Mar. 28, 2008). However, under 28 U.S.C. section 1292(b), the district court may certify appeal of an interlocutory order if: (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Id.* Courts apply the statute's requirements strictly, and grant motions for certification only when exceptional circumstances warrant it. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). A party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Id.* A party must establish that all three requirements of section 1292(b) are met in order to seek an appeal of an interlocutory order. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

The Court is aware that, due to the importance of efficiency in the context of large and complex cases, certification may be more appropriate in the context of such cases. *See In re Lloyd's Am. Trust Fund Litig.*, Case No. 96-CIV-1262, 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) (citing *Bruce v. Martin*, 712 F. Supp. 442, 445 (S.D.N.Y. 1989)).

United States District Court
Northern District of California

2

Here, defendants seek certification of the following questions:

    a.   Whether, under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) and its progeny, purchasers of a non-price-fixed finished product containing an allegedly price-fixed component can seek damages under Section 4 of the Clayton Act; and

    b.   Whether plaintiffs who purchased only non-price-fixed finished products that allegedly contained a price-fixed component can satisfy the market-participation requirement under *Associated General Contractors of California, Inc. v. California State Council of Carpenters* ("*AGC*"), 459 U.S. 519 (1983) and its progeny, without pleading plausible allegations of reasonable interchangeability of use or cross-elasticity of demand between the finished products and components.

(Mot. at vi.) The Court finds that given the procedural posture of this case, these questions (i) do not involve controlling questions of law regarding which there are substantial grounds for differences of opinion and (ii) would not materially advance the ultimate termination of this litigation if addressed on interlocutory appeal at this time.

First, the Court's determinations at issue were based on well-established precedent. Second, the underlying issues, to be conclusively determined, will necessitate certain factual findings and therefore cannot be resolved by an appeal at this time and in light of the present factual record. Third, as for the *AGC* issue, defendants challenge only one of five non-dispositive factors. A substantial portion of both the DPPs' and IPPs' cases would remain even if defendants were to prevail on appeal. Indeed, certification would likely cause additional delay and complicate the discovery process, as defendants indirectly suggest they would seek to limit the matters subject to discovery in the meantime. (Dkt. No. 615 at 15.)

Accordingly, defendants' motion is **DENIED**.

This Order terminates Docket No. 541.

**IT IS SO ORDERED**.

Dated: January 26, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**