UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 13-md-02420 YGR DMR<br><br>MDL No. 2420<br><br>**STIPULATION AND [PROPOSED]**<br>**ORDER RE TRANSLATION PROTOCOL** |

WHEREAS, this litigation has been consolidated and transferred by the Judicial Panel on Multidistrict Litigation ("MDL Panel") to the above-referenced Court for pretrial proceedings; and

WHEREAS, it is in the interests of justice, and consistent with the Federal Rules of Civil Procedure, to adopt procedures to organize discovery and minimize burdens on the parties in these consolidated cases, all actions treated as "Related Cases" pursuant to Civil L.R. 3-12 that have been or may be filed in this District, and any additional present and future actions transferred to this Court as "tag-along actions" by the MDL Panel pursuant to Rule 7.4 of the Rules of Procedure (collectively the "Batteries Cases").  All items and limitations in this translation protocol may be modified for good cause shown or by agreement of the Parties.

THEREFORE, the undersigned parties hereby stipulate as follows:

I.  **Overall Considerations**

A.  This translation protocol addresses the protocol for translations and the use of translated documents in the Batteries Cases.  This translation protocol incorporates Section IV, paragraphs E-I of the Order re Deposition Protocol, Case 4:13-md-02420-YGR, filed December 3, 2014 (Dkt. #593) ("Order re Deposition Protocol") by reference.   To the extent that any difference between this translation protocol and the Order re Deposition Protocol exist, this translation protocol shall govern.

II.  **Certified Translations and Use of Certified Translations**

A.  <u>Certified translations.</u>  A certified translation should be obtained for any document that contains non-English content that a Party enters into the record as an exhibit in the Batteries Cases, whether at deposition, or in connection with a motion.  However, documents upon which a Party's expert relies need not be translated in their entirety and only the non-English portion(s) specifically relied upon require certified translation.  Further, a certified translation of documents appearing only in an expert's report as a footnote, endnote, or as part of a string citation shall be obtained at the discretion of the offering Party.   Certified translations are not required for any transactional data.   The lack of a certified translation in instances where one is generally required does not preclude the use of the underlying document at deposition or otherwise, provided the

-1-

Party has engaged in reasonable efforts to obtain the same in advance of the document's entry into the record.  In these circumstances, a certified translation shall be obtained and provided to all Parties within ten business days of its entry.

      B.    <u>Certification vendors.</u>  The Parties agree that certified translations for use in the Batteries Cases may be obtained only from one of the following professional translation vendor companies:  Consortra, TransPerfect, Geotext, Park IP, or Divergent.  The list may be modified by agreement of the Parties, as necessary.  Translation vendor managers that work on the Batteries Cases and translators that review documents covered by the Stipulated Protective Order in the Batteries Cases, shall be required to execute Exhibit A to the Stipulated Protective Order.

      C.    <u>Format for certification letters.</u>  All certified translations must include a notarized certification letter (by a Notary Public), which attests that the certified translation is a true and correct translation of the underlying Bates-numbered document.  The certification letter must also identify the beginning and ending Bates numbers of the document being translated, as well as the original language and language of the translation, *i.e.,* Japanese to English.

      D.    <u>Format for certified translations.</u>  Certified translations shall bear the same Confidential or Highly Confidential designation as the original, if such designation is in place as of the time that the translation is prepared.  A certified translation should also share the same Bates as the original, followed with the letter "E," signifying it is a translated version of the document from the original language[1] into English.  Similarly, documents translated from the original language into another language, such as an English document translated into Japanese or Korean, shall bear the suffix for the language to which the document is being translated, *i.e.,* "J" for Japanese or "K" for Korean.  Because languages occupy different amounts of space to say the same thing, it may be impractical for the certified translation to be paginated in the same way as the original.  Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (*i.e.,* the Bates number may physically fall in

---

[1] Original language means the language in which the document was originally produced.

-2-

the middle of a page, rather than at bottom).  Unless otherwise agreed, certified translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text.  A certified translation may not contain independent notes that are not within the text of the original document (*i.e.,* notes from the translator or counsel).  Emphasis in the certified translation (*i.e.,* bold, italics, underlined) must appear in the same form as in the original document.  However, translator notations such as "original text is in English," "original text is handwritten," "illegible text," or "untranslatable symbol," may be included in brackets.

   E. <u>Format for certified translation of native documents.</u> Certified translations of native documents shall be formatted as close as possible to the formatting of original foreign language documents.  Certified translations of native documents, such as Excel spreadsheets, shall identify the Bates numbers for the document, and identify each particular page or "sheet" that is part of a translation, *i.e.,* "Bates (Sheet 1)" or, if the pagination carries over to more than the original page,  "Bates (Sheet 1.01)," etc.

   F. <u>Completeness of certified translations.</u> A certified translation entered into the record must be a complete recitation of the underlying foreign language original, with the following exceptions:  (i) for correspondence, e-mail strings and memoranda for which the materials were incorrectly produced batching multiple, separate documents into a single document, only pages appropriately belonging to the correspondence, e-mail or memoranda need be translated; (ii) for calendars, notebooks, annual reports, financial statements and regulatory findings, only relevant portions need be translated, along with the first page of the document; (iii) for portions of documents that are illegible, such portions need not be translated; (iv) for Excel spreadsheets, a Party may elect to translate on a sheet-by-sheet basis; or (v) the Parties agree that other good reason exists and a Party provides advance notice to all other parties.  Any Party may obtain the translation of additional parts of a document at its own expense.

   G. <u>Duplicative translations.</u> Subject to the Provisions of Section III below, once a certified translation of a document is entered into the record as an exhibit at deposition or as an exhibit in connection with a motion or expert report, it becomes the operative translation for the

-3-

entirety of the litigation. If a "duplicate" document (*i.e.,* a document that bears the same Bates number and is translated into the same language) is inadvertently translated and entered into the record at a subsequent date, the first recorded document's certified translation shall remain the operative version, including the status of objections related to the same. Similarly, if a re-certified translation has replaced the original certified translation per the objection process outlined below in Section III, paragraph E, the re-certified version remains the operative version.

      H.    <u>Previously certified translations.</u>  Documents that were submitted for certified translation prior to the date of this Order, need not be re-translated or re-formatted to conform with this Order, but shall be subject to the objection provisions of Section III, below.

      I.    <u>Documents previously produced with full translations.</u>  For documents produced by Defendants with full English translations prior to the date of this Order (such as documents produced by Defendant LG Chem, Ltd. with full English translations), certified translation may be obtained at the discretion of the Party wishing to enter or use such documents. Any Party wishing to lodge any translation objections to such documents shall follow the provisions of Section III, below.

      J.    All certified translations shall be presumed to be accurate and objections to certified translations may only take place where there is a good faith belief that the translated content is inaccurate.

## III.  <u>OBJECTIONS TO CERTIFIED TRANSLATIONS</u>

      A.    <u>Liaison counsel for objections to translations.</u>  Each of the Parties shall select one attorney to serve as its liaison counsel for purposes of objections to translations in this case ("Translation Liaison Counsel"). All Translation Liaison Counsel shall be copied on all written correspondence that relates to objections to translations. *See* Exhibit A for a list of all Translation Liaison Counsel. [Exhibit A to be attached after each party has provided liaison names.]

      B.    <u>Coordination of translation objections and responses to certified translations.</u>  All Plaintiffs and all Defendants are required to consult and coordinate among themselves when serving objections to certified translations entered by the opposing party. For any translated

-4-

1  exhibits used by Defendants at a deposition or submitted in connection with a motion or expert
2  report, counsel for all Plaintiff groups in this action will consult with one another, and will
3  <u>collectively</u> serve one set of objections per deposition, motion, or expert report.  Likewise, for any
4  translated exhibits entered by Plaintiffs at a deposition or submitted in connection with a motion or
5  expert report, all counsel for Defendants will consult with one another, and will <u>collectively</u> serve
6  one set of objections per deposition.  In addition, any objection lodged to a particular word or
7  phrase in a translation must be collective as well.  Each such collective set of objections should be
8  served on all Translation Liaison Counsel.  With respect to objections to translated exhibits used at
9  deposition, a single set of objections should be served on Translation Liaison Counsel, as well as
10 all in attendance at the deposition during which the certified translation was first entered.  Any
11 responses to objections will follow the same protocol.  Plaintiff and Defendant parties are
12 prohibited from lodging individual, uncoordinated objections to translations entered at a
13 deposition.  To the extent only certain parties are involved with a deposition, motion or expert
14 report, all parties involved must coordinate to serve one set of objections and/or responses.  The
15 failure of a party to participate in this process and note its objections collectively constitutes
16 waiver.  Translation Liaison Counsel for each Party shall determine among themselves who is
17 responsible for coordinating and properly serving the coordinated objections and/or responses for
18 each deposition on the opposing party.

19       C.     <u>Timing for objections.</u>  Objections to the accuracy of a certified translation
20 introduced into the record shall be asserted within 60 days of the date the translation is first used at
21 a deposition or in connection with a motion or expert report.  If the translation is first used at a
22 deposition, all objections shall be asserted within 60 days after the date on which the deposition is
23 provided to counsel representing the deponent for correction.  If the translation is submitted in
24 connection with a motion or expert report, the 60 days will run from the date the motion or expert
25 report is filed with the Court or served on the Parties.  If no objection is made to a certified
26 translation within the 60-day limits outlined in this paragraph, the translation shall be deemed

-5-

accurate, and no objection to admissibility on grounds of inaccuracy of the translation will be permitted.

      D.    <u>Objection process.</u>  Objections shall state the specific inaccuracies of the certified translation and should offer an alternative proposed translation.  Parties making an objection should identify the corresponding Bates-numbered page containing the objected to-language and/or provide a red-line of the same.  Upon receipt of the initial objections, all Parties should make best efforts to work in good faith to resolve the translation disputes in a timely manner.  If the Parties conclude that an impasse has been reached and are unable to resolve any dispute, it may be submitted to the Magistrate for review.

      E.    <u>Re-certification of agreed translations.</u>   After all objections to a particular certified translation are resolved, the Party that originally offered the translation will submit the document for re-certification.  Once the re-certification is finalized and properly designated by the certification company as a final translation (*i.e.,* "EF" or "JF" or "KF"), it will be circulated to all identified Translation Liaison Counsel.  Once a certified translation is re-certified, it will serve as the operative version of the document for all purposes going forward in the litigation.   However, until such time as all objections related to a particular translation are resolved and a re-certified translation can be issued, the original, underlying translation shall continue to be entered into the record as the operative version.

      F.    The Parties may agree on adjustments to this translation protocol to promote efficiency or fairness, and advise the Court accordingly.  Notwithstanding the provisions of this Order, the Court retains discretion to alter the treatment and admissibility of translated documents at trial if necessary.

## IV. **BINDING ORDER**

This Order re Translation Protocol Order is binding on all Parties in the Batteries Cases, including all current or future Parties.  This Order re Translation Protocol may be modified only by stipulation and order, or by order of the Magistrate or the Court for good cause shown.

| | | |
|---|---|---|
| 1 | Respectfully submitted, | |
| 2 | DATED: February 13, 2015 | |
| 3 | HAGENS BERMAN SOBOL SHAPIRO LLP | SAVERI & SAVERI. INC. |
| 4 | By     s/ Shana E. Scarlett                <br>        SHANA E. SCARLETT | PEARSON, SIMON & WARSHAW, LLP |

Jeff D. Friedman (SBN 173886)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

By     s/ Brendan P. Glackin          
        BRENDAN P. GLACKIN

Elizabeth J. Cabraser (SBN 83151)
Richard M. Heimann (SBN 63607)
Eric B. Fastiff (SBN 182260)
Joy A. Kruse (SBN 142799)
Marc A. Pilotin (SBN 266369)
Lin Y. Chan (SBN 255027)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
rheimann@lchb.com
efastiff@lchb.com
jakruse@lchb.com
bglackin@lchb.com
mpilotin@lchb.com
lchan@lchb.com

COTCHETT, PITRE & McCARTHY, LLP

By     s/ Steven N. Williams          
        STEVEN N. WILLIAMS

---

By     s/ Aaron M. Sheanin          
        AARON M. SHEANIN

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswplaw.com
asheanin@pswplaw.com
bshiftan@pswplaw.com

By     s/ Carl N. Hammarskjold      
        CARL N. HAMMARSKJOLD

R. Alexander Saveri (SBN 173102)
Geoffrey C. Rushing (SBN 126910)
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
rick@saveri.com
grushing@saveri.com
carl@saveri.com

BERMAN DEVALERIO

By     s/ Todd A. Seaver          
        TODD A. SEAVER

-7-

| | |
|---|---|
| Joseph W. Cotchett (SBN 36324)<br>Nancy L. Fineman (SBN 124870)<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br>jcotchett@cpmlegal.com<br>nfineman@cpmlegal.com<br>swilliams@cpmlegal.com | Joseph J. Tabacco, Jr. (SBN 75484)<br>Jessica Moy (SBN 272941)<br>One California Street, Suite 900<br>San Francisco, CA 94111<br>Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382<br>jtabacco@bermandevalerio.com<br>tseaver@bermandevalerio.com<br>jmoy@bermandevalerio.com |
| *Co-Lead Counsel for Indirect Purchaser Plaintiffs* | *Co-Lead Counsel for Direct Purchaser Plaintiffs* |
| STEPTOE & JOHNSON LLP | SHEPPARD MULLIN RICHTER & HAMPTON |
| By ___s/ Kenneth P. Ewing___<br>       KENNETH P. EWING | By ___s/ Gary L. Halling___<br>       GARY L. HALLING |
| Robert W. Fleishman (*pro hac vice*)<br>Andrew J. Lee (*pro hac vice*)<br>Andrew J. Sloniewsky (*pro hac vice*)<br>1330 Connecticut Ave., NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6264<br>Facsimile: (202) 429-3902<br>kewing@steptoe.com | James L. McGinnis<br>Michael W. Scarborough<br>4 Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 774-3294<br>Facsimile: (415) 434-3947<br>ghalling@sheppardmullin.com<br>jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com |
| *Counsel for LG Chem, Ltd. and LG Chem America, Inc.* | *Counsel for Samsung SDI Co., Ltd., and Samsung SDI America, Inc.* |
| WINSTON & STRAWN LLP | WHITE & CASE LLP |
| By ___s/ Robert B. Pringle___<br>       ROBERT B. PRINGLE | By ___s/ J. Frank Hogue___<br>       J. FRANK HOGUE |
| Paul R. Griffin (SBN 083541)<br>Sean D. Meenan (SBN 260466)<br>101 California Street<br>San Francisco, CA 94111-5802<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400<br>rpringle@winston.com<br>pgriffin@winston.com<br>smeenan@winston.com | Christopher M. Curran (*pro hac vice*)<br>J. Frank Hogue (*pro hac vice*)<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 626-3600<br>Facsimile: (202) 639-9355<br>ccurran@whitecase.com<br>fhogue@whitecase.com<br><br>*Counsel for Toshiba Corporation* |
| *Counsel for NEC Corporation and NEC Tokin Corporation* | |

-8-

| | |
|---|---|
| WINSTON & STRAWN LLP | COOLEY LLP |
| By    s/ Jeffrey L. Kessler<br>      JEFFREY L. KESSLER | By    s/ John C. Dwyer<br>      JOHN C. DWYER |
| A. Paul Victor (*pro hac vice*)<br>Eva W. Cole (*pro hac vice*)<br>Jeffrey J. Amato (*pro hac vice*)<br>Erica C. Smilevski (*pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166-4193<br>Telephone: (212) 294-4601<br>Facsimile: (212) 294-4700<br>jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>jamato@winston.com<br>esmilevski@winston.com | Stephen C. Neal (SBN 170085)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 857-0663<br>dwyerjc@cooley.com<br>nealsc@cooley.com<br><br>Beatriz Mejia (SBN 190948)<br>Matthew M. Brown (SBN 264817)<br>COOLEY LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br>mejiab@cooley.com<br>mmbrown@cooley.com |
| Ian L. Papendick (SBN 275648)<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111<br>Telephone: (415) 591-6904<br>Facsimile: (415) 591-1400<br>ipapendick@winston.com | *Counsel for Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics, Inc.* |
| Roxann E. Henry (*pro hac vice*)<br>MORRISON & FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 6000<br>Washington, DC 20006<br>Telephone: (202) 887-1500<br>Facsimile: (202) 887-0763<br>rhenry@mofo.com | |
| *Counsel for Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation* | |
| VINSON & ELKINS LLP | HUNTON & WILLIAMS LLP |
| By    s/ Craig P. Seebald<br>      CRAIG P. SEEBALD | By    s/ Douglas M. Garrou<br>      DOUGLAS M. GARROU |
| Jason A. Levine (*pro hac vice*)<br>Lindsey R. Vaala (*pro hac vice*)<br>2200 Pennsylvania Avenue NW | Djordje Petkoski (*pro hac vice*)<br>Robert A. Caplen (*pro hac vice*) |

-9-

| | |
|---|---|
| Suite 500 West<br>Washington, D.C. 20037<br>Telephone: (202) 639-6585<br>Facsimile: (202) 879-8995<br>jlevine@velaw.com<br>cseebald@velaw.com<br>lvaala@velaw.com<br><br>Matthew J. Jacobs (SBN 171149)<br>Jessica Spradline Russell (*pro hac vice*)<br>VINSON & ELKINS LLP<br>525 Market Street, Suite 2750<br>San Francisco, California 94105<br>Telephone: (415) 979-6990<br>Facsimile: (415) 651-8786<br>mjacobs@velaw.com<br>jrussell@velaw.com<br><br>*Counsel for Maxell Corporation of America and Hitachi Maxell, Ltd.* | 2200 Pennsylvania Avenue, N.W.<br>Washington, DC 20037<br>Telephone: (202) 955-1500<br>Facsimile: (202) 778-2201<br>dgarrou@hunton.com<br>dpetkoski@hunton.com<br>rcaplen@hunton.com<br><br>*Counsel for GS Yuasa Corporation* |

**E-FILING ATTESTATION**

I, Aaron M. Sheanin, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

s/ Aaron M. Sheanin
AARON M. SHEANIN

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 24, 2015

HON. DONNA M. RYU
United States Magistrate Judge

*SO ORDERED*
*Judge Donna M. Ryu*