UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>ALL ACTIONS | Case No. 13-md-02420 YGR (DMR)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] SEARCH TERM PROTOCOL<br><br>DATE ACTION FILED: Oct. 3, 2012 |
|---|---|

010330-11  742881 V1

**A.     General Provisions**

1.     The Parties agree to meet and confer concerning search methodologies, including without limitation, the use of key word search terms. For any Party[1] to this litigation who chooses to use keyword search terms to collect or cull documents for production in this litigation, the following protocol shall be used for the application and testing of search terms.

2.     The parties further agree that the Guidelines for the Discovery of Electronically Stored Information ("the ESI Guidelines") and the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("the ESI Checklist") adopted by the U.S. District Court for the Northern District of California shall apply as appropriate to ESI discovery, including any meet and confer sessions regarding ESI discovery.

3.     The Parties recognize that even though a document contains one or more of the search terms identified in accordance with the procedures listed below, such document may not be responsive to any document request. In such cases, the Responding Party is not required to produce such documents.

4.     A Responding Party choosing to use search terms to identify potentially responsive documents shall exercise reasonable due diligence in investigating and analyzing its data in providing its proposed list of search terms to the Requesting Party prior to applying the search terms. Examples of such due diligence include, but are not limited to: identification of commonly misspelled words appearing on responsive documents or electronically stored information; identifying idiosyncratic language and terms of art utilized by a party in responsive documents and by interviewing key custodians about the same; utilizing quality control metrics; and using an iterative search approach to identify the terms most likely to locate responsive documents.

---

[1] As used herein, a "Requesting Party" is the party who has served Requests for Production and a "Responding Party" is the Party upon whom such Requests for Production were served. For purposes of this Search Term Protocol, with respect to Defendants, the terms "Requesting Party" and "Responding Party" refer to Defendant families. Consistent with the Court's Order, ECF No. 593, the Sanyo entities and the Panasonic entities are to be treated as separate Defendant families for purposes of this search term protocol.

[PROP.] SEARCH TERM PROTOCOL – No. 13-MD-02420 YGR (DMR)     - 1 -

010330-11  742881 V1

**B.     Protocol**

1. **Document Collection**: In accordance with this Court's December 3, 2014 "Stipulation and Order Re Discovery Plans," each Responding Party will collect documents for custodians and from locations agreed to between the parties or pursuant to Court order. Each Responding Party will collect documents and information for each agreed-upon or court-ordered custodian within twenty-one (21) days of such agreement or court order, or as otherwise agreed as a result of a meet and confer between the relevant parties. Each party will provide, as appropriate, informal discovery consistent with Section III of the ESI Checklist for each electronic source of documents and information.

2. **Proposed Search Terms**: Within twenty-one (21) days of the Parties' agreement or a Court order regarding a Search Terms Protocol, or as otherwise agreed as a result of a meet and confer between the relevant parties, each Responding Party shall provide to the Requesting Party a list of proposed search terms to run against the custodians and locations as determined in accordance with paragraph (B)(1), above. For Responding Parties with foreign language documents, the list that the Responding Party will provide to the Requesting Party will identify the foreign languages contained in the documents, and include both English and foreign language search terms, as appropriate. The Responding Party agrees that, with respect to any search terms agreed to by the relevant parties or ordered by the Court in accordance with this Search Protocol, it will apply both the English and applicable foreign language terms to the documents subject to search under this Protocol.

3. **Additional Terms**: If the Requesting Party objects to the sufficiency of the Responding Party's proposed search terms, within thirty (30) days after service of the Responding Party's list of proposed search terms, the Requesting Party may propose modifications to the Responding Party's terms or a list of additional terms, with the combination of modifications and additional terms being no more than 125 in total, subject to the paragraph regarding Additional Terms for Good Cause below.

4. **Application of Agreed Terms**: Each Responding Party will proceed with the application of (i) its own proposed search terms and (ii) the search terms from the Requesting Party's proposed search term list to which the Responding Party does not object ("Agreed Terms"). The results of these searches will then be reviewed for responsiveness and privilege, and for necessary redactions.

5. **Disputed Search Terms:** To the extent that a Responding Party believes that any of the remaining search terms (the "Disputed Terms") proposed by a Requesting Party are unreasonably overbroad and/or will result in the identification of disproportionate numbers of irrelevant documents, the Responding Party will identify:

(i) the aggregate hits for each of the Disputed Terms (i.e. the number of documents returned by a search term);

(ii) the number of unique hits for each of the Disputed Terms (the number of documents which contain the a particular search term, but no other);

(iii) the total number of documents returned by the Agreed Terms;

(iv) the total number of documents being searched for the Disputed Terms; and

(v) the nature and type of irrelevant documents that the search term is returning.

With respect to any search term for which the Responding Party believes that there exists a modification that will reduce the number of irrelevant documents returned by the search term, the Responding Party will meet and confer with the Requesting Party to discuss in good faith any such modification. For any terms that a Responding Party believes are burdensome, overly broad, and/or objectionable and for which there does not appear to be any modification that would resolve such issues, the Responding Party will meet and confer with the Requesting Party to discuss in good faith its objections to such search terms. As part of that process, the Responding Party will not refuse to provide the Requesting Party with the quantitative information discussed above.

6. **Qualitative Sampling Information Regarding Disputed Terms**: In the event that the a parties are unable following good faith efforts to resolve any dispute after exhausting the Disputed Search Terms procedures set forth in Paragraph 5 above, the Requesting Party may request that random sampling be done with respect to no more than five (5) of the Disputed Terms.

1  The random sampling shall be done formally, by means of a random number generator, which will
2  generate a statistically valid number of ordinal positions of the identified documents.  A sample
3  will consist of 100 plus 0.5 percent of the number of identified documents (100 + .0.5(number of
4  hits)), with a total ceiling of 2,500 sample documents per defendant family. Defendants may
5  review the random qualitative sample and remove any irrelevant document(s) from the sample for
6  any reason, and remove any privileged document(s), provided that they replace the document(s)
7  with an equal number of randomly generated document(s). Irrelevant documents in the sample
8  shall be used only for the purpose of resolving disputes regarding search terms in this action, and
9  for no other purpose in this litigation or in any other litigation; those irrelevant documents, as well
10 as any attorney notes regarding the sample, shall be destroyed within fourteen days of resolution of
11 the search term dispute, with such destruction confirmed in an affidavit by counsel. Access to the
12 random sample shall be limited to one attorney from each law firm designated co-lead class
13 counsel for Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs, or an attorney designated
14 by a co-lead firm (for a total of six attorneys). Each set of co-lead counsel (Direct Purchaser
15 Plaintiffs and Indirect Purchaser Plaintiffs, separately) may also be assisted by translators for any
16 foreign language documents, but no more than one translator for each foreign language. Plaintiffs
17 may invoke the random sampling process with respect to no more than five search terms per
18 defendant group. The randomly selected documents can be viewed by the Requesting Party
19 immediately after the appropriate review by the Responding Party.

20      7.  **Presentation to the Court**: If, after engaging in the process described above, there
21 still remain search terms about which the Parties cannot reach agreement, the Parties agree to
22 submit a joint discovery letter to the Court explaining their respective positions with respect to
23 such search terms.

24      8.  **Additional Terms for Good Cause**: Once a search term list is finalized (either
25 though agreement of the parties or Order of the Magistrate Judge) and all iterative searches for a
26 custodian are complete, the Requesting Party may propose additional search terms for a
27 Responding Party to consider, but the Responding Party will have no obligation to re-search the
28 custodian's electronic data using different or additional search terms without agreement or a court

[PROP.] SEARCH TERM PROTOCOL – No. 13-MD-02420
YGR (DMR)

-4-

1  order. The Requesting Party must show good cause for any additional proposed search terms, such
2  as for example, that the information was unknown to them as of the time of the original list (*e.g.,*
3  the use of a code name that was not apparent from the grand jury production). If a Responding
4  Party cannot meet any applicable deadlines for the production of documents as a result of this
5  provision, the parties will negotiate in good faith a reasonable timeline for production or seek an
6  order from the Court.

8   IT IS SO ORDERED.

10  DATED: March 12, 2015

                            _____
                            MAGISTRATE JUDGE DONNA M. RYU
                            UNITED STATES MAGISTRATE JUDGE

[PROP.] SEARCH TERM PROTOCOL – No. 13-MD-02420
YGR (DMR)