United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:

LITHIUM ION BATTERIES
ANTITRUST LITIGATION

_____/

No. 13-MD-02420 YGR (DMR)

**ORDER ON JOINT DISCOVERY
LETTER [DOCKET NO. 644]**

    Plaintiffs and Defendant LG Chem, Ltd. ("LG Chem") filed a joint letter brief regarding a dispute about the sufficiency of LG Chem's response to an interrogatory. [Docket No. 644 (Joint Letter).] The court held a hearing on March 12, 2015. Having considered the parties' arguments and for the reasons stated at the hearing and set forth below, the court enters the following order.

**I. Background**

**A.     LG Chem's Guilty Plea**

    On July 18, 2013, the United States Department of Justice ("DOJ") charged LG Chem with violating Section 1 of the Sherman Act, 15 U.S.C. § 1, by engaging in a criminal conspiracy to fix the prices of cylindrical lithium ion battery cells sold in the United States and elsewhere for use in notebook computer battery packs. (Joint Letter 1; *United States v. LG Chem, Ltd.*, No. 13-cr-0473 YGR (N.D. Cal. July 18, 2013) Information (Docket No. 1).) LG Chem entered into a plea agreement in September 2013, which was signed by Heung Ryul Yoon, Vice President/Legal

Department, and ratified by LG Chem's Board of Directors. (*United States v. LG Chem, Ltd.*, No. 13-cr-0473 YGR, Plea Agreement at 14, 16 (Docket No. 13-1).) In its plea agreement, LG Chem stated that it would plead guilty to the conspiracy described in the Information and that it would "make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below." (Plea Agreement 2-3.) In relevant part, Paragraph 4 of the plea agreement stated

> [h]ad this case gone to trial, the United States would have presented evidence sufficient to prove [that] . . . [d]uring the relevant period,[1] the defendant, through its employees, including high-level personnel of the defendant, participated in a conspiracy with other persons and entities engaged in the manufacture and sale of cylindrical lithium ion battery cells, the primary purpose of which was to fix the prices of cylindrical lithium ion battery cells sold in the United States and elsewhere for use in notebook computer battery packs. In furtherance of the conspiracy, the defendant, through its employees, engaged in discussions and attended meetings with representatives of competitors. During these discussions and meetings, agreements were reached to fix the prices of cylindrical lithium ion battery cells sold in the United States and elsewhere for use in notebook computer battery packs.

(Plea Agreement 3 (§ 4(c)).)

At the plea hearing, the Honorable Yvonne Gonzalez Rogers questioned LG Chem's representative, Mr. Yoon, to determine whether there was a "sufficient independent factual basis for the plea." (*United States v. LG Chem, Ltd.*, No. 13-cr-0473 YGR, Hr'g Tr., Oct. 10, 2013, at 22 (Docket No. 35).) *See* Fed. R. Crim. P. 11(b)(3) ("[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). After the Assistant United States Attorney described the charged conspiracy, the court asked Yoon whether it was "true that high-level personnel of LG Chem did participate in a conspiracy that [counsel] identified[.]" Yoon, who was under oath, responded "yes." When the court asked him to identify "approximately how many discussions or meetings occurred," he testified that officers within LG Chem's battery division participated in "about 20 or 30" discussions or meetings. (Hr'g Tr. at 23-24.) Later, Yoon stated that he did not dispute any of the remaining details of the charged conspiracy described by the Assistant United States Attorney. (Hr'g Tr. 24-27.)

---

[1] The plea agreement defined the "relevant period" as that period from about April 2007 to about September 2008. (Plea Agreement 3 (§ 4(a)).)

2

1   Judge Gonzalez Rogers sentenced LG Chem on October 10, 2013 and ordered it to pay a fine
2   of $1,056,000, as well as a $400 special assessment. The court did not order LG Chem to pay
3   restitution, finding that it would be "more appropriate to resolve issues of restitution" in this civil
4   case. (Hr'g Tr. 30-31.)

**B.    Plaintiffs' Interrogatory to LG Chem**

On October 31, 2014, Plaintiffs propounded the following interrogatory to LG Chem: "With respect to Your Guilty Plea, state all facts which support it, identify the Persons with whom You conspired and/or entered unlawful agreements, and identify Persons with knowledge of Your Guilty Plea." (Joint Letter Ex. A part 1). LG Chem responded in relevant part as follows:

> LG Chem pled guilty to one count of price fixing under Section 1 of the Sherman Act relating to cylindrical lithium ion battery cells sold for use in notebook computer battery packs during the period of approximately April 2007 to September 2008. LG Chem made that guilty plea at an October 10, 2013, hearing in the Criminal Proceeding, during which the facts that supported its plea were presented in open court. LG Chem refers to the transcript of that hearing.
>
> Although no co-conspirator was identified in support of the guilty plea and although LG Chem's investigation was and is continuing, LG Chem has identified Samsung SDI as a likely co-conspirator with respect to the price fixing to which it pled guilty.

(Joint Letter Ex. A part 2.) In its answer, LG Chem also identified seven documents that it had produced to the Department of Justice prior to its guilty plea, and stated that the documents "relate to conduct underlying" its guilty plea.

Plaintiffs now move to compel LG Chem to supplement its response to the interrogatory on the grounds that its response is evasive and incomplete.

## II. Legal Standard

When served with interrogatories, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered *separately and fully* in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). An answer to an interrogatory should be complete in itself and should not refer to the pleadings or other documents:

> [A]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it

3

> impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind.2000) (citations and quotation marks omitted). "'Incorporation by reference is not a responsive answer.'" *Id*. (quoting *Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991)). However, if an answer to an interrogatory may be determined by "examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed." Fed. R. Civ. P. 33(d).

## III. Discussion

Plaintiffs argue that their interrogatory requested details about the facts underlying LG Chem's guilty plea, including the identification of LG Chem's co-conspirators and LG Chem employees who participated. They contend that "LG Chem must have satisfied itself that the DOJ could in fact prove all elements of a criminal violation of the Sherman Act beyond a reasonable doubt"; therefore, it must possess information responsive to the interrogatory. (Joint Letter 3.) Plaintiffs assert that LG Chem's response is deficient for two reasons: 1) it fails to answer the interrogatory fully by failing to provide "all facts" that support the guilty plea, such as times, dates, participants, and co-conspirators; and 2) in lieu of setting forth a narrative response, it improperly refers to documents produced in the litigation and to the plea hearing transcript.

In response, LG Chem first contends that its response was complete, because "the facts that 'support' the plea were set forth in full during the October 2013 plea hearing" before Judge Gonzalez Rogers. (Joint Letter 5.) LG Chem argues that the admitted allegations addressed 1) LG Chem's corporate organization; 2) its involvement in the sale of the battery cells at issue in the information; 3) the dollar value of sales of those cells affecting U.S. commerce from April 2007 to September 2008 ($3.3 million); 4) the involvement of high-level LG Chem officers in a conspiracy during that time period to fix prices of cells sold in the U.S.; and 5) the sales by one or more coconspirators of such cells and battery packs to customers in this District. (Joint Letter 6.) According to LG Chem, the "facts presented at the hearing supplied the required basis to justify the guilty plea, which Judge

4

Gonzalez Rogers accepted," and it asserts that "[t]here simply are no other facts that 'supported' the plea." (Joint Letter 6.) LG Chem argues that, as written, Plaintiffs' interrogatory essentially seeks to discover all of the information that LG Chem considered with its attorneys when deciding whether or not to plead guilty in 2013. As such, the interrogatory calls for attorney work product as well as privileged attorney-client communications. LG Chem further asserts that it is producing voluminous discovery in this litigation, and that Plaintiffs' interrogatory is aimed at avoiding the work of reviewing this discovery by instead seeking the results of confidential material and communications generated in connection with the DOJ's investigation.

As drafted, Plaintiffs' interrogatory is ambiguous. It seeks identification of "all facts which support [Your Guilty Plea]." It could be interpreted as calling for all facts that LG Chem's counsel considered in determining whether its client should enter into a plea agreement rather than proceed to trial on the criminal conspiracy charges. Therefore, LG Chem's more narrow interpretation of the interrogatory as asking for the facts supporting the plea as set forth in the plea agreement and at the plea hearing is not unreasonable.

However, this conclusion does not mean that LG Chem's response was sufficient. First, it is improper to refer to documents produced in this litigation or to a transcript in responding to an interrogatory. *See Hash v. Cate*, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012) ("interrogatory responses . . . must contain facts, and the party responding must verify that those facts are true and correct to the best of his knowledge"); *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992) (holding that it was "totally improper" for party to designate its testimony at prior trial in response to interrogatories). Therefore, LG Chem must amend its response to state "all facts" which support its guilty plea; i.e., both the facts it admitted in its plea agreement and those admitted at the plea hearing. The amended response must also include the specific facts underlying Mr. Yoon's testimony during the plea colloquy. In response to Judge Gonzales Rogers' specific questioning, Mr. Yoon stated that officers within LG Chem's battery division participated in "about 20 or 30" discussions or meetings pertaining to the conspiracy. As to those specific discussions or meetings, LG Chem must identify when and where they took place; which individuals were present, including the companies they represented and their job titles; and the subjects discussed by the

5

participants. With respect to the seven documents identified by LG Chem as "relate[d] to conduct underlying" its guilty plea, it is not clear how these documents are responsive to the interrogatory. Therefore, LG Chem must supplement its response to provide clear, detailed statements of the responsive information it believes is contained in the documents, rather than merely referring to their existence.

Plaintiffs also argue that LG Chem's selective identification of Samsung SDI as a "likely co-conspirator," as well as its reference to the seven documents (all emails), result in subject matter waiver of the attorney client and work product protection under Federal Rule of Evidence 502. According to Plaintiffs, they are therefore entitled to all other underlying facts that LG Chem assessed and considered before pleading guilty. Rule 502 applies to disclosures of information covered by attorney-client privilege and work product protection. It provides that a waiver of the privilege or work product protection "extends to an undisclosed communication or information in a federal or state proceeding only if 1) the waiver is intentional; 2) the disclosed and undisclosed communications or information concern the same subject matter; and 3) they ought in fairness to be considered together." Fed. R. Evid. 502(a). "The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness: 'to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable.'" *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 471 (N.D. Cal. 2012) (citation omitted). The court finds that there has been no waiver of attorney-client privileged communications or work product protection here. The court has reviewed the documents LG Chem identified in its response. They appear to be internal LG Chem emails about pricing and contain factual information; none appear to contain or relay privileged communications or otherwise protected information. Similarly, LG Chem's identification of Samsung SDI as "a likely co-conspirator" states a fact; it is not privileged information.

Finally, the interrogatory asked LG Chem to "identify Persons with knowledge of Your Guilty Plea." This portion of the interrogatory is overly broad, as it encompasses individuals who are irrelevant to this action, e.g., anyone who has seen a news report on the guilty plea or seen a court

6

docket entry regarding the plea. Therefore, LG Chem's objection to this portion of the interrogatory is sustained.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel LG Chem to provide a further response to its interrogatory is granted in part and denied in part. LG Chem shall supplement its response in accordance with this order by no later than April 13, 2015.

Dated:   March 17, 2015



IT IS SO ORDERED
DONNA M. RYU
United States Magistrate Judge