UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR   (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 650 |

Plaintiffs and Defendant Toshiba Corporation ("Toshiba") filed a joint letter brief on February 13, 2015 regarding a dispute in which Toshiba claims that Plaintiffs' interrogatories contain subparts and therefore comprise more than the existing numerical limit on allowable interrogatories. [Docket No. 650 (Joint Letter).] On a related issue, all parties ask the court to modify the number of interrogatories each side may serve under Federal Rule of Civil Procedure 33(a). The court finds that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the parties' arguments and for the reasons set forth below, the court enters the following order.

**A.    Modification of Discovery Limitations**

As a threshold matter, the parties ask the court to modify the number of interrogatories each side may serve under Federal Rule of Civil Procedure 33(a). Plaintiffs propose that the court raise Rule 33(a)'s presumptive limit of 25 interrogatories to allow Plaintiffs collectively to serve 60 interrogatories on Defendants, and Defendants collectively to serve 60 interrogatories on Plaintiffs. [Docket No. 518 (Oct. 21, 2014 Case Management Statement).] In a supplemental filing, Plaintiffs clarified that under their proposal, any interrogatory that they propound would count as a single interrogatory, even if it is directed at multiple defendants or defendant families.

Defendants agree that Plaintiffs should be permitted to serve a total of 60 interrogatories on Defendants collectively, in the manner described by Plaintiffs. [Docket No. 674.] However, Defendants propose that as a group, they should be permitted to serve a total of 120 interrogatories on Plaintiffs. According to Defendants, permitting them to serve double the number of interrogatories allotted to Plaintiffs makes sense in light of Plaintiffs' disparate circumstances, as Plaintiffs include retailers of finished products, finished product wholesalers, and consumers. Additionally, certain Plaintiffs face unique circumstances such as bankruptcy (e.g., Circuit City). Defendants argue that these varied circumstances necessitate individualized interrogatories.

In response, Plaintiffs argue that there is no justification for granting Defendants a greater number of interrogatories. They assert that all litigants in this case are faced with gathering discovery regarding complex factual and legal issues. For example, Plaintiffs describe the disparate circumstances of the nine defendant families, and assert that fairness dictates that the parties be permitted an equal number of interrogatories.

The court finds that it is appropriate to adjust the number of interrogatories either side may propound. Plaintiffs collectively may serve 60 interrogatories on Defendants, and Defendants collectively may serve 60 interrogatories on Plaintiffs. The court will consider raising these limits if either side demonstrates good cause pursuant to Federal Rule of Civil Procedure 26(b)(2).

**B.      Dispute Regarding Toshiba's Responses to Interrogatories**

Also at issue in the joint letter are Toshiba's responses to Plaintiffs' interrogatories. Plaintiffs propounded three sets of interrogatories on Toshiba for a total of sixteen interrogatories. Toshiba argues that the interrogatories include discrete subparts and that the three sets actually contain a total of 69 interrogatories, thus exceeding both the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1), as well as the 60 interrogatories contemplated by the parties and now ordered by the court, as described above. Toshiba refused to provide substantive responses to the bulk of the interrogatories on that ground.

**1.      Legal Standard**

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). Although the rule does not define the term "discrete subparts," a number of courts have construed the term to mean that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of Am. v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citation omitted); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006); *see also* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1, at 39-40 (3d ed. 2010) ("it would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation.").

When served with interrogatories, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

**2. Analysis**

**i. Set One (Interrogatory Nos. 2-6)**

In Plaintiffs' set one, Toshiba challenges interrogatory nos. 2-6 as containing discrete subparts. Plaintiffs' interrogatory no. 2 asks Toshiba to describe its relationships with affiliates, joint ventures, or subsidiaries related to or involved in the manufacture, sale, marketing, or distribution of lithium ion rechargeable battery cells packs incorporating lithium ion rechargeable battery cells, or finished products incorporating such cells. The subparts seek information about the identification of those entities, as well as their functions, personnel, and mechanisms of oversight and control by Toshiba. Nos. 3 and 4 ask Toshiba for information about its own cell fabrication (no. 3) and battery packing facilities (no. 4) and those of its affiliates/joint ventures/subsidiaries. The subparts to those interrogatories seek information about the facilities,

3

including names and addresses, ownership, employees, dates of operation, description and amount of batteries produced, destination of products produced, production capacity, and monthly capacity-utilization rates. No. 5 asks about Toshiba's relationship with contract manufacturers of battery packs, and the subparts seek information about Toshiba's ownership or control of those packers, as well as time periods, products, and customers involved. No. 6 asks about customers to which Toshiba and its affiliates/joint ventures/subsidiaries sold battery cells, packs, or finished products, and seeks information about the identification of such customers, as well as their locations, purchases, and Toshiba's methods of negotiations.

The court finds that the subparts to interrogatory no. 2 are "subsumed within and necessarily related to the primary question[s]" because the subparts ask for details concerning a common theme, and accordingly, overrules Toshiba's compound objections to this interrogatory.[2] *See Safeco*, 181 F.R.D. at 445.

Interrogatory nos. 3 and 4 pose a closer question because the scope of the area of inquiry covered by the subparts is fairly broad. For example, in addition to basic information about cell fabrication and battery packing facilities, these interrogatories ask for the identification of "the amount and nature of each product produced at each facility" and the "methods used to track production capacity, capacity utilization, and inventory levels at each facility." Such information arguably goes beyond the scope of the main question, which focuses more on descriptions of the facilities and how they operate. Nos. 5 and 6 also arguably contain discrete subparts. No. 5 asks about Toshiba's relationship with any contract manufacturers and asks for general details about any such relationships, but goes on to inquire about specific contract terms (*see* 5(f)). No. 6 asks for general identifying information about customers to which Toshiba, its affiliates, joint ventures, or subsidiaries sold cells, packs, or finished products, but also seeks information about the exact products sold to each customer (*see* 6(f)).

---

[2] The court acknowledges Toshiba's point that Rule 33(a)(1) was only one of its objections to the interrogatories. (*See* Joint Letter 9.) The remaining objections are not before the court and the court expresses no opinion on them.

The court notes that Plaintiffs propounded the interrogatories in this set before discovery fully commenced. Plaintiffs did so in order to obtain information about Defendants' corporate structures, location of relevant facilities, and identification of customers. Plaintiffs originally proposed taking Rule 30(b)(6) depositions to obtain this information, but Defendants, including Toshiba, argued that such depositions would be burdensome and that interrogatories would be the appropriate means for discovery of such information. [Docket No. 459 (June 13, 2014 Joint Letter) 9-10.] At the July 2014 hearing, the court agreed with Defendants and ordered Plaintiffs to proceed via interrogatories pending the official opening of discovery by Judge Gonzales Rogers, once the pleadings were sufficiently settled. Here, Plaintiffs argue that the interrogatories in this set necessarily specified subparts so that they could obtain information at the level of detail they would have sought in the depositions that Defendants opposed. Given that the court ordered Plaintiffs to obtain this information by way of interrogatories instead of depositions, and in the interest of justice and fairness, the court will treat nos. 3, 4, 5, and 6 as individual interrogatories. Therefore, the court overrules the objections raised by Toshiba in this joint letter.[1] Plaintiffs' set one thus contains six interrogatories.

### ii.    Set Two (Interrogatory Nos. 1, 2, 7)

In Set Two, Defendants challenge interrogatory nos. 1, 2, and 7 as containing discrete subparts. Interrogatory no. 1 asks Toshiba to identify actual or proposed agreements with competitors relating to pricing, material inputs, production/output levels and inventory levels of cells and batteries. It also asks for details such as the names of participants in the agreements, as well as dates and terms of agreements and information about meetings regarding such agreements. No. 2 asks Toshiba to identify meetings or communications with competitors during the relevant time period regarding eight subjects, such as pricing, profit margins or market share, and production/output levels, and to provide details about the dates, participants, and subject matters of such meetings. These interrogatories each count as a single interrogatory, because the first

---

[1] Apparently, the same interrogatories were served on all other Defendants, and only Toshiba objected on this basis. (*See* Joint Letter 1.)

5

questions – identify agreements, meetings, and communications with competitors – are "primary," and the "subsequent questions are secondary to the primary question." *See Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997); *see also* Fed. R. Civ. P. 33, Advisory Committee Notes, 1993 amendment ("[a] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication").

Interrogatory No. 7 asks Toshiba to state whether it manufactured or sold more than a de minimis quantity of cells or packs without corresponding "Underwriter Laboratories ('UL') listed mark" within the relevant time period, and if so to identify those products and state their intended use. This question, which asks for a yes or no answer and then asks for additional information based upon the response, qualifies as a single interrogatory. *See, e.g., Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 665 (D. Kan. 2004) (finding interrogatory with subparts asking for more information where answer to preceding question was in the affirmative "relate to a common theme" and was properly considered a single interrogatory). Therefore, the court finds that Plaintiffs' second set of interrogatories contains nine interrogatories.

## C.  Conclusion

The court increases the number of interrogatories either side may propound beyond Rule 33(a)'s presumptive limits. Plaintiffs collectively may serve 60 interrogatories on Defendants, and Defendants collectively may serve 60 interrogatories on Plaintiffs. Plaintiffs' request for an order compelling Toshiba to provide full and complete responses to its three sets of interrogatories is GRANTED. Toshiba shall serve supplemental responses within thirty days of this order.

IT IS SO ORDERED.

Dated: March 17, 2015



_____
DONNA M. RYU
United States Magistrate Judge