United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 677 |

Plaintiffs and Defendant Toshiba Corporation ("Toshiba") filed a joint letter brief on March 11, 2015 regarding a dispute about Toshiba's production of worldwide transaction-level sales data for lithium ion battery cells and packs. [Docket No. 677 (Joint Letter).] The court finds that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

**I. Background**

On November 14, 2014, the court issued an order regarding discovery. Among other things, it ordered Defendants to immediately begin producing transactional data regarding sales of lithium ion battery cells and packs ("transaction-level sales data") on a rolling basis, and set February 27, 2015 as the deadline for the completion of the production of such data. [Docket No. 555.] It also set a briefing and hearing schedule for disputes about three categories of information. The joint discovery letter on any dispute regarding the geographic scope of transaction-level sales data was due by December 2, 2014.

On December 2, 2014, Plaintiffs and Defendant groups Panasonic, Sanyo, Sony, NEC, and GS Yuasa (the "objecting Defendants") submitted a joint letter setting forth their dispute regarding the production of worldwide transaction-level sales data. [Docket No. 590 (Dec. 2, 2014 Letter).] The parties' dispute centered around those Defendants' objections to the production of such data

on the bases of relevance and burden. In the letter, Plaintiffs represented that Defendants/Defendant groups Samsung, LG Chem, Hitachi Maxell, and Toshiba Corp. (the "non-objecting Defendants") had agreed to produce worldwide transaction-level sales data. (Dec. 2, 2014 Letter 1.) In a supplemental statement filed on December 16, 2014, the parties set forth the following agreement between Plaintiffs and Toshiba:

> Toshiba Corp. will produce its worldwide transaction-level sales and cost data for lithium ion battery cells and packs for the period 1997 to 2007, at which time Toshiba Corp. stopped delivering those products. Toshiba Corp. also will produce United States transaction-level sales and cost data for lithium ion battery cells and packs from its United States affiliate, Toshiba America Electronic Components, Inc. ("TAEC"), for the period 1997 to 2004, at which time TAEC stopped selling those products. The sales databases for Toshiba Corp. and TAEC also contain certain cost data for lithium ion battery cells and packs, which Toshiba Corp. will produce. **Toshiba Corp. has not placed geographic restrictions on its production of transactional sales data.** Toshiba Corp. will provide Plaintiffs with information sufficient to show the meaning of various codes and fields within the transactional data. Toshiba Corp. expects to produce the majority of its data in December 2014 and to complete its production in January 2015.

[Docket No. 606 (Statement re Agreements) 2-3 (emphasis added).]

The court held a hearing on Plaintiffs' worldwide data dispute with the objecting Defendants on December 18, 2014. It issued an order on December 23, 2014 stating that the non-objecting Defendants, including Toshiba, had "agreed to produce worldwide transaction-level (i.e., non-aggregated) data . . . where available." [Docket No. 624 (Dec. 23, 2014 Order) 1 n.1.] As to the worldwide data dispute, the court held that "data relating to sales to foreign companies of cells and packs incorporated into finished products that were neither sold in the United States nor destined for United States buyers" was irrelevant and stated that "[a]n Objecting Defendant need not produce sales or cost data related to these 'foreign finished products' if the Objecting Defendant can demonstrate that the data meets the court's definition." (Dec. 23, 2014 Order 2.) It set a schedule for Plaintiffs and certain Objecting Defendants to complete the meet and confer process by January 29, 2015 and to file any joint letter regarding outstanding disputes by February 9, 2015. (Dec. 23, 2014 Order 3-4.)

On February 27, 2015, the last day to complete production of transaction-level sales data,

1    Toshiba for the first time informed Plaintiffs that it was "not producing internal sales data
2    regarding [lithium ion batteries] used in finished products that were neither sold in the United
3    States nor destined for United States buyers." (Joint Letter 1.) Plaintiffs now move to compel
4    Toshiba to produce this data.

## II. Discussion

Toshiba has withheld "information regarding Toshiba's internal sales of batteries where the Toshiba-affiliated entity was located abroad and where the battery was not for use in a finished product that was sold in the United States nor destined for United States buyers." (Joint Letter 6.) It argues that it need not produce "data that the Court had already determined to be irrelevant," and that the production of irrelevant information is an "inherently undue burden." (Joint Letter 6-8.) Toshiba asks the court to weigh the burden of producing the information against the need for the information in the case.

Plaintiffs argue that Toshiba's refusal to produce certain sales data violates its previous agreement to produce data without any geographic restrictions and representations regarding the same to the court, as well as the December 23, 2014 order placing the burden on the Objecting Defendants to demonstrate that data met the court's definition of "foreign finished products" in order to withhold it from production. The court agrees. The court heard argument on the Objecting Defendants' relevance and burden objections at the December 18, 2014 hearing. At no point during that hearing did Toshiba join the dispute, assert objections, or state that it would withhold data contrary to its express representations to Plaintiffs and the court. The court subsequently set a schedule for the parties to meet and confer and submit remaining disputes to the court for resolution. Again, at no point did Toshiba seek to participate in that process. Toshiba does not offer any justification for why it waited until the end of February to notify Plaintiffs of its position, only stating that "the existence of irrelevant sales within Toshiba's internal sales data was something that had only come to light shortly before the production." (Joint Letter 7.) Yet Toshiba did not seek relief from the court. Instead, on the deadline by which all worldwide transaction-level sales data was to be produced, Toshiba unilaterally declared that it would not produce data that it had determined met the court's definition of "foreign finished products." The

3

court finds that Toshiba's objections to producing certain data on relevance and burden grounds are untimely and are overruled.

### III. Conclusion

An agreement is an agreement. Plaintiffs' motion to compel Toshiba to produce all of its worldwide transaction-level sales data for lithium ion battery cells and packs is GRANTED. Toshiba shall complete its production of such data in accordance with its December 16, 2014 representations within fourteen days of this order.

IT IS SO ORDERED.

Dated: April 1, 2015



DONNA M. RYU
United States Magistrate Judge