

June 3, 2015

**VIA ELECTRONIC CASE FILING (ECF)**

The Honorable Yvonne Gonzalez Rogers
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 1 - 4th Floor
1301 Clay Street
Oakland, CA 94612

        RE:    *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420 YGR (DMR) (N.D. Cal.) - Plaintiffs' Response to Toshiba's Pre-Filing Conference Letter for Early Summary Judgment

Your Honor:

        Indirect Purchaser Plaintiffs and Direct Purchaser Plaintiffs (collectively, "Plaintiffs") hereby respond to Defendant Toshiba Corporation's May 29, 2015 pre-filing conference letter regarding its early summary judgment motion (ECF No. 723).

**Toshiba's Motion for Summary Judgment**

        Once discovery has occurred, Plaintiffs anticipate they will oppose Toshiba's proposed motion for summary judgment because it turns on disputed issues of material fact. For instance, Toshiba claims that it exited from the lithium ion battery industry in late 2004 and that by doing so it withdrew from the alleged conspiracy. However, Toshiba's own transactional sales data indicate that the company continued to sell lithium ion batteries through at least December 2007, possibly later. In addition, Toshiba has indicated that it made no attempt to notify any government entity of any conspiracy to fix, raise, stabilize, or maintain the price of lithium ion battery cells. Because Toshiba remained silent, the fact that Toshiba and its co-conspirators fraudulently concealed the conspiracy will be squarely at issue. Under that doctrine, even if Toshiba effectively withdrew from the conspiracy, it is nevertheless liable for at least some portion of Plaintiffs' injuries, because fraudulent concealment would toll the running of the statute of limitations with respect to those injuries until June 2011 (when reports of the investigations into anticompetitive conduct concerning lithium ion batteries were first publicly disseminated). *See, e.g.*, *In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777, 789-90 (N.D. Cal. 2007) (holding fraudulent concealment allegations tolled limitations period until when DOJ antitrust investigation was first disclosed, even though one defendant claimed withdrawal).

**Proposed Briefing Schedule**

Plaintiffs have repeatedly invited Toshiba to proceed with its summary judgment motion. Toshiba could and should have filed it months ago. In fact, Toshiba has indicated at various times that it intended to file its motion as early as January 30, 2015 and as late as May 15, 2015. Not until Toshiba filed its letter with this Court last week did Plaintiffs learn of Toshiba's most recent proposal to file its motion for summary judgment on June 30, 2015. As Plaintiffs have explained to Toshiba, it would be far easier to discuss a schedule for opposing the motion with the motion itself and supporting materials in-hand. However, Toshiba has demanded that Plaintiffs agree to a hard opposition deadline in advance of receiving the motion and affidavits, and that appears to be its position now in its pre-filing papers.

Toshiba should not wait until June 30th to file its motion. Toshiba should file it *now* (since the proposed September 28th response date is driven by the anticipated completion of discovery, not brief-writing, it would presumably remain the same). However, to the extent Toshiba wants to wait another approximately four weeks, Plaintiffs agree to Toshiba's proposed briefing schedule, reserving the right to seek to move the date or to oppose the motion pursuant to Rule 56(d) if necessary. Toshiba's delay in providing discovery and proceeding on its motion means that Plaintiffs must now address this matter in the midst of also preparing their class certification papers, making the schedule more difficult (and the chance that it will need to be modified more likely).[1] Also, to speed the process along, Plaintiffs respectfully request that the Court confirm in its scheduling order that depositions of all Toshiba's witnesses will proceed in the Northern District of California; the delays and difficulties associated with taking these depositions in Japan would inhibit the parties' ability to comply with the proposed briefing schedule.[2]

---

[1] The issue of fraudulent concealment also implicates the sufficiency of discovery of the other Defendants, as any one Defendant's concealment of the conspiracy would toll the statute of limitations. Indeed, emails detailing conspiratorial meetings from as early as February 2004 that are referenced in Plaintiffs' complaints implore their recipients to "[p]lease discard after reading." *See* ECF No. 415 at ¶ 303. The Court credited these types of allegations in its order on the original motions to dismiss. *See In re Lithium Ion Batteries Antitrust Litig.*, 13-md-2420 YGR, 2014 WL 309192, at *16 (N.D. Cal. Jan. 21, 2014). Further discovery of all Defendants is anticipated to reveal other acts of fraudulent concealment by the alleged conspirators.

[2] *See* http://japan.usembassy.gov/e/acs/tacs-7116.html#dep (last checked June 3, 2015) (describing the complexity of taking depositions in Japan, and noting that the deposition room at the U.S. Embassy in Tokyo, Japan, which seats only 8 people, is presently unavailable until mid-August 2015).

Toshiba's accusation that Plaintiffs are engaged in a "fishing expedition" by asking for additional custodians is neither meritorious nor germane to its motion for summary judgment. Nearly four months after the parties had concluded custodian negotiations, Toshiba served supplemental interrogatory responses that identified five people whom Toshiba had never previously disclosed as having had competitor meetings and one person whom Toshiba previously represented did not have relevant information. Toshiba has now agreed to provide Plaintiffs with additional information about these individuals, and the parties will be able to determine in due course whether production of their documents should be prioritized. If the parties are not able to resolve this issue, they can address their concerns with Magistrate Judge Ryu.

Finally, Toshiba requests that the Court "refer" the parties to Judge Ryu to discuss limitations on Plaintiffs' discovery requests. The parties have been talking about discovery for months. Toshiba has not identified any issues over which there is an actual impasse ripe for judicial resolution. Plaintiffs respectfully suggest that Toshiba separately and explicitly identify the matters on which it believes there is an impasse so that the parties can meet and confer on them prior to proceeding before Judge Ryu.

Respectfully submitted,

| | |
|---|---|
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | PEARSON, SIMON & WARSHAW, LLP |
| By  /s/ Marc A. Pilotin   <br>     MARC A. PILOTIN | By  /s/ Aaron M. Sheanin   <br>     AARON M. SHEANIN |
| HAGENS BERMAN SOBOL SHAPIRO LLP | SAVERI & SAVERI, INC. |
| By  /s/ Shana E. Scarlett   <br>     SHANA E. SCARLETT | By  /s/ Carl N. Hammarskjold   <br>     Carl N. Hammarskjold |
| COTCHETT, PITRE & McCARTHY, LLP | BERMAN DEVALERIO |
| By  /s/ Demetrius X. Lambrinos   <br>     DEMETRIUS X. LAMBRINOS | By  /s/ Jessica Moy   <br>     JESSICA MOY |
| *Co-Lead Counsel for Indirect Purchaser Plaintiffs* | *Co-Lead Counsel for Direct Purchaser Plaintiffs* |

CC: Counsel of Record (via ECF)

## **ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories thereto.

Dated:  June 3, 2015	By:	*/s/ Marc A. Pilotin*
	Marc A. Pilotin