UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES<br>ANTITRUST LITIGATION | Case No. 13-md-02420-YGR   (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br>Re: Dkt. No. 745 |

Plaintiffs and Defendants LG Chem Ltd. and LG Chem America, Inc. (collectively, "LG Chem") filed a joint letter brief in which Plaintiffs move to compel LG Chem to supplement its response to an interrogatory. The court held a hearing on August 13, 2015. For the following reasons, as well as those stated at the hearing, Plaintiff's motion to compel is granted.

**I. Background**

In July 2013, the United States Department of Justice charged LG Chem, Ltd. with violating Section 1 of the Sherman Act, 15 U.S.C. § 1, by engaging in a criminal conspiracy to fix the prices of cylindrical lithium ion battery cells sold in the United States and elsewhere for use in notebook computer battery packs. (*United States v. LG Chem*, Ltd., No. 13-cr-0473 YGR (N.D. Cal. July 18, 2013) Information.) LG Chem, Ltd. entered into a plea agreement in September 2013. At the October 10, 2013 plea hearing, LG Chem, Ltd.'s representative, Heung Ryul Yoon, Vice President/Legal Department, testified that officers within LG Chem, Ltd.'s battery division participated in "about 20 or 30" discussions or meetings related to the charged conspiracy.

In March 2015, the undersigned ordered LG Chem, Ltd. to amend its response to an interrogatory propounded by Plaintiffs asking for "all facts" which supported the guilty plea. With respect to Yoon's testimony regarding the "20 or 30" discussions or meetings pertaining to the conspiracy, the court ordered LG Chem, Ltd. to "identify when and where they took place; which

individuals were present, including the companies they represented and their job titles; and the subjects discussed by the participants." *In re: Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420 YGR (DMR), 2015 WL 1223972, at *3 (N.D. Cal. March 17, 2015).

The dispute in the instant joint letter pertains to LG Chem's response to Plaintiffs' Interrogatory No. 2, Set 2. It asks for information about LG Chem's meetings and communications with other lithium ion battery producers that occurred during the alleged class period, as follows:

> Identify meetings or communications during the Relevant Time Period between (i) You and other producer(s) or seller(s) of Lithium Ion Battery cells and/or Lithium Ion Batteries, including the named Defendants in this coordinated proceeding (but not including Your corporate subsidiaries) regarding Lithium Ion Battery Cells and/or Lithium Ion Batteries pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production/output levels, inventory, customers, or sales. "Identify" means to provide the date of the meeting or communication, name the person(s) who attended and/or participated in the meeting or communication, and describe the subject matter discussed and any information You provided or received.

(Joint Letter Ex. A part 1.)

In response, LG Chem provided a chart identifying 63 separate meetings or communications, and listing the date, name and affiliation of attendees, as well as the type of contact (e.g., meeting, email, telephone call) for each. In lieu of listing the "subject matter discussed and any information . . . provided or received," and in reliance on Federal Rule of Civil Procedure 33(d), LG Chem directed Plaintiffs to over 1,700 pages[1] it had produced, "which reflect the subject matter discussed in the previously identified meetings and conversations." (Joint Letter Ex. A part 2.) Plaintiffs challenge this response as evasive and incomplete because it does not include the subjects discussed and any information provided or received for each meeting or communication identified by LG Chem.[2]

---

[1] At the hearing, LG Chem clarified that the Bates range of documents identified in its response, LGC-MDL0000001-0001725, consists of 278 individual documents (which may be multiple pages) and their English translations, which altogether comprise the approximately 1700 pages.

[2] Plaintiffs represented that they had served the same interrogatory on the other defendants, all of

2

**II. Legal Standard**

When served with interrogatories, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). An answer to an interrogatory should be complete in itself:

> [A]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations and quotation marks omitted). However, if an answer to an interrogatory may be determined by "examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Fed. R. Civ. P. 33(d).

**III. Discussion**

LG Chem contends that its response to Interrogatory No. 2, Set 2 is sufficient. It argues that it properly relied upon Rule 33(d) by identifying particular documents in lieu of providing a written response to a portion of the interrogatory. LG Chem further asserts that Plaintiffs should obtain the requested material through deposition, which is a more appropriate discovery vehicle for the information sought. Finally, LG Chem argues that it has already identified the subject matter of the meetings per the interrogatory's own terms and is not obligated to respond further.

Pursuant to Rule 33(d), a party's response to an interrogatory may refer to business records or abstracts only "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. Pro. 33(d). "A requesting party claiming an inappropriate use

---

whom responded in an adequate manner, and without resort to Rule 33(d).

3

of Rule 33(d) must make a prima facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents or because it is too difficult to extract." *RSI Corp. v. Int'l Bus. Machines Corp.*, No. 08–CV–3414 RMW, 2012 WL 3095396, at *1 (N.D. Cal. July 30, 2012) (internal citations omitted). The burden then shifts to the responding party to show that "(1) a review of the documents will actually reveal answers to the interrogatories; and (2) the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party served." *Id.* (citation omitted).

Here, Plaintiffs argue that they cannot derive complete answers to the interrogatory from the referenced documents for two reasons. First, they claim that the authors of internal emails recognized that they needed to be "circumspect about what they put in writing," promising to share details in person that were not included in the emails. (Joint Letter 3.) For example, in one email chain, a writer stated that he or she would provide "more details" and "additional reports" in person, to which another writer mentioned "internal and external security regarding the email" in response. (Joint Letter 3 (citing LGC-MDL0000571-74).) Another person stated in an email that he or she would "share additional information on the phone." (LGC-MDL0000305.) Therefore, the authors of the documents themselves acknowledge that the writings are incomplete. Second, the authors of the emails used code names and symbols to refer to competitors, effectively frustrating outsiders' attempts to comprehend the communications. The court finds that Plaintiffs have made a prima facie showing that LG Chem's use of Rule 33(d) is inadequate because the information is not fully contained in the documents and may be difficult to extract.

The burden thus shifts to LG Chem to demonstrate that a review of the documents will reveal answers to the interrogatory, and that the burden of deriving the answers is substantially the same for either party. LG Chem does not dispute Plaintiffs' characterization of the documents as cryptic and alluding to unwritten details. Instead, it argues that to the extent the emails contain codes, such codes do not pertain to the information sought by Plaintiffs' interrogatory. Therefore, decoding is not necessary to understand the responsive information contained in the documents. LG Chem also asserts that to the extent witness testimony is required to fill in the gaps, such as

4

furnishing the details that the email authors promised to provide in person or over the phone, Plaintiffs can depose the necessary individuals. (Joint Letter 7.) As to the burden associated with obtaining answers from the documents, LG Chem states that the identified documents are the very same ones it would review in order to provide the supplemental responses sought by Plaintiffs in this dispute. Therefore, LG Chem argues, the burden on either party to ascertain the answers from the documents is equal.

LG Chem's arguments are unpersuasive. Its assertion that Plaintiffs can obtain the missing information through deposition is a concession that the documents themselves do not contain all of the responsive material. That alone is fatal to LG Chem's Rule 33(d) argument, since reference to the identified documents is admittedly insufficient. It is LG Chem's burden to show that the documents contain complete answers to the interrogatory. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325 (N.D. Ill. 2005) ("Invocation of [Rule 33(d)] requires first that the information actually be obtainable from the documents."). While some pertinent information may be found in the documents, this is not enough: Plaintiffs are entitled to a complete response. *See id.* at 326 (granting motion to compel further response to interrogatory that asked for information about communications with other producers, suppliers, or distributors; noting that "even if a partial answer could be obtained from [reviewing documents identified by defendant], the plaintiffs are entitled to complete disclosure").

LG Chem argues that depositions are the more appropriate vehicle for obtaining the discovery now sought by Plaintiffs. According to LG Chem, Plaintiffs plan to depose at least three current or former LG Chem employees who participated in the communications, and Plaintiffs are free to ask these individuals for details about the contacts. LG Chem cites cases in which courts have held that written interrogatories are an inadequate substitution for depositions when the "goal is discovery of a witness' recollection of conversations." (Joint Letter 6 (citing, e.g., *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1992)).) However, such cases are distinguishable, in that the parties propounding the interrogatories in question sought detailed, narrative descriptions of communications, rather than the kind of summary information sought by

5

1  Plaintiffs here, as discussed below. Moreover, while depositions may be necessary to flesh out the
2  details of the communications, the interrogatory response may assist Plaintiffs in deciding how
3  best to allocate their limited deposition opportunities.

4  Finally, LG Chem argues that it has already identified the subject matter of the meetings
5  per the interrogatory's own terms. The interrogatory asks LG Chem to identify meetings or
6  communications regarding specific subjects, e.g., pricing, price increase announcements, terms or
7  conditions of sales, and production/output levels. LG Chem contends that by definition, it has
8  "identified" the subject matter by including a particular meeting or communication as responsive
9  to the interrogatory. This argument is not compelling. Without more, Plaintiffs are not able to
10 discern which of the enumerated subjects were discussed at particular meetings.

11 For these reasons, the court finds that LG Chem's use of Rule 33(d) to respond to
12 Plaintiffs' interrogatory is inappropriate. LG Chem must supplement its response to identify the
13 subject matter discussed and any information LG Chem provided or received in each meeting or
14 communication. LG Chem need not prepare detailed narrative responses. At the hearing,
15 Plaintiffs confirmed that their interrogatory seeks fairly generalized information. The court finds
16 that LG Chem's response to an earlier interrogatory provides a good example of the appropriate
17 level of detail required here. (Aug. 13, 2015 Hr'g Tr. at 12: "Panasonic shared information about
18 various topics, including production facilities, capacity, product development, quality
19 improvements, its lack of Korean customers, and its concern about cobalt prices.")

## IV. Conclusion

21 For the foregoing reasons, Plaintiffs' motion to compel is granted. At the conclusion of the
22 hearing, the court ordered LG Chem to provide a supplemental response to Interrogatory No. 2,
23 Set 2 by no later than August 27, 2015.

24 IT IS SO ORDERED.

25 Dated: August 21, 2015



DONNA M. RYU
United States Magistrate Judge