UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES<br>ANTITRUST LITIGATION | Case No. 13-md-02420-YGR   (DMR)<br><br>**ORDER ON PLAINTIFFS' MOTION TO CONTINUE DEPOSITION OF HIROSHI KUBO**<br><br>Re: Dkt. No. 803 |

Plaintiffs filed a motion to continue the deposition of Hiroshi Kubo, a current Toshiba Corporation ("Toshiba") employee who is one of three affiants supporting Toshiba's motion for summary judgment. [Docket No. 803.] Toshiba filed an opposition. [Docket No. 809.] On August 27, 2015, the Honorable Yvonne Gonzalez Rogers referred the matter to the undersigned for resolution. [Docket No. 818.] The court finds this matter appropriate for resolution without a hearing pursuant to Civil Local Rule 7-1(b). For the following reasons, Plaintiffs' motion is granted.

**I. Discussion**

Kubo's deposition is currently set for September 3-4, 2015 in San Francisco, California. On August 14 and 17, 2015, Toshiba produced over 2,100 documents (totaling over 4,000 pages) from Kubo's custodial files, virtually all of which are in Japanese. Plaintiffs ask the court to continue Kubo's deposition to October 1, 2015 at the earliest, arguing that they would otherwise be prejudiced in their ability to review the recent document production and obtain the necessary certified translations in advance of Kubo's deposition as currently scheduled. Plaintiffs also ask the court to alter Judge Gonzalez Rogers's June 8, 2015 order setting the briefing schedule for Toshiba's motion for summary judgment so that their opposition is due 28 days from the

conclusion of Kubo's deposition.[1]

Toshiba opposes the motion. First, it argues that Plaintiffs' July 21, 2015 deposition notice to Kubo included a document request that demanded production by August 19, 2015. Toshiba contends that it produced responsive documents by the requested deadline, and therefore a continuance of Kubo's deposition is not warranted. Toshiba also argues that Plaintiffs have failed to show substantial harm or prejudice that would result from conducting Kubo's deposition as scheduled.

Having reviewed the record, the court finds that Toshiba's mid-August 2015 document productions were untimely and prejudicial. On February 18, 2015, Toshiba represented that it would "produce documents from the files of our affiants [in support of Toshiba's motion for summary judgment] **by May 1, 2015**," and that "[t]he production would include documents responsive to Plaintiffs' Requests for Productions served to date." (Pilotin Decl., Aug. 20, 2015, Ex. B (emphasis added).) In fact, Toshiba did not produce documents from Kubo's custodial files until June 10, 2015. (Pilotin Decl. Ex. E.) In mid-August, Toshiba produced an additional 2,100 documents "after a final review of Mr. Kubo's files to ensure that all responsive, non-privileged documents had been provided to Plaintiffs." (Hogue Decl., Aug. 23, 2015, ¶ 7.)

Toshiba's argument that its mid-August 2015 production was timely made in response to the document requests accompanying Kubo's deposition notice is unpersuasive. Toshiba has admitted that the requests attached to the deposition notice asked for the same information made in Plaintiff's previous document requests. (*See* Pilotin Decl. Ex. G (Aug. 12, 2015 letter from Toshiba counsel to Plaintiffs' counsel: "Plaintiffs' prior discovery requests cover virtually all of the information requested in the [deposition] notices," and "to the extent the prior discovery requests sought the same information as the [requests for production attached to the Kubo deposition notice], that information has been produced.").)

---

[1] The briefing schedule currently provides that Plaintiffs' opposition is due within 35 days after the last deposition of Toshiba's affiants. The parties have determined that the last affiant deponent will be Kubo. [Docket No. 729.] Toshiba's reply is due within 30 days after the opposition is filed. [Docket No. 727.]

.

Case 4:13-md-02420-YGR   Document 822   Filed 08/31/15   Page 3 of 3
clear

Toshiba concedes this again in the cover letters accompanying its August 14 and 17, 2015 production of documents from Kubo's custodial file.  In those letters, Toshiba does not represent that the documents are being produced in response to the deposition notice.  Rather, Toshiba states that the documents **"are produced in response to Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' Third and Fourth Sets of Requests for Production of Documents to All Defendants and Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' First Set of Requests for Production"** to Toshiba.  (Pilotin Decl. Ex. H; Hogue Decl., Aug. 23, 2015, Ex. D.)  In sum, Toshiba has admitted that the Kubo documents produced on August 14 and 17, 2015 were responsive to Plaintiffs' earlier discovery requests.  Accordingly, they should have been produced as promised in May 2015.  Toshiba's August productions were untimely, and Toshiba offers no explanation or justification for its late production.  The prejudice arising from late production of thousands of pages of Japanese language documents is manifest.

Plaintiffs' motion to continue is GRANTED.  The parties shall meet and confer regarding rescheduling Kubo's deposition to take place on or after October 1, 2015.  Plaintiffs' opposition to Toshiba's motion for summary judgment is due within 28 days after completion of the Kubo deposition.  Toshiba's reply is due within 30 days after the opposition is filed.

IT IS SO ORDERED.

Dated: August 31, 2015



DONNA M. RYU
United States Magistrate Judge