*Direct Purchaser Plaintiffs*
*Interim Co-Lead Class Counsel*

*Indirect Purchaser Plaintiffs*
*Interim Co-Lead Class Counsel*

[All Counsel Identified on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Direct and Indirect Purchaser Actions | CASE NO. 13-MD-2420-YGR<br><br>MDL No. 2420<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: October 2, 2015<br>Time: 9:30 a.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Location: Courtroom 1, 4th Floor |

Pursuant to the Court's August 26, 2015 Order Setting Status Conference (ECF No. 816), counsel for Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Class Plaintiffs") and Defendants[1] respectfully submit this Joint Statement in advance of the Case Management Conference scheduled for October 2, 2015 at 9:30 a.m. Because the Court is familiar with the factual allegations, legal issues, and procedural posture of this case, this Joint Statement focuses on those topics that one or more parties believe are necessary to advance the litigation.

The principal matter at issue is the schedule. Despite the good faith and diligence of both sides, Class Plaintiffs have not yet advanced their analyses of Defendants' transactional sales and cost data (and other discovery) to the point where they believe they can file class certification motions on November 30, 2015. Likewise, given the significant amount of data, the still unknown number of potential products and class members in each case, and the need for substantial deposition and expert discovery in response to Class Plaintiffs' certification motions, Defendants estimate that they will require additional time to oppose the motions once they are filed. The parties have met and conferred and mutually request that the deadline to file class certification motions be extended by 46 days to January 15, 2016 and that the deadline for oppositions be extended by 76 days to May 24, 2016 (with the reply deadline also to be extended 76 days to August 22, 2016, leaving the amount of time on reply unchanged). The reasons for this joint request are set forth below, in addition to certain other matters.

I. **WORK PERFORMED IN THE CASE TO DATE**

Since the last Case Management Conference on October 30, 2014, the parties have been working diligently to advance this litigation. Class Plaintiffs have pursued discovery, to which Defendants have responded and produced documents, in the following areas: transactional data, written discovery, discovery motions, custodian negotiations, search term negotiations, document

---

[1] Defendants include Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic"); SANYO Electric Co., Ltd. and SANYO North America Corporation (collectively, "Sanyo"); Sony Corporation, Sony Energy Device Corporation, Sony Electronics Inc. (collectively, "Sony"); Hitachi Maxell, Ltd. and Maxell Corporation of America (collectively, "Hitachi Maxell"); LG Chem, Ltd. and LG Chem America, Inc. (collectively "LG Chem"); Samsung SDI Co., Ltd and Samsung SDI America, Inc. (collectively, "SDI"); Toshiba Corporation ("Toshiba"); NEC Corporation, and NEC TOKIN Corporation.

review and production, and depositions. Defendants also have propounded written discovery, to which Class Plaintiffs have responded and produced documents, except for those Indirect Purchaser Plaintiffs who are seeking to withdraw their representation and are the subject of a discovery motion discussed below. Meet and confers with respect to some of the parties' discovery responses are ongoing.

### A. Transactional Data

Class Plaintiffs served requests for production of Defendants' transactional data on August 1, 2014. On November 14, 2014, Magistrate Judge Ryu ordered Defendants to complete their productions of sales and cost data for lithium ion battery cells and packs by February 27, 2015 and to complete their productions of sales data for lithium ion battery finished products and capacity and utilization data for lithium ion battery cells and packs by April 30, 2015. *See* Order on Joint Discovery Letter Re Deposition Protocol and Joint Discovery Status Report, ECF No. 555. Defendants produced approximately 2,500 files of transactional data comprised of a multitude of different and varied fields from 60 different databases. Some datasets were produced in whole or in part in Japanese or Korean, necessitating translation.

Since Defendants produced their data, Class Plaintiffs' experts have undertaken the time-consuming process of analyzing and structuring the data so that they can make inter-Defendant comparisons. As is common in complex antitrust cases, Class Plaintiffs and Defendants have worked together at length to understand the intricacies of the data. These analyses have been complicated by a number of factors: a large amount of the data are in foreign languages; company personnel who understand the data frequently do not speak English and are located halfway across the world; and certain data are from archived systems as to which there may be nobody at the company left who understands the intricacies of the database or system. Furthermore, the dataset here is among one of the largest produced in an electronics component case venued in the Northern District, due to the multiplicity of products containing lithium ion batteries.

Class Plaintiffs sent detailed letter questionnaires to each Defendant beginning as early as February 25, 2015, with follow-up letters continuing through September 15, 2015. Class Plaintiffs agreed that they would not seek 30(b)(6) testimony on topics relating to Defendants' transactional

data if Defendants provided sufficient responses to the questionnaires. Each Defendant has provided some level of response, frequently running to tens of pages. In addition, Defendants have produced hundreds of documents useful for deciphering the sales data, including data dictionaries, product number decoders, and product specification sheets. Many Defendants are still investigating certain of Class Plaintiffs' questions.

| Defendant | Class Plaintiffs' Letters | Defendant Responses | Notes |
|---|---|---|---|
| Hitachi Maxell | 3/18/2015 | 7/24/2015 | Answers to certain questions require follow-up: investigation is continuing. |
| | 8/18/2015 | 9/11/2015; 9/21/2015 | Class Plaintiffs are evaluating September 11 and 21, 2015 responses for completeness. |
| LG Chem | 4/21/2015 | 7/30/2015; 8/25/2015; 8/28/2015; 9/2/2015 | Answers to certain questions require follow-up; investigation is continuing. |
| NEC Corp. | 6/3/2015 | 8/12/2015 | Answers to certain questions require follow-up; investigation is continuing. |
| | 8/14/2015 | | Responses forthcoming September 29, 2015. |
| NEC TOKIN | 6/3/2015 | 8/7/2015 | Answers to certain questions require follow-up; investigation is continuing. |
| | 8/14/2015 | | Responses forthcoming September 29, 2015. |
| Panasonic | 3/17/2015 | 5/27/2015; 9/4/2015 | Complete. |
| | 6/15/2015 | 9/21/2015 | Answers to certain questions require follow-up; investigation is continuing. |
| | 8/24/2015 | | Responses forthcoming. |
| Sanyo | 3/19/2015 | 7/23/2015; 9/4/2015 | Complete. |
| | 6/15/2015 | 9/21/2015 | Answers to certain questions require follow-up; investigation is continuing. |
| | 8/24/2015 | | Responses forthcoming. |

| Defendant | Class Plaintiffs' Letters | Defendant Responses | Notes |
|---|---|---|---|
| SDI | 3/24/2015 | 7/31/2015 | Complete. |
| | 3/31/2015 | 7/31/2015; 8/24/2015; 8/28/2015 | Complete. |
| | 8/24/2015 | | Responses forthcoming. |
| Sony | 2/25/2015 | 4/7/2015 | Complete. |
| | 5/3/2015 | 9/8/2015; 9/24/2015 | Substantially complete; answers to certain questions require follow-up. |
| | 7/21/2015 | 9/8/2015; 9/24/2015 | Substantially complete; answers to certain questions require follow-up. |
| | 9/9/2015 | 9/24/2015 | Substantially complete; answers to certain questions require follow-up. |
| Toshiba | 3/31/2015 | 7/2/2015 | Complete. |
| | 8/3/2015 | | Responses forthcoming. |
| | 9/15/2015 | | Responses forthcoming. |

Class Plaintiffs would like to conclude this process so their experts are able to analyze the data and prepare their reports in support of Class Plaintiffs' motions for class certification.

### B. Written Discovery

Since the last Case Management Conference, Class Plaintiffs served two sets of interrogatories and two sets of requests for production of documents on all Defendants, as well as several interrogatories and requests for production on certain individual Defendants. The parties engaged in extensive meet and confers throughout the spring that resulted in Defendants' agreements to produce certain documents and to provide, in some instances, supplemental written responses to interrogatories. The most recent set of supplemental interrogatory responses was served on August 31, 2015, and another set is expected to be served by September 25, 2015.

### C. Discovery Motions

The parties have pursued the following discovery disputes:

| **CLASS PLAINTIFFS' MOTION** | **DISPOSITION** |
|---|---|
| Motion to Compel Defendants' Production of Worldwide Transaction-Level Sales and Cost Data, ECF No. 590 (Dec. 2, 2014) | Order granting in part and denying in part, ECF No. 624 (Dec. 23, 2014) |
| Motion for Resolution of Disputed Provision of Search Term Protocol, ECF No. 633 (Jan. 16, 2015) | Guidance provided by Court during hearing (Feb. 19, 2015) |
| Motion to Compel LG Chem Regarding the Sufficiency of its Interrogatory Response, ECF No. 644 (Feb. 6, 2015) | Order granting in part and denying in part, ECF No. 689 (Mar. 17, 2015) |
| Motion to Compel Toshiba's Response to Interrogatories, ECF No. 650 (Feb. 13, 2015) | Order granting, ECF No. 690 (Mar. 17, 2015) |
| Motion to Compel Toshiba to Produce Worldwide Transaction-Level Sales Data, ECF No. 677 (Mar. 11, 2015) | Order granting, ECF No. 710 (Apr. 1, 2015) |
| Motion to Compel LG Chem to Supplement its Interrogatory Response, ECF No. 745 (July 24, 2015) | Order granting, ECF No. 805 (Aug. 21, 2015) |
| Motion to Continue Deposition of Toshiba's Hiroshi Kubo, ECF No. 803 (Aug. 20, 2015) | Order granting, ECF No. 822 (Aug. 31, 2015) |
| Motion to Compel Deposition of LG Chem's Seok Hwan Kwak, ECF No. 764 (Aug. 7, 2015) | Order granting, ECF No. 836 (Sep. 15, 2015) |

Defendants recently moved to compel Class Plaintiffs to supplement their response to an interrogatory concerning the identification of the finished products in the classes for which Class Plaintiffs will seek certification, ECF No. 825 (Sep. 9, 2015). Magistrate Judge Ryu is scheduled to hear that motion on October 15, 2015, ECF No. 831. In their discovery motion, Defendants contend, among other things, that identifying the scope of the finished products in the classes now will avoid having to prepare and defend against claims that may never be made, including analyzing data for the finished products at issue and taking discovery of nonparty packers, integrators, manufacturers and retailers of batteries and finished products that may not be at issue in the class certification motions. Class Plaintiffs contend that, due to the ongoing nature of the data analyses, they have not yet determined whether they will narrow the proposed classes and that

the schedule (especially if modified) provides sufficient time to oppose the class certification motions after they are filed.

On September 22, 2015, Defendants moved to compel responses to nineteen interrogatories and twenty-six requests for production of documents from fifteen Indirect Purchaser Plaintiff putative class representatives who have asserted that they will be withdrawing from the litigation. ECF No. 845. In that motion, Defendants request that the Court compel fifteen putative class representatives that the Indirect Purchaser Plaintiffs seek to withdraw to provide substantive discovery responses and appear for deposition. Indirect Purchaser Plaintiffs oppose Defendants' motion.

### D. Custodian Negotiations

On December 3, 2014, Magistrate Judge Ryu entered the Stipulation and Order re Discovery Plans, ECF No. 592, which established a process for the parties to meet and confer over initial document custodians. During the subsequent six weeks, the parties exchanged information and undertook extensive negotiations concerning document custodians. The parties reached agreements and then established a schedule for Defendants' productions of documents and ESI from certain centralized files and nearly 250 custodians. The parties generally agreed that Defendants would produce documents and ESI from custodians in three tranches—the first two occurring prior to Class Plaintiffs' filing their motions for class certification, and the third occurring after the motions are filed. *See* Stipulation and Order Regarding Defendants' Document Productions, ECF No. 678 (Mar. 12, 2015).

### E. Search Term Negotiations

On March 12, 2015, Magistrate Judge Ryu entered the Search Term Protocol, ECF No. 679. The parties then embarked on a months-long course of extensive search term negotiations. These negotiations involved the construction and testing of complex search strings over multiple document review platforms, first in English and later in Japanese and Korean. While some search strings were common across Defendants, numerous strings were tailored to the unique circumstances of the individual parties. Defendants produced documents and ESI on a rolling basis throughout the spring and summer of 2015, as the parties agreed on specific search strings.

The parties finalized their agreements on the remaining foreign language search strings in September 2015, and, as a result, Defendants' document productions from certain centralized files and the first two tranches of custodians are continuing.

### F. Document Review and Production

Defendants began producing documents and ESI in response to Class Plaintiffs' requests for production in May 2015. Defendants have produced to date more than 1,400,000 documents, comprising more than 4,500,000 pages and 1.8 terabytes of data. Defendants' productions are in English, Japanese, Korean, and Chinese. Nearly 40 percent of the documents produced to date are, at least in part, in a foreign language. Class Plaintiffs have been reviewing documents in preparation for depositions and their motions for class certification. As mentioned above, document productions, including those in foreign language, are continuing. Documents and ESI from approximately 40 additional custodians will be produced in February 2016.

### G. Depositions

In August and September 2015, Class Plaintiffs deposed two percipient witnesses from Toshiba. Class Plaintiffs are preparing to depose at least 10 other percipient witnesses from Defendants LG Chem, Sanyo, Panasonic, NEC Corporation, Sony, Toshiba, and Hitachi Maxell in October and November 2015. Class Plaintiffs have requested that Defendants complete their production of documents for most of these witnesses several weeks in advance to ensure Class Plaintiffs can review the documents, most of which are likely to be in a foreign language, and to obtain the necessary certified translations of those documents for use in the deposition. Class Plaintiffs also intend to take Rule 30(b)(6) depositions of several Defendants. On August 6, 2015, Class Plaintiffs identified twenty-five 30(b)(6) topics. The parties are meeting and conferring to narrow these topics and to identify witnesses, and dates of the depositions.

### H. Discovery Directed to Class Plaintiffs

On March 20, 2015, Defendants served their initial sets of requests for production of documents and interrogatories on Class Plaintiffs. As mentioned above, Defendants collectively served an additional interrogatory concerning the products within the classes that Class Plaintiffs propose to certify, and Toshiba served discovery concerning its motion for summary judgment.

Class Plaintiffs served objections and responses to this written discovery. The parties met and conferred over the discovery requests, and Direct Purchaser Plaintiffs and Defendants discussed search terms for responsive ESI. Class Plaintiffs have produced documents and ESI in response to Defendants' requests, except for those Indirect Purchaser Plaintiffs who are seeking to withdraw and are the subject of a discovery motion discussed herein. In addition, the bankruptcy trustee for Circuit City has offered to make available for inspection and copying over 500 boxes of paper documents that are believed to contain discoverable information. The parties continue to meet and confer over certain requests and Class Plaintiffs' responses thereto.

Defendants have sought to depose three Indirect Purchaser putative class representatives in October 2015 and are awaiting Class Plaintiffs' response as to available dates for these depositions. Defendants will depose other Direct and Indirect Purchaser putative class representatives both before and after the motions for class certification are filed. In that regard, Defendants have moved the Court to compel the depositions of fifteen putative class representatives that the Indirect Purchaser Plaintiffs now seek to withdraw. As mentioned above, Defendants' and Indirect Purchaser Plaintiffs' respective positions on this issue are stated in a joint letter brief filed on September 22, 2015. *See* ECF No. 845. On the same date, Indirect Purchaser Plaintiffs filed a motion to remove fifteen named Plaintiffs for four reasons: (1) after continued investigation, it has been determined that they have no qualifying purchases within the relevant period; (2) after continued investigation, it has been determined that they do not have documentation relating to their purchase and/or do not have the product they purchased; (3) they or their attorney have been unresponsive to lead counsel's request for information; or (4) their purchases occurred in states for which Class Plaintiffs are no longer asserting claims. *See* ECF No. 846 at 7:14-16. Concurrently, Indirect Purchaser Plaintiffs moved to substitute in two new named plaintiffs, indicating that these plaintiffs purchased "a Sharper Image Brand literati Ereader with a built-in lithium ion battery" and "a finished product containing a lithium ion battery." *Id.* at 2, 4.

### I. Defendants' Motion to Strike the Indirect Purchaser Plaintiffs' Nationwide California Class

Defendants ask the Court for briefing schedule on their motion to strike the nationwide class allegations that would have the motion due in November with argument in December. Indirect Purchaser Plaintiffs' position is that, at this point, it would be more sensible to address these arguments in the opposition to the motion for class certification, rather than deciding them on a separate track.

### J. Toshiba Corporation's Motion for Summary Judgment on Withdrawal

On June 30, 2015, Toshiba Corporation filed its Motion for Summary Judgment on Withdrawal. (ECF No. 735.) In its motion, Toshiba contends that it withdrew from any purported conspiracy involving lithium ion battery cells by the end of 2004 and asks the Court to dismiss all of Class Plaintiffs' federal and state law claims against it. Class Plaintiffs' opposition to Toshiba's motion is due to be filed on November 13, 2015. Toshiba's reply memorandum is due to be filed on December 13, 2015. Toshiba will seek to have any order dismissing claims against it apply to the Direct Action Plaintiffs' cases as well.

## II. JOINT PROPOSED ADJUSTMENTS TO THE CLASS CERTIFICATION SCHEDULE

In light of the ongoing status of discovery, the parties agree that good cause exists to modify the class certification briefing schedule. In particular, a modest extension of the deadline for Class Plaintiffs to file their motions would enable them to continue to work with Defendants to obtain complete responses to their questions concerning Defendants' transactional data. As explained above, Class Plaintiffs believe that understanding the data is critical for Class Plaintiffs' experts to conduct their analyses and prepare their reports. In addition, a brief extension of the deadline for Defendants to file their oppositions would provide them with additional time that they believe will be necessary to understand Class Plaintiffs' expert methodology and prepare their own data analyses to oppose class certification.

The parties respectfully request that the deadline for Class Plaintiffs to file their motions for class certification be extended by 46 days (which includes time over the end of year holidays),

and that the deadline for Defendants to file their oppositions to those motions be extended by 30 days beyond the amount of time they are presently allotted. Under the parties' joint proposal, the schedule would be revised as follows:

| EVENT | PRESENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Plaintiffs' class certification motions | November 30, 2015 | January 15, 2016 |
| Defendants' oppositions to class certification and Daubert motions | March 9, 2016 | May 24, 2016 |
| Plaintiffs' replies on class certification and oppositions to Daubert motions | June 7, 2016 | August 22, 2016 |
| Defendants' replies to Daubert oppositions | July 22, 2016 | October 6, 2016 |

The parties have not previously requested an extension of the class certification briefing schedule.

| | | |
|---|---|---|
| 1 | DATED: September 25, 2015 | |
| 2 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | PEARSON, SIMON & WARSHAW, LLP |
| 3 | | By /s/ Aaron M. Sheanin |
| 4 | By /s/ Brendan P. Glackin | AARON M. SHEANIN |
| | BRENDAN P. GLACKIN | |
| 5 | | Bruce L. Simon (SBN 96241) |
| 6 | Eric B. Fastiff (SBN 182260) | Robert G. Retana (SBN 148677) |
| | Elizabeth J. Cabraser (SBN 83151) | 44 Montgomery Street, Suite 2450 |
| 7 | Richard M. Heimann (SBN 63607) | San Francisco, CA 94104 |
| | Joy A. Kruse (SBN 142799) | Telephone: (415) 433-9000 |
| 8 | Marc A. Pilotin (SBN 266369) | Facsimile: (415) 433-9008 |
| | Lin Y. Chan (SBN 255027) | bsimon@pswplaw.com |
| 9 | 275 Battery Street, 29th Floor | asheanin@pswplaw.com |
| | San Francisco, CA 94111-3339 | rretana@pswplaw.com |
| 10 | Telephone: (415) 956-1000 | |
| 11 | Facsimile: (415) 956-1008 | SAVERI & SAVERI, INC. |
| | ecabraser@lchb.com | |
| 12 | rheimann@lchb.com | By /s/ R. Alexander Saveri |
| | efastiff@lchb.com | R. ALEXANDER SAVERI |
| 13 | jakruse@lchb.com | |
| | bglackin@lchb.com | Geoffrey C. Rushing (SBN 126910) |
| 14 | mpilotin@lchb.com | Carl N. Hammarskjold (SBN 280961) |
| 15 | lchan@lchb.com | 706 Sansome Street |
| | | San Francisco, CA 94111 |
| 16 | HAGENS BERMAN SOBOL SHAPIRO LLP | Telephone: (415) 217-6810 |
| | | rick@saveri.com |
| 17 | By /s/ Shana E. Scarlett | grushing@saveri.com |
| | SHANA E. SCARLETT | carl@saveri.com |
| 18 | | |
| 19 | Jeff D. Friedman (SBN 173886) | BERMAN DEVALERIO |
| | 715 Hearst Avenue, Suite 202 | |
| 20 | Berkeley, CA 94710 | By /s/ Todd A. Seaver |
| | Telephone: (510) 725-3000 | TODD A. SEAVER |
| 21 | Facsimile: (510) 725-3001 | |
| 22 | jefff@hbsslaw.com | Joseph J. Tabacco, Jr. (SBN 75484) |
| | shanas@hbsslaw.com | Jessica Moy (SBN 272941) |
| 23 | | One California Street, Suite 900 |
| | Steve W. Berman (*pro hac vice*) | San Francisco, CA 94111 |
| 24 | HAGENS BERMAN SOBOL SHAPIRO LLP | Telephone: (415) 433-3200 |
| | 1918 Eighth Avenue, Suite 3300 | Facsimile: (415) 433-6382 |
| 25 | Seattle, WA 98101 | jtabacco@bermandevalerio.com |
| | Telephone: (206) 623-7292 | tseaver@bermandevalerio.com |
| 26 | Facsimile: (206) 623-0594 | jmoy@bermandevalerio.com |
| 27 | steve@hbsslaw.com | |
| | | *Co-Lead Counsel for Direct Purchaser* |
| 28 | | *Plaintiffs* |

| | | |
|---|---|---|
| 1 | COTCHETT, PITRE & McCARTHY, LLP | AKIN GUMP STRAUSS HAUER & FELD LLP |
| 2 | By /s/ Steven N. Williams | By /s/ Reginald Steer |
| 3 |    STEVEN N. WILLIAMS |    REGINALD STEER |
| 4 | Joseph W. Cotchett (SBN 36324) | Mollie McGowan Lemberg (SBN 296452) |
|   | Nancy L. Fineman (SBN 124870) | 580 California Street, Suite 1500 |
| 5 | 840 Malcolm Road | San Francisco, California 94104-1036 |
|   | Burlingame, CA 94010 | Telephone: (415) 765-9500 |
| 6 | Telephone: (650) 697-6000 | Facsimile: (415) 765-9501 |
| 7 | Facsimile: (650) 697-0577 | rsteer@akingump.com |
|   | jcotchett@cpmlegal.com | mmcgowanlemberg@akingump.com |
| 8 | nfineman@cpmlegal.com | Hyongsoon Kim (SBN 257019) |
|   | swilliams@cpmlegal.com | AKIN GUMP STRAUSS HAUER & FELD LLP |
| 9 | | |
| 10 | *Co-Lead Counsel for Indirect Purchaser Plaintiffs* | 2029 Century Park East, Suite 2400 |
|    | | Los Angeles, California 90067-3010 |
| 11 | | Telephone: (310) 229-1000 |
|    | WINSTON & STRAWN LLP | Facsimile: (310) 229-1001 |
| 12 | | kimh@akingump.com |
|    | By /s/ Jeffrey L. Kessler | Catherine Creely |
| 13 |    JEFFREY L. KESSLER | AKIN GUMP STRAUSS HAUER & FELD LLP |
| 14 | | 1333 New Hampshire Avenue, NW |
|    | A. Paul Victor (*pro hac vice*) | Washington, DC 20036 |
| 15 | Eva W. Cole (*pro hac vice*) | Telephone: (202) 887-4000 |
|    | Jeffrey J. Amato (*pro hac vice*) | Facsimile: (202) 887-4288 |
| 16 | Erica C. Smilevski (*pro hac vice*) | ccreely@akingump.com |
|    | 200 Park Avenue | |
| 17 | New York, NY 10166-4193 | *Counsel for LG Chem, Ltd. and* |
|    | Telephone: (212) 294-4601 | *LG Chem America, Inc.* |
| 18 | Facsimile: (212) 294-4700 | |
| 19 | jkessler@winston.com | SHEPPARD MULLIN RICHTER & HAMPTON |
|    | pvictor@winston.com | |
| 20 | ewcole@winston.com | |
|    | jamato@winston.com | By /s/ Gary L. Halling |
| 21 | esmilevski@winston.com |    GARY L. HALLING |
| 22 | | |
|    | Ian L. Papendick (SBN 275648) | James L. McGinnis |
| 23 | WINSTON & STRAWN LLP | Michael W. Scarborough |
|    | 101 California Street | 4 Embarcadero Center, 17th Floor |
| 24 | San Francisco, CA 94111 | San Francisco, CA 94111 |
|    | Telephone: (415) 591-6904 | Telephone: (415) 774-3294 |
| 25 | Facsimile: (415) 591-1400 | Facsimile: (415) 434-3947 |
|    | ipapendick@winston.com | ghalling@sheppardmullin.com |
| 26 | | jmcginnis@sheppardmullin.com |
| 27 | Roxann E. Henry (*pro hac vice*) | mscarborough@sheppardmullin.com |
|    | MORRISON & FOERSTER LLP | |
| 28 | 2000 Pennsylvania Avenue, NW | *Counsel for Samsung SDI Co., Ltd., and* |

| | |
|---|---|
| Suite 6000<br>Washington, DC 20006<br>Telephone: (202) 887-1500<br>Facsimile: (202) 887-0763<br>rhenry@mofo.com | *Samsung SDI America, Inc.*<br><br>WINSTON & STRAWN LLP<br><br>By /s/ Robert B. Pringle<br>    ROBERT B. PRINGLE |
| *Counsel for Panasonic Corporation,*<br>*Panasonic Corporation of North America,*<br>*SANYO Electric Co., Ltd., and*<br>*SANYO North America Corporation*<br><br>VINSON & ELKINS LLP<br><br>By /s/ Craig P. Seebald<br>    CRAIG P. SEEBALD<br><br>Jason A. Levine (*pro hac vice*)<br>Lindsey R. Vaala (*pro hac vice*)<br>2200 Pennsylvania Avenue NW<br>Suite 500 West<br>Washington, D.C. 20037<br>Telephone: (202) 639-6585<br>Facsimile: (202) 879-8995<br>cseebald@velaw.com<br>jlevine@velaw.com<br>lvaala@velaw.com<br><br>Matthew J. Jacobs (SBN 171149)<br>VINSON & ELKINS LLP<br>525 Market Street, Suite 2750<br>San Francisco, California 94105<br>Telephone: (415) 979-6990<br>Facsimile: (415) 651-8786<br>mjacobs@velaw.com | Paul R. Griffin (SBN 083541)<br>Sean D. Meenan (SBN 260466)<br>101 California Street<br>San Francisco, CA 94111-5802<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400<br>rpringle@winston.com<br>pgriffin@winston.com<br>smeenan@winston.com<br><br>*Counsel for NEC Corporation*<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br>By /s/ George A. Nicoud III<br>    GEORGE A. NICOUD III<br><br>George A. Nicoud III (SBN 106111)<br>G. Charles Nierlich (SBN 196611)<br>Robert E. Kim (SBN 264932)<br>Angela Y. Poon (SBN 273106)<br>555 Mission Street<br>San Francisco, CA 94105-0921<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br>tnicoud@gibsondunn.com<br>gnierlich@gibsondunn.com<br>rkim@gibsondunn.com<br>apoon@gibsondunn.com |
| *Counsel for Maxell Corporation of America*<br>*and Hitachi Maxell, Ltd.*<br><br>WHITE & CASE LLP<br><br>By /s/ J. Frank Hogue<br>    J. FRANK HOGUE<br><br>Christopher M. Curran (*pro hac vice*)<br>J. Frank Hogue (*pro hac vice*)<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 626-3600 | *Counsel for NEC TOKIN Corporation*<br><br>COOLEY LLP<br><br>By /s/ John C. Dwyer<br>    JOHN C. DWYER<br><br>Stephen C. Neal (SBN 170085)<br>5 Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155<br>Telephone: (650) 843-5228 |

| | | |
|---|---|---|
| 1 | Facsimile: (202) 639-9355<br>ccurran@whitecase.com | Facsimile: (650) 849-7400<br>dwyerjc@cooley.com |
| 2 | fhogue@whitecase.com | nealsc@cooley.com<br>bennett.miller@cooley.com |
| 3 | ***Counsel for Toshiba*** | |
| 4 | ***Corporation*** | Beatriz Mejia (SBN 190948)<br>Matthew M. Brown (SBN 264817)<br>COOLEY LLP |
| 5 | | 101 California Street, 5th Floor<br>San Francisco, CA 94111-5800 |
| 6 | | Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222 |
| 7 | | mejiab@cooley.com<br>mmbrown@cooley.com |
| 8 | | |
| 9 | | ***Counsel for Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics, Inc.*** |

13  I attest that concurrence in the filing of the document has been obtained from each of the

14  other signatories above.

15  September 25, 2015          By     /s/ Aaron M. Sheanin

16                                       AARON M. SHEANIN