REGINALD STEER (SBN 056324)
rsteer@akingump.com
HYONGSOON KIM (SBN 257019)
kimh@akingump.com
MOLLIE MCGOWAN LEMBERG (SBN 296452)
mmcgowanlemberg@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone:   415.765.9500
Facsimile:   415.765.9501

C. FAIRLEY SPILLMAN
fspillman@akingump.com
CATHERINE CREELY
ccreely@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone:   202.887.4000
Facsimile:   202.887.4288

Attorneys for Defendants
LG CHEM, LTD, and
LG CHEM AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 4:13-md-02420-YGR<br>MDL NO. 2420<br><br>**DEFENDANTS LG CHEM LTD. AND LG CHEM AMERICA, INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Sanctions are not appropriate under the circumstances here, where at most there was a good faith misunderstanding regarding whether Mr. Kwak, as a DOJ Custodian, was automatically on Plaintiffs' watchlist and Plaintiffs have made no effort to obtain Mr. Kwak's deposition via alternative means. Sanctions are also premature because Plaintiffs cannot make a showing of prejudice, as other Defendants' witnesses have testified about their communications with Mr. Kwak and more will undoubtedly do so as depositions continue.

## I. LG CHEM'S REPLY

LG Chem respectfully notes that the Court's October 6, 2015 amended minute entry concerning Motion for Relief from Non-Dispositive Pretrial Order Of Magistrate Judge set forth a date when LG Chem would file a reply (ECF 864), which is why LG Chem did not thereafter seek leave to reply.

## II. BACKGROUND

On August 15, 2014, Plaintiffs and Defendants submitted a joint discovery letter brief on a proposed deposition protocol. ECF 501. The joint letter brief contained Plaintiffs' and Defendants' versions of possible protocol provisions, including plaintiffs' proposal for creation of a witness "watchlist." ECF 501-1 at 2-3. Plaintiffs' proposed watchlist provision stated that "*Until the parties have an agreement about a list of document custodians*, these requirements extend to custodians for whom the Defendants have produced documents to the Department of Justice and/or the Grand Jury in connection with lithium ion batteries." (emphasis added). *Id.* at 2. Defendants, including LG Chem, opposed the creation of any such watchlist. ECF 501 at 3-4. The watchlist issue was discussed at a hearing before Magistrate Judge Ryu on November 10, 2014. ECF 559 at 23-37. Regarding the watchlist Judge Ryu stated, "[c]oming back to the notification and deposition protocol for departing employees, here's what we are going to do. Fifteen people per defendant family. Right now that list has the DOJ custodians, right?" ECF 559 at 37. Plaintiffs' representative Ms. Lyn Chan responded "Right," and Defendants did not respond. *Id.* Judge Ryu's Order Re Deposition Protocol was issued on December 3, 2014. ECF 593. Regarding the watchlist it stated:

1

LG CHEM'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF      Case No. 4:13-md-02420

> Plaintiffs may immediately establish "watchlists" of no more than fifteen custodians/witnesses per Defendant group. For each such identified custodian/witness, Defendants shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, *to the extent reasonably possible*. Upon Plaintiffs' request, Defendants shall make that person available for deposition either before or after his or her departure, *to the extent reasonably possible*. Plaintiffs may make changes to their watchlists by December 31, 2014, and on a quarterly basis thereafter until December 31, 2015. These requirements will cease on June 15, 2016.

ECF 593 at 3 (emphasis added). The Deposition Protocol nowhere states that DOJ Custodians were automatically on the watchlist.

On December 2, 2014, a day before the Order Re Deposition Protocol was issued, Mr. Kwak was terminated for performance reasons. ECF 795-13 at 1 (Kim Declaration). There is no evidence that he was terminated for any other purpose. On January 9, 2015, LG Chem's former counsel notified Plaintiffs of Mr. Kwak's departure from LG Chem. ECF 764-2 at 7. Plaintiffs waited until February 6, 2015, almost a month later, to request that LG Chem produce Mr. Kwak for deposition. ECF 764-2 at 7. In response, LG Chem's former counsel reminded Plaintiffs' counsel that Mr. Kwak was not under LG Chem's control and that LG Chem "may not be able to persuade" Mr. Kwak to appear for a deposition. ECF 764-2 at 7. Mr. Young Bum Kim, Team Leader of LG Chem's Credit Management & Compliance Team asked Mr. Kwak to appear for a deposition, but Mr. Kwak refused. ECF 795-13 at 2.

Plaintiffs did not provide LG Chem with an actual watchlist until March 15, 2015. ECF 764-2 at 7 (Joint Letter Brief). The list did not include Mr. Kwak, although Plaintiffs did separately inquire about his status. *Id.* at 8. LG Chem's former counsel confirmed in response that Mr. Kwak did not have any employment or quasi-employment relationship with LG Chem, but that LG Chem was making pension payments to Mr. Kwak. *Id.* In June 2015, Plaintiffs requested further information about Mr. Kwak, and LG Chem produced Mr. Kwak's severance agreement, termination notice, and board meeting minutes reflecting the reason for Mr. Kwak's termination, along with the Dokyun Kim Declaration describing, among other things, efforts to convince Mr. Kwak to appear for deposition. *Id.*

LG Chem continued to contact Mr. Kwak to ask him to appear for a deposition, including repeated efforts following Judge Ryu's September 15, 2015 Order (ECF 836). Mr. Kwak refused every one of LG Chem's requests.

III. ARGUMENT

A. Evidentiary sanctions are not appropriate under Rule 37(b)(2) or the Court's inherent power.

Plaintiffs have asked the Court to impose sanctions on LG Chem pursuant to Rule 37(b)(2) and the Court's inherent authority. Neither is an appropriate basis for sanctions because LG Chem acted in good faith, and did not violate the Deposition Protocol.[1]

Rule 37(b)(2) authorizes a court to impose sanctions on a party "only when it 'fails to obey an order to provide or permit discovery.'"[2] Here, LG Chem did not violate the Deposition Protocol and, therefore, Rule 37 sanctions do not apply. At the time Mr. Kwak was terminated on December 2, 2014, the Court's Order regarding the watchlist was not yet in place. When the Court's Order Re Deposition Protocol was issued on December 3, 2014, it said only "Plaintiffs may immediately establish 'watchlists' of no more than fifteen custodians/witnesses per Defendant group." ECF 593 at 2. The Order said nothing about anyone being "presumptively" on the watchlist, and did not purport to make decisions on Plaintiffs' behalf about who their watchlists would include. To the extent any ambiguity exists between Magistrate Judge Ryu's remarks at a hearing and a subsequent written Order actually entered in the case, it should be resolved in favor of the written Order.[3]

---

[1] Plaintiffs claim that LG Chem has waived any argument that it did not violate a discovery order. LG Chem specifically preserved its rights on that issue, however, in its Motion for Relief and Reply.

[2] *Hyde & Drath v. Baker*, 24 F.3d 1162, 1170 (9th Cir. 1994) (quoting Fed.R.Civ.P. 37(b)(2)); *see also Johnson v. City and County of San Francisco*, 2007 WL 2560719, at *1 (N.D. Cal. Sept. 4, 2007) (" A preclusionary order such as plaintiff seeks is available only when a party fails to comply with a court order to provide or permit discovery"); *CRS Recovery, Inc. v. Laxton*, 2008 WL 2951379, at *1 (N.D. Cal. July 25, 2008) (finding evidentiary sanctions appropriate under Rule 37(b)(2) only where "a party fails to obey a discovery order.").

[3] *See In re Century City Doctors Hosp., LLC*, No. CC-09-1235, 2010 WL 645903, n.5 (U.S. BAP 9th Cir. May 20, 2010) (finding that the court's written order controlled when there was ambiguity in the record).

3

At the time of Mr. Kwak's departure, Plaintiffs had not provided LG Chem with a watchlist. ECF 764-2 at 7. When Plaintiffs finally did provide a watchlist, on March 13, 2015, it *did not include* Mr. Kwak. *Id.* Because no order existed at the time of Mr. Kwak's termination that required LG Chem to notify plaintiffs of the termination, LG Chem's alleged failure to timely notify Plaintiffs of Mr. Kwak's firing cannot support imposition of sanctions under Rule 37.

Assuming for the sake of argument that the watchlist provision did apply (retroactively) to Mr. Kwak, or that Judge Ryu's comment at the November 10, 2014 hearing was tantamount to an order requiring Defendants to notify Plaintiffs of the departure of any DOJ custodian, LG Chem substantially complied by notifying plaintiffs of Mr. Kwak's departure in early January. Nothing in the record indicates that LG Chem could have lawfully informed Plaintiffs in advance that Mr. Kwak was about to be terminated, and there is nothing to indicate that Mr. Kwak would have agreed to testify if he had been asked to do so immediately after he was fired. Even though Mr. Kwak was granted the nominal title of "business advisor" from January – March 2015, this was a normal practice to allow former executives to "save face." ECF 795-13 at 1. It is undisputed that after December 2, 2014, Mr. Kwak stopped coming to LG Chem's offices and did not perform any work for LG Chem. *Id.*

Rule 37 also permits the Court to consider the good faith of the party.[4] Notwithstanding Plaintiffs' *accusation* that LG Chem has hidden an adverse witness, there is no evidence whatsoever that Mr. Kwak's testimony would be harmful to LG Chem. There is likewise no evidence that Mr. Kwak was terminated in order to prevent him from appearing for a deposition. To the contrary, the record shows that (1) Mr. Kwak was terminated for performance reasons in the normal course of LG Chem's business, (2) LG Chem informed Plaintiffs of Mr. Kwak's termination and they waited almost a month to request his deposition, (3) LG Chem has made numerous attempts to convince Mr. Kwak to appear for a deposition even though he is not an LG Chem employee, (4) Plaintiffs have made no effort to obtain Mr. Kwak's deposition through other avenues, and (5) LG Chem made good faith efforts to

---

[4] *Hyde & Drath*, 24 F.3d at 1171.

comply with both the Order Re Deposition Protocol and the Court's September Order to produce Mr. Kwak for deposition. For the same reasons, sanctions are also inappropriate under the Court's inherent powers because LG Chem has not acted in bad faith.[5]

**B.  The Court should not implement the sanctions Plaintiffs have proposed.**

None of the sanctions Plaintiffs suggest are justified here.

1.  Designated Facts

Plaintiffs cite to Rule 37 in their request that certain facts be deemed established against LG Chem. Plaintiffs rely on the third and fifth factors in *Tacori* to support their argument for sanctions: the risk of prejudice to plaintiffs and the [un]availability of less drastic sanctions.[6] Both factors, however, weigh against the sanctions Plaintiffs propose. First, Plaintiffs substantially overstate their risk of prejudice. Contrary to Plaintiffs' unsupported characterization of the meetings Mr. Kwak attended as "conspiratorial," the evidence so far is that he attended meetings with a patently legitimate business purpose. For example, he had legitimate communications with Toshiba representatives in 2003 concerning LG Chem's possible acquisition of Toshiba's battery business. Dep. of H. Kubo at 235:10-239:22 (Oct. 16, 2015).[7] It is also telling that Plaintiffs have not attempted to obtain Mr. Kwak's deposition through the Hague Evidence Convention despite knowing, since January 2015, that LG Chem had terminated Mr. Kwak's employment. Their inaction on that front is inconsistent with their claim that Mr. Kwak is critical to their case. Second, even if sanctions were justified at all under the circumstances described above, which they are not, less onerous sanctions are available.

---

[5] *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107–08 (9th Cir. 2002) (quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)).
[6] *Tacori Enters. v. Beverlly Jewellry Co.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008).
[7] Due to the short timeline for LG Chem's response, LG Chem has not included an excerpt from the Kubo deposition as an exhibit, as it is marked "Highly Confidential." If the Court requests a copy of the excerpt, LG Chem will file the excerpt under seal.

5

## 2. Adverse Inference Instruction

Plaintiffs provide no legal support for their request for spoliation-based sanctions in a situation like this one where a witness is uncooperative and refuses to appear for deposition.[8] Assuming arguendo that sanctions for spoliation may apply here, under the test in *Compass Bank v. Morris Cerullo World Evangelism* cited by Plaintiffs, the second factor requires that evidence was destroyed "with a culpable state of mind."[9] Plaintiffs have failed to meet their burden in that regard. In *Compass Bank*, the court found the party at issue had a culpable state of mind where it "willfully withheld" evidence from the other side.[10] No such behavior is shown here. LG Chem simply fired an employee for poor performance. In addition, it is too early in the litigation to be considering jury instructions. An adverse inference based on alleged spoliation of evidence is not warranted.

## 3. Detailed Narrative

Plaintiffs cite no authority for their request that LG Chem be ordered to provide a detailed narrative response to Plaintiffs' interrogatory based on privileged information and attorney work product. To the contrary, Plaintiffs cite Magistrate Judge Ryu's statement that "LG *need not* prepare detailed narrative responses." ECF 805. Providing detailed narrative responses based on attorney notes – work product prepared in anticipation of litigation – from confidential conversations with a witness would be highly inappropriate. Plaintiffs cite *Upjohn Co. v. United States* for the proposition that the attorney-client privilege does not protect against disclosure of underlying facts.[11] But, LG Chem has already provided the underlying facts. The Court should not order sanctions that would invade attorney mental impressions.

---

[8] *See, e.g. Glover v. BIC Corp.*, 6 F.3d 1318 (9th Cir. 1993) (involving spoliation of physical evidence); *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) (involving deletion of files from a computer); *Compass Bank v. Morris Cerullo World Evangelism,* No. 13-cv-0654, 2015 U.S. Dist. LEXIS 60842 (S.D. Cal. May 8, 2015) (involving spoliation of a recorded telephone call).

[9] *Compass Bank v. Morris Cerullo World Evangelism,* No. 13-cv-0654, 2015 U.S. Dist. LEXIS 60842, at *25-26.

[10] *Id.* at *31.

[11] *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

LG CHEM'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF    Case No. 4:13-md-02420

### 4. Kwak Documents Deemed as Authentic

Plaintiffs request that *all* documents produced from Mr. Kwak's files that Plaintiffs seek to introduce at trial should be deemed admissible as against LG Chem, without regard for whether they would even be relevant to some unknown issue at a potential trial far in the future. Even deeming all Kwak documents as *authentic* is inappropriate here where LG Chem has willingly produced the documents to Plaintiffs and has acted in good faith.[12]

### 5. Monetary Sanctions

Pursuant to its inherent powers, a district court may award monetary sanctions in the form of attorney's fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons."[13] As explained here, LG Chem's actions do not meet that test, and monetary sanctions are not warranted.

\* \* \* \*

For the foregoing reasons, LG Chem respectfully requests that the Court deny plaintiffs' requests for sanctions.

Dated: October 28, 2015

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Reginald D. Steer
Reginald D. Steer (SBN 056324)

***Counsel for LG Chem America, Inc. and LG Chem, Ltd.***

---

[12] *See General Atomic Co. v. Exxon Nuclear Co.*, 90 F.R.D. 290, 308-09 (S.D. Cal. 1981) (deeming documents from a third party admissible in evidence as a remedy for plaintiff withholding documents).

[13] *Leon v. IDX Sys. Corp.*, 464 F.3d at 961 (internal quotations omitted).

7