# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-0058 SI |
| COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>Defendants. | **ORDER DENYING EPSON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND GRANTING COSTCO LEAVE TO AMEND COMPLAINT** |

Now before the Court is a motion to compel arbitration filed by Epson Imaging Devices Corporation and Epson Electronics America, Inc. (collectively, "Epson"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for December 16, 2011. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES Epson's motion.

This is the second motion to compel arbitration filed against Costco. In the first, a joint motion brought by all defendants, the Court held as a general matter that Costco's claims were subject to arbitration. *See* Order Granting in Part Defendants' Joint Motion to Compel Arbitration, Master Docket No. 3518, at 8-9 (Sept. 9, 2011). The Court did not specifically address the arbitrability of Costco's claims against the Epson corporate family. Instead, it noted the apparent existence of an arbitration agreement between Costco and "Epson America" and stated that it was unclear whether Epson America sold LCD products to Costco pursuant to that agreement. *Id.* at 9 n.3 ("[D]efendants have produced

vendor agreements that Costco had in place with Philips Consumer Lifestyle and Epson America. Costco claims that neither of these entities sells LCD products.").

Following this Court's order, Epson informed Costco that it had sold Costco more than $28 million in "Inkjet and All-in-One printers," each of which contained a small (approximately 2.5 inch) LCD panel. Arabian Decl., ¶¶3-4. Based on their view that these products fall within the broad definition of "LCD Product" in Costco's complaint, Epson demanded arbitration of Costco's claims against it. Costco has refused to arbitrate, claiming that it "has repeatedly made clear that it did not intend to include printers" in the scope of its complaint. Opp'n at 3.

Epson argues that Costco may not "disavow the express scope of its claims" as delineated in its complaint. Reply at 4. The Court disagrees. Costco is "master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 388-89 (1987). As such, it holds the ability to decide which claims to pursue and which to abandon. Costco has apparently decided that claims based on the "tiny, low-resolution display" contained in the Epson printers are too insignificant to pursue. Opp'n at 3. Neither Epson nor this Court may second-guess that decision.

Epson asserts that Costco's actions amount to a blatant attempt to avoid arbitration. This may be true, but it is beside the point. Costco's claims against Epson stem from two sources: 1) Costco's purchase of LCD products from Epson pursuant to its vendor agreement; and 2) Epson's joint and several liability for the acts of its co-conspirators. *See*, *e.g.*, *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 327 (9th Cir. 1980) (noting joint and several liability of co-conspirators in price-fixing case). This court has held that the former are subject to arbitration and the latter are not. *See*, *e.g.*, Order Granting in Part AU Optronics Corporation's Motion to Compel Arbitration, Master Docket No. 3034, at 9 (July 6, 2011). Given that these two sets of claims have different factual bases, Costco's decision to forego its arbitrable claims in their entirety is within its rights.

//

//

Accordingly, the Court hereby DENIES Epson's motion to compel arbitration. **Costco may amend its complaint to accurately define the scope of its claims before January 9, 2012.** Docket No. 75 in 11-0058; Docket No. 4140 in 07-1827.

**IT IS SO ORDERED.**

Dated: December 15, 2011

SUSAN ILLSTON
United States District Judge

3