**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>Indirect Purchaser Actions | Case No.: 13-MD-2420 YGR<br><br>ORDER: (1) GRANTING ADMINISTRATIVE MOTION TO SEAL; (2) DENYING MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S ORDER; AND (3) DENYING AS PREMATURE MOTION FOR LEAVE TO FILE RESPONSE<br><br>Re: Dkt. Nos. 852, 881, 921 |

Defendants LG Chem Ltd. and LG Chem America, Inc. (the "LG defendants") filed an objection to Magistrate Judge Donna Ryu's September 15, 2015 Order compelling the availability of Seok Hwan Kwak for a deposition. (Dkt. No. 852.) Supplemental briefing followed. (Dkt. Nos. 881,[1] 902, 915, 921, 923.) Having considered the papers submitted, the Court **DENIES** the motion for relief from Judge Ryu's September 15, 2015 Order.

Pursuant to Federal Rule of Civil Procedure 72(a), upon a party's timely objection to a magistrate judge's non-dispositive pretrial order, including discovery orders, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414-15 (9th Cir. 1991) (noting "[n]ondispositive issues include discovery sanctions," which "may be imposed for failure to comply with an oral order"). Findings of fact are reviewed under the "clearly erroneous standard," which "is significantly deferential, requiring a definite and firm conviction that a mistake has been

---

[1] Plaintiffs filed an unopposed administrative motion to seal portions of their opposition to the objection, namely descriptions of exhibits regarding Kwak's employment with the LG defendants (including purportedly confidential compensation details). (Dkt. No. 881.) The exhibits in question were previously sealed by Magistrate Judge Ryu. (Dkt. No. 835.) Finding good cause for sealing the material in question in connection with this non-dispositive motion, the motion is **GRANTED**. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). However, the Court admonishes the parties that in connection with subsequent motions to seal, the proposed redactions must be highlighted in the unredacted version of the document pursuant to Civil Local Rule 79-5(d)(1)(D).

committed." *See Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *see also Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). On the other hand, "[t]he magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." *Perry*, 268 F.R.D. at 348.

Here, the LG defendants largely take issue with Judge Ryu's factual findings regarding their conduct and the relevant employment status of Kwak. However, while the LG defendants present an alternative interpretation of the evidence before the Court, they have failed to demonstrate that any of Judge Ryu's factual findings are "clearly erroneous." Moreover, Judge Ryu applied the correct legal standards and her conclusions are appropriate in light of her factual findings. While the managing agent determination is typically made as of the time of the deposition in question, "courts have made exceptions to this general rule, for example when a corporation terminates an officer in light of pending litigation, plans to rehire the individual in another position, or an individual continues to act as a managing agent despite no longer being an employee." *Rundquist v. Vapiano SE*, 277 F.R.D. 205, 208 (D.D.C. 2011). Judge Ryu appropriately found under the circumstances that Kwak remained a managing agent as of the relevant date.

The deadline for a deposition provided in the September 15, 2015 Order has passed. Therefore, the Court now **ORDERS** the LG defendants to make Kwak available for a deposition by **December 18, 2015**. Otherwise, the Court will consider appropriate discovery sanctions.[2]

This Order terminates Docket Numbers 852, 881, 921.

**IT IS SO ORDERED**.

Dated: November 6, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] In light of this Order, the Court **DENIES WITHOUT PREJUDICE** as premature the other defendants' motion for leave to file a response to plaintiffs' supplemental brief regarding possible evidentiary sanctions. (Dkt. No. 921.)

2