# Vinson&Elkins

Jason A. Levine  jlevine@velaw.com
**Tel** +1.202.639.6755  **Fax** +1.202.879.8950

November 6, 2015

**VIA ECF AND HAND DELIVERY**

The Honorable Yvonne Gonzalez Rogers
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA 94612

Re:  *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420 YGR (DMR): Maxell Corporation of America's Pre-Filing Conference Letter for Summary Judgment Motion as to Direct and Indirect Purchaser Plaintiffs' Complaints

Dear Judge Gonzalez Rogers:

On behalf of Maxell Corporation of America ("MCA"), we write pursuant to your Standing Order in Civil Cases ¶ 9(a) to request a pre-filing conference regarding MCA's proposed Motion for Summary Judgment against the Direct and Indirect Purchaser Plaintiffs' Complaints in the above-captioned case. Subject to the Court's availability, we request that a pre-filing conference be held on Friday, November 13, 2015.

On October 26, 2015, we informed counsel for the Direct and Indirect Purchaser Plaintiffs in writing about MCA's desire to file this letter on October 30, and we offered to meet and confer over our proposed briefing schedule. We also provided the grounds for the proposed motion. Plaintiffs replied on October 27 that they would not confer with us until November 6, ten days later. We agreed to speak then, but explained that we would file this letter on that date, and we asked Plaintiffs to provide their scheduling proposal in advance. Plaintiffs did not respond, and we repeated our request on November 5. Plaintiffs then replied that they consider the proposed motion "premature," and they refused to provide a counterproposal for the briefing schedule (all of which they could have done ten days earlier). Plaintiffs took the same position during the meet-and-confer on November 6.

**Scope of and Grounds for the Proposed Summary Judgment Motion**

MCA seeks the Court's permission to file a motion for summary judgment at this time because, despite enormous expenditures of resources and time, the discovery record

**Vinson & Elkins LLP  Attorneys at Law**                                    2200 Pennsylvania Avenue NW, Suite 500 West
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London        Washington, DC 20037-1701
Moscow  New York  Palo Alto  Riyadh  San Francisco  Tokyo  Washington        **Tel** +1.202.639.6500  **Fax** +1.202.639.6604  www.velaw.com



contains no evidence sufficient to create a genuine dispute of material fact over MCA's non-involvement in the alleged antitrust conspiracy. MCA has completed its document production, answered substantive interrogatories, and provided transaction-level sales data and detailed explanations of the data.  Further, MCA has also searched *1 million documents* produced by all other Defendant families[1] – the vast majority produced to date – and has reviewed all Defendants' interrogatory responses. This tremendous effort confirms what MCA has asserted since filing its Motion to Dismiss: none of this record evidence, from any Defendant, shows MCA's participation in the alleged conspiracy. Indeed, although the interrogatory responses of Defendants collectively identify nearly 300 "contacts" with sellers and producers of lithium ion batteries, literally *none* of these are with MCA. *See In re Citric Acid Litig.*, 996 F. Supp. 951, 956 (N.D. Cal. 1998) (granting summary judgment because "utter lack of direct evidence" against a defendant was "quite probative" of its non-involvement in a conspiracy, when viewed against evidence involving other defendants).

At the dismissal stage, the Court deemed it a "close" question whether Plaintiffs' antitrust conspiracy claims against MCA satisfied the minimal threshold pleading requirement of "plausibility."  *See* Omnibus Order re: Motions to Dismiss the Second Consolidated Amended Complaint (Dkt. No. 512), at 58.  Plaintiffs cannot carry their *heightened* burden on summary judgment, and the motion will show that the three documents cited in Plaintiffs' Complaints as to MCA fail under the scrutiny that is now appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (on summary judgment, plaintiffs in price-fixing case must "present evidence that tends to exclude the possibility that [MCA] acted independently."). In this situation, "there is no requirement in Rule 56 . . . that summary judgment not be entered until discovery is complete." *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006). MCA will cooperate with Plaintiffs in scheduling any depositions of MCA's declarants they consider necessary to respond to the motion, and MCA will also search other later-produced documents from Defendants to continuously confirm the absence of evidence implicating it.

Moreover, as MCA will explain in its motion, there are no legal grounds for Plaintiffs to hold MCA liable for any allegedly wrongful acts of its parent corporation, Hitachi Maxell, Ltd.  On this basis, plus the absence of evidence against MCA itself, we have suggested to

---

[1] During the meet-and-confer discussion, Plaintiffs were incredulous that MCA could have reviewed this volume of material, including foreign language documents, but counsel used the same "search term" technique that the parties agreed to use for discovery generally.  The proposed motion will describe the process.



Plaintiffs that they voluntarily dismiss MCA as a Defendant. Plaintiffs have not accepted this suggestion. Nor have Plaintiffs identified any "new" evidence against MCA since we advised them of our intentions on October 26.

**Proposed Briefing Schedule**

As noted above, MCA informed Plaintiffs' counsel on October 26 of its intent to submit this letter, and invited them to confer over the briefing schedule. Plaintiffs delayed this discussion until November 6, and then refused to provide a counter-proposal or to engage with us at all over scheduling. This strikes us a waiver. In any event, MCA is prepared to file its motion for summary judgment promptly. We believe the proposed schedule below provides Plaintiffs with ample time to prepare an opposition brief, even though there is some unavoidable overlap with the upcoming motion for class certification.

As we previously informed Plaintiffs, MCA proposes to file its motion and memorandum of law, along with supporting Declarations and cited record materials (with translations), on November 18, 2015. MCA further proposes that Plaintiffs file their memorandum in opposition on January 27, 2016. This ten-week period provides time for Plaintiffs to depose MCA's few declarants, if necessary, and to prepare a brief. Finally, MCA proposes to file its reply memorandum five weeks later, on March 2, 2016.

\*   \*   \*   \*   \*

For these reasons, as a matter of fundamental fairness given the burdens this litigation has already imposed – and threatens to continue imposing – on MCA despite the dearth of record evidence of wrongdoing, MCA respectfully requests the opportunity to seek summary judgment at this time in accordance with the briefing schedule proposed above.

Respectfully submitted,

*/s/ Jason A. Levine*

Jason A. Levine

cc: Counsel of Record via ECF