# SCHEPER KIM & HARRIS LLP

Alexander H. Cote
(213) 613-4660
acote@scheperkim.com

November 10, 2015

**VIA CASE MANAGEMENT/ELECTRONIC FILING**

The Honorable Donna M. Ryu
United States District Court
Northern District of California
1301 Clay Street, Courtroom 4, 3rd Floor
Oakland, CA  94612

**Re:**    *In re Lithium Ion Batteries Antitrust Litigation*, **Case No. 4:13-md-02420-YGR (DMR)**
Joint Discovery Letter Brief Regarding Samsung SDI America, Inc. and Samsung SDI Co., Ltd.'s Subpoena to Nonparty BlackBerry Corporation

Dear Judge Ryu:

Pursuant to Rules 26, 37 and 45 of the Federal Rules of Civil Procedure, nonparty Blackberry Corporation and Defendants Samsung SDI America, Inc. and Samsung SDI Co., Ltd. (collectively, "SDI") respectfully submit this joint letter brief regarding SDI's November 5, 2015 subpoena ("Subpoena"). By this letter, BlackBerry seeks a protective order limiting access to the information it is prepared to produce in response to the Subpoena. In short, BlackBerry seeks the same protections afforded to Plaintiffs Microsoft Mobile Inc. and Microsoft Mobile Oy (collectively, "Microsoft") by the stipulated protective order recently entered by the Court on October 16, 2015. (Docket No. 900.)

SDI takes no position on BlackBerry's protective order motion. SDI's only interest here is in ensuring that BlackBerry produces its available transactional sales, purchase, and discount data responsive to the Subpoena. BlackBerry has agreed to promptly produce this data following final resolution of its protective order request.

BlackBerry and SDI have extensively met and conferred regarding the Subpoena, including, most recently, by telephone on November 10, 2015. BlackBerry and SDI agree that this issue is ripe for resolution by the Court.

SCHEPER KIM & HARRIS LLP

The Honorable Donna M. Ryu
November 10, 2015
Page 2

## I. RELEVANT CASE MANAGEMENT DEADLINES

Plaintiffs' class certification motions are due January 15, 2016. Defendants' oppositions to the motions are due May 24, 2016. Plaintiffs' replies are due August 22, 2016. The other case management deadlines referenced in the Court's Standing Order have not been set.

## II. BLACKBERRY'S CONTENTIONS

### A. Procedural History

Plaintiffs allege that the defendants colluded to fix prices for lithium ion batteries. Recently, several new plaintiffs have joined this action, including as relevant here: Microsoft on June 26, 2015; Dell Inc. and Dell Products L.P. (collectively, "Dell") on June 26, 2015; and TracFone Wireless, Inc. on April 29, 2015. (*See* Docket Nos. 776 ¶ 1, 808 ¶ 1 and 863 at 1.)

On June 1, 2015 SDI propounded a subpoena to BlackBerry Limited, BlackBerry's Canadian parent company. BlackBerry Limited timely objected to that subpoena on several grounds, including that service was improper and that the Court lacked personal jurisdiction over the Canadian company. BlackBerry Limited and SDI met and conferred extensively on the initial subpoena, which resulted in an agreement as to the scope of production, but did not resolve BlackBerry Limited's service and jurisdiction objections. On November 5, 2015, SDI served an identical subpoena (the "Subpoena" herein) on BlackBerry. The parties agreed that their prior agreement as to scope would carry over to that subpoena, and BlackBerry agreed that the service on BlackBerry resolved the service, personal jurisdiction, and other objections to the initial subpoena.

BlackBerry has nearly completed collecting its responsive information.[1] The only outstanding issue is BlackBerry's request for an order protecting its highly confidential and proprietary information.

### B. Existing Protective Orders

Two existing protective orders are relevant here: the "Class Action Protective Order" (Docket No. 193) and the "Microsoft Action Protective Order" (Docket No. 900).

---

[1] BlackBerry's contracts require it to give notice to its customers before producing certain information in response to the Subpoena. Once a protective order governing BlackBerry's production is executed, BlackBerry will provide the requisite notice – including a copy of the executed protective order – to its customers, so that the information can then be produced.

SCHEPER KIM & HARRIS LLP

The Honorable Donna M. Ryu
November 10, 2015
Page 3

        *1.     Class Action Protective Order*

The Court entered the Class Action Protective Order on May 17, 2013. (*See* Docket No. 193.) It provides two tiers of protection for a producing party's competitively sensitive information: "Confidential Information" and "Highly Confidential Information." (Docket No. 193 at §§ 2.3 and 2.4.) However, unlike the Northern District's Model Protective Order, access to information designated with the highest level of protection is not limited to the litigants' counsel. Instead, "Highly Confidential Information" can be shown to the plaintiffs and their employees under certain circumstances. (Docket No. 193 at § 7.3(a) (permitting disclosure to plaintiffs and their employees).)

        *2.     The Microsoft Protective Order*

Section 7.3(a) of the Class Action Protective Order states in part "[i]f additional parties become named plaintiffs in this litigation after the date of the filing of Consolidated Amended Complaints ('New Plaintiffs'), such New Plaintiffs will not be allowed access to 'Highly Confidential' materials unless separately agreed to in writing by the Designating Party." (*See* Docket No. 193 at § 7.3(a).) On September 28, 2015, Microsoft and the Defendants (including SDI) submitted a joint request (the "Stipulation") for entry of a new protective order governing information disclosed to or by Microsoft. (Docket No. 850.) According to the Stipulation, the Microsoft Action Protective Order is necessary to, among other things, "protect the confidential information belonging to the Stipulating Defendants' battery customers, many of which are competitors of each other." (*Id.* at 2:15-17.) The Microsoft Action Protective Order thus addresses "any concern that certain parties could obtain an unfair business advantage from the receipt of their competitors' highly confidential business information." (*Id.* at 4:9-11.)

The Court entered the Microsoft Action Protective Order on October 16, 2015. (Docket No. 900.) The Microsoft Action Protective Order more closely hews to the Northern District's Model Protective Order, by providing a tier of protected information that can be disclosed to the litigants' counsel, but not to the litigants themselves. (*Id.* at §§ 7.3 and 7.4.)

        **C.**     **BlackBerry's Confidential and Proprietary Information Is Entitled To the Same Protection As Afforded By The Microsoft Action Protective Order**

BlackBerry has the same concerns with the Class Action Protective Order that were expressed in the Stipulation: that its confidential and proprietary business information be kept confidential from the public, and especially its competitors.

In response to the Subpoena, BlackBerry is prepared to produce granular, detailed, transaction-level information relating to BlackBerry's purchases of lithium ion batteries and to sales of BlackBerry devices and batteries in the United States. This information includes not just gross purchase and sales numbers, but also the dates of specific purchases and sales, the

SCHEPER KIM & HARRIS LLP

The Honorable Donna M. Ryu
November 10, 2015
Page 4

quantities purchased and the amounts paid. BlackBerry keeps this information highly confidential within BlackBerry, and does not disclose it to anyone outside the company. Thus, this information is entitled to heightened protections under Rule 26 of the Federal Rules of Civil Procedure.

BlackBerry is also subject to nondisclosure agreements with its customers and suppliers. Like the agreements discussed in the Stipulation, BlackBerry's agreements require it to treat the subpoenaed information with the utmost confidence. In other words, both BlackBerry and its customers have a justifiable interest in preserving the confidentiality of this critical business information, further justifying heightened protection.

Moreover, although the Subpoena seeks information concerning BlackBerry's sales of lithium ion batteries, those sales are almost entirely in the context of sales of BlackBerry-brand smartphones, not stand alone batteries. Thus, its relevant sales records largely pertain to its sales of smartphones that contain lithium ion batteries, rather than sales of batteries themselves. The smartphone industry, unlike the battery industry, is subject to a great deal of scrutiny by the media and general public. For example, a simple Google News search (news.google.com) demonstrates that in just the first fifteen days of October, media reports discussing sales of BlackBerry sales ran on a multitude of traditional and web media outlets, including the Wall Street Journal, CBC, CNET, Wired, Digital Trends, Motley Fool, The Verge, Huffington Post and Tech News Today. Thus, the risk of disclosure here – even inadvertent disclosure – is substantial.

Finally, the need to preserve the confidentiality of BlackBerry's information is made all the more urgent by Microsoft, Dell and TracFone's joinder in this suit, as all three companies directly compete with BlackBerry or its customers. For example, both BlackBerry and Microsoft manufacture and sell smartphones to consumers and business, including the recently announced BlackBerry Priv (announced September 25, 2015) and the Microsoft Lumia line of phones (announced just days later, on October 6, 2015). Although Dell no longer makes smartphones that compete with BlackBerry, it sells other manufacturers' smartphones on its website. More importantly, just weeks ago, Dell recently announced its agreement to acquire EMC for $67 billion, one of the largest technology mergers of all time. EMC, in turn, is the majority owner and controlling parent of VMWare, Inc., whose products include an enterprise mobility management offering that competes directly with BlackBerry's enterprise mobility management products.[2] Finally, TracFone is a wireless service provider, which directly competes with

---

[2] For example, compare AirWatch, VMWare's enterprise mobility management software (http://www.vmware.com/products/enterprise-mobility-management/) with BES12, BlackBerry's enterprise mobility management software (http://us.blackberry.com/enterprise/products/bes12.html). Note also that BlackBerry recently announced its purchase of Good Technology, (footnote continued)

SCHEPER KIM & HARRIS LLP

The Honorable Donna M. Ryu
November 10, 2015
Page 5

BlackBerry's largest customers, including Verizon Wireless and AT&T Wireless. Accordingly, disclosing BlackBerry's granular sales data would not only competitively disadvantage BlackBerry but also disadvantage its customers and business partners.

### D. BlackBerry Should Be Afforded the Same Protections As Afforded to Microsoft Under the Microsoft Action Protective Order

The "parties stipulated to the Microsoft Action Protective Order to … protect the confidential information belonging to the Stipulating Defendants' battery customers, many of which are competitors of each other," and to prevent those customers from obtaining "an unfair business advantage from the receipt of their competitors' highly confidential business information." (Docket No. 850 at 2:15-17; 4:9-11.)

BlackBerry is one of the defendants' "battery customers" referenced in the Stipulation. Therefore, the litigants here have already agreed that a further protective order is necessary to prevent BlackBerry's competitors from gaining an unfair business advantage from the receipt of BlackBerry's highly confidential business information. Accordingly, the Court should afford BlackBerry the same protections afforded to Microsoft in the Microsoft Action Protective Order: the ability to designate information attorneys' eyes only, so that it cannot be disclosed to the parties to this case.

### E. BlackBerry Defers To the Court With Respect To the Means By Which Those Protections Are Extended To BlackBerry

As a nonparty to this case, BlackBerry is agnostic as to the method by which the Court extends the protections in the Microsoft Action Protective Order to BlackBerry. It may be easiest to enter an order stating that the Microsoft Action Protective Order applies to BlackBerry in addition to Microsoft. However, other means may be available to satisfy BlackBerry's concern that it be afforded the same protections afforded to Microsoft under the Microsoft Action Protective Order, and BlackBerry therefore defers to the Court as to the best means of accomplishing that goal.

---

another provider of enterprise mobility management. (*See, e.g.,* http://www.wsj.com/articles/ blackberry-to-buy-good-technology-for-425-million-1441370724 (noting that the acquisition "will also help BlackBerry compete against … VMware Inc.'s AirWatch in the device-management space").)

SCHEPER KIM & HARRIS LLP

The Honorable Donna M. Ryu
November 10, 2015
Page 6

### III.  SDI's CONTENTIONS

As stated above, SDI takes no position on BlackBerry's request for extension of the Microsoft Protective Order. SDI's only interest is in obtaining production of BlackBerry's responsive transactional data, which, as stated above, BlackBerry has agreed to promptly produce following final resolution of its protective order request. Indeed, SDI understands that most, if not all, of the responsive data has already been compiled and prepared for production.

        Very truly yours,

        /S/ Alexander H. Cote

        Alexander H. Cote
        SCHEPER KIM & HARRIS LLP
        Counsel for BlackBerry Limited

        /S/ James L. McGinnis (as authorized on
        November 10, 2015)

        James L. McGinnis
        Sheppard Mullin Richter & Hampton LLP
        Counsel for Defendants Samsung SDI
        America, Inc. and Samsung SDI Co., Ltd.

### SIGNATURE ATTESTATION

I hereby attest that all of the signatories electronically listed above concur in this filing's content, and that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature ("/S/") within this e-filed document in compliance with Local Rule 5-1(i)(3).

        /S/ Alexander H. Cote
        Alexander H. Cote
        Counsel for BlackBerry Limited
        Email: acote@scheperkim.com