UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION** | **Master File No.: 13-MD-2420 YGR** |
| | **Case No. 15-CV-03443 YGR** |
| **This Order Relates to:** | **ORDER GRANTING IN PART MOTION TO DISMISS AND COMPEL ARBITRATION** |
| **MICROSOFT MOBILE INC., ET AL.,** | |
| Plaintiffs, | |
| v. | |
| **LG CHEM AMERICA, INC., ET AL.,** | |
| Defendants. | |

Defendants Panasonic Corporation, Panasonic Corporation of North America (together, "Panasonic"), SANYO Electric Co., Ltd., and SANYO North America Corporation (together, "Sanyo") (collectively, "defendants") filed a motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 9 U.S.C. § 206 to dismiss Microsoft Mobile Inc.'s and Microsoft Mobile Oy's (together, "Microsoft" or "plaintiffs") complaint against them, compelling arbitration of the claims at issue. (Dkt. No. 892.)[1]

Having carefully considered the papers submitted, the record in this case, and the arguments of counsel at the December 8, 2015 hearing on the motion, and good cause shown, the Court hereby **GRANTS IN PART** and **DENIES IN PART** defendants' motion.

**I. BACKGROUND**

Microsoft filed this antitrust suit for damages and injunctive relief on June 26, 2015, alleging defendants' participation "in a massive conspiracy to fix, raise, stabilize, and maintain the

---

[1] Unless otherwise specified, all references to docket entries herein refer to the Master File.

prices of Lithium Ion Batteries and Cells" for more than a decade, starting no later than January 1, 2000. (Dkt. No. 1 ("Complaint") ¶ 1.)

Nokia Corporation and its subsidiary Nokia Inc. (together, "Nokia"), later acquired by Microsoft, entered into separate Product Purchase Agreements with Panasonic and Sanyo. The agreements contain arbitration clauses. Both contained "terms and conditions which are to be applied globally in all sale and purchase of Product(s) which SELLER shall sell and deliver to BUYER in accordance with separate Purchaser Order(s)." (Dkt. No. 892-2 at § 2.1; Dkt. No. 892-6 at § 2.1.) The agreement with Panasonic[2] contains the following terms:

> 31.2 Any disputes arising between the Parties out of or in connection with this Agreement or the interpretation, breach or enforcement of this Agreement shall be resolved and settled by arbitration in accordance with the Rules of Arbitration of the International Chamber of Commerce. The arbitration shall be held in the city of Helsinki, Finland, if the defendant shall be BUYER, and in Tokyo, Japan, if the defendant shall be SELLER. The language used in arbitration, including the language of the proceedings, the language of the decision, and the reasons supporting it, shall be English.
>
> 31.3 The Parties agree to recognise the decision of the arbitrators as final, binding and executable. The arbitration shall be the exclusive remedy of the Parties to the dispute regarding claims or counterclaims presented to the arbitrators.

(Dkt. No. 892-2 at §§ 31.2-31.3.)

The agreement with Sanyo contains the following arbitration clause:

> 31.2 Any disputes arising between the Parties out of or in connection with this Agreement or the interpretation, breach or enforcement of this Agreement shall be resolved and settled by arbitration in the city of London, England, in accordance with the rules of arbitration of the International Chamber of Commerce. The language used in arbitration, including the language of the proceedings, the language of the decision, and the reasons supporting it, shall be English.
>
> 31.3 The Parties agree to recognise the decision of the arbitrators as final, binding and executable. The arbitration shall be the exclusive remedy of the Parties to the dispute regarding claims or counterclaims presented to the arbitrators.

---

[2] According to the complaint, at the time the agreement was executed, Panasonic was operating under the name Matsushita Battery Industrial Co., Ltd. (Dkt. No. 1 ¶ 26; Dkt. No. 892 at 4.)

2

1    (Dkt. No. 892-6 at §§ 31.2-31.3.)

## II.   LEGAL STANDARD

The parties do not dispute that federal law applies to the arbitration clauses at issue for purposes of this motion. The Federal Arbitration Act requires a district court to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement. 9 U.S.C. § 3. A party may bring a motion in the district court to compel arbitration. 9 U.S.C. § 4. In ruling on the motion, the court's role is typically limited to determining whether: (1) an agreement exists between the parties to arbitrate; (2) the claims at issue fall within the scope of the agreement; and (3) the agreement is valid and enforceable. *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir.2004).

However, these gateway questions are decided by the arbitrator instead of the Court where "the parties clearly and unmistakably" express that intention. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). An arbitration clause including an agreement to follow a particular set of arbitration rules may constitute such an expression where those rules provide for the arbitrator to decide questions of arbitrability. *See Poponin v. Virtual Pro, Inc.*, No. 06-CV-4019 PJH, 2006 WL 2691418, at *9 (N.D. Cal. Sept. 20, 2006) (finding the ICC Rules of Arbitration clearly "provide for the arbitrator to decide arbitrability"). In such circumstances, the Court's inquiry is limited to determining whether the assertion of arbitrability is "wholly groundless." *See Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006) (applying Ninth Circuit law).[3]

---

[3] Defendants argue the "wholly groundless" standard is not the law of this Circuit, and indeed the Court is aware of no Ninth Circuit decision explicitly adopting this standard. However, as plaintiffs have noted, numerous courts in this District have cited the basic test articulated by the Federal Circuit. *See, e.g.*, *ASUS Computer Int'l v. InterDigital, Inc.*, No. 15-CV-01716-BLF, 2015 WL 5186462, at *3 (N.D. Cal. Sept. 4, 2015) (applying Qualcomm's "wholly groundless" test); *Bitstamp Ltd. v. Ripple Labs Inc.*, No. 15-CV-01503-WHO, 2015 WL 4692418, at *5 (N.D. Cal. Aug. 6, 2015) (same). In any event, the Court need not resolve this issue on the present motion, as the outcome here, as discussed below, would be the same regardless of whether or not

3

## III. DISCUSSION

The parties do not dispute (1) that these agreements apply to each of them, respectively, in light of the subsequent corporate restructurings, (2) that the arbitration clauses are valid, or (3) that pursuant to the Arbitration Rules of the International Chamber of Commerce, the provisions delegate "fairly debatable questions of arbitrability to the arbitrator." (Dkt. No. 931 at 1.) Resolving the instant motion thus involves only two questions. If the answer to either is "no," then the motion should be granted. First, does the "wholly groundless" standard apply in the Ninth Circuit, permitting the Court to serve a limited gatekeeping function even in the face of an effective delegation of arbitrability questions to the arbitrator?[4] Second, if so, is the motion to compel arbitration, in whole or in part, "wholly groundless"? As the Court finds the answer to the second question is "no," it need not resolve the first, as the outcome of the motion would be the same in either event.

The "wholly groundless" test is intended to "prevent[] a party from asserting any claim at all, no matter how divorced from the parties' agreement, to force an arbitration." *Qualcomm Inc.*, 466 F.3d at 1373 n.5; *see also Ellsworth v. U.S. Bank, N.A.*, No. 12-CV-02506 LB, 2012 WL 4120003, at *7 (N.D. Cal. Sept. 19, 2012) (finding a motion to compel arbitration "wholly groundless" where there were "[n]o reasonably doubts" as to the claims falling outside the scope of the arbitration provision at issue); *Guidewire Software, Inc. v. Chookaszian*, No. 12-CV-03224-LHK, 2012 WL 5379589, at *5 (N.D. Cal. Oct. 31, 2012) (finding motion to compel arbitration was not "wholly groundless" where arbitration clause broadly covered all matters "'arising out of or relating to'" the agreement in question).

---

the "wholly groundless" standard is applied.

[4] See, for example, cases cited by defendants indicating the Ninth Circuit is not certain to adopt this approach. *Brennan v. Opus Bank*, 796 F.3d 1125, 1131 (9th Cir. 2015) (affirming district court's dismissal of action in favor of arbitration where contract included an arbitrability delegation without applying the "wholly groundless" test in considering a challenge to the scope of the agreement); *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1075 (9th Cir. 2013) ("[A]s long as an arbitration agreement is between sophisticated parties to commercial contracts, those parties shall be expected to understand that incorporation of the UNCITRAL rules delegates questions of arbitrability to the arbitrator.");

4

As noted above, the claims at issue here involve defendants' alleged involvement in a massive antitrust conspiracy relating to the sale of "Lithium Ion Batteries and Cells" to plaintiffs. Defendants agree it is appropriate to send to the arbitrators the question of arbitrability of the claims against them relating to their direct sales to plaintiffs. However, they argue that the aspect of the case involving their liability for sales to plaintiffs by other defendants, with whom they purportedly conspired, should not be submitted to the arbitrator. According to plaintiffs, defendants' assertion of arbitrability as to those "joint and several liability" claims is "wholly groundless." Neither side has submitted authority directly addressing this question, although both sides have submitted contradictory supporting cases. *Compare In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. 13-CV-3349 SI, 2014 WL 1395733, at *3 (N.D. Cal. Apr. 10, 2014) ("Gateway's claims during the period outlined above are arbitrable only to the extent they are based on purchases it made directly from NEC; to the extent Gateway's claims are based on indirect purchases or co-conspirator liability, such claims are not subject to arbitration."), *with In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:14-CV-02510, 2014 WL 7206620, at *4 (N.D. Cal. Dec. 18, 2014) ("[B]ecause the Court lacks jurisdiction to determine arbitrability, and the parties agreed to resolve such issues before the arbitrators [...], the Court lacks jurisdiction even to sever [plaintiff's] claims against the co-conspirators from its claims against [the contracting defendant].") Moreover, the arbitration clause at issue is particularly broad. *Cf. Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) ("The parties' arbitration clause is broad and far reaching: 'Any dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement shall be settled by binding Alternate Dispute Resolution.'"). Thus, the Court finds the argument as to whether plaintiffs' entire case against defendants is subject to arbitration is not "wholly groundless."

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to compel arbitration. However, the Court **DENIES** defendants' request for dismissal. Upon plaintiffs' request and pursuant to 9 U.S.C. § 3, the Court instead **STAYS** the proceedings between these plaintiffs and defendants pending a decision on arbitrability by the arbitrator. *See Zenelaj v. Handybook Inc.*, 82 F. Supp.

5

3d 968, 979 (N.D. Cal. 2015).

This Order terminates Docket Number 892 in the Master File and Docket Number 17 in Case Number 15-cv-03443.

**IT IS SO ORDERED.**

Dated: December 9, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**