UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN YOUNG, et al., | Case No. 13-md-02420-YGR   (DMR) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | **RE PLAINTIFFS' MOTION TO** |
| | **REMOVE AND SUBSTITUTE CLASS** |
| LG CHEM LTD., et al., | **REPRESENTATIVES; ORDER ON** |
| Defendants. | **DISCOVERY LETTER** |
| | Re: Dkt. Nos. 845, 846 |

The Indirect Purchaser Plaintiffs filed a motion pursuant to Federal Rules of Civil Procedure 41 and 21 to remove certain class representatives and to add others.  [Docket No. 846.] The parties also filed a joint discovery letter regarding Defendants' request for discovery from the outgoing class representatives.  [Docket No. 845 (Joint Letter).]  The Honorable Yvonne Gonzalez Rogers referred the motion to remove and substitute class representatives to the undersigned, (Docket No. 859), and the court held a hearing on October 30, 2015 on the referred motion as well as the discovery dispute.  For the reasons stated below, the court recommends that the motion to remove and substitute class representatives be granted in part and denied in part.  With respect to the Defendants' motion to compel discovery, the court grants it in part and denies it in part.

## I.     BACKGROUND

In this multidistrict litigation, Plaintiffs allege a multi-year conspiracy to fix the prices of lithium ion battery cells, which are the main components of rechargeable batteries found in consumer electronics products.  Two groups of plaintiffs, denominated the indirect purchaser plaintiffs ("IPPs") and the direct purchaser plaintiffs ("DPPs"), seek to represent putative classes of individuals, businesses, and municipal and regional governments injured by the alleged overcharges.  The IPPs seek to represent classes of purchasers who bought lithium ion batteries

United States District Court
Northern District of California

and battery products for their own use.  In their third consolidated amended class action complaint ("IPP-TCAC"), the IPPs allege a nationwide class seeking injunctive relief under the Sherman Act, 15 U.S.C. § 1, and a separate nationwide class seeking damages under California's Cartwright Act, California Business & Professions Code section 16720 et seq.  [Docket No. 519 (IPP-TCAC) ¶¶ 476-477, 490-524.]  Alternatively, the IPPs allege multiple jurisdiction-specific classes seeking relief under assorted state antitrust and consumer protection statutes.  (IPP-TCAC ¶¶ 479, 489, 526-563.)

The IPPs now move to dismiss fifteen class representatives who represent eleven states plus the District of Columbia.[1]  The IPPs have determined that these representatives 1) made no qualifying purchase within the relevant class period; 2) lack documentation of the purchase and/or do not have the purchased product; 3) have been unresponsive to requests for information; or 4) purchased the product in a state for which Plaintiffs are no longer asserting claims.  The IPPs's motion includes a chart listing the names of the class representatives they seek to dismiss, the jurisdictions in which they are located, the allegations in the third consolidated amended complaint corresponding to each representative, the proposed substitute representative, and the reason to drop or substitute the representative.  Pls.' Mot. at 2-5.  The IPPs ask the court to dismiss without prejudice the fifteen withdrawing representatives' claims under the Sherman Act, California law, and each of their state's respective laws.[2]

Defendants do not oppose the IPPs's request to dismiss the withdrawing representatives' claims, but argue that their claims should be dismissed with prejudice, or without leave to amend.  They also ask the court to condition the dismissals of the withdrawing representatives on their provision of discovery, including appearance for depositions.  Defendants also move to compel that discovery.

The IPPs also seek leave to add two individuals, Robert Harmon and Caleb Batey, as

---

[1] For simplicity, the court will hereinafter refer to the District of Columbia as a "state."

[2] The court notes that the IPPs do not oppose dismissal with prejudice of Kevin Young's claims. Pls.' Reply at 1 n.2.  Additionally, Wilbur Franklin's claims under New Hampshire law were dismissed with prejudice in October 2014.  [Docket No. 512.]

substitutes for the Arkansas and Tennessee class representatives.[3]

## II.     DISCUSSION

### A.  Dismissal of Withdrawing Representatives' Claims

As a preliminary matter, the parties do not agree on the appropriate procedural vehicle for dismissal of the withdrawing class representative's claims.  The IPPs argue that such a dismissal is governed by Federal Rule of Civil Procedure 41(a), which controls the voluntary dismissal of actions.  Defendants assert that the proper vehicle is Rule 15(a), which regulates amendment of pleadings before trial.

Here, the withdrawing representatives seek to dismiss all of their claims against all Defendants.  This is akin to dismissal of those individuals' "actions" against Defendants. Therefore, Rule 41(a) governs.  *See Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 687-88 (9th Cir. 2005) (discussing differences between Rule 41(a) and 15(a)); *Gen Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("we have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims."); *see also In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081, at *18 (N.D. Cal. June 9, 2010) (dismissing class representative's claims pursuant to Rule 41(a)(2)).

Under Rule 41, once an opposing party has filed an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice."  *Id.*; *see also Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) ("[a] dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule.").  While a dismissal without prejudice is the default position stated in Rule 41(a)(2), the court has broad discretion whether to dismiss an action with or without prejudice.  *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

---

[3] At the hearing, Plaintiffs' counsel represented that Plaintiffs were withdrawing their request to add Batey as a representative for Tennessee.  However, in their December 2, 2015 motion for leave to amend the complaint, Plaintiffs seek leave to add Batey as a class representative, along with Harmon and five other proposed representatives.  [Docket No. 984.]

United States District Court
Northern District of California

"The purpose of [Rule 41(a)(2) is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).   Therefore, "[i]n ruling on a motion for voluntary dismissal, the [d]istrict [c]ourt must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *Smith*, 263 F.3d at 976.  "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996).  "[T]he threat of future litigation which causes uncertainty" and "the expense incurred in defending against a lawsuit" do not amount to "plain legal prejudice." *Id.* at 96, 97.

Under Rule 41(a)(2), the court "must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).  Here, Defendants do not oppose the IPPs' request to dismiss the withdrawing representatives' claims.  However, they argue that the court should either dismiss these claims with prejudice, or without leave to amend.  Defendants also argue that the withdrawing representatives should provide discovery as a condition of dismissal.

### 1.    Dismissal With or Without Prejudice

Defendants first argue that the claims of eleven of the fifteen withdrawing class representatives must be dismissed with prejudice because they never had standing to bring individual and class claims. [4]  These eleven individuals either did not make a "qualifying purchase" of a lithium ion battery product, (e.g., did not purchase a product for their personal use,

---

[4] This includes withdrawing representatives A-1 Computers (Arkansas), Brian Hanlon (California), Matt Miller (California), Kevin Young (California), Theodore Wolfendale (Florida), Matthew Weiner (Massachusetts), Benjamin Kramer (Nebraska), Michael Reilly (New Mexico), Joseph Aronson (North Dakota), Robert Hyams (Vermont), and Spencer Hathaway (D.C.).

United States District Court
Northern District of California

1  did not purchase a product during the relevant class period, and/or did not purchase a product in a

2  jurisdiction for which the IPPs seek to certify a class), or do not have physical evidence of their

3  purchases.  Defs.' Opp'n at 6-7.

4         Defendants' argument is unpersuasive.  The fact that the eleven individuals did not make a

5  "qualifying purchase" clearly renders them unsuitable as class representatives in this case.

6  However, Defendants have not established that they lack standing to pursue their individual

7  claims, such that their claims should be forever extinguished.  To establish Article III standing, a

8  plaintiff must establish injury-in-fact, causation, and a likelihood that a favorable decision will

9  redress the plaintiff's alleged injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

10  Defendants do not offer facts from which a court can conclude that these individuals would be

11  unable to demonstrate these basic standing requirements.[5]

12         Defendants conflate standing and class certification.  As the Ninth Circuit recently

13  explained in *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015), "[s]*tanding* is meant to

14  ensure that the injury a plaintiff suffers defines the scope of the controversy he or she is entitled to

15  litigate.  *Class certification*, on the other hand, is meant to ensure that named plaintiffs are

16  adequate representatives of the unnamed class."

17

18           [A]ny issues regarding the relationship between the class representative and the passive class members—such as dissimilarity

19           in injuries suffered—are relevant only to class certification, not to standing.  Stated differently, representative parties who have a direct

20           and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have

21           similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.

22  *Id.* at 1262 (internal citations omitted).  Here, the "dissimilarity in injuries" between the eleven

23  representatives and the putative class members does not impair their standing to bring their *own*

24  claims.  Instead, these issues go to their suitability to represent the classes, i.e., whether they are

25  adequate representatives of the claims of the absent putative class members under Rule 23(a).  *See*

26  

27       [5] By contrast, the claims of the class representative in *In re Flash Memory Antitrust Litigation* were dismissed with prejudice because that individual admitted that he had never purchased any

28  products at issue in the litigation.  As such, he lacked standing to assert his claims.  2010 WL 2332081, at *18.

1    *id*. at 1262-63.[6]

2         Defendants next assert arguments as to eight withdrawing representatives who are the sole

3    named plaintiffs asserting their respective state claims.[7]  Defendants argue that the representative

4    state claims must be dismissed without leave to amend, because a dismissal without prejudice

5    could cause "legal prejudice" to Defendants by impairing their right to assert a statute of

6    limitations defense.  Defs.' Opp'n at 8.[8]

7         Defendants contend that any new representative claims brought pursuant to these state laws

8    would be untimely under the applicable statutes of limitations.  They argue that dismissal without

9    leave to amend is necessary to preclude the IPPs from reasserting these specific state law claims

10   via new class representatives through application of the tolling doctrine.[9]  Defs.' Opp'n at 8.  In

11   other words, Defendants assert that dismissal without leave to amend is necessary to prevent the

12   IPPs from ever attempting to revive the representative state law claims that will drop out of this

13   suit through the dismissal of the eight withdrawing named plaintiffs.

14        This argument is also unpersuasive.  Defendants do not even appear to focus on the claims

15

16   [6] As to the remaining four of the fifteen withdrawing plaintiffs, three were unresponsive to lead counsel's requests for information (Michael Katz-Lacabe, Jenny Dieter, and Dawn Boyd-Potvin).

17   Defendants assert that these three withdrawing plaintiffs may also lack standing to bring their claims, since they did not disclose any details about their alleged purchases in discovery.  Defs.'

18   Opp'n at 7.  The parties do not squarely address this in their briefing, but a "no standing" argument would fail as to these three individuals for the same reason it fails for the other eleven.

19   The fourth (Wilbur Franklin) sought to represent a New Hampshire class, and the New Hampshire claims were previously dismissed with prejudice.  [Docket No. 512.]

20
     [7] These eight withdrawing representatives are the sole individuals who sought to represent classes
21   under the state laws of Arkansas, Nebraska, New Mexico, North Dakota, South Carolina, Tennessee, Vermont, and D.C.

22   [8] Defendants originally argued that these claims should be dismissed with prejudice.  At the
23   hearing, Defendants clarified that they seek dismissal of these eight individual claims, plus the corresponding class claims, without leave to amend rather than with prejudice.

24   [9] *See generally American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974).

25   Defendants also rely on cases holding that *American Pipe* tolling does not apply to class action
26   claims for which the original named plaintiffs lacked standing.  *See, e.g., Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1166-67 (C.D. Cal. 2010); *Palmer v. Stassinos*,
27   236 F.R.D. 460, 465-66 (N.D. Cal. 2006).  These cases are inapposite because, as discussed above, Defendants have not established that the withdrawing representatives lack standing to bring their
28   own claims.

of the eight representatives. Rather, they attempt to use Rule 41 to bar future *class* claims by seeking dismissal of the eight individuals "without leave to amend," i.e., without the ability to reassert these state class claims through new class representatives. Such an outcome is unwarranted.

Although Defendants cite *Westlands* for the proposition that "legal prejudice" includes "the loss of . . . a statute-of limitations defense," (Defs.' Opp'n 8), that case made no such bright line rule. Instead, the Ninth Circuit in *Westlands* observed that "in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." 100 F.3d at 97 (citing cases). *Westland* cites several cases in support of this general statement, two of which examine whether loss of a statute of limitations defense amounts to "plain legal prejudice" for purposes of a Rule 41 analysis. One of them, *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987), cited with approval an Eleventh Circuit case which held that a court properly dismissed a suit without prejudice, even though the plaintiff intended to refile his claim in state court in order to escape a statute of limitations bar. *Id.* (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 859 (11th Cir. 1986)). The second case, *Manshack v. Southwestern Electric Power Co.*, 915 F.2d 172, 174-175 (5th Cir. 1990), declined to find "plain legal prejudice" where voluntary dismissal would not strip the defendant of an "absolute defense." Neither of these cases, cited with approval by *Westlands*, support Defendants' position.

Defendants' claim of legal prejudice is speculative. They have not shown that dismissal of the withdrawing representatives' claims without prejudice would clearly impair their ability to assert a statute of limitations defense. Should the IPPs seek leave to amend to add new class representatives to try to revive the eight state law claims, nothing prevents Defendants from arguing that the claims are untimely and that tolling should not apply. Dismissing the withdrawing representatives' claims without prejudice will not impair Defendants' ability to make these arguments in any way. In asking the court to dismiss the withdrawing representatives' claims without leave to amend, Defendants are essentially seeking to preempt any future tolling argument. No authority supports such an outcome.

7

In sum, the court finds that Defendants have failed to establish "plain legal prejudice" sufficient to support a dismissal with prejudice. Accordingly, the court recommends that their claims be dismissed without prejudice.

### 2.   Whether the Withdrawing Representatives' Dismissal Should be Subject to Conditions

The final inquiry under Rule 41(a)(2) requires the court to determine whether to impose any terms and conditions on the withdrawing representatives' dismissal. *See Williams*, 227 F.R.D. at 539. Defendants argue that the withdrawing representatives should provide discovery as a condition of their dismissal, and separately move to compel discovery from the fifteen representatives. Defs.' Opp'n at 10-11; Joint Letter at 2-5. The IPPs oppose Defendants' request.

Defendants served the class representatives with interrogatories and requests for production in March 2015. On May 1, 2015, the IPPs informed Defendants that they intended to move for leave to substitute class representatives, and identified the fifteen withdrawing representatives on June 19, 2015. Hamburger Decl., Oct. 6, 2015, ¶ 4, Ex. B. On July 14, 2015, the IPPs notified Defendants that they would not produce documents on behalf of the fifteen individuals. Hamburger Decl. Ex. C. On August 28, 2015, Defendants requested responses to the outstanding discovery, and also asked for deposition dates for the fifteen withdrawing representatives. Hamburger Decl. Ex. D. Defendants argue that discovery from the withdrawing representatives is necessary because they have information relevant to class certification issues. Joint Letter at 3-4. In response, the IPPs argue that Defendants' insistence on documents, deposition dates, and interrogatory responses from the withdrawing representatives is "harassing" and not reasonably calculated to lead to the discovery of admissible evidence, and ask the court to enter a protective order barring discovery from the departing representatives under Rule 26(c). Joint Letter at 6.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Relevancy, for the purposes of discovery, is

8

United States District Court
Northern District of California

defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

"In keeping with the nature of class action suits, 'class members and parties are not treated identically.'" *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (quoting *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1309 (9th Cir. 1982)).  Here, the parties have already agreed that the withdrawing representatives' claims should be dismissed from the case.  The only question is whether their claims should be dismissed with prejudice.  With their dismissal, the departing representatives will no longer be part of this case, or at most, will become absent class members to the extent they have any class claims.  Generally, a party who seeks to depose unnamed class members bears the burden to show that "discovery is both necessary and for a purpose other than taking undue advantage of class members."  *Baldwin & Flynn v. Nat'l Safety Associates*, 149 F.R.D. 598, 600 (N.D. Cal. 1993); *see also On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452, 455-56 (S.D. Cal. 2001) ("discovery of absent class members is ordinarily not permitted in class actions."), *rev'd on other grounds*, 79 Fed. Appx. 247 (9th Cir. 2003).[10]

Defendants argue that discovery from each of the fifteen individuals as to the following topics is relevant to typicality and commonality:

> (1) the type of products they purchased; (2) the amount they paid; (3) whether the price included discounts, credits or returns, or was negotiated; (4) whether each IPP bought from distributors, retailers, used product resellers, or others; (5) the manufacturer of each battery pack or cell in the products; and (6) what factors each purchaser considered when buying the products, including whether they considered the characteristics of the cells in the products.

Joint Letter 3-4.  Defendants also argue that the reasons that these individuals seek to withdraw from serving as class representatives may be relevant to the question of ascertainability, and may

---

[10] Some cases have focused on this distinction in deciding whether discovery was appropriate.  For example, In *Fraley v. Facebook Inc.*, No. C 11-1726 LHK (PSG), 2012 WL 555071, at *2 (N.D. Cal. Feb. 21, 2012), the court ordered discovery where it had not yet heard the plaintiffs' motion to dismiss the withdrawing representative's claims without prejudice, and therefore the representative "remain[ed] a named plaintiff."  Moreover, the defendant had shown that the withdrawing representative's allegations presented issues that could be "unique among the other named plaintiffs."  *Id.*  Similarly, in *Dysthe*, 273 F.R.D. at 628, the court had not yet dismissed the withdrawing plaintiff, and thus the court found that "the discovery standards governing putative class members [were] not necessarily applicable."

call into question the IPPs's ability to determine membership in the class.

The court finds that discovery from all fifteen departing representatives is unwarranted. The departing individuals will no longer be class representatives; therefore, the question of whether they can establish Rule 23(a) requirements is moot. *See, e.g., In re Urethane*, 2006 WL 8096533, at *2 n.11 (granting protective order to withdrawing class representative; noting "[w]hether [the plaintiff] did or did not purchase the relevant products is not an issue that needs to be determined prior to the class certification hearing if [the plaintiff] is not a class representative."). Defendants believe that the requested discovery will buttress their arguments regarding ascertainability. However, facts regarding whether these fifteen people purchased a qualifying product manufactured by one of the defendants, and the details of any such purchases, are only marginally relevant to the overall question of whether a class should be certified, given the likely gigantic size of the proposed class. In light of the foregoing, the court finds it appropriate and proportional to allow Defendants to take the depositions of up to five departing class representatives of their choosing. However, such depositions will count against Defendants' overall deposition limits for non-party depositions.

### B. Motion to Add Two Class Representatives

The IPPs moved pursuant to Federal Rule of Civil Procedure 21 to add two class representatives. However, at the hearing, counsel for the IPPs conceded that their request is appropriately evaluated under the rubric of Rule 15(a), rather than Rule 21.

Rule 15(a) states, in relevant part, that after an opposing party has served a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest

weight." *Eminence Capital*, 316 F.3d at 1052.

The IPPs did not submit a proposed fourth consolidated amended class action complaint with their motion.  Civil Local Rule 10-1 provides that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."  The submission of the proposed amended pleading allows a court to review changes and determine whether "justice requires" granting leave to amend.  *See* Fed. R. Civ. P. 15(a)(2).  Since the IPPs did not comply with Rule 10-1, the court recommends that their motion be denied on that basis.

### III.    CONCLUSION

For the foregoing reasons, the court recommends that the IPPs' motion to remove certain class representatives be granted.  Specifically, the court recommends that the withdrawing representatives' claims be dismissed in their entirety without prejudice.  The IPPs' request to dismiss with prejudice the claims of withdrawing representative Kevin Young should be granted.

As discussed at the hearing, the IPPs were ordered to file a proper motion to amend the complaint to add class representatives by no later than November 30, 2015, and to provide Defendants with a draft of their proposed fourth amended complaint by November 23, 2015.

Any party may file objections to the undersigned's report and recommendation regarding the IPPs's motion to remove and add class representatives with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

Defendants' motion to compel discovery from the withdrawing representatives is granted in part and denied in part.

**IT IS SO RECOMMENDED.**

Dated: December 9, 2015



Donna M. Ryu
United States Magistrate Judge