# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 217-6810
FACSIMILE (415) 217-6813

December 17, 2015

*Via CM/ECF*

The Honorable Donna M. Ryu
United States District Court
Oakland Courthouse, Courtroom 4
1301 Clay Street
Oakland, CA 94612

      Re*:    In re Lithium Ion Batteries Antitrust Litigation, All Actions*;
              Case No. 4:13-md-02420-YGR (DMR)
              Joint Letter Brief re Documents LG Chem is Withholding as Privileged

Dear Judge Ryu:

Pursuant to the Notice of Amended Discovery Procedures (ECF 499), Direct and Indirect Purchaser Plaintiffs ("Plaintiffs") ask the Court to enter an order compelling LG Chem Ltd. and LG Chem America, Inc. ("LGC" or "LG Chem") to produce documents it is withholding as privileged, but for which no privilege log has been produced. The parties held a final meet-and-confer by phone on December 11, 2015 regarding this issue and remain at an impasse. The first deadline set by the Court that might be affected by the outcome of this dispute is the deadline for Plaintiffs' class certification motions on January 15, 2016. The parties shall submit any document referenced in this letter brief at the Court's request. The parties request that this motion be heard at the hearing scheduled for January 14, 2016, regarding other disputes involving LG Chem. *See* ECF No. 979.

## I.    PLAINTIFFS' POSITION

### A.    LG Chem Failed to Produce Privilege Logs and Production Now Would be Untimely

LG Chem has failed to produce a privilege log pertaining to document productions it made *over five months* ago, despite promising Plaintiffs in June 2015 that a "privilege and redaction log will follow shortly thereafter." Letter from Creely to Plaintiffs (June 9, 2015). LG Chem refuses to even provide an estimate of when it expects to produce its privilege log. Letter from McGowan Lemberg to Plaintiffs (Nov. 23, 2015). Apart from a limited privilege log produced in October 2015 that is specific to documents from the files of two custodians, LG Chem has failed to give Plaintiffs notice of what it is withholding or the information necessary to assess its assertions of privilege. Accordingly, LG Chem has waived any privilege it might have claimed, and it should immediately produce each document it is withholding that lacks a corresponding entry on a privilege log. *See Burlington Northern & Santa Fe Ry. v. United States*

*Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (finding privileges waived where party did not produce privilege log for more than five months).

The clock measuring timeliness under *Burlington* starts when a responding party serves its responses and objections to document requests, subject to discovery orders and agreements among the litigants. *Id.* at 1149. Here, Plaintiffs served their third and fourth sets of RFPs in October and November 2014. In March 2015, the Court entered a stipulation and order containing the schedule for Defendants' productions of documents. ECF No. 678. The order set dates for LG Chem to produce the first tranche of custodians by May 15, 2015, centralized files by June 30, and the second tranche of custodians by July 15. *Id.* at §§ III.F, IV. The privilege logs for these staggered productions are now *five to seven months* late, with no end in sight. Plaintiffs have made repeated requests for a privilege log, to no avail, as set forth below:

- **May 7**. After LG Chem produces three personnel files containing redactions, but no redaction log, Plaintiffs remind LG Chem of its duty to promptly produce privilege logs under this Court's orders. (LG Chem produced a three-entry privacy redaction log on May 29, 2015.) Email from Hammarskjold to LG Chem (May 7, 2015).

- **May 15**. LG Chem produces documents for seven of its 11 first-tranche custodians. *See* letter from Creely to Plaintiffs (June 9, 2015).

- **June 9**. LG Chem tells Plaintiffs it expects to complete production of first-tranche custodians based on its own search terms by June 19 and promises "a privilege and redaction log will follow shortly thereafter." Letter from Creely to Plaintiffs (June 9, 2015).

- **Aug. 24**. Plaintiffs request that LG Chem immediately produce a privilege log for all document productions to date. Email from Scarlett to LG Chem (Aug. 24, 2015).

- **Aug. 27**. LG Chem agrees to produce a privilege log specific to two custodians whose depositions have been scheduled. Plaintiffs write: "To be clear, accepting a privilege log for these custodians on September 30 is for the purpose of resolving our issues as to these depositions. We continue to hold the position that LG Chem should have already produced privilege logs for all its productions to date and we again request that you do so immediately." Email from Hammarskjold to LG Chem (Aug. 27, 2015).

- **Oct. 6**. LG Chem produces a 213-entry privilege log for the two deposition witnesses.

- **Oct. 7**. Plaintiffs inform LG Chem of categorical deficiencies in the two-custodian privilege log and challenge the assertion of privilege for numerous documents. Plaintiffs remind LG Chem of its duty to produce a privilege log for all withheld documents and expressly reserve the right to ask the Court for an order finding that LG Chem has waived privilege over all withheld documents not promptly disclosed in a privilege log. Letter from Zirpoli to LG Chem (Oct. 7, 2015). Further letters are exchanged.

- **Oct. 29**. LG Chem produces a revised two-custodian privilege log with 134 entries and, the following day, produces the 79 documents removed from the October 6 log.

- **Oct. 30**. Plaintiffs request that LG Chem produce a privilege log for all first- and second-tranche documents and all centralized file documents by November 14. Email from Zirpoli to LG Chem (Oct. 30, 2015).

- **Nov. 6**. Plaintiffs request a privilege log for Seok Hwan Kwak's documents in light of an order compelling his deposition. Plaintiffs expressly reserve the right to bring LG Chem's failure to timely produce a full privilege log to the Court's attention. Letter from Hammarskjold to LG Chem (Nov. 6, 2015).

- **Nov. 16**. Plaintiffs request a meet-and-confer regarding the status of LG Chem's privilege log production. Letter from Hammarskjold to LG Chem (Nov. 16, 2015).

- **Nov. 18**. LG Chem agrees to provide Plaintiffs an estimated date for production of a privilege log by Nov. 23. *See* Letter from Hammarskjold to LG Chem (Nov. 18, 2015).

- **Nov. 23**. LG Chem informs Plaintiffs it cannot provide a date by which it will produce a privilege log. Letter from McGowan Lemberg to Plaintiffs (Nov. 23, 2015).

- **Dec. 11**. LG Chem again refuses to provide a date for production of its privilege log. *See* letter from Hammarskjold to LG Chem (Dec. 11, 2015).

**B.     LG Chem Must Produce All Withheld Documents Not Identified on a Privilege Log**

This Court's Notice of Amended Discovery Procedures requires withholding parties to "**promptly**" produce a privilege log, and provides that "[f]ailure to promptly furnish a privilege log may be deemed a waiver of the privilege or protection." ECF No. 499. The Court told the parties in this case: "If there's a problem let me know. Because that [standing] order is in place for a reason. And it's to make sure that privilege logs are promptly produced, which usually means, you know, with the production or shortly after the production. Ninth Circuit law would say if you were much later than that, you may waive your privilege. So I know you all don't want to do that, so make sure that they are—you are creating them as you're going through your production anyway."). Nov. 10, 2014 Mot. Hr'g Tr. 98:10–17 (ECF No. 559).

The Ninth Circuit explained in *Burlington* that a district court should determine whether untimely production of a privilege log should result in the waiver of privilege by considering several factors: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually simple or unusually difficult. 408 F.3d at 1149. Here, the *Burlington* factors all support waiver and disclosure.

*First,* LG Chem is not just late—it has *failed* to produce a privilege log for 19 of its 21 first- and second-tranche custodians and its centralized files. Plaintiffs and the Court must evaluate LG Chem's assertions of privilege with nothing more than blanket refusals that do not even hint at the number of entries that might be included on the log LG Chem "intends" to produce (although, given the delay, it may be a large number) or what specific privileges are asserted, let alone the particulars of the documents and the basis of the asserted privileges. This fact distinguishes virtually all of decisions applying *Burlington* relied upon by LG Chem, in which actual production of a log tips this first factor in favor of the withholding party.

*Second*, a five-month delay is "presumptively untimely absent mitigating considerations" under *Burlington*. *Burch v. Regents of Univ. of Cal.*, No. CV.S-04-0038 WBS GGH, 2005 WL

6377313, at \*2 (E.D. Cal. Aug. 30, 2005) ("the *Burlington* Court did specifically note that 'in the absence of mitigating considerations,' a district court would be justified in finding that a party had waived its asserted privileges by submitting a privilege log *five months* after the Rule 34 deadline.").

**Third**, as other courts applying the *Burlington* factors have observed, in complex cases the magnitude of document production is no secret and no surprise. *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 649–50 (D. Nev. 2010). Therefore, even when "voluminous" document production requires "extraordinary efforts" of multiple lawyers "working feverishly," this factor weighs in favor of the requesting party. Like the defendant in *Bullion*, LG Chem "well knew that prompt document review and production of the documents and the log was of utmost importance and failed to take steps to insure that the privilege log would be produced until well past the time it could be of use to" Plaintiffs facing deadlines. *Id.*

**Fourth**, other "particular circumstances" weigh towards Plaintiffs and against LG Chem:

- Like the defendant in *Burlington*, LG Chem is a "sophisticated corporate litigant and a repeat player" in lawsuits. *Burlington*, 408 F.3d at 1149.

- In *Burlington*, where the defendant "made substantive changes to that log, removing 'documents which, upon additional review, were not responsive,'" the court viewed this as a circumstance favoring waiver. *Id.* at 1150. Here, the limited privilege log specific to two custodians that LG Chem produced in October 2015 revealed that LG Chem was withholding scores of unprivileged documents. For example, LG Chem claimed the attorney-client privilege attached to documents authored by third-party customers of LG Chem such as Nokia. LG Chem eventually withdrew its assertion of privilege for 79 of the 213 documents from the files of these two custodians. This sample suggests LG Chem may be withholding hundreds of unprivileged documents from the files of 19 other custodians and central files.

- The parties agreed to a schedule for the sequence of Defendants' productions of documents and ESI to make discovery manageable. *See* Order Regarding Defendants' Document Productions (ECF No. 678). The agreement prioritized custodians, established staggered deadlines, and deferred production of one-third of LG Chem's custodians until after class certification. This order eased LG Chem's burden in responding to discovery.

- If at any time LG Chem became concerned that it could not complete the privilege log in time for Plaintiffs to use it before the class certification deadline, LG Chem could have done as the *Burlington* court, this Court, and other courts have suggested, and either worked out an agreement with Plaintiffs or asked the Court for a discovery or protective order. *See Burlington*, 408 F.3d at 1149 n.3; Nov. 10, 2014 Mot. Hr'g Tr. 98:10–21 (ECF No. 559); *Bullion*, 271 F.R.D. at 650. LG Chem did none of these things.

LG Chem's delay is well beyond the point under *Burlington* where defendants were required to present mitigating considerations for their delay, but LG Chem has failed to do so. LG Chem cannot justify its dilatory behavior by pointing to negotiations over search terms. Search terms are a privilege used to *reduce* the burden during discovery for the producing party. *Over ten months ago*, on February 17, 2015, LG Chem proposed its own search terms (and presumably started review of these documents). LG Chem then refused to accept *any* of

Plaintiffs' search terms until resolution was reached on *all* of Plaintiffs' search terms. This is the type of "tactical manipulation . . . of the discovery process" that *Burlington* warned against. 408 F.3d at 1149. LG Chem and IPPs reached agreement on all English and foreign language search terms nearly five months ago, on July 31, 2015; LG Chem and DPPs reached agreement on August 31, 2015. Under this Court's order, production from all first-tranche custodians was due on May 15, 2015, and second-tranche custodians on July 15. LG Chem failed to meet these deadlines, despite repeated requests from Plaintiffs. In fact, by May 15, LG Chem had only produced 8% of the total pages of documents produced to date. By July 15, LG Chem had produced 16% of its total production. These failures are aggravating, not mitigating, factors.

Plaintiffs are substantially prejudiced by LG Chem's refusal to identify withheld documents. Plaintiffs' class certification motions are due in less than one month. Without the ability to review and challenge entries on a privilege log, Plaintiffs are denied the benefit of improperly designated documents. Without relief, critical and discoverable documents will not be produced before the class certification motion is fully briefed. In addition, discovery is moving rapidly. Plaintiffs have taken depositions of two LG Chem employees, including a Vice President. Plaintiffs do not have the benefit of the logs to help decide whom to depose, and when. Finally, Plaintiffs have been forced to spend substantial time and expense to compel LG Chem to comply with its discovery obligations. In addition to letters and meet-and-confers, Plaintiffs were forced to brief a motion on an emergency basis regarding LG Chem's untimely two-custodian privilege log to ensure depositions would occur as scheduled. That motion was shelved when LG Chem served its revised log and produced 79 documents at the eleventh hour.

The privilege log requirements in this Court's standing order "impose an affirmative obligation on the parties . . . . They are not mere guidelines." *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW DMR, 2010 WL 4807058, at *9 (N.D. Cal. Nov. 18, 2010) (Ryu, J.). As other courts have noted, "[a]lthough waiver may be a serious sanction for such a violation, the importance of local rules should not be diminished by skirting their application when the results prove harsh to a party. . . . [R]eluctance to find waiver would only encourage disregard of the Court's Rules and encourage motion practice." *Hurst v. F.W. Woolworth Co.,* No. 95 CIV. 6584 CSH, 1997 WL 61051, at *6 (S.D.N.Y. Feb. 11, 1997). The Court should order LG Chem to immediately produce all documents it is withholding as privileged but which have not been identified on a privilege log.

## II.    LG CHEM'S POSITION

LG Chem substantially completed its production of responsive, non-privileged Tranche I and II documents on October 30, 2015. Although that production included over 100,000 documents, Plaintiffs now contend, less than two months later, that LG Chem's failure to produce an accompanying privilege log amounts to waiver of privilege. That is absurd.

### A. Background

The fact that LG Chem has not yet produced a final privilege log is the result of Plaintiffs' own discovery conduct. Plaintiffs attempt to make the case that LG Chem is somehow five months late on producing a privilege log – but what they fail to mention is that LG Chem was not even able to reach an agreement with Plaintiffs on search terms until **August 2015 –**

**only four months ago.**  How LG Chem could have produced a comprehensive privilege log before it was even able to run Plaintiffs' search terms is a mystery to LG Chem.

Because negotiations with Plaintiffs over search terms was such an arduous and drawn-out process, LG Chem, in good faith, ran its own search terms and produced responsive, non-privileged documents on a rolling basis throughout the search term negotiations.  Had LG Chem been able to devote resources to creating a privilege log based on that production, or if Plaintiffs would have agreed upon search terms in a timely manner, LG Chem would have produced a privilege log months ago.  Instead, Plaintiffs insisted that LG Chem run additional, extremely broad search terms in August, which resulted an enormous number of additional documents for Tranche I and II custodians that had to be analyzed for responsiveness.  LG Chem notes that the length of the search term negotiations was not due to any lack of diligence on LG Chem's part; LG Chem was one of the first defendants to reach agreement with Plaintiffs on search terms.

Plaintiffs' English and foreign language search terms far exceeded the number of terms permitted by the Search Term Protocol (Dkt. 679).  Nevertheless, LG Chem agreed to run them; in the process of running Plaintiffs' excessively broad search terms, LG Chem prioritized review and production of documents that were not flagged for further privilege review.  LG Chem then focused its resources on the documents flagged as potentially privileged and creation of the corresponding privilege log.  This is common practice.  Contrary to Plaintiffs' assertions, LG Chem has informed Plaintiffs many times in writing and in meet-and-confers that it is prioritizing production of its privilege log for Tranche I and II custodians for whom it has not already produced a log, and has had multiple attorneys working full time on the project for many weeks.  Meanwhile, at Plaintiffs' request, LG Chem prioritized its privilege review for custodians Chung and Lee, and produced a privilege log for each of them in advance of their depositions.

Throughout the document discovery process, LG Chem has prioritized the production of responsive, non-privileged documents, providing Plaintiffs with those documents first so that they could begin their document review.  Were LG Chem required to produce both non-privileged, responsive documents and a privilege log at the same time, that would have delayed Plaintiffs' access to the non-privileged documents.

LG Chem notes that creation of a detailed privilege log in a case of this complexity involving multiple languages is a painstaking process.  It cannot be done overnight; it takes months of work by specialized attorneys with foreign language skills.  LG Chem has acted in good faith and has prioritized projects to accommodate Plaintiffs.  Finding waiver of privilege is simply inappropriate under these circumstances.

## B. The Magnitude of LG Chem's Document Review and Production is Fatal to Plaintiffs' Untimeliness Contention

LG Chem's privilege log is not untimely in light of the immense number of documents produced and the corresponding time it takes to produce the accompanying privilege log.  Courts commonly recognize that an exorbitant amount of documents in a production profoundly affects any notion of untimeliness.  *See*, e.g., *McKeen–Chaplin v. Provident Savings Bank, FSB*, No. 2:12–cv–03035 GEB AC, 2015 WL 502697, *11 (E.D. Cal. 2015) (finding that magnitude of

production factor weighed in favor of party that produced 12,000 pages of documents and took seven months to produce a privilege log). Indeed, in *Holman v. Experian Info. Solutions, Inc.*, *this Court* rejected a similar plea from a plaintiff to find that a defendant who faced a burdensome production waived privilege because of the delayed production of a privilege log. No. C 11–00180 CW (DMR), 2012 WL 2501085, at \*4 (N.D. Cal. June 27, 2012) (Ryu, J.). There, the court determined that because, *inter alia*, Experian was engaged in a good faith "ongoing document review resulting in review of over 115,000 pages of documents" there was no waiver of privilege. *Id.*

Like Experian, LG Chem has been faced with onerous document discovery in this case that has, so far, yielded over 100,000 production documents amounting to more than a million pages. Plaintiffs continue to serve additional document requests, meaning that the volume of LG Chem's production will likely grow even further. Under these circumstances, courts have rejected Plaintiffs' simplistic approach that any purported delay in production of a corresponding privilege log places privilege on shaky ground. Instead, they have consistently differentiated between reasonable delay and untimeliness.

### C. Even if LG Chem's Production of a Privilege Log Were Untimely, Which It Is Not, Privilege is Not Waived

Even if the Court were to find that the forthcoming privilege log is somehow untimely, which it is not, the Ninth Circuit has rejected a per se rule that failure to produce a privilege log in a timely manner waives privilege. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005). Courts recognize that "loss of the attorney-client privilege in adversarial litigation is a severe sanction." *Khasin v. Hershey Company*, No. 5:12–cv–01862–EJD–PSG, 2014 WL 690278 at \*2 (N.D. Cal. Feb. 21, 2014); *see also Infor Global Solutions (Michigan), Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 5:08–cv–02621–JW–PVT, 2009 WL 2390174, at \*2 (N.D.Cal. Aug. 3, 2009). Although Plaintiffs contend that LG Chem has waived privilege based solely on the timing of producing a privilege log, timing is only one of many factors courts take into account in assessing waiver of privilege.

Courts engage in a "holistic, case-by-case analysis" of the following four factors: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). No one factor is dispositive of the inquiry.

Under the first factor, "providing particulars typically contained in a privilege log is presumptively sufficient." *Quality Inv. Props.*, 2011 U.S. Dist. LEXIS 41006, at \*5. LG Chem intends to provide all of the information typically included in a privilege log, such as "the identities of the sender and recipient and the general subject matter of the communication" as well as the additional detailed information required under Magistrate Judge Ryu's Standing Order, as it did for the October 6, 2015 privilege log. *Coalition for a Sustainable Delta v. Koch*, No. 080CV-00397 OWW GSA, U.S. Dist. LEXIS 100728, at \*11 (E.D. Cal. October 15, 2009).

Assessing the second, third and fourth factors together, the court in *Coalition for a Sustainable Delta* found that the privilege log at issue, which was initially produced about two months after defendants' production, was timely, where "the case [was] complex and voluminous" and defendant produced over 83,000 pages of documents. U.S. Dist. LEXIS 100728 at *11. Like *Coalition for a Sustainable Delta*, other courts have consistently refused to find waiver where the magnitude and complexity of discovery lead to privilege log delays. *See, e.g., Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 282 (N.D. Cal. 2015) (declining to find waiver even though defendants had failed to produce a privilege log for over a year due to the scope of discovery); *Carl Zeiss Vision Intern. Gmbh v. Signet Armorlite Inc.*, 2009 WL 4642388, *4 (S.D. Cal. Dec. 1, 2009) (finding that a privilege log arriving 9 months after court imposed deadline did not justify waiver in a case with a significant magnitude of discovery).*

Due to the complex nature of the present case, the breadth of Plaintiffs' discovery requests and the onerous nature of Plaintiffs' search terms, coupled with LG Chem's good faith efforts to complete a privilege log as soon as possible, an approximately two-month delay in producing a privilege log is certainly justifiable. The particular circumstances of this case also cut against waiver. Although Plaintiffs attempt to use the discovery schedule to support their argument, LG Chem reiterates that Plaintiffs did not even agree on search terms until August 2015, all the while holding LG Chem to aggressive document production deadlines. Any delay in the discovery schedule, including production of privilege logs, is a problem of Plaintiffs' own making and should not result in the "severe sanction" of waiver for LG Chem, or any sanction, at all.

### D. Lack of Prejudice to Plaintiffs Weighs Against Waiver

The lack of prejudice to plaintiffs here also weighs against a finding of waiver. *See Moreno v. Autozone, Inc.*, No. C-05-4432 CRB (EMC), 2008 WL 906510, *2 (N.D. Cal. April 1, 2008) (upholding privilege where party's production of a privilege log came six months after the underlying document production but there was "no irreparable harm" to plaintiffs as a result of the delay). Plaintiffs have no support for a claim that they were prejudiced at depositions, as LG Chem prioritized and produced documents and privilege logs for deponents in advance of their depositions, and Plaintiffs have noticed no additional depositions of LG Chem witnesses. Any argument that Plaintiffs are prejudiced in their class certification motion also lacks merit. Even

---

* The cases cited by plaintiffs in support of factors 2-4 are factually distinguishable. *Burlington*, 408 F.3d at 1149, and *Burch v. Regents of Univ. of Cal.*, No. CV.S-04-0038 WBS GGH, 2005, WL 6377313, at 2-3 (E.D. Cal. Aug. 30, 2005), both involved a five month delay in producing a privilege log and a lack of "mitigating considerations" on the part of the producing party. Here, fewer than two months have passed since LG Chem's production based on Plaintiffs' search terms and many factors, such as the complexity of the case, the scope of the discovery requests and the need for specialized attorney reviewers, weigh in LG Chem's favor. In *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 646-47 (D. Nev. 2010), the defendant failed to produce a privilege log until seven months after the close of discovery, was not diligent in preparing its log, and misled the court about the status of the log. Here, LG Chem has devoted multiple attorneys to preparing the log, has prioritized parts of the log per Plaintiffs' requests, and is working in good faith to produce the log as soon as possible.

Plaintiffs cannot come up with a single, concrete reason why allowing LG Chem reasonable time to produce its privilege log for the remaining Tranche I and II custodians would in any way jeopardize the preparation of their class certification motion. They just baldly state that they are "substantially prejudiced" in general, and then ask the Court to impose severe sanctions on LG Chem. Plaintiffs' own view of some unarticulated prejudice is not the standard for imposing the severe sanctions they request.

### E. Conclusion

For the reasons stated above, LG Chem respectfully requests that the Court find that LG Chem has not waived privilege due to the reasonable delay in production of a privilege log for Tranche I and II.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Shana E. Scarlett*
    SHANA E. SCARLETT

Jeff D. Friedman (SBN 173886)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com


LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

By */s/ Brendan P. Glackin*
    BRENDAN P. GLACKIN

SAVERI & SAVERI, INC.

By */s/ Carl N. Hammarskjold*
    CARL N. HAMMARSKJOLD

R. Alexander Saveri (SBN 173102)
Geoffrey C. Rushing (SBN 126910)
Cadio Zirpoli (SBN 179108)
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
rick@saveri.com
grushing@saveri.com
cadio@saveri.com
carl@saveri.com


PEARSON, SIMON & WARSHAW, LLP

By  */s/ Aaron M. Sheanin*
    AARON M. SHEANIN

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Eric B. Fastiff (SBN 182260)
Elizabeth J. Cabraser (SBN 83151)
Richard M. Heimann (SBN 63607)
Joy A. Kruse (SBN 142799)
Lin Y. Chan (SBN 255027)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
rheimann@lchb.com
efastiff@lchb.com
jakruse@lchb.com
bglackin@lchb.com
lchan@lchb.com

COTCHETT, PITRE & McCARTHY, LLP

By */s/ Steven N. Williams*
    STEVEN N. WILLIAMS

Joseph W. Cotchett (SBN 36324)
Nancy L. Fineman (SBN 124870)
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
nfineman@cpmlegal.com
swilliams@cpmlegal.com

*Co-Lead Counsel for Indirect Purchaser
Plaintiffs*

bsimon@pswplaw.com
asheanin@pswplaw.com
bshiftan@pswlaw.com

BERMAN DEVALERIO

By */s/ Todd A. Seaver*
    TODD A. SEAVER

Joseph J. Tabacco, Jr. (SBN 75484)
Jessica Moy (SBN 272941)
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
jtabacco@bermandevalerio.com
tseaver@bermandevalerio.com
jmoy@bermandevalerio.com

*Co-Lead Counsel for Direct Purchaser
Plaintiffs*

AKIN GUMP STRAUSS HAUER & FELD
LLP

By: */s/ Reginald Steer*

Reginald Steer (056324)
rsteer@akingump.com
Hyongsoon Kim (257019)
kimh@akingump.com
Mollie McGowan Lemberg (296452)
mmcgowanlemberg@akingump.com
580 California Street, Suite 1500
San Francisco, CA 94104
Tel: (415) 765-9500
Fax: (415) 765-9501

C. Fairley Spillman
fspillman@akingump.com
Catherine E. Creely
ccreely@akingump.com
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

*Attorneys for Defendants LG Chem, Ltd. and
LG Chem America, Inc.*

## ATTESTATION

I, Carl N. Hammarskjold, hereby attest, pursuant to Northern District of California Local

Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from each

signatory hereto.

By:  */s/ Carl N. Hammarskjold*
        Carl N. Hammarskjold