UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION** | Case No.: 13-MD-2420 YGR |
| | **ORDER GRANTING IN PART INDIRECT PURCHASER PLAINTIFFS' MOTION TO AMEND COMPLAINT** |
| **This Order Relates to:** | |
| **All Indirect Purchaser Actions** | Re: Dkt. No. 1033 |

On January 22, 2016, in conjunction with their motion for class certification, Indirect Purchaser Plaintiffs (referred to herein as "IPPs" or "plaintiffs") moved to amend their complaint to conform the complaint to the narrower class proposed for certification and substitute certain putative class representatives. (Dkt. No. 1033 ("Mot.").) Defendants partially opposed the motion. (Dkt. No. 1075 ("Oppo.").)[1]

Having carefully considered the papers submitted,[2] the record in this case, and the arguments of counsel, and good cause shown, the Court **GRANTS IN PART** the motion.

## I.  BACKGROUND

This multidistrict litigation stems from allegations of a multi-year conspiracy among Japanese and Korean corporations and their U.S. subsidiaries to fix the prices of lithium ion battery cells, the chemical core of rechargeable batteries found ubiquitously in consumer electronics products. The IPPs sue for injunctive relief under federal antitrust law, but seek money damages under state antitrust and consumer protection laws. The IPPs seek to represent classes of

---

[1] Defendants do not oppose the narrowing of the class definition or the substitution of Donna Shawn for her deceased husband David Shawn. (Oppo. at 6.)

[2] For its ease of reference, the Court directs the parties going forward not to incorporate by reference sections from their earlier briefs, as defendants have done here.

purchasers who bought lithium ion batteries and battery products for their own use.

The instant motion was filed in conjunction with the IPPs motion for class certification, which is not yet fully briefed. (Dkt. No. 1036.) IPPs seek certification of the following nationwide class:

> All persons and entities who, as residents of the United States and during the period from January 1, 2000 through May 31, 2011, indirectly purchased new for their own use and not for resale one of the following products which contained a lithium-ion cylindrical battery manufactured by one or more defendants or their co-conspirators: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. Excluded from the class are any purchases of Panasonic-branded computers. Also excluded from the class are any federal, state, or local governmental entities, any judicial officers presiding over this action, members of their immediate families and judicial staffs, and any juror assigned to this action.

(Dkt. No. 1036 at 1.) This proposed class is narrower than the class described in the operative complaint, which is not limited to these specific products containing "cylindrical" lithium-ion batteries, but also covers other finished products containing prismatic and polymer batteries or the batteries themselves. (*See* Dkt. No. 519 ¶ 476; Dkt. No. 1080 ("Reply") at 1.) IPPs suggest the proposed class should be governed by California law. (*Id.*) In the alternative, they seek certification of a class, governed by California law, covering thirty specific states. (*Id.*) Finally, if the Court declines to certify either of the aforementioned classes, they propose certification of separate state law classes for twenty-four identified states. (*Id.*) IPPs also seek certification of a class covering certain local California governmental entities. (*Id.*)

The IPPs' proposed Fourth Consolidated Amended Class Action Complaint features 37 named plaintiffs, including three governmental entities. (Dkt. No. 1033-1 ¶¶ 393-429.) As compared to the operative complaint, the proposed complaint seeks withdrawal of 24 named plaintiffs,[3] 14 of whom will not be replaced by a substitute.[4] Defendants prepared a chart which

---

[3] Plaintiffs agree to the dismissal of named plaintiff Kevin Young's claims with prejudice. (Mot. at 4.) Young was one of several California named plaintiffs, many of whom remain in the proposed amended complaint. As noted above, defendants have agreed to the substitution of Donna Shawn for her late husband David Shawn as Michigan representative. Plaintiffs seek to dismiss the following eight named plaintiffs' claims without prejudice: Thomas Tuohy (Arizona), Gerasimo Molfetas (Florida), KCN Services (Hawaii), Kathryn Knowles (Illinois), Kirsten Luenz (Kansas), Michael D'Orazio (Michigan), Angela Turner (Nevada), and Sue Hiller (Utah). (*Id.*)

2

1   summarizes the status of the remaining and withdrawing named plaintiffs and the proposed

2   substitutes, as well as the proffered basis for each withdrawal. (Dkt. No. 1075-2.)[5] Reasons for

3   withdrawal include named plaintiffs who do not fall within the narrowed class definition, were

4   discovered to have non-qualifying purchases (e.g., purchases outside the class period), or chose to

5   no longer participate in the case (purportedly, in the case of "some," as a result of defendants'

6   discovery demands).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 21, the Court may "add or drop" parties "on just terms." Courts addressing motions under Rule 21 typically review the request under the framework of Rule 15(a), which provides that leave to amend should be freely given when justice so requires. *See* 6 Fed. Prac. & Proc. Civ. § 1479 (3d ed.); Fed. R. Civ. P. 15(a). Factors the Court should consider include the presence or absence of undue delay, bad faith, undue prejudice, or repeated failure to cure deficiencies by previous amendment or futility of the proposed amendment. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party is the crucial factor and "carries the greatest weight." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore*, 885 F.2d at 538.

## III. DISCUSSION

Defendants address the Rule 15(a) factors, arguing leave to amend is not warranted. Defendants' most persuasive argument relates to proposed substitutes who purchased certain Apple products that do not appear to contain cylindrical batteries—in which case, they would fall

---

[4] Plaintiffs propose substituting in eleven new representatives, including two for departing Illinois plaintiff Kathryn Knowles: Hathaway & Associates (Washington, D.C.), Keith Uehara (Hawaii), John Kopp and Joseph Pankow (Illinois), Drew Fennelly (Kansas), Donna Shawn (Michigan), Cindy Booze (Nebraska), Matthew Ence (Nevada), Caleb Batey (Tennessee), David Reymann (Utah), and Gail Murphy (Vermont).

[5] Plaintiffs' responsive chart was subsequently filed at Docket Number 1137.

3

1  outside of the narrowed proposed class definition.[6]

2  Defendants also contend the motion should be denied because certain withdrawing representatives purportedly lack standing. Defendants argue claims of withdrawing representatives who lack standing should be dismissed without leave to amend.

The Court addresses each issue in turn.

### A.   Rule 15(a) Factors

The Court addresses the three factors raised by defendants—(1) timeliness, (2) undue prejudice, and (3) futility—and finds that on balance leave to amend is warranted except as to the five proposed substitutes who allege purchases of likely non-qualifying products.[7]

#### 1.   Timeliness

Defendants contend the motion is untimely because it was filed contemporaneously with plaintiffs' motion for class certification. However, there is no bright-line rule calling for denial of leave to amend under such circumstances. Indeed, the case cited by defendants for that proposition involved denial of leave to amend based on both timeliness concerns *and* futility in light of the simultaneous denial of certification. *See In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010).

---

[6] Those proposed substitutes are Keith Uehara (Hawaii), Joseph Pankow (Illinois), David Reymann (Utah), Gail Murphy (Vermont), and Hathaway & Associates (Washington, D.C.). The proposed amended complaint lists only purchases of Apple laptops for each of these substitutes. Defendants submitted evidence strongly suggesting the particular models at issue, to the extent that information was provided by plaintiffs, did not contain cylindrical batteries. Plaintiffs have agreed to withdraw Pankow, Reymann, Murphy, and Hathaway & Associates from the case if discovery from Apple confirms their purchases did not contain cylindrical batteries. (Dkt. No. 1137 at 2.) Plaintiffs contend Uehara should be allowed as a substitute regardless because he also purchased a Sony laptop in 2002, however that purchase is not alleged in the proposed amended complaint. (*Id.*)

[7] The Court rejects defendants' contention that substitution is never appropriate prior to class certification. The authority cited by defendants involved circumstances where all of the named representatives in a particular case sought to withdraw. *See Skilstaf, Inc. v. CVS Caremark Corp.*, No. 09-CV-02514, 2010 WL 199717, at *6 (N.D. Cal. Jan. 13, 2010); *Velazquez v. GMAC Mortgage Corp.*, No. 08-CV-05444, 2009 WL 2959838, at *2 (C.D. Cal. Sept. 10, 2009). Those cases are apparently premised on the proposition that the withdrawal, in the absence of a certified class, eliminates the controversy entirely. Here, many named representatives do not seek withdrawal and continue to pursue certification of a nationwide class. Under such circumstances, and in light of the complex nature of this litigation, the Court finds judicial economy warrants substitution.

4

Here, many of the withdrawn representatives are apparently departing the case as a result of the narrowed scope of the action or out of a personal unwillingness to further participate. To the extent that certain named plaintiffs are withdrawing as a result of the discovery that they arguably made no qualifying purchase or lack proof of purchase, defendants contend such circumstances should have been ascertained by plaintiffs earlier in the litigation. However, due to the complex nature of this case, detailed discovery pursued by defendants may have revealed certain deficiencies not immediately apparent from a reasonable preliminary investigation by class counsel. To the extent that several months passed after plaintiffs learned of certain of these deficiencies before moving to amend, judicial economy in this multidistrict litigation supports plaintiffs' approach of waiting a reasonable period of time to ascertain and consolidate all necessary amendments in a single request.[8] The alternative approach of numerous seriatim filings over the course of several months apparently called for by defendants would not have been efficient for the parties or the Court.[9]

### 2. Undue Prejudice

Defendants contend they would suffer undue prejudice if amendment is allowed because they have conducted substantial discovery regarding the outgoing representatives and defended state law claims that lacked an appropriate representative. Except as to the five proposed substitutes who purchased likely non-qualifying Apple products, the Court finds no risk of undue prejudice. Despite attorney argument in their filings, the Court's questioning during oral argument revealed no such prejudice.[10] Only minimal discovery was taken in the cases of many

---

[8] Of course, plaintiffs ultimately filed three such requests, the first being procedurally deficient and the second withdrawn and amended soon thereafter, but the intention was proper even if the execution was lacking.

[9] Defendants also argue Rule 16(b)'s "good cause" standard applies because plaintiffs failed to file their motion for leave to amend by the November 30, 2015 deadline set by the Magistrate Judge. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The record demonstrates that plaintiffs did file a motion for leave to amend by the deadline. (Dkt. No. 982.) However, as plaintiffs were still in the process of drafting their motion for class certification, and anticipated a narrowing of the class definition, considerations of judicial economy supported withdrawing that motion. The Court finds good cause under these circumstances to permit the subsequent filing past the deadline set by the Magistrate Judge.

[10] Defendants are cautioned to avoid overstating arguments unsupported with facts.

5

withdrawing representatives for whom substitution is sought. Defendants also fail to establish any substantial prejudice resulting from defending against the state law claims. Plaintiffs still seek certification of a nationwide class and discovery and motion practice would not have been substantially limited even if certain state representatives were previously withdrawn. Moreover, defendants still have nearly three months to prepare their opposition to IPPs' class certification motion in light of these amendments.

However, with respect to the five proposed substitutes who purchased potentially non-qualifying products, the Court finds defendants would be unduly prejudiced were substitution permitted as the pleadings and scope of the class certification motion would remain in flux until the issue is resolved at some later date. In the meantime, defendants need to prepare their opposition to IPPs' complex class certification motion. Defendants should not have to contend with a moving target well after the motion was filed.

### 3. Futility

Finally, defendants contend amendment is futile as to the five substitutes who purchased products that did not contain cylindrical batteries. As noted, the complaint lists only the challenged products for those individuals, and recent unsupported assertions by plaintiffs that proposed substitute Uehara made a separate qualifying purchase is not compelling in such circumstances. The Court finds that the *proposed* amendment (which does not mention Uehara's purported Sony purchase) is likely futile as to these proposed substitutes in light of the evidence put forth by defendants, pending additional confirmatory discovery from Apple. At this late juncture, with IPPs' class certification motion pending, the Court will not permit the indefinite delay where futility is established with a high degree of likelihood.

## B. Standing

Defendants contend certain withdrawing plaintiffs lacked standing to pursue their claims and therefore no substitutions should be allowed and their claims dismissed without leave to amend. Plaintiffs rightly point out that standing is not challenged as to several named plaintiffs, however, and this Court's subject matter jurisdiction over the case is therefore not in dispute. Plaintiffs also continue to pursue certification of a nationwide class under California law. If a

nationwide class is certified, defendants' challenge—which seeks dismissal with prejudice of certain state law claims that purportedly lacked a representative with standing—may become largely moot. The Court therefore declines to resolve this dispute at the present juncture. If the Court ultimately declines to certify the nationwide class, defendants may bring their standing challenge at that time and seek dismissal of specified state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** IPPs' motion to file a Fourth Consolidated Amended Class Action Complaint revising their class definition and class representatives to accord with their pending motion for class certification. The motion is **DENIED** with respect to substitution by the five substitutes—Keith Uehara (Hawaii), Joseph Pankow (Illinois), David Reymann (Utah), Gail Murphy (Vermont), and Hathaway & Associates (Washington, D.C.)—whose only basis for standing asserted in the proposed amended complaint is the purchase of certain Apple products which likely did not contain cylindrical batteries. The motion is otherwise **GRANTED**. Plaintiffs shall file their amended complaint within five (5) days of the date of this Order.

This Order terminates Docket Number 1033.

**IT IS SO ORDERED.**

Dated: March 14, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**