UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR   (DMR)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF JAE JEONG JOE**<br><br>Re: Dkt. No. 1122 |

Plaintiffs and Defendants LG Chem Ltd. and LG Chem America, Inc. ("LG Chem") filed a joint discovery letter brief regarding Plaintiffs' motion to compel LG Chem to produce Jae Jeong Joe for deposition. [Docket No. 1122 (Jt. Letter).] In the joint letter, Plaintiffs contend that LG Chem violated the terms of the deposition protocol governing this case. They ask the court to order LG Chem to make Joe available for deposition pursuant to Federal Rule of Civil Procedure 30(b)(1) before March 31, 2016, the date his contract expires with LG Chem, rather than utilizing the procedures of the Hague Convention to secure his appearance.

On March 11, 2016, the court ordered the parties to submit further evidence and briefing regarding the dispute. [Docket No. 1143.] The parties timely filed the requested evidence and briefing. [Docket Nos. 1162 (Sung Han Ryu Decl.), 1170 (Suppl. Jt. Letter).] The court finds this matter appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, Plaintiffs' motion is GRANTED.

**I.   DISCUSSION**

   **A.   Background Regarding Deposition Protocol and the Parties' Prior Dispute**

In August 2014, the parties submitted to the undersigned their disputes about a proposed deposition protocol. [Docket No. 501 (Jt. Letter re Depo. Protocol).] One of the disputes involved the implementation of a deposition protocol for departing employees, including a notification procedure. Plaintiffs sought the implementation of a procedure by which Defendants would (1)

give notice if an employee identified by Plaintiffs as a custodian or possible witness ceased employment, and (2) produce the witness for deposition to the extent reasonably possible before or after departure. Plaintiffs argued this procedure was necessary to avoid "complicated, lengthy proceedings for the issuance of letters rogatory" since most custodians and witnesses are located overseas and beyond the reach of a Rule 45 subpoena. Jt. Letter re Depo. Protocol at 3. Plaintiffs proposed that these requirements apply first to the custodians for the grand jury document productions,[1] before the establishment of witness or custodian lists. Jt. Letter re Depo. Protocol at 2. Defendants objected, arguing that such a procedure would be unduly burdensome. Jt. Letter re Depo. Protocol at 3.

The court granted Plaintiffs' motion to implement the proposed notification procedure, permitting Plaintiffs to establish "watchlists" of up to fifteen custodians or witnesses per Defendant group for whom the notification and production requirements would apply. The court's December 3, 2014 Order re Deposition Protocol provided that for each individual on Plaintiffs' watchlists, "Defendants shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible," and that upon request, "Defendants shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible." [Docket No. 593 (Deposition Protocol) § I (C).]

In August 2015, Plaintiffs moved to compel LG Chem to produce a former Vice President of LG Chem's battery business, Seok Hwan Kwak, for deposition. [Docket No. 764.] Plaintiffs argued that LG Chem failed to comply with the watchlist provision of the deposition protocol. At the September 10, 2015 hearing, the court ordered LG Chem to produce Kwak for deposition within 30 days of the hearing. In a subsequent order, the court found that LG Chem had violated the watchlist provision of the protocol by failing to promptly notify Plaintiffs of Kwak's departure from LG Chem and failure to produce Kwak for deposition. The court also held that Kwak was a

---

[1] Certain Defendants produced documents to the U.S. Department of Justice ("DOJ") and/or a grand jury in connection with investigations relating to lithium ion batteries or battery products.

managing agent as of the date Plaintiffs first requested his deposition and was thus subject to deposition by notice pursuant to Rule 30(b)(1). *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR), 2015 WL 5440789, at *4, *6 (N.D. Cal. Sept. 15, 2015).

### B.     The Present Dispute Regarding Jae Jeong Joe

Plaintiffs now seek to compel the deposition of Jae Jeong Joe, a former Executive Director and officer for LG Chem's battery business. Plaintiffs assert that Joe, who is based in Asia, was "an active participant in the collusion" underlying Plaintiffs' claims. Jt. Letter at 1. Joe was a custodian who produced documents to the DOJ. There is no dispute that Joe has been on Plaintiffs' watchlist since its inception.

On November 26, 2015, LG Chem notified Joe that his employment contract would not be renewed for 2016. LG Chem notified Plaintiffs that it would not be renewing Joe's contract on December 4, 2015. That same day, Plaintiffs asked LG Chem to notify Plaintiffs whether it would make Joe available for deposition on or before March 31, 2016. LG Chem did not respond. Jt. Letter Ex. A. On December 8, 2015, Plaintiffs requested in writing that LG Chem provide a date when Joe would appear for deposition. LG Chem did not respond. *Id*. On January 29, 2016, Plaintiffs noticed Joe's deposition for February 15, 2016 and asked LG Chem to produce his personnel file. Jt. Letter at 2. According to LG Chem, it "consistently sought to secure the deposition of Mr. Joe" following the notice of deposition, and advised Plaintiffs of Joe's unwillingness to be deposed. Plaintiffs subsequently served an amended notice of deposition for Joe, noticing his deposition for February 29, 2016. LG Chem informed Plaintiffs that he would not appear on that date but did not offer any other dates. *Id*. Joe did not appear for deposition on February 29, 2016. According to LG Chem, it has contacted Joe approximately 12 times since Plaintiffs first noticed his deposition, but Joe has been uncooperative and refuses to be deposed. Jt. Letter at 5.

### C.     Analysis

#### 1.     Whether LG Chem Complied with the Deposition Protocol

At the court's request, LG Chem submitted supplemental evidence regarding Joe's employment and termination, including Joe's human resources file, as well as evidence regarding

1    LG Chem's efforts to secure Joe's appearance for deposition.  Ryu Decl., March 15, 2016, Ex. A.
2    These records, dated March 10, 2016, indicate that LG Chem hired Joe in 1988, and his current
3    position is Executive Director in the Advisor's Office, in the job of "management consulting."  He
4    holds the "rank" of "officer."  Ryu Decl. Ex. A.  According to Sung Han Ryu, an attorney with LG
5    Chem, Joe was most recently employed as a Vice President in LG Chem's Mobile Battery Pack
6    Production Department.  Ryu Decl. ¶ 2.
7    　　　　Ryu states that LG Chem notified Joe in writing on November 26, 2015 that the company
8    was not renewing his employment contract for 2016, and that Joe was "effectively relieved of his
9    job responsibilities as of November 26, 2015."  Ryu Decl. ¶¶ 3, 7.  Notably, Joe's human
10   resources file contains no indication that he resigned, retired, or was terminated.  Ryu Decl. Ex. A.
11   Joe's employment contract is valid through March 31, 2016.  He continues to receive full
12   compensation and other benefits through March 2016, including payment of vehicle and cell
13   phone expenses, health benefits, and children's educational expenses.  Ryu Decl. Ex. B.
14   Moreover, Joe's termination notice indicates that on April 1, 2016, LG Chem will appoint him as
15   "a part-time advisor" to "provide advice in response to the request of the company about various
16   tasks" for a one or two year term.  *Id*.
17   　　　　Ryu states that LG Chem began contacting Joe regarding his deposition soon after
18   Plaintiffs served a deposition notice for Joe on January 29, 2016, and describes multiple telephone
19   calls and text messages to Joe from January 29, 2016 through March 14, 2016.  Ryu Decl. ¶¶ 9-14,
20   16-24.  Ryu also describes two meetings between Joe and LG Chem representatives in February
21   2016 at which the representatives asked him to appear for deposition.  *Id*. at ¶¶ 14, 17.  According
22   to Ryu, Joe has repeatedly refused to agree to sit for deposition and/or ignored these
23   communications.
24   　　　　As with Kwak, the court finds that LG Chem failed to comply with the watchlist provision
25   of the deposition protocol.  The notification procedure provision provides that "Defendants shall
26   timely inform Plaintiffs in writing if they become aware that [a person on the watchlist] intends to
27   leave, or does leave, his or her employment, to the extent reasonably possible," and that upon
28   request, "Defendants shall make that person available for deposition either before or after his or

her departure, to the extent reasonably possible." As the court previously explained, the purpose of this provision "is to give Plaintiffs sufficient notice of a witness's departure so that a defendant can promptly produce him or her for deposition to avoid complicated, lengthy proceedings for issuance of letters rogatory." *In re Lithium Ion*, 2015 WL 5440789, at *4. LG Chem does not dispute that Plaintiffs requested dates for Joe's deposition on December 4 and 8, 2015, immediately after LG Chem informed Plaintiffs that it was not renewing Joe's contract. Yet it took no action to secure Joe's deposition until January 29, 2016, *almost two months later*. LG Chem apparently takes the position that only a formal notice of deposition is sufficient to trigger its responsibilities under the deposition protocol. However, the protocol itself states that "[a] letter or telephone call suffices to begin the process of scheduling a deposition," and that "the court anticipates that the Parties should be able to confirm the date and location of a deposition within three weeks of a request." Deposition Protocol § III(D). Since Joe was on Plaintiffs' watchlist, LG Chem should have immediately taken steps to produce him for deposition in response to Plaintiffs' December 2015 requests. Its failure to do so constitutes a violation of the deposition protocol.

### 2. Whether Kwak May Be Deposed Pursuant to Rule 30(b)(1) Deposition Notice

As discussed above, the court finds that under the terms of the deposition protocol, LG Chem should have produced Joe for deposition pursuant to Plaintiffs' requests in early December 2015. LG Chem argues that as of November 26, 2015, Joe no longer had any responsibilities with LG Chem; therefore, it argues, Joe was not a "managing agent" and thus not subject to deposition by notice pursuant to Rule 30(b)(1).

Pursuant to Federal Rule of Civil Procedure 30, a party may request the deposition of another party to the litigation by serving a notice upon that party. Fed. R. Civ. P. 30(b)(1). "However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). If the witness is located in another country, the party seeking the deposition must utilize the procedures of the Hague Convention or other applicable

treaty. *Id.*

Courts generally consider the following factors to determine if a proposed witness is a managing agent:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual *respecting the matters involved in the litigation*.

*Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012) (emphasis in original) (citations omitted). The factors have also been described as "[(1)] whether the corporation has invested the person with discretion to exercise his judgment; (2) whether the employee can be depended upon to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the opposing party." *Id*. (quoting *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540-41 (D. Md. 1996)). "[T]he question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case. Further, at least where the question is whether the deposition should occur, as opposed to whether the corporation may ultimately be bound by the employee's statements . . . the witness's likely 'identification with the interests of the employer'—is said to be the 'paramount test.'" *Calderon*, 287 F.R.D. at 632. At the discovery stage, "all doubts are to be resolved in favor of the party seeking discovery." *Id.* Thus, if there is "at least a 'close question' as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial." *Id.*

The determination of an individual's status as a managing agent is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010) (citation omitted). "[C]ourts have made exceptions to this general rule, for example when a corporation terminates an officer in light of pending litigation, plans to rehire the individual in another

6

position, or an individual continues to act as a managing agent despite no longer being an employee." *Rundquist v. Vapiano SE*, 277 F.R.D. 205, 208 (D.D.C. 2011) (citing *Honda*, 168 F.R.D. at 541; *E.I. DuPont de Nemours & Co.*, 268 F.R.D. at 50–51 ("[t]he timing and circumstances of [defendant's] reassignment or termination of its employees render the true status of the proposed deponents highly suspect, and allow for a strong inference that [defendant] is moving its employees around like chessmen, conveniently shielding them from [plaintiff's] access.")).

LG Chem argues that because Joe no longer had any responsibilities with LG Chem as of November 26, 2015, he did not qualify as a managing agent at the time of his proposed February 2016 deposition and is therefore not subject to deposition by notice. Given LG Chem's violation of the deposition protocol, the court will apply the managing agent test as of December 4, 2015, the date Plaintiffs first requested Joe's deposition. *See In re Lithium Ion*, 2015 WL 5440789, at *6.

The first factor is whether Joe is invested with general powers allowing him to exercise judgment and discretion in corporate matters. The evidence relevant to this factor is conflicting. Although LG Chem asserts that "Mr. Joe was effectively relieved of his job responsibilities as of November 26, 2015," (Ryu Decl. ¶ 7), Joe holds a new title, Executive Director in the Advisor's Office, in the job of management consulting. Further, notwithstanding LG Chem's representation that Joe is essentially performing no work for the company, he is listed as an "officer" of LG Chem, continues to receive full compensation and benefits, and will soon be appointed as an advisor for one to two years. LG Chem offered no evidence about the specific responsibilities of the advisor position, so it is not clear whether he will exercise judgment and discretion "respecting the subject matter of the litigation." *See Calderon*, 287 F.R.D. at 634. Similarly, the fourth factor requires the court to examine Joe's general responsibilities respecting the matters involved in the litigation. The parties provided little information about Joe's responsibilities at any time during his employment, and again, LG Chem offered no evidence about the advisor position. Accordingly, these factors are neutral.

The second factor is whether Joe "can be relied upon to give testimony, at his employer's

//

//

request, in response" to Plaintiffs' demand. LG Chem argues that this factor clearly weighs against a finding that he is a managing agent, since Joe has repeatedly refused to be deposed. However, it is not clear that Joe would have been unwilling to appear for deposition in December 2015, had LG Chem properly attempted to secure his appearance in accordance with their obligations under the deposition protocol. LG Chem's own failure to comply with the deposition protocol should not weigh in its favor in this dispute. The parties did not address the third factor, whether any persons are employed in positions of higher authority than Joe "in the area regarding which information is sought by the examination."

As to the "paramount test," this question focuses on the extent to which Joe identifies with LG Chem's interests as opposed to Plaintiffs' interests. *See E.I. DuPont*, 268 F.R.D. at 50. As of December 2015, the court finds that Joe could be expected to identify himself with LG Chem's interests. Joe had worked for LG Chem for over 25 years and still held the title of Executive Director and rank of officer with LG Chem. He was receiving full compensation and benefits from LG Chem and expected appointment to an advisor position with the company. Given that "all doubts [about managing agent status] are to be resolved" in Plaintiffs' favor, the court finds that Joe was subject to deposition by notice pursuant to Rule 30(b)(1) in December 2015. *See Calderon*, 287 F.R.D., at 632. Given the limited information before the court about Joe's role and responsibilities at LG Chem, the court finds that his status as a managing agent is "at least a 'close question'"; therefore, the final determination of whether Joe has the ability to bind LG Chem should be resolved at trial. *See id*.

Accordingly, the court orders LG Chem to produce Joe for deposition by March 31, 2016. If the deposition takes place in Korea, LG Chem shall pay for Plaintiffs' reasonable travel costs to Korea for the deposition, including economy class airfare, lodging, and meals for up to two attorneys. LG Chem shall pay for all costs of the deposition, including court reporter and translation expenses, regardless of whether it takes place in Korea or in the United States.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel LG Chem to produce Jae Jeong Joe

8

1  for deposition is GRANTED.  LG Chem shall produce Joe in accordance with this order by March
2  31, 2016.
3  **IT IS SO ORDERED.**

5  Dated: March 24, 2016



Donna M. Ryu
United States Magistrate Judge