UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No.: 13-MD-2420 YGR |
| | ORDER DENYING TOSHIBA CORPORATION'S MOTION TO SEAL WITHOUT PREJUDICE |
| This Order Relates to: | Re: Dkt. No. 991 |
| All Direct and Indirect Purchaser Actions | |

On December 14, 2015, Toshiba Corporation filed a motion to seal two exhibits in connection with its reply brief in support of its motion for summary judgment pursuant to Local Rule 79-5. (Dkt. No. 991.) Toshiba does not object to the public filing of the documents in question. (Dkt. No. 991-1.) Both documents are patent licensing agreements between Toshiba and others—Sanyo in the case of Exhibit B and Panasonic (then operating as Matsushita Electric Industrial Co., Ltd.) in the case of Exhibit C.

Where a party files a motion to seal solely because the document at issue contains material "designated as confidential by the opposing party or a non-party pursuant to a protective order," the designating party is "required" to file a responsive declaration within four days "establishing that all of the designated material is sealable." Civ. L. R. 79-5(e).

On December 18, 2015, defendants Panasonic and Sanyo filed a declaration in support of sealing the documents in their entirety, on the basis that they "contain[] confidential, nonpublic, proprietary, and highly-sensitive business information about [defendants'] business practices and competitive positions." (Dkt. No. 997 at 2-3.)

Two different standards govern motions to seal. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010). For judicial records submitted, as here, in connection with a dispositive motion,

the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Id.* (*citing Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)). Parties must provide sufficient support for sealing the material at issue. *See* Civil Local Rule 79-5(b) ("A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ."); Civil Local Rule 79-5(d)(1)(A) (requiring "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable").

Plaintiffs oppose the sealing request, arguing Panasonic and Sanyo have failed to establish a compelling need to seal the documents in their entirety. (Dkt. No. 998.) The Court agrees and thus **DENIES** the motion to seal without prejudice. Panasonic and Sanyo may file a renewed motion to seal these exhibits proposing specific redactions by no later than **March 30, 2016**. If no such motion is filed by the deadline, Toshiba shall file unredacted versions of the exhibits on the public docket by **April 1, 2016**.

This Order terminates Docket Number 991.

**IT IS SO ORDERED.**

Dated: March 24, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**