1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR<br>MDL No. 2420<br><br>**[PROPOSED]** ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY DEFENDANTS<br><br>*AS MODIFIED BY THE COURT*<br><br>Date:     March 22, 2016<br>Time:     2:00 p.m.<br>Judge:    Hon. Yvonne Gonzalez Rogers<br>Location: Courtroom 1 |
|---|---|
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | |

1    On February 16, 2016, Direct Purchaser Plaintiffs ("Plaintiffs") filed a Motion for Preliminary Approval of Class Action Settlement with Defendants Sony Corporation, Sony Energy Devices Corporation and Sony Electronics Inc. (collectively "Sony"). (Dkt. No. 1090.)  The Court, having reviewed the motion, the settlement agreement (Declaration of R. Alexander Saveri, Dkt. No. 1090-1, Ex. 1), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement, to the extent not contradictory or mutually exclusive.

2. The Court hereby preliminarily approves the settlement agreement.

3. The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the settlement class and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement class for purposes of this Motion only:

> All Persons and entities that purchased a Lithium Ion Battery or Lithium Ion Battery Product from any Defendant, or any division, subsidiary or Affiliate thereof, or any alleged co-conspirator in the United States from January 1, 2000 through May 31, 2011. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any alleged co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and any judge or jurors assigned to this case.

5. The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied for settlement purposes in that: (a) there are thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement class which predominate over individual issues; (c) the claims or defenses of the settlement-class plaintiffs are typical of the claims or defenses of the settlement class; (d) the plaintiffs will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in antitrust class action litigation who

have, and will continue to, adequately represent the settlement class; and (e) a settlement class resolution is superior to individual settlements.

6. The Court hereby appoints the Plaintiffs named in the Direct Purchaser Plaintiffs' Second Consolidated Amended Complaint (Apr. 8, 2014) (ECF No. 415) ("SCAC"), as Representative Plaintiffs of the settlement class.

7. The Court appoints the law firms of Saveri & Saveri, Inc.; Pearson, Simon & Warshaw, LLP; and Berman DeValerio to serve as Class Counsel for the settlement class.

8. The Court approves the form of the Long-Form Notice attached hereto as Exhibit A ("Long-Form Notice"). The Court also approves the form of the Short-Form Notice attached hereto as Exhibit B ("Short-Form Notice"). The Court finds that taken together, mailing of the Long-Form Notice (via U.S Mail or electronic mail), publication of the Short-Form Notice, and internet posting of the Long-Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise the settlement class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

9. All defendants shall produce on or before Tuesday, April 5, 2016 an electronic list of potential settlement class members along with their mail and e-mail addresses, to the extent reasonably feasible and subject to the availability of responsive information.

10. Plaintiffs' claims administrator shall provide notice of the class settlement. The claims administrator shall provide direct notice of the settlement to all members of the settlement class identified by Defendants pursuant to Paragraph 9, *supra*, on or before Tuesday, April 26, 2016 by sending the Long-Form Notice to class members via first class U.S. mail (postage prepaid) or by electronic mail. The claims administrator shall publish the Short-Form Notice in the national edition of the *Wall Street Journal* on or before Saturday, April 30, 2016. The claims administrator shall also cause a copy of the class notices and settlement agreement to be posted on the internet website www.batteriesdirectpurchaserantitrustsettlement.com on or before Tuesday, April 26, 2016.

11. Each settlement class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the claims administrator no later than Friday, June 10, 2016. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion. No later than Friday, June 24, 2016, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the settlement class as provided in the settlement agreement.

12. Any settlement class member who does not properly and timely request exclusion from the settlement class as provided above shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including but not limited to the releases, waivers, and covenants described in the agreement, whether or not such person or entity objected to the settlement agreement and whether or not such person or entity makes a claim upon the settlement funds.

13. Each settlement class member who has not timely excluded itself from the settlement shall have the right to object to (1) the settlement, and/or (2) the plan of allocation by filing written objections with the Court no later than Friday, June 10, 2016. Failure to timely file written objections will preclude a class member from objecting to any or all of the settlement.

14. Each settlement class member as provided above shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than Friday, June 10, 2016.

15. The Court will conduct a Fairness Hearing on Tuesday, September 6, 2016 at 2:00 p.m. The Fairness Hearing will be conducted to determine the following:

    a. Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered dismissing with prejudice the claims of the settlement class against Sony;

    c. Approval of the plan of allocation; and

    d. Such other matters as the Court may deem appropriate.

16. Each member of the settlement class shall retain all rights and causes of action with respect to claims against the remaining defendants other than Sony regardless of whether such member of the settlement class decides to remain in the settlement class or to exclude itself from the settlement class.

17. All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than Friday, July 29, 2016.

18. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the settlement agreement.

19. All further direct purchaser class proceedings as to Sony are hereby stayed except for any actions required to effectuate the settlement.

20. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

This Order terminates Docket Number 1090.

IT IS SO ORDERED.

Dated: March 25, 2016

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge