*[Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 4:13-md-02420-YGR (DMR) |
| | MDL No. 2420 |
| This Document Relates to: | **STIPULATED REVISED PROTECTIVE ORDER** |
| Microsoft Mobile Inc. and Microsoft Mobile Oy v. LG Chem America, Inc., et al. | |

This "Microsoft Action Protective Order" is meant to apply only to documents and information produced (i) by the Stipulating Defendants to Microsoft, and (ii) by Microsoft to the Stipulating Defendants.  All other discovery, including productions made to and by class plaintiffs, continues to be governed by the Class Action Protective Order (Docket No. 193).

## 1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and

reflects the standards that will be applied when a party seeks permission from the Court to file material under seal, and is hereby incorporated by reference. This Order shall not apply to the use of protected material at trial. The parties agree to meet and confer and seek Court approval in advance of trial to address appropriate limitations on the use of such material at trial.

**2. DEFINITIONS**

2.1 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Confidential Information or Items</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.4 <u>Highly Confidential Information or Items</u>: Extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means. This category includes Information and Items designated "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" as defined herein.

2.5 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY."

2.8     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY."

2.9     Outside Counsel:  Attorneys, along with their paralegals, and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    In House Legal Personnel:  Attorneys and other personnel employed by a Party to perform legal functions and/or who are responsible for overseeing this litigation for the Party.

2.11    Counsel (without qualifier):  Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), and, in the event an action or actions are brought by state Attorney(s) General, the Attorney General's office including its attorneys, paralegals, and other support personnel.

2.12    Expert and/or Consultant:  A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who is not a current employee, nor has been an employee within four years of the date of entry of this Order, of a Party or of a Lithium-Ion Battery business unit of a non-party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a Lithium-Ion Battery business unit of a non-party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  Persons or entities that provide litigation support services (e.g.,  photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all

copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material. However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

4. **DURATION**

The confidentiality obligations imposed by this Order shall remain in effect, even after the termination of this litigation, until the Designating Party agrees otherwise in writing or this Court orders otherwise.

5. **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material, the Producing Party may notify all Parties, in writing, of the error and identify (by Bates number or other individually identifiable information) the affected material and their new designation. Thereafter, the material so

designated will be treated as Protected Material.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated material and will destroy the incorrectly designated material.

Designation in conformity with this Order requires:

(a)     for information in documentary or digital image format (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" on each page or digital image that contains protected material unless otherwise agreed to a different designation protocol for digital information.

(b)     for testimony given in deposition, or other pretrial proceedings, that a Party, or a non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL ONLY" either on the record before the close of the deposition, hearing, or other pretrial proceeding, or in writing on or before the later of (i) twenty days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Stipulated Protective Order.  The entire testimony shall be deemed to have been designated Confidential or Highly Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" as instructed by the Party or nonparty sponsoring, offering, giving or eliciting the witness' testimony.

(c)    for information produced in some form other than documentary or digital image, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY".

5.3    Inadvertent Failures to Designate.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is re-designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties.  Subject to the standards of paragraph 5.1, a Party may increase the designation (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY") of any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward Designating Party's own Confidential or Highly Confidential Information.

Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased.  Promptly after providing such notice,

the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone or in person of its challenge and identify the challenged material, then conferring directly in voice-to-voice dialogue (other forms of communication are not sufficient) with counsel for the Designating Party. The Parties must then meet and confer in good faith. Each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designations. The parties shall have fourteen (14) days from the initial notification of a challenge to complete this meet and confer process.

6.3    <u>Judicial Intervention</u>. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. If the parties are not able to resolve a dispute about a confidentiality designation within the time provided in paragraph 6.2, above, the parties shall comply with the court's Standing Order regarding resolution of discovery disputes and submit a joint letter to the court regarding the dispute. Until the ruling on the dispute

1  becomes final, all parties shall continue to afford the material in question the level of protection to

2  which it is entitled under the Designating Party's designation.

3       In the event that the final ruling is that the challenged material is not confidential or that

4  its designation should be changed, the Designating Party shall reproduce copies of all materials

5  with their designations removed or changed in accordance with the ruling within thirty (30) days

6  at the expense of the Designating Party.

7       7.    **ACCESS TO AND USE OF DISCOVERY MATERIAL**

8       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

9  or produced by a Producing Party only in connection with this action for prosecuting, defending,

10  or attempting to settle this action, or as agreed upon in writing by the Producing Party.  Protected

11  Material may be disclosed only to the categories of persons and under the conditions described in

12  this Order, or as agreed upon in writing by the Producing Party.  When the litigation has been

13  terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

14  DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving Party at a location and

16  in a secure manner that ensures that access is limited to the persons authorized under this Order.

17  For purposes of this Order, a secure website, or other internet-based document depository with

18  adequate security and access limited to the persons authorized under this Order, shall be deemed a

19  secure location.

20       The restrictions on Protected Material shall not apply to information which, at or prior to

21  disclosure thereof in this action, is or was public knowledge as a result of publication by one

22  having the unrestricted right to do so, or which is otherwise in the public domain.  Nothing in this

23  Protective Order shall in any way restrict the use or dissemination by a Party or third Party of its

24  own "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—

25  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL

26  ONLY" Protected Material.

27

28

8.

7.2     <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     officers, directors, and employees of Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(c)     Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(d)     the Court and its personnel;

(e)     stenographers, their staffs, Professional Vendors, and private mediators to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     the author, addressees, or recipients of the document;

(g)     during their deposition, any natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document, or who would reasonably be expected to have knowledge of the information in the document based on the specific context;

(h)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A), which shall be made an exhibit to the deposition transcript, or has agreed on the record to keep the information confidential and not to use it for any purpose, or has been ordered to do so; and provided further that, pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "Confidential" and separately

bound by the court reporter and not included in the main deposition transcript and exhibit binder, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) participants in a focus group or mock jury who have agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material; and

(j) any other person to whom the Designating Party agrees in writing or on the record and any other person to whom the Court compels access to the Confidential Information.

7.3 <u>Disclosure of Information of Items designated "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u>.  No information or items designated "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed to any Party or its parents, subsidiaries, affiliates, current or former directors, officers, or employees, including In House Legal Personnel (except as specifically set forth below).  Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose, summarize, describe, characterize or otherwise communicate or make available, in whole or in part, information or items designated "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to the following persons:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) no more than two (2) In-House Legal Personnel of Parties, who have no involvement in competitive decision-making,[1] to whom disclosure is reasonably necessary for

---

[1] The term "competitive decision making," as used in Paragraph 7.3(b), means decision making concerning lithium-ion batteries or lithium-ion battery products business strategy (including setting prices, product development, business plans and marketing).  Pricing advice based on compliance with laws (*e.g.*, compliance with the Robinson-Patman Act) does not qualify as competitive decision making.

this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(c)     Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(d)     the Court and its personnel;

(e)     stenographers, their staffs, Professional Vendors, and private mediators to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     the author, addressees, or recipients of the document;

(g)     during their deposition, any natural person who is specifically identified in the document, or whose conduct relevant to the claims or defenses in this litigation is purported to be specifically identified in the document; and

(h)     participants in a focus group or mock jury who have agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material.

7.4     Disclosure of Information of Items designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY".  The use of the designation "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY' shall be limited to production of Protected Material of third parties in the possession of the Designating Party when such third party has instructed the designating Party to use this designation.  No information or items designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" may be disclosed to any Party or its parents, subsidiaries, affiliates, current or former directors, officers, or employees, including In House Legal Personnel.  Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose, summarize, describe, characterize or otherwise communicate or make available, in whole or in part, information or items designated "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" only to the following persons:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective Order" (Exhibit A) has been signed;

(c)    the Court and its personnel;

(d)    stenographers, their staffs, Professional Vendors, and private mediators to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A); and

(e)    the author, addressees, or recipients of the document.

7.5    <u>Retention of Exhibit A</u>.  Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain such documents for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.6    <u>Retention of Protected Material</u>.  Persons who have been shown Protected Material pursuant to Section 7.2(b), (c), (f), (g), (h), or (i); Section 7.3(a), (e), or (f); or Section 7.4(a) or (e) shall not retain copies of such Protected Material.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or any information or items produced in this action regardless of designation, the Receiving Party must so notify the Designating Party, in writing (by electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its interests in the court from which the discovery request, subpoena or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

10.   **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "Protected Material"

1    includes all copies, abstracts, compilations, summaries or any other form of reproducing or

2    capturing any of the Protected Material.  The Receiving Party may destroy some or all of the

3    Protected Material instead of returning it.   Whether the Protected Material is returned or

4    destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

5    not the same person or entity, to the Designating Party) by the thirty day deadline that identifies

6    (by category, where appropriate) all the Protected Material that was returned or destroyed and that

7    affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

8    or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

9    provision, counsel are entitled to retain an archival copy of all pleadings, motion papers,

10   transcripts, legal memoranda, correspondence or attorney work product, even if such materials

11   contain Protected Material.  Any such archival copies that contain or constitute Protected Material

12   remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13                  12.    **INADVERTENTLY PRODUCED DOCUMENTS**

14          If a Party at any time notifies any other Party that it inadvertently produced documents,

15   testimony, information, and/or things that are protected from disclosure under the attorney-client

16   privilege, work product doctrine, and/or any other applicable privilege or immunity from

17   disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent

18   production shall not be deemed a waiver of the applicable privilege or protection.

19          The Receiving Party shall immediately return all copies of such documents, testimony,

20   information and/or things to the inadvertently producing Party and shall not use such items for

21   any purpose until further order of the Court.  In all events, such return must occur within three (3)

22   business days of receipt of notice or discovery of the inadvertent production.  The return of any

23   discovery item to the inadvertently producing Party shall not in any way preclude the Receiving

24   Party from moving the Court for a ruling that the document or thing was never privileged.

25                  13.    **ATTORNEY RENDERING ADVICE**

26          Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering

27   advice to his or her client with respect to this matter or from relying upon or generally referring to

28   "CONFIDENTIAL,"     "HIGHLY     CONFIDENTIAL,"     "HIGHLY     CONFIDENTIAL—

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

14.   **TRIAL**

The terms of this Protective Order shall govern in all circumstances except at trial.  The parties shall meet and confer in advance of trial and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

15.   **GRAND JURY DISCOVERY**

No party shall serve or seek any discovery that would refer, reflect, or relate to any party's or witness' communications with the United States or with the grand jury (including, but not limited to, the fact or the existence of such communications), relating to the grand jury proceedings concerning the lithium ion battery industry, except by order of the Court upon good cause shown and consistent with governing law.  This provision shall not bar the production to Plaintiffs of documents produced by any defendant to the United States concerning lithium ion batteries and/or lithium ion battery products if ordered by the Court.

**16.   MISCELLANEOUS**

16.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**[SIGNATURE PAGE FOLLOWS]**

1

2
Dated:  April 4, 2016

3
By: /s/ Valarie C. Williams
        Valarie C. Williams

4
ALSTON & BIRD

5
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282

6
Telephone:      650-838-2000
Facsimile:      650-838-2001

7
lance.termes@alston.com

8
James C. Grant**
Valarie C. Williams **

9
B. Parker Miller**
Edward P. Bonapfel**

10
ALSTON & BIRD LLP

11
1201 West Peachtree Street
Atlanta, Georgia 30309

12
Telephone: 404-881-7000
Facsimile: 404-881-7777

13
**Pending Pro Hac Vice Admission
jim.grant@alston.com

14
valarie.williams@alston.com
parker.miller@alston.com

15
ed.bonapfel@alston.com

16
Attorneys for Microsoft Mobile, Inc. and
Microsoft Mobile Oy

17

18
Dated:  April 4, 2016

19
By: /s/ Michael W. Scarborough
        Michael W. Scarborough

20

21
Dylan Ian Ballard
James Landon McGinnis
Tyler Mark Cunningham

22
SHEPPARD, MULLIN, RICHTER &
HAMPTON

23
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106

24
Telephone: (415) 434-9100
Facsimile:  (415) 434-3947

25
mscarborough@smrh.com
dballard@sheppardmullin.com

26
jmcginnis@sheppardmullin.com
tcunningham@sheppardmullin.com

27

28
Attorneys for Defendants Samsung SDI
America, Inc. and Samsung SDI Co., Ltd.

Dated:  April 4, 2016

By: /s/ John Dwyer
        John Dwyer

COOLEY LLP
Stephen C. Neal
John C. Dwyer
3175 Hanover Street
Palo Alto, CA  94304
Telephone:      (650) 843-5000
Facsimile:      (650) 857-0663
nealsc@cooley.com
dwyerjc@cooley.com

Beatriz Mejia
Matthew M. Brown (264817)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222
mejiab@cooley.com
brownmm@cooley.com

Attorneys for Defendants Sony Corporation,
Sony Electronics Inc., and Sony Energy
Devices Corporation

Dated:  April 4, 2016

By: /s/ Reginald Steer
        Reginald Steer

AKIN GUMP STRAUSS HAUER & FELD
580 California Street, Suite 1500
San Francisco, CA  94104-1036
Telephone: (415) 765-9500
Facsimile:  (415) 765-9501
rsteer@akingump.com

Attorneys for LG Chem America, Inc. and LG
Chem, Ltd.

1

Dated: <u>April 4, 2016</u>

2

By: <u>*/s/ Jeffrey L. Kessler*</u>

3      Jeffrey L. Kessler

4

A. Paul Victor (*pro hac vice*)

5    Eva W. Cole (*pro hac vice*)
Jeffrey J. Amato (*pro hac vice*)

6    Erica C. Smilevski (*pro hac vice*)
WINSTON & STRAWN LLP

7    200 Park Avenue
New York, NY 10166-4193

8    Telephone:  (212) 294-4601
Facsimile:   (212) 294-4700

9    *jkessler@winston.com*

10   *pvictor@winston.com*
*ewcole@winston.com*

11   *jamato@winston.com*
*esmilevski@winston.com*

12

13   Ian L. Papendick (SBN 275648)
WINSTON & STRAWN LLP

14   101 California Street
San Francisco, CA 94111

15   Telephone: (415) 591-6904
Facsimile:   (415) 591-1400

16   *ipapendick@winston.com*

17

18   Roxann E. Henry (*pro hac vice*)
MORRISON & FOERSTER LLP

19   2000 Pennsylvania Avenue, NW
Suite 6000

20   Washington, DC 20006
Telephone:  (202) 887-1500

21   Facsimile:   (202) 887-0763
*rhenry@mofo.com*

22

23   *Counsel for Panasonic Corporation, Panasonic
Corporation of North America, Sanyo Electric
Co., Ltd., and Sanyo North America*

24   *Corporation*

25

26

27

28

17.

STIPULATED REVISED PROTECTIVE ORDER

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    Dated:  April 18, 2016

4                                                           The Honorable Donna M. Ryu
                                                            United States Magistrate Judge

5

6                                                           Judge Donna M. Ryu

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.