United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR   (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER RE DEPOSITION LIMITS**<br><br>Re: Dkt. No. 1195 |

12    The parties filed a joint discovery letter brief in which Defendants move to amend a

13 provision of the parties' Discovery and Deposition Protocol regarding deposition time limits.

14 [Docket No. 1195 (Joint Letter).]  This matter is appropriate for determination without oral

15 argument.  Civil L.R. 7-1(b).  For the following reasons, Defendants' motion is denied.

16 **I.    BACKGROUND**

17    On December 3, 2014, the undersigned approved the parties' stipulated Deposition

18 Protocol.  [Docket No. 593 (the "original protocol").]  In October 2015, the parties jointly moved

19 the court to adopt a "Discovery and Deposition Protocol," revised by the parties to account for the

20 entry of the Direct Action Plaintiffs ("DAPs") into the litigation.  [*See* Docket No. 882-1 (the

21 "revised protocol").]  In the revised protocol, the parties agreed to a longer presumptive length for

22 non-30(b)(6) depositions.  The original protocol provided that the Class Plaintiffs, (meaning the

23 Direct Purchaser Plaintiffs ("DPPs") and the Indirect Purchaser Plaintiffs ("IPPs")), "shall

24 presumptively have 7 hours to depose each non-30(b)(6) witness," subject to enlargement for

25 translated depositions.  Original Protocol § II.E.  The revised protocol sets forth an expanded time

26 limit for depositions, as follows:

27       Plaintiffs shall presumptively have 7 hours to depose each non-
         30(b)(6) witness.  In the event the same witness is noticed by the
28       Direct Purchaser Class Plaintiffs  or  Indirect  Purchaser  Class

Plaintiffs and counsel for any Direct Action Plaintiff, the deposition will be limited to 11 hours of deposition, consecutive when reasonably practicable, with 7 hours allocated to the Direct/Indirect Purchaser Plaintiffs and 4 hours allocated to the Direct Action Plaintiffs. . . . Provided, however, that (i) any plaintiff may, in their sole discretion, cede their allocated deposition time to any other plaintiff; and (ii) counsel for the Direct Action Plaintiffs may take the lead in a deposition. The parties shall meet and confer in good faith to discuss their anticipated examination time in advance of any scheduled deposition, taking into account whether a witness is being noticed as an individual fact witness only or as both a 30(b)(6) witness and an individual fact witness. . . . All of these time limits are subject to the provisions below expanding time in the case of translated depositions.

Proposed Revised Protocol at § II.E. With respect to translated depositions, the parties agreed that "[t]o the extent an interpreter is used for all or nearly all of the deposition, the time limits set forth in Paragraph . . . II.E above shall be doubled." *Id*. at ¶ IV.D. Therefore, under the revised protocol, the DPPs, IPPs, and DAPs collectively may depose a non-30(b)(6) witness for up to eleven hours total, or for up to 22 hours in the case of a translated deposition. The revised protocol stipulates that "[t]his Deposition and Discovery Protocol Order may be modified only by stipulation and order, or by order of the Magistrate or the Court for good cause shown." *Id*. at ¶ XIII. The court entered the parties' revised protocol without amendment on October 19, 2015. [Docket No. 905.]

Defendants now seek to modify the revised protocol by eliminating the additional four hours of deposition time to which they agreed. Thus, Defendants now propose that DPPs, IPPs, and DAPs return to the original protocol, in which all Plaintiffs, including the DAPs, "shall presumptively have a combined 7 hours to depose each non-30(b)(6) witness" for non-translated depositions, and 14 hours for translated depositions in the event that the same witness is noticed by DPPs or IPPs and any DAP. Joint Letter at 1. The DPPs, IPPs, and DAPs oppose the proposed revision.

## II.   DISCUSSION

Pursuant to Section XIII of the revised protocol, Defendants must show "good cause" for the proposed modification. Defendants argue that good cause supports the change because permitting Plaintiffs to depose non-30(b)(6) witnesses for more than seven hours (or 14 translated hours) results in excessive burden and expense to all parties without adding commensurate value

2

United States District Court
Northern District of California

1   to the litigation.  According to Defendants, the parties negotiated the revised protocol to

2   "accommodate DAPs' claims that they had unique issues."  Citing examples from a handful of

3   depositions, Defendants complain that instead of using their allotted four hours for questions

4   related to their unique issues, the DAPs have instead been ceding the majority of their time to the

5   Class Plaintiffs, resulting in "duplicative questioning, excessive burden, and overall inefficiency."

6   Joint Letter at 1.

7      Defendants also argue that the excess deposition time results in considerable expense.

8   According to Defendants, the parties routinely have at least fifteen attorneys present at each

9   deposition, plus a court reporter, videographer, official translator, and two check translators.  They

10   estimate that each hour of deposition costs at least $7,500, meaning that in the case of translated

11   depositions, a third day increases costs by at least $60,000, not including travel and translator

12   costs.  Joint Letter at 3.  A third day also "taxes the stamina of the witnesses," particularly those

13   who require translators.  *Id.*

14      Defendants' arguments are not persuasive.  First and foremost, the parties negotiated the

15   revised protocol and explicitly agreed that "any plaintiff may, in their sole discretion, cede their

16   allocated deposition time to any other plaintiff."  There was no corresponding limitation on the

17   subject matter of any questioning that exceeded the original seven hours.  Therefore, the revised

18   protocol contains no support for Defendants' claim that the DAPs must use their deposition time

19   solely for questioning related to their "unique issues."  Defendants' dissatisfaction with the way

20   the DAPs have used or ceded their allotted deposition time does not constitute good cause for

21   amending the provision to revert to the original time limits.  Moreover, this case involves

22   allegations of a decade-long global conspiracy, and the Class Plaintiffs and the DAPs note that

23   Defendants have produced 1.95 million documents to date.  Therefore, the court cannot say that

24   the four additional hours to which Defendants agreed is excessive, unreasonable, or unduly

25   burdensome or expensive.  The Class Plaintiffs and the DAPs note that other similar antitrust

26   MDLs in the Northern District have deposition protocols in place that provide for at least 11 total

27   hours of questioning by the class and direct action plaintiffs.  Joint Letter at 5.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**III.    CONCLUSION**

For the foregoing reasons, Defendants' motion to amend the revised protocol is denied.

**IT IS SO ORDERED.**

Dated: April 27, 2016



_____
Donna M. Ryu
United States Magistrate Judge