# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>INDIRECT PURCHASER ACTIONS | Case No. 13-MD-02420 YGR (DMR)<br><br>MDL NO. 2420<br><br>[~~PROPOSED~~] **ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY DEFENDANTS**<br><br>*AS MODIFIED BY THE COURT* |

On April 8, 2016, Indirect Purchaser Plaintiffs ("IPPs") filed a Motion for Preliminary Approval of Class Action Settlement with Defendants Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics Inc. (collectively "Sony"). (Dkt. No. 1209). The Court, having reviewed the motion, the settlement agreement (Declaration of Steven N. Williams, Dkt. No. 1209-1, Exh. 1), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be **GRANTED**.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement, to the extent not contradictory or mutually exclusive.

2. The Court hereby preliminarily approves the settlement agreement.

3. The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the settlement classes and for setting a Fairness Hearing.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement classes for purposes of this Motion only:

    a. All persons who, during the period from and including January 1, 2000 through May 31, 2011, purchased in the United States for their own use and not for resale from an entity other than an MDL Defendant a Lithium Ion Battery or Lithium Ion Battery Pack manufactured by an MDL Defendant or alleged co-conspirator, or a Finished Product containing a Lithium Ion Battery or Lithium Ion Battery Pack manufactured by an MDL Defendant or alleged co-conspirator. Excluded from this Class are the MDL Defendants,

their parents, subsidiaries and affiliates, and any judge, justice, or judicial officer presiding over this matter and the members of her or his immediate families and judicial staff (Nationwide class under California law, Injunctive relief under Federal and California law).

    b. All non-federal and non-state governmental entities in California that, during the period from January 1, 2000 through May 31, 2011, indirectly purchased for their own use and not for resale either a Lithium Ion Battery manufactured by a Defendant and/or a Lithium Ion Battery Product containing a Lithium Ion Battery manufactured by a Defendant or co-conspirator.

5. The Court further finds that the prerequisites to certifying settlement classes under Rule 23(a) are satisfied for settlement purposes in that (a) there are at least thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement classes; (c) the claims or defenses of the class representatives are typical of the claims or defenses of the settlement classes; and (d) the Indirect Purchaser Plaintiffs will fairly and adequately protect the interests of the settlement classes, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement classes.  The Court also finds that the prerequisites to certifying settlement classes under Rule 23(b) are satisfied for settlement purposes in that (a) common questions predominate over individual issues and (b) resolution through class settlements is superior to individual settlements.

6. The Court hereby appoints the Plaintiffs named in the Indirect Purchaser Plaintiffs' Fourth Consolidated Amended Complaint (March 18, 2016) (ECF No. 1168) ("FCAC") as Representative Plaintiffs of the settlement classes.

7. The Court hereby appoints the law firms of Cotchett, Pitre & McCarthy, LLP, Lieff, Cabraser, Heimann & Bernstein, and Hagens, Berman, Sobol & Shapiro as Settlement Class Counsel.

8. The Court approves the form of the Long-Form Notice attached hereto as Exhibit A ("Long-Form Notice").  The Court also approves the form of the Short-Form Notice attached hereto as Exhibit B ("Short-Form Notice").  The Court finds that taken together, mailing the Long-Form Notice by electronic mail to addresses which can be reasonably obtained, publication of the Short-Form Notice, and internet posting of the Long-Form Notice are:  (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise the settlement class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal or state law.

9. IPPs' notice provider shall provide notice of the class settlement.  The notice provider shall provide direct notice of the settlement to all members of the settlement class for whom they can reasonably obtain email addresses on or before July 12, 2016.  IPPs' notice provider shall publish the Short-Form Notice in *Parade*, *Better Homes and Gardens*, and *People* with all publication completed on or before August 18, 2016.  The notice provider shall also cause a copy of the class

notices and Settlement Agreement to be posted on the internet website www.batteriesconsumerlitigation.com on or before May 27, 2016.  IPPs' notice provider shall use internet banner and text ads to achieve a minimum of 225 million targeted impressions.  All banners and text ads will include links to the website www.batteriesconsumerlitigation.com, and may include publication via Facebook, Yahoo! Network, Google Network, and YouTube.  IPPs' notice provider shall also cause a news release to be disseminated via PR Newswire US1 National distribution to announce the Notice of Settlement, which shall include distribution to at least 5,600 general market newsrooms, both print and broadcast, across the United States plus 5,900 websites.

10. Each member of the settlement classes shall have the right to be excluded from the settlement classes by mailing a request for exclusion to the claims administrator no later than September 22, 2016.  Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as any trade name or business name and address used by such person or entity, and must be signed by the class member seeking exclusion.  No later than September 29, 2016, IPP Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the settlement classes as provided in the Settlement Agreement.

11. Any member of the settlement classes who does not properly and timely request exclusion from the settlement classes as provided above shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to

the settlement agreement and whether or not such person or entity makes a claim upon the settlement funds.

12. Each member of the settlement classes who has not timely excluded itself from the settlement shall have the right to object to (1) the settlement and/or (2) the plan of allocation by filing written objections with the Court no later than September 22, 2016.  Failure to timely file written objections will preclude a class member from objecting to any or all of the settlement.

13. Each member of the settlement classes as provided above shall have the right to appear at the Fairness Hearing by filing a Notice of Intention to Appear no later than September 22, 2016.

14. The Court will conduct a Fairness Hearing on November 8, 2016.  The Fairness Hearing will be conducted to determine the following:

    a. Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered dismissing with prejudice the claims of the settlement classes against Sony;

    c. Approval of the plan of allocation; and

    d. Such other matters as the Court may deem appropriate.

15. Each member of the settlement classes shall retain all rights and causes of action with respect to claims against the remaining defendants other than Sony regardless of whether such member of the settlement classes decides to remain in the settlement classes or to exclude itself from the settlement classes.

16. All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than October 4, 2016.

17. IPPs' Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreement.

18. All further Indirect Purchaser class proceedings as to Sony are hereby stayed except for any actions required to effectuate the settlement.

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

This order terminates Docket Number 1209.

IT IS SO ORDERED.

Dated:   May 26, 2016

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge