1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-MD-02420 YGR (DMR) |
| | MDL 2420 |
| This Document Relates to: | [~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY DEFENDANTS** |
| *All Direct Purchaser Actions* | Date:        September 6, 2016 |
| | Time:        2:00 p.m. |
| | Judge:       Hon. Yvonne Gonzalez Rogers |
| | Courtroom: 1, 4th Floor |

On July 29, 2016, Direct Purchaser Plaintiffs filed a brief in support of Final Approval of Class Action Settlement with Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics Inc. (collectively "Sony," "Sony Defendants," or "Settling Defendants").  The Court, having reviewed the motion, the settlement agreement between the plaintiffs and Sony ("Sony Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and the Actions within this litigation and over the parties to the Sony Settlement Agreement, including all members of the Class and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Sony Settlement Agreement, attached hereto as Exhibit 1.

3. Pursuant to Fed. R. Civ. P. 23(g), Co-Lead Counsel previously appointed by the Court is appointed as counsel for the Class. Saveri & Saveri, Inc.; Pearson, Simon & Warshaw, LLP; and Berman DeValerio have and will fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class be certified:

> All persons and entities that purchased a Lithium Ion Battery or Lithium Ion Battery Product from any Defendant, or any division, subsidiary or Affiliate thereof, or any alleged co-conspirator in the United States from January 1, 2000 through May 31, 2011. Excluded from the Class are Defendants, their parent companies, subsidiaries and Affiliates, any alleged co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and any judge or jurors assigned to this case.

5. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY DEFENDANTS; Case No. 13-MD-02420 YGR (DMR)

common to the class that predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

6.     The Court hereby finally approves and confirms the settlement set forth in the Sony Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.     This Court hereby dismisses on the merits and with prejudice the Actions in favor of the Sony Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Sony Settlement Agreement.

8.     The Sony Releasees are hereby and forever released from all Released Claims as defined in the Sony Settlement Agreement.

9.     The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances.  Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Sony Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

10.     Two objections to the settlement were filed.  The objections are hereby overruled.

11.     The plan of allocation set forth in the Class notice is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the plan of allocation.

12.     Any member of the Class who failed to timely and validly request to be excluded from the Class shall be subject to and bound by the provisions of the Sony Settlement Agreement, the Released Claims contained therein, and this Judgment with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Gross

2

Settlement Fund or the Net Settlement Fund. Those persons/entities identified in the list attached hereto as Exhibit 2 are validly excluded from the Class.  Such persons/entities are not entitled to any recovery of the settlement proceeds obtained in connection with the Sony Settlement Agreement.

13.     Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Sony Settlement Agreement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the Actions until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Sony Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) the parties to the Sony Settlement Agreement for the purpose of enforcing and administering the Sony Settlement Agreement and the mutual releases contemplated by, or executed in connection with the Sony Settlement Agreement.

14.     In the event that the settlement does not become effective in accordance with the terms of the Sony Settlement Agreement, then the Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

15.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Judgment should be entered and further finds that there is no just reason for delay in the entry of Judgment as to the parties to the Sony Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for the Sony Defendants.


Dated: September 7, 2016

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge

3