UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION** <br> This Document Relates To: <br> Case No. 4:15-CV-02987-YGR <br><br> **DELL INC., ET AL.,** <br>           Plaintiffs, <br>     V. <br><br> **LG CHEM LTD., ET AL.,** <br>           Defendants. | Master Case No. 4:13-MD-02420 <br><br> MDL No. 2420 <br><br> Individual Case No.  15-CV-02987-YGR <br><br> **ORDER DENYING DEFENDANT TOSHIBA CORPORATION'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 1310, 1431 |

Plaintiffs Dell Inc. and Dell Products L.P. ("Dell Entities") bring this action for alleged antitrust violations relating to the sales of lithium ion batteries, cells, and packs spanning a period of eleven years against defendants LG Chem, Ltd. and LG Chem America, Inc. (collectively, "LG Chem"), Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "Samsung"), and Toshiba Corporation.[1]  More specifically, plaintiffs allege claims for:  (i) violation of the Sherman Act, 15 U.S.C. § 1 against Samsung and Toshiba; (ii) violation of the Sherman Act, 15 U.S.C. § 1 against LG Chem but limited to January 2000 through September 30, 2009; and (iii) breach of contract against Samsung.

Now before the Court is defendant Toshiba's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 1310.)  Specifically, Toshiba argues that plaintiffs failed to allege sufficiently their claims based on assignments of antitrust claims plaintiffs received from third-party subsidiaries and affiliates.  Alternatively, Toshiba moves the Court to order plaintiffs to provide a more definite statement of their claims pursuant to

---

[1] Plaintiffs have dismissed claims against eight of the thirteen defendants in this case namely, Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic"), Sanyo Electric Co. Ltd. and Sanyo North America Corporation (collectively, "Sanyo"), Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics, Inc. (collectively, "Sony"), and GS Yuasa Corporation.

Federal Rule of Civil Procedure 12(e).  Having carefully considered the pleadings, the papers submitted on this motion, and oral arguments at the hearing on September 27, 2016, and for the reasons set forth herein, the Court **DENIES** Toshiba's motion to dismiss and motion for a more definite statement.[2]

I.   **BACKGROUND**

Plaintiffs bring this action against defendants for an alleged global anti-trust conspiracy to "fix, raise, stabilize, and maintain the prices" of lithium ion batteries ("LIBs") from at least January 1, 2000 through at least May 31, 2011.  According to the complaint, defendants engaged in continuous communications with each other "to set prices collusively" and "devis[e] mechanisms to nullify competition in procurements by their customers." (Compl. ¶ 7.)

Throughout this period, plaintiffs allege that they directly purchased more than $3.1 billion worth of LIBs collectively from defendants and their co-conspirators.  (*Id.* at ¶¶ 6, 25.)  Relevant to this motion, plaintiffs allege that they "received assignments of claims with its relevant subsidiaries and affiliates, whereby any of the antitrust claims described in [the complaint] against the [d]efendants and their co-conspirators that are held by [plaintiffs'] subsidiaries and affiliates have or will be assigned to Dell Inc."  (*Id.* at ¶ 30.)

Subsequent to Toshiba's filing of its motion to dismiss, plaintiffs produced to Toshiba the agreements they entered into with their subsidiaries and affiliates under which such entities assigned their claims to plaintiffs.  (Dkt. No. 1431-5, Exhibits A–G.)[3]  Plaintiffs requested that

---

[2] In connection with its reply brief, Toshiba submitted an administrative motion to seal certain exhibits marked by plaintiffs as "Highly Confidential." (Dkt. No. 1431.)  Plaintiffs, as the Designating Parties, are required under the Local Rules to file declarations establishing that all of the designated materials are sealable.  Civil L.R. 79-5(e)(1).  Plaintiffs have not done so here.  Accordingly, the Court **DENIES** Toshiba's motion to seal.

[3] Plaintiffs produced to Toshiba assignments from the following entities:  (i) Dell Computadores Do Brasil LTDA.; (ii) Dell Global BV-Singapore Branch; (iii) Dell India Private Limited; (iv) Dell Products (Europe) BV; (v) Dell (China) Company Ltd.; (vi) Dell (Xiamen) Company Ltd.; and (vii) Dell Asian Pacific SDN. BHD.  In each, the relevant entity assigned "all rights, title, and interest in any and all causes of action . . . related to price fixing of Batteries under all applicable United States antitrust laws, United States state unfair competition laws, United States consumer protection laws, or any other United States federal or state law arising from the purchase of Batteries or products containing Batteries." (*See, e.g.*, Dkt. No. 1431-5, Exhibit A.)

2

1  Toshiba withdraw its motion to avoid further litigation.  Toshiba declined and maintains that such
2  production is insufficient because the assignment agreements still fail to provide details on what
3  the assignors purchased, when those purchases occurred, the identity of the seller, or where the
4  transactions took place, all of which Toshiba claims should be alleged in the complaint.

## II.   LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.  *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)).  The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its

3

judicial experience and common sense.").

Rule 12(e) allows a party to move for a more definite statement before filing a responsive pleading where the original pleading "is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are disfavored and rarely granted." *Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1045 (N.D. Cal. 2009) (citing *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)). "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Id.* (citing *Beery v. Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011) (quoting *Castaneda*, 597 F. Supp. 2d at 1045).

### III.   DISCUSSION

Toshiba moves to dismiss only claims plaintiffs allegedly hold based on assignments they received from certain subsidiaries and affiliates. Specifically, Toshiba argues that plaintiffs need to allege the identity of the assignors, what products the assignors purchased, from whom assignors purchased the products, when assignors purchased the products, and where assignors engaged in any transactions. In the context of claims held by assignments, courts have found that plaintiffs must "allege facts showing that the assignor would be entitled to relief." *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. 09-CV-1115, 07-MD-1827, 2009 WL 4874872, at *4 (N.D. Cal. Oct. 6, 2009) (citing cases).

The court's decision in *In re TFT-LCD* is instructive. There, the defendants also argued that they were entitled to know the identity of the "assignor of plaintiff's claims, the products the assignor purchased, and the defendants from whom it purchased those products in order to ascertain the nature of the claims being asserted and reasonably prepare a response." *Id.* at *4. The court dismissed the complaint with leave to amend, noting that at a minimum, plaintiff must identify the assignor. *Id.* However, the court also noted that plaintiff need not add allegations addressing all of defendants' demands, explaining that defendants "may uncover the additional details surrounding the assignor's purchases through discovery." *Id.* The court held similarly in

another order in the *TFT-LCD* litigation with respect to the Michigan and Wisconsin state plaintiffs. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 787 F. Supp. 2d 1036, 1041 (N.D. Cal. 2011) (requiring plaintiffs to allege the identity of the assignors and noting that the "balance of the information sought by defendants, such as information about the contracts, is not required as a pleading matter and can be explored in discovery").

Plaintiffs do not dispute the complaint lacks the level of specificity sought but assert that the pleadings are sufficient, especially in light of their production of the assignment agreements to Toshiba, citing *Warth v. Seldin*, 422 U.S. 490, 501–02 (1975). *Warth*, which concerned standing rather than failure to state a claim, merely stands for the basic proposition that courts may allow or require plaintiffs to "supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Id.* Given the nature of plaintiffs' overall allegations and the production of the assignment agreements themselves, the Court finds that Toshiba's asserted deficiencies in the complaint have been cured. Accordingly, the Court **DENIES** Toshiba's motion to dismiss the complaint. For the same reasons, the motion for a more definite statement under Rule 12(e) is also **DENIED**. Toshiba has more than sufficient information to file an answer.

Notwithstanding the foregoing, the Court also finds that a more specific articulation of the assignments would be beneficial here, in light of the potential impact of the Foreign Trade Antitrust Improvements Act ("FTAIA") on the action. Pursuant to FTAIA, the Sherman Act does not cover trade or commerce with foreign nations, other than import trade or commerce, unless such conduct has a "direct, substantial, and reasonably foreseeable effect" on American domestic, import, or certain export commerce, and "such effect gives rise to a claim" under the Sherman Act. 15 U.S.C. § 6a; *see Motorola Mobility, Inc. v. AU Optronics Corp.*, No. 09-CV-6610, 2014 WL 258154, at *5 (N.D. Ill. Jan. 23, 2014); *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 852–53 (7th Cir. 2012) (indicating that FTAIA establishes an element of a Sherman Act claim). Given the potential for motion practice relative to the FTAIA, a precise articulation of the facts relative to those issues promotes efficiency. Accordingly, the Court **ORDERS** plaintiffs to serve a

statement providing the factual basis upon which the assignors' claims meet the FTAIA requirements within twenty-eight (28) days of this Order.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Toshiba's motion to dismiss the complaint and motion for a more definite statement as set forth above.  Toshiba shall file its answer to the complaint within fourteen (14) days of this Order.

This Order terminates Docket Numbers 1310 and 1431.

**IT IS SO ORDERED.**

Dated: October 4, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**