1

2

3

4

5

6

7

8

9

10

11

12

13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          OAKLAND DIVISION

17  IN RE LITHIUM ION BATTERIES
    ANTITRUST LITIGATION,                    Case No. 13-MD-02420 YGR (DMR)
18
                                             MDL No. 2420
19
                                             DECLARATION OF ALAN VASQUEZ
20  This Documents Relates to:               REGARDING IMPLEMENTATION OF
                                             CLASS NOTICE PLAN
21  ALL INDIRECT PURCHASER ACTIONS

22
                                             DATE ACTION FILED: Oct. 3, 2012
23

24

25

26

27

28

I, Alan Vasquez, hereby declare and state as follows:

## INTRODUCTION

1.     I am a Vice President of Legal Notification Services at Gilardi & Co. LLC ("Gilardi"), a KCC Class Action Services ("KCC") company.  In my role, I oversee Gilardi's in-house advertising division specializing in the design and implementation of legal notice plans to reach unknown class members in class action litigation.

2.     Gilardi was established in 1984 and is one of the largest full service class action notice and claims administrators in the United States.  The in-house advertising division has specialized in designing, developing and implementing legal notification plans for more than 25 years.  As such, we are familiar with, and guided by, Constitutional due process provisions, rules of state and local jurisdictions, and the relevant case law relating to legal notification.  Media plans designed and implemented by our group have included both domestic and international newspapers and magazines, Internet-based banners, notices and websites, wire service, radio, television, point of purchase displays and direct mail. As V.P. of Legal Notification Services, I oversee all of the group's activities as they relate to these notice services.

3.     I have been involved in the development and implementation of media plans for class action notification for more than ten years. Prior to my engagement with Gilardi, I spent five years with another nationally recognized claims administrator serving in a similar capacity.

4.     For several years, courts have accepted my expert testimony regarding our firm's quantitative and qualitative evaluation of judicially approved notice plans. I have also testified in person and was acknowledged as an expert in Larson v. Sprint Nextel Corp., No. 07-cv-5325 (D. N.J.).  Media campaigns for which I have been directly responsible include, but are not limited to, Pappas v. Naked Juice, No 11-cv-08276-JAK (C.D. Cal.), Mattel, Inc., Toy Lead Paint Prods. Liab. Litig., No. 07-ML-01897 (S.D. Cal.), Pecover, et al. v. Electronic Arts Inc., No. 08-cv-02820 (N.D. Cal.), New Motor Vehicles Canadian Export Antitrust Litig., No. MDL 03-1532 (D. Me.), and SRAM Antitrust Litig., No. 07-MD-01819 (N.D. Cal.). A more comprehensive list of notable matters for which I have been personally responsible for the Notice planning and implementation

services is attached as Exhibit 1.  I have also spoken as faculty on various CLE panels related to class action notice and related trends.

5.      I submit this declaration at the request of Class Counsel in order to describe the proposed Notice plan and notice services in the above-captioned litigation.

6.      I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would testify competently thereto.

## I.      Litigation Background

7.      Defendants LG Chem, Ltd. and LG Chem America, Inc. ("LG Chem" or "Settling Defendants") have agreed to a Settlement resolving claims that they allegedly fixed the price of cylindrical Lithium Ion Battery Cells. This may have caused individuals and businesses to pay more for the following products which contained Lithium-Ion Cylindrical Batteries: (i) portable computers; (ii) power tools; (iii) camcorders; or (iv) a replacement battery for any of these products.

## II.      Objective

8.      The objective of the proposed Notice plan is to provide the best notice practicable to the defined class, consistent with the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure and all applicable state laws and court rules. The methods and tools used in developing this Notice plan have been employed in many other court-approved notice plans.

## III.      Class Definition

9.      The Class is made up of indirect purchasers of consumer products that included cylindrical Lithium Ion Battery Cells.  Specifically, "the Class" references the "Settlement Class" in the Motion for Preliminary Approval of the Class Action Settlement with LG Chem and refers to:

> "All persons and entities who, as residents of the United States and during the period from January 1, 2000 through May 31, 2011, indirectly purchased new for their own use and not for resale one of the following products which contained a lithium-ion cylindrical battery manufactured by one or more

defendants or their co-conspirators: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. Excluded from the class are any purchases of Panasonic-branded computers. Also excluded from the class are any federal, state, or local governmental entities, any judicial officers presiding over this action, members of their immediate families and judicial staffs, and any juror assigned to this action, but included are all non-federal and non-state governmental entities in California."

## IV. Class Size

10.    It is common practice when media planning to define a Target Audience ("TA") inclusive of the class definition.  Analysis and measurement applied to the TA can then be applied to the class members.  Gilardi defined the audience as "U.S. adults who own a portable computer, camcorder, or cordless power tool."  Data from the most recent Experian Simmons National Consumer Study[1] available estimates the size of this class to be approximately 193 million U.S. adults nationwide.  Although the class period is defined for purchases made between January 1, 2000 through May 31, 2011, individuals who purchased the products at that time are still likely to own one or more of these products.  In addition, because the media landscape has changed in the last 7 years, it is sensible to use current consumer survey data to define the audience because the Notice plan is being designed to reach those individuals at this point in time, not in the past when different channels for notice may have been more appropriate.

## V. The Notice plan

11.    Gilardi will provide direct notice for all Class members for whom email contact information is available. Based on information provided by counsel, Gilardi is informed that email

---

[1] The Simmons National Consumer Study brings consumer targets to life with vivid and complete profiles including lifestyles, attitudes, brand preferences and media use. The high quality, nationally representative study is the result of a comprehensive, continuously fielded survey of approximately 25,000 U.S. adults, including both English and Spanish speakers.  The study, released quarterly, simplifies and enhances consumer and media research reporting on over 60,000 data elements, including: All major media usage, including traditional and emerging digital platforms; over 1,000 distinct media properties; more than 500 product categories and over 8,000 brands; over 600 consumer attitudes and opinions; and in-depth demographic and lifestyle characteristics.

is available for approximately 15.8 million potential class members. Prior to the implementation of the Notice program, Gilardi will work with the parties to determine the exact number of records available for direct notice.

12.    Gilardi will cause direct notice to be sent via email to those potential Class members whose contact information is provided.

13.    To supplement the direct notice program, Gilardi has developed a publication notice program consisting of efficient media vehicles that will ensure a large percentage of potential class members receive notice of their rights in the litigation. Specifically, the publication notice program relies on the following elements:

    a.  1x print publication insertion in the national edition of *USA Today*;

    b.  Run of Network Banner advertising, including prospecting to reach likely class members;

    c.  Banner advertising and text link advertising on Facebook.com;

    d.  Promoted tweet advertising through Twitter.com;

    e.  Case write-up and inclusion in the Top Class Action website and monthly newsletter;

    f.  1x national, party-neutral press release;

    g.  A case specific website; and

    h.  Toll-free telephone support services.

14.    Gilardi believes the plan summarized above satisfies due process standards given the parameters of the settlement(s) and information learned from our team's research, and the fact that that this is an antitrust matter with not every defendant settling at the current time. In addition, Gilardi understands the claims period will run until July 31, 2017. The proposed Notice plan provides the best practicable method to reach the potential class members and is consistent with other class action notice plans that have been approved by various federal courts for similarly situated matters. A spreadsheet outlining the media vehicles and the estimated number of impressions to be served is attached as Exhibit 2.

**A. Direct Notice**

15.    Whenever practicable, direct notice is the preferred form of notice to class members. The foundation of the Notice plan will be to disseminate the Notice via email to each deliverable address provided.  The email Notice is attached as Exhibit 3.

16.    Email records provided by counsel will be scrubbed and forwarded to a vendor for deliverability and spam trap analysis.  After emails have been determined to be deliverable, Gilardi will execute an email blast to each address included on the list.

**B. Supplemental Notice Program**

17.    To supplement the direct notice efforts, Gilardi has designed a media program to provide notice to class members who may not otherwise receive direct notice.  The supplemental media will include the elements summarized in Paragraph 13 above and are described in further detail below.

18.    **Print Publication**. The Notice plan contemplates inserting the Publication or Summary Notice in the print editions of *USA Today* and *People* magazine.  *USA Today* reaches over 41 million American consumers nationally.  A sample of the Notice formatted for print publication is attached as Exhibit 4.

19.    **Search Advertising:** Search advertising will provide a secondary channel for class members who have seen the class notice in other media to be directed to the case website.

20.    The majority of class action websites are created just prior to the commencement of notice, making it difficult to garner high organic rankings on the search engines.  Search engines build indexes of web pages using web crawlers and search data. When the publisher of a web page arranges with a search engine firm to have ads served up on that page, the search engine applies their indexing technology to associate the content of that page with keywords selected for the campaign.  In this campaign, the keywords and keyword phrases would be selected based on relevance to the case.

21.    In order to ensure a link to the case website for this matter is available within the top five sponsored links of any search related to the case, Gilardi will develop a list of keywords and

keyword phrases related to the settlement and place bids likely to generate impressions from the search results.  Text link ads will appear when a user searches for relevant terms.

22. **Banner Advertising:** The plan will further provide notice through banner advertising that utilizes prospecting Run-of-Network ("RON") advertisement placements and other methodologies proprietary to our vendor.  To ensure a specific number of unique individuals are reached, Gilardi will frequency cap the impressions to a limit of 1 to 3 times per Internet Protocol ("IP") address.

      i. **Prospecting**.  Prospecting involves analyzing a wide array of data signals from users for interest correlations, in order to drive awareness of the case website.  Unlike "retargeted advertising" that tests multiple iterations of an ad for a product a user has already seen (or some variation on that product), prospecting applies the data learned to new ones and finds new potential customers, or in this case, class members.

23. Samples of the banner ads and text link ads can be found in Exhibit 5.  The samples are intended to be as close to final as possible, but may be subject to slight, non-substantive changes with counsel approval during implementation of the Class notice program.

24. **Facebook Banner and Link Advertising**.  Gilardi will also develop banner and text link ads to be targeted toward appropriate pages and individuals on Facebook.  Targeting will include interest and behavioral targeting based on the products included in the Settlement.  Samples of the banner ads and text link ads can be found in Exhibit 6.  The samples are intended to be as close to final as possible, but may be subject to slight, non-substantive changes with counsel approval during implementation of the Class notice program.

25. **Twitter Promoted Tweets**.  Gilardi staff will research Twitter handles and hashtags related to technology (specifically mobile PCs), home improvement, and home video, including identification of influential accounts related to the products at issue in the Settlement.  Promoted tweets are ordinary tweets purchased by advertisers who want to reach a specific group of users or to spark engagement and drive traffic to a website.  Promoted tweets will be delivered in the

Twitter feeds of these influentials in industries related to the case complaint. In addition, keywords will be used to serve promoted tweet impressions to accounts with tweets containing the selected keywords. Gilardi's experience has been that this is not only a cost effective approach to reach likely class members, but also very effective at driving appropriate traffic to the case website. Samples of promoted tweets can be found in Exhibit 7. The samples are intended to be as close to final as possible, but may be subject to slight, non-substantive changes with counsel approval during implementation of the Class notice program.

26. **Press Release**. Gilardi will work with the parties to create a party-neutral press release with information about the litigation and the proposed settlements. A press release is one of the most cost-effective means of transmitting notice. For this matter Gilardi will disseminate the release nationally using either Businesswire or PR Newswire. Once released, the content will remain available for 30 days to over 200,000 news outlets for distribution.

27. **Website**. Gilardi will establish a case-dedicated website which will be a source of reliable and accurate information for class members and the general public. The paid media campaign and press release will direct individuals to the settlement website. Once at the settlement website, class members would have the opportunity to file a claim online through the website or download a copy of the claim form, which they can then fill in and mail back to Gilardi. A sample of the simple and easy-to-complete claim form is attached hereto as Exhibit 8.

28. **Telephone Services**. Gilardi will establish and maintain a toll-free telephone number where class members and the general public can call in, listen to an interactive voice recording with information about the settlements and request a notice packet.

**VI.    Notice Content**

29. Gilardi believes that both the full Notice and Summary Notice are drafted in the "plain language" format preferred by federal courts and provide the information required by Rule 23. Both formats ensure compliance with the guidelines outlined on the Federal Judicial Center's Class Action Notice page at www.fjc.com. Gilardi believes that the full Notice and the Summary Notice are understandable for members of the settlement classes and comply with due process.

## VII.    Summary

30.    The objective of the proposed Notice plan described above is to provide the best notice practicable, consistent with the requirements set forth in Rule 23 and other applicable State and Federal statutes, to reach a large percentage of the potential class while meeting or exceeding the requirements of due process and all applicable state and federal laws and court rules.

31.    The recommended plan is centered on direct notice to approximately 15.8 million members of the settlement class.  Direct notice will be supplemented by leveraging publication in high circulation print media, search advertising on major search engines, banner advertising through a respected national vendor, banner and text advertising on Facebook, promoted tweets on Twitter, placement on a nationally recognized class action blog website, a national press release, a case specific website, and toll-free telephone support services.

32.    Many courts have held that notice plans estimated to reach a minimum of 70% of the settlement class are adequate and sufficient and thus comply with Fed. R. Civ. P. 23.  The Notice plan being contemplated here will exceed this standard of reach using reach calculation methodology consistent with other national class action notice programs.  When implemented, the Notice plan is designed to reach in excess of 70% of the settlement class members and likely closer to 80% depending on the volume of contact information available for direct notice.  The approach provides multiple channels for class members to be directed to the settlement website, while also allowing the ability to scale up or reduce the budget for online media vehicles if additional cases or Defendants settle in the future.  The plan contemplates a minimum of 350 million banner impressions served with frequency cap adjustments to ensure a large percentage of potential class members have the opportunity to view their due process rights in the litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of December, 2016, at San Rafael, California.

_____
ALAN VASQUEZ

# EXHIBIT – 1



**EXHIBIT - 1**

**Notice Plans Designed and Implemented by Alan Vasquez**

**Automotive**

Automobile Antitrust Cases I and II , No. JCCP 4298 and 4303 (San Francisco Sup. Ct., CA)

New Motor Vehicles Canadian Export Antitrust Litigation , No. MDL 03-1532 (Dist. Court of Maine) & New Motor Vehicles Canadian Export

Antitrust Litigation, No. 2:03-MD-1532-DBH (Dist. Court of Maine)

In Re: Automotive Parts Antitrust Litigation, Master File No. 12-md-02311 (E.D. MI, Southern Division)

**Entertainment**

Herbert et al. v. Endemol USA, Inc. et al. , Case No. 2:07-cv-03537-JHN-VBKx (C.D. Cal.)

Couch v. Telescope Inc., et al, Case No. 2:07-cv-03916-JHN-VBKx (C.D. Cal.)

McDonald v. RealNetworks, Inc. , No. 816666 (Orange County Sup. Ct., CA)

Pecover et al. v. Electronic Arts Inc. , No. 08-cv-02820 CW (N.D. Cal.)

In re NCAA Student-Athlete Name & Likeness Licensing Litigation, Case No. 4:09-cv-1967 CW (NC) (N.D. Cal.)

Higgins v. Universal City Studios, LLC, Case No. BC499180 (Los Angeles County Superior Ct.)

**Environment**

Koepf et al. v. Hanjin Shipping, Co. et al., No. CGC-07-469379 (San Francisco County Sup. Ct., CA)

Loretz et al. v. Regal Stone Limited et al., No. 07-5800-SC (N.D. Cal.)

Tarantino et al. v. Regal Stone et al., No. CGC-07-469379 (San Francisco County Sup. Ct., CA)

**Government**

McKesson Governmental Entities Average Wholesale Price Litigation, No. 1:08-cv-10843-PBS (D. Mass.)

**Technology**

SRAM Antitrust Litigation, No. 4:07-MD-01819-CW (N.D. Cal)

**Telecommunications**

White v. Cellco Partnership , No. RG04-137699 (Alameda County Sup. Ct., CA)

In re Universal Service Fund Telephone Billing Practices Litig., MDL No. 1468 (D. Kan.)

Ardon v. City of Los Angeles, Case No. BC363959 (Los Angeles County Sup. Ct.)

**Consumer Products**

Natalie Pappas v. Naked Juice Co. of Glendora, Inc. Case No. LA CV 11-08276-JAK (C.D. Cal)

Barbara Marciano v. Schell & Kampeter, Inc. et al No. 12-cv-02708-SJF-AKT (E.D. NY)

Mattel, Inc., Toy Lead Paint Products Liability Litigation, No. 2:07-ML-01897-DSF-AJW (S.D. Cal.)

Gallucci v. Boiron, Inc. et al., No. 11-cv-2039-JAH (NLSx)

Nigh v. Humphreys Pharmacal, Incorporated et al., Case No. 3:12-cv-02714-MMA-DHB

In re: Bayer Corp. Combination Aspirin Products Marketing and Sales Practices Litigation, No. 09-MD-2023

In Re: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation, Civil Litigation No. 4:08-md-01907-ERW

Eliason v. Gentek Building Products, Inc., and Associated Materials, Inc. , No. 1:10-cv-02093 (N.D. Ohio)

Hart v. Louisiana-Pacific Corporation , No. 2:08-cv-00047 (E.D.N.C.)

In re Optical Disk Drive Antitrust Litigation, Case No. 3:10-MD-2143-RS MDL (N.D. CA)

**Debt Collection Practices**

Adams, et al., v. AllianceOne Receivables Management, Inc. (Case No. 08-CV-0248)

Pepper v. Midland Credit Management, Inc. and Encore Capital Group, Inc., No. 37-2011-00088752 (San Diego Sup. Ct. Ca)

# EXHIBIT – 2



## IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION
## INDIRECT PURCHASER SETTLEMENT - NOTICE PLAN MEDIA VEHICLES

| Print Publication | Estimated Imps / Circ |
|---|---|
| **Newspapers** | |
| 1x Insertion - USA Today (1/6 page) | **3,510,533** |

### PAID ONLINE ADVERTISING

| | |
|---|---|
| **Banner Advertising** | |
| **Standard Display Banners:** US National Prospecting -Run of Network | **355,000,000** |
| *Prostecting for laptop, camcorder, or cordless power tool owners, contractors, parents with children 10-17 in HH Re-Targeting for shoppers who have searched for electronics and replacement batteries* | |
| **Facebook Banner Advertising** | **2,000,000** |
| **Twitter Promoted Tweet Advertising** | **1,000,000** |
| SUBTOTAL ONLINE: | **358,000,000** |

### NEWSWIRE

1x Press Release through PR Newswire

# EXHIBIT – 3

# If You Bought Electronics Such as a Portable Computer, Power Tool, and/or Other Items Containing a Lithium Ion Cylindrical Battery Since 2000

## You Could Get Money From a $39 Million Settlement

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Please read this Notice and the Settlement Agreement available at www.batteriesconsumerlitigation.com carefully. Your legal rights may be affected whether you act or don't act. This Notice is a summary, and it is not intended to, and does not, include all of the specific details of the Settlement Agreement. To obtain more specific details concerning the Settlement, please read the Settlement Agreement.

- A class action lawsuit has been brought on behalf of indirect purchasers of the following products that contained Lithium-Ion Cylindrical Batteries, which is a type of Lithium-Ion Battery ("Li-Ion Battery"): (i) portable computers; (ii) power tools; (iii) camcorders; or (iv) a replacement battery for any of these products.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain, or stabilize the prices of cylindrical Lithium Ion Battery Cells ("Li-Ion Cells"). Plaintiffs further claim that indirect purchasers of the products listed above containing Lithium-Ion Cylindrical Batteries ("Li-Ion Cylindrical Batteries") may recover for the effect that the conspiracy had on the prices of these devices. Plaintiffs allege that, as a result of the unlawful conspiracy involving cylindrical Li-Ion Cells, they and other indirect purchasers paid more for these products and replacement batteries than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.

- A settlement has been reached with LG Chem, Ltd. and LG Chem America, Inc. (collectively "LG Chem" or "Settling Defendants").

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the Settlement and the lawsuit. Please read the entire Notice carefully.

- **The following rights and options – and deadlines to exercise them – are explained in this Notice**.

| YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **YOU MAY:** | | **DUE DATE:** |
| **EXCLUDE YOURSELF** | You will not be included in the Settlement from which you exclude yourself. You will receive no benefits from the Settlement, but you will keep any rights you currently have to sue LG Chem about the claims in the case(s) from which you exclude yourself. | May 1, 2017 |
| **DO NOTHING NOW** | You will be included in the Settlement and eligible to submit a claim for a payment (if you qualify). You will give up your rights to sue the Settling Defendants about the claims in these cases. | |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself, you can write to the Court explaining why you disagree with the Settlement. | May 1, 2017 |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. | June 20, 2017 |
| **SUBMIT A CLAIM FOR PAYMENT** | If you qualify, review the claim form online at www.batteriesconsumerlitigation.com and submit an online claim for payment or mail in a completed claim form. | July 31, 2017 |
| **REGISTER ON THE WEBSITE** | The best way to receive updates about the lawsuit. | |

- The Court in charge of these cases still has to decide whether to finally approve the Settlement. Payments will be made only (1) if the Court approves the Settlement and after any appeals are resolved, and (2) after the Court approves a Distribution Plan to distribute the Settlement Fund minus expenses, any Court-approved attorneys' fees, and service awards ("Net Settlement Funds") to Class Members. A Distribution Plan will be proposed at the conclusion of the cases against the Non-Settling Defendants or as ordered by the Court. The Distribution Plan will be described in a future Notice to be given at a later date, providing Class Members with an opportunity to state their views regarding the Distribution Plan.

**BASIC INFORMATION** ...............................................................................................................................2
1.   What Is This Notice About? ..............................................................................................................2
2.   What Is This Lawsuit About? ............................................................................................................2
3.   Why Is There A Settlement But The Litigation Is Continuing? ........................................................3
4.   Who Are The Non-Settling Defendant Companies? .........................................................................3
5.   What Are Li-Ion Cells, Li-Ion Batteries, Cylindrical Li-Ion Batteries, And Finished Products? ...........3
6.   Why Is This A Class Action? ............................................................................................................3

**THE SETTLEMENT** .......................................................................................................................................3
7.   How Do I Know If I May Be Included In The Class? ......................................................................3
8.   What Does The Settlement Provide? .................................................................................................3

**HOW TO GET BENEFITS** .............................................................................................................................4
9.   How Much Money Can I Get And How Do I  Make A Claim? ........................................................4
10.  When Will I Get A Payment? ............................................................................................................4

**REMAINING IN THE CLASS** .......................................................................................................................4
11.  What Happens If I Remain In The Class? .........................................................................................4

**EXCLUDING YOURSELF FROM THE CLASS** ..........................................................................................4
12.  How Do I Get Out Of The Class? .....................................................................................................4
13.  If I Don't Exclude Myself, Can I Sue For The Same Thing Later? ..................................................4
14.  If I Exclude Myself, Can I Still Get Money Benefits? .....................................................................4

**THE LAWYERS REPRESENTING YOU** .......................................................................................................5
15.  Do I Have A Lawyer Representing Me? .............................................................................................5
16.  How Will The Lawyers And Class Representatives Be Paid? ...........................................................5

**OBJECTING TO THE SETTLEMENT** ...........................................................................................................5
17.  How Do I Object To Or Comment On The Settlement? ....................................................................5
18.  What Is The Difference Between Excluding Myself From The Class And Objecting To The Settlement? .............5

**THE FINAL FAIRNESS HEARING** ...............................................................................................................5
19.  When And Where Will The Court Decide Whether To Approve The Settlement? ...................................6
20.  Do I Have To Attend The Hearing? ...................................................................................................6
21.  May I Speak At The Hearing? ...........................................................................................................6

**THE TRIAL** ...................................................................................................................................................6
22.  When And Where Will The Trial Against The Non-Settling Defendants Take Place? ...........................6
23.  What Are The Plaintiffs Asking For From The Non-Settling Defendants? .......................................6
24.  Will I Get Money After The Trial? ....................................................................................................6

**GET MORE INFORMATION** .........................................................................................................................6
25.  How Do I Get More Information? ......................................................................................................6

| BASIC INFORMATION |

**1.   What Is This Notice About?**

This Notice is to inform you about a Settlement reached in this litigation, before the Court decides whether to finally approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. The Court in charge is the United States District Court for the Northern District of California. This litigation is known as *In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420. The people who sued are called the "Plaintiffs." The companies they sued are called the "Defendants."

**2.   What Is This Lawsuit About?**

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of cylindrical Li-Ion Cells for over ten years, resulting in overcharges to indirect purchasers of portable computers, camcorders, and power tools containing Li-Ion Cylindrical Batteries. The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. and state antitrust, unfair competition, and consumer protection laws by agreeing to fix prices and restrict output of these cells by, among other things, face-to-face meetings and other communications, customer allocation, and the use of trade associations. Defendants deny Plaintiffs' allegations. The Court has not decided who is right.

**3. Why Is There A Settlement But The Litigation Is Continuing?**

One group of Defendants has agreed now to settle the lawsuit – LG Chem, Ltd. and LG Chem America, Inc. (collectively "LG Chem"). Previously, notice was provided about a settlement reached with Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics Inc. (collectively "Sony"). The case is continuing against the remaining Non-Settling Defendants. Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**4. Who Are The Non-Settling Defendant Companies?**

The Non-Settling Defendant companies include: Samsung SDI Co. Ltd.; Samsung SDI America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Sanyo Electric Co., Ltd.; Sanyo North America Corporation; Hitachi Maxell, Ltd.; Maxell Corporation of America; NEC Corporation; NEC Tokin Corporation; and Toshiba Corporation.

**5. What Are Li-Ion Cells, Li-Ion Batteries, Cylindrical Li-Ion Batteries, And Finished Products?**

For purposes of the Settlement:

- "Lithium Ion Battery Cell(s)" or "Li-Ion Cells" means cylindrical, prismatic, or polymer cells used for the storage of power that is rechargeable and uses lithium ion technology.

- "Lithium Ion Battery" or "Li-Ion Battery" means a Lithium Ion Battery Cell or Lithium Ion Battery Pack.

- "Lithium Ion Cylindrical Battery" or "Li-Ion Cylindrical Battery" means a cylindrical Lithium Ion Battery Cell or cylindrical Lithium Ion Battery Pack.

- "Lithium Ion Battery Pack" means Lithium Ion Battery Cells that have been assembled into a pack, regardless of the number of Lithium Ion Cells contained in such packs.

- "Finished Product" means any product and/or electronic device that contains a Lithium Ion Battery or Lithium Ion Battery Pack, including but not limited to laptop PCs, notebook PCs, netbook computers, tablet computers, mobile phones, smart phones, cameras, camcorders, digital video cameras, digital audio players and power tools.

**6. Why Is This A Class Action?**

In a class action, one or more people called the "class representatives" sue on behalf of themselves and other people with similar claims in the specific class action. All of these people together are the "Class" or "Class Members." In a class action, one court may resolve the issues for all Class Members, except for those who exclude themselves from the class.

| THE SETTLEMENT |
|---|

**7. How Do I Know If I May Be Included In The Class?**

The Class includes all persons and entities who, as residents of the United States and during the period from January 1, 2000 through May 31, 2011, indirectly purchased new for their own use and not for resale one of the following products which contained a lithium-ion cylindrical battery manufactured by one or more Defendants in this lawsuit or their co-conspirators: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. "Indirectly" means the product was purchased from someone other than the manufacturer, such as a retail store.

The specific definition of who is included in the Class is set forth in the Settlement Agreement. The Settlement Agreement, and the related Complaints, are accessible on the website www.batteriesconsumerlitigation.com. Payments to Class Members will be made only: (1) if the Court approves the Settlement and after any appeals are resolved, and (2) in accordance with a Distribution Plan to distribute the Settlement Funds to Class Members after deducting expenses, Court-approved attorneys' fees, and service awards (the portion of the Settlement Funds remaining after deducting expenses, Court-approved attorneys' fees, and service awards, is called the "Net Settlement Fund"). A Distribution Plan will be proposed to the Court for approval at the conclusion of the case against Non-Settling Defendants or as ordered by the Court. The Distribution Plan, as approved by the Court, will determine the amount, if any, that each Class Member will receive. The Distribution Plan will be described in a future Notice, to be given at a later date, providing Class Members with an opportunity to state their views regarding the Distribution Plan.

**8. What Does The Settlement Provide?**

The Settlement Fund is $39 million. After deduction of attorneys' fees, service awards, notice and administration costs, and litigation expenses, as approved by the Court, the remaining Settlement Fund will be available for distribution to Class Members who timely file valid claims. The Settlement also includes non-monetary relief, including cooperation in litigating against the Non-Settling Defendants.

More details about the Settlement are set forth in the Settlement Agreement, available at www.batteriesconsumerlitigation.com.

**9.  How Much Money Can I Get and How Do I Make A Claim?**

At this time, it is unknown how much each Class Member who submits a valid claim will receive. Payments will be based on a number of factors, including the number of valid claims filed by all Class Members and each Class Member's number of purchase(s) of the following products which contained a lithium-ion cylindrical battery: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products, in proportion to the total claims filed and products purchased. No matter how many claims are filed, no money will be returned to the Settling Defendants once the Court finally approves the Settlement.

To make a claim and get payment, you will need to file a valid claim form online or by mail by July 31, 2017. **The simple online claim form only takes 3-5 minutes for most individuals**. **You will find the claim form at www.batteriesconsumerlitigation.com.** Claims may be submitted online at www.batteriesconsumerlitigation.com or by mail to Lithium Batteries Indirect LG Chem Settlement, c/o KCC Class Action Services, P.O. Box 8060, San Rafael, CA 94912-8060.

**10.  When Will I Get A Payment?**

No money will be distributed yet. The lawyers for the Plaintiffs will continue to pursue the lawsuit against the Non-Settling Defendants. All Settlement Funds that remain after payment of the Court-ordered attorneys' fees, service awards, costs, and expenses will be distributed at the conclusion of the lawsuit or as ordered by the Court.

**11.  What Happens If I Remain In The Class?**

You will give up your right to sue the Settling Defendants on your own for the claims described in detail in the Settlement Agreement unless you exclude yourself from the Class. You also will be bound by any decisions by the Court relating to the Settlement. In return for paying the Settlement Amount and providing the non-monetary benefits, the Settling Defendants (and certain related entities defined in the Settlement Agreement) will be released from claims relating to the alleged conduct pertaining to any indirect purchase of cylindrical, prismatic, or polymer battery cells or packs (including cylindrical, prismatic, or polymer battery cells or packs contained in finished products). The Settlement Agreement describes the released claims in detail, so read them carefully since those releases will be binding on you if the Court approves the Settlement. If you have any questions, you can talk with Class Counsel for free, or you can, of course, talk with your own lawyer (at your own expense) if you have questions about what this means. The Settlement Agreements and the specific releases are available at www.batteriesconsumerlitigation.com.

**12.  How Do I Get Out Of The Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420, LG Chem Settlement. Your letter must also include:

- Your name, address, and telephone number;

- A statement saying that you want to be excluded from *In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420, LG Chem Settlement; and

- Your signature.

You must mail your exclusion request postmarked no later than May 1, 2017, to:

Lithium Batteries Indirect LG Chem Settlement
EXCLUSIONS
c/o KCC Class Action Services
P.O. Box 6002
Larkspur, CA 94977-6002

**13.  If I Don't Exclude Myself, Can I Sue For The Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants for the claims being released in this litigation.

**14.  If I Exclude Myself, Can I Still Get Money Benefits?**

No. If you exclude yourself from the Settlement Class in this Settlement, you will not get any money as a result of the Settlement.

### 15. Do I Have A Lawyer Representing Me?

The Court has appointed the following lawyers as Class Counsel to represent you and all other members of the Class:

| | | |
|---|---|---|
| Steven N. Williams, Esq.<br>Cotchett, Pitre & McCarthy, LLP<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>batteries@cpmlegal.com | Jeff Friedman, Esq.<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>batteries@hbsslaw.com | Brendan P. Glackin, Esq.<br>Lieff Cabraser Heimann<br>& Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>lithiumbatteries@lchb.com |

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How Will The Lawyers And Class Representatives Be Paid?

At the Final Fairness Hearing, Class Counsel will ask the Court to reimburse them for certain fees, costs, and expenses. At the Final Fairness Hearing, or at a later date, Class Counsel will ask the Court for attorneys' fees based on their services in this litigation, not to exceed 30% of the $39 million Settlement Fund. Any payment to the attorneys will be subject to Court approval, and the Court may award less than the requested amount.

At the Final Fairness Hearing, Class Counsel also will ask the Court to provide service awards to the Class representatives in the amount of $1500 each for the work they have undertaken on behalf of the Plaintiffs. Any service award will be subject to Court approval, and the Court may award less than the requested amount.

The attorneys' fees, costs, expenses, and service awards that the Court orders, plus the costs to administer the Settlement, will come out of the Settlement Fund. Class Counsel may seek additional attorneys' fees, costs, and expenses, as well as service awards, from any other settlements or recoveries obtained in the future.

When Class Counsel's motion for fees, costs, expenses, and service awards is filed, it will be available at www.batteriesconsumerlitigation.com. The motion will be posted on the website 14 days before the deadline for requests for exclusion or objections to the settlement, and you will have an opportunity to comment on the motion.

### 17. How Do I Object To Or Comment On The Settlement?

If you have objections to or comments about any aspect of the Settlement, you may express your views to the Court. You can object to or comment on the Settlement only if you do not exclude yourself from the Class. To object to or comment on the Settlement, you must:

- Specify in writing your name, address, and telephone number;

- Clearly identify in writing the case name, number, and settlement (*In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420, LG Chem Settlement);

- Submit your letter to the Court either by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing it in person at any location of the United States District Court for the Northern District of California; and

- Make sure that the letter is filed or postmarked on or before May 1, 2017.

### 18. What Is The Difference Between Excluding Myself From The Class And Objecting To The Settlement?

If you exclude yourself from the Class, you are telling the Court that you do not want to participate in the Settlement. Therefore, you will not be eligible to receive any benefits from the Settlement, and you will not be able to object to the Settlement. Objecting to a Settlement simply means telling the Court that you do not like something about the Settlement. Objecting does not make you ineligible to receive a payment.

The Court will hold a hearing to decide whether to approve the Settlement and any requests by Class Counsel for fees, costs, expenses, and Class representative service awards. You may attend and you may ask to speak, but you do not have to do so.

### 19. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Final Fairness Hearing at _____ on June 20, 2017, at the United States Courthouse, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612. The hearing may be moved to a different date or time without additional notice, so check the Court's PACER site, www.batteriesconsumerlitigation.com or call 1-855-730-8645 to confirm the date has not been changed. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections or comments, the Court will consider them at that time and may listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel, or to provide service awards. At or after the hearing, the Court will decide whether to approve the Settlement.

### 20. Do I Have To Attend The Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend at your expense. If you send an objection or comment, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer at your own expense to attend on your behalf, but you are not required to do so.

### 21. May I Speak At The Hearing?

If you send an objection or comment on the Settlement, you may have the right to speak at the Final Fairness Hearing as determined by the Court. You cannot speak at the hearing if you exclude yourself from the Class.

| THE TRIAL |
|---|

### 22. When And Where Will The Trial Against The Non-Settling Defendants Take Place?

If the case against the Non-Settling Defendants is not dismissed or settled, the Plaintiffs will have to prove their claims against the Non-Settling Defendants at trial. Trial dates have not yet been set.

At the trial, a decision will be reached about whether the Plaintiffs or the Non-Settling Defendants are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win any money or other benefits for Class Members at trial.

### 23. What Are The Plaintiffs Asking For From The Non-Settling Defendants?

The Class representatives are asking for money for Class Members. The Class representatives are also seeking an order to prohibit the Non-Settling Defendants from engaging in the alleged behavior that is the subject of the lawsuit.

### 24. Will I Get Money After The Trial?

If the Plaintiffs obtain money or benefits as a result of a trial or settlement, Class Members will be notified about how to ask for a share or what their other options are at that time. These things are not known right now.

| GET MORE INFORMATION |
|---|

### 25. How Do I Get More Information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get copies of the Settlement Agreement and more information about the Settlement at www.batteriesconsumerlitigation.com. You also may write with questions to Lithium Batteries Indirect LG Chem Settlement, c/o KCC Class Action Services, P.O. Box 8060, San Rafael, CA 94912-8060 or call the toll-free number 1-855-730-8645. You should also register at the website to be directly notified of any future settlements, the terms of the Distribution Plan of the Settlement Fund, and other information concerning this litigation.

**DO NOT CONTACT THE COURT, THE OFFICE OF THE CLERK OF THE COURT,**

**DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE**

Dated: _____

By Order of the Court
United States District Court
Northern District of California

# EXHIBIT – 4

# LEGAL NOTICE

## If You Bought Electronics Such as a Portable Computer, Power Tool, and/or Other Items Containing a Lithium Ion Cylindrical Battery Since 2000

### *You Could Get Money From a $39 Million Settlement*

LG Chem, Ltd. and LG Chem America, Inc. ("LG Chem" or "Settling Defendants") have agreed to a Settlement resolving claims that they allegedly fixed the price of cylindrical Lithium Ion Battery Cells. This may have caused individuals and businesses to pay more for the following products which contained Lithium-Ion Cylindrical Batteries: (i) portable computers; (ii) power tools; (iii) camcorders; or (iv) a replacement battery for any of these products.

### Am I Included?

You may be included if, as a resident of the United States and during the period from January 1, 2000 through May 31, 2011, you indirectly purchased new for your own use and not for resale one of the following products which contained a lithium-ion cylindrical battery manufactured by one or more Defendants in this lawsuit or their co-conspirators: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. "Indirectly" means the product was purchased from someone other than the manufacturer, such as a retail store. A more detailed notice, which include additional information about the settlement, is available at www.batteriesconsumerlitigation.com.

### What does the Settlement provide?

The Settlement provides for the payment of $39,000,000 in cash to the Class. LG Chem also has agreed to cooperate in the pursuit of claims against other defendants.

### How can I get a payment and how much will I receive?

At this time, it is unknown how much each Class Member who submits a valid claim will receive. Payments will be based on a number of factors, including the number of valid claims filed by all Class Members and each Class Member's number of purchase(s) of the products described above, in proportion to the total claims filed and products purchased. No matter how many claims are filed, no money will be returned to the Settling Defendants once the Court finally approves the Settlement.

To make a claim and get payment, you will need to file a valid claim form online or by mail by July 31, 2017. **The simple online claim form only takes 3-5 minutes for most individuals**. **You will find the claim form at www.batteriesconsumerlitigation.com.** Claims may be submitted online at www.batteriesconsumerlitigation.com or by mail to Lithium Batteries Indirect LG Chem Settlement, c/o KCC Class Action Services, P.O. Box 8060, San Rafael, CA 94912-8060.

No money will be distributed yet. The lawyers for the Plaintiffs will continue to pursue the lawsuit against the Non-Settling Defendants. All Settlement Funds that remain after payment of the Court-ordered attorneys' fees, service awards, costs, and expenses will be distributed at the conclusion of the lawsuit or as ordered by the Court.

If you want to receive notice about the claims process or future settlements, you should register at www.batteriesconsumerlitigation.com.

**For More Information: 1-855-730-8645 /** www.batteriesconsumerlitigation.com

**What are my rights?**

Even if you do nothing, you will be bound by the Court's decisions concerning this Settlement. If you want to keep your right to sue the Settling Defendants regarding Lithium Ion Battery and/or Lithium Ion Battery Product purchases, you must exclude yourself in writing from the Class by May 1, 2017. If you stay in the Class, you may object in writing to the Settlement by May 1, 2017. The Settlement Agreement, along with details on how to exclude yourself or object, is available at www.batteriesconsumerlitigation.com.  The U.S. District Court for the Northern District of California will hold a hearing on June 20, 2017 at _____, at 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612 to consider whether to approve the Settlement. Class Counsel will also request at the hearing, or at a later date, attorneys' fees of up to 30% of the Settlement Fund, plus reimbursement of costs and expenses, for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request service awards for Class Representatives in the amount of $1500 each. You or your own lawyer may appear and speak at the hearing at your own expense, but you don't have to. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for additional information. Please do not contact the Court about this case.

If the case against the other Defendants is not dismissed or settled, Class Counsel will have to prove their claims against the other Defendants at trial. Dates for the trial have not yet been set. The Court has appointed the law firms of Cotchett, Pitre & McCarthy, LLP; Lieff Cabraser Heimann & Bernstein, LLP; and Hagens Berman Sobol Shapiro LLP as Class Counsel, to represent Indirect Purchaser Class members.

129934092 v1

# EXHIBIT – 5

# RON Banner Samples

## 300x250



## 728x90



**300x600**



**160x600**



Bought a
Portable
Computer,
Power Tool,
or
Camcorder?
You Could
Get Money
From a $39
Million
Settlement.

United States District Court, Northern
District Of California
In re Lithium Ion Batteries Antitrust
Litigation
www.batteriesconsumerlitigation.com

# EXHIBIT − 6

# Sample facebook Banner Advertisement



# EXHIBIT – 7

# Sample Twitter Promoted Tweet Advertisements









# EXHIBIT - 8



# Bought a Portable Computer, Power Tool, or Camcorder?

## In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Case No. 13-MD-02420 YGR (DMR), MDL No. 2420

# CLAIM FORM

Must be Submitted Online or Postmarked No Later Than July 31, 2017.

### GENERAL INSTRUCTIONS

To receive a settlement payment, you must accurately complete this Claim Form and submit it by July 31, 2017. Claim Forms may be submitted online at www.batteriesconsumerlitigation.com or mailed to the Claims Administrator at Lithium Batteries Indirect LG Chem Settlement, c/o KCC Class Action Services, P.O. Box 8060, San Rafael, CA 94912-8060. Go to www.batteriesconsumerlitigation.com to learn more about the settlement, your rights, and how claims will be calculated and paid.

This Claim Form should be submitted only if, as a resident of the United States and during the period from January 1, 2000 through May 31, 2011, you indirectly purchased new for your own use and not for resale one of the following products which contained a lithium-ion cylindrical battery: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. "Indirectly" means the product was purchased from someone other than the manufacturer, such as a retail store.

You do not need to submit proof of your purchase(s) with your Claim Form.

For questions about completing or submitting your claim, call the Claims Administrator at 1-855-730-8645.

### PART 1: CLAIMANT INFORMATION
*Please type or neatly print all information.*

Please fill in the appropriate circle to indicate whether you are an Individual ◯ or a Business ◯

First Name          M.I.     Last Name

Business Name

Person To Contact If There Are Questions Regarding This Claim

Primary Address

Primary Address Continued

City          State     Zip Code

Foreign Province          Foreign Postal Code          Foreign Country Name/Abbreviation

Email Address

FOR CLAIMS PROCESSING ONLY    OB [ ]    CB [ ]    ◯ DOC  ◯ RED
                                                   ◯ LC   ◯ A
                                                   ◯ REV  ◯ B

1

FOR BUSINESSES ONLY

Businesses must provide the following:

| | | | — | | | — | | | | |

Taxpayer Identification Number

Selection the Employee Size of Business (fill in one):　◯ 1-10　◯ 11-50　◯ 50 plus

## PART 2: PURCHASE INFORMATION

*Please type or neatly print all information.*

Provide the total number of products containing a lithium-ion cylindrical battery or a replacement battery for one of those products purchased between January 1, 2000 and May 31, 2011. For example, if you bought 3 portable computers, write "3" in the corresponding space.

| PRODUCT TYPE | NUMBER PURCHASED | |
|---|---|---|
| Portable Computer | | purchased |
| Power Tool | | purchased |
| Camcorder | | purchased |
| Replacement Battery For Any of These Products | | purchased |

## PART 3: SIGN AND DATE CLAIM FORM

By signing below, I (we) affirm that the information provided in this Claim Form is true and correct.

Signature: _____    Dated: _____

Print Name: _____    Title (*if you are filling out this form for a business*): _____

## REMINDER LIST

Please make sure that you:

1.　Sign and date the Claim Form;

2.　Keep a copy of the completed Claim Form for your records;

3.　Retain your proof of purchase documentation until your claim is closed. You will be notified if you are required to provide this documentation.

4.　Submit your Claim Form no later than July 31, 2017, online at www.batteriesconsumerlitigation.com or by mail to Lithium Batteries Indirect LG Chem Settlement, c/o KCC Class Action Services, P.O. Box 8060, San Rafael, CA 94912-8060. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

**Claim Forms must be electronically submitted no later than July 31, 2017
or postmarked no later than July 31, 2017.**

**Questions? Visit <u>www.batteriesconsumerlitigation.com</u> or call, toll-free, 1-855-730-8645**

