UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR   (DMR)<br><br>**ORDER RE SEOK HWAN KWAK**<br><br>Re: Dkt. No. 1130 |

Plaintiffs moved to compel Defendants LG Chem Ltd. and LG Chem America, Inc. ("LG Chem") to produce Seok Hwan Kwak, a former Vice President of LG Chem's battery business, for deposition. [Docket No. 764.] On September 15, 2015, the court granted the motion and ordered LG Chem to make Kwak available for deposition within 30 days. [Docket No. 836.] LG Chem filed objections to the order which the Honorable Yvonne Gonzalez Rogers denied. [Docket Nos. 852 (Motion for Relief), 938 (Order Denying Objections).] In her order denying the objections, Judge Gonzalez Rogers ordered LG Chem to make Kwak available for deposition by December 18, 2015, warning, "[o]therwise, the Court will consider appropriate discovery sanctions." *Id*.

On December 18, 2015, LG Chem filed a letter to the court in which it stated "LG Chem cannot comply with the November 6 Order to produce Mr. Kwak by December 18, 2015" and submitted a declaration describing LG Chem's unsuccessful attempts to convince Kwak to appear for deposition. [Docket No. 996, 996-1.] At a subsequent hearing before the undersigned, the court ordered the parties to submit a joint letter brief regarding whether Kwak's deposition could be taken in Korea using Hague Convention procedures, including addressing any barriers or disadvantages to using such process to compel his appearance for deposition. [Docket No. 1130.]

The parties submitted a joint letter brief in which LG Chem asserted that "Korean law does not provide a procedure for compelling the deposition of an unwilling Korean citizen, and does not recognize depositions as a pretrial procedure," and that "[b]ecause Korea's internal law does not permit compulsory depositions, it appears unlikely that the Hague Convention could be used to require an unwilling Korean citizen to sit for a deposition." [Docket No. 1130 at 5.] Plaintiffs agree, asserting that "[t]he pursuit of [Kwak's] deposition testimony under [t]he Hague Convention is likely to result in countless hours wasted with very little chance of success." They ask the court for evidentiary sanctions against LG Chem. *Id.* at 4.

Given the barriers associated with Hague Convention procedures and the unlikelihood that such procedures would secure Kwak's testimony, the court declines to order the parties to pursue Kwak's deposition through the Hague Convention. Judge Gonzalez Rogers will take up the matter of appropriate sanctions for LG Chem's failure to comply with the court orders regarding Kwak's deposition in the context of summary judgment or trial. In the meantime, LG Chem shall continue its efforts to produce Kwak for deposition or to otherwise secure his testimony.

**IT IS SO ORDERED.**

Dated: February 14, 2017



Donna M. Ryu
United States Magistrate Judge