UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR   (DMR)<br><br>**ORDER ON JOINT LETTER BRIEF RE PRODUCTION OF CANON USA, INC.'S DATA**<br><br>Re: Dkt. No. 1548 |

The Indirect Purchaser Plaintiffs ("IPPs") and third party Canon U.S.A., Inc. ("Canon" or "Canon USA") filed joint letter briefs in which the IPPs moved to compel Canon to produce information in response to their subpoena. [Docket Nos. 1365, 1518-3.] Specifically, the IPPs seek production of Canon's sales and purchase data for camcorders which contain cylindrical lithium ion batteries ("LIBs") and replacement batteries for those products. [Docket No. 1365 at 1.] Canon asserts that the information sought is "confidential, commercially sensitive data," the disclosure of which to competitors, including Defendants, "would jeopardize [Canon's] business." *Id*. at 5.

Following a hearing, the court granted the motion to compel in part and ordered the IPPs and Canon to meet and confer regarding a protective order governing Canon's production. [Docket No. 1530.] The parties were unable to resolve their differences regarding a protective order and submitted a joint discovery letter addressing the remaining disputes. [Docket No. 1548 (Jt. Letter).] On February 27, 2017, the court ordered the parties to submit supplemental information regarding their disputes, which the parties timely filed. [Docket Nos. 1681, 1693.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b).

**I.     DISCUSSION**

Canon proposed revisions to the existing protective order governing this case (*see* Docket No. 193). The IPPs dispute several revisions or groups of revisions proposed by Canon. Jt. Letter Attach. ("Prop. P.O."). The court addresses each in turn.

**A.     Designation of Highly Confidential Material and Filing Under Seal**

First, Canon proposes that the protective order state that "[t]he Parties acknowledge that material produced in response to the IPPs' [Canon] Subpoena shall properly be designated 'HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY,'" and include the following statement: "The Parties shall not challenge the designation of material to be produced in response to the IPPs' [Canon] Subpoena as 'HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY,' and the provisions of this Section 6 therefore do not apply to such designation." Prop. P.O. §§ 5.1, 6. Section 6 sets forth the procedures governing any challenge to a party's confidentiality designation and Section 10 governs the filing of protected material. Taken together, Canon's proposed provisions would require any party seeking to use Canon's responsive information to file such material under seal without challenge or recourse.

Civil Local Rule 79-5, which governs filing documents under seal, states that "no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable')." Civ. L.R. 79-5(b). The rule provides that "[t]he request must be narrowly tailored to seek sealing only of sealable material . . . ." *Id.* Furthermore, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Pursuant to Civil Local Rule 79-5(e), a party must file under seal a document designated as confidential by the opposing party or a document containing information so designated by an opposing party. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-

2

5(d)(1)(A)[1] establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

Here, Canon seeks to insert a provision that "the provisions of Local Rule 79-5 requiring an administrative motion and declaration by the Designating Party shall not apply to the filing of such material under seal." Canon explains that these provisions would exempt it from the "burden of defending the confidentiality of data this Court has already found is confidential," citing the court's discussion at the hearing on the motion to compel.[2] Jt. Letter 4.

The court declines to adopt Canon's proposal. The Ninth Circuit has held that while the public's "access to judicial records is not absolute . . . a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Courts "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Id*. at 1180. A "'good cause' showing . . . will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180 (citation omitted). However, when a party seeks to seal judicial records filed in connection with dispositive motions, a "compelling reasons" standard applies. *Id.* at 1179. To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (citations and internal quotation marks omitted). This compelling reasons standard applies even if the documents were designated confidential subject to a protective order. *See id*. at 1179. The court's previous statement that the material is "confidential" was not a finding that the material is sealable under the standards set forth in *Kamakana*. Under these standards, the court cannot pre-determine whether Canon has satisfied the requirements for filing material under seal, regardless of its present assertion that the material is confidential. Accordingly, the court denies Canon's proposal to insert the disputed provisions at 5:7-8, 7:19-21,

---

[1] Rule 79-5(d)(1)(A) requires a party filing an administrative motion to file under seal to file "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable."

[2] At the hearing, the court noted, "I don't think there's any question that the information [sought by the IPPs' subpoena] is confidential. And I don't think the IPP's are disputing that." [Docket No. 1538 (Oct. 13, 2016 Hr'g Tr.) 29.]

3

and 13:23-14:1.

### B. Disclosure to Experts

Next, Canon proposes modifications that it asserts will protect it from disclosure of its confidential information to persons affiliated with its competitors. The current version of the protective order permits retained experts and consultants to review material designated as confidential or highly confidential. Canon seeks the addition of provisions that disclosure of its material may only be to "existing Experts whose identity has already been disclosed to Canon USA or have no affiliation with a Canon USA competitor," as identified by Canon on an exhibit with a list of its competitors (Prop. P.O. § 7.3(b)); that "IPPs represent that their counsel has provided counsel for Canon USA with the C.V.s of all Experts and Consultants disclosed in this action to-date"; and that "[t]he Parties shall not disclose [Canon material] to any as-yet undisclosed Expert or Consultant who has been employed or retained by or consulted with a Canon USA competitor . . . at any time since the beginning of the class period." Prop. P.O. §§ 7.3(b), (g).

The current version of the protective order also allows disclosure of material designated as confidential and highly confidential to participants in a focus group or mock jury with no restrictions. Canon proposes a provision that a receiving party may only disclose Canon's material to participants in a focus group or mock jury "so long as (1) such participants and their family members are not and have not been employed by a competitor of Canon USA." Prop. P.O. § 7.3(f)). At the court's request, Canon submitted its proposed exhibit listing its competitors. The list identifies 12 companies. [Docket No. 1693 at 6.]

The IPPs argue that these provisions effectively allow Canon to have veto power over any future experts, consultants, and mock jury pool members, which would severely disrupt their ability to prepare for trial.

The court finds that Canon's proposal regarding experts and consultants is unnecessary, since the protective order already requires experts and consultants to execute the "Agreement to Be Bound by Protective Order" prior to receiving material designated confidential or highly confidential. *See* Prop. P.O. § 7.2(c). However, given Canon's confidentiality concerns, the court

4


orders the parties to add a provision to the protective order that provides that the IPPs will meet and confer with Canon in advance of providing Canon's material to any experts who have not yet been disclosed to Canon, and provides that in the event they are unable to agree, the parties will submit a joint discovery letter pursuant to the court's Standing Order for resolution.

As to the provision barring disclosure of Canon's material to any mock jury pool members who have ever been employed by Canon's competitors, or whose family members have ever been employed by Canon's competitors, this provision could have far-reaching, burdensome effects given the length of Canon's list of competitors. Moreover, the protective order already provides that mock jury pool members must agree in writing to keep Canon's information confidential and may not use it for any other purpose, and may not retain any copies of protected material or notes of any protected material. Prop. P.O. § 7.3(f). Accordingly, the court orders the following: if the IPPs disclose Canon's information to mock jury pool members in an identifiable manner, i.e., if the IPPs wish to provide Canon's information to the mock jury pool and specifically identify it as pertaining to Canon (rather than a fictional company or by generic description), then the IPPs may only disclose the material so long as such participants and their current or former spouses and/or partners are not and have not been employed by a competitor of Canon, as listed on the exhibit. No such provision applies if the IPPs disclose Canon's information to the mock jury pool in a manner that does not connect the information to Canon. The court declines to impose any further restriction on disclosure to mock jury pool members.

### C. Disposal of Protected Material

Canon next seeks to modify the protective order to require the parties to return, rather than destroy, any data Canon produced in a form that can be returned: "In the case of any materials produced in response to the IPPs' [Canon] Subpoena, all material that can be returned shall be returned and any remaining material shall be destroyed." Prop. P.O. § 11. The IPPs argue that permitting them to destroy the material instead is more efficient. As Canon's proposed modification is not excessively burdensome, the court grants its request to include this provision.

### D. Canon's Right to Seek Compensation

Next, Canon requests the inclusion of provisions that would permit it to seek compensation

under two circumstances. First, proposed section 9, "Unauthorized Disclosure of Protected Material," sets forth the steps a party must take if it learns that it has disclosed protected material "to any person or in any circumstance not authorized" under the protective order, including notifying the designating party of the disclosure. Canon asks the court to include among these steps the "reimburse[ment] [of] Canon USA for any expenses and/or damages caused by such unauthorized disclosure." Prop. P.O. § 9. Canon did not set forth any authority for this provision or offer an explanation of how it is reasonable or appropriate. It appears that the parties' proposed protective order is a version of the Northern District of California's model protective order, which does not contain a provision authorizing payment of expenses or damages caused by the unauthorized disclosure of protected material. The Northern District's model protective order is presumptively reasonable. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2014 WL 6629431, at *2 (N.D. Cal. Nov. 21, 2014). Accordingly, the court declines Canon's request to include this provision. This should not be construed as preventing Canon from attempting to seek damages in the event of an unauthorized disclosure. The court simply declines to build such a mechanism into the protective order itself.

Similarly, section 8, "Protected Material Subpoenaed or Ordered Produced in Other Litigation," describes the steps a party must take if it receives a discovery request, subpoena, or order issued in other litigation that would compel disclosure of confidential or highly confidential information. Canon seeks the inclusion of a provision that the designating party, i.e., Canon, "shall initially bear the burdens and the expenses of seeking protection in that court but may seek reimbursement from IPPs." [Docket No. 1693 at 1.] Canon seeks the ability to seek reimbursement of its own expenses from the IPPs if its material is subject to a discovery request, subpoena, or court order. *Id*. Again, Canon did not provide any authority for this provision. For the same reasons described above with respect to Canon's proposed unauthorized disclosure expenses/damages provision, the court declines to approve its inclusion. This denial is without prejudice to Canon's ability to seek reimbursement of expenses through other means.

### E.    Notice and Opportunity to Be Heard

Finally, Canon seeks to modify the protective order to ensure that it receives notice and an

1  opportunity to be heard concerning any proposed loss of protection of its confidential data.  The
2  current protective order provides that its protections "shall remain in effect, even after the
3  termination of this litigation, until the Designating Party agrees otherwise in writing or this Court
4  orders otherwise."  Proposed P.O. § 4.  It also provides that material designated "highly
5  confidential" may not be disclosed to any defendant, plaintiff, or any in house legal personnel, and
6  may only be disclosed to specified persons.  *Id*. at § 7.3.  Further, it provides that the parties shall
7  meet and confer in advance of trial and seek the court's guidance regarding the protective order.
8  *Id*. at § 14.  Canon asks the court to modify these provisions to allow Canon to receive notice and
9  an opportunity to be heard concerning any change that would affect the protection afforded to its
10 material.
11      The IPPs did not specifically object to the inclusion of these provisions.  Accordingly,
12 Canon's request to include them in the protective order is granted.

## II.   CONCLUSION

Within ten days of the date of this order, the IPPs and Canon shall submit a revised proposed protective order governing the production of Canon's information in response to the IPPs' subpoena, consistent with the court's rulings in this order.

**IT IS SO ORDERED.**

Dated: March 9, 2017



Donna M. Ryu
United States Magistrate Judge