UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION** | **Master File No. 13-MD-2420 YGR** |
| This Order Relates to:<br>**TRACFONE WIRELESS, INC.**,<br>Plaintiff,<br>v.<br>**LG CHEMICAL LTD., ET AL.**,<br>Defendants. | **Case No. 15-CV-02199-YGR**<br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS CLAIMS UNDER FLORIDA LAW** |

Plaintiff TracFone Wireless, Inc. ("TracFone") brings this antitrust action against multiple defendant manufacturers of lithium-ion batteries. TracFone alleges claims under both section one of the Sherman Act and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Section 501.201 *et seq*. ("FDUTPA"). Defendants NEC Corporation, NEC TOKIN Corporation, Samsung SDI Co., Ltd., Samsung SDI America, Inc., LG Chem America, Inc. and LG Chem, Ltd., Maxell Corporation of America and Hitachi Maxell, Ltd. move[1] to dismiss TracFone's claim under the

---

[1] Defendants Panasonic Corporation and Panasonic Corporation of North America (jointly "Panasonic"), Sanyo Electronic Co., Ltd. and Sanyo North America Corporation (jointly "Sanyo"), Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics, Inc. also brought this motion. However, as those defendants (in addition to Toshiba Corporation) have been dismissed, the motion is **DEEMED MOOT** as to them. (Dkt. Nos. 37, 43, 46.)

FDUTPA, contending that the claim is barred by the applicable four-year statute of limitations. *See* Fla. Stat. §§ 501.207(5), 95.11(3)(f).

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the Motion to Dismiss.

TracFone first filed its claim under FDUTPA on April 29, 2015. In its initial complaint, TracFone alleged that defendants engaged in a conspiracy between at least January 1, 2000, through "some time in 2011" to fix, raise, stabilize, and maintain the prices of lithium-ion battery cells, the main components of lithium ion batteries used in a number of consumer products, including mobile wireless handsets. (15-2199, Dkt. No. 1 at Compl.¶¶ 1-4.) TracFone's First Amended Complaint alleges that the conspiracy occurred "from at least as early as January 1, 2000 through at least May 31, 2011." (Dkt. No. 22, "FAC," ¶ 1.) TracFone further alleges that defendants made misleading statements and concealed their wrongdoing so that TracFone did not discover the price-fixing conspiracy until the summer of 2012, well within the four-year time period preceding the filing of its complaint. (FAC ¶¶ 377-399.)

## I. LEGAL FRAMEWORK

"The determination of whether a cause of action is time-barred may involve the separate and distinct issues of when the action accrued and whether the limitation period was tolled." *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000). The statute of limitations runs from the time the cause of action accrues, generally the date "when the last element constituting the cause of action occurs." *Id.* at 1184–85 (citing Fl. Stat. § 95.031(1).) By contrast, tolling interrupts the running of the time limitation after accrual of the claim. *Id.* at 1185. Florida Statute section 95.051 enumerates nine categories of tolling of a statute of limitations (subsection (a) – (i)), and further provides that a "disability or other reason does not toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law." Fla. Stat. § 95.051(2).

The Florida Supreme Court has recognized that statutes of limitations, by definition, are legislative constructs and do not supplant common law which is "deeply rooted, and a century old tenet. . . ." *Florida Dep't of Health & Rehab. Servs. v. S.A.P*, 835 So. 2d 1091, 1096 (Fla. 2002)

("*S.A.P.*"). In this context, the Florida Supreme Court issued a number of opinions creating a framework that confirms a continuing use of common law equitable principles to preclude dismissal based upon the running of the statute of limitations. The Court reviews the progression.

In 1976, the Florida Supreme Court in *Nardone* held that "the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations" when the plaintiff can establish "both successful concealment of the cause of action and fraudulent means to achieve that concealment." *Nardone v. Reynolds*, 333 So. 2d 25, 37 (Fla. 1976) *holding modified on other grounds by Tanner v. Hartog*, 618 So. 2d 177 (Fla. 1993). As the court there stated, "[t]he philosophy behind the exception to the statute of limitations of fraudulent concealment and the tolling of the statute if such concealment exists, is [that] courts will not protect defendants who are directly responsible for the delays of filing because of their own willful acts." *Id.* at 36. The court in *Nardone* did not address the effect of the recently enacted tolling limitations in Florida Statute section 95.051. Nevertheless, subsequent Florida Supreme Court cases confirmed that fraudulent concealment, as an equitable safeguard against a defendant's wrongful conduct preventing the filing of a cause of action, continues to be a viable exception to the statutes of limitation set forth in section 95.051.[2]

Beginning in 2000, the Florida Supreme Court addressed the issue through a series of cases, first in a case raising the related but distinct delayed discovery doctrine.[3] In *Hearndon*, the

---

[2] The elements of fraudulent concealment are focused on the conduct of the defendant. *See Doe v. Cutter Biological*, supra, 813 F. Supp. at 1555, *aff'd,* 16 F.3d 1231 (11th Cir. 1994), *and aff'd*, 66 F.3d 342 (11th Cir. 1995) ("To prevail on a claim of fraudulent concealment in order to toll the statute of limitations, the Plaintiff must establish 1) that the Defendant successfully concealed the cause of action, and 2) that the Defendant employed fraudulent means to achieve that concealment," citing *Nardone*).

[3] The delayed discovery doctrine differs from fraudulent concealment. "The delayed discovery doctrine, sometimes called the 'blameless ignorance' doctrine, delays the accrual of a cause of action, meaning a cause of action is not complete and the statute of limitations does not begin to run, until the blameless plaintiff discovers (or reasonably should have discovered) a violation has occurred." *Butler Univ. v. Bahssin*, 892 So. 2d 1087, 1092 (Fla. Dist. Ct. App. 2004). "In contrast, when a defendant fraudulently conceals the existence of a cause of action, the statute of limitations is tolled during the time of the fraudulent concealment." *Id.*

3

Florida Supreme Court held that "the Legislature limited the justification for tolling limitation periods to the exclusion of delayed discovery due to loss of memory, but did not likewise limit the circumstances under which accrual may have been delayed." *Hearndon*, 767 So. 2d at 1185.[4] The *Hearndon* court overruled a lower court's decision that delayed discovery caused by traumatic amnesia would not toll the running of the statute of limitations. *Id.* *Hearndon* distinguished the Legislature's restrictions on tolling the statutory clock from equitable principles that effectively prevent the time clock from commencing. *Id.*

A year later, in *Morsani*, the Florida Supreme Court held that "the 'tolling' proscription in section 95.051 . . . does not embrace the common law doctrine of equitable estoppel, for equitable estoppel is not a 'tolling' doctrine." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1080 (Fla. 2001) ("*Morsani*"). Presented with the certified question of whether section 95.051 prohibited application of equitable estoppel, the court held that although "[a]s a rule, statutes of limitation impose a strict time limit for filing legal actions . . . [they] can be deflected by several legal theories, including the doctrine of equitable estoppel." *Id.* at 1074.

The following year, in *S.A.P.*, the Florida Supreme Court clarified that because "equitable estoppel is a basic tenet of the common law," any statute intended to change the common law, such as a statute of limitations, must state that overruling unequivocally in order to be effective. *S.A.P*, 835 So. 2d at 1098 (citing *Thornber v. City of Fort Walton Beach,* 568 So.2d 914, 918

---

[4] TracFone does not press the argument that the delayed discovery rule applies to its FDUTPA claim here, and the Court does not so find. A number of Florida cases have held that the delayed discovery rule does not apply to an FDUTPA claim. *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1128–29 (Fla. Dist. Ct. App. 2001) (delayed discovery did not apply to FDUTPA claim, distinguishing *Hearndon* as limited to unique facts there); *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011 WL 1833366, at *7 (S.D. Fla. May 13, 2011), *on reconsideration in part,* No. 09-61166-CIV, 2011 WL 2214357 (S.D. Fla. June 7, 2011) (following *Yusuf* without analysis, but finding that Fl. St. 95.031(2)(a)'s provision permitting delayed accrual based upon delayed discovery for claims based upon fraud applied to statutory false advertising claim); *see also Davis v. Monahan*, 832 So. 2d 708, 711 (Fla. 2002) (following *Yusuf* on the principle that delayed discovery does not apply where it is not specifically stated in statute). The Court notes that while the Florida statutes do provide for the application of delayed discovery in connection with claims "founded upon fraud," Fl. Stat. § 95.031 (2)(a), the Court has found no case applying that provision to a fraud-based claim under the FDUTPA.

4

(Fla.1990) and *Morsani*, 790 So. 2d at 1076-77). *S.A.P.* held that equitable common law bases for "deflecting" the statutes of limitations continue to be viable unless specifically abrogated by the legislature. *Id.* at 1098-99.[5] The *S.A.P.* court described equitable estoppel as encompassing "an act of wrongdoing—such as fraud and concealment—that prejudices a party's case." *Id.* at 1097. The language of the statutory tolling provision at issue there did "not expressly change the common law doctrine of equitable estoppel, [since] it does not mention or allude to that doctrine." *Id.* at 1098-99. Thus, the court concluded that the statutory limitations period could be avoided by application of equitable estoppel. *Id.*

Despite this line of Florida Supreme Court authority, including *S.A.P.*, defendants contend equitable estoppel only applies in situations where a plaintiff is aware of the facts that form the cause of action but is lulled into delaying suit by some misrepresentation of the defendant. In support of this contention, defendants rely heavily on the decision of the Florida Supreme Court in *Ryan v. Lobo De Gonzalez*, 921 So. 2d 572 (Fla. 2005) (*Lobo De Gonzalez II*) and the underlying appellate decision in *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510 (Fla. Dist. Ct. App. 2003) (*Lobo De Gonzalez I*). They argue strenuously that TracFone's reliance on *S.A.P.* is misplaced, based on *Lobo De Gonzalez II* and claim:

> Moreover, the Florida Supreme Court has subsequently clarified its holding, explaining that the court in *S.A.P.* "simply created an exception to the [equitable estoppel] doctrine in childhood sexual abuse" cases that does not require plaintiffs in such cases to have prior knowledge of a claim to invoke equitable estoppel. *Lobo De Gonzalez*, 921 So. 2d at 578.

---

[5] Further, many Florida appellate decisions also have held that equitable principles will allow a plaintiff avoid the statute of limitations bar. *See W. Brook Isles*, 163 So. 3d at 639 (upholding equitable principle of fraudulent concealment as a basis to toll the statute of limitations); *Grossman*, 619 So. 2d at 408 ("The statute of limitations does not begin to run where there has been a fraud or a fraudulent concealment."); *Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 811 (Fla. Dist. Ct. App. 1995) (fraudulent concealment exception to the statute of limitations is a generally applicable equitable principle, not limited only to the particular statutory exception in the medical malpractice statute); *First Fed. Sav. & Loan Ass'n of Wisconsin v. Dade Fed. Sav. & Loan Ass'n*, 403 So. 2d 1097, 1101 (Fla. Dist. Ct. App. 1981) (evidence of fraudulent concealment created triable issues on tolling of statute of limitations); *see also Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 990 F. Supp. 2d 1254, 1272 (M.D. Fla. 2013) (denial of summary judgment for untimeliness on breach of fiduciary duty claim in light of triable issues as to tolling due to fraudulent concealment).

> The court did not, however, "intend[] in *S.A.P.* to extend the doctrine beyond its historical use." *Id.* at 577 (noting that "[s]everal facts in *S.A.P.* render that case unique"). Nor did it "hold that, in all cases where a plaintiff asserts equitable estoppel to avoid the statute of limitations, prior knowledge of the cause of action is no longer required." *Id.* Accordingly, *S.A.P.* does not bring the two separate doctrines any closer together outside of the limited context of childhood sexual abuse cases . . . .

(Reply at 4:9-18.) They further argue that cases cited by TracFone "fail to address the Supreme Court's subsequent explanatory holding in *Lobo De Gonzalez*" and that the contrary Florida appellate cases cited by TracFone are not persuasive because they were "were decided prior to the Florida Supreme Court's opinions in *S.A.P.* and *Lobo De Gonzalez*." (Reply at 5:4-5, 9-10.)

Defendants' discussion of *Lobo De Gonzalez* defies credulity and extends beyond the realm of appropriate advocacy warranting explication.[6] First, the Florida Supreme Court opinion in *Lobo De Gonzalez II* was a *per curiam* decision discharging the grant of jurisdiction, devoid of analysis or discussion. The Florida Supreme Court dismissed the appeal based upon its determination that no conflict between the lower court's decision in *Lobo De Gonzalez I* and its prior decision in *S.A.P.* existed. Defendants craft their argument entirely from statements made in a dissent to this *per curiam* dismissal of jurisdiction without forthrightly acknowledging that posture. Rather, defendants boldly contend that *Lobo De Gonzalez II* represented that the Florida Supreme Court was "clarifying its holding" in *S.A.P.*[7] The position not only contradicts the nature of the court's actual decision and its persuasive value, but Justice Cantero's own statement at the beginning of that dissent, which expressly announces that he is "dissent[ing] from discharging jurisdiction in this case because I conclude that the district court's decision conflicts with a

---

[6] Although the Court notes that all defendants signed the briefs, only Winston Strawn, who represents now-dismissed parties Panasonic and Sanyo, maintained the counsel address on the cover page, suggesting it took the lead in this endeavor. Further, the opposition brief implies that this is not the first time that one or more of these defendants has made these arguments. Given the judicial resources employed to unmask the disingenuous arguments made, the Court hopes this explication will save other courts from wasting similar resources should counsel continue to pursue this course again, especially in this District where many judges oversee multidistrict litigation cases which can involve the laws of other states, such as Florida, and where counsel is a repeat player.

[7] Defendants' first citation to the case in their reply brief, *i.e.*, "(Cantero, J. dissenting from discharge of jurisdiction)," does not excuse their extensive reliance on a non-precedential dissent. (Reply at 3:18-20.)

6

decision of this Court, and we *should* clarify the law." *Lobo De Gonzalez II*, 921 So. 2d at 572 (emphasis supplied). In no way can *Lobo De Gonzalez II* be read as clarifying or modifying the Florida Supreme Court's decision in *S.A.P.*, and indeed it suggests just the contrary: that the Florida Supreme Court saw no reason to revisit its decision.

Further, the underlying Florida appellate court decision's majority opinion did not even discuss *S.A.P.*, which is only mentioned in a special concurrence filed by one judge on the panel. *Lobo De Gonzalez I*, 841 So. 2d at 523 (Gross, J., concurring specially). More to the point here, however, is that the *Lobo De Gonzalez I* decision, which remains the binding authority after dismissal of further review by the Florida Supreme Court, clearly held that a variety of principles, in equity and otherwise, "may operate to deflect the statute of limitations" including equitable estoppel and equitable tolling. *Lobo De Gonzalez I*, 841 So. 2d at 519, quoting *Morsani*, 790 So. 2d at 1076-77. Thus, *Lobo De Gonzalez I,* like *S.A.P.* and the Florida Supreme Court authorities preceding it, unequivocally establishes equitable estoppel and equitable tolling as viable principles under Florida law that preclude dismissal for untimeliness when a defendant's conduct prevents timely filing of a complaint, either by concealing its wrongdoing or by dissuading the plaintiff from filing a known claim.[8] Moreover, at least one Florida district court decision has found fraudulent concealment would preclude dismissal of an otherwise untimely FDUPTA claim, so long as the fraud was alleged sufficiently. *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV, 2013 WL 6328734, at *6-7 (S.D. Fla. Dec. 5, 2013).

Defendants further misrepresent Florida law on the viability of fraudulent concealment. Defendants' arguments in reliance on the Florida Supreme Court's withdrawn opinion in *Fulton County Administrator v. Sullivan,* 22 Fla. L. Weekly S578-79, 1997 WL 589312 (Fla. Sept. 25, 1997), and cases relying on it, is similarly misplaced and a misleading representation of the law.

---

[8] Defendants also misleadingly cite to *Justice v. United States*, 6 F.3d 1474 (11th Cir. 1993). Contrary to defendants' characterization of it, that case did not decide any issue of Florida law, and, in fact, held that tolling and other means of avoiding the statute of limitations bar will be applied when the interest of justice so require, and "[t]he interests of justice are most often aligned with the plaintiff when . . . [it] has no reasonable way of discovering the wrong perpetrated against [it]." *Id*. at 1479.

7

Defendants rely on *Putnam Berkley Grp., Inc. v. Dinin*, 734 So. 2d 532, 534 (Fla. Dist. Ct. App. 1999) which in turn relied on and quoted extensively from a Florida Supreme Court decision, *Fulton County Administrator v. Sullivan.* At the time *Putnam* cited *Sullivan,* that court noted that the decision had not yet been published. What defendants here fail to disclose is *Sullivan* was subsequently withdrawn by the Florida Supreme Court in favor of a rehearing. *Fulton Cty. Admin. v. Sullivan*, No. 87,110, 1997 WL 589312 (Fla. Sept. 25, 1997), *opinion withdrawn and superseded on reh'g sub nom. Fulton Cty. Adm'r v. Sullivan*, 753 So. 2d 549 (Fla. 1999). The superseding decision acknowledged that "Florida courts have recognized that fraudulent concealment *of a cause of action* will toll the statute of limitations," but declined to determine the question presented: whether fraudulent concealment *of the identity of a tortfeasor* would also toll the time period. *Fulton Cty. Adm'r v. Sullivan*, 753 So. 2d 549, 551-52 (Fla. 1999). Any reliance that *Putnam*, or other cases cited by defendants in their reply, placed on the original *Sullivan* decision was misplaced. *See, e.g.*, *Fed. Ins. Co. v. Sw. Florida Ret. Ctr., Inc.*, 707 So. 2d 1119, 1122 (Fla. 1998) (relying on *Sullivan* opinion that was subsequently withdrawn); *Pac. Harbor Capital, Inc. v. Barnett Bank, N.A.*, No. 2:97-CV-416-FTM-24D, 2000 WL 33992234, at *4 (M.D. Fla. Mar. 31, 2000), *aff'd,* 252 F.3d 1246 (11th Cir. 2001), *as amended* (July 3, 2001) (acknowledging that the first *Sullivan* opinion was withdrawn, and the subsequent opinion was "silent as to the correctness of its reasoning in the 1997 *Sullivan* opinion"). Moreover, given that the superseding decision acknowledged, without question, that fraudulent concealment of a cause of action would bar a statute of limitations defense under Florida law, defendants' reliance on the original *Sullivan* decision is disingenuous, at best.

## II. ANALYSIS

This Court joins others, in this district and elsewhere, in denying dismissal where plaintiff has alleged facts sufficient to establish fraudulent concealment as a basis for avoiding a statute of limitations bar to a FDUTPA claim. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M07-1827 SI, 2011 WL 4387812 at *4 (N.D. Cal. Sept. 20, 2011); *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-MD-02143-RS, 2014 WL 1379197 (N.D. Cal. Apr. 8, 2014) (it would be premature to dismiss FDUPTA claim as time-barred where plaintiffs pleaded fraudulent concealment); *see also In re: Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Products.*

*Liab. Litig.*, No. 11-md-2000, 2013 WL 139520, at *10 (D. S.C. Jan. 10, 2013) (dismissal of FDUTPA claim was unwarranted given alleged fraudulent concealment which "[a]lthough not specifically enumerated in Florida's general tolling statute . . . is widely accepted as an equitable basis for tolling a statute of limitations under Florida law"); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2015 WL 1849138, at *5 (E.D. Mich. Apr. 22, 2015) (denying motion to dismiss FDUTPA claim on statute of limitations grounds where plaintiff alleged that defendants fraudulently concealed their wrongful actions, which was sufficient to state a claim for equitable estoppel under Florida law).[9]

### III. CONCLUSION

Based the foregoing analysis, and the allegations that defendants fraudulently concealed their conspiracy to fix prices such that TracFone was not aware of the wrongdoing until at least the summer of 2012, the Court finds the allegations sufficient to state a claim that is not time-barred on its face. The motion to dismiss on statute of limitations grounds is, therefore, **DENIED**.[10]

Accordingly, the Motion to Dismiss is **DENIED**.

This terminates Docket No. 25, which is Docket No. 1017 on the MDL docket.

**IT IS SO ORDERED.**

Dated: April 12, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[9] The non-Florida district court decisions cited by defendants rejected the application of fraudulent concealment purely because it is not one of the enumerated bases for tolling in Florida's statute. *See, e.g., In re Vitamins Antitrust Litig.*, No. MDL 1285, 2000 WL 33975412, at *5 (D.D.C. Oct. 26, 2000); *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *7 (N.D. Cal. Mar. 12, 2014). The Court does not find their analysis persuasive.

[10] Because the Court finds that the allegations are sufficient to state a timely claim based upon fraudulent concealment, it does not reach TracFone's alternative argument that the filing of the direct purchaser class action in In re Lithium Ion Batteries Litigation, MDL No. 13-2420, tolled the statute of limitations under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and its progeny.