1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR<br>MDL No. 2420<br><br>**[~~PROPOSED~~] ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT NEC CORPORATION** |
| This Document Relates To:<br><br>　　ALL DIRECT PURCHASER ACTIONS | Date:　　April 25, 2017<br>Time:　　2:00 p.m.<br>Judge:　　Hon. Yvonne Gonzalez Rogers<br>Location: Courtroom 1 |

On March 17, 2017, Direct Purchaser Plaintiffs ("Plaintiffs") filed a Motion for Certification of Settlement Classes and Preliminary Approval of Class Action Settlements, including with Defendant NEC Corporation ("NEC"). The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement, to the extent not contradictory or mutually exclusive.

2. The Court hereby preliminarily approves the settlement agreement, which is attached hereto as Exhibit A.

3. The Court finds that the settlement falls within the range of possible approval and that there is a sufficient basis for notifying the settlement class and for setting a Fairness Hearing.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following settlement class for purposes of this Motion only with respect to NEC:

> All persons and entities that purchased a Lithium Ion Battery or Lithium Ion Battery Product from any Defendant, or any division, subsidiary or affiliate thereof, or any co-conspirator in the United States during the Class Period, from January 1, 2000 through May 31, 2011. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any Co-Conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and any judge or jurors assigned to this case.

5. The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied for settlement purposes in that: (a) there are thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement class which predominate over individual issues; (c) the claims or defenses of the settlement class plaintiffs are typical of the claims or defenses of the settlement class; (d) the plaintiffs will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in antitrust class action litigation who

1

have, and will continue to, adequately represent the settlement class; and (e) a settlement class resolution is superior to individual settlements.

6. The Court hereby appoints the Plaintiffs named in the Direct Purchaser Plaintiffs' Second Consolidated Amended Complaint, ECF No. 415 (Apr. 8, 2014) ("SCAC"), as Class Representatives of the settlement class.

7. The Court appoints the law firms of Saveri & Saveri, Inc.; Pearson, Simon & Warshaw, LLP; and Berman DeValerio to serve as Class Counsel for the settlement class.

8. The Court approves the form of the Long-Form Notice attached hereto as Exhibit B ("Long-Form Notice"). The Court also approves the form of the Short-Form Notice attached hereto as Exhibit C ("Short-Form Notice"). The Court finds that taken together, mailing of the Long-Form Notice (via U.S. Mail or electronic mail), publication of the Short-Form Notice, and internet posting of the Long-Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise the settlement class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

9. Plaintiffs' claims administrator shall provide notice of the class settlement. The claims administrator shall provide direct notice of the settlement to all members of the settlement class, previously identified by the claims administrator in connection with the Sony settlement, on or before **May 10, 2017** by sending the Long-Form Notice to class members via first class U.S. mail (postage prepaid) or by electronic mail. The claims administrator shall publish the Short-Form Notice in the national edition of the *Wall Street Journal* on or before **May 15, 2017**. The claims administrator shall also cause a copy of the class notices and settlement agreement to be posted on the internet website www.batteriesdirectpurchaserantitrustsettlement.com on or before **May 10, 2017**.

10. Each settlement class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the claims administrator no later than **June**

1   **26, 2017**. Requests for exclusion must be in writing and set forth the name and address of the

2   person or entity who wishes to be excluded, as well as all trade names or business names and

3   addresses used by such person or entity, and must be signed by the class member seeking

4   exclusion. No later than **July 10, 2017**, Class Counsel shall file with the Court a list of all persons

5   or entities who have timely requested exclusion from the settlement class as provided in the

6   settlement agreement.

7         11.      Any settlement class member who does not properly and timely request exclusion

8   from the settlement class as provided above shall, upon final approval of the settlement, be bound

9   by the terms and provisions of the settlement so approved, including but not limited to the releases,

10  waivers, and covenants described in the agreement, whether or not such person or entity objected

11  to the settlement agreement and whether or not such person or entity makes a claim upon the

12  settlement funds.

13        12.      Each settlement class member who has not timely excluded itself from the

14  settlement shall have the right to object to (1) the settlement, and/or (2) the plan of allocation by

15  filing written objections with the Court no later than **June 26, 2017**. Failure to timely file written

16  objections will preclude a class member from objecting to any or all of the settlement.

17        13.      Each settlement class member as provided above shall have the right to appear at the

18  Fairness Hearing by filing a Notice of Intention to Appear no later than **June 26, 2017**.

19        14.      The Court will conduct a Fairness Hearing on **August 29, 2017** at **2:00 p.m.** The

20  Fairness Hearing will be conducted to determine the following:

21            a.      Whether the proposed settlement is fair, reasonable, and adequate and should

22                  be granted final approval;

23            b.      Whether final judgment should be entered dismissing with prejudice the

24                  claims of the settlement class against NEC;

25            c.      Approval of the plan of allocation; and

26            d.      Such other matters as the Court may deem appropriate.

27        15.      Each member of the settlement class shall retain all rights and causes of action with

28  respect to claims against the remaining defendants other than NEC regardless of whether such

3

member of the settlement class decides to remain in the settlement class or to exclude itself from the settlement class.

16. All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **July 24, 2017**.

17. Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the settlement agreement.

18. All further direct purchaser class proceedings as to NEC are hereby stayed except for any actions required to effectuate the settlement.

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

IT IS SO ORDERED.

Dated: _April 26, 2017_____

Hon. Yvonne Gonzalez Rogers
United States District Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-MD-2420-YGR |
| This Document Relates to: | MDL No. 2420 |
| ALL DIRECT PURCHASER PLAINTIFF ACTIONS | **SETTLEMENT AGREEMENT** |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 4th day of April, 2016 by and between NEC Corporation ("NEC"), and the direct-purchaser plaintiff class representatives ("Plaintiffs"), both individually and on behalf of the direct purchaser class in the above-captioned class actions ("the Class") as more particularly defined in Paragraph 1 below.

WHEREAS, Plaintiffs are prosecuting the above *In Re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-2420-YGR (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, NEC;

WHEREAS, Plaintiffs allege that NEC participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Lithium Ion Battery Cells at artificially high levels in violation of Section 1 of the Sherman Act;

WHEREAS, NEC denies Plaintiffs' allegations and has asserted defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving claims against NEC according to the

terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, NEC, despite its belief that it is not liable for the claims asserted and has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against NEC, based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, or NEC, subject to the approval of the Court, on the following terms and conditions:

A. <u>Definitions</u>.

1. For purposes of this Agreement, "the Class" and "Class Period" are defined in Direct Purchaser Plaintiffs' Second Consolidated Amended Complaint (Apr. 8, 2014) (ECF No. 415) (the "Complaint"). The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

2. For purposes of this Agreement, "Lithium Ion Battery" ("Li-Ion Batteries"), "Lithium Ion Battery Cell(s)" ("Li-Ion Cells"), "Lithium Ion Battery Packs" ("Li-Ion Packs"), and "Lithium Ion Battery Products" ("Li-Ion Products") shall have the meanings as defined or otherwise referenced in the Complaint.

3.    "Releasees" shall refer to NEC and to all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates; the predecessors, successors and assigns of any of the above (excluding therefrom defendant NEC TOKIN Corporation); and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Releasees" does not include any defendant in the Action other than NEC.

4.    "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

5.    "Releasors" shall refer to the direct-purchaser plaintiff Class representatives and the direct-purchaser plaintiff Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing.

6.    "The Settlement Fund" shall be $1,000,000 US dollars specified in Paragraph 16 plus accrued interest on said deposits set forth in Paragraph 17.  In addition, Releasees shall deposit an additional $100,000 for notice and additional expenses as outlined below for a total of $1,100,000.

7.    "Interim Co-Lead Counsel" shall refer to the law firms of:

SAVERI & SAVERI, INC.
R. Alexander Saveri
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813
rick@saveri.com

3

PEARSON, SIMON & WARSHAW, LLP
Bruce L. Simon
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

BERMAN DEVALERIO
Joseph J. Tabacco, Jr.
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
jtabacco@bermandevalerio.com

B.    Approval of this Agreement and Dismissal of Claims Against NEC.

8.    Plaintiffs and NEC shall use their best efforts to effectuate this Agreement,

including cooperating in seeking the Court's approval for the establishment of procedures

(including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to

secure the prompt, complete, and final dismissal with prejudice of the Action as to NEC only.

9.    At a time mutually agreed upon by the parties, Plaintiffs shall submit to the Court

a motion for authorization to disseminate notice of the settlement and final judgment

contemplated by this Agreement to all Class members identified by NEC (the "Motion"). If

notice to the Class is given jointly with any other settling defendant, for purposes of Paragraph

19 below, the costs of notice and claims administration shall be prorated with any other such

defendant based on their respective settlement amounts. The Motion shall include (i) a proposed

form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and

final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and

NEC before submission of the Motion, with the understanding that, among other things,

individual notice of the settlement shall be mailed by regular mail or email, with appropriate

notice by publication (in the event required by the Court), with all expenses paid from the Settlement Fund subject to Paragraph 19(a). NEC will supply to Interim Co-Lead Counsel the names and addresses of putative Class members to the extent reasonably available in NEC's records. NEC, however, shall not be required to bear any undue burden or expense in providing such list. The Motion shall recite and ask the Court to find that the mailing of the notice of settlement to all members of the Class who can be identified upon reasonable effort constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

10. Plaintiffs shall seek, and NEC will not object unreasonably to the entry of, an order and final judgment, the text of which Plaintiffs and NEC shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a) certifying the Class described in Paragraph 1, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement as a settlement class;

(b) as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c) as to NEC, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(d) reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the United States

District Court for the Northern District of California; and

(e)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to NEC shall be final.

11.      This Agreement shall become final when (i) the Court has entered a final order certifying the Class described in Paragraph 1 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to NEC against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to NEC described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to NEC have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the date that Plaintiffs and NEC have executed this Agreement, Plaintiffs and NEC shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 17(h), 19(a), 28, or 29 of this Agreement.

12.      Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by NEC or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by NEC, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions,

nor any of the negotiations or proceedings connected with it, nor any other action taken to carry

out this Agreement by any of the settling parties shall be referred to, offered as evidence or

received in evidence in any pending or future civil, criminal, or administrative action or

proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion

of Released Claims, or as otherwise required by law.

C.    <u>Release, Discharge, and Covenant Not to Sue.</u>

13.    In addition to the effect of any final judgment entered in accordance with this

Agreement, upon this Agreement becoming final as set out in Paragraph 11 of this Agreement,

and in consideration of payment of the Settlement Amount, as specified in Paragraph 16 of this

Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be

completely released, acquitted, and forever discharged from any and all claims, demands,

actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not

any Class Member has objected to the settlement or makes a claim upon or participates in the

Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that

Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of,

or in any way arising out of, any and all known and unknown, foreseen and unforeseen,

suspected or unsuspected, actual or contingent, liquidated or unliquidated, claims, causes of

action, injuries, damages, and the consequences thereof in any way arising out of or relating in

any way to any act or omission of the Releasees (or any of them) that is alleged in the Complaint

up to the date of the execution of this Agreement or that could have been alleged in the

Complaint or in any other class action complaint filed in the Action (the "Released Claims").

The Released Claims does not include claims for product defect or personal injury or breach of

contract arising in the ordinary course of business or indirect purchaser claims for Li-Ion Cells,

Li-Ion Batteries or Li-Ion Products that were not purchased directly from Defendants or their

subsidiaries, affiliates, or alleged co-conspirators. Releasors shall not, after the date of this

Agreement, sue or otherwise seek to establish liability against any Releasee based, in whole or in

part, upon any of the Released Claims or conduct at issue in the Released Claims. For purposes

of clarity, the Released Claims include any claims under foreign antitrust or competition laws or

state antitrust or competition laws (including indirect purchaser claims) that relate to or arise out

of the subject of the Plaintiffs' Complaint, but do not include any foreign antitrust or competition

law claims or any state law indirect purchaser claims that relate to or arise out of the sale of Li-

Ion Cells Li-Ion Batteries or Li-Ion Products that: (a) were not purchased from a Defendant or

alleged co-conspirator in the Action; or (b) were not sold in the United States.

14.     In addition to the provisions of Paragraph 13 of this Agreement, Releasors hereby

expressly waive and release, upon this Agreement becoming final, any and all provisions, rights,

and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A
> GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may

hereafter discover facts other than or different from those which he, she, or it knows or believes

to be true with respect to the Released Claims which are the subject matter of the provisions of

Paragraph 13 of this Agreement, but each Releasor hereby expressly waives and fully, finally,

and forever settles and releases, upon this Agreement becoming final, any known or unknown,

suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter

of the provisions of Paragraph 13 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15.     The release, discharge, and covenant not to sue set forth in Paragraph 13 of this Agreement does not include claims by any of the Class Members other than the Released Claims and does not preclude Class Members from pursuing claims based on indirect sales or foreign sales of Li-Ion Cells, Li-Ion Batteries or Li-Ion Products so long as such claims are not based on the same purchases included as part of the Released Claims defined in Paragraph 13. The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against any of the Releasees based, in whole or in part, upon any of the Released Claims.

D.     Settlement Amount.

16.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, defendant NEC shall pay the Settlement Amount of $1,000,000 (the "Settlement Amount") plus up to $100,000 for the cost of notice as provided below in Paragraph 19. The Settlement Amount plus the $100,000 for the cost of notice shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 17 of this Agreement (the "Escrow Account") within thirty (30) days after execution of this Agreement.

17.     Escrow Account.

(a)     The Escrow Account will be established at Citibank N.A.— Citi Private Bank, San Francisco, California, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Interim Co-Lead Counsel and NEC, such escrow to be administered under the Court's continuing supervision and

control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.

(c)     All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     Plaintiffs and NEC agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 17, including the relation-back election (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the

Escrow Agent. The Escrow Agent or its designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(l)). Such returns (as well as the election described in Paragraph 17(d)) shall be consistent with Paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 17(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon NEC or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 17(d) through 17(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 17(f) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither NEC nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated

(notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither NEC nor any other Releasee is responsible nor shall they have any liability therefor. Plaintiffs and NEC agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 17(d) through 17(f).

(h)     If this Agreement does not receive final Court approval, including final approval of "the Class" as defined in Plaintiffs' Complaint or, if that complaint is amended, the operative complaint at the time this Agreement is signed, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by NEC into the Settlement Fund (other than costs expended in accordance with Paragraph 19(a)) shall within thirty (30) calendar days be returned to NEC from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

18.     Exclusions.

Within ten (10) business days after the end of the period to request exclusion from the Class, Interim Co-Lead Counsel will cause copies of timely requests for exclusion from the Class to be provided to counsel for NEC. With respect to any potential Class member who requests exclusion from the Class, NEC reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Class member is a direct purchaser of any allegedly price fixed product and/or has standing to bring any claim.

19.     Payment of Expenses.

(a)     NEC agrees to pay $100,000 for notice to the class and the costs of administration of the Settlement Fund set forth in Paragraph 17. Any portion of the $100,000 used for notice and administration expenses are not recoverable if this settlement does not become final to the extent such funds are expended for notice and administration costs. Any portion of the separate $100,000 not used for notice and administration expenses shall revert to NEC. If notice and administration expenses exceed $100,000, plaintiffs may use up to an additional $200,000 from the $1,000,000 Settlement Fund for notice and administration expenses. Any portion of the additional $200,000 used in notice and administration expenses are not recoverable if this settlement does not become final to the extent such funds are expended for notice and administration costs. Other than as set forth in this Paragraph 19(a), and subject to the joint notice provisions of Paragraph 9 if applicable, NEC shall not be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for Class administration and costs.

(b)     If Interim Co-Lead Counsel enters into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Interim Co-Lead Counsel shall use its reasonable best efforts to provide a single notice to prospective Class members of all of the settlements.

E.     The Settlement Fund.

20.     Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Releasees of all Released Claims, and shall have no other recovery against NEC or

any other Releasee.

21.    After this Agreement becomes final within the meaning of Paragraph 11, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in Paragraph 19(a) of this Agreement.

22.    Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. NEC shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

23.    <u>Class Counsel's Attorneys' Fees And Reimbursement of Expenses.</u>

(a)    Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund and NEC shall not oppose such application for: (i) an award of attorneys' fees not in excess of one-third of the settlement fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall Releasees be responsible to pay any such additional fees and expenses except

14

to the extent they are paid out of the Settlement Fund.

(b)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(d)     Neither NEC nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(e)     Neither NEC nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     <u>Cooperation</u>.

24.     NEC shall reasonably cooperate with Interim Co-Lead Counsel as set forth specifically below:

(a)     Any documents NEC produces to any other party in the Action, NEC shall produce to Interim Co-Lead Counsel within ten (10) days of the production to such other party. In the event not otherwise produced in the Action, and to the extent reasonably

available, NEC shall identify and produce to Interim Co-Lead Counsel relevant documents (if any) sufficient to show Li-Ion Cell, Li-Ion Battery, Li-Ion Battery Pack, and/or Li-Ion Product sales, pricing, capacity, and production, as well as documents (if any) related to the conduct alleged in the Complaint. If documents heretofore or hereinafter produced show such information, then, upon reasonable notice after Final Approval of this Agreement, NEC agrees to provide Interim Co-Lead Counsel with Bates numbers, to the extent reasonably available, for any NEC documents that have been produced as of that time and can reasonably be identified by NEC which are sufficient to show NEC Li-Ion Cell, Li-Ion Battery, Li-Ion Battery Pack, and/or Li-Ion Products sales, pricing, capacity and production or relate to the competitor meetings set forth in the Complaint. Thirty (30) days after NEC's completion of the production of documents in the Action and to Interim Co-Lead Counsel, NEC will provide Interim Co-Lead Counsel with Bates numbers, to the extent reasonably identifiable, for any additional NEC documents that can reasonably be identified by NEC and are sufficient to show NEC Li-Ion Cell, Li-Ion Battery, Li-Ion Battery Pack, and/or Li-Ion Products sales, pricing, capacity and production or relate to the competitor meetings set forth in the Complaint.

(b)     Upon reasonable notice after Final Approval of this Agreement, NEC agrees to use reasonable efforts to make available for an interview, a deposition, and testimony at a hearing or trial, via videoconference or at a mutually agreed upon location (except for testimony at a hearing or a trial, which shall be at the United States Courthouse of the United States District Court for the Northern District of California), and at NEC's expense up to five (5) persons, who may consist of current directors, officers, and/or employees of NEC (or former directors, officers and/or employees of

NEC, if such former employees agree to cooperate) whom Interim Co-Lead Counsel, in consultation with counsel for NEC, reasonably and in good faith believe to have knowledge regarding the conduct alleged in the Complaint. Interviews shall be limited to a total of six (6) hours over one day per interview and can be conducted telephonically from overseas at the witness's choice. Depositions shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure, regardless of the location at which they take place or the citizenship of the deponent. NEC agrees to bear reasonable travel expenses incurred by witnesses pursuant to this Paragraph. NEC also agrees to use good faith efforts to obtain the cooperation of former directors, officers and/or employees, as part of the five (5) witnesses identified above, if Interim Co-Lead Counsel asks NEC to include such individuals within the list of five (5).

(c)     Upon reasonable notice after Final Approval of this Agreement, NEC agrees to provide to the extent it is reasonably practicable one or, if necessary, more witnesses for deposition, and, if necessary at trial, to provide information, to the best of their ability, with respect to NEC's data regarding sales, pricing, production, capacity and cost of its Li-Ion Cell, Li-Ion Battery, Li-Ion Battery Pack, and/or Li-Ion Products. To the extent reasonably practicable, NEC agrees to authenticate and lay a foundation, through affidavit or declarations, for admission into evidence any of NEC's produced documents and transaction and/or cost data. If the affidavits or declarations previously identified are insufficient to authenticate and lay the foundation into evidence of any NEC produced documents or data, to the extent reasonably practicable, NEC shall provide one or more witnesses who will authenticate to the best of their ability and lay the foundation for admission into evidence any NEC produced documents or data.

(d)     If any document protected by the attorney-client privilege, attorney work-product protection, joint defense or any other protection, privilege, or immunity is accidentally or inadvertently produced under this Paragraph, the document shall promptly be destroyed and/or returned to NEC, and its production shall in no way be construed to have waived any privilege or protection attached to such document

(e)     Plaintiffs and Interim Co-Lead Counsel agree they will not use the information provided by NEC or their representatives under this Paragraph for any purpose other than the pursuit of the Action, and will not publicize the information beyond what is reasonably necessary for the prosecution of the Action or as otherwise required by law. Any documents and other information provided will be deemed "Highly Confidential" and subject to the protective order entered in the Action as if they had been produced in response to discovery requests and so designated.

25.     In the event that this Agreement fails to receive final approval by the Court as contemplated in Paragraphs 8-11 hereof, including final approval of "the Class" as defined in Plaintiffs' Complaint or, if that complaint is amended, the operative complaint at the time this Agreement is signed, or in the event that it is terminated by either party under any provision herein, the parties agree that neither Plaintiffs nor Plaintiffs' counsel shall be permitted to introduce into evidence, at any hearing, or in support of any motion, opposition or other pleading in the Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of this Action, any deposition testimony or any documents provided by the Releasees, their counsel, or any individual made available by the Releasees pursuant to the cooperation provisions of Paragraph 24.

26.     Except as provided in Paragraph 24 of this Agreement, NEC need not respond to

formal discovery from Plaintiffs or otherwise participate in the Action during the pendency of this Agreement. NEC agrees to withdraw all outstanding discovery served on Plaintiffs and neither NEC nor Plaintiffs shall file motions against the other during the pendency of the Agreement.

27.     NEC and Plaintiffs agree not to disclose publicly or to any other defendant the terms of this Agreement until this Agreement is submitted to the Court for approval.

G.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

28.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Plaintiffs' Complaint, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 10 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then NEC and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 39. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

29.     In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to NEC less only disbursements made in accordance with Paragraph 19(a) of this Agreement. NEC expressly reserves all of its rights and defenses if this Agreement does not become final.

30.     Further, and in any event, Plaintiffs and NEC agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by NEC or the Releasees, or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed in the Action, or by any person or entity in any other action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

31.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

32.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 8-11 hereof, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class members.

H.     Miscellaneous.

33.     This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the Releasees. All rights against such other defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. NEC's sales to the Class shall not be removed from the Action.

34.     The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall

have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and NEC. This Agreement shall be governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles.

35.     This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and NEC pertaining to the settlement of the Action against NEC, and supersedes all prior and contemporaneous undertakings of Plaintiffs and NEC in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and NEC, and approved by the Court.

36.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and NEC. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Interim Co-Lead Counsel or Class Counsel shall be binding upon all Class Members and Releasors. The Releasees (other than NEC which is a party hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

37.     This Agreement may be executed in counterparts by Plaintiffs and NEC, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

38.     Neither Plaintiffs nor NEC shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

39.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

40.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: April 4, 2016

R. ALEXANDER SAVERI
Email: rick@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810


BRUCE L. SIMON
Email: bsimon@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008


JOSEPH J. TABACCO, JR.
Email: jtabacco@bermandevalerio.com
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Interim Co-Lead Counsel for the*
*Direct Purchaser Plaintiffs*

39. Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

40. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: April 4, 2016

_R. Alexander Saveri_
R. ALEXANDER SAVERI
Email: rick@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810


_Bruce L. Simon_
BRUCE L. SIMON
Email: bsimon@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008


JOSEPH J. TABACCO, JR.
Email: jtabacco@bermandevalerio.com
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Interim Co-Lead Counsel for the
Direct Purchaser Plaintiffs*

39. Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

40. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: April 4, 2016

R. ALEXANDER SAVERI
Email: rick@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810


BRUCE L. SIMON
Email: bsimon@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008


JOSEPH J. TABACCO, JR.
Email: jtabacco@bermandevalerio.com
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Interim Co-Lead Counsel for the*
*Direct Purchaser Plaintiffs*

ROBERT B. PRINGLE
Email: rpringle@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: (415) 591-1000

*Attorneys for Defendant*
*NEC Corporation*

Exhibit B

# If You Bought a Lithium Ion Cell, Lithium Ion Battery or Lithium Ion Battery Product, Class Action Settlements May Affect You.

A "Lithium Ion Battery" is a cylindrical, prismatic or polymer battery that is rechargeable and uses lithium ion technology. A "Lithium Ion Battery Product" is a product manufactured, marketed and/or sold by Defendants, their divisions, subsidiaries or affiliates, or their alleged co-conspirators that contains one or more Lithium Ion Battery Cells manufactured by Defendants or their alleged co-conspirators. Lithium Ion Battery Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders and power tools.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit brought on behalf of direct purchasers of Lithium Ion Battery Cells ("Li-Ion Cells"), Lithium Ion Batteries ("Li-Ion Batteries") and Lithium Ion Battery Products ("Li-Ion Products") is currently pending.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Li-Ion Cells. Plaintiffs further claim that direct purchasers from the Defendants of Li-Ion Cells, Li-Ion Batteries and Li-Ion Products may recover for the effect that the conspiracy had on the prices of these devices. Plaintiffs allege that, as a result of the unlawful conspiracy involving Li-Ion Cells, they and other direct purchasers paid more for Li-Ion Cells, Li-Ion Batteries and Li-Ion Products than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.

- Settlements have been reached with Defendants Hitachi Maxell, Ltd., and Maxell Corporation of America (collectively "Maxell"); Defendant NEC Corporation ("NEC"); Defendant Panasonic Corporation ("Panasonic"); and Defendant Toshiba Corporation ("Toshiba") (collectively "Settling Defendants"). The Panasonic Settlement also resolves claims against Defendants SANYO Electric. Co., Ltd. and SANYO North America Corporation (collectively "SANYO") and Panasonic Corporation of North America.

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the settlements and the lawsuit. Please read the entire Notice carefully.

**These rights and options—and deadlines to exercise them—are explained in this Notice**

You can object to or comment on the settlements ..................................... *see* Question 10

You may exclude yourself from the settlements........................................ *see* Question 10

You may go to a hearing and comment on the settlements........................ *see* Question 12

- The Court in charge of this case still has to decide whether to approve the settlements.

# WHAT THIS NOTICE CONTAINS

**Basic Information**.................................................................................................................. Page 3

      1.  Why did I get this Notice?

      2.  Who are the Defendant companies?

      3.  What is this lawsuit about?

      4.  Why are there settlements but the litigation is continuing?

      5.  What are Li-Ion Cells, Li-Ion Batteries, and Li-Ion Products?

      6.  What is a class action?

**The Settlement Classes** ....................................................................................................... Page 4

      7.  How do I know if I'm part of the settlement classes?

      8.  What do the settlements provide?

      9.  When can I get a payment?

      10. What are my rights in the settlement classes?

      11.  What am I giving up to stay in the settlement classes?

**The Settlement Approval Hearing** ...................................................................................... Page 5

      12. When and where will the Court decide whether to approve the settlements?

      13. Do I have attend the hearing?

**The Lawyers Representing You** ........................................................................................... Page 6

      14. Do I have a lawyer in the case?

      15. How will the lawyers be paid?

**Getting More Information** .................................................................................................... Page 6

      16. How do I get more information?

# BASIC INFORMATION

**1.     Why did I get this Notice?**

You or your company may have directly purchased Li-Ion Cells, Li-Ion Batteries and/or Li-Ion Products from January 1, 2000 through May 31, 2011. For purposes of the settlements, a direct purchaser is a person or business who bought a Li-Ion Cell, Li-Ion Battery and/or Li-Ion Product directly from one or more of the Defendants, or any division, subsidiary or Affiliate thereof, or any alleged co-conspirator (as opposed to an intermediary, such as a retail store) in the United States.

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the settlements.

The Notice explains the litigation, the settlements, and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420-YGR. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

**2.     Who are the Defendant companies?**

The Defendant companies include: LG Chem, Ltd.; LG Chem America, Inc.; Samsung SDI Co. Ltd.; Samsung SDI America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; SANYO Electric Co., Ltd.; SANYO North America Corporation; Sony Corporation; Sony Energy Devices Corporation; Sony Electronics Inc.; Hitachi Maxell, Ltd.; Maxell Corporation of America; NEC Corporation; NEC Tokin Corporation; and Toshiba Corporation.

**3.     What is this lawsuit about?**

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of Li-Ion Cells for over ten years, resulting in overcharges to direct purchasers of Li-Ion Cells, Li-Ion Batteries and Li-Ion Products. The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by agreeing to fix prices and restrict output of Li-Ion Cells by, among other things, face-to-face meetings and other communications, customer allocation, and the use of trade associations. Defendants deny Plaintiffs' allegations. The Court has not decided who is right.

**4.     Why are there settlements but the litigation is continuing?**

Plaintiffs have reached settlements with Defendants Maxell, NEC, Toshiba and Panasonic. The Panasonic Settlement also resolves claims against SANYO. The Court has already approved a settlement with another group of Defendants—Sony Corporation, Sony Energy Devices Corporation and Sony Electronics Inc. (collectively "Sony"). The case is continuing against the remaining non-released Defendants. Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**5.     What are Li-Ion Cells, Li-Ion Batteries, and Li-Ion Products?**

For the purposes of the settlements:

* "Lithium Ion Battery Cell(s)" or "Li-Ion Cells" means the main components of Lithium Ion Batteries. A cell includes the cathode, anode, and electrolyte.

* "Lithium Ion Battery" or "Li-Ion Battery" means a cylindrical, prismatic or polymer battery that is rechargeable and uses lithium ion technology.

* "Lithium Ion Battery Products" or "Li-Ion Products" means products manufactured, marketed and/or sold by Defendants, their divisions, subsidiaries or Affiliates, or their alleged co-conspirators that

contain one or more Lithium Ion Battery Cells manufactured by Defendants or their alleged co-conspirators. Lithium Ion Battery Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders and power tools.

**6.      What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are members of the class, except for those who exclude themselves from the class.

Important information about the case will be posted on the website **www.BatteriesDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

# THE SETTLEMENT CLASSES

**7.      How do I know if I'm part of the settlement classes?**

The Maxell, NEC and Toshiba settlement classes include persons and entities who, from January 1, 2000 through May 31, 2011, bought a Li-Ion Cell, Li-Ion Battery and/or Li-Ion Product directly from one or more of the Defendants, or any division, subsidiary or Affiliate thereof, or any alleged co-conspirator (as opposed to an intermediary, such as a retail store) in the United States. The Panasonic settlement class includes persons and entities who made such purchases from May 1, 2002 through May 31, 2011.

**8.      What do the settlements provide?**

The settlements provide for payments totaling $49,850,000 in cash, plus interest, as follows: Maxell—$3.45 million; NEC—$1 million; Panasonic—$42.5 million; Toshiba—$2.9 million. The settlements also provide for continuing cooperation, including the production of witnesses. In addition, Settling Defendants' sales remain in the case for the purpose of computing damages against the remaining Defendants.

More details are in the settlement agreements, available at
**www.BatteriesDirectPurchaserAntitrustSettlement.com**

**9.      When can I get a payment?**

No money will be distributed to any members of the settlement classes yet. The lawyers will pursue the lawsuit against the remaining defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.

You will be notified in the future when and where to send a claim form. DO NOT SEND ANY CLAIMS NOW.

In the future, the settlement funds will be allocated on a *pro rata* basis based on the dollar value of each class member's purchase(s) of Li-Ion Cells, Li-Ion Batteries and/or Li-Ion Products in proportion to the total claims filed. For purposes of determining the *pro rata* allocation of the settlement funds, purchases of Li-Ion Batteries and/or Li-Ion Products will be valued according to the proportionate value of the Li-Ion Cells contained in the product. The resulting amounts will be multiplied by the net settlement funds (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the settlement fund.

**10.      What are my rights in the settlement classes?**

**Remain in the settlement classes**: If you wish to remain a member of the settlement classes you do not need to take any action at this time.

**Get out of the settlement classes**: If you wish to keep any of your rights to sue Maxell, NEC, Panasonic, SANYO and/or Toshiba about claims concerning the manufacture, supply, distribution, sale or pricing of Li-Ion Cells, other than indirect purchaser claims, or claims for product liability, personal injury, or breach of contract claims not related to the allegations in this case, you must exclude yourself from the settlement classes relating to the Defendant(s) you wish to retain your rights to sue. You will not get any money from the settlements from which you exclude yourself.

To exclude yourself from one or more of the settlement classes, you must send a letter that includes the following:

- Your name, address and telephone number (include trade or business names, and address, and telephone numbers);
- A statement saying that you want to be excluded from *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420-YGR, Direct Purchaser Plaintiff settlements with Maxell, NEC, Panasonic and/or Toshiba.
- Your signature.

You must mail your exclusion request, postmarked no later than **June 26, 2017**, to:

In re Lithium Ion Batteries Antitrust Litigation
Settlement Administrator
P.O. Box 4098
Portland, OR 97208-4098

**Remain in the settlement classes and Object**: You can ask the Court to deny approval of one or more of the settlements by filing an objection. You can't ask the Court to order larger settlements; the Court can only approve or deny the settlements. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlements in writing. You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420-YGR), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **June 26, 2017**.

**11.    What am I giving up to stay in the settlement classes?**

Unless you exclude yourself from the relevant settlement class(es), you can't sue Maxell, NEC, Panasonic, SANYO or Toshiba, or be part of any other lawsuit against Maxell, NEC, Panasonic, SANYO or Toshiba, about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the settlement agreements. The settlement agreements are available at **www.BatteriesDirectPurchaserAntitrustSettlement.com.**

# THE SETTLEMENT APPROVAL HEARING

**12.    When and where will the Court decide whether to approve the settlements?**

The Court will hold a Fairness Hearing at **2:00 p.m.** on **August 29, 2017**, at United States District Courthouse, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the settlement class website for information. At this hearing, the Court will consider whether the settlements are fair, reasonable and adequate. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlements. We do not know how long these decisions will take.

### 13.    Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file or mail an objection, you don't have to come to Court to talk about it. As long as you filed or mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

## THE LAWYERS REPRESENTING YOU

### 14.    Do I have a lawyer in the case?

Yes. The Court has appointed the law firms of Saveri & Saveri, Inc.; Pearson, Simon & Warshaw, LLP; and Berman DeValerio to represent you as "Class Counsel." You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense. The contact information for Class Counsel is as follows:

| CLASS COUNSEL | | |
|---|---|---|
| R. Alexander Saveri<br>Geoffrey C. Rushing<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111 | Bruce L. Simon<br>PEARSON, SIMON &<br>WARSHAW, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104 | Joseph J. Tabacco, Jr.<br>BERMAN DEVALERIO<br>44 Montgomery Street, Suite 650<br>San Francisco, CA 94104 |

### 15.    How will the lawyers be paid?

Class Counsel are not asking for attorneys' fees at this time. At a future time, Class Counsel will ask the Court for attorneys' fees not to exceed one-third (33.3%) of this or any future settlement fund plus reimbursement of their costs and expenses, in accordance with the provisions of the settlement agreements. Class Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole class (known as an "incentive award").

## GETTING MORE INFORMATION

### 16.    How do I get more information?

This notice summarizes the proposed settlements. For the precise terms and conditions of the settlements, please see the settlement agreements available at **www.BatteriesDirectPurchaserAntitrustSettlement.com**, by contacting Class Counsel at the addresses listed above under Question 14, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov (using the instructions provided here: www.cand.uscourts.gov/existcasefaq and here: www.pacer.gov/psc/faq.html), or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THESE SETTLEMENTS OR THE CLAIM PROCESS.

**For More Information: Call 1-844-778-5952**
**or Visit www.BatteriesDirectPurchaserAntitrustSettlement.com**

Dated: April 26, 2017                                    BY ORDER OF THE COURT

Exhibit C

<u>LEGAL NOTICE</u>

**If You Bought a Lithium Ion Cell, Lithium Ion Battery or Lithium Ion Battery Product, Class Action Settlements May Affect You.**
_____

**Lithium Ion Battery Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders and power tools.**

*Why was this notice published?*

Settlements have been reached with four groups of defendants in a class action lawsuit involving Lithium Ion Cells ("Li-Ion Cells"), Lithium Ion Batteries ("Li-Ion Batteries") and Lithium Ion Battery Products ("Li-Ion Products"). A Li-Ion Battery is a cylindrical, prismatic or polymer battery that is rechargeable and uses lithium ion technology. A Li-Ion Product is a product manufactured, marketed and/or sold by Defendants, their divisions, subsidiaries or Affiliates, or their alleged co-conspirators that contains one or more Lithium Ion Cells manufactured by Defendants or their alleged co-conspirators. Li-Ion Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders and power tools.

*What is this lawsuit about?*

The lawsuit alleges that Defendants and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Li-Ion Cells. Plaintiffs further claim that direct purchasers from the Defendants of Li-Ion Cells, Li-Ion Batteries and/or Li-Ion Products manufactured by a Defendant may recover for the effect that the alleged conspiracy had on the prices of the purchased items. Plaintiffs allege that, as result of the unlawful conspiracy involving Li-Ion Cells, they and other direct purchasers paid more for Li-Ion Cells, Li-Ion Batteries and Li-Ion Products than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

*Who's included in the settlements?*

The settlement classes include persons and entities who, from January 1, 2000 through May 31, 2011, or from May 1, 2002 through May 31, 2011, bought a Li-Ion Cell, Li-Ion Battery and/or Li-Ion Product directly from one or more of the Defendants, or any division, subsidiary or affiliate thereof, or any alleged co-conspirator in the United States.

*Who are the Settling Defendants?*

Settlements have been reached with Defendants Hitachi Maxell, Ltd., and Maxell Corporation of America (collectively "Maxell"); Defendant NEC Corporation ("NEC"); Defendant Panasonic Corporation ("Panasonic"); and Defendant Toshiba Corporation ("Toshiba") (collectively "Settling Defendants"). The Panasonic Settlement also resolves claims against the SANYO Defendants. A complete list of Defendants is set out in the Long Form of Notice available at www.BatteriesDirectPurchaserAntitrustSettlement.com.

*What do the settlements provide?*

The settlements provide for payments totaling $49,850,000 in cash, plus interest, to the settlement classes. Some Settling Defendants have agreed to produce witnesses in the case against the remaining Defendants. Money will not be distributed to members of the settlement classes at this time. The lawyers will pursue the lawsuit against the other Defendants, to see if any future settlements or judgments can be obtained in the case and then be distributed together, on a *pro rata* basis based on the value of your Li-Ion Cell, Li-Ion Battery and/or Li-Ion Product purchases, to reduce expenses.

*What are my rights?*

If you wish to remain a member of the settlement classes you do not need to take any action at this time. If you do not want to be legally bound by one or more of the settlements, you must exclude yourself in writing by **June 26, 2017**, or you will not be able to sue, or continue to sue, any Settling Defendants about the legal claims that were or could have been asserted in this case.

If you wish to object to any aspect of one or more of the proposed settlements, you must do so in writing no later than **June 26, 2017**. The settlement agreements, along with details on how to object to them, are available at www.BatteriesDirectPurchaserAntitrustSettlement.com.
The U.S. District Court for the Northern District of California will hold a Fairness Hearing on **August 29, 2017** at **2:00 p.m.**, at 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612, to consider whether the settlements are fair, reasonable and adequate. If there are objections, the Court will consider them at that time. You may appear at the hearing, but don't have to. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for information. Please do not contact the Court about this case.

The Court has appointed the law firms of Saveri & Saveri, Inc.; Pearson, Simon & Warshaw, LLP; and Berman DeValerio as Class Counsel, to represent Direct Purchaser Class members.

This is a Summary Notice. For more details, call toll free 1-844-778-5952, visit www.BatteriesDirectPurchaserAntitrustSettlement.com, or write to In re: Lithium Ion Batteries Antitrust Litigation, Settlement Administrator, P.O. Box 4098, Portland, OR 97208-4098.