UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR (DMR)<br><br>**ORDER GRANTING MOTION FOR ISSUANCE OF LETTER ROGATORY**<br><br>Re: Dkt. No. 1750 |

Plaintiffs Microsoft Mobile Inc. and Microsoft Mobile Oy (together, "Microsoft") move the court for the issuance of a letter rogatory to obtain the deposition testimony of a foreign witness, former Samsung SDI Co., Ltd. employee Hee Joung Moon. [Docket No. 1750.] The Indirect Purchaser Plaintiffs ("IPPs") join the motion. [Docket No. 1823.] Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (together, "Samsung") oppose the motion. [Docket No. 1785.] This matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, Microsoft's motion is granted.

## I. BACKGROUND

In this action, Microsoft alleges a conspiracy to fix, raise, stabilize, and maintain prices for lithium ion battery cells and lithium ion batteries that ran from at least January 1, 2000 through at least May 31, 2011. *Microsoft Mobile Inc. v. LG Chem America, Inc., et al.*, Case No. 15-cv-3443 YGR, *see generally* Docket No. 1 (Compl.). Microsoft alleges that Samsung participated in the alleged conspiracy, including taking part in meetings with lithium ion battery competitors in Japan on a semiannual basis and sharing information with competitors. According to Microsoft, non-parties Nokia Inc. and Nokia Corporation (together, "Nokia") purchased a significant volume of lithium ion batteries at inflated prices directly from the defendants, including Samsung, during the alleged conspiracy, and Microsoft acquired Nokia's claims against the defendants as a result of its

acquisition of Nokia's mobile device business. *Id*.; Mot. 1.

According to Microsoft, Hee Joung Moon, a former Samsung employee, was involved in the alleged conspiracy. Microsoft asserts that Moon was Samsung's primary local salesperson to Nokia in Germany during the alleged conspiracy and was involved in discussions about lithium ion battery pricing, including discussions with Sony and other competitors. Microsoft submits translated copies of emails sent and received by Moon that it claims reflect communications about pricing and supplies of lithium ion batteries with Samsung's competitors. [Docket No. 1750-1 (Miller Decl., Apr. 24, 2017) Exs. A-C.] Microsoft further alleges that Moon "exchanged sensitive pricing information of common customers with a Mr. Negi of competitor Sony." Compl. ¶ 137. It argues that because Nokia negotiated its prices with Samsung on a global basis, "the inflated prices Mr. Moon negotiated with Nokia affected Nokia's purchases into the United States and are the subject of [Microsoft's] lawsuit." Mot. 4.

Microsoft asserts that Moon possesses relevant information, including information about 1) the sale of lithium ion batteries from Samsung to Nokia during the alleged conspiracy; 2) his own communications with other lithium ion battery suppliers during the alleged conspiracy; and 3) other Samsung employees' communications with other lithium ion battery suppliers during the alleged conspiracy. It contends upon information and belief that Moon currently resides in the United Kingdom, Miller Decl. ¶ 2, and asks the court to issue a letter rogatory directed toward Moon to the appropriate judicial authority of the United Kingdom to secure his deposition. [Docket No. 1750-6 (Proposed Letter Rogatory).]

Samsung opposes the motion. Samsung asserts that all of the testimony that Microsoft seeks from Moon relates to alleged activities in Europe and Asia, and claims that Microsoft's motion "appears to be an improper effort to obtain this Court's blessing to obtain extraterritorial discovery for use in an arbitration proceeding that Microsoft commenced against [Samsung] in Finland" on April 20, 2017, shortly before filing the present motion. Opp'n 1. On the same day it filed its opposition to Microsoft's motion for issuance of letter rogatory, Samsung moved to stay Microsoft's complaint against Samsung in its entirety pending the arbitration in Finland. [*See* Docket No. 1783.] In its opposition, Samsung asks the court to deny Microsoft's motion pending

the outcome of its motion to stay, arguing that if the stay is granted, "there will be no basis for Microsoft's request to depose a foreign witness," and if the stay is denied, Microsoft can renew its motion. Opp'n 2. Samsung offers no other arguments in opposition to Microsoft's motion and does not refute or deny Microsoft's assertions about Moon.

Microsoft subsequently sought leave to file a reply to the opposition, which the court granted. [Docket Nos. 1791 (Reply), 1804 (May 24, 2017 Order granting leave to file reply).] In its reply, Microsoft asserts that Samsung's requested stay "has no bearing" on its motion for issuance of a letter rogatory, since Moon's testimony is relevant to Microsoft's pending claims against Defendants LG Chem Ltd. and LG Chem America, Inc. ("LG Chem"), which have not been stayed. Reply 2.

On May 31, 2017, the IPPs joined Microsoft's motion for issuance of a letter rogatory to compel Moon's deposition. On June 1, 2017, Microsoft and Samsung stipulated to stay Microsoft's claims against Samsung based on its United States purchases of lithium ion batteries pending the arbitration. The court approved the stipulation and terminated Samsung's motion to stay on June 1, 2017. [Docket Nos. 1824 (stipulation), 1825 (June 1, 2017 Order approving stipulation).]

## II. LEGAL STANDARDS

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Asis Internet Servs. v. Optin Global, Inc.*, No. 05–cv–5124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007) (citing *Marroquin–Manriquez v. I.N.S.,* 699 F.2d 129 (3rd Cir. 1983) and Wright, Miller, & Marcus, Federal Practice and Procedure (2007) § 2083). A letter rogatory can also include requests for the production of documents. *Id.* (citing *United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971) (affirming district court's issuance of letters rogatory seeking documents from investigation conducted by German authorities)). Federal Rule of Civil Procedure 28(b) provides that a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory'[.]" Fed. R. Civ. P. 28(b)(1)(B).

"A court is inherently vested with the authority to issue letters rogatory." *Asis*, 2007 WL 1880369, at *3 (citing *United States v. Staples,* 256 F.2d 290, 292 (9th Cir. 1958) and *Reagan,* 453 F.2d at 172); *see also* 28 U.S.C. § 1781(a)(2) (providing the State Department with the power "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution."). "Whether to issue such a letter is a matter of discretion for the court." *Asis*, 2007 WL 1880369, at *3 (citations omitted). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. Ultimately, a court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.*

Federal Rule of Civil Procedure 26 provides

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

**III. DISCUSSION**

Microsoft asserts that Moon possesses evidence relevant not only to its claims against Samsung, which have been stayed, but also to its live claims against LG Chem. Microsoft points to evidence that during the alleged conspiracy, Moon reported on his discussions with an LG Chem manager about pricing of lithium ion batteries. Miller Decl. Ex. B. Additionally, Microsoft asserts that documents recently publicly filed in connection with the IPPs' motion for class certification show that LG Chem and Samsung have admitted in discovery that Moon had communications with LG Chem about pricing in 2007 and 2009. [*See* Docket Nos. 1782-3 at pp.

147, 173, 499; 1782-7 at p. 139.] Indeed, the IPPs have now joined in Microsoft's motion for issuance of a letter rogatory to obtain information from Moon.

The court concludes that the discovery Microsoft and the IPPs seek is relevant and discoverable under Rule 26. Although Samsung contends that Microsoft seeks to "misuse the discovery process" here in order to obtain discovery for use in the pending arbitration in Finland, Samsung does not dispute that Moon had multiple communications related to the conspiracy alleged in this case, and Microsoft's claims against the other alleged conspirators remain pending in this court. The court finds that Microsoft and the IPPs have shown that Moon may possess information directly relevant to their claims against LG Chem. As the party opposing the motion for issuance of a letter rogatory, Samsung "must show good reason" to deny the motion. *See S.E.C. v. Leslie*, No. C 07-03444 JF (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009). Samsung has not met this burden. Accordingly, Microsoft's motion for issuance of a letter rogatory to compel the deposition of Hee Joung Moon is granted.

Microsoft submitted a proposed letter rogatory with its motion. [Docket No. 1750-6.] No party objected to the form of the proposed letter rogatory. However, as the IPPs joined in the motion after Microsoft filed its proposed letter rogatory, the current version does not reflect that fact. The court orders Microsoft and the IPPs to meet and confer regarding a revised, joint letter rogatory directed to the appropriate judicial authority in the United Kingdom for Moon's testimony, and shall obtain Samsung's approval as to the form of the revised letter rogatory. The revised proposed letter rogatory shall be filed within seven days of the date of this order.

## IV. CONCLUSION

For the foregoing reasons, Microsoft and the IPPs' motion for issuance of a letter rogatory to compel Moon's deposition is granted.

**IT IS SO ORDERED.**

Dated: June 16, 2017

_____
Donna M. Ryu
United States Magistrate Judge

