# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 4:13-md-02420-YGR (DMR)<br><br>**ORDER DENYING NON-PARTY SIMPLO TECHNOLOGY US LOGISTIC CO. LTD.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Dkt. Nos. 1982 |

On October 6, 2017, Non-Party Simplo Technology US Logistic Co. Ltd. ("Simplo US") filed a Motion for Relief from Non-Dispositive Pretrial Order (Dkt. No. 1982), seeking relief from Magistrate Judge Ryu's order granting plaintiffs' motion to compel compliance with a subpoena on Simplo US for production of certain data from its corporate parent, non-party Simplo Taiwan (Dkt No. 1968).

A motion for relief from a non-dispositive order should only be granted when the moving party establishes that the non-dispositive order by the magistrate judge is clearly erroneous or contrary to law. Fed. R. Civ. P. 72; *see Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir.1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); *Barnes & Noble, Inc. v. LSI Corp.,* No. C–11–2709 EMC, 2013 WL 841334, at *1 (N.D.Cal. Mar. 6, 2013) (same). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Barnes & Noble*, 2013 WL 841334 at *1 (internal citations and quotations omitted). This standard of review is extremely deferential. *Id.*

The Court has considered the papers submitted in support of the motion, and the underlying letter brief in support and hearing transcript. The Court finds that Simplo US has not satisfied its burden under Rule 72(a) of Federal Rules of Civil Procedure to show that Magistrate Judge Ryu's order was "clearly erroneous or [] contrary to law."

Magistrate Judge Ryu followed the controlling Ninth Circuit *Citric Acid* test. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1106-08 (9th Cir. 1999) ("[w]here the relationship is thus such that the subsidiary can secure documents of the parent to meet its own business needs, courts have not permitted the subsidiary to deny control for purposes of discovery by an opposing party.") The decision indicates that the magistrate judge weighed the competing evidence offered by the parties and found that Simplo US has a legal right to control the data at issue here. The Court finds no indication of clear error.

Consequently, Simplo US's Motion for Relief from Non-Dispositive Order is **DENIED**.

**IT IS SO ORDERED.**

This order terminates Dkt. No. 1982.

Dated: October 19, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**