# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION**<br><br>---------------------------------<br><br>**This Order Relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | **Case No.: 13-MD-2420 YGR**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART, WITHOUT PREJUDICE, MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**<br><br>**DKT. NO. 1814** |

In connection with their motion for final approval of the class action settlement between Indirect Purchaser Plaintiffs ("IPPs" or "Plaintiffs") and defendants Hitachi Maxell, Ltd. and Maxell Corporation of America (collectively, "Hitachi"), NEC Corporation ("NEC"), and LG Chem, Ltd. and LG Chem America (collectively, "LG Chem"), IPPs have moved the Court for attorneys' fees, a portion of their litigation expenses, and service awards for the named class representatives as follows:

1. Award 25% of the total $44,950,000 settlement to attorneys' fees in the amount of $11,240,000;

2. Reimbursement of a portion of litigation expenses incurred in the amount of $4,159,515.28. The categories of litigation expenses for which Class Counsel seeks reimbursement are as follows:

    a. payments made to expert economists;

    b. payments made to vendors for document hosting services; and

    c. payments made to vendors for the translation of foreign language documents; and

3. service awards totaling $34,500 ($1,500 each for each Class Representative).

(Dkt. No. 1814.)

The litigation in this action continues between IPPs and the remaining defendants. The total settlement amounts to date approach the characteristics of a so-called "megafund" case, in which a

fee amount approaching the 25 percent benchmark may result in a windfall. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("where awarding 25% of a 'megafund' would yield windfall profits for class counsel in light of the hours spent on the case, courts should adjust the benchmark percentage or employ the lodestar method instead"). Further, the settlement with the Sony defendants has been approved, but no amount of attorneys' fees was determined in connection with that approval yet. Given these facts, the Court is not prepared to make a full award of attorneys' fees at this time.

However, IPPs' counsel has litigated this action for several years, on a contingency basis and at significant expense. IPPs are unquestionably entitled to some amount of attorneys' fees based upon the settlement agreements entered with Hitachi, NEC, and LG Chem. Thus, the Court **GRANTS IN PART AND DENIES IN PART** the motion as follows:

(1) the Court **GRANTS** a partial attorney fee payment of **$4,495,000.00**, *i.e.*, 10% of the settlement fund from Hitachi, NEC, and LG Chem, to be offset from the final attorneys' fee award to IPPs' counsel;

(2) the Court **DENIES** the request for an award of attorneys' fees equal to 25% of the common fund **WITHOUT PREJUDICE** to a further motion for additional attorneys' fees;

(3) the request for payment of certain categories of litigation expenses incurred is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. The Court awards the requested reimbursement of expenses for document repository/hosting services and document translation services, in the total amount of **$860,188.50**. The Court does not reach the question of the propriety of the amounts or categories of the other expenses sought to be paid out of the common fund at this time.[1] However, IPPs are reminded that they must offer sufficient evidence and authority for awarding such expenses in connection with any renewed motion.

---

[1] The Court notes that the supplemental filing by IPPs, which provided summary information for comparable settlements, did not (and was not required to) include information sufficient to advise whether these types of expenses, the dollar amounts of which are significant, were included in, or awarded separately from, the attorney fee awards in those cases. In connection with any future requests for fees and expenses in this action, the Court will require this breakdown of the information in comparable cases to be provided.

(4) the request for payment of service awards to the named class representatives in the total amount of **$34,500.00** ($1,500.00 each for each Class Representative) is **GRANTED**.

**IT IS SO ORDERED**.

This terminates Docket No. 1814.

Dated: October 27, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**