1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR<br><br>MDL No. 2420<br><br>**ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH SAMSUNG SDI DEFENDANTS** |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | Date:    December 19, 2017<br>Time:    2:00 p.m.<br>Judge:   Hon. Yvonne Gonzalez Rogers<br>Location: Courtroom 1 |

On November 17, 2017, Direct Purchaser Plaintiffs ("Plaintiffs") filed a Motion for Certification of Settlement Classes and Preliminary Approval of Class Action Settlements, including with Defendants Samsung SDI Co. Ltd. and Samsung SDI America, Inc. (together "Samsung SDI"). The Court, having reviewed the Motion, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the Motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement, to the extent not contradictory or mutually exclusive.

2.    The Court hereby preliminarily approves the settlement agreement, which is attached hereto as Exhibit A.

3.    The Court finds that the settlement falls within the range of possible approval and that there is a sufficient basis for notifying the settlement class and for setting a Fairness Hearing.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following settlement class for purposes of this Motion only with respect to Samsung SDI:

> All persons and entities that purchased a Lithium Ion Battery or Lithium Ion Battery Product from any Defendant, or any division, subsidiary or affiliate thereof, or any co-conspirator in the United States during the Class Period, from January 1, 2000 through May 31, 2011. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any Co-Conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and any judge or jurors assigned to this case.

5.    The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied for settlement purposes in that: (i) there are thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (ii) there are questions of law and fact common to the settlement class which predominate over individual issues; (iii) the claims or defenses of the settlement class plaintiffs are typical of the claims or defenses of the settlement class; (iv) the plaintiffs will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in antitrust class action litigation who

1

1   have, and will continue to, adequately represent the settlement class; and (v) a settlement class

2   resolution is superior to individual settlements.

3         6.    The Court hereby appoints the Plaintiffs named in the Direct Purchaser Plaintiffs'

4   Second Consolidated Amended Complaint, ECF No. 415 (Apr. 8, 2014) ("SCAC"), as Class

5   Representatives of the settlement class.

6         7.    The Court appoints the law firms of Saveri & Saveri, Inc.; Pearson, Simon &

7   Warshaw, LLP; and Berman Tabacco to serve as Class Counsel for the settlement class.

8         8.    The Court approves the form of the Long-Form Notice attached hereto as Exhibit B

9   ("Long-Form Notice"). The Court also approves the form of the Short-Form Notice attached hereto

10   as Exhibit C ("Short-Form Notice"). The Court finds that taken together, mailing of the Long-Form

11   Notice (via U.S. Mail or electronic mail), publication of the Short-Form Notice, and internet

12   posting of the Long-Form Notice are: (i) the best notice practicable; (ii) reasonably calculated,

13   under the circumstances, to apprise the settlement class members of the proposed settlement and of

14   their right to object or to exclude themselves as provided in the settlement agreement; (iii)

15   reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive

16   notice; and (iv) meet all applicable requirements of due process and any other applicable

17   requirements under federal law.

18         9.    The Court approves the Proof of Claim form, attached hereto as Exhibit D ("Proof

19   of Claim form").

20         10.    The Court preliminarily approves the proposed plan of allocation set forth in the

21   Motion and the class notices.

22         11.    Plaintiffs' settlement administrator shall provide notice of the class settlement. The

23   settlement administrator shall provide direct notice of the settlement to all members of the

24   settlement class, previously identified by the settlement administrator in connection with the Sony

25   settlement, on or before **January 11, 2018**, by sending the Long-Form Notice to class members via

26   first class U.S. mail (postage prepaid) or by electronic mail. The settlement administrator shall

27   publish the Short-Form Notice in the national edition of the *Wall Street Journal* on or before

28   **January 18, 2018**. The settlement administrator shall also cause a copy of the class notices and

2

ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT WITH SAMSUNG SDI DEFENDANTS—Case No. 13-md-02420-YGR

1    settlement agreement to be posted on the website

2    www.batteriesdirectpurchaserantitrustsettlement.com on or before **January 11, 2018**.

3         12.     Each settlement class member shall have the right to be excluded from the

4    settlement class by mailing a request for exclusion to the settlement administrator no later than

5    **March 1, 2018**. Requests for exclusion must be in writing and set forth the name and address of

6    the person or entity who wishes to be excluded, as well as all trade names or business names and

7    addresses used by such person or entity, and must be signed by the class member seeking

8    exclusion. No later than **March 15, 2018**, Class Counsel shall file with the Court a list of all

9    persons or entities who have timely requested exclusion from the settlement class as provided in

10   the settlement agreement.

11        13.     Any settlement class member who does not properly and timely request exclusion

12   from the settlement class as provided above shall, upon final approval of the settlement, be bound

13   by the terms and provisions of the settlement so approved, including but not limited to the releases,

14   waivers, and covenants described in the agreement, whether or not such person or entity objected

15   to the settlement agreement and whether or not such person or entity makes a claim upon the

16   settlement funds.

17        14.     Each settlement class member who has not timely excluded itself from the

18   settlement shall have the right to object to (1) the settlement, and/or (2) the plan of allocation by

19   filing written objections with the Court no later than **March 1, 2018**. Failure to timely file written

20   objections will preclude a class member from objecting to any or all of the settlement.

21        15.     Each settlement class member as provided above shall have the right to appear at the

22   Fairness Hearing by filing a Notice of Intention to Appear no later than **March 1, 2018**.

23        16.     Each settlement class member shall have until **April 26, 2018**, to complete and

24   postmark the Proof of Claim form, or submit it on the website

25   www.batteriesdirectpurchaserantitrustsettlement.com.

26        17.     The Court will conduct a Fairness Hearing on **May 8, 2018**, at 2:00 p.m. The

27   Fairness Hearing will be conducted to determine the following:

28

3

ORDER GRANTING SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT WITH SAMSUNG SDI DEFENDANTS—Case No. 13-md-02420-YGR

a.   Whether the proposed settlement is fair, reasonable, and adequate, and should be granted final approval;

b.   Whether final judgment should be entered dismissing with prejudice the claims of the settlement class against Samsung SDI;

c.   Approval of the plan of allocation; and

d.   Such other matters as the Court may deem appropriate.

18.   The Court will also hear Plaintiffs' Application for Attorneys' Fees and Expenses and Incentive Awards ("Fee and Expense Application") concurrently with the Fairness Hearing. Plaintiffs shall file their Fee and Expense Application no later than **February 8, 2018**. Plaintiffs shall post their Fee and Expense Application and all supporting materials on the website www.batteriesdirectpurchaserantitrustsettlement.com on the same day. Each settlement class member shall have the right to object to the Fee and Expense Application by filing written objections with the Court no later than **March 1, 2018**. Plaintiffs shall file a reply brief responding to any timely objection no later than **March 29, 2018**.

19.   Each member of the settlement class shall retain all rights and causes of action with respect to claims against the remaining defendants other than Samsung SDI regardless of whether such member of the settlement class decides to remain in the settlement class or to exclude itself from the settlement class.

20.   All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **March 29, 2018**.

21.   Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the settlement agreement.

22.   All further direct purchaser class proceedings as to Samsung SDI are hereby stayed except for any actions required to effectuate the settlement.

23.   The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

IT IS SO ORDERED.

Dated:  December 22, 2017

Hon. Yvonne Gonzalez Rogers
United States District Judge

4

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-MD-2420-YGR |
| | MDL No. 2420 |
| This Document Relates to: | |
| ALL DIRECT PURCHASER PLAINTIFF ACTIONS | **SETTLEMENT AGREEMENT** |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 2nd day of August, 2017 by and between Samsung SDI Co. Ltd. and Samsung SDI America, Inc. (collectively "Samsung SDI"), and the direct-purchaser plaintiff class representatives (individually, "Plaintiff" and collectively, "Plaintiffs"), both individually and on behalf of the "Class", as more particularly defined in Paragraph 2 below. This Agreement is intended to fully, finally, and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the conditions hereof.

WHEREAS, Plaintiffs are prosecuting the above *In Re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-2420-YGR (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, Samsung SDI;

WHEREAS, Plaintiffs allege that Samsung SDI participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Lithium Ion Battery Cells at artificially high levels in violation of Section 1 of the Sherman Act;

WHEREAS, Samsung SDI admits certain of Plaintiffs' allegations, as well as denies

certain of Plaintiffs' allegations, and has asserted defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving their claims against Samsung SDI according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, Samsung SDI, despite its belief that it is not liable for some or all of the claims asserted and has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Samsung SDI, based on the allegations of the Action, as more particularly set out below;

WHEREAS, arms' length settlement negotiations have taken place among Samsung SDI and Interim Co-Lead Counsel, as defined below, and this Agreement, which embodies all the terms of conditions of the settlement between Samsung SDI, Plaintiffs, and the Class has been reached as provided herein;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that (subject to the approval of the Court) the Action be settled, compromised, and dismissed on the merits with prejudice as to Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, or Releasees, on the following terms and conditions:

A.   Definitions.

1.      For purposes of this Agreement, "Plaintiffs" means Automation Engineering LLC; Charles Carte; Alfred H. Siegel, acting in his representative capacity as the Liquidating

2

Trustee of Circuit City Stores, Inc. Liquidating Trust; First Choice Marketing, Inc.; James

O'Neil; Alfred T. Giuliano, acting in his representative capacity as the Chapter 7 Trustee of Ritz

Camera & Image, LLC; The Stereo Shop; Univisons-Crimson Holding, Inc.; and Terri Walner,

as well as any other person or entity added as a Plaintiff in the Action.

    2.      For purposes of this Agreement, "the Class" is defined as

> All persons and entities that purchased a Lithium Ion Battery or
> Lithium Ion Battery Product from any Defendant, or any division,
> subsidiary or affiliate thereof, or any co-conspirator in the United
> States during the Class Period, from January 1, 2000 through May
> 31, 2011. Excluded from the Class are Defendants, their parent
> companies, subsidiaries and affiliates, any co-conspirators, federal
> governmental entities and instrumentalities of the federal
> government, states and their subdivisions, agencies and
> instrumentalities, and any judge or jurors assigned to this case.

    3.      For purposes of this agreement, "Defendants" means LG Chem, Ltd.; LG Chem

America, Inc.; Samsung SDI Co. Ltd.; Samsung SDI America, Inc.; Panasonic Corporation;

Panasonic Corporation of North America; SANYO Electric Co., Ltd.; SANYO North America

Corporation; Sony Corporation; Sony Energy Devices Corporation; Sony Electronics Inc.;

Hitachi Maxell, Ltd.; Maxell Corporation of America; NEC Corporation; NEC Tokin

Corporation; and Toshiba Corporation.   The parties to this Agreement hereby stipulate for

purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal

Rules of Civil Procedure are satisfied.

    4.    For purposes of this Agreement, "Lithium Ion Battery" ("Li-Ion Batteries"),

"Lithium Ion Battery Cell(s)" ("Li-Ion Cells"), and "Lithium Ion Battery Products" ("Li-Ion

Products") shall have the meanings as defined or otherwise referenced in the Direct Purchaser

Plaintiffs' Second Consolidated Amended Complaint (Apr. 8, 2014) (ECF No. 415) (the

"Complaint").

5.     "Releasees" shall refer to Samsung SDI, and to all of its respective past and present, direct and indirect, parent companies, subsidiaries, and affiliates, and all of their respective past and present, direct and indirect, parent companies, subsidiaries, and affiliates; the predecessors, successors, and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing and shall explicitly include all Samsung entities and their former and successor entities that sold Lithium Ion Batteries and Lithium Ion Battery Products. "Releasees" does not include any Defendant in the Action other than Samsung SDI.

6.     "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

7.     "Releasors" shall refer to the Plaintiffs and Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent companies, subsidiaries, affiliates, partners, insurers, and all other persons, partnerships, corporations, receivers, and bankruptcy trustees with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing.

8.     "The Settlement Fund" shall be $24,500,000 US dollars specified in Paragraph 18 plus accrued interest on said deposits once in escrow as set forth in Paragraph 19.

9.     "Interim Co-Lead Counsel" or "Class Counsel" shall refer to the law firms of:

SAVERI & SAVERI, INC.
R. Alexander Saveri
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
rick@saveri.com

PEARSON, SIMON & WARSHAW, LLP
Bruce L. Simon
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

BERMAN DEVALERIO
Joseph J. Tabacco, Jr.
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
jtabacco@bermandevalerio.com

B.     Approval of this Agreement and Dismissal of Claims Against Samsung SDI.

10.     Plaintiffs and Samsung SDI shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to Samsung SDI.

11.     Plaintiffs shall submit to the Court a motion for preliminary approval of the settlement and for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Class Members (the "Motion"). If notice to the Class is given jointly with notice of any other class settlement, for purposes of Paragraph 21 below, the costs of notice and claims administration shall be prorated among the settlement funds

established for other such settling defendants based on their respective settlement amounts. The Motion shall include: (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. Interim Co-Lead Counsel shall provide Samsung SDI with the text of the foregoing items (i) and (ii) before submission of the Motion and shall cooperate with Samsung SDI with respect to the contents of both documents, with the understanding that, among other things, individual notice of the settlement shall be mailed by regular mail or email, with appropriate notice by publication (in the event required by the Court), with all expenses paid from the Settlement Fund subject to Paragraph 21(a). The proposed form of order shall include such provisions as are typical in such orders, including finding that the proposed plan of notice complies with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. Plaintiffs acknowledge that Samsung SDI has previously supplied Co-Lead Counsel with the names and addresses of potential Class Members reasonably available in Samsung SDI's sales database. The Motion shall recite and ask the Court to find that the mailing of the notice of settlement to all members of the Class who can be identified upon reasonable effort constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rules of Civil Procedure 23.

12.     Plaintiffs shall seek, and Samsung SDI will not object unreasonably to the entry of, an order and final judgment, the text of which Plaintiffs and Samsung SDI shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a)     certifying the Class described in Paragraph 2, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement as a settlement

class;

(b)      as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)      finding that all Class Members shall be bound by this Agreement, including the release provisions and covenant not to sue set forth in this Agreement;

(d)      as to Samsung SDI, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without provision that Samsung SDI pay any separate attorneys' fees or costs;

(e)      finding that the notice given constitutes due, adequate and sufficient notice and meets the requirements of due process and the Federal Rules of Civil Procedure;

(f)      reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the United States District Court for the Northern District of California; and

(g)      determining under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and directing that the judgment of dismissal with prejudice as to Samsung SDI shall be final.

13.      This Agreement shall become final when: (i) the Court has entered a final order certifying the Class described in Paragraph 2 and approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action with prejudice as to Samsung SDI against all Class Members and without attorneys' fees or costs other than those provided for in this Agreement; and (ii) the time for appeal or to seek permission to appeal

from the Court's approval of this Agreement and entry of a final judgment as to Samsung SDI described in (i) hereof has expired without appeal, or, if appealed, approval of this Agreement and the final judgment as to Samsung SDI have been affirmed in their entirety, or the appeal has otherwise been finally dismissed, by the court of last resort to which such appeal has been taken and such affirmance or dismissal has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 6 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the date that Plaintiffs and Samsung SDI have executed this Agreement, Plaintiffs and Samsung SDI shall be bound by its terms and this Agreement shall not be terminated or otherwise rescinded except in accordance with Paragraphs 19(h) or 30 of this Agreement.

14.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents, and discussions associated with them, shall be deemed or construed to be an admission by Samsung SDI (or the other Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Samsung SDI (or the other Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, as defined in Paragraph 15, or as otherwise required by law.  This Paragraph 14 shall survive the

termination or rescission of this Agreement.

C.   Release, Discharge, and Covenant Not to Sue.

15.   In addition to the preclusive effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 13 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 18 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, judgments, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, claims, causes of action, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to the allegations in the Complaint and any act or omission of the Releasees (or any of them) that is alleged in the Complaint up to the date of the execution of this Agreement, or that could have been alleged in the Complaint or in any other complaint filed in the Action, such as those arising under common law or any federal, state or foreign antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, consumer protection or deceptive trade practice law (the "Released Claims"). The Released Claims do not include claims for product defect or personal injury or breach of contract (unless based on the allegations in the Complaint) arising in the ordinary course of business or indirect purchaser claims for Li-Ion Cells, Li-Ion Batteries or Li-Ion Products that were not purchased

directly from Defendants or their subsidiaries, affiliates, or alleged co-conspirators. Releasors shall not, after the date of this Agreement, sue or otherwise seek to establish liability against any Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims. For purposes of clarity, the Released Claims include any claims under foreign antitrust or competition laws or state antitrust or competition laws that relate to or arise out of the subject of the Complaint, but do not include any foreign antitrust or competition law claims or any state law indirect-purchaser claims that relate to or arise out of the sale of Li-Ion Cells, Li-Ion Batteries or Li-Ion Products that: (a) were not purchased from a Defendant, a subsidiary or affiliate of a Defendant, any of the Releasees or an alleged co-conspirator in the Action; or (b) were not billed to or shipped to or through the United States, or would otherwise not fall within the jurisdictional reach of the Sherman Act as amended by the Foreign Trade Antitrust Improvements Act of 1982.

16.     In addition to the provisions of Paragraph 15 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law or common law principle of any state or territory of the United States, or any other jurisdiction, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement

becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 15 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

17.     The release, discharge, and covenant not to sue set forth in Paragraph 15 of this Agreement does not include claims by any of the Class Members other than the Released Claims and does not preclude Class Members from pursuing claims based on indirect sales or foreign sales of Li-Ion Cells, Li-Ion Batteries or Li-Ion Products so long as such claims are not based on the same purchases included as part of the Released Claims defined in Paragraph 15. The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against any of the Releasees based, in whole or in part, upon any of the Released Claims.

D.     Settlement Amount.

18.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Samsung SDI shall pay the Settlement Amount of $24,500,000 (the "Settlement Amount"), and no additional amount at any time, whether for wire transfer fees or bank fees of any kind associated with the wire transfer of funds, interest, notice, administration costs, attorneys' fees, or otherwise. The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 19 of this Agreement (the "Escrow Account") within forty-five (45) days after execution of this Agreement.

19.     Escrow Account.

(a)     The Escrow Account will be established at Citibank N.A.— Citi Private

11

Bank, San Francisco, California, with such Bank serving as escrow agent ("Escrow Agent"), such escrow to be administered under the Court's continuing supervision and control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.

(c)     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     Plaintiffs and Samsung SDI agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 19, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent or its designee shall timely and properly file all informational and

other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(l)). Such returns (as well as the election described in Paragraph 19(d)) shall be consistent with Paragraph 19(d) and in all events shall reflect that all Taxes, as defined below (including any estimated taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 19(f) hereof.

(f)     All of the following shall be paid out of the Settlement Fund: (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Samsung SDI or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 19(a)–19(b) and 19(d) through 19(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 19(f) ("Tax Expenses")).

(g)     Neither Samsung SDI nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses or for obtaining or maintaining the tax status desired for the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to

pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Plaintiffs and Samsung SDI agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 19(d) through 19(f).

(h)     If this Agreement does not receive final Court approval, including final approval of "the Class" as defined in Paragraph 2 above or if the Action is not certified as a class action for settlement purposes, or if this Agreement is terminated as provided herein, or the Judgment is overturned on appeal or by writ, then all amounts paid by Samsung SDI into the Settlement Fund (other than notice costs expended in accordance with Paragraph 21(a)) shall within thirty (30) calendar days be returned to Samsung SDI from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

20.    Exclusions

(a) Within ten (10) business days after the end of the period to request exclusion from the Class, Interim Co-Lead Counsel will cause copies of timely requests for exclusion from the Class to be provided to counsel for Samsung SDI. To the extent that Samsung SDI determines in good faith that valid and timely requests for exclusion or to opt out from the Class have been made by potential members of the Class who in the aggregate account for purchases of Li-Ion Cells, Li-Ion Batteries and Li-Ion Products in an amount equivalent to or greater than thirty-five percent (35%) of Defendants' total sales in the United States of such products between May 1, 2002 through May 31, 2011, then Samsung SDI may at its sole discretion terminate this Agreement or proceed with this Agreement. If Samsung SDI elects to terminate this Agreement, it shall do so within twenty (20) calendar days after receiving the final list of members of the Class seeking to be excluded from the Class.

(b) If Samsung SDI terminates this Agreement pursuant to Paragraph 18(a), then (i) this Agreement shall be null and void as to Samsung SDI and shall have no force or effect and shall be without prejudice to the rights and contentions of Releasees and Releasors in this or any other litigation; and (ii) all amounts paid by Samsung SDI into the Settlement Fund (other than notice costs expended in accordance with Paragraph 19(a)) shall be returned to Samsung SDI. from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days from the date of termination of this Agreement.

(c)     With respect to any potential Class Member who requests exclusion from the Class, Samsung SDI reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Class Member is a direct purchaser of any allegedly price-fixed product and/or has standing to bring any claim.

21.     <u>Payment of Expenses</u>.

(a)     Samsung SDI agrees to permit use of a maximum of $500,000 of the Settlement Fund towards notice to the Class and the costs of administration of the Settlement Fund. The $500,000 in notice and administration expenses are not refundable if this settlement does not become final to the extent such funds are expended for notice and administration costs. Other than as set forth in this Paragraph 21(a), neither Samsung SDI nor any of the other Releasees under this Agreement shall be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for Class administration and costs.

(b)     If Interim Co-Lead Counsel enters into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Interim Co-Lead Counsel shall

use its reasonable best efforts to provide a single notice to prospective members of the Class of all of the settlements.

E.  The Settlement Fund.

22.  Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Releasees of all Released Claims, and shall have no other recovery against Samsung SDI or any other Releasee.

23.  After this Agreement becomes final within the meaning of Paragraph 13, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the allocation of settlement amounts among Class Members or the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in Paragraph 21(a) of this Agreement. The Releasors hereby fully, finally and forever release, relinquish and discharge the Releasees and their counsel from any and all such liability.

24.  Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. Neither Samsung SDI nor any of the other Releasees under this Agreement shall be liable for any costs, attorneys' fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

25.  Class Counsel's Attorneys' Fees And Reimbursement of Expenses.

(a)  Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund and Samsung

SDI shall not oppose such application for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs, and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(d)     Neither Samsung SDI nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee or Expense Award in the Action.

(e)     Neither Samsung SDI nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, or any other person who may assert some claim thereto, of any Fee or

Expense Award that the Court may make in the Action.

F.    <u>Cooperation</u>.

26.    SDI has provided cooperation to date under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, 118 Stat. 666 ("ACPERA"). In addition to its obligations under ACPERA, which shall continue until this Action is finally dismissed against all Defendants, Samsung SDI shall make its best effort to cooperate with Interim Co-Lead Counsel as follows:

(a)    To the extent not already produced, Samsung SDI shall produce all English translations of any documents that it provided to the United States Department of Justice in connection with its investigation of potential collusion concerning Lithium Ion Batteries, to the extent they exist, within fifteen (15) business days after Preliminary Approval by the Court of this Agreement.

(b)    Samsung SDI shall respond to reasonable requests (including, if necessary, by providing reasonable telephonic access to appropriate employees) for clarification of the transactional, production and cost data that Samsung SDI has produced or will produce in the Action.

(c)    Any documents Samsung SDI produces to any other party in the Action, Samsung SDI shall produce to Interim Co-Lead Counsel within ten (10) days of the production to such other party. Samsung SDI shall also notify Interim Co-Lead Counsel of any proffers or other cooperation under ACPERA or otherwise it provides in any action relating to the alleged conspiracy, and allow Interim Co-Lead Counsel to participate in or otherwise receive the benefit of such cooperation.

(d)     Samsung SDI agrees to use reasonable efforts to make available for a single interview and/or a single deposition, via videoconference or at a mutually agreed upon location, not less than four (4) persons, who may consist of current directors, officers, and/or employees of Samsung SDI (or former directors, officers and/or employees of Samsung SDI, if such former employees agree to cooperate) whom Interim Co-Lead Counsel, in consultation with counsel for Samsung SDI, reasonably and in good faith believe to have knowledge regarding the conduct alleged in the Complaint. Interviews shall be limited to a total of six (6) hours over one day per interview and can be conducted telephonically from overseas at the witness's choice. Depositions shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure, regardless of the location at which they take place or the citizenship of the deponent. Samsung SDI also agrees to use good faith efforts to obtain the cooperation of former directors, officers and/or employees, as part of the four (4) witnesses identified above, if Interim Co-Lead Counsel asks Samsung SDI to include such individuals within the list of four (4). Plaintiffs and Samsung SDI shall meet and confer on the allocation for reimbursement of  reasonable travel expenses incurred by witnesses pursuant to this Paragraph, consistent with the Guidelines for Limiting Costs and Expenses, Including Attorneys' Fees (Exhibit A to ECF No. 202). Plaintiffs may continue to participate in, and ask questions during, any depositions of Samsung SDI witnesses noticed by other parties in the Action, and such participation will not count against the four (4) individuals identified pursuant to this Paragraph. Any Samsung SDI witness who has already been deposed in the Action may only be interviewed pursuant to this Paragraph and may not be deposed again.

(e)     Samsung SDI agrees to use reasonable efforts to make available for testimony at trial, which shall be at the United States Courthouse of the United States District Court for the Northern District of California, not less than three (3) persons, who may consist of current directors, officers, and/or employees of Samsung SDI (or former directors, officers and/or employees of Samsung SDI, if such former employees agree to cooperate) whom Interim Co-Lead Counsel, in consultation with counsel for Samsung SDI, reasonably and in good faith believe to have knowledge regarding the conduct alleged in the Complaint.

(f)     Samsung SDI agrees to provide to the extent it is reasonably practicable declarations, affidavits, or other evidence to provide information with respect to Samsung SDI's purchases, sales, pricing, production, capacity and cost of its Li-Ion Cell, Li-Ion Battery, Li-Ion Battery Pack, and/or Li-Ion Products, as well as documents (if any) related to the conduct alleged in the Complaint. Both parties agree that Samsung SDI has already made substantial and reasonable productions related to this matter. Upon additional reasonable request, Samsung SDI agrees to provide Interim Co-Lead Counsel with supplemental productions of documents or data to the extent reasonably available.

(g)     To the extent reasonably practicable, Samsung SDI agrees to authenticate and lay a foundation, through affidavits or declarations, for admission into evidence any of Samsung SDI's produced documents and data and/or documents or data produced pursuant to subparagraph (h) above. If the affidavits or declarations previously identified are insufficient to authenticate and lay the foundation into evidence of any Samsung SDI produced documents or data and/or documents or data produced pursuant to subparagraph (h) above, to the extent reasonably practicable, Samsung SDI shall provide

one witness who will authenticate to the best of their ability and lay the foundation for admission into evidence any Samsung SDI produced documents or data and/or documents or data produced pursuant to subparagraph (h) above. Should both parties agree that additional witnesses may be necessary, the parties will meet and confer to discuss the necessity and logistics of obtaining such additional witnesses.

(h)    If any document protected by the attorney-client privilege, attorney work-product protection, joint defense or any other protection, privilege, or immunity is accidentally or inadvertently produced under this Paragraph, the document shall promptly be destroyed and/or returned to Samsung SDI, and its production shall in no way be construed to have waived any privilege or protection attached to such document.

(i)    Plaintiffs and Interim Co-Lead Counsel agree they will not use the information provided by Samsung SDI or their representatives under this Paragraph for any purpose other than the pursuit of the Action, and will not publicize the information beyond what is reasonably necessary for the prosecution of the Action or as otherwise required by law. Any documents and other information provided will be deemed "Highly Confidential" and subject to the protective order entered in the Action as if they had been produced in response to discovery requests and so designated. Plaintiffs and Samsung SDI will take reasonable efforts to accommodate the other's efforts to minimize duplication in the providing of any cooperation.

27.    In the event that this Agreement fails to receive final approval by the Court as contemplated in Paragraphs 10–13 hereof, including final approval of the "Class" as defined in Paragraph 2 above, or in the event that it is terminated by either party under any provision herein, the parties agree that neither Plaintiffs nor Plaintiffs' counsel shall be permitted to

introduce into evidence, at any hearing, or in support of any motion, opposition or other pleading in the Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of this Action, any deposition testimony or any documents provided by the Releasees, their counsel, or any individual made available by the Releasees pursuant to the cooperation provisions of Paragraph 26,

28.     Except as provided in Paragraph 26 of this Agreement, Samsung SDI need not respond to formal discovery from Plaintiffs, or supplement prior responses to formal discovery that has been previously propounded by Plaintiffs or otherwise participate in the Action during the pendency of this Agreement. Samsung SDI agrees to withdraw all outstanding discovery served on Plaintiffs to the extent such discovery was not served concurrently with another Defendant who remains in the Action, and neither Samsung SDI nor Plaintiffs shall file motions against the other during the pendency of the Agreement.

29.     Samsung SDI and Plaintiffs agree not to disclose publicly or to any other Defendant the terms of this Agreement until this Agreement is submitted to the Court for approval.

G.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

30.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Paragraph 2 above, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 12 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Samsung SDI and the Plaintiffs, shall each, in their sole discretion, exercised in good faith, have the option to rescind this Agreement in its entirety.

Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 40 within thirty days of the event triggering the right to rescind. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund, or the allocation of the Settlement Fund as between Class Members, shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

31.     In the event that this Agreement does not become final or is rescinded or terminated in accordance with Paragraph 30, then this Agreement shall be of no force or effect and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Samsung SDI less only disbursements made in accordance with Paragraph 21(a) of this Agreement. Samsung SDI expressly reserves all of its rights and defenses if this Agreement does not become final.

32.     Further, and in any event, Plaintiffs and Samsung SDI agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Samsung SDI or the Releasees, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the Action, or by any person or entity in any other action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

33.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to each Releasee as provided in this Agreement.

34.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 10–13 hereof, appropriate notice of: (1) the settlement; and (2) a hearing at which the Court will consider the approval of this Agreement will be given to Class Members.

H.     <u>Miscellaneous</u>.

35.     This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than the Releasees. All rights against such other Defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. Neither Samsung SDI's sales, nor the sales of any related entity, to the Class shall be removed from the Action.

36.     The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Samsung SDI. This Agreement shall be governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles.

37.     This Agreement constitutes the entire, complete, and integrated agreement among Plaintiffs and Samsung SDI pertaining to the settlement of the Action against Samsung SDI, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Samsung SDI in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Samsung SDI, and approved by the Court.

38.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Samsung SDI. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Interim Co-Lead Counsel or Class Counsel shall be binding upon all Class Members and Releasors. The Releasees (other than Samsung SDI, which is a party hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

39.     This Agreement may be executed in counterparts by Plaintiffs and Samsung SDI, and a .pdf signature via email shall be deemed an original signature for purposes of executing this Agreement.

40.     Neither Plaintiffs nor Samsung SDI shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

41.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by email or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

42.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: August 2, 2017

R. ALEXANDER SAVERI
Email: rick@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810


BRUCE L. SIMON
Email: bsimon@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008



JOSEPH J. TABACCO, JR.
Email: jtabacco@bermandevalerio.com
BERMAN DEVALERIO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Interim Co-Lead Counsel for the
Direct Purchaser Plaintiffs*


By:
JOHN ROBERTI
John Roberti *(pro hac vice)*
Matthew R. Boucher *(pro hac vice)*
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

26

Dated: August 2, 2017

_____

R. ALEXANDER SAVERI
Email: rick@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810


_____

BRUCE L. SIMON
Email: bsimon@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008


_____

JOSEPH J. TABACCO, JR.
Email: jtabacco@bermandevalerio.com
BERMAN DEVALERIO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

*Interim Co-Lead Counsel for the
Direct Purchaser Plaintiffs*


By: _____

JOHN ROBERTI
John Roberti (*pro hac vice*)
Matthew R. Boucher (*pro hac vice*)
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

Michael S. Feldberg (*pro hac vice*)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

*Counsel for Samsung SDI Co. Ltd. and Samsung SDI America, Inc.*

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought a Lithium Ion Cell, Lithium Ion Battery, or Lithium Ion Battery Product, Class Action Settlements May Affect You.

A "Lithium Ion Battery" is a cylindrical, prismatic, or polymer battery that is rechargeable and uses lithium ion technology. A "Lithium Ion Battery Product" is a product manufactured, marketed, and/or sold by Defendants, their divisions, subsidiaries, or affiliates, or their alleged co-conspirators that contains one or more Lithium Ion Battery Cells manufactured by Defendants or their alleged co-conspirators. Lithium Ion Battery Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders, and power tools.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit brought on behalf of direct purchasers of Lithium Ion Battery Cells ("Li-Ion Cells"), Lithium Ion Batteries ("Li-Ion Batteries"), and Lithium Ion Battery Products ("Li-Ion Products") is currently pending.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain, or stabilize the prices of Li-Ion Cells. Plaintiffs further claim that direct purchasers from the Defendants of Li-Ion Cells, Li-Ion Batteries, and Li-Ion Products may recover for the effect that the conspiracy had on the prices of these devices. Plaintiffs allege that, as a result of the unlawful conspiracy involving Li-Ion Cells, they and other direct purchasers paid more for Li-Ion Cells, Li-Ion Batteries, and Li-Ion Products than they would have paid absent the conspiracy. Defendants deny Plaintiffs' claims.

- Settlements have been reached with the remaining Defendants: LG Chem, Ltd., and LG Chem America, Inc. (together "LG Chem"); Samsung SDI Co., Ltd., and Samsung SDI America, Inc. (together "Samsung SDI"); and TOKIN Corporation ("TOKIN"), formerly known as NEC TOKIN Corporation (collectively "Settling Defendants").

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the settlements and the lawsuit. Please read the entire Notice carefully.

**These rights and options—and deadlines to exercise them—are explained in this Notice:**

You may make a claim .................................................................................................*see* Question 9

You can object to or comment on the settlements or fee application.............................*see* Question 10

You may exclude yourself from one or more of the settlements....................................*see* Question 10

You may go to a hearing and comment on the settlements or fee application................*see* Question 12

- The Court in charge of this case still has to decide whether to approve the settlements.

**For More Information, Call 1-844-778-5952
or Visit www.BatteriesDirectPurchaserAntitrustSettlement.com.**

## WHAT THIS NOTICE CONTAINS

**Basic Information** ...............................................................................................................................Page 3

    1.  Why did I get this Notice?

    2.  Who are the Defendant companies?

    3.  What is this lawsuit about?

    4.  What is the status of the litigation?

    5.  What are Li-Ion Cells, Li-Ion Batteries, and Li-Ion Products?

    6.  What is a class action?

**The Settlement Classes** .......................................................................................................................Page 4

    7.  How do I know if I'm part of the settlement classes?

    8.  What do the settlements provide?

    9.  When can I get a payment?

    10.  What are my rights in the settlement classes?

    11.  What am I giving up to stay in the settlement classes?

**The Settlement Approval Hearing** ..................................................................................................... Page 5

    12.  When and where will the Court decide whether to approve the settlements?

    13.  Do I have attend the hearing?

**The Lawyers Representing You** .......................................................................................................... Page 6

    14.  Do I have a lawyer in the case?

    15.  How will the lawyers be paid?

**Getting More Information** .................................................................................................................. Page 6

    16.  How do I get more information?

# BASIC INFORMATION

## 1.    Why did I get this Notice?

You or your company may have directly purchased Li-Ion Cells, Li-Ion Batteries, and/or Li-Ion Products from January 1, 2000, through May 31, 2011. For purposes of the settlements, a direct purchaser is a person or business who bought a Li-Ion Cell, Li-Ion Battery, and/or Li-Ion Product directly from one or more of the Defendants, or any division, subsidiary, or affiliate thereof, or any alleged co-conspirator (as opposed to an intermediary, such as a retail store) in the United States.

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the settlements.

The Notice explains the litigation, the settlements, and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420-YGR. The people who sued are called "Plaintiffs," and the companies they sued are called "Defendants."

## 2.    Who are the Defendant companies?

The Defendant companies include LG Chem, Ltd.; LG Chem America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; SANYO Electric Co., Ltd.; SANYO North America Corporation; Sony Corporation; Sony Energy Devices Corporation; Sony Electronics, Inc.; Hitachi Maxell, Ltd.; Maxell Corporation of America; NEC Corporation; TOKIN Corporation, formerly known as NEC TOKIN Corporation; and Toshiba Corporation.

## 3.    What is this lawsuit about?

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of Li-Ion Cells for over ten years, resulting in overcharges to direct purchasers of Li-Ion Cells, Li-Ion Batteries, and Li-Ion Products. The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by agreeing to fix prices and restrict output of Li-Ion Cells by, among other things, face-to-face meetings and other communications, customer allocation, and the use of trade associations. Defendants deny Plaintiffs' allegations. The Court has not decided who is right.

## 4.    What is the status of the litigation?

Plaintiffs have now reached settlements with all of the Defendants in this Action. However, the litigation will continue in order to complete settlement approval, claims administration, and consider Plaintiffs' Application for Attorneys' Fees and Expenses and Incentive Awards.

## 5.    What are Li-Ion Cells, Li-Ion Batteries, and Li-Ion Products?

For the purposes of the settlements, the following definitions apply:

•   "Lithium Ion Battery Cell(s)" or "Li-Ion Cells" means the main components of Lithium Ion Batteries. A cell includes the cathode, anode, and electrolyte.

•   "Lithium Ion Battery" or "Li-Ion Battery" means a cylindrical, prismatic, or polymer battery that is rechargeable and uses lithium ion technology.

•   "Lithium Ion Battery Products" or "Li-Ion Products" means products manufactured, marketed, and/or sold by Defendants, their divisions, subsidiaries, or affiliates, or their alleged co-conspirators that contain one or more Lithium Ion Battery Cells manufactured by Defendants or their alleged co-conspirators. Lithium Ion Battery Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders, and power tools.

**For More Information, Call 1-844-778-5952
or Visit www.BatteriesDirectPurchaserAntitrustSettlement.com.**

## 6.   What is a class action?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are members of the class, except for those who exclude themselves from the class.

Important information about the case will be posted on the website **www.BatteriesDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

# THE SETTLEMENT CLASSES

## 7.   How do I know if I'm part of the settlement classes?

The settlement classes include persons and entities who, from January 1, 2000, through May 31, 2011, bought a Li-Ion Cell, Li-Ion Battery, and/or Li-Ion Product directly from one or more of the Defendants, or any division, subsidiary, or affiliate thereof, or any alleged co-conspirator (as opposed to an intermediary, such as a retail store) in the United States.

## 8.   What do the settlements provide?

The settlements provide for payments totaling $70,450,000.00 in cash as follows: Samsung SDI—$24.5 million; LG Chem—$41 million; TOKIN—$4.95 million. The LG Chem and Samsung SDI settlements also provide for continuing cooperation, including the production of witnesses, in case there is a trial. In addition, Settling Defendants' sales remain in the case for the purpose of computing damages against any remaining Defendants in the event of trial. In return for these payments, settlement class members are required to give up the claims asserted in this lawsuit.

More details are in the settlement agreements, available at
**www.BatteriesDirectPurchaserAntitrustSettlement.com**.

## 9.   When can I get a payment?

Distribution of the Samsung SDI, LG Chem, and TOKIN settlement funds will be made, along with settlement funds from previous settlements totaling $68,850,000.00 with the Sony, Maxell, NEC, Panasonic, and Toshiba Defendants, on a *pro rata* basis once the Court finally approves these settlements and authorizes distribution of the settlement funds. You must submit a claim to participate in the distribution.

Attached to this Notice is a Proof of Claim Form that has been approved by the Court. All claims must be submitted online or postmarked by **April 26, 2018**, to the address provided on the Proof of Claim Form. Additional Proof of Claim Forms may be obtained at www.BatteriesDirectPurchaserAntitrustSettlement.com, by calling 1-844-778-5952, or by writing to *In re Lithium Ion Batteries Antitrust Litigation*, Settlement Administrator, P.O. Box 4098, Portland, OR 97208-4098. Please do not contact the Court about claim administration.

The settlement funds will be allocated on a *pro rata* basis based on the dollar value of each class member's purchase(s) of Li-Ion Cells, Li-Ion Batteries, and/or Li-Ion Products in proportion to the total claims filed. For purposes of determining the *pro rata* allocation of the settlement funds, purchases of Li-Ion Batteries and/or Li-Ion Products will be valued according to the proportionate value of the Li-Ion Cells contained in the product. This will be determined by the number of cylindrical cells, or equivalent (by capacity) prismatic or polymer cell, typically contained in particular finished products or battery packs. For example, laptop computers typically contained six (6) cylindrical cells. Camcorders typically contained four (4) cylindrical cells. Cell phones and digital cameras typically contained one (1) prismatic cell of approximately one half the capacity and price of a typical cylindrical cell. These will count as one half of a cylindrical cell. If a class member purchased batteries or packs, or other products, they will be valued according to the number of cylindrical cells, or equivalent (by capacity) prismatic or polymer cell, they contained. The resulting amounts will be multiplied by the net settlement funds (total settlements plus accrued interest minus attorneys' fees, expenses, and class representative incentive awards) to determine each claimant's *pro rata* share of the Settlement Fund.

## 10.   What are my rights in the settlement classes?

**Remain in the settlement classes:** If you wish to remain a member of the settlement classes, you do not need to take any action at this time.

**For More Information, Call 1-844-778-5952
or Visit www.BatteriesDirectPurchaserAntitrustSettlement.com.**

**Get out of one or more of the settlement classes:** If you wish to keep your rights to sue LG Chem, Samsung SDI, and/or TOKIN about claims concerning the manufacture, supply, distribution, sale, or pricing of Li-Ion Cells—other than indirect purchaser claims, claims based on foreign purchases, or claims for product liability, personal injury, or breach of contract claims not related to the allegations in this case—you must exclude yourself from the settlement class(es) relating to the Defendant(s) you wish to retain your rights to sue. You will not get any money from the settlements from which you exclude yourself.

To exclude yourself from one or more of the settlement classes, you must send a letter that includes the following:

• Your name, address, and telephone number (include trade or business names, and address, and telephone numbers);
• A statement saying that you want to be excluded from the Direct Purchaser Plaintiff settlement class in *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420-YGR, as to each Defendant (LG Chem, Samsung SDI, and/or TOKIN) for which you wish to retain your rights to sue; and
• Your signature.

You must mail your exclusion request, postmarked no later than **March 1, 2018**, to the following address:

In re Lithium Ion Batteries Antitrust Litigation
Settlement Administrator
P.O. Box 4098
Portland, OR 97208-4098

**Remain in the settlement classes and object:** You can ask the Court to deny approval of one or more of the settlements by filing an objection. You can't ask the Court to order larger settlements; the Court can only approve or deny the settlements. If the Court denies approval of a settlement, no payments from that settlement will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlements in writing. You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420-YGR), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **March 1, 2018**.

### 11.   What am I giving up to stay in the settlement classes?

Unless you exclude yourself from the relevant settlement class(es), you can't sue LG Chem, Samsung SDI, or TOKIN, or be part of any other lawsuit against LG Chem, Samsung SDI, or TOKIN, about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" included in the settlement agreements includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the settlement agreements. The settlement agreements are available at **www.BatteriesDirectPurchaserAntitrustSettlement.com**.

# THE SETTLEMENT APPROVAL HEARING

### 12.   When and where will the Court decide whether to approve the settlements?

The Court will hold a Fairness Hearing at **2:00 p.m. on May 8, 2018**, at United States District Courthouse, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the settlement class website for information. At this hearing, the Court will consider whether the settlements are fair, reasonable, and adequate. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlements. We do not know how long these decisions will take.

### 13.   Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file or mail an objection, you don't have to come to Court to talk about it. As long as you filed or mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**For More Information, Call 1-844-778-5952
or Visit www.BatteriesDirectPurchaserAntitrustSettlement.com.**

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in the case?

Yes. The Court has appointed the law firms of Saveri & Saveri, Inc.; Pearson, Simon & Warshaw, LLP; and Berman Tabacco to represent you as "Class Counsel." You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense. The contact information for Class Counsel is as follows:

| CLASS COUNSEL | | |
|---|---|---|
| R. Alexander Saveri<br>Geoffrey C. Rushing<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111 | Bruce L. Simon<br>PEARSON, SIMON &<br>WARSHAW, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104 | Joseph J. Tabacco, Jr.<br>BERMAN TABACCO<br>44 Montgomery Street, Suite 650<br>San Francisco, CA 94104 |

## 15. How will the lawyers be paid?

Class Counsel will also submit an Application for Attorneys' Fees and Expenses and Incentive Awards to be heard at the same time as the Fairness Hearing on May 8, 2018. Class Counsel will ask the Court for attorneys' fees of 30% of the total settlement funds, of $139,300,000 (the sum of $70,450,000 from the current settlements and $68,850,000 from previous settlements with the Sony, Maxell, NEC, Panasonic and Toshiba Defendants), or $41,790,000. Class counsel will also request reimbursement of litigation costs and expenses not to exceed $3,900,000, in accordance with the provisions of the settlement agreements. Class Counsel may also request that an amount be paid to each of the class representatives who helped the lawyers on behalf of the whole class (known as an "incentive award").

Lead Counsel will file their Application for Attorneys' Fees and Expenses and Incentive Awards on or before February 8, 2018. On the same day, Lead Counsel will post their Application for Attorneys' Fees and Expenses and Incentive Awards on the settlement website, www.BatteriesDirectPurchaserAntitrustSettlement.com. You may comment on or object to Class Counsel's Application for Attorneys' Fees and Expenses and Incentive Awards by following the procedure set forth in Question 10 above. Any comment or objection must be filed with the Court or postmarked by **March 1, 2018**.

# GETTING MORE INFORMATION

## 16. How do I get more information?

This notice summarizes the proposed settlements. For the precise terms and conditions of the settlements, please see the settlement agreements available at **www.BatteriesDirectPurchaserAntitrustSettlement.com**, by contacting Class Counsel at the addresses listed above under Question 14, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at ecf.cand.uscourts.gov (using the instructions provided here: cand.uscourts.gov/existcasefaq and here: pacer.gov/psc/faq.html), or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THESE SETTLEMENTS OR THE CLAIM PROCESS.

Dated: **December 21, 2017**                                    BY ORDER OF THE COURT

# EXHIBIT C

<u>LEGAL NOTICE</u>

**If You Bought a Lithium Ion Cell, Lithium Ion Battery or Lithium Ion Battery Product, Class Action Settlements May Affect You.**

_____

**Lithium Ion Battery Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders and power tools.**

### Why was this notice published?

Settlements have been reached with the final three groups of defendants in a class action lawsuit involving Lithium Ion Cells ("Li-Ion Cells"), Lithium Ion Batteries ("Li-Ion Batteries") and Lithium Ion Battery Products ("Li-Ion Products"). A Li-Ion Battery is a cylindrical, prismatic or polymer battery that is rechargeable and uses lithium ion technology. A Li-Ion Product is a product manufactured, marketed and/or sold by Defendants, their divisions, subsidiaries or Affiliates, or their alleged co-conspirators that contains one or more Lithium Ion Cells manufactured by Defendants or their alleged co-conspirators. Li-Ion Products include, but are not limited to, notebook computers, cellular (mobile) phones, digital cameras, camcorders and power tools.

### What is this lawsuit about?

The lawsuit alleges that Defendants and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Li-Ion Cells. Plaintiffs further claim that direct purchasers from the Defendants of Li-Ion Cells, Li-Ion Batteries and/or Li-Ion Products manufactured by a Defendant may recover for the effect that the alleged conspiracy had on the prices of the purchased items. Plaintiffs allege that, as result of the unlawful conspiracy involving Li-Ion Cells, they and other direct purchasers paid more for Li-Ion Cells, Li-Ion Batteries and Li-Ion Products than they would have absent the conspiracy. Defendants deny Plaintiffs' claims.

### Who's included in the settlements?

The settlement classes include persons and entities who, from January 1, 2000 through May 31, 2011 bought a Li-Ion Cell, Li-Ion Battery and/or Li-Ion Product directly from one or more of the Defendants, or any division, subsidiary or affiliate thereof, or any alleged co-conspirator in the United States.

### Who are the Settling Defendants?

Settlements have been reached with Defendants LG Chem, Ltd. and LG Chem America, Inc. (together "LG Chem"); Samsung SDI Co. Ltd. and Samsung SDI America, Inc. (together "Samsung SDI"); and TOKIN Corporation ("TOKIN"), formerly known as NEC TOKIN Corporation (collectively "Settling Defendants"). A complete list of Defendants is set out in the Long Form of Notice available at www.BatteriesDirectPurchaserAntitrustSettlement.com.

### What do the settlements provide?

The settlements provide for payments totaling $70,450,000 in cash to the settlement classes. The settlement payments, along with $68,850,000 from previous settlements, plus interest, less court-awarded attorneys' fees, expenses and incentive awards, will be distributed to class members on a *pro rata* basis based on the value of their Li-Ion Cell, Li-Ion Battery and/or Li-Ion Product purchases. This will be determined by the number of cylindrical cells, or equivalent (by capacity) prismatic or polymer cell, typically contained in particular finished products or battery packs. If you wish to participate, you must submit a claim form by April 26, 2018. The claim form and instructions are available on the case website: www.BatteriesDirectPurchaserAntitrustSettlement.com.

### What are my rights?

If you wish to remain a member of the settlement classes, you do not need to take any action at this time. If you do not want to be legally bound by one or more of the settlements, you must exclude yourself in writing by March 1, 2018, or you will not be able to sue, or continue to sue, any Settling Defendants about the legal claims that were or could have been asserted in this case.

If you wish to object to any aspect of one or more of the proposed settlements, you must do so in writing no later than March 1, 2018. The settlement agreements, along with details on how to object to one or more of them, are available at www.BatteriesDirectPurchaserAntitrustSettlement.com. The U.S. District Court for the Northern District of California will hold a Fairness Hearing on May 8, 2018 at 2:00 p.m., at 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA 94612, to consider whether the settlements are fair, reasonable and adequate and to consider Class Counsel's application for an award of attorneys' fees and expenses. If there are objections, the Court will consider them at that time. You may appear at the hearing, but don't have to. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for information. Please do not contact the Court about this case.

The Court has appointed the law firms of Saveri & Saveri, Inc.; Pearson, Simon & Warshaw, LLP; and Berman Tabacco as Class Counsel, to represent direct purchaser class members.

### Attorneys' fees, expenses and incentive awards

Class Counsel will make an application for attorneys' fees of 30% of the $139,300,000 in total, combined settlement funds ($70,450,000 + $68,850,000), or $41,790,000, and expenses not to exceed $3,900,000, at the same time as the Fairness Hearing. You may object to or comment on Class Counsel's fee and expense application in the same manner set forth above. Class Counsel's application for fees and expenses will be posted on the case website on or before February 8, 2018.

This is a Summary Notice. For more details, call toll free 1-844-778-5952, visit www.BatteriesDirectPurchaserAntitrustSettlement.com, or write to In re: Lithium Ion Batteries Antitrust Litigation, Settlement Administrator, P.O. Box 4098, Portland, OR 97208-4098.

# EXHIBIT D

In re: Lithium Ion Batteries Antitrust Litigation
Settlement Administrator
PO Box 4098
Portland, OR 97208-4098

<<Mail ID>>
<<name1>>
<<name2>>
<<name3>>
<<addr1>>
<<addr2>>
<<city>><<state>><<zip5>>
<<country_name>>

# PROOF OF CLAIM

## *In re: Lithium Ion Batteries Antitrust Litigation*
### Case No. 13-md-02420-YGR

---

### *Must Be Postmarked or Submitted Online No Later than April 26, 2018*

---

Please refer to the instructions and definitions in Part III before completing Parts I and II.

### PART I

### SECTION 1: CLAIMANT INFORMATION

Please type or neatly print all information.

**I understand that all payment(s) will be made to the individual/entity provided in this section.**

Claimant Name:

Claimant Address Line 1:

Claimant Address Line 2:

City:          State:     ZIP Code:

Country (if not United States):

Contact Person (employed by claimant):

U.S. Telephone Number:          Country Code + International Telephone Number (if applicable):

Email Address:

U.S. Tax ID Number (if applicable):

**Claims may be submitted online at www.BatteriesDirectPurchaserAntitrustSettlement.com**

01-CA8869
T3311 v.09 12.20.2017

1

## SECTION 2: CONTACT INFORMATION

**Complete this section if the contact information is different from the individual/entity provided in the Claimant Information section.**

**I understand that if I complete this section, contact regarding the claim will be to the person/entity identified below.**

☐ **Check this box if the contact person is not employed by the claimant and <u>please provide proof of authority to act on claimant's behalf</u>.**

Contact Name:

Entity Name (if applicable):

Contact Address Line 1:

Contact Address Line 2:

City:                                                                                   State:          ZIP Code:

Country (if not United States):

U.S. Telephone Number:                                         Country Code + International Telephone Number (if applicable):

Email Address:

## SECTION 3: SETTLEMENT INFORMATION

**Indicate whether you (the claimant) have entered into settlement agreements with any of the following entities in connection with your direct purchases of Lithium Ion Battery Cells, Lithium Ion Batteries, or Lithium Ion Battery Products.**

| | Check if yes | | Check if yes |
|---|---|---|---|
| Hitachi Maxell, Ltd. | ☐ | Samsung SDI Co. Ltd. | ☐ |
| LG Chem, Ltd. | ☐ | SANYO Electric Co., Ltd. | ☐ |
| LG Chem America, Inc. | ☐ | SANYO North America Corporation | ☐ |
| Maxell Corporation of America | ☐ | Sony Corporation | ☐ |
| NEC Corporation | ☐ | Sony Electronics Inc. | ☐ |
| Panasonic Corporation | ☐ | Sony Energy Devices Corporation | ☐ |
| Panasonic Corporation of North America | ☐ | TOKIN Corporation (f/k/a NEC Tokin Corporation) | ☐ |
| Samsung SDI America, Inc. | ☐ | Toshiba Corporation | ☐ |

**Claims may be submitted online at www.BatteriesDirectPurchaserAntitrustSettlement.com**

## SECTION 4: SCHEDULE OF QUALIFYING PURCHASES

**Complete this section ONLY if you made a qualifying direct purchase of one or more cylindrical, prismatic, or polymer LITHIUM ION BATTERY CELLS, LITHIUM ION BATTERIES or LITHIUM ION BATTERY PRODUCTS from one of the entities listed below.**

**This section requests information on purchases during two separate time periods:**

- **January 1, 2000, to April 30, 2002 (subsection 1); and**
- **May 1, 2002, to May 31, 2011 (subsection 2).**

*1. Enter the number of unit purchases (e.g., number of battery packs, camcorders, etc.) by product in the column(s) that reflect the entities from which you purchased during the period of **January 1, 2000, to April 30, 2002**.*

| | LG[1] | Hitachi[2] | NEC[3] | Panasonic[4] | Samsung[5] | SANYO[6] | Sony[7] | TOKIN[8] | Toshiba[9] |
|---|---|---|---|---|---|---|---|---|---|
| **Lithium Ion Battery Cells** | | | | | | | | | |
| *Cylindrical* | | | | | | | | | |
| *Prismatic* | | | | | | | | | |
| *Polymer* | | | | | | | | | |
| **Lithium Ion Battery Products/ Battery Packs** | | | | | | | | | |
| *Camcorders or Camcorder Packs or Replacement Batteries* | | | | | | | | | |
| *Cellular Phones or Cellular Phone Packs or Replacement Batteries* | | | | | | | | | |
| *Digital Cameras or Digital Camera Packs or Replacement Batteries – Single Lens Reflex (SLR)* | | | | | | | | | |

[1] "LG" means LG Chem, Ltd.; LG Chem America, Inc.; LG Electronics USA, Inc.; LG Electronics, Inc.; or other LG subsidiaries or affiliates.
[2] "Hitachi" means Hitachi Maxell, Ltd.; Maxell Corporation of America; Hitachi Ltd.; Hitachi Electronic Devices (USA), Inc.; Hitachi America, Ltd.; or other Hitachi subsidiaries or affiliates.
[3] "NEC" means NEC Corporation or any NEC subsidiaries or affiliates.
[4] "Panasonic" means Panasonic Corporation, Panasonic Corporation of North America, or other Panasonic subsidiaries or affiliates.
[5] "Samsung" means Samsung SDI Co. Ltd.; Samsung SDI America, Inc.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; or other Samsung subsidiaries or affiliates.
[6] "SANYO" means SANYO Electric Co., Ltd.; SANYO North America Corporation; or other SANYO subsidiaries or affiliates.
[7] "Sony" means Sony Corporation, Sony Energy Devices Corporation, Sony Electronics Inc., Sony Corporation of America, or other Sony subsidiaries or affiliates.
[8] "TOKIN" means TOKIN Corporation, formerly known as NEC TOKIN Corporation, or any TOKIN subsidiaries or affiliates.
[9] "Toshiba" means Toshiba Corporation; Toshiba America, Inc.; Toshiba America Information Systems, Inc.; or other Toshiba subsidiaries or affiliates.

**Claims may be submitted online at www.BatteriesDirectPurchaserAntitrustSettlement.com**

| Product | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| *Digital Cameras or Digital Camera Packs or Replacement Batteries – Other* | | | | | | | | | |
| *Digital Music Players or Digital Music Player Packs or Replacement Batteries* | | | | | | | | | |
| *Notebook PCs or Notebook PC Packs or Replacement Batteries* | | | | | | | | | |
| *Power Tools or Power Tool Packs or Replacement Batteries* | | | | | | | | | |
| *Other Products (describe)* _____ | | | | | | | | | |

2.  *Enter the number of unit purchases by product in the column(s) that reflect the entities from which you purchased during the period of* **May 1, 2002, to May 31, 2011**

| | LG | Hitachi | NEC | Panasonic | Samsung | SANYO | Sony | TOKIN | Toshiba |
|---|---|---|---|---|---|---|---|---|---|
| **Lithium Ion Battery Cells** | | | | | | | | | |
| *Cylindrical* | | | | | | | | | |
| *Prismatic* | | | | | | | | | |
| *Polymer* | | | | | | | | | |
| **Lithium Ion Battery Products/ Battery Packs** | | | | | | | | | |
| *Camcorders or Camcorder Packs or Replacement Batteries* | | | | | | | | | |
| *Cellular Phones or Cellular Phone Packs or Replacement Batteries* | | | | | | | | | |
| *Digital Cameras or Digital Camera Packs or Replacement Batteries – Single Lens Reflex (SLR)* | | | | | | | | | |

**Claims may be submitted online at www.BatteriesDirectPurchaserAntitrustSettlement.com**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| *Digital Cameras or Digital Camera Packs or Replacement Batteries – Other* | | | | | | | | |
| *Digital Music Players or Digital Music Player Packs or Replacement Batteries* | | | | | | | | |
| *Notebook PCs or Notebook PC Packs or Replacement Batteries* | | | | | | | | |
| *Power Tools or Power Tool Packs or Replacement Batteries* | | | | | | | | |
| *Other Products (describe)* _____ _____ | | | | | | | | |

## PART II

## VERIFICATION OF CLAIM, ACCURACY, AND SUBMISSION TO JURISDICTION

By signing below, you are verifying that:

1. You have documentation to support your claim and agree to provide additional information to Class Counsel or the Settlement Administrator to support your claim if necessary;

2. You have not included purchases from Defendants with whom you have settled;

3. You have not assigned or transferred (or purported to assign or transfer) the claims for purchases you have included, and you know of no other person or entity having done so on your behalf;

4. You have provided proof of authority to act on claimant's behalf if you are not the claimant;

5. The information provided in this Proof of Claim form is accurate and complete; and

6. You agree to submit to the jurisdiction of the District Court for the Northern District of California, where this action is pending, for purposes of resolving any issues related to or arising from your claim.

## CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a) (1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (WE) DECLARE, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THAT THE INFORMATION PROVIDED IN THIS PROOF OF CLAIM FORM IS TRUE AND CORRECT.

**Claims may be submitted online at www.BatteriesDirectPurchaserAntitrustSettlement.com**

This certification was executed on the _____ of _____, 201___, in _____.

(day)                 (month)                                    (city/state/country)

**SIGNATURE OF CLAIMANT:** (If this claim is being made on behalf of joint claimants, then each must sign.)

Signature:

Type/Print Name:

Company Name (if applicable):

Capacity of person signing, e.g., President:

Mail this completed Proof of Claim form (and any proof of authority, if applicable) to:

*In re: Lithium Ion Batteries Antitrust Litigation*
Settlement Administrator
P.O. Box 4098
Portland, OR 97208-4098

or complete and submit it online at **www.BatteriesDirectPurchaserAntitrustSettlement.com**. *Your claim may be processed more quickly if you submit it online.*

---

**ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.
THANK YOU, IN ADVANCE, FOR YOUR PATIENCE.**

---

## PART III: IMPORTANT INFORMATION
## GENERAL INSTRUCTIONS

This Proof of Claim form must be completed and returned by Class Members who seek payment from the Settlements. It must be postmarked or submitted online no later than April 26, 2018. If you fail to meet the deadline or do not return the Proof of Claim form to the correct address, your claim may be rejected and you may be precluded from any recovery from the Settlements. Mail this completed Proof of Claim form to:

*In re: Lithium Ion Batteries Antitrust Litigation*
Settlement Administrator
P.O. Box 4098
Portland, OR 97208-4098

or complete and submit it online at **www.BatteriesDirectPurchaserAntitrustSettlement.com**. *Your claim may be processed more quickly if you submit it online.*

All inquiries regarding your claim should be made in writing to the Settlement Administrator at the address above.

Members of the Class who did not timely and validly request exclusion from the Settlement Classes will be bound by the judgments entered by the Court, regardless of whether they submit a Proof of Claim form.

## DEFINITIONS

(A)     **"Lithium Ion Batteries"** are cylindrical, prismatic, or polymer batteries that are rechargeable and use lithium ion technology. Lithium Ion Batteries are used in many consumer products, such as notebook computers, cellular phones, digital cameras, camcorders, power tools, and other devices.

(B)     **"Lithium Ion Battery Cells"** are the main components of Lithium Ion Batteries. A cell includes the cathode, anode, and electrolyte. Individual or multiple cells are assembled or "packed" inside an enclosure. In some cases, certain protection circuitry is also added inside the enclosure. The assembled product, which is referred to as the "battery," "pack," or "module," is placed inside a device to supply power. Global independent safety standards in place throughout the Class Period require Lithium Ion Battery Cells and Lithium Ion Batteries to be marked with each manufacturer's name, trade name, or trademark and model designation.

(C)     **"Lithium Ion Battery Products"** are products manufactured, marketed, and/or sold by Defendants, their divisions, subsidiaries, or affiliates that contain one or more Lithium Ion Battery Cells manufactured by Defendants. Lithium Ion Battery Products include notebook computers, cellular (mobile) phones, digital cameras, camcorders, power tools, and other devices.

(D)     **"Class Period"** means January 1, 2000, through May 31, 2011. For the purposes of the Panasonic Settlement only, it means May 1, 2002, through May 31, 2011.

(E)     **"Class"** means all persons and entities that purchased a Lithium Ion Battery or Lithium Ion Battery Product from any Defendant, or any division, subsidiary, or affiliate thereof, or any co-conspirator in the United States during the Class Period from January 1, 2000, through May 31, 2011. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and any judge assigned to this case. For the purposes of the Panasonic Settlement only, the Class Period is from May 1, 2002, through May 31, 2011.

(F)     **"Class Members"** means all qualifying direct purchasers who are members of the Settlement Classes who did not timely and validly elect to be excluded from the Settlement Classes certified by the Court for the purposes of the Settlements.

## SCHEDULE OF QUALIFYING PURCHASES

For purposes of determining the *pro rata* allocation of the settlement funds, purchases of Lithium Ion Batteries and/or Lithium Ion Battery Products will be valued according to the relative value of the Lithium Ion Battery Cells contained in the particular products purchased by Class Members. This will be determined by the number of cylindrical cells, or equivalent (by capacity) prismatic or polymer cell, typically contained in particular finished products or battery packs. For example, laptop computers typically contained 6 (six) cylindrical cells.

**Claims may be submitted online at www.BatteriesDirectPurchaserAntitrustSettlement.com**

Camcorders typically contained 4 (four) cylindrical cells. Cell Phones and Digital Cameras typically contained one prismatic cell of approximately one half the capacity and price of a typical cylindrical cell. These will count as one half of a cylindrical cell. If a Class Member purchased batteries or packs, or other products, they will be valued according to the number of cylindrical cells, or equivalent (by capacity) prismatic or polymer cells, they contained. The resulting amounts will be multiplied by the Net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the settlement funds.

Report separately purchases of Lithium Ion Battery Cells, Lithium Ion Batteries, and Lithium Ion Battery Products made directly from any Defendant or subsidiary thereof (listed in Part I, Section 4) during the Class Period. **In order to qualify as a claim, your purchase(s) must have been billed to and/or shipped to a location in the United States.** Foreign transactions where billing and shipping took place outside of the U.S. do not qualify.

In Part I, Section 3, indicate whether you have entered into any settlement agreements with the listed entities by checking the box next to each entity. **If you entered into a settlement with a Defendant, your Proof of Claim form should not include purchases from that Defendant.** For example, if Class Member A purchased 10,000 Lithium Ion Battery Cells from Defendant 1 and entered into a settlement with Defendant 1, those 10,000 Lithium Ion Battery Cells should not be included as part of Class Member A's claim. Also, do not include claims for purchases you assigned or transferred.

In Part I, Section 4, enter your qualifying units of **LITHIUM ION BATTERY CELL** purchases during the Class Period made directly from the entities indicated in each column. For example, if you purchased a Cellular Phone from Samsung and two Notebook PCs from Sony, enter one (1) unit in the Samsung column and two (2) units in the Sony column. *If you did not purchase Lithium Ion Battery Cells, Lithium Ion Batteries, or Lithium Ion Battery Products from one of these entities during the Class Period, or if you settled with a particular Defendant in connection with your Lithium Ion Battery Cells, Lithium Ion Batteries, or Lithium Ion Battery Products, or assigned or transferred your claim, leave the units entries blank for the corresponding group of entities.*

Failure to include all purchases will reduce the amount of your payment. You ***DO NOT*** need to attach documentation. However, you must keep copies of your purchase order(s), invoice(s), or other documentation of your purchase(s) in case verification of your claim is necessary.

**Claims may be submitted online at www.BatteriesDirectPurchaserAntitrustSettlement.com**

08-CA8869
T3318 v.09 12.20.2017