Class Action Clerk

U.S. District Court for the

Northern District of California

United States Courthouse

1301 Clay Street

Oakland California 94612



FILED

MAR 08 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions, MDL 4:13-md-02420-YGR,**
**LG Chem, Hitachi Maxwell and NEC (the Second Round Of Settlements)**

Judge Yvonne Gonzalez Rogers

Christopher Andrews, Pro se

Objector/Appellant

**Supplement To Pending Fee and Expense Award**

The objector/appellant requests the court not make a ruling on the pending fee and expense request of Mr. Berman of Hagens Berman Sobol since they have proven to be incompetent and in the following attached case untrustworthy, which now calls into question the integrity of the pending fee and expense award request.

Attached please find excerpts of a recently filed appeal in a pending case in this circuit with Hagens Berman that the appellant was an objector and now appellant in. The excerpt shows Hagens Berman Sobol engaged in fraud on the class and court. Mr. Berman lied directly to the court and by omission in a recent fairness hearing to obtain an illegal $55 million approval in three settlements which put $14 million in illegal fees into his firm's pocket. He has proven himself untrustworthy. I also include a copy of a letter to the district court clerk requesting an investigation into this fiasco.

I certify under penalty of perjury that all of the above is true and accurate to the best of my knowledge. Thank you.

*/s/ Christopher Andrews*

Christopher Andrews, Pro Se Appellant PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810 Email caaloa@gmail.com March 05, 2018

Proof of Service

I certify under penalty that on this day March 05, 2018 the objector/appellant mailed two copies of this document with exhibits to the US District Court, Office of the Clerk 1301 Clay Street Oakland CA 94612 via prepaid USPS Priority Mail. A copy was mailed to Hagens Berman via prepaid first class mail. Christopher Andrews, Pro Se Objector, PO Box 530394 Livonia, MI 48153-0394 Telephone 248-635-3810 and email caaloa@gmail.com

Christopher Andrews

cc Hagens Berman

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER ANDREWS | 9TH Circuit Case No. 17-17436 |
| Appellant, | |
| | Originating Case No. 3:10-md-02143-RS |
| | U.S. District Court for Northern |
| | California, San Francisco |
| In re: | Judge Richard Seeborg |
| Optical Disk Drive Products Antitrust Litigation, | |

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 26 2018

FILED_____
DOCKETED_____
DATE         INITIAL

Indirect Purchaser Class,

   Plaintiff-Appellee

v.

Christopher Andrews

   Objector-Appellant,

v.

Panasonic Corporation, et al

Defendants-Appellees

## APPELLANT CHRISTOPHER ANDREWS INFORMAL APPEAL BRIEF

Page 1 of 50

the 122 million Class Members, are not in full compliance with all applicable requirements of the Rule 23 of the Federal Rules of Civil Procedure, 9th Circuit, Supreme Court case law, Due Process, violates free speech, Class Action Fairness Act (CAFA) and basic contract law as shown in the appellant's objection. The biggest losers as usual are the unnamed class members. The errors pointed out by the appellant are not harmless errors. Harmless errors are those that "do not affect the substantial rights of the parties." 28 U.S.C. § 2111; see also Fed. R. Civ. P. 61. An error affects a party's substantial rights when it is prejudicial, "which means that there must be a reasonable probability that the error affected the outcome of the [proceeding]." United States v. Marcus, 560 U.S. 258, 262 (2010)).

**The Parties Illegally Turned A Blind Eye, Covered Up And Ignored The Appellant's Objection And Two Motions Voiding This Kangaroo Court Approval**

The one thing this appellant will state up front is that there are different sets of rules that apply to lawyers, judges and non lawyers in this case and the related Disk I case pending at the this circuit based on the evidence in the record and repeated below. This is a face saving, illegal, agenda driven biased and prejudiced approval that has nothing to do with the actual facts, the evidence in this case, it flies in the face of reason and common sense to prevent the parties from looking foolish, being proven wrong and maybe something more sinister is taking place behind the scenes. The lawyers and the judge colluded to pervert justice in this settlement and approval, based on what went on

before, during and after that Fairness Hearing making the approval clearly illegal. The appellant filed a timely, signed, seventy page Objection, a nine page Motion to Unseal Records and a three page Motion To Appear By Telephone (twice) months before the objection period expired that appear on the docket and were ignored. Mr. Berman of Hagens Berman, one of his subordinate's and three attorneys for the defendants who were in the Fairness Hearing were all on the CM/ECF system notice, are on the counsel of record list and did receive a copy of the appellant's filings in their email boxes four months before the hearing. Hagens Berman's lawyer, Mr. Berman, outright lied directly to the court in the Fairness Hearing while his cohort, Ms. Scarlett, sat by and willfully remaining deaf, dumb, blind and mute when that lie and another lie by omission took place that resulted in a fraudulent $55 million approval to gain $14 million in inflated and unjust fees and expenses being illegally awarded. They and those defense lawyers accomplished this by not correcting the court and the record that the appellant's third objection and two motions were on the docket and needed to be addressed. Ex 4 pg 1 to pg 4 @ 12 is Fairness Hearing transcript. (Mr. Berman is referred to as Ms. in the transcript, hmmm.) Misconduct and fraud on the class took place so says the transcript and the filings on Pacer. Had the appellant's objection and motions been acknowledged and addressed like they legally should have been, this would have halted the approval which no one wanted. The appellant and class have been mugged in a collusive, quid pro quo, keep quite deal amongst the parties.

(15 of 295)

Case 4:13-md-02420-YGR Document 2212 Filed 03/08/18 Page 7 of 12
Case: 17-17436, 02/26/2018, ID: 10779748, DktEntry: 7-1, Page 15 of 50

None of the lawyers at that Fairness Hearing can claim they did not know about the objection and motions when they clicked on the filings because they open up right up, can't claim they never saw them, can't claim they never opened them and can't claim they forgot how to read English, just for this appellant's three filings. That means the lawyers at that Unfairness Hearing willfully violated the Rules of Professional Conduct 8.4 A,B,C,D and F to obtain a $55 million approval by fraud on the class and court, even if the court turned a blind eye to it. Ex 10 is the Attorneys Notice List, Exhibit 4 is the Fairness Hearing Transcript, Ex 11 is Doc 2303 Motion To Unseal Records, Ex 8 is Doc 2304 Objection, Exhibit 9 is Doc 2304-1 is Balance Of Objection, pg 20 is the Motion To Appear, Exhibit 12 is Doc 2311 the Duplicate Motion To Appear.

The court's only defense for claiming to not know of the objection and two motions that were on the docket at the Fairness Hearing are; the Clerk's office illegally did not forward the duplicate set of "Chambers Copies" on to the judge or its staff, the judge's staff illegally withheld them from the court or the court saw and illegally ignored them. It could be a combination of the above but at least one is the truth voiding the approval. This is a miscarriage of justice and a blatant agenda driven bias/prejudice shown by the court to lead counsel, against this appellant and the 122 million member class. Everyone intentionally ignored the objection and motions and will not acknowledge them so the court did not give "a reasoned response to all non-frivolous objections." Allen, 787 F.3d at 1224 (2015) *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir.2012) (citations

court did not give "a reasoned response to all non-frivolous objections." Allen, 787 F.3d at 1224 (2015) *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir.2012) (citations and internal quotation marks omitted); see In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011).

The appellant's seventy page objection and two motions are clearly not frivolous and prove the settlement should have been halted, which is why the filings were ignored so the court violated the Code of Conduct For United States Judges, Cannon 1-3. After receiving the Fairness Hearing transcript for this appeal and discovering this fraud by lie and omission the appellant emailed Mr. Berman on January 03, 2018 for a comment but he lawyered himself up. The appellant sent a second email on January 24, 2108 asking Mr. Berman to forward that email on to the defense lawyers because they were at that same Fairness Hearing, knew about and had a copy of the filings and also sat mute when fraud on the court took place to benefit their clients by knowingly being part of a $55 million fraud. Again, no response from anyone. Severe penalties need to be handed out for this $55 million class action financial fraud, like disbarment, long prison time and fines for those who plead guilty or are found guilty at trial. Ex 4. Next, the Fairness Hearing transcript for the three combined $55 million low ball, fixed, rigged settlements that the court approved, which gave Mr. Berman a fraudulent $14 million in fees and costs, is just 19 pages long and lasted just 20 minutes, a clear rubber stamp, agenda driven, biased, blinders on, quid pro quo, prejudicial approval. Ex 4.

The appellant incorporates and attaches the three docketed filings, the objection and two separate motions, one filed twice, into this appeal brief in their entirety that the parties illegally and willfully ignored. Ex's 8, 9 and 12. The appellant repeats some highlights below that are taken word for word from those filings. The appellant adds updates that will be shown in parentheses.

**The Final Approval Order Contains Seven Material Errors Rendering It Unlawful**

The following more detailed material errors and deficiencies apply to the Final Approval Order Ex Doc 2691. The approval is abuse of discretion because:

1. As a matter of common sense and basic fairness, the most important consideration when evaluating a settlement ought to be the likely outcome of the case if it proceeded to a resolution on the merits. This huge fact was not taken into account by lead counsel or the court because it had no bearing on the settlement because the issue was never addressed in the rush to push through these fatally flawed deals. The court did not articulate why settling for just 19% of damages or $55.5 million was fair, reasonable and adequate compared to the maximum damages caused ($298 million) or achievable at trial before tripling under antitrust statutes, ($894 million) with all the extensive evidence in the record. Doc 2691 is Ex 7, Doc 2246 is Ex 22 pg 7 @ 3-4 and Doc 2260 is Ex 23 pg 5 @3-4. The damage recovery estimate should have been in the long notice.

2. The court failed to justify why Rule 23 requirements were met despite all the material errors pointed out by the appellant that were intentionally ignored. Doc 2691.

9th Circuit Case No. 17-17436

Page 4

8. Do you have any other cases pending in this court? If so, give the name and docket number of each case.
Response: Yes, The firm, Hagens Berman Sobol made the same reversible, buffoonery legal errors in each of the cases below.
Kevin Young, et al v. LG Chem., et al case No. 17-15795,
Battery II Indirect Purchaser Actions 17-17369
Indirect Purchaser Class, et al v. Panasonic, et al Case No.17-15067
Matthew Edwards, et al v. National Milk Producers et al Case No. 17-16459

9. Have you filed any previous cases which have been decided by this court? If so, give the name and docket number of each case.
Response: Not yet, he expects to win all cases referenced above including this one.

10. For prisoners, did you exhaust all administrative remedies for each claim prior to filing your complaint in the district court?
Response: Not applicable (but it will apply in the future for the lawyers on page 50).

"There is a saying that if something looks like a duck, walks like a duck, and quacks like a duck, then it is probably a duck." In re Sorah,163 F.3d 397, 401 (6th Cir.1998).

This informal brief is double spaced and is not over the 50 page limit.

I certify under penalty of perjury that all of the above is true and accurate to the best of my knowledge. Executed on February19, 2018

Christopher Andrews, Pro se Appellant, non attorney- PO Box 530394 Livonia, MI 48153-0394 Telephone: 248-635-3810 Email: caaloa@gmail.com

Class Action Clerk

U.S. District Court for the

Northern District of California

450 Golden Gate Avenue

San Francisco, California 94102



### In RE OPTICAL DISC DRIVE ANTITRUST LITIGATION
### All Indirect Purchaser Actions, CASE 3:10-MD 2143 RS (MDL No. 2143)

Judge Richard Seeborg

Christopher Andrews, Pro se

Objector, non attorney

Objection to Proposed Class

Action Settlement and Notice Of

Intention to Appear

Date of Fairness Hearing:

September 07, 2017 1:30 p.m.

Courtroom 3 on the 17th Floor

Page 1 of 40

"There is a saying that if something looks like a duck, walks like a duck, and quacks like a duck, then it is probably a duck." In re Sorah, 163 F.3d 397, 401 (6th Cir. 1998).

I certify under penalty of perjury of the United States that all of the above is true and accurate to the best of my knowledge,

*[signature: Christopher Andrews]*

Christopher Andrews, Pro se Appellant PO Box 530394 Livonia, MI 48153-0394 Telephone 248-635-3810 Email: caaloa@gmail.com May 22, 2017

### Proof of Service

I hereby certify that on this day May 22, 2017 the objector mailed two copies of this Objection, Motion to Unseal Records and Motion to Appear by Telephone to the Clerk of the Court via postage paid Priority Mail to the address listed on the first page of this Objection per the instructions in the Long Notice.

*[signature: Christopher Andrews]*

Christopher Andrews
PO Box 530394
Livonia, MI 48153-0394
Telephone 248-635-3810
Email: caaloa@gmail.com
Pro se Appellant

Page 40 of 40