UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:

LITHIUM ION BATTERIES ANTITRUST LITIGATION

Case No. 13-md-02420-YGR (DMR)

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 2288

The Direct Purchaser Plaintiffs ("DPPs") and Objector Rinis Travel Service, Inc. ("RTS") filed joint discovery letters on March 28, 2018 and April 10, 2018 in which the DPPs moved to compel RTS to appear for deposition and to serve amended responses to requests for the production of documents ("RFPs"). [Docket Nos. 2248, 2253.] The court held a hearing on April 19, 2018. Among other things, the court ordered RTS to appear for a Rule 30(b)(6) deposition on April 27, 2018 for examination on six topics. [Docket No. 2269 (Minute Order).] The six topics included RTS's objections to class action settlements filed in any court or proceeding within the last five years, monetary compensation received by RTS for any objection within the last five years, and RTS's corporate history.

Babette Bacharach Rinis appeared for deposition as RTS's Rule 30(b)(6) designee. On May 3, 2018, the DPPs and RTS filed a joint discovery letter in which the DPPs assert that Ms. Rinis was inadequately prepared to answer questions regarding RTS's previous objections. The DPPs move to compel further responses to their RFPs and ask for sanctions and a finding that RTS and its attorneys, N. Albert Bacharach, Jr. and Alan J. Sherwood are in contempt. [Docket No. 2288.]

The court has reviewed the transcript of Ms. Rinis's deposition; it reveals that she was manifestly unprepared to provide meaningful testimony. [Docket No. 2294-1 (Rinis Dep.).] Ms. Rinis is a co-owner of RTS and is also attorney Bacharach's sister. She testified that she had spent a total of 30 minutes preparing for her deposition. *Id*. at 107. As RTS's corporate designee, she confirmed that she, her husband Michael Rinis, RTS, and RTS-related entities have filed objections to class action settlements "many times." *Id*. at 79-80. Ms. Rinis testified that when she receives "class action mailings," she simply mails them to her brother, attorney Bacharach. Bacharach then "handles things for [her]" and makes the decisions about objecting, and she "do[esn't] hear about it again." *Id*. at 83, 101.

Ms. Rinis was questioned about a number of RTS-related objections filed in class action cases in the past five years. For each and every case, Ms. Rinis testified that she did not know the reason for the objection or the outcome of the objection. *Id*. at 84-102. Although RTS and its owners have never received compensation in connection with RTS-related objections, *see id*., Ms. Rinis testified that she did not know if attorney Bacharach has received compensation as a result of the objections. *Id*. at 87. She cryptically answered "[o]kay" when asked if Bacharach's responsibilities in representing her as an objector were to get more money for himself. *Id*. at 78.

Ms. Rinis's testimony reveals that her brother, attorney Bacharach, is the individual with knowledge about the RTS-related objections filed in the past five years. Her testimony raises serious concerns that attorney Bacharach is a serial objector, and that he uses RTS in the class action objection process as a vehicle for financial gain.

The settlement of the DPPs's claims is set for a final approval hearing before the Honorable Yvonne Gonzalez Rogers on May 8, 2018 at 2:00 p.m. The DPPs are entitled to discover information immediately to aid the court in analyzing the RTS objection as part of the settlement approval process. **By 11:00 a.m. P.S.T. on May 8, 2018, attorney Bacharach shall file a detailed declaration under penalty of perjury in which he provides information that should have been provided to the DPPs through the 30(b)(6) deposition, had Bacharach adequately prepared the deponent as required by law.** Specifically, for *each* case in the last five years in which RTS, an RTS co-owner, or an RTS-related entity (for example, an RTS profit

2

sharing plan) has filed an objection, Bacharach shall describe in detail 1) the outcome of the objection, including the outcome at the trial and appellate level; 2) the amount of any monetary compensation paid to him, his co-counsel, or any of his clients related in any way to the filing of the objection; and 3) any benefit conferred on the class as a result of the objection.

By the same deadline, Bacharach shall also show cause in writing why RTS's objection in this case should not be stricken and/or monetary sanctions issued for Ms. Rinis's having appeared for deposition unprepared to answer questions about RTS and its objection history.  Mr. Bacharach and counsel for the DPPs shall appear in person for the discovery hearing that has already been scheduled for May 8, 2018 at 1:00 p.m.

**IT IS SO ORDERED.**

Dated: May 7, 2018



_____
Donna M. Ryu
United States Magistrate Judge