UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420-YGR<br>MDL No. 2420 |
|---|---|
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **ORDER GRANTING CO-LEAD COUNSEL FOR DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS** |

1.  The Court, having reviewed Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards (February 8, 2018) ("Motion," Dkt. No. 2171), the pleadings and other papers on file in this action, the objections filed, and the statements of counsel and the parties, hereby finds that:

1. The Motion requests an award of attorneys' fees in the amount of $41,790,000.00 or 30% of the $139,300,000.00 Settlement Fund.[1] Further, Co-Lead Counsel request payment from the Settlement Fund of a total of $3,354,573.35 in expenses ("Total Expenses").

2. Of the Total Expenses, the amount of $2,501,352.52 is unreimbursed, out-of-pocket expenses, which includes Litigation Fund expenditures of $2,247,198.62 and Plaintiffs' Counsel's total out-of-pocket firm expenses of $445,068.46, less $190,914.56 in travel, meals and lodging expenses for which reimbursement is not requested.

3. Co-Lead Counsel request that the Court approve payment from the Settlement Fund for $212,030.00 in outstanding invoices for professional economists' services rendered.

4. In addition, Co-Lead Counsel request that the Court approve payment from the Settlement Fund for the charge of $641,190.83 for document hosting services rendered.

5. Lastly, Co-Lead Counsel request service awards for the nine Class Representatives as follows: Ritz Camera, Circuit City, and Univisions ($30,000 each); Automation Engineering, Stereo Shop and First Choice Marketing ($10,000 each); and Charles Carte, Terri Walner, and James O'Neil ($5,000 each) for a total of $135,000.

6. The Court finds that the requested fee award of $41,790,000.00, 30% of the Settlement Fund, is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (i) the results obtained by Plaintiffs' Counsel in this case; (ii) the risks and complex issues involved in this case, which were significant and required a high level of skill and high-quality work to overcome; (iii) that the attorneys' fees requested were reasonable and entirely contingent upon success—Plaintiffs' Counsel risked time and effort and advanced costs with no

---

[1] The "Settlement Fund" consists of the total proceeds of the following settlements: Sony ($19 million); NEC Corp. ($1 million); Hitachi Maxell ($3.45 million); Panasonic/Sanyo ($42.5 million); Toshiba ($2.9 million); LG Chem ($41 million); Samsung SDI ($24.5 million); NEC Tokin ($4.95 million).

ultimate guarantee of compensation; (iv) that the range of awards made in similar cases justifies an award of 30% here; and (v) that Plaintiffs' Counsel's reasonable lodestar means the requested attorneys' fee results in a negative, 0.58 multiplier, which obviates concern about any windfall given the size of the settlement recovery. These factors justify an upward adjustment of the Ninth Circuit's usual 25% benchmark.

Despite the size of the settlement fund at issue here, the Court does not find that fees should be reduced based upon the settlement being a "megafund" or the fee percentage giving a "windfall" to counsel for plaintiffs. The megafund concern arises when a percentage of the recovery would result in excessive profits for class counsel in light of the hours actually spent. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The lodestar cross-check is meant to "confirm that a percentage of [the] recovery amount does not award counsel an exorbitant hourly rate." *Online DVD*, 779 F.3d at 949 (citation and internal quotation marks omitted). Here, lodestar cross-check results in an effective hourly rate far below the market rate for the hours devoted to the case by class counsel. Consequently, the Court finds that the requested fee award is reasonable and is justified by the circumstances of this case.

7. Only two objections to the attorneys' fee request were submitted. Of those two objections, Rinis Travel Service ("RTS") withdrew its objection prior to the hearing, with a pending an order to show cause re: sanctions against it for its failure to comply with an order for discovery regarding its objection. (Dkt. No. 2300.)[2] The other objection, by Mr. Kenneth M. McInelly, President of Agency Software, Inc. ("ASI"), was filed prior to the instant attorneys' fees motion. (Dkt. No. 2161, dated January 19, 2018, filed January 24, 2018.) The objection letter simply states a concern about the requested fees being 30% of the settlement fund, without the benefit of any information about the lodestar in this matter or the effective hourly rate given the great number of hours devoted to the case. The Court finds ASI's objection insubstantial and overrules it.

---

[2] RTS's objection (Dkt. No. 2196) raised the issue of the attorneys' fees being excessive because the settlement fund constituted a "megafund," an objection the Court rejects herein at paragraph 6.

8. The Court has confirmed the reasonableness of DPPs' fee request by conducting a lodestar cross-check. The Court finds that Class Counsel's reasonable lodestar was $72,489,066.75 based on 173,863.20 hours of work billed at historic hourly rates for the period from the appointment of lead counsel until August 31, 2017, which is an average rate of $417/hr. Co-Lead Counsel's requested fee award represents 58% of their reasonable lodestar, and an effective rate of $241.82/hr. This further supports the reasonableness of Class Counsel's fee request here.

9. The Court finds that Plaintiffs' Counsel incurred a total of $3,354,573.35 in total unreimbursed out-of-pocket litigation costs and other expenses in prosecuting this litigation. The Court finds that these costs and expenses were reasonably incurred in prosecuting this case and were necessary given the complex nature and nationwide scope of the case.

10. Pursuant to *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013), the Court has carefully considered the requested incentive awards. The Court deems the application for incentive awards to the nine Class Representatives reasonable and justified given: (i) their willingness to serve as private attorneys general; and (ii) their work performed and the active participation in the litigation on behalf of the DPP Class.

11. In sum, upon consideration of the Motion and accompanying Declarations, and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that the attorneys' fee requested is reasonable and proper; the costs and expenses incurred by Plaintiffs' Counsel were necessary, reasonable, and proper; and that incentive awards are appropriate given the time and effort expended by the Class Representatives in the prosecution of this case.

Based upon the foregoing, the Court **ORDERS** that:

1. Plaintiffs' Counsel are awarded attorneys' fees of **$41,790,000.00** (30% of the $139,300,000.00 Settlement Fund), together with a proportional share of interest earned on the Settlement Fund for the same time period until dispersed to Class Counsel.

2. Plaintiffs' Counsel are awarded reimbursement of their litigation costs and expenses in the amount of **$3,354,573.35**. This amount does not include Plaintiffs' Counsel's travel, meals, and lodging expenses related to the litigation of this action.

3. Class Representatives Ritz Camera, Circuit City, and Univisions shall each receive an incentive award in the amount of **$30,000.00** each.

4. Class Representatives Automation Engineering, Stereo Shop and First Choice Marketing shall each receive an incentive award in the amount of **$10,000.00** each.

5. Charles Carte, Terri Walner, and James O'Neil shall each receive an incentive award in the amount of **$5,000.00** each.

6. The attorneys' fees awarded, reimbursement of litigation costs and expenses, and incentive awards shall be paid from the Settlement Fund and the interest earned thereon.

7. Co-Lead Counsel will allocate the fees and expenses among Co-Lead Counsel and all Plaintiffs' Counsel in a fair and equitable manner that, in Co-Lead Counsel's good-faith judgment, reflects each firm's contribution to the institution, prosecution, and resolution of the litigation.

**IT IS SO ORDERED.**

Dated: May 16, 2018

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE