# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br>---------------------------------------------<br>*This Document Relates to:*<br>ALL INDIRECT PURCHASER ACTIONS | Case No. 4:13-md-02420-YGR (DMR)<br><br>**ORDER DENYING PANASONIC CORPORATION AND SANYO ELECTRIC CO., LTD.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br><br>Dkt. No. 2287 |

On May 3, 2018, Panasonic Corporation and SANYO Electric Co., Ltd. (collectively, "Panasonic") filed their Motion for Relief from Nondispositive Pretrial Order (Dkt. No. 2287), seeking relief from Magistrate Judge Ryu's April 19, 2018 Order compelling a second deposition of "Mr. S" (hereinafter, "the witness"). (Dkt. No. 2269). The Court having considered the motion, the opposition filed May 18, 2018 by Indirect Purchaser Plaintiffs, at the Court's direction, and the papers and pleadings in support thereof, **DENIES** the motion for relief.

A motion for relief from a non-dispositive order should only be granted when the moving party establishes that the non-dispositive order by the magistrate judge is clearly erroneous or contrary to law. Fed. R. Civ. P. 72; *see Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir.1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); *Barnes & Noble, Inc. v. LSI Corp.,* No. C–11–2709 EMC, 2013 WL 841334, at *1 (N.D.Cal. Mar. 6, 2013) (same). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Barnes & Noble*, 2013 WL 841334 at *1 (internal citations and quotations omitted). This standard of review is extremely deferential. *Id.*

The Court finds that Panasonic has not satisfied its burden under Rule 72(a) of Federal Rules of Civil Procedure to show that Magistrate Judge Ryu's order was "clearly erroneous or [] contrary to law." Panasonic withheld disciplinary documents requested in IPPs' deposition notice

issued in February 2017. Panasonic produced the witness for deposition in May 2017 without having produced the responsive apology letter written by the witness in March 2017. The witness was questioned on the contents of the apology letter, but his testimony was incomplete, a fact made clear when the apology letter was produced belatedly in July 2017. By way of a joint discovery letter brief filed March 1, 2018, IPPs sought to compel a further deposition based on those facts. (Dkt. No. 2194.)

On March 5, 2018, the undersigned denied IPPs' Renewed Motion for Class Certification. Thereafter, Magistrate Judge Ryu sought supplemental briefing on the parties' positions as to the impact of that order on the pending discovery dispute. (Dkt. No. 2255.) The parties submitted their views as to proportionality of the discovery sought in the motion to compel, and Magistrate Judge Ryu took argument on the motion.

In ruling on the motion, Magistrate Judge Ryu considered whether a further deposition for a limited purpose was proportional to the needs of the case, consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure. Weighing the relative burdens, Magistrate Judge Ryu found that Panasonic had created the burden of the further deposition by withholding the apology letter until well after the deposition was completed. Panasonic withheld a document clearly requested and important to IPPs case. Magistrate Judge Ryu was not persuaded by Panasonic's privilege argument for withholding the document.

Despite the relatively small value of IPPs' individual claims in the absence of class certification, IPPs are still required to prove the alleged international price-fixing scheme. Barring permission to make an interlocutory appeal, IPPs must pursue their individual claims to a conclusion before they can challenge denial of class certification. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017). The value of individual plaintiffs' claims is not the only measure for purposes of evaluating proportionality. *See* Fed. R. Civ. P. 26, 2015 Advisory Committee Notes ("[M]onetary stakes are only one factor, to be balanced against other factors. . . [which] may have importance far beyond the monetary amount involved" in terms of "personal or public values").

Magistrate Judge Ryu took proportionality issues into account in reaching her decision. Magistrate Judge Ryu ordered an additional four hours of deposition of the witness, by video,

solely on the issue of his apology letter. Magistrate Judge Ryu declined to order the witness to appear in person for deposition, instead allowing a deposition by video, in order to reduce the burden and expense that would result. The Court finds no indication of clear error in Magistrate Judge Ryu's reasoning and decision.

Consequently, Panasonic's Motion for Relief from Non-Dispositive Order is **DENIED**. Panasonic shall produce the witness for an additional four hours of deposition of the witness, by video, solely on the issue of his apology letter.

**IT IS SO ORDERED.**

This order terminates Dkt. No. 2287.

Dated: June 5, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

CC: IVY/MAGISTRATE JUDGE RYU