**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION**<br><br>-------------------------------------------------------<br><br>**This Order Relates to:**<br><br>**All Direct Purchaser Actions** | **Case No.: 13-MD-2420 YGR**<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION THAT OBJECTOR RINIS TRAVEL SERVICE, INC. AND ATTORNEY N. ALBERT BACHARACH, JR. BE HELD IN CIVIL CONTEMPT**<br><br>DKT. NO. 2313 |

The Court has reviewed the Report and Recommendation of Magistrate Judge Donna M. Ryu Recommending that Objector Rinis Travel Service, Inc. ("RTS") and Attorney N. Albert Bacharach, Jr. (Bacharach) Be Held In Civil Contempt (Dkt. No. 2313, "Report"), and the objection thereto, filed by RTS and Bacharach (Dkt. No. 2331, "Objection"). The Report recommends that RTS and Bacharach be held in civil contempt pursuant to Federal Rule of Civil Procedure 37(b) for violating Magistrate Judge Ryu's April 19, 2018 Order.

The Court finds the Report and Recommendation correct, well-reasoned, and thorough, and for the reasons stated herein, **ADOPTS** it in every respect.

**I.   BACKGROUND**

RTS purports to be a class member in the Direct Purchaser Plaintiffs' (DPP) class in the action herein. On March 1, 2018, RTS filed an objection to the DPPs' counsel's fee request. (Dkt. No. 2196.) On March 7, 2018, DPPs served a deposition subpoena on RTS seeking testimony under Rule 30(b)(6) as well as "an inspection of electronic products that purportedly demonstrates RTS' membership in the class." (Dkt. No. 2248.) RTS did not file any objections to the subpoena, and failed to appear for the deposition. DPPs thereafter moved to compel RTS to appear for deposition

and sought sanctions for the non-appearance. On April 19, 2018, Magistrate Judge Ryu ordered RTS to appear for a Rule 30(b)(6) deposition on April 27, 2018 for examination on six topics. (Dkt. No. 2269.) Those topics included RTS's objections to class action settlements filed in any court or proceeding within the last five years, monetary compensation received by RTS for any objection within the last five years, and RTS's corporate history.

On May 3, 2018, DPPs again moved to compel further responses and for contempt based on their assertion that the 30(b)(6) deponent was unprepared and unable to respond on the noticed topics. (Dkt. No. 2288.) On May 7, 2018, Magistrate Judge Ryu issued an order concerning DPP's motion. Magistrate Judge Ryu found that the transcript of the deposition showed the 30(b)(6) deponent "was manifestly unprepared to provide meaningful testimony." (Dkt. No. 2296.) Bacharach, attorney for RTS, is also the brother of the 30(b)(6) deponent produced for deposition by RTS, and the deponent testified that Bacharach was the person with knowledge about the topics at issue. Magistrate Judge Ryu ordered Bacharach to submit a detailed declaration providing the information sought in the 30(b)(6) deposition, and ordered RTS and Bacharach to show cause why they should not be sanctioned for their conduct, including the possible sanction of striking RTS's objection.

On May 8, 2018, the date of the hearing on the Order to Show Cause, RTS withdrew its objection. At the May 8, 2018 hearing, Bacharach did not attempt to argue that he and RTS performed all reasonable steps within their power to insure compliance with Magistrate Judge Ryu's April 19, 2018 order, and did not claim that he and RTS were unable to comply with that order. Because RTS withdrew the objection, DPPs withdrew their request for monetary sanctions and confirmed that they considered their motion to compel further documents moot.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 37(b)(1) provides that "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130

2

(9th Cir. 2006) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993)). "The contempt 'need not be willful.'" *Id.* Once the party alleging contempt makes an initial showing of violation of the court's order, by clear and convincing evidence, the alleged contemnors must show that they were unable to comply or that they "performed 'all reasonable steps within their power to insure compliance' with the court's orders." *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976)); *see also FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (same).

The purpose of sanctioning civil contempt is to coerce compliance with the court's order rather than punish the failure to comply. *Spallone v. United States* 493 U.S. 265, 280 (1990). "Courts of justice are vested by their very creation with power 'to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 710 F.3d 1328, 1334–35 (Fed. Cir. 2013) (quoting *Anderson v. Dunn,* 19 U.S. 204, 227 (1821)). A court, acting within its inherent powers, may award monetary sanctions or "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–46 (1991).

Here, Magistrate Judge Ryu found that RTS and Bacharach disobeyed the April 19 Order. The Court agrees. The 30(b)(6) deponent was not prepared and unable to answer nearly any questions about RTS's objections to class action settlements in the past five years, including the reasons for the objections, the outcome, and whether Bacharach received compensation as a result. In connection with the Order to Show Cause Re: Contempt, RTS offered no reason why it could not comply with the April 19 Order, nor did it offer evidence that it took all reasonable steps within its power to comply with the Order.

RTS's objection to the Report disagrees with the substance of Magistrate Judge Ryu's April 19 Order, arguing that the discovery sought by DPPs was unnecessary, disproportional, or irrelevant. However, the objection does not offer any reason why RTS was unable to comply with the April 19 Order, or that they "performed all reasonable steps within their power" to comply. Indeed, the objection concedes that the 30(b)(6) deponent produced by RTS pursuant to the order "was unable to

remember the specifics of past objections," one of the topics on which she was to be deposed. (Objection, Dkt. No. 2331 at ¶ 9.) Likewise, Bacharach's declaration, filed on May 11, 2018 (Dkt. No. 2310), after the hearing on the Order to Show Cause re: Contempt but before the Report herein, offers no explanation regarding the failure to comply or reason why RTS and Buchanan should not be found in contempt.

Accordingly, and for the reasons set forth in the Report and herein:

1. the Report is **ADOPTED** in full.

2. RTS and Bacharach are found to have been in civil contempt pursuant to Rule 37(b) and the Court's inherent authority for their failure to comply with the April 19 Order;

3. DPPs having waived monetary sanctions on the record, and RTS having withdrawn its objection, the Court finds that no monetary or evidentiary sanctions are warranted. However, counsel N. Albert Bacharach, Jr. and Rinis Travel Service, Inc. are hereby **REPRIMANDED** for their disobedience to the April 19 Order and cautioned against acting in a similar manner in other cases. Should these actions become a pattern, district courts certainly have the authority to issue appropriate sanctions.

This Order terminates Docket No. 2313.

**IT IS SO ORDERED**.

Date: July 2, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc: Magistrate Judge Ryu

4