# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

IN RE: LITHIUM ION BATTERIES
ANTITRUST LITIGATION

-------------------------------------------

This Order relates to all
Indirect Purchaser Actions

Case No. 4:13-md-02420-YGR (DMR)

**ORDER GRANTING IN PART AND DENYING IN PART STIPULATION REGARDING ADMINISTRATIVE MOTIONS TO SEAL IN CONNECTION WITH SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**

The parties have filed a stipulation regarding administrative motions to seal in connection with declarations, and proposed orders that are likely to be filed by the parties and various non-parties in connection with papers in support of, and in opposition to, the Panasonic defendants' Motion for Summary Judgment and *Daubert* Motions. While the Court appreciates the parties' efforts to avoid burdening the Court with seriatim sealing motions, documents are not permitted to be filed under seal without the filing of an administrative motion to seal in the first instance. Rule Civ. L. Rule 79-5(b). The Court therefore **GRANTS IN PART AND DENIES IN PART** the stipulation and **ORDERS** as follows:

A Filing Party that seeks to file a document that contains or refers to information designated under any of the applicable protective orders entered in this action (Dkt Nos. 193, 900) shall file an administrative motion to file under seal, consistent with Rule 79-5 of the Civil Local Rules. "[T]he courtesy copy [provided to chambers] should include the declaration with all of the exhibits attached, including the exhibits, or portions thereof, sought to be filed under seal, with the portions to be sealed highlighted or clearly noted as subject to a sealing motion." Civ. L. Rule 79-5 (d)(2)(A) (emphasis supplied).

As stated in this Court's Standing Order In Civil Cases, "[f]or documents submitted in connection with administrative motions to seal, parties shall provide chambers copies of the **unredacted** documents with proposed redacted material highlighted, as required Civil Local Rule

79-5(d)(1)(D), *only*. Do not submit chambers copies of the **redacted** versions of documents sought to be sealed." (Standing Order in Civil Cases ¶ 11, emphasis in original.)

Designating parties and non-parties must file any declaration in support of the motion to seal within five (5) business days of the filing of the AMFUS. The Filing Party may file the declarations in support on behalf of the designating parties/non-parties as a single, consolidated compendium of declarations in support of sealing, with a single proposed order in the form specified in this Court's standing orders at paragraph 11.

If the designating party/non-party narrows the Filing Party's sealing requests, the Filing Party must submit an *amended* AMFUS (which specifically references the related original AMFUS by ECF docket number) with a revised unredacted version of the documents, highlighting the narrowed proposed redacted material, and (2) a proposed order consistent with the narrowed requests.

The Filing Party may submit the amended AMFUS, revised documents, and revised proposed order **no later than (7) seven days before the noticed date for hearing** on the Panasonic defendants' motion for summary judgment and any related *Daubert* motions.

Proposed orders on administrative motions to seal must conform to the following format:

| Document or Portion of Document Sought to be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Motion at page 2, lines 10–11 | Jones Declaration ¶ 1 | |
| Motion at page 5, lines 4–17 | Jones Declaration ¶ 2 | |

Upon resolution of all such proposed orders, the Filing Party shall file revised redacted documents as needed to comply with the Court's rulings.

**IT IS SO ORDERED.**

Dated: July 31, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**