Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com

Elizabeth J. Cabraser (083151)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

Joseph W. Cotchett (36324)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com

*Indirect Purchaser Plaintiffs*
*Interim Co-Lead Counsel*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION, | Case No. 13-MD-02420 YGR (DMR) |
| | MDL No. 2420 |
| This Documents Relates to: | INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PANASONIC AND SANYO DEFENDANTS' ADMINISTRATIVE MOTION TO EXPEDITE CONSIDERATION OF MOTION TO STRIKE SECOND RENEWED MOTION FOR CLASS CERTIFICATION |
| ALL INDIRECT PURCHASER ACTIONS | |
| | DATE ACTION FILED: Oct. 3, 2012 |

010330-11 1058005 V1

Indirect Purchaser Plaintiffs ("IPPs") respectfully request that this Court (a) deny Panasonic's Administrative Motion to Expedite Consideration of Their Motion to Strike IPPs' Corrected Second Renewed Motion for Class Certification ("Administrative Motion") *(ECF No. 2397)*, and (b) strike Panasonic's Motion to Strike IPPs' Corrected Second Renewed Motion for Class Certification, ("Motion to Strike") (ECF No. 2396).[1] In its Administrative Motion, Panasonic seeks to cut the normal briefing time for IPPs in half, giving IPPs only one week (until August 27) to respond to Panasonic's 18-page Motion to Strike, which includes lengthy legal and factual citations.[2] IPPs would be prejudiced by not having at least the normal two weeks afforded by the Rules to oppose Panasonic's motion. *See* Civil L.R. 7-3. That prejudice is particularly stark because, if granted, Panasonic's motion would be dispositive of IPPs' motion for class certification.[3]

Panasonic suggests a shortened briefing schedule is necessary because *if* the Court grants the Motion to Strike almost immediately, Panasonic would have to invest fewer resources in its opposition to IPPs' motion for class certification, currently due on September 7, 2018.[4] But *it was Panasonic* that proposed the September 7 due date for its opposition to class certification, as part of a full stipulated briefing schedule for IPPs' motion for class certification, which this Court ordered.[5] Panasonic should not be permitted to propose a briefing schedule and then use that schedule as reason to shorten IPPs' time to respond to a related motion. Panasonic claims it is concerned about the opposition due date – which is in the stipulated schedule that Panasonic

---

[1] "Panasonic" refers collectively to Defendants Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation.

[2] *See, e.g.*, Motion to Strike at 7-18; Declaration of Cristina M. Fernandez in support of Motion to Strike (ECF No. 2396-2).

[3] The prejudice to IPPs is compounded by the fact that Panasonic filed its Administrative Motion on the same day that it filed the Motion to Strike, August 20. IPPs had four days to file an opposition to the Administrative Motion. *See* Civil L.R. 7-11(b). Thus, IPPs had until Friday, August 24 to file an opposition to Panasonic's request that this Court order IPPs to file their opposition to the Motion to Strike on Monday, August 27.

[4] Panasonic also requests in its Administrative Motion that the Court deny oral argument on the Motion to Strike (before even reading the papers), which IPPs oppose, and decide the motion in Panasonic's favor "as soon as possible after August 27, 2018 and prior to September 7, 2018."

[5] *See* stipulation with proposed schedule, filed by Panasonic (ECF No. 2378), and the Court granting the stipulation (ECF No. 2398).

1    proposed just over a week ago. But it never contacted IPPs about these concerns or proposed to
2    IPPs that the stipulated briefing schedule should be changed. And meeting and conferring in an
3    attempt to obtain a stipulation before filing an administrative motion is required by Civil Local
4    Rule 7-11. Panasonic never met and conferred with IPPs or stated why it could not in its
5    Administrative Motion, which is an independent reason to deny the Administrative Motion.

6          The foregoing facts also show why the Court should strike Panasonic's Motion to Strike.
7    Panasonic proposed and then stipulated to a briefing schedule for IPPs' motion for class
8    certification that makes it virtually impossible for its Motion to Strike to be decided before the
9    briefing on class certification is complete. Thus, full briefing on the Motion to Strike is an
10   enormous waste of resources because the Motion to Strike covers ground duplicative of what will
11   be included Panasonic's opposition to the motion for class certification. If Panasonic wants to
12   make procedural objections to IPPs' class certification motion – which is essentially what the
13   Motion to Strike is – Panasonic should have to do so in its class certification opposition. Indeed,
14   numerous similar issues are also covered in Panasonic's pending motion for summary judgment, as
15   well as the dueling *Daubert* motions, which are by design proceeding on a briefing schedule that is
16   the same as the one for the class certification motion. *See* ECF No. 2378 (joint Panasonic/IPP
17   stipulation stating that all of these motions should proceed on same schedule for "efficiency
18   reasons"). If Panasonic wanted "expedited" consideration of these issues, it should not have asked
19   for an extension of the briefing schedule. Panasonic's Motion to Strike is inconsistent with the
20   schedule stipulated to by Panasonic itself, it would undermine the "efficiency reasons" for that
21   schedule, and it can be substantively covered in the existing (stipulated to) briefs. Thus, IPPs
22   respectfully request that this Court strike Panasonic's Motion to Strike.

23         If, in the alternative, this Court believes a response to Panasonic's Motion to Strike would
24   be of assistance to the Court, IPPs respectfully request that the schedule already in place for the
25   pending motion for summary judgment, *Daubert* motions, and renewed motion for class
26   certification be applied – namely, an opposition brief be filed on September 7, 2018, and a reply
27   brief by the Panasonic-Sanyo defendants on October 5, 2018 (ECF Nos. 1873, 2378).
28

IPPs' OPP'N TO DEFS.' ADMIN. MOT. TO EXPEDITE MOT.   - 2 -
TO STRIKE– Case No. 4:13-md-02420-YGR
010330-11 1058005 V1

| | | |
|---|---|---|
| DATED: August 24, 2018 | | HAGENS BERMAN SOBOL SHAPIRO LLP |

By  /s/ Shana E. Scarlett
    SHANA E. SCARLETT

Steve W. Berman (*pro hac vice*)
Jeff D. Friedman (173886)
Benjamin J. Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

DATED: August 24, 2018    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By  /s/ Brendan P. Glackin
    BRENDAN P. GLACKIN

Elizabeth J. Cabraser (SBN 083151)
Lin Y. Chan (SBN 255027)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
bglackin@lchb.com
lchan@lchb.com

DATED: August 24, 2018    COTCHETT, PITRE & McCARTHY, LLP

By  /s/ Adam J. Zapala
    ADAM J. ZAPALA

Joseph W. Cotchett (36324)
Tamarah P. Prevost (SBN 313422)
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
tprevost@cpmlegal.com

***Interim Co-Lead Counsel***
***For Indirect Purchaser Plaintiffs***

1 **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

2   Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in

3 the filing of this document has been obtained from the signatories above.

5   By: /s/ Shana E. Scarlett