1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

12
13

IN RE LITHIUM ION BATTERIES
ANTITRUST LITIGATION,

Case No. 4:13-md-02420 YGR (DMR)

MDL No. 2420

14
15
16
17

This Documents Relates to:

ALL INDIRECT PURCHASER
ACTIONS

DECLARATION OF CAMERON R. AZARI,
ESQ., REGARDING PROPOSED CLASS
NOTICE PROGRAM

18

I, Cameron R. Azari, Esq., hereby declare and state as follows:

19      1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set

20  forth herein, and I believe them to be true and correct.

21      2.      I am a nationally recognized expert in the field of legal notice and I have served as

22  an expert in dozens of federal and state cases involving class action notice plans.

23      3.      I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that

24  specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal

25  notification plans.  Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc.

26  ("Epiq").  In June 2018 Epiq completed an acquisition of Garden City Group ("GCG").  Epiq and

27  GCG have merged as one company, now Epiq.  Under my direction, Hilsoft serves as the expert

28

legal notice consulting firm for both entities now, continuing through the completion of the merger.

4.     Hilsoft has been involved with some of the most complex and significant notices and notice programs in recent history.  With experience in more than 400 cases, including more than 35 MDLs, notices prepared by Hilsoft have appeared in 53 languages with distribution in almost every country, territory and dependency in the world.  Judges, including in published decisions, have recognized and approved numerous notice plans developed by Hilsoft, which decisions have always withstood collateral reviews by other courts and appellate challenges.

**EXPERIENCE RELEVANT TO THIS CASE**

5.     I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in many of the largest and most significant cases, including:

- *In re Takata Airbag Products Liability Litigation,* Case No. 1:15-md-02599-FAM ("*Takata MDL*") (S.D. Fla.) (Massive individual notice mailing effort to over 59.6 million Class Members in three phases of settlements with Toyota, Mazda, Subaru, BMW, Honda, Nissan and Ford.  Comprehensive nationwide media accompanied each phase that included radio ads, consumer magazine ads and an extensive online notice effort.);

- *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* (Bosch Settlement), MDL No. 2672 (N.D. Cal.) (Comprehensive notice program within the Volkswagen Emissions Litigation that provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 via email.  A targeted internet campaign further enhanced the notice effort);

- *In re Energy Future Holdings Corp., et. al. (Asbestos Claims Bar Date Notice),* 14-10979 (CSS) (Bankr. D. Del.) (Large asbestos bar date notice effort, which included individual notice, national consumer publications and newspapers, hundreds of local newspapers, Spanish newspapers, union labor publications, and digital media to reach the target audience);

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL 1720 (E.D.N.Y.) ($7.2 billion settlement reached with Visa and MasterCard. The intensive notice program involved over 19.8 million direct mail notices together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade & specialty publications, and language & ethnic targeted publications, as well as online banner notices, which generated more than 770 million adult impressions and a case website in eight languages);

- *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.) (Dual landmark settlement notice programs to separate "Economic and Property Damages" and "Medical Benefits" settlement classes.  Notice effort included over 7,900 television spots, over 5,200 radio spots, and over 5,400 print insertions and reached over 95% of Gulf Coast residents;

- *In re Checking Account Overdraft Litigation*, MDL 2036 (S.D. Fla.) (Multiple bank settlements between 2010-2018 involving direct mail and email to millions of class members and publication in relevant local newspapers.  Representative banks include Fifth Third Bank, National City Bank, Bank of Oklahoma, Webster Bank, Harris Bank, M & I Bank, Community Bank, PNC Bank, Compass Bank, Commerce Bank, Citizens Bank, Great Western Bank, TD Bank, Bancorp, Whitney Bank, Associated Bank, and Susquehanna Bank); and

- *In re Residential Schools Class Action Litigation* (Canada) (Five phase notice program for the landmark settlement between the Canadian government and Aboriginal former students).

6. Numerous other court opinions and comments as to my testimony, and opinions on the adequacy of our notice efforts, are included in Hilsoft's curriculum vitae attached hereto as **Exhibit 1**.

7. In forming my expert opinions, I and my staff draw from our in-depth class action case experience, as well as our educational and related work experiences.  I am an active member of the Oregon State Bar, receiving my Bachelor of Science from Willamette University and my

1    Juris Doctor from Northwestern School of Law at Lewis and Clark College.  I have served as the

2    Director of Legal Notice for Hilsoft since 2008 and have overseen the detailed planning of

3    virtually all of our court-approved notice programs since that time.  Prior to assuming my current

4    role with Hilsoft, I served in a similar role as Director of Epiq Legal Noticing (previously called

5    Huntington Legal Advertising).  Overall, I have over 18 years of experience in the design and

6    implementation of legal notification and claims administration programs having been personally

7    involved in well over one hundred successful notice programs.

8         8.    I have been directly and personally responsible for all of the notice planning here,

9    including analysis of the individual notice options and the media audience data and determining

10   the most effective mixture of media required to reach the greatest practicable number of

11   Settlement Class Members.  The facts in this declaration are based on what I personally know, as

12   well as information provided to me in the ordinary course of my business by my colleagues at

13   Hilsoft, Epiq, and GCG.

14                                    **OVERVIEW**

15        9.    This declaration will describe the Settlement Notice Plan ("Notice Plan," "Plan,"

16   or "Notice Program") and notices (the "Notice" or "Notices") proposed here for the Settlements

17   with defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "SDI");

18   TOKIN Corporation ("TOKIN"); Toshiba Corporation ("Toshiba"); and Panasonic Corporation,

19   Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North

20   America Corporation (collectively, "Panasonic") (collectively, the "Settling Defendants") in the

21   United States District Court for the Northern District of California.  The Settling Defendants

22   agreed to Settlements resolving claims that they allegedly conspired to fix the price of lithium-ion

23   cylindrical battery cells.  This alleged conspiracy potentially caused individuals and businesses to

24   pay more for the following products which contained lithium-ion cylindrical batteries:

25   (i) portable computers; (ii) power tools; (iii) camcorders; or (iv) a replacement battery for any of

26   these products.  This Notice Plan will follow on the notice efforts implemented for the prior

27   settlements in this matter.

28

DECLARATION OF CAMERON R. AZARI, ESQ.,
RE PROPOSED CLASS NOTICE PROGRAM
CASE NO. 4:13-MD-02420 YGR (DMR)

10.     The media portion of the Notice Plan outlined below is targeted to Adults 25 years of age and older who purchased portable computers, power tools, camcorders, or replacement batteries.  I understand from reviewing the previous notice efforts implemented for prior settlements that there are email addresses available for approximately 7.3 million potential Settlement Class Members.  The individual notice effort will be supplemented by a comprehensive media campaign.

11.     In my opinion, the proposed Notice Plan is designed to reach the greatest practicable number of Settlement Class Members through the use of individual notice and paid and earned media.  Media has been selected to both provide broad notice to potential Settlement Class Members and to target notice to Settlement Class Members who are most likely to file a Claim.  In my opinion, the Notice Plan is the best notice practicable under the circumstances of this case and meets the requirements of due process, including its "desire to actually inform" requirement.[1]

## NOTICE PLANNING METHODOLOGY

12.     Rule 23 directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort."[2]  The proposed Notice Program here satisfies this requirement.  An Email Notice will be sent to all available email addresses.  Separate from the compilation of the individual notice mailing lists, data sources and tools that are commonly employed by experts in this field were used to analyze the reach and frequency[3] of the media portion of this Notice Program.  These include GfK Mediamark Research & Intelligence, LLC ("MRI") data,[4] which provides statistically significant

---

[1]  "But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . . ."  *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950).
[2] Fed. R. Civ. P. 23(c)(2)(B).
[3] Reach is defined as the percentage of a class exposed to a notice, net of any duplication among people who may have been exposed more than once.  Notice "exposure" is defined as the opportunity to read a notice.  The average "frequency" of notice exposure is the average number of times that those reached by a notice would be exposed to a notice.
[4] GfK Mediamark Research & Intelligence, LLC ("MRI") is a leading source of publication readership and product usage data for the communications industry.  MRI offers comprehensive

DECLARATION OF CAMERON R. AZARI, ESQ.,
RE PROPOSED CLASS NOTICE PROGRAM
CASE NO. 4:13-MD-02420 YGR (DMR)

1   readership and product usage data; and comScore, Inc.,[5] which provides online media planning

2   data.  These tools, along with demographic breakdowns indicating how many people use each

3   media vehicle, as well as computer software that take the underlying data and factor out the

4   duplication among audiences of various media vehicles, allow us to determine the net

5   (unduplicated) reach of a particular media schedule.  We combine the results of this analysis to

6   help determine notice plan sufficiency and effectiveness.

7        13.    ***Tools and data trusted by the communications industry and courts***.  Virtually all

8   of the nation's largest advertising agency media departments utilize and rely upon such

9   independent, time-tested data and tools, including net reach and de-duplication analysis

10  methodologies, to guide the billions of dollars of advertising placements that we see today,

11  providing assurance that these figures are not overstated.  These analyses and similar planning

12  tools have become standard analytical tools for evaluating notice programs, and have been

13  regularly accepted by courts.

14       14.    In fact, advertising and media planning firms around the world have long relied on

15  audience data and techniques and all of the leading advertising and communications textbooks

16  cite the need to use reach and frequency planning.[6]  Ninety of the top one hundred media firms

17  use MRI data and at least 15,000 media professionals in 85 different countries use media planning

18  software.[7]

19  demographic, lifestyle, product usage and exposure to all forms of advertising media collected
    from a single sample.  As the leading U.S. supplier of multimedia audience research, MRI

20  provides information to magazines, televisions, radio, Internet, and other media, leading national
    advertisers, and over 450 advertising agencies—including 90 of the top 100 in the United States.

21  MRI's national syndicated data is widely used by companies as the basis for the majority of the
    media and marketing plans that are written for advertised brands in the U.S.

22  [5] comScore, Inc. is a global leader in measuring the digital world and a preferred source of digital
    marketing intelligence.  In an independent survey of 800 of the most influential publishers,

23  advertising agencies and advertisers conducted by William Blair & Company in January 2009,
    comScore was rated the "most preferred online audience measurement service" by 50% of

24  respondents, a full 25 points ahead of its nearest competitor.

25  [6] Textbook sources that have identified the need for reach and frequency for years include:  JACK
    S. SISSORS &  JIM SURMANEK,  ADVERTISING MEDIA PLANNING, 57-72 (2d ed. 1982); KENT M.

26  LANCASTER & HELEN E. KATZ, STRATEGIC MEDIA PLANNING 120-156 (1989); DONALD W.
    JUGENHEIMER & PETER B. TURK,  ADVERTISING MEDIA 123-126 (1980); JACK Z. SISSORS &

27  LINCOLN BUMBA, ADVERTISING MEDIA PLANNING 93-122 (4th ed. 1993); JIM SURMANEK,
    INTRODUCTION TO ADVERTISING MEDIA:  RESEARCH, PLANNING, AND BUYING 106-187 (1993).

28  [7]  For example, Telmar is the world's leading supplier of media planning software and support

- 6 -                    DECLARATION OF CAMERON R. AZARI, ESQ.,
                                                                          RE PROPOSED CLASS NOTICE PROGRAM
                                                                          CASE NO. 4:13-MD-02420 YGR (DMR)

## NOTICE PLAN DETAIL

15.     Class Notice shall be disseminated pursuant to the plan and details set forth below and referred to as the "Notice Plan."  The Notice Plan was designed to provide notice to the following Settlement Class (the "Class"):

> [A]ll persons and entities who, as residents of the United States and during the period from January 1, 2000 through May 31, 2011, indirectly purchased new for their own use and not for resale one of the following products which contained a lithium-ion cylindrical battery manufactured by one or more defendants or their coconspirators:  (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. Excluded from the class are any purchases of Panasonic-branded computers.  Also excluded from the class are any federal, state, or local governmental entities, any judicial officers presiding over this action, members of their immediate families and judicial staffs, and any juror assigned to this action, but included in the class are all non-federal and non-state governmental entities in California.

16.     To guide the selection of measured media in reaching unknown members of the Class, the Notice Plan has a primary target audience of:  Adults 25 years of age and older who purchased portable computers, power tools, camcorders, or replacement batteries.  Adults 25 years of age and older were chosen as the target because the end of the Class Period was more than seven years ago.

17.     The combined measured individual notice, broadcast media and online banner notice is estimated to reach at least 75% of Adults 25 years of age and older who purchased portable computers, power tools, camcorders, or replacement batteries, an estimated average of 3.8 times each.  In my experience, the projected reach and frequency of the Notice Plan is consistent with other court-approved notice programs in settlements of similar magnitude, is consistent with the reach of prior settlement notice efforts implemented in this litigation, and has been designed to meet due process requirements.

18.     The Northern District of California in its new guidance on class action settlements (https://www.cand.uscourts.gov/ClassActionSettlementGuidance) now requires the settling parties to provide an estimate of the number of claims the proposed settlement is expected to

---

services.  Over 15,000 media professionals in 85 countries use Telmar systems for media and marketing planning tools including reach and frequency planning functions.  Established in 1968, Telmar was the first company to provide media planning systems on a syndicated basis.

DECLARATION OF CAMERON R. AZARI, ESQ.,
RE PROPOSED CLASS NOTICE PROGRAM
CASE NO. 4:13-MD-02420 YGR (DMR)

1    generate.  Motions for preliminary approval should include, "If there is a claim form, an estimate

2    of the number and/or percentage of class members who are expected to submit a claim in light of

3    the experience of the selected claims administrator and/or counsel from other recent settlements

4    of similar cases, the identity of the examples used for the estimate, and the reason for the

5    selection of those examples."  For the proposed settlement here, the most relevant examples are

6    the previous settlements in this same matter (the settlements with Sony, Hitachi-Maxell, NEC and

7    LG Chem).  To date, those settlements have generated approximately 946,241 total claims.  The

8    total class size is difficult to estimate here, but could number as many as 193 million or

9    higher.  The number of known class members (ones for whom we have individual notice data)

10   numbers approximately 7.3 million.  This means that for the total potential class size, the prior

11   settlements have seen an approximate claim rate of 0.49%.  Based off of the known class, the

12   prior settlements have seen an approximate claim rate of 13.0%.  Given this information, and

13   allowing for a reasonable number of additional claimants, we expect the Notice Plan here to

14   result in a total of over 1.1 million claims, with an aggregate claim rate of approximately 15% of

15   the 7.3 million known class members.

16          19.     A copy of the proposed Long-Form Notice is attached hereto as **Exhibit 2**.

17          20.     A copy of the proposed Claim Form is attached hereto as **Exhibit 3**.

18                              **NOTICE PLAN**
                          ***Individual Notice – Email***

19

20          21.     An Email Notice will be sent to all potential Settlement Class Members for whom

21   a facially valid email address is available.  The Email Notice will be created using an embedded

22   HTML text format.  This format will provide text that is easy to read without graphics, tables,

23   images, and other elements that would increase the likelihood that the message could be blocked

24   by Internet Service Providers (ISPs) and/or SPAM filters.  The emails will be sent using a server

25   known to the major email providers as one not used to send bulk "SPAM" or "junk" email blasts.

26   Also, the emails will be sent in small groups so as to not be erroneously flagged as a bulk junk

27   email blast.  Each Email Notice will be transmitted with a unique message identifier.  If the

28   receiving email server cannot deliver the message, a "bounce code" should be returned along with

1   the unique message identifier.  For any Email Notice for which a bounce code is received

2   indicating that the message is undeliverable, at least two additional attempts will be made to

3   deliver the Email Notice.

4         22.     The Email Notice will include the website address of the existing case website

5   (www.ReverseTheCharge.com).  By accessing the website, recipients will be able to easily file an

6   online Claim, access a full Long-Form Notice, the Settlement Agreements, a paper Claim Form,

7   and other information about the Settlement.

8         23.     Additionally, a copy of the Long-Form Notice will be mailed to all persons who

9   request one via the toll-free phone number or by mail.  The Long-Form Notice will also be

10  available to download or print at the website.  Copies of the proposed Email Notice and Long-

11  Form Notice are included with the materials filed by Parties.

12  *__Television__*

13        24.     A well-crafted broadcast television advertisement can be extremely effective in

14  reaching almost any demographic.  Television ads will provide timely notice to potential

15  Settlement Class Members in their homes.  15-second, 30-second and 60-second TV spots will be

16  purchased nationwide on cable stations covering a variety of networks such as History, USA,

17  AMC, Travel, and/or Lifetime.  An estimated 90 total spots will be aired over 14 – 21 days.

18        25.     A variety of dayparts (morning, daytime, syndicated day/prime access/early fringe,

19  early news, and prime/syndicated prime) will be used to increase reach among persons with

20  different viewing habits.

21  *__Digital Banner Notice__*

22        26.     The Notice Plan includes digital banner advertisements targeted specifically to

23  Settlement Class Members.  The Banner Notice will provide the Class with additional

24  opportunities to be apprised of the Settlement and their rights.

25        27.     Banner advertisements will appear on *Google's DoubleClick Network* and *Oath Ad*

26  *Network* (formerly *Yahoo! Ad Network*) in English and Spanish.  These banner advertisements

27  will appear on a rotating schedule in multiple ad sizes across desktop and mobile devices.

28

DECLARATION OF CAMERON R. AZARI, ESQ.,
RE PROPOSED CLASS NOTICE PROGRAM
CASE NO. 4:13-MD-02420 YGR (DMR)

28.     Banner advertisements will also be displayed on *Facebook*, *Instagram*, and *Twitter*.  These sites represent the leading group of social network sites in the United States.  On *Facebook*, when a user logs into their account they are presented with their homepage.  Banners will appear in their newsfeed for desktop and mobile notice as well as in the right hand column next to the newsfeed for desktop.  Notices on *Instagram* and *Twitter* will appear in a user's feed alongside other posts and tweets.  These banner advertisements will appear on a rotating schedule in custom ad sizes across desktop and mobile devices.

29.     A summary of the Digital Banner Notice effort is as follows:

| Network/Property | Banner Size | # of Days | Est. Impressions |
|---|---|---|---|
| Google DoubleClick & Oath Ad Network | 300x250; 728x90; 970x250 | 42 | 464,200,000 |
| Facebook, Instagram, & Twitter | Custom | 42 | 59,750,000 |
| **TOTAL** | | | **523,950,000** |

Source:  2018 comScore.

30.     Combined, approximately 523.95 million adult impressions will be generated by these Banner Notices over a 42-day period.  Clicking on the Banner Notice will bring the reader to the case website where they can easily click on the existing "Claim Your Cash" button to file an online claim and obtain other detailed information about the case.

### *Digital Video Notice*

31.     Digital video advertisements provide an opportunity to utilize the television notice across digital channels to reach Settlement Class Members as they browse online.  15-second and 30-second Video Notices will appear on: *Facebook*, *Instagram* and *Twitter*.  Video notices will run across desktop and mobile devices and will appear in users' feeds alongside posts and tweets on desktop and within users' feeds on mobile.

32.     Additionally, 30-second Video Notices will appear on YouTube as TrueView In-Stream skippable advertisements.  Behavior targeting will be used to identify users that have shown an interest in products related to lithium-ion cylindrical batteries.  We will utilize the advanced targeting algorithms of YouTube to remarket and develop "look-alike audiences" (look-alike audiences are individuals that share similar traits to those that visit the case website).  Once

identified, those users will have the opportunity to view the video notice on YouTube.  Similar to look-alike targeting, those users who visit the case website, but do not file a claim will also be segmented and targeted on YouTube.

33.     A summary of the Digital Video Notice effort is as follows:

| Network/Property | Video Length | # of Days | Est. Impressions |
|---|---|---|---|
| Facebook, Instagram & Twitter | :15 & :30 | 42 | 40,250,000 |
| YouTube | :30 | 42 | 15,650,000 |
| **TOTAL** | | | **53,000,000** |

34.     Combined, approximately 53 million adult impressions will be generated by these Video Notices over a 42-day period.  Clicking on the call-to-action overlay ad will bring the viewer to the case website where they can obtain detailed information about the case.

### *Targeted Digital Media*

35.     In addition to traditional digital targeting, we will also incorporate a hyper-targeted strategy.  Behavioral, context and select placement strategies will be used to reach Settlement Class Members online.

36.     Behavioral targeting uses a person's online patterns that relate to consumer electronics, cordless power tools, replacement batteries, and other related topics to identify and serve them an ad as they navigate the internet.  Contextual targeting places ads alongside online articles, blogs, and content that specifically contain keywords and phrases in line with lithium-ion cylindrical battery products.  Select placement will place Notices on specific websites likely to be effective in providing notice to Settlement Class Members affected by the Settlement.  This will include consumer electronics sites as well as premier news, sports, weather, and entertainment websites.  All sites that are performing well will be segmented for increased presence, which will result in premium placement across desktop and mobile platforms.

### *Placing Notices to Be Highly Visible*

37.     The Notices will be designed to be highly visible and noticeable.  Since all placements are not equal, extra care will be taken to place Notices in positions that will generate visibility among potential Settlement Class Members.

- 11 -

38.     TV spots will be targeted to a variety of shows and genres to ensure broad reach across the target audience.

39.     In digital, placement will be sought above the fold[8] on the websites.  *Facebook* advertisements will appear both in the newsfeed and on the right-hand side of the user's news feed, above the fold, on the top half of the page on computers and within the newsfeed on mobile. The Banner Notices will appear in multiple sizes, which may include:

Leaderboard
- Horizontal, 728 x 90 pixels
- Located at the top of the screen

Big Box or Box (also known by other similar names)

- Square Box, 300 x 250 pixels
- Can be located on left or right side of screen

Half Page
- Vertical box, 300 x 600 pixels
- Can be located on left or right side of screen

Billboard

- Horizontal, 970 x 250 pixels
- Similar to Leaderboard but slightly larger; typically at top of screen

### ***Sponsored Internet Search Listings***

40.     To help Settlement Class Members locate the case website, sponsored search listings will be acquired on *Google*.  When search engine visitors search on common keyword combinations such as, "Battery Powered Tools," "Battery Settlement" or "Lithium Batteries" the sponsored search listing will generally be displayed at the top of the page prior to the search results or in the upper right hand column.

41.     The Sponsored Search Listings will be provided to search engine visitors across the United States and will assist Settlement Class Members in finding and accessing the case website.

---

[8] The term "above the fold" refers to the portion of a website that can be viewed by a visitor, typically without the need to scroll down the page.

### *Informational Release*

42.     To build additional reach and extend exposures, a party-neutral Informational Release will be issued to approximately 15,000 media outlets, including newspapers, magazines, national wire services, television, radio and online media in all 50 states.  The Informational Release in Spanish will also be issued to the Hispanic newsline.  The Hispanic newsline reaches over 7,000 U.S. Hispanic media contacts including online placement of approximately 100 Hispanic websites nationally.  The Informational Release will also be distributed to approximately 495 media contacts in the Consumer Electronics industry.  The Informational Release will serve a valuable role by providing additional notice exposures beyond that which was provided by the paid media.  There is no guarantee that any news stories will result, but if they do, potential Settlement Class Members will have additional opportunities to learn that their rights are at stake in credible news media, adding to their understanding.  The Informational Release will include the toll-free number and case website address.

### *Case Website, Toll-free Telephone Number and Postal Mailing Address*

43.     A dedicated website (www.ReverseTheCharge.com) has already been created for the previous Settlements in this matter.  Information about these latest Settlements will be added to the case website and dates and deadlines associated with these proposed Settlements will be inserted, all other features of the case website will remain the same.  Visitors to the homepage will be presented with the prominent "Claim Your Cash" link to easily file an online claim. Settlement Class Members will be able to obtain detailed information about the case and review documents for this proposed Settlement.  As with the prior settlements, these documents will include the full Long-Form Notice, the Settlement Agreements, the Preliminary Approval Order, and other documents.  Answers to Frequently Asked Questions (FAQs) will also be updated as appropriate.

44.     The case website address will be displayed prominently on all Notice documents. The Banner Notices will link directly to the case website.

45.     The existing toll-free phone number (1-888-418-5566) will continue to be used to allow Settlement Class Members to call for additional information, listen to answers to FAQs and

1    request that a Long Form Notice and a Claim Form be mailed to them.  The toll-free number will

2    be prominently displayed in the Notice documents as appropriate.

3         46.    A post office box will also be used for the Settlement, allowing Settlement Class

4    Members to contact the claims administrator by mail with any specific requests or questions.

5                                    **CONCLUSION**

6         47.    In class action notice planning, execution, and analysis, we are guided by due

7    process considerations under the United States Constitution, by federal and local rules and

8    statutes, and further by case law pertaining to notice.  This framework directs that the notice

9    program be designed to reach the greatest practicable number of potential class members and, in a

10   settlement class action notice situation such as this, that the notice or notice program itself not

11   limit knowledge of the availability of benefits—nor the ability to exercise other options—to class

12   members in any way.  All of these requirements will be met in this case.

13        48.    As described above, the Notice Plan will effectively provide a combined measured

14   individual notice, broadcast media, social media and online banner notice effort, which is

15   estimated to reach at least 75% of all Adults 25 years of age and older who purchased power

16   tools, camcorders, or laptop/notebook computers, an estimated average of 3.8 times each.  Many

17   courts have accepted and understood that anything over a 70% percent reach is more than

18   adequate.  In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims

19   Process Checklist and Plain Language Guide.  This Guide stateps that, "the lynchpin in an

20   objective determination of the adequacy of a proposed notice effort is whether all the notice

21   efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–

22   95%."

23        49.    The Notice Plan schedule will afford enough time to provide full and proper notice

24   to Settlement Class Members before any opt-out, objection and claim filing deadlines.

25        I declare under penalty of perjury that the foregoing is true and correct.  Executed on

26   January 24, 2019.

27

28
                                    Cameron R. Azari, Esq.

DECLARATION OF CAMERON R. AZARI, ESQ.,
                                                                    RE PROPOSED CLASS NOTICE PROGRAM
                                                                    CASE NO. 4:13-MD-02420 YGR (DMR)

Exhibit 1



Hilsoft Notifications is a leading provider of legal notice services for large-scale class action and bankruptcy matters. We specialize in providing quality, expert, notice plan development – designing notice programs that satisfy due process requirements and withstand judicial scrutiny. For more than 23 years, Hilsoft Notifications' notice plans have been approved and upheld by courts. Hilsoft Notifications has been retained by defendants and/or plaintiffs on more than 300 cases, including more than 30 MDL cases, with notices appearing in more than 53 languages and in almost every country, territory and dependency in the world. Case examples include:

➢ Hilsoft designed and implemented monumental notice campaigns to notify current or former owners or lessees of certain BMW, Mazda, Subaru, Toyota, Honda, and Nissan vehicles as part of $1.2 billion in settlements regarding Takata airbags. The Notice Plans included individual mailed notice to more than 51.5 million potential Class Members and notice via consumer publications, U.S. Territory newspapers, radio spots, internet banners, mobile banners, and specialized behaviorally targeted digital media. Combined, the Notice Plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle with a frequency of 4.0 times each. *In re: Takata Airbag Products Liability Litigation (OEMS – BMW, Mazda, Subaru, Toyota, Honda and Nissan),* MDL No. 2599 (S.D. Fla.).

➢ A comprehensive notice program within the *Volkswagen Emissions Litigation* that provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 via email. A targeted internet campaign further enhanced the notice effort. *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement),* MDL No. 2672 (N.D. Cal.).

➢ Hilsoft designed and implemented an extensive settlement Notice Plan for a class period spanning more than 40 years for smokers of light cigarettes. The Notice Plan delivered a measured reach of approximately 87.8% of Arkansas Adults 25+ with a frequency of 8.9 times and approximately 91.1% of Arkansas Adults 55+ with a frequency of 10.8 times. Hispanic newspaper notice, an informational release, radio PSAs, sponsored search listings and a case website further enhanced reach. *Miner v. Philip Morris USA, Inc.,* No. 60CV03-4661 (Ark. Cir.).

➢ One of the largest claim deadline notice campaigns ever implemented, for BP's $7.8 billion settlement claim deadline relating to the Deepwater Horizon oil spill. Hilsoft Notifications designed and implemented the claim deadline notice program, which resulted in a combined measurable paid print, television, radio and Internet effort that reached in excess of 90% of adults aged 18+ in the 26 identified DMAs covering the Gulf Coast Areas an average of 5.5 times each. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL No. 2179 (E.D. La.).

➢ Large asbestos bar date notice effort, which included individual notice, national consumer publications, hundreds of local and national newspapers, Spanish newspapers, union labor publications, and digital media to reach the target audience. *In re: Energy Future Holdings Corp., et al. (Asbestos Claims Bar Date Notice),* 14-10979(CSS) (Bankr. D. Del.).

➢ Landmark $6.05 billion settlement reached by Visa and MasterCard. The intensive notice program involved over 19.8 million direct mail notices to class members together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade & specialty publications, and language & ethnic targeted publications. Hilsoft also implemented an extensive online notice campaign with banner notices, which generated more than 770 million adult impressions, a case website in eight languages, and acquisition of sponsored search listings to facilitate locating the website. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* MDL No. 1720 (E.D.N.Y.).

➤ BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill emerged from possibly the most complex class action in U.S. history. Hilsoft Notifications drafted and opined on all forms of notice. The 2012 notice program designed by Hilsoft reached at least 95% Gulf Coast region adults via television, radio, newspapers, consumer publications, trade journals, digital media and individual notice. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.).

➤ Momentous injunctive settlement reached by American Express regarding merchant payment card processing. The notice program provided extensive individual notice to more than 3.8 million merchants as well as coverage in national and local business publications, retail trade publications and placement in the largest circulation newspapers in each of the U.S. territories and possessions. *In re American Express Anti-Steering Rules Antitrust Litigation (II)*, MDL No. 2221 (E.D.N.Y.) ("Italian Colors").

➤ Overdraft fee class actions have been brought against nearly every major U.S. commercial bank. For related settlements, Hilsoft Notifications has developed programs that integrate individual notice and paid media efforts. PNC, Citizens, TD Bank, Fifth Third, Harris Bank M&I, Comerica Bank, Susquehanna Bank, Capital One, M&T Bank and Synovus are among the more than 20 banks that have retained Hilsoft. *In re Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.).

➤ Possibly the largest data breach in U.S. history with approximately 130 million credit and debit card numbers stolen. *In re Heartland Data Security Breach Litigation*, MDL No. 2046 (S.D. Tex.)

➤ Largest and most complex class action in Canadian history. Designed and implemented groundbreaking notice to disparate, remote aboriginal people in the multi-billion dollar settlement. *In re Residential Schools Class Action Litigation*, 00-CV-192059 CPA (Ont. Super. Ct.).

➤ Extensive point of sale notice program of a settlement providing payments up to $100,000 related to Chinese drywall – 100 million notices distributed to Lowe's purchasers during a six-week period. *Vereen v. Lowe's Home Centers*, SU10-CV-2267B (Ga. Super. Ct.).

➤ Largest discretionary class action notice campaign involving virtually every adult in the U.S. for the settlement. *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.).

➤ Most complex national data theft class action settlement involving millions of class members. *Lockwood v. Certegy Check Services, Inc.*, 8:07-cv-1434-T-23TGW (M.D. Fla.).

➤ Largest combined U.S. and Canadian retail consumer security breach notice program. *In re TJX Companies, Inc., Customer Data Security Breach Litigation*, MDL No. 1838 (D. Mass.).

➤ Most comprehensive notice ever in a securities class action for the $1.1 billion settlement of *In re Royal Ahold Securities and ERISA Litigation*, MDL No. 1539 (D. Md.).

➤ Most complex worldwide notice program in history. Designed and implemented all U.S. and international media notice with 500+ publications in 40 countries and 27 languages for $1.25 billion settlement. *In re Holocaust Victims Assets,* "Swiss Banks", No. CV-96-4849 (E.D.N.Y.).

➤ Largest U.S. claim program to date. Designed and implemented a notice campaign for the $10 billion program. *Tobacco Farmer Transition Program*, (U.S. Dept. of Ag.).

➤ Multi-national claims bar date notice to asbestos personal injury claimants. Opposing notice expert's reach methodology challenge rejected by court. *In re Babcock & Wilcox Co*, No. 00-10992 (E.D. La.).



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

2

**LEGAL NOTICING EXPERTS**

*Cameron Azari, Esq., Director of Legal Notice*
Cameron Azari, Esq. has more than 17 years of experience in the design and implementation of legal notification and claims administration programs.  He is a nationally recognized expert in the creation of class action notification campaigns in compliance with Fed R. Civ. P. 23(c)(2) (d)(2) and (e) and similar state class action statutes.  Cameron has been responsible for hundreds of legal notice and advertising programs.  During his career, he has been involved in an array of high profile class action matters, including *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (MasterCard & Visa), In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, Heartland Payment Systems, In re: Checking Account Overdraft Litigation, Lowe's Home Centers, Department of Veterans Affairs (VA),* and *In re Residential Schools Class Action Litigation.*  He is an active author and speaker on a broad range of legal notice and class action topics ranging from amendments to FRCP Rule 23 to email noticing, response rates and optimizing settlement effectiveness.  Cameron is an active member of the Oregon State Bar.  He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College.  Cameron can be reached at caza@legalnotice.com.

*Lauran Schultz, Executive Director*
Lauran Schultz consults extensively with clients on notice adequacy and innovative legal notice programs.  Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration for the past seven years.  High profile actions he has been involved in include companies such as BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation.  Prior to joining Epiq in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio.  Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies.  Lauran can be reached at lschultz@hilsoft.com.

**ARTICLES AND PRESENTATIONS**

➢ **Cameron Azari** Co-Author, "A Practical Guide to Chapter 11 Bankruptcy Publication Notice."  E-book, published, May 2017.

➢ **Cameron Azari** Featured Speaker, "Proposed Changes to Rule 23 Notice and Scrutiny of Claim Filing Rates," DC Consumer Class Action Lawyers Luncheon, December 6, 2016.

➢ **Cameron Azari** Speaker, "2016 Cybersecurity & Privacy Summit.  Moving From 'Issue Spotting' To Implementing a Mature Risk Management Model."  King & Spalding, Atlanta, GA, April 25, 2016.

➢ **Cameron Azari** Speaker, "Live Cyber Incident Simulation Exercise."  Advisen's Cyber Risk Insights Conference, London, UK, February 10, 2015.

➢ **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration."  PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.

➢ **Cameron Azari** Co-Author, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs."  *Class Action Litigation Report*, June 2014.

➢ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations."  PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, April 7-8, 2014 and Chicago, IL, April 28-29, 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments."  ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 29-30, 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Building Products Cases."  HarrisMartin's Construction Product Litigation Conference, Miami, FL, October 25, 2013.



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

3

➤ **Cameron Azari** Co-Author, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, April 2013.

➤ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 31-February 1, 2013.

➤ **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

➤ **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 26-27, 2012.

➤ **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May 2011.

➤ **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, January 2011.

➤ **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

➤ **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

➤ **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

➤ **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

➤ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements" – Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➤ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stoel Rives litigation group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stroock & Stroock & Lavan litigation group, Los Angeles, CA, 2005.

➤ **Cameron Azari** Author, "Twice the Notice or No Settlement." Current Developments – Issue II, August 2003.

➤ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication" – Weil Gotshal litigation group, New York, NY, 2003.



PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

4

**JUDICIAL COMMENTS**

**Judge Charles R. Breyer,** *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (May 17, 2017) MDL No. 2672 (N.D. Cal.):

> The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used." (Dkt. No. 3188-2 ¶ 24.)

**Judge Joseph F. Bataillon,** *Klug v. Watts Regulator Company* (April 13, 2017) No. 8:15-cv-00061-JFB-FG3 (D. Neb.):

> The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December 7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed.

**Judge Yvonne Gonzalez Rogers,** *Bias v. Wells Fargo & Company, et al.* (April 13, 2017) No. 4:12-cv-00664-YGR (N.D. Cal.):

> The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.

> Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

> Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).

**Judge Carlos Murguia,** *Whitton v. Deffenbaugh Industries, Inc., et al* (December 14, 2016) No. 2:12-cv-02247 (D. Kan.) and *Gary, LLC v. Deffenbaugh Industries, Inc., et al* (December 14, 2016) No. 2:13-cv-2634 (D. Kan.):

> The Court determines that the Notice Plan as implemented was reasonably calculated to provide the best notice practicable under the circumstances and contained all required information for members of the proposed Settlement Class to act to protect their interests. The Court also finds that Class Members were provided an adequate period of time to receive Notice and respond accordingly.

**Judge Yvette Kane,** *In re: Shop-Vac Marketing and Sales Practices Litigation* (December 9, 2016) MDL No. 2380 (M.D. Pa.):

> The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

**Judge Timothy D. Fox,** *Miner v. Philip Morris USA, Inc.* (November 21, 2016) No. 60CV03-4661 (Ark. Cir.):

> The Court finds that the Settlement Notice provided to potential members of the Class constituted the best and most practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Arkansas Rules of Civil Procedure.


HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

5

**Judge Eileen Bransten, *In re: HSBC Bank USA, N.A., Checking Account Overdraft Litigation*** (October 13, 2016) No. 650562/2011 (Sup. Ct. N.Y.):

> *This Court finds that the Notice Program and the Notice provided to Settlement Class members fully satisfied the requirements of constitutional due process, the N.Y. C.P.L.R., and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.*

**Judge Jerome B. Simandle, *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation*** (September 20, 2016) MDL No. 2540 (D. N.J.):

> *The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.*

**Judge Marcia G. Cooke, *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.*** (April 11, 2016) No. 14-23120 (S.D. Fla.):

> *Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc. [Hilsoft Notifications], has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.*

**Judge Christopher S. Sontchi, *In re: Energy Future Holdings Corp, et al.,*** (July 30, 2015) 14-10979(CSS) (Bankr. D. Del.):

> *Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.*

**Judge David C. Norton, *In re: MI Windows and Doors Inc. Products Liability Litigation*** (July 22, 2015) MDL No. 2333, No. 2:12-mn-00001 (D. S.C.):

> The court finds that the Notice Plan, as described in the Settlement and related declarations, has been faithfully carried out and constituted the best practicable notice to Class Members under the circumstances of this Action, and was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with Notice.
>
> The court also finds that the Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action; (2) their right to exclude themselves from the Settlement Class and the proposed Settlement; (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Named Plaintiffs or Class Counsel, or the award of attorney's and representative fees); (4) their right to appear at the fairness hearing (either on their own or through counsel hired at their own expense); and (5) the binding and preclusive effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all Persons who do not request exclusion from the Settlement Class. As such, the court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the rules of this court, and any other applicable law, and provided sufficient notice to bind all Class Members, regardless of whether a particular Class Member received actual notice.



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

6

**Judge Robert W. Gettleman,** *Adkins v. Nestle Purina PetCare Company, et al.,* (June 23, 2015) No. 12-cv-2871 (N.D. Ill.):

> *Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*

**Judge James Lawrence King,** *Steen v. Capital One, N.A.* (May 22, 2015) No. 2:10-cv-01505-JCZ-KWR (E.D. La.) and No. 1:10-cv-22058-JLK (S.D. Fla.) as part of *In Re: Checking Account Overdraft Litigation*, MDL 2036 (S.D. Fla.)

> The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812 (quoting *Mullane*, 339 U.S. at 314-15). This Settlement with Capital One was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so. Azari Decl. ¶¶ 30-39.

**Judge Rya W. Zobel,** *Gulbankian et al. v. MW Manufacturers, Inc.,* (December 29, 2014) No. 1:10-cv-10392-RWZ (D. Mass.):

> *This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court finds that the Notice Plan that was implemented by the Claims Administrator satisfies the requirements of FED. R. CIV. P. 23, 28 U.S.C. § 1715, and Due Process, and is the best notice practicable under the circumstances. The Notice Plan constituted due and sufficient notice of the Settlement, the Final Approval Hearing, and the other matters referred to in the notices. Proof of the giving of such notices has been filed with the Court via the Azari Declaration and its exhibits.*

**Judge Edward J. Davila,** *Rose v. Bank of America Corporation, and FIA Card Services, N.A.,* (August 29, 2014) No. 5:11-CV-02390-EJD; 5:12-CV-04009-EJD (N.D. Cal.):

> *The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing. The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.*

**Judge James A. Robertson, II,** *Wong et al. v. Alacer Corp.* (June 27, 2014) No. CGC-12-519221 (Cal. Super. Ct.):

> *Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. Based on the Declaration of Cameron Azari dated March 7, 2014, such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of California Civil Code Section 1781, California Civil Code of Civil Procedure Section 382, Rules 3.766 of the California Rules of Court, and due process.*

**Judge John Gleeson,** *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, (December 13, 2013) No. 1:05-cv-03800 (E.D. NY.):

> *The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards… The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.*



PORTLAND AREA OFFICE          10300 SW ALLEN BLVD          BEAVERTON, OR 97005          T 503-597-7697
PHILADELPHIA AREA OFFICE      1420 LOCUST ST 30 F          PHILADELPHIA, PA 1910       T 215-721-2120

7

**Judge Lance M. Africk, *Evans, et al. v. TIN, Inc., et al,* (July 7, 2013) No. 2:11-cv-02067 (E.D. La.):**

> *The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.*

**Judge Edward M. Chen, *Marolda v. Symantec Corporation,* (April 5, 2013) No. 08-cv-05701 (N.D. Cal.):**

> *Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out . . . The Court . . . concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.*

**Judge Ann D. Montgomery, *In re Zurn Pex Plumbing Products Liability Litigation,* (February 27, 2013) No. 0:08cv01958 (D. Minn.):**

> *The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.*

> *The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [\*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).*

**Magistrate Judge Stewart, *Gessele et al. v. Jack in the Box, Inc.,* (January 28, 2013) No. 3:10-cv-960 (D. Or.):**

> *Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.*

**Judge Carl J. Barbier, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Medical Benefits Settlement),* (January 11, 2013) MDL No. 2179 (E.D. La.):**

> *Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)*

> *The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.*



| | | | |
|---|---|---|---|
| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

**Judge Carl J. Barbier,** *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* *(Economic and Property Damages Settlement)*, (December 21, 2012) MDL No. 2179 (E.D. La.):

> The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation. The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.

> The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.

> The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.

**Judge Alonzo Harris, Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.,** (August 17, 2012) No. 12-C-1599 (27th Jud. D. Ct. La.):

> Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.

**Judge James Lawrence King, In re Checking Account Overdraft Litigation (IBERIABANK),** (April 26, 2012) MDL No. 2036 (S.D. Fla):

> The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims . . . [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment." In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1104-05 (5th Cir. 1977). The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.



PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

9

**Judge Bobby Peters,** *Vereen v. Lowe's Home Centers,* (April 13, 2012) SU10-CV-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*

**Judge Lee Rosenthal,** *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation,* (March 2, 2012) MDL No. 2046 (S.D. Tex.):

*The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement… Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members. (Docket Entry No. 106, ¶ 32). Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at *23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197.*

**Judge John D. Bates,** *Trombley v. National City Bank,* (December 1, 2011) 1:10-CV-00232 (D.D.C.)

*The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr.,** *Schulte v. Fifth Third Bank,* (July 29, 2011) No. 1:09-cv-6655 (N.D. Ill.):

*The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle,** *Williams v. Hammerman & Gainer Inc.,* (June 30, 2011) No. 11-C-3187-B (27th Jud. D. Ct. La.):

*Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others more fully described in this Court's order of 30th day of March 2011 were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

10

**Judge Stefan R. Underhill, *Mathena v. Webster Bank, N.A.*,** (March 24, 2011) No. 3:10-cv-1448 (D. Conn.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*

**Judge Ted Stewart, *Miller v. Basic Research, LLC*,** (September 2, 2010) No. 2:07-cv-871 (D. Utah):

*Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans.  Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a neutral, Court-approved Internet website; and 5) a toll-free telephone number.  Similar mixed media plans have been approved by other district courts post class certification.  The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi, *Pavlov v. Continental Casualty Co.*,** (October 7, 2009) No. 5:07cv2580 (N.D. Ohio):

*As previously set forth in this Memorandum Opinion, the elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims.  With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson, *In re Department of Veterans Affairs (VA) Data Theft Litigation*,** (September 23, 2009) MDL No. 1796 (D.D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances.  The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement.  Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*

**Judge Lisa F. Chrystal, *Little v. Kia Motors America, Inc.*,** (August 27, 2009) No. UNN-L-0800-01 (N.J. Super. Ct.):

*The Court finds that the manner and content of the notices for direct mailing and for publication notice, as specified in the Notice Plan (Exhibit 2 to the Affidavit of Lauran R. Schultz), provides the best practicable notice of judgment to members of the Plaintiff Class.*

**Judge Barbara Crowder, *Dolen v. ABN AMRO Bank N.V.*,** (March 23, 2009) No. 01-L-454, 01-L-493 (3rd Jud. Cir. Ill.):

*The Court finds that the Notice Plan is the best notice practicable under the circumstances and provides the Eligible Members of the Settlement Class sufficient information to make informed and meaningful decisions regarding their options in this Litigation and the effect of the Settlement on their rights.  The Notice Plan further satisfies the requirements of due process and 735 ILCS 5/2-803.  That Notice Plan is approved and accepted.  This Court further finds that the Notice of Settlement and Claim Form comply with 735 ILCS 5/2-803 and are appropriate as part of the Notice Plan and the Settlement, and thus they are hereby approved and adopted.  This Court further finds that no other notice other than that identified in the Notice Plan is reasonably necessary in this Litigation.*

**Judge Robert W. Gettleman, *In re Trans Union Corp.*,** (September 17, 2008) MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law…  Accordingly, all objections are hereby OVERRULED.*



PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

11

**Judge Steven D. Merryday, *Lockwood v. Certegy Check Services, Inc.*,** (September 3, 2008) No. 8:07-cv-1434-T-23TGW (M.D. Fla.):

> The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable in the circumstances.  The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

**Judge William G. Young, *In re TJX Companies*,** (September 2, 2008) MDL No. 1838 (D. Mass.):

> The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.

**Judge Philip S. Gutierrez, *Shaffer v. Continental Casualty Co.,*** (June 11, 2008) SACV-06-2235-PSG (PJWx) (C.D. Cal.):

> …was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law.

**Judge Robert L. Wyatt, *Gunderson v. AIG Claim Services, Inc.,*** (May 29, 2008) No. 2004-002417 (14th Jud. D. Ct. La.):

> Notices given to Settlement Class members…were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.

**Judge Mary Anne Mason, *Palace v. DaimlerChrysler Corp.,*** (May 29, 2008) No. 01-CH-13168 (Ill. Cir. Ct.):

> The form, content, and method of dissemination of the notice given to the Illinois class and to the Illinois Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process and complied with 735 ILCS §§5/2-803 and 5/2-806.

**Judge David De Alba, *Ford Explorer Cases,*** (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

> [T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved—submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.

**Judge Kirk D. Johnson, *Webb v. Liberty Mutual Ins. Co.,*** (March 3, 2008) No. CV-2007-418-3 (Ark. Cir. Ct.):

> The Court finds that there was minimal opposition to the settlement.  After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members.

**Judge Carol Crafton Anthony, *Johnson v. Progressive Casualty Ins. Co.*,** (December 6, 2007) No. CV-2003-513 (Ark. Cir. Ct.):

> Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort.  Notice reached a large majority of the Class members.  The Court finds that such notice constitutes the best notice practicable…The Forms of Notice and Notice Plan satisfy all of the requirements of Arkansas law and due process.



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

12

**Judge Kirk D. Johnson,** *Sweeten v. American Empire Insurance Co.,* (August 20, 2007) No. CV-2007-154-3 (Ark. Cir. Ct.):

> The Court does find that all notices required by the Court to be given to class members was done within the time allowed and the manner best calculated to give notice and apprise all the interested parties of the litigation.  It was done through individual notice, first class mail, through internet website and the toll-free telephone call center…The Court does find that these methods were the best possible methods to advise the class members of the pendency of the action and opportunity to present their objections and finds that these notices do comply with all the provisions of Rule 23 and the Arkansas and United States Constitutions.

**Judge Robert Wyatt,** *Gunderson v. F.A. Richard & Associates, Inc.,* (July 19, 2007) No. 2004-2417-D (14th Jud. D. Ct. La.):

> This is the final Order and Judgment regarding the fairness, reasonableness and adequacy.  And I am satisfied in all respects regarding the presentation that's been made to the Court this morning in the Class memberships, the representation, the notice, and all other aspects and I'm signing that Order at this time.

**Judge Lewis A. Kaplan,** *In re Parmalat Securities Litigation,* (July 19, 2007) MDL No. 1653-LAK (S.D.N.Y.):

> The Court finds that the distribution of the Notice, the publication of the Publication Notice, and the notice methodology…met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, (including the Due Process clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, et seq.) (the "PSLRA"), the Rules of the Court, and any other applicable law.

**Judge Joe Griffin,** *Beasley v. The Reliable Life Insurance Co.,* (March 29, 2007) No. CV-2005-58-1 (Ark. Cir. Ct.):

> [T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process.  They are fair, reasonable, and adequate.  I think the method of notification certainly meets the requirements of due process…So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.

**Judge Lewis A. Kaplan,** *In re Parmalat Securities Litigation,* (March 1, 2007) MDL No. 1653-LAK (S.D.N.Y.):

> The court approves, as to form and content, the Notice and the Publication Notice, attached hereto as Exhibits 1 and 2, respectively, and finds that the mailing and distribution of the Notice and the publication of the Publication Notice in the manner and the form set forth in Paragraph 6 of this Order…meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, as amended by Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

**Judge Anna J. Brown,** *Reynolds v. The Hartford Financial Services Group, Inc.,* (February 27, 2007) No. CV-01-1529-BR (D. Or):

> [T]he court finds that the Notice Program fairly, fully, accurately, and adequately advised members of the Settlement Class and each Settlement Subclass of all relevant and material information concerning the proposed settlement of this action, their rights under Rule 23 of the Federal Rules of Civil Procedure, and related matters, and afforded the Settlement Class with adequate time and an opportunity to file objections to the Settlement or request exclusion from the Settlement Class.  The court finds that the Notice Program constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23 and due process.

**Judge Kirk D. Johnson,** *Zarebski v. Hartford Insurance Company of the Midwest,* (February 13, 2007) No. CV-2006-409-3 (Ark. Cir. Ct.):

> Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class.  Accordingly, the Class Notice and Claim Form as disseminated are


PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697
PHILADELPHIA AREA OFFICE     1420 LOCUST ST 30 F     PHILADELPHIA, PA 1910     T 215-721-2120

13

*finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the notice campaign described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions.*

**Judge Richard J. Holwell,** ***In re Vivendi Universal, S.A. Securities Litigation,*** 2007 WL 1490466, at *34 (S.D.N.Y.):

*In response to defendants' manageability concerns, plaintiffs have filed a comprehensive affidavit outlining the effectiveness of its proposed method of providing notice in foreign countries. According to this…the Court is satisfied that plaintiffs intend to provide individual notice to those class members whose names and addresses are ascertainable, and that plaintiffs' proposed form of publication notice, while complex, will prove both manageable and the best means practicable of providing notice.*

**Judge Samuel Conti,** ***Ciabattari v. Toyota Motor Sales, U.S.A., Inc.,*** (November 17, 2006) No. C-05-04289-SC (N.D. Cal.):

*After reviewing the evidence and arguments presented by the parties…the Court finds as follows…The class members were given the best notice practicable under the circumstances, and that such notice meets the requirements of the Due Process Clause of the U.S. Constitution, and all applicable statutes and rules of court.*

**Judge Ivan L.R. Lemelle**, ***In re High Sulfur Content Gasoline Prods. Liability Litigation,*** (November 8, 2006) MDL No. 1632 (E.D. La.):

*This Court approved a carefully-worded Notice Plan, which was developed with the assistance of a nationally-recognized notice expert, Hilsoft Notifications…The Notice Plan for this Class Settlement was consistent with the best practices developed for modern-style "plain English" class notices; the Court and Settling Parties invested substantial effort to ensure notice to persons displaced by the Hurricanes of 2005; and as this Court has already determined, the Notice Plan met the requirements of Rule 23 and constitutional due process.*

**Judge Catherine C. Blake,** ***In re Royal Ahold Securities and "ERISA" Litigation,*** (November 2, 2006) MDL No. 1539 (D. Md.):

*The global aspect of the case raised additional practical and legal complexities, as did the parallel criminal proceedings in another district. The settlement obtained is among the largest cash settlements ever in a securities class action case and represents an estimated 40% recovery of possible provable damages. The notice process appears to have been very successful not only in reaching but also in eliciting claims from a substantial percentage of those eligible for recovery.*

**Judge Elaine E. Bucklo,** ***Carnegie v. Household International,*** (August 28, 2006) No. 98 C 2178 (N.D. Ill.):

*[T]he Notice was disseminated pursuant to a plan consisting of first class mail and publication developed by Plaintiff's notice consultant, Hilsoft Notification[s]…who the Court recognized as experts in the design of notice plans in class actions. The Notice by first-class mail and publication was provided in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies all requirements of Rule 23(e) and due process.*

**Judge Joe E. Griffin,** ***Beasley v. Hartford Insurance Company of the Midwest,*** (June 13, 2006) No. CV-2005-58-1 (Ark. Cir. Ct.):

*Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice and the Publication Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, was the best notice practicable under the circumstances…and the requirements of due process under the Arkansas and United States Constitutions.*



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

14

**Judge Norma L. Shapiro,** ***First State Orthopedics et al. v. Concentra, Inc., et al.,*** (May 1, 2006) No. 2:05-CV-04951-NS (E.D. Pa.):

> *The Court finds that dissemination of the Mailed Notice, Published Notice and Full Notice in the manner set forth here and in the Settlement Agreement meets the requirements of due process and Pennsylvania law. The Court further finds that the notice is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, is the best practicable notice; and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement.*

**Judge Thomas M. Hart,** ***Froeber v. Liberty Mutual Fire Ins. Co.,*** (April 19, 2006) No. 00C15234 (Or. Cir. Ct.):

> *The court has found and now reaffirms that dissemination and publication of the Class Notice in accordance with the terms of the Third Amended Order constitutes the best notice practicable under the circumstances.*

**Judge Catherine C. Blake,** ***In re Royal Ahold Securities and "ERISA" Litigation,*** (January 6, 2006) MDL No. 1539 (D. Md.):

> *I think it's remarkable, as I indicated briefly before, given the breadth and scope of the proposed Class, the global nature of the Class, frankly, that again, at least on a preliminary basis, and I will be getting a final report on this, that the Notice Plan that has been proposed seems very well, very well suited, both in terms of its plain language and in terms of its international reach, to do what I hope will be a very thorough and broad-ranging job of reaching as many of the shareholders, whether individual or institutional, as possibly can be done to participate in what I also preliminarily believe to be a fair, adequate and reasonable settlement.*

**Judge Catherine C. Blake,** ***In re Royal Ahold Securities & "ERISA" Litigation,*** 437 F.Supp.2d 467, 472 (D. Md. 2006):

> *The court hereby finds that the Notice and Notice Plan described herein and in the Order dated January 9, 2006 provided Class Members with the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Robert H. Wyatt, Jr.,** ***Gray v. New Hampshire Indemnity Co., Inc.,*** (December 19, 2005) No. CV-2002-952-2-3 (Ark. Cir. Ct.):

> *Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process, including the Settlement Class definition, the identities of the Parties and of their counsel, a summary of the terms of the proposed settlement, Class Counsel's intent to apply for fees, information regarding the manner in which objections could be submitted, and requests for exclusions could be filed. The Notice properly informed Class members of the formula for the distribution of benefits under the settlement…Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort.  Notice was also effected by publication in many newspapers and magazines throughout the nation, reaching a large majority of the Class members multiple times.  The Court finds that such notice constitutes the best notice practicable.*

**Judge Michael J. O'Malley,** ***Defrates v. Hollywood Entm't Corp.,*** (June 24, 2005) No. 02 L 707 (Ill. Cir. Ct.):

> *[T]his Court hereby finds that the notice program described in the Preliminary Approval Order and completed by HEC complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.*

**Judge Wilford D. Carter,** ***Thibodeaux v. Conoco Phillips Co.,*** (May 26, 2005) No. 2003-481 F (14th J.D. Ct. La.):

> *Notice given to Class Members…were reasonably calculated under all the circumstances and have been sufficient, both as to the form and content…Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due process and sufficient notice to all potential members of the Class as Defined.*



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

15

**Judge Michael Canaday,** *Morrow v. Conoco Inc.,* (May 25, 2005) No. 2002-3860 G (14th J.D. Ct. La.):

> *The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed Settlement Agreement, lack merit and are hereby overruled.*

**Judge John R. Padova,** *Nichols v. SmithKline Beecham Corp.,* (April 22, 2005) No. 00-6222 (E.D. Pa.):

> *Pursuant to the Order dated October 18, 2004, End-Payor Plaintiffs employed Hilsoft Notifications to design and oversee Notice to the End-Payor Class. Hilsoft Notifications has extensive experience in class action notice situations relating to prescription drugs and cases in which unknown class members need to receive notice…After reviewing the individual mailed Notice, the publication Notices, the PSAs and the informational release, the Court concludes that the substance of the Notice provided to members of the End-Payor Class in this case was adequate to satisfy the concerns of due process and the Federal Rules.*

**Judge Douglas Combs,** *Morris v. Liberty Mutual Fire Ins. Co.,* (February 22, 2005) No. CJ-03-714 (D. Okla.):

> *I am very impressed that the notice was able to reach – be delivered to 97 ½ percent members of the class. That, to me, is admirable. And I'm also – at the time that this was initially entered, I was concerned about the ability of notice to be understood by a common, nonlawyer person, when we talk about legalese in a court setting. In this particular notice, not only the summary notice but even the long form of the notice were easily understandable, for somebody who could read the English language, to tell them whether or not they had the opportunity to file a claim.*

**Judge Joseph R. Goodwin,** *In re Serzone Products Liability Litigation,* 231 F.R.D. 221, 231 (S.D. W. Va. 2005):

> *The Notice Plan was drafted by Hilsoft Notifications, a Pennsylvania firm specializing in designing, developing, analyzing and implementing large-scale, unbiased legal notification plans. Hilsoft has disseminated class action notices in more than 150 cases, and it designed the model notices currently displayed on the Federal Judicial Center's website as a template for others to follow…To enhance consumer exposure, Hilsoft studied the demographics and readership of publications among adults who used a prescription drug for depression in the last twelve months. Consequently, Hilsoft chose to utilize media particularly targeting women due to their greater incidence of depression and heavy usage of the medication.*

**Judge Richard G. Stearns,** *In re Lupron® Marketing and Sales Practice Litigation,* (November 24, 2004) MDL No. 1430 (D. Mass.):

> *After review of the proposed Notice Plan designed by Hilsoft Notifications…is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 the Federal Rules of Civil Procedure and due process.*

**Judge Richard G. Stearns,** *In re Lupron® Marketing and Sales Practice Litigation,* (November 23, 2004) MDL No. 1430 (D. Mass.):

> *I actually find the [notice] plan as proposed to be comprehensive and extremely sophisticated and very likely be as comprehensive as any plan of its kind could be in reaching those most directly affected.*

**Judge James S. Moody, Jr.,** *Mantzouris v. Scarritt Motor Group Inc.,* (August 10, 2004) No. 8:03 CV- 0015-T-30 MSS (M.D. Fla.):

> *Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the members of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement, it is hereby determined that all members of the Class, except for Ms. Gwendolyn Thompson, who was the sole person opting out of the Settlement Agreement, are bound by this Order and Final Judgment entered herein.*



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

16

**Judge Robert E. Payne,** *Fisher v. Virginia Electric & Power Co.,* (July 1, 2004) No. 3:02CV431 (E.D. Va.)**:**

> *The record here shows that the class members have been fully and fairly notified of the existence of the class action, of the issues in it, of the approaches taken by each side in it in such a way as to inform meaningfully those whose rights are affected and to thereby enable them to exercise their rights intelligently…The success rate in notifying the class is, I believe, at least in my experience, I share Ms. Kauffman's experience, it is as great as I have ever seen in practicing or serving in this job…So I don't believe we could have had any more effective notice.*

**Judge John Kraetzer,** *Baiz v. Mountain View Cemetery,* (April 14, 2004) No. 809869-2 (Cal. Super. Ct.):

> *The notice program was timely completed, complied with California Government Code section 6064, and provided the best practicable notice to all members of the Settlement Class under the circumstances. The Court finds that the notice program provided class members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to class members and all other persons wishing to be heard…The Court has determined that the Notice given to potential members of the Settlement Class fully and accurately informed potential Members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all potential members of the Settlement Class, and that it constituted the best practicable notice under the circumstances.*

***Hospitality Mgmt. Assoc., Inc. v. Shell Oil Co.,*** 356 S.C. 644, 663, 591 S.E.2d 611, 621 (Sup. Ct. S.C. 2004):

> *Clearly, the Cox court designed and utilized various procedural safeguards to guarantee sufficient notice under the circumstances. Pursuant to a limited scope of review, we need go no further in deciding the Cox court's findings that notice met due process are entitled to deference.*

**Judge Joseph R. Goodwin,** *In re Serzone Prods. Liability Litigation,* 2004 U.S. Dist. LEXIS 28297, at *10 (S.D. W. Va.):

> *The Court has considered the Notice Plan and proposed forms of Notice and Summary Notice submitted with the Memorandum for Preliminary Approval and finds that the forms and manner of notice proposed by Plaintiffs and approved herein meet the requirements of due process and Fed.R.Civ.P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.*

**Judge James D. Arnold,** *Cotten v. Ferman Mgmt. Servs. Corp.,* (November 26, 2003) No. 02-08115 (Fla. Cir. Ct.):

> *Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the member of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement…*

**Judge Judith K. Fitzgerald,** *In re Pittsburgh Corning Corp.,* (November 26, 2003) No. 00-22876-JKF (Bankr. W.D. Pa.):

> *The procedures and form of notice for notifying the holders of Asbestos PI Trust Claims, as described in the Motion, adequately protect the interests of the holders of Asbestos PI Trust Claims in a manner consistent with the principles of due process, and satisfy the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.*

**Judge Carter Holly,** *Richison v. American Cemwood Corp.,* (November 18, 2003) No. 005532 (Cal. Super. Ct.):

> *As to the forms of Notice, the Court finds and concludes that they fully apprised the Class members of the pendency of the litigation, the terms of the Phase 2 Settlement, and Class members' rights and options…Not a single Class member—out of an estimated 30,000—objected to the terms of the Phase 2 Settlement Agreement, notwithstanding a comprehensive national Notice campaign, via direct mail and publication Notice…The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all Class members, and complied fully with the laws of the State of California, the Code of Civil Procedure, due process, and California Rules of Court 1859 and 1860.*



| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

17

**Judge Thomas A. Higgins,** *In re Columbia/HCA Healthcare Corp.,* (June 13, 2003) MDL No. 1227 (M.D. Tenn.):

> *Notice of the settlement has been given in an adequate and sufficient manner.  The notice provided by mailing the settlement notice to certain class members and publishing notice in the manner described in the settlement was the best practicable notice, complying in all respects with the requirements of due process.*

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,* 216 F.R.D. 55, 68 (S.D.N.Y. 2003):

> *In view of the extensive notice campaign waged by the defendant, the extremely small number of class members objecting or requesting exclusion from the settlement is a clear sign of strong support for the settlement…The notice provides, in language easily understandable to a lay person, the essential terms of the settlement, including the claims asserted…who would be covered by the settlement…[T]he notice campaign that defendant agreed to undertake was extensive…I am satisfied, having reviewed the contents of the notice package, and the extensive steps taken to disseminate notice of the settlement, that the class notice complies with the requirements of Rule 23 (c)(2) and 23(e). In summary, I have reviewed all of the objections, and none persuade me to conclude that the proposed settlement is unfair, inadequate or unreasonable.*

**Judge Edgar E. Bayley,** *Dimitrios v. CVS, Inc.,* (November 27, 2002) No. 99-6209; *Walker v. Rite Aid Corp.,* No. 99-6210; and *Myers v. Rite Aid Corp.,* No. 01-2771 (Pa. Ct. C.P.):

> *The Court specifically finds that: fair and adequate notice has been given to the class, which comports with due process of law.*

**Judge Dewey C. Whitenton,** *Ervin v. Movie Gallery, Inc.,* (November 22, 2002) No. 13007 (Tenn. Ch.):

> *The content of the class notice also satisfied all due process standards and state law requirements…The content of the notice was more than adequate to enable class members to make an informed and intelligent choice about remaining in the class or opting out of the class.*

**Judge James R. Williamson,** *Kline v. The Progressive Corp.,* (November 14, 2002) No. 01-L-6 (Ill. Cir. Ct.):

> *Notice to the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated.  The notice contained the essential elements necessary to satisfy due process…*

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (September 13, 2002) No. L-008830.00 (N.J. Super. Ct.):

> *Here, the comprehensive bilingual, English and Spanish, court-approved Notice Plan provided by the terms of the settlement meets due process requirements.  The Notice Plan used a variety of methods to reach potential class members.  For example, short form notices for print media were placed…throughout the United States and in major national consumer publications which include the most widely read publications among Cooper Tire owner demographic groups.*

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,* (September 3, 2002) No. 00 Civ. 5071-HB (S.D.N.Y.):

> *The Court further finds that the Class Notice and Publication Notice provided in the Settlement Agreement are written in plain English and are readily understandable by Class Members.  In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

**Judge Milton Gunn Shuffield,** *Scott v. Blockbuster Inc.,* (January 22, 2002) No. D 162-535 (Tex. Jud. Dist. Ct.) ultimately withstood challenge to Court of Appeals of Texas.  *Peters v. Blockbuster* 65 S.W.3d 295, 307 (Tex. App.-Beaumont, 2001):

> *In order to maximize the efficiency of the notice, a professional concern, Hilsoft Notifications, was retained.  This Court concludes that the notice campaign was the best practicable, reasonably calculated, under all*



PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30F   PHILADELPHIA, PA 1910   T 215-721-2120

18

*the circumstances, to apprise interested parties of the settlement and afford them an opportunity to present their objections…The notice campaign was highly successful and effective, and it more than satisfied the due process and state law requirements for class notice.*

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (October 30, 2001) No. MID-L-8839-00-MT (N.J. Super. Ct.):

*The parties have crafted a notice program which satisfies due process requirements without reliance on an unreasonably burdensome direct notification process…The form of the notice is reasonably calculated to apprise class members of their rights.  The notice program is specifically designed to reach a substantial percentage of the putative settlement class members.*

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (October 29, 2001) No. L-8830-00-MT (N.J. Super. Ct.):

*I saw the various bar graphs for the different publications and the different media dissemination, and I think that was actually the clearest bar graph I've ever seen in my life…it was very clear of the time periods that you were doing as to each publication and which media you were doing over what market time, so I think that was very clear.*

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (April 1, 2001) J.C.C.P. No. CJC-00-004106 (Cal. Super. Ct.):

*[C]oncerning dissemination of class notice; and I have reviewed the materials that have been submitted on that subject and basically I'm satisfied.  I think it's amazing if you're really getting 80 percent coverage. That's very reassuring.  And the papers that you submitted responded to a couple things that had been mentioned before and I am satisfied with all that.*

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (March 30, 2001) J.C.C.P. No. 4106 (Cal. Super. Ct.):

*Plaintiffs and Defendant Microsoft Corporation have submitted a joint statement in support of their request that the Court approve the plan for dissemination of class action notice and proposed forms of notice, and amend the class definition.  The Court finds that the forms of notice to Class members attached hereto as Exhibits A and B fairly and adequately inform the Class members of their rights concerning this litigation. The Court further finds that the methods for dissemination of notice are the fairest and best practicable under the circumstances, and comport with due process requirements.*

## LEGAL NOTICE CASES

Hilsoft Notifications has served as a notice expert for planning, implementation and/or analysis in the following partial listing of cases:

| | |
|---|---|
| *Andrews v. MCI (900 Number Litigation)* | S.D. Ga., CV 191-175 |
| *Harper v. MCI (900 Number Litigation)* | S.D. Ga., CV 192-134 |
| *In re Bausch & Lomb Contact Lens Litigation* | N.D. Ala., 94-C-1144-WW |
| *In re Ford Motor Co. Vehicle Paint Litigation* | E.D. La., MDL No. 1063 |
| *Castano v. Am. Tobacco* | E.D. La., CV 94-1044 |
| *Cox v. Shell Oil (Polybutylene Pipe Litigation)* | Tenn. Ch., 18,844 |
| *In re Amino Acid Lysine Antitrust Litigation* | N.D. Ill., MDL No. 1083 |
| *In re Dow Corning Corp. (Breast Implant Bankruptcy)* | E.D. Mich., 95-20512-11-AJS |



PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697
PHILADELPHIA AREA OFFICE     1420 LOCUST ST 30 F     PHILADELPHIA, PA 1910     T 215-721-2120

19

| | |
|---|---|
| *Kunhel v. CNA Ins. Companies* | N.J. Super. Ct., ATL-C-0184-94 |
| *In re Factor Concentrate Blood Prods. Litigation (Hemophiliac HIV)* | N.D. Ill., MDL No. 986 |
| *In re Ford Ignition Switch Prods. Liability Litigation* | D. N.J., 96-CV-3125 |
| *Jordan v. A.A. Friedman (Non-Filing Ins. Litigation)* | M.D. Ga., 95-52-COL |
| *Kalhammer v. First USA (Credit Card Litigation)* | Cal. Cir. Ct., C96-45632010-CAL |
| *Navarro-Rice v. First USA (Credit Card Litigation)* | Or. Cir. Ct., 9709-06901 |
| *Spitzfaden v. Dow Corning (Breast Implant Litigation)* | La. D. Ct., 92-2589 |
| *Robinson v. Marine Midland (Finance Charge Litigation)* | N.D. Ill., 95 C 5635 |
| *McCurdy v. Norwest Fin. Alabama* | Ala. Cir. Ct., CV-95-2601 |
| *Johnson v. Norwest Fin. Alabama* | Ala. Cir. Ct., CV-93-PT-962-S |
| *In re Residential Doors Antitrust Litigation* | E.D. Pa., MDL No. 1039 |
| *Barnes v. Am. Tobacco Co. Inc.* | E.D. Pa., 96-5903 |
| *Small v. Lorillard Tobacco Co. Inc.* | N.Y. Super. Ct., 110949/96 |
| *Naef v. Masonite Corp (Hardboard Siding Litigation)* | Ala. Cir. Ct., CV-94-4033 |
| *In re Synthroid Mktg. Litigation* | N.D. Ill., MDL No. 1182 |
| *Raysick v. Quaker State Slick 50 Inc.* | D. Tex., 96-12610 |
| *Castillo v. Mike Tyson (Tyson v. Holyfield Bout)* | N.Y. Super. Ct., 114044/97 |
| *Avery v. State Farm Auto. Ins. (Non-OEM Auto Parts)* | Ill. Cir. Ct., 97-L-114 |
| *Walls v. The Am. Tobacco Co. Inc.* | N.D. Okla., 97-CV-218-H |
| *Tempest v. Rainforest Café (Securities Litigation)* | D. Minn., 98-CV-608 |
| *Stewart v. Avon Prods. (Securities Litigation)* | E.D. Pa., 98-CV-4135 |
| *Goldenberg v. Marriott PLC Corp (Securities Litigation)* | D. Md., PJM 95-3461 |
| *Delay v. Hurd Millwork (Building Products Litigation)* | Wash. Super. Ct., 97-2-07371-0 |
| *Gutterman v. Am. Airlines (Frequent Flyer Litigation)* | Ill. Cir. Ct., 95CH982 |
| *Hoeffner v. The Estate of Alan Kenneth Vieira (Un-scattered Cremated Remains Litigation)* | Cal. Super. Ct., 97-AS 02993 |
| *In re Graphite Electrodes Antitrust Litigation* | E.D. Pa., MDL No. 1244 |
| *In re Silicone Gel Breast Implant Prods. Liability Litigation, Altrichter v. INAMED* | N.D. Ala., MDL No. 926 |
| *St. John v. Am. Home Prods. Corp. (Fen/Phen Litigation)* | Wash. Super. Ct., 97-2-06368 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE          10300 SW ALLEN BLVD          BEAVERTON, OR 97005          T 503-597-7697
PHILADELPHIA AREA OFFICE     1420 LOCUST ST 30 F           PHILADELPHIA, PA 1910        T 215-721-2120

20

| | |
|---|---|
| *Crane v. Hackett Assocs. (Securities Litigation)* | E.D. Pa., 98-5504 |
| *In re Holocaust Victims Assets Litigation (Swiss Banks)* | E.D.N.Y., CV-96-4849 |
| *McCall v. John Hancock (Settlement Death Benefits)* | N.M. Cir. Ct., CV-2000-2818 |
| *Williams v. Weyerhaeuser Co. (Hardboard Siding Litigation)* | Cal. Super. Ct., CV-995787 |
| *Kapustin v. YBM Magnex Int'l Inc. (Securities Litigation)* | E.D. Pa., 98-CV-6599 |
| *Leff v. YBM Magnex Int'l Inc. (Securities Litigation)* | E.D. Pa., 95-CV-89 |
| *In re PRK/LASIK Consumer Litigation* | Cal. Super. Ct., CV-772894 |
| *Hill v. Galaxy Cablevision* | N.D. Miss., 1:98CV51-D-D |
| *Scott v. Am. Tobacco Co. Inc.* | La. D. Ct., 96-8461 |
| *Jacobs v. Winthrop Financial Associates (Securities Litigation)* | D. Mass., 99-CV-11363 |
| *Int'l Comm'n on Holocaust Era Ins. Claims – Worldwide Outreach Program* | Former Secretary of State Lawrence Eagleburger Commission |
| *Bownes v. First USA Bank (Credit Card Litigation)* | Ala. Cir. Ct., CV-99-2479-PR |
| *Whetman v. IKON (ERISA Litigation)* | E.D. Pa., 00-87 |
| *Mangone v. First USA Bank (Credit Card Litigation)* | Ill. Cir. Ct., 99AR672a |
| *In re Babcock and Wilcox Co. (Asbestos Related Bankruptcy)* | E.D. La., 00-10992 |
| *Barbanti v. W.R. Grace and Co. (Zonolite / Asbestos Litigation)* | Wash. Super. Ct., 00201756-6 |
| *Brown v. Am. Tobacco* | Cal. Super. Ct., J.C.C.P. 4042, 711400 |
| *Wilson v. Servier Canada Inc. (Canadian Fen/Phen Litigation)* | Ont. Super. Ct., 98-CV-158832 |
| *In re Texaco Inc. (Bankruptcy)* | S.D.N.Y. 87 B 20142, 87 B 20143, 87 B 20144 |
| *Olinde v. Texaco (Bankruptcy, Oil Lease Litigation)* | M.D. La., 96-390 |
| *Gustafson v. Bridgestone/Firestone, Inc. (Recall Related Litigation)* | S.D. Ill., 00-612-DRH |
| *In re Bridgestone/Firestone Tires Prods. Liability Litigation* | S.D. Ind., MDL No. 1373 |
| *Gaynoe v. First Union Corp. (Credit Card Litigation)* | N.C. Super. Ct., 97-CVS-16536 |
| *Carson v. Daimler Chrysler Corp. (Fuel O-Rings Litigation)* | W.D. Tenn., 99-2896 TU A |
| *Providian Credit Card Cases* | Cal. Super. Ct., J.C.C.P. 4085 |
| *Fields v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., 302774 |



PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

21

| | |
|---|---|
| *Sanders v. Great Spring Waters of Am., Inc. (Bottled Water Litigation)* | Cal. Super. Ct., 303549 |
| *Sims v. Allstate Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., 99-L-393A |
| *Peterson v. State Farm Mutual Auto. Ins. Co. (Diminished Auto Value Litigation)* | Ill. Cir. Ct., 99-L-394A |
| *Microsoft I-V Cases (Antitrust Litigation Mirroring Justice Dept.)* | Cal. Super. Ct., J.C.C.P. 4106 |
| *Westman v. Rogers Family Funeral Home, Inc. (Remains Handling Litigation)* | Cal. Super. Ct., C-98-03165 |
| *Rogers v. Clark Equipment Co.* | Ill. Cir. Ct., 97-L-20 |
| *Garrett v. Hurley State Bank (Credit Card Litigation)* | Miss. Cir. Ct., 99-0337 |
| *Ragoonanan v. Imperial Tobacco Ltd. (Firesafe Cigarette Litigation)* | Ont. Super. Ct., 00-CV-183165 CP |
| *Dietschi v. Am. Home Prods. Corp. (PPA Litigation)* | W.D. Wash., C01-0306L |
| *Dimitrios v. CVS, Inc. (PA Act 6 Litigation)* | Pa. C.P., 99-6209 |
| *Jones v. Hewlett-Packard Co. (Inkjet Cartridge Litigation)* | Cal. Super. Ct., 302887 |
| *In re Tobacco Cases II (California Tobacco Litigation)* | Cal. Super. Ct., J.C.C.P. 4042 |
| *Scott v. Blockbuster, Inc. (Extended Viewing Fees Litigation)* | 136th Tex. Jud. Dist., D 162-535 |
| *Anesthesia Care Assocs. v. Blue Cross of Cal.* | Cal. Super. Ct., 986677 |
| *Ting v. AT&T (Mandatory Arbitration Litigation)* | N.D. Cal., C-01-2969-BZ |
| *In re W.R. Grace & Co. (Asbestos Related Bankruptcy)* | Bankr. D. Del., 01-01139-JJF |
| *Talalai v. Cooper Tire & Rubber Co. (Tire Layer Adhesion Litigation)* | N.J. Super. Ct.,, MID-L-8839-00 MT |
| *Kent v. Daimler Chrysler Corp. (Jeep Grand Cherokee Park-to-Reverse Litigation)* | N.D. Cal., C01-3293-JCS |
| *Int'l Org. of Migration – German Forced Labour Compensation Programme* | Geneva, Switzerland |
| *Madsen v. Prudential Federal Savings & Loan (Homeowner's Loan Account Litigation)* | 3rd Jud. Dist. Ct. Utah, C79-8404 |
| *Bryant v. Wyndham Int'l., Inc. (Energy Surcharge Litigation)* | Cal. Super. Ct., GIC 765441, GIC 777547 |
| *In re USG Corp. (Asbestos Related Bankruptcy)* | Bankr. D. Del., 01-02094-RJN |
| *Thompson v. Metropolitan Life Ins. Co. (Race Related Sales Practices Litigation)* | S.D.N.Y., 00-CIV-5071 HB |
| *Ervin v. Movie Gallery Inc. (Extended Viewing Fees)* | Tenn. Ch., CV-13007 |
| *Peters v. First Union Direct Bank (Credit Card Litigation)* | M.D. Fla., 8:01-CV-958-T-26 TBM |
| *National Socialist Era Compensation Fund* | Republic of Austria |



HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

22

| | |
|---|---|
| *In re Baycol Litigation* | D. Minn., MDL No. 1431 |
| *Claims Conference–Jewish Slave Labour Outreach Program* | German Government Initiative |
| *Wells v. Chevy Chase Bank (Credit Card Litigation)* | Md. Cir. Ct., C-99-000202 |
| *Walker v. Rite Aid of PA, Inc. (PA Act 6 Litigation)* | C.P. Pa., 99-6210 |
| *Myers v. Rite Aid of PA, Inc. (PA Act 6 Litigation)* | C.P. Pa., 01-2771 |
| *In re PA Diet Drugs Litigation* | C.P. Pa., 9709-3162 |
| *Harp v. Qwest Communications (Mandatory Arbitration Lit.)* | Or. Circ. Ct., 0110-10986 |
| *Tuck v. Whirlpool Corp. & Sears, Roebuck & Co. (Microwave Recall Litigation)* | Ind. Cir. Ct., 49C01-0111-CP-002701 |
| *Allison v. AT&T Corp. (Mandatory Arbitration Litigation)* | 1st Jud. D.C. N.M., D-0101-CV-20020041 |
| *Kline v. The Progressive Corp.* | Ill. Cir. Ct., 01-L-6 |
| *Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. (Milk Price Fixing)* | Ill. Cir. Ct., 00-L-9664 |
| *In re Columbia/HCA Healthcare Corp. (Billing Practices Litigation)* | M.D. Tenn., MDL No. 1227 |
| *Foultz v. Erie Ins. Exchange (Auto Parts Litigation)* | C.P. Pa., 000203053 |
| *Soders v. General Motors Corp. (Marketing Initiative Litigation)* | C.P. Pa., CI-00-04255 |
| *Nature Guard Cement Roofing Shingles Cases* | Cal. Super. Ct., J.C.C.P. 4215 |
| *Curtis v. Hollywood Entm't Corp. (Additional Rental Charges)* | Wash. Super. Ct., 01-2-36007-8 SEA |
| *Defrates v. Hollywood Entm't Corp.* | Ill. Cir. Ct., 02L707 |
| *Pease v. Jasper Wyman & Son, Merrill Blueberry Farms Inc., Allen's Blueberry Freezer Inc. & Cherryfield Foods Inc.* | Me. Super. Ct., CV-00-015 |
| *West v. G&H Seed Co. (Crawfish Farmers Litigation)* | 27th Jud. D. Ct. La., 99-C-4984-A |
| *Linn v. Roto-Rooter Inc. (Miscellaneous Supplies Charge)* | C.P. Ohio, CV-467403 |
| *McManus v. Fleetwood Enter., Inc. (RV Brake Litigation)* | D. Ct. Tex., SA-99-CA-464-FB |
| *Baiz v. Mountain View Cemetery (Burial Practices)* | Cal. Super. Ct., 809869-2 |
| *Stetser v. TAP Pharm. Prods, Inc. & Abbott Laboratories (Lupron Price Litigation)* | N.C. Super. Ct., 01-CVS-5268 |
| *Richison v. Am. Cemwood Corp. (Roofing Durability Settlement)* | Cal. Super. Ct., 005532 |
| *Cotten v. Ferman Mgmt. Servs. Corp.* | 13th Jud. Cir. Fla., 02-08115 |
| *In re Pittsburgh Corning Corp. (Asbestos Related Bankruptcy)* | Bankr. W.D. Pa., 00-22876-JKF |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

23

| | |
|---|---|
| *Mostajo v. Coast Nat'l Ins. Co.* | Cal. Super. Ct., 00 CC 15165 |
| *Friedman v. Microsoft Corp. (Antitrust Litigation)* | Ariz. Super. Ct., CV 2000-000722 |
| *Multinational Outreach - East Germany Property Claims* | Claims Conference |
| *Davis v. Am. Home Prods. Corp. (Norplant Contraceptive Litigation)* | D. La., 94-11684 |
| *Walker v. Tap Pharmaceutical Prods., Inc. (Lupron Price Litigation)* | N.J. Super. Ct., CV CPM-L-682-01 |
| *Munsey v. Cox Communications (Late Fee Litigation)* | Civ. D. La., Sec. 9, 97 19571 |
| *Gordon v. Microsoft Corp. (Antitrust Litigation)* | 4th Jud. D. Ct. Minn., 00-5994 |
| *Clark v. Tap Pharmaceutical Prods., Inc.* | 5th Dist. App. Ct. Ill., 5-02-0316 |
| *Fisher v. Virginia Electric & Power Co.* | E.D. Va., 3:02-CV-431 |
| *Mantzouris v. Scarritt Motor Group, Inc.* | M.D. Fla., 8:03-CV-0015-T-30-MSS |
| *Johnson v. Ethicon, Inc. (Product Liability Litigation)* | W. Va. Cir. Ct., 01-C-1530, 1531, 1533, 01-C-2491 to 2500 |
| *Schlink v. Edina Realty Title* | 4th Jud. D. Ct. Minn., 02-018380 |
| *Tawney v. Columbia Natural Res. (Oil & Gas Lease Litigation)* | W. Va. Cir. Ct., 03-C-10E |
| *White v. Washington Mutual, Inc. (Pre-Payment Penalty Litigation)* | 4th Jud. D. Ct. Minn., CT 03-1282 |
| *Acacia Media Techs. Corp. v. Cybernet Ventures Inc., (Patent Infringement Litigation)* | C.D. Cal., SACV03-1803 GLT (Anx) |
| *Bardessono v. Ford Motor Co. (15 Passenger Vans)* | Wash. Super. Ct., 32494 |
| *Gardner v. Stimson Lumber Co. (Forestex Siding Litigation)* | Wash. Super. Ct., 00-2-17633-3SEA |
| *Poor v. Sprint Corp. (Fiber Optic Cable Litigation)* | Ill. Cir. Ct., 99-L-421 |
| *Thibodeau v. Comcast Corp.* | E.D. Pa., 04-CV-1777 |
| *Cazenave v. Sheriff Charles C. Foti (Strip Search Litigation)* | E.D. La., 00-CV-1246 |
| *National Assoc. of Police Orgs., Inc. v. Second Chance Body Armor, Inc. (Bullet Proof Vest Litigation)* | Mich. Cir. Ct., 04-8018-NP |
| *Nichols v. SmithKline Beecham Corp. (Paxil)* | E.D. Pa., 00-6222 |
| *Yacout v. Federal Pacific Electric Co. (Circuit Breaker)* | N.J. Super. Ct., MID-L-2904-97 |
| *Lewis v. Bayer AG (Baycol)* | 1st Jud. Dist. Ct. Pa., 002353 |
| *In re Educ. Testing Serv. PLT 7-12 Test Scoring Litigation* | E.D. La., MDL No. 1643 |
| *Stefanyshyn v. Consol. Indus. Corp. (Heat Exchanger)* | Ind. Super. Ct., 79 D 01-9712-CT-59 |
| *Barnett v. Wal-Mart Stores, Inc.* | Wash. Super. Ct., 01-2-24553-8 SEA |



| | | | | |
|---|---|---|---|---|
| PORTLAND AREA OFFICE | 10300 SW ALLEN BLVD | BEAVERTON, OR 97005 | T 503-597-7697 |
| PHILADELPHIA AREA OFFICE | 1420 LOCUST ST 30 F | PHILADELPHIA, PA 1910 | T 215-721-2120 |

24

| | |
|---|---|
| *In re Serzone Prods. Liability Litigation* | S.D. W. Va., MDL No. 1477 |
| *Ford Explorer Cases* | Cal. Super. Ct., J.C.C.P. 4226 & 4270 |
| *In re Solutia Inc. (Bankruptcy)* | S.D.N.Y., 03-17949-PCB |
| *In re Lupron Marketing & Sales Practices Litigation* | D. Mass., MDL No. 1430 |
| *Morris v. Liberty Mutual Fire Ins. Co.* | D. Okla., CJ-03-714 |
| *Bowling, et al. v. Pfizer Inc. (Bjork-Shiley Convexo-Concave Heart Valve)* | S.D Ohio, C-1-91-256 |
| *Thibodeaux v. Conoco Philips Co.* | D. La., 2003-481 |
| *Morrow v. Conoco Inc.* | D. La., 2002-3860 |
| *Tobacco Farmer Transition Program* | U.S. Dept. of Agric. |
| *Perry v. Mastercard Int'l Inc.* | Ariz. Super. Ct., CV2003-007154 |
| *Brown v. Credit Suisse First Boston Corp.* | C.D. La., 02-13738 |
| *In re Unum Provident Corp.* | D. Tenn., 1:03-CV-1000 |
| *In re Ephedra Prods. Liability Litigation* | D.N.Y., MDL No. 1598 |
| *Chesnut v. Progressive Casualty Ins. Co.* | Ohio C.P., 460971 |
| *Froeber v. Liberty Mutual Fire Ins. Co.* | Or. Cir. Ct., 00C15234 |
| *Luikart v. Wyeth Am. Home Prods. (Hormone Replacement)* | W. Va. Cir. Ct., 04-C-127 |
| *Salkin v. MasterCard Int'l Inc. (Pennsylvania)* | Pa. C.P., 2648 |
| *Rolnik v. AT&T Wireless Servs., Inc.* | N.J. Super. Ct., L-180-04 |
| *Singleton v. Hornell Brewing Co. Inc. (Arizona Ice Tea)* | Cal. Super. Ct., BC 288 754 |
| *Becherer v. Qwest Commc'ns Int'l, Inc.* | Ill. Cir. Ct., 02-L140 |
| *Clearview Imaging v. Progressive Consumers Ins. Co.* | Fla. Cir. Ct., 03-4174 |
| *Mehl v. Canadian Pacific Railway, Ltd* | D.N.D., A4-02-009 |
| *Murray v. IndyMac Bank. F.S.B* | N.D. Ill., 04 C 7669 |
| *Gray v. New Hampshire Indemnity Co., Inc.* | Ark. Cir. Ct., CV-2002-952-2-3 |
| *George v. Ford Motor Co.* | M.D. Tenn., 3:04-0783 |
| *Allen v. Monsanto Co.* | W. Va. Cir. Ct., 041465 |
| *Carter v. Monsanto Co.* | W. Va. Cir. Ct., 00-C-300 |
| *Carnegie v. Household Int'l, Inc.* | N. D. Ill., 98-C-2178 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

25

| | |
|---|---|
| *Daniel v. AON Corp.* | Ill. Cir. Ct., 99 CH 11893 |
| *In re Royal Ahold Securities and "ERISA" Litigation* | D. Md., MDL No. 1539 |
| *In re Pharmaceutical Industry Average Wholesale Price Litigation* | D. Mass., MDL No. 1456 |
| *Meckstroth v. Toyota Motor Sales, U.S.A., Inc.* | 24th Jud. D. Ct. La., 583-318 |
| *Walton v. Ford Motor Co.* | Cal. Super. Ct., SCVSS 126737 |
| *Hill v. State Farm Mutual Auto Ins. Co.* | Cal. Super. Ct., BC 194491 |
| *First State Orthopaedics et al. v. Concentra, Inc., et al.* | E.D. Pa. 2:05-CV-04951-AB |
| *Sauro v. Murphy Oil USA, Inc.* | E.D. La., 05-4427 |
| *In re High Sulfur Content Gasoline Prods. Liability Litigation* | E.D. La., MDL No. 1632 |
| *Homeless Shelter Compensation Program* | City of New York |
| *Rosenberg v. Academy Collection Service, Inc.* | E.D. Pa., 04-CV-5585 |
| *Chapman v. Butler & Hosch, P.A.* | 2nd Jud. Cir. Fla., 2000-2879 |
| *In re Vivendi Universal, S.A. Securities Litigation* | S.D.N.Y., 02-CIV-5571 RJH |
| *Desportes v. American General Assurance Co.* | Ga. Super. Ct., SU-04-CV-3637 |
| *In re: Propulsid Products Liability Litigation* | E.D. La., MDL No. 1355 |
| *Baxter v. The Attorney General of Canada (In re Residential Schools Class Action Litigation)* | Ont. Super. Ct., 00-CV-192059 CPA |
| *McNall v. Mastercard Int'l, Inc. (Currency Conversion Fees)* | 13th Tenn. Jud. Dist. Ct., CT-002506-03 |
| *Lee v. Allstate* | Ill. Cir. Ct., 03 LK 127 |
| *Turner v. Murphy Oil USA, Inc.* | E.D. La., 2:05-CV-04206-EEF-JCW |
| *Carter v. North Central Life Ins. Co.* | Ga. Super. Ct., SU-2006-CV-3764-6 |
| *Harper v. Equifax* | E.D. Pa., 2:04-CV-03584-TON |
| *Beasley v. Hartford Insurance Co. of the Midwest* | Ark. Cir. Ct., CV-2005-58-1 |
| *Springer v. Biomedical Tissue Services, LTD (Human Tissue Litigation)* | Ind. Cir. Ct., 1:06-CV-00332-SEB-VSS |
| *Spence v. Microsoft Corp. (Antitrust Litigation)* | Wis. Cir. Ct., 00-CV-003042 |
| *Pennington v. The Coca Cola Co. (Diet Coke)* | Mo. Cir. Ct., 04-CV-208580 |
| *Sunderman v. Regeneration Technologies, Inc. (Human Tissue Litigation)* | S.D. Ohio, 1:06-CV-075-MHW |
| *Splater v. Thermal Ease Hydronic Systems, Inc.* | Wash. Super. Ct., 03-2-33553-3-SEA |



PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30F   PHILADELPHIA, PA 1910   T 215-721-2120

26

| | |
|---|---|
| *Peyroux v. The United States of America (New Orleans Levee Breech)* | E.D. La., 06-2317 |
| *Chambers v. DaimlerChrysler Corp. (Neon Head Gaskets)* | N.C. Super. Ct., 01:CVS-1555 |
| *Ciabattari v. Toyota Motor Sales, U.S.A., Inc. (Sienna Run Flat Tires)* | N.D. Cal., C-05-04289-BZ |
| *In re Bridgestone Securities Litigation* | M.D. Tenn., 3:01-CV-0017 |
| *In re Mutual Funds Investment Litigation (Market Timing)* | D. Md., MDL No. 1586 |
| *Accounting Outsourcing v. Verizon Wireless* | M.D. La., 03-CV-161 |
| *Hensley v. Computer Sciences Corp.* | Ark. Cir. Ct., CV-2005-59-3 |
| *Peek v. Microsoft Corporation* | Ark. Cir. Ct., CV-2006-2612 |
| *Reynolds v. The Hartford Financial Services Group, Inc.* | D. Or., CV-01-1529 BR |
| *Schwab v. Philip Morris USA, Inc.* | E.D.N.Y., CV-04-1945 |
| *Zarebski v. Hartford Insurance Co. of the Midwest* | Ark. Cir. Ct., CV-2006-409-3 |
| *In re Parmalat Securities Litigation* | S.D.N.Y., MDL No. 1653 (LAK) |
| *Beasley v. The Reliable Life Insurance Co.* | Ark. Cir. Ct., CV-2005-58-1 |
| *Sweeten v. American Empire Insurance Company* | Ark. Cir. Ct., 2007-154-3 |
| *Govt. Employees Hospital Assoc. v. Serono Int., S.A.* | D. Mass., 06-CA-10613-PBS |
| *Gunderson v. Focus Healthcare Management, Inc.* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Gunderson v. F.A. Richard & Associates, Inc., et al.* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Perez v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., 06-00574-E |
| *Pope v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., 06-01451-B |
| *West v. Carfax, Inc.* | Ohio C.P., 04-CV-1898 (ADL) |
| *Hunsucker v. American Standard Ins. Co. of Wisconsin* | Ark. Cir. Ct., CV-2007-155-3 |
| *In re Conagra Peanut Butter Products Liability Litigation* | N.D. Ga., MDL No. 1845 (TWT) |
| *The People of the State of CA v. Universal Life Resources (Cal DOI v. CIGNA)* | Cal. Super. Ct., GIC838913 |
| *Burgess v. Farmers Insurance Co., Inc.* | D. Okla., CJ-2001-292 |
| *Grays Harbor v. Carrier Corporation* | W.D. Wash., 05-05437-RBL |
| *Perrine v. E.I. Du Pont De Nemours & Co.* | W. Va. Cir. Ct., 04-C-296-2 |
| *In re Alstom SA Securities Litigation* | S.D.N.Y., 03-CV-6595 VM |
| *Brookshire Bros. v. Chiquita (Antitrust)* | S.D. Fla., 05-CIV-21962 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE   10300 SW ALLEN BLVD   BEAVERTON, OR 97005   T 503-597-7697
PHILADELPHIA AREA OFFICE   1420 LOCUST ST 30 F   PHILADELPHIA, PA 1910   T 215-721-2120

27

| | |
|---|---|
| *Hoorman v. SmithKline Beecham* | Ill. Cir. Ct., 04-L-715 |
| *Santos v. Government of Guam (Earned Income Tax Credit)* | D. Guam, 04-00049 |
| *Johnson v. Progressive* | Ark. Cir. Ct., CV-2003-513 |
| *Bond v. American Family Insurance Co.* | D. Ariz., CV06-01249-PXH-DGC |
| *In re SCOR Holding (Switzerland) AG Litigation (Securities)* | S.D.N.Y., 04-cv-7897 |
| *Shoukry v. Fisher-Price, Inc. (Toy Safety)* | S.D.N.Y., 07-cv-7182 |
| *In re: Guidant Corp. Plantable Defibrillators Prod's Liab. Litigation* | D. Minn., MDL No. 1708 |
| *Clark v. Pfizer, Inc (Neurontin)* | C.P. Pa., 9709-3162 |
| *Angel v. U.S. Tire Recovery (Tire Fire)* | W. Va. Cir. Ct., 06-C-855 |
| *In re TJX Companies Retail Security Breach Litigation* | D. Mass., MDL No. 1838 |
| *Webb v. Liberty Mutual Insurance Co.* | Ark. Cir. Ct., CV-2007-418-3 |
| *Shaffer v. Continental Casualty Co. (Long Term Care Ins.)* | C.D. Cal., SACV06-2235-PSG |
| *Palace v. DaimlerChrysler (Defective Neon Head Gaskets)* | Ill. Cir. Ct., 01-CH-13168 |
| *Lockwood v. Certegy Check Services, Inc. (Stolen Financial Data)* | M.D. Fla., 8:07-cv-1434-T-23TGW |
| *Sherrill v. Progressive Northwestern Ins. Co.* | 18th D. Ct. Mont., DV-03-220 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (AIG)* | 14th Jud. D. Ct. La., 2004-2417-D |
| *Jones v. Dominion Resources Services, Inc.* | S.D. W. Va., 2:06-cv-00671 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Wal-Mart)* | 14th Jud. D. Ct. La., 2004-2417-D |
| *In re Trans Union Corp. Privacy Litigation* | N.D. Ill., MDL No. 1350 |
| *Gudo v. The Administrator of the Tulane Ed. Fund* | La. D. Ct., 2007-C-1959 |
| *Guidry v. American Public Life Insurance Co.* | 14th Jud. D. Ct. La., 2008-3465 |
| *McGee v. Continental Tire North America* | D.N.J., 2:06-CV-06234 (GEB) |
| *Sims v. Rosedale Cemetery Co.* | W. Va. Cir. Ct., 03-C-506 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Amerisafe)* | 14th Jud. D. Ct. La., 2004-002417 |
| *In re Katrina Canal Breaches Consolidated Litigation* | E.D. La., 05-4182 |
| *In re Department of Veterans Affairs (VA) Data Theft Litigation* | D.D.C., MDL No. 1796 |
| *Dolen v. ABN AMRO Bank N.V. (Callable CD's)* | Ill. Cir. Ct., 01-L-454 and 01-L-493 |

| | |
|---|---|
| *Pavlov v. CNA (Long Term Care Insurance)* | N.D. Ohio, 5:07cv2580 |
| *Steele v. Pergo( Flooring Products)* | D. Or., 07-CV-01493-BR |
| *Opelousas Trust Authority v. Summit Consulting* | 27th Jud. D. Ct. La., 07-C-3737-B |
| *Little v. Kia Motors America, Inc. (Braking Systems)* | N.J. Super. Ct., UNN-L-0800-01 |
| *Boone v. City of Philadelphia (Prisoner Strip Search)* | E.D. Pa., 05-CV-1851 |
| *In re Countrywide Customer Data Breach Litigation* | W.D. Ky., MDL No.1998 |
| *Miller v. Basic Research (Weight-loss Supplement)* | D. Utah, 2:07-cv-00871-TS |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Cambridge)* | 14th Jud. D. Ct. La., 2004-002417 |
| *Weiner v. Snapple Beverage Corporation* | S.D.N.Y., 07-CV-08742 |
| *Holk v. Snapple Beverage Corporation* | D.N.J., 3:07-CV-03018-MJC-JJH |
| *Coyle v. Hornell Brewing Co. (Arizona Iced Tea)* | D.N.J., 08-CV-2797-JBS-JS |
| *In re Heartland Data Security Breach Litigation* | S.D. Tex., MDL No. 2046 |
| *Satterfield v. Simon & Schuster, Inc. (Text Messaging)* | N.D. Cal., 06-CV-2893 CW |
| *Schulte v. Fifth Third Bank (Overdraft Fees)* | N.D. Ill., 1:09-CV-06655 |
| *Trombley v. National City Bank (Overdraft Fees)* | D.D.C., 1:10-CV-00232 |
| *Vereen v. Lowe's Home Centers (Defective Drywall)* | Ga. Super. Ct., SU10-CV-2267B |
| *Mathena v. Webster Bank, N.A. (Overdraft Fees)* | D. Conn, 3:10-cv-01448 |
| *Delandro v. County of Allegheny (Prisoner Strip Search)* | W.D. Pa., 2:06-cv-00927 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (First Health)* | 14th Jud. D. Ct. La., 2004-002417 |
| *Williams v. Hammerman & Gainer, Inc. (Hammerman)* | 27th Jud. D. Ct. La., 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (Risk Management)* | 27th Jud. D. Ct. La., 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc. (SIF Consultants)* | 27th Jud. D. Ct. La., 11-C-3187-B |
| *Gwiazdowski v. County of Chester (Prisoner Strip Search)* | E.D. Pa., 2:08cv4463 |
| *Williams v. S.I.F. Consultants (CorVel Corporation)* | 27th Jud. D. Ct. La., 09-C-5244-C |
| *Sachar v. Iberiabank Corporation (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *LaCour v. Whitney Bank (Overdraft Fees)* | M.D. Fla., 8:11cv1896 |
| *Lawson v. BancorpSouth (Overdraft Fees)* | W.D. Ark., 1:12cv1016 |
| *McKinley v. Great Western Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE
PHILADELPHIA AREA OFFICE

10300 SW ALLEN BLVD
1420 LOCUST ST 30 F

BEAVERTON, OR 97005
PHILADELPHIA, PA 1910

T 503-597-7697
T 215-721-2120

29

| | |
|---|---|
| *Wolfgeher v. Commerce Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Harris v. Associated Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Case v. Bank of Oklahoma (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Nelson v. Rabobank, N.A. (Overdraft Fees)* | Cal. Super. Ct., RIC 1101391 |
| *Fontaine v. Attorney General of Canada (Stirland Lake and Cristal Lake Residential Schools)* | Ont. Super. Ct., 00-CV-192059 CP |
| *Opelousas General Hospital Authority v. FairPay Solutions* | 27th Jud. D. Ct. La., 12-C-1599-C |
| *Marolda v. Symantec Corporation (Software Upgrades)* | N.D. Cal., 3:08-cv-05701 |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement* | E.D. La., MDL No. 2179 |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Medical Benefits Settlement* | E.D. La., MDL No. 2179 |
| *Vodanovich v. Boh Brothers Construction (Hurricane Katrina Levee Breaches)* | E.D. La., 05-cv-4191 |
| *Gessele et al. v. Jack in the Box, Inc.* | D. Or., No. 3:10-cv-960 |
| *RBS v. Citizens Financial Group, Inc. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Mosser v. TD Bank, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (Mastercard & Visa)* | E.D.N.Y., MDL No. 1720 |
| *Saltzman v. Pella Corporation (Building Products)* | N.D. Ill., 06-cv-4481 |
| *In re Zurn Pex Plumbing, Products Liability Litigation* | D. Minn., MDL No. 1958 |
| *Blahut v. Harris, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Eno v. M & I Marshall & Ilsley Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Casayuran v. PNC Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Anderson v. Compass Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Evans, et al. v. TIN, Inc. (Environmental)* | E.D. La., 2:11-cv-02067 |
| *Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.* | 27th Jud. D. Ct. La., 12-C-1599-C |
| *Williams v. SIF Consultants of Louisiana, Inc. et al.* | 27th Jud. D. Ct. La., 09-C-5244-C |
| *Miner v. Philip Morris Companies, Inc. et al.* | Ark. Cir. Ct., 60CV03-4661 |
| *Fontaine v. Attorney General of Canada (Mistassini Hostels Residential Schools)* | Qué. Super. Ct., 500-06-000293-056 & No. 550-06-000021-056 (Hull) |
| *Glube et al. v. Pella Corporation et al. (Building Products)* | Ont. Super. Ct., CV-11-4322294-00CP |

HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE          10300 SW ALLEN BLVD          BEAVERTON, OR 97005     T 503-597-7697
PHILADELPHIA AREA OFFICE      1420 LOCUST ST 30 F          PHILADELPHIA, PA 1910   T 215-721-2120

30

| | |
|---|---|
| *Yarger v. ING Bank* | D. Del., 11-154-LPS |
| *Price v. BP Products North America* | N.D. Ill, 12-cv-06799 |
| *National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al.* | E.D. Ark., 4:13-cv-00250-JMM |
| *Johnson v. Community Bank, N.A. et al. (Overdraft Fees)* | M.D. Pa., 3:12-cv-01405-RDM |
| *Rose v. Bank of America Corporation, et al. (TCPA)* | N.D. Cal., 11-cv-02390-EJD |
| *McGann, et al., v. Schnuck Markets, Inc. (Data Breach)* | Mo. Cir. Ct., 1322-CC00800 |
| *Simmons v. Comerica Bank, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC, et al. v. Bestcomp, Inc., et al.* | 27th Jud. D. Ct. La., 09-C-5242-B |
| *Simpson v. Citizens Bank (Overdraft Fees)* | E.D. Mich, 2:12-cv-10267 |
| *In re Plasma-Derivative Protein Therapies Antitrust Litigation* | N.D. Ill, 09-CV-7666 |
| *In re Dow Corning Corporation (Breast Implants)* | E.D. Mich., 00-X-0005 |
| *Mello et al v. Susquehanna Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Wong  et al. v. Alacer Corp. (Emergen-C)* | Cal. Super. Ct., CGC-12-519221 |
| *In re American Express Anti-Steering Rules Antitrust Litigation (II) (Italian Colors Restaurant)* | E.D.N.Y., 11-MD-2221, MDL No. 2221 |
| *Costello v. NBT Bank (Overdraft Fees)* | Sup. Ct. Del Cnty., N.Y., 2011-1037 |
| *Gulbankian et al. v. MW Manufacturers, Inc.* | D. Mass., No. 10-CV-10392 |
| *Hawthorne v. Umpqua Bank (Overdraft Fees)* | N.D. Cal., 11-cv-06700-JST |
| *Smith v. City of New Orleans* | Civil D. Ct., Parish of Orleans, La., 2005-05453 |
| *Adkins et al. v. Nestlé Purina PetCare Company et al.* | N.D. Ill., 1:12-cv-02871 |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *In re MI Windows and Doors Products Liability Litigation (Building Products)* | D. S.C., MDL No. 2333 |
| *Childs et al. v. Synovus Bank, et al. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Steen v. Capital One, N.A. (Overdraft Fees)* | S.D. Fla., MDL No. 2036 |
| *Kota of Sarasota, Inc. v. Waste Management Inc. of Florida* | 12th Jud. Cir. Ct., Sarasota Cnty, Fla., 2011-CA-008020NC |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010—Economic and Property Damages Settlement  (Claim Deadline Notice)* | E.D. La., MDL No. 2179 |



HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

31

| | |
|---|---|
| *Dorothy Williams d/b/a Dot's Restaurant v. Waste Away Group, Inc.* | Cir. Ct., Lawrence Cnty, Ala., 42-cv-2012-900001.00 |
| *In re: Energy Future Holdings Corp., et al. (Asbestos Claims Bar Notice)* | Bankr. D. Del., 14-10979(CSS) |
| *Gattinella v. Michael Kors (USA), Inc., et al.* | S.D.N.Y., 14-civ-5731 (WHP) |
| *Kerry T. Thibodeaux, M.D. (A Professional Medical Corporation) v. American Lifecare, Inc.* | 27th Jud. D. Ct. La., 13-C-3212 |
| *Ono v. Head Racquet Sports USA* | C.D.C.A., 2:13-cv-04222-FMO(AGRx) |
| *Opelousas General Hospital Authority v. PPO Plus, L.L.C., et al.* | 27th Jud. D. Ct. La., 13-C-5380 |
| *In re: Shop-Vac Marketing and Sales Practices Litigation* | M.D. Pa., MDL No. 2380 |
| *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* | D. N.J., MDL No. 2540 |
| *In Re: Citrus Canker Litigation* | 11th Jud. Cir., Flo., No. 03-8255 CA 13 |
| *Whitton v. Deffenbaugh Industries, Inc., et al.* *Gary, LLC v. Deffenbaugh Industries, Inc., et al.* | D. Kan., 2:12-cv-02247 D. Kan., 2:13-cv-2634 |
| *Swift v. BancorpSouth Bank (Overdraft Fees)* | N.D. Fla., No. 1:10-cv-00090 |
| *Forgione v. Webster Bank N.A. (Overdraft Fees)* | Sup. Ct.Conn., X10-UWY-CV-12-6015956-S |
| *Small v. BOKF, N.A.* | D. Col., 13-cv-01125 |
| *Anamaria Chimeno-Buzzi & Lakedrick Reed v. Hollister Co. & Abercrombie & Fitch Co.* | S.D. Fla., 14-cv-23120-MGC |
| *In re: HSBC Bank USA, N.A., Checking Account Overdraft Litigation* | Sup. Ct. N.Y., No. 650562/11 |
| *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch)* | N.D. Cal., MDL No. 2672 |
| *Hawkins v. First Tennessee Bank, N.A., et al. (Overdraft Fees)* | 13th Jud. Cir. Tenn., No. CT-004085-11 |
| *Greater Chautauqua Federal Credit Union v. Kmart Corp., et al. (Data Breach)* | N.D. Ill., No. 1:15-cv-02228 |
| *Bias v. Wells Fargo & Company, et al. (Broker's Price Opinions)* | N.D. Cal., No 4:12-cv-00664-YGR |
| *Klug v. Watts Regulator Company (Product Liability)* | D. Neb., No. 8:15-cv-00061-JFB-FG3 |
| *Ratzlaff v. BOKF, NA d/b/a Bank of Oklahoma, et al. (Overdraft Fees)* | Dist. Ct. Okla., No. CJ-2015-00859 |
| *Morton v. Greenbank (Overdraft Fees)* | 20th Jud. Dist. Tenn., No. 11-135-IV |
| *Jacobs, et al. v. Huntington Bancshares Inc., et al. (FirstMerit Overdraft Fees)* | Ohio C.P., No. 11CV000090 |



HILSOFT NOTIFICATIONS

PORTLAND AREA OFFICE        10300 SW ALLEN BLVD        BEAVERTON, OR 97005        T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F         PHILADELPHIA, PA 1910      T 215-721-2120

32

| *Farnham v. Caribou Coffee Company, Inc. (TCPA)* | W.D. Wis., No. 16-cv-00295-WMC |
|---|---|
| *Gottlieb v. Citgo Petroleum Corporation (TCPA)* | S.D. Fla., No. 9:16-cv-81911 |
| *McKnight v. Uber Technologies, Inc.* | N.D. Cal., No 3:14-cv-05615-JST |
| *Lewis v. Flue-Cured Tobacco Cooperative Stabilization Corporation (n/k/a United States Tobacco Cooperative, Inc.)* | N.C. Gen. Ct of Justice, Sup. Ct. Div., No. 05 CVS 188, No. 05 CVS 1938 |
| *T.A.N. v. PNI Digital Media, Inc.* | S.D. GA., No. 2:16-cv-132-LGW-RSB. |
| *In re: Syngenta Litigation* | 4th Jud. Dist. Minn., No. 27-CV-15-3785 |
| *The Financial Oversight and Management Board for Puerto Rico as representative of Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy)* | D. Puerto Rico, No. 17-04780(LTS) |
| *Callaway v. Mercedes-Benz USA, LLC (Seat Heaters)* | C.D. Cal., No 14-cv-02011 JVS |
| *In re: Takata Airbag Products Liability Litigation (OEMs – BMW, Mazda, Subaru, Toyota, Honda, and Nissan)* | S.D. Fla, MDL No. 2599 |

Hilsoft-cv-141

HILSOFT NOTIFICATIONS    PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697
PHILADELPHIA AREA OFFICE    1420 LOCUST ST 30 F    PHILADELPHIA, PA 1910    T 215-721-2120

33

Exhibit 2

# If You Bought Electronics Such as a Portable Computer, Power Tool, Camcorder, and/or Other Items Containing a Lithium Ion Cylindrical Battery Since 2000

## You Could Get Money From $49 Million in Settlements

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Please read this Notice and the Settlements carefully.  Your legal rights may be affected whether you act or don't act. This Notice summarizes the proposed Settlements.

- The Settlements and related court papers are available at www.reversethecharge.com, or by contacting class counsel.  You can also access the Settlements and supporting motions for a fee through the Court's docket in person or electronically.  To access the Court's docket (Case No. 4:13-md-2420) in person, visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  To access the Court's docket electronically through the Court's Public Access to Court Electronic Records (PACER) system, go to https://ecf.cand.uscourts.gov, which allows you to register for and log in to PACER.  Once you have logged in to PACER, go to "Query," enter Case Number 4:13-md-2420, and click "Run Query" to access the Court's docket. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

- A class action lawsuit has been brought on behalf of consumers, businesses and California local governments who bought the following products that contained Lithium-Ion Cylindrical Batteries, a type of Lithium-Ion Battery ("Li-Ion Battery"): (i) portable computers; (ii) power tools; (iii) camcorders; or (iv) replacement batteries for any of these products.  This case is only on behalf of consumers and others who bought the devices to use them, usually from retailers.  It is not on behalf of companies like retailers who bought the devices to re-sell them to consumers.

- Plaintiffs claim that Defendants (listed below) and co-conspirators conspired to fix, raise, maintain, or stabilize the prices of cylindrical Lithium Ion Battery Cells ("Li-Ion Cells").  Plaintiffs further claim that purchasers of the products listed above containing Lithium-Ion Cylindrical Batteries ("Li-Ion Cylindrical Batteries") overpaid for these devices because of the conspiracy.  Defendants deny Plaintiffs' claims.

- Settlements were previously reached with LG Chem, Ltd. and LG Chem America, Inc. ("LG Chem"); Hitachi Maxell Ltd. and Maxell Corporation of America ("Hitachi Maxell"); NEC Corporation ("NEC"); and Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics Inc. ("Sony").

- Settlements have now been reached with Samsung SDI Co., Ltd. and Samsung SDI America, Inc. ("SDI"); TOKIN Corporation ("TOKIN"); Toshiba Corporation ("Toshiba"); and Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation ("Panasonic") (together, the "Settling Defendants").  There are no remaining Defendants.

- **The following rights and options – and deadlines to exercise them – are explained in this Notice**.

| YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **YOU MAY:** | | **DUE DATE:** |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will keep any rights you currently have to sue SDI, Toshiba, TOKIN, and Panasonic about the claims in this case.  You will **not** be included in the Settlements and will receive **no benefits** from the Settlements. | Month XX, 2019 |
| **DO NOTHING NOW** | You will be included in the Settlements and eligible to submit a claim for a payment (if you qualify). You will give up your rights to sue the Settling Defendants about the claims in this case. | |
| **OBJECT TO THE SETTLEMENTS** | You can write to the Court explaining why you disagree with the Settlements or any request for attorneys' fees (only if you do not exclude yourself). | Month XX, 2019 |
| **SUBMIT A CLAIM FOR PAYMENT** | Complete the claim form for payment available online at www.reversethecharge.com and submit it online or by mail (if you qualify for the Settlements). | Month XX, 2019 |
| **GO TO THE HEARING** | Speak in Court about your opinion of the Settlements or requested fees.  The date of the hearing may change without further notice to the class, so please check www.reversethecharge.com or the Court's PACER site (https://ecf.cand.uscourts.gov) to confirm that the date has not been changed. | Month XX, 2019 |
| **REGISTER ON THE WEBSITE** | The best way to receive updates about the lawsuit. | |

- The Court still has to decide whether to finally approve the Settlements. Payments will be made only (1) if the Court approves the Settlements and after any appeals are resolved, and (2) after the Court approves a Distribution Plan to distribute the Settlement Fund minus expenses, any Court-approved attorneys' fees, and service awards ("Net Settlement Funds") to Class Members.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ......................................................................................................................................3

1.     What Is This Notice About?................................................................................................................3

2.     What Is This Lawsuit About?..............................................................................................................4

3.     Why Are There Settlements? ............................................................................................................4

4.     What Are Li-Ion Cells, Li-Ion Packs, Li-Ion Batteries, Cylindrical Li-Ion Batteries, And Finished Products? ........4

5.     Why Is This A Class Action? .............................................................................................................4

THE SETTLEMENTS............................................................................................................................................4

6.     How Do I Know If I May Be Included In The Class? .........................................................................4

7.     What Do The Settlements Provide?...................................................................................................4

HOW TO GET BENEFITS FROM THE SETTLEMENTS ....................................................................................5

8.     How Much Money Can I Get And How Do I Make A Claim? .............................................................5

9.     How And When Will I Get A Payment?..............................................................................................5

REMAINING IN THE CLASS ...............................................................................................................................5

10.    What Happens If I Remain In The Class?..........................................................................................5

EXCLUDING YOURSELF FROM THE CLASS ...................................................................................................6

11.    How Do I Get Out Of The Class?......................................................................................................6

12.    If I Don't Exclude Myself, Can I Sue For The Same Thing Later? ....................................................6

13.    If I Exclude Myself, Can I Still Get Money Benefits?.........................................................................6

THE LAWYERS REPRESENTING YOU .............................................................................................................6

14.    Do I Have A Lawyer Representing Me?.............................................................................................6

15.    How Will The Lawyers And Class Representatives Be Paid? ...........................................................6

OBJECTING TO THE SETTLEMENTS ...............................................................................................................7

16.    How Do I Object To Or Comment On The Settlements?...................................................................7

17.    What Is The Difference Between Excluding Myself From The Class And Objecting To The Settlements? ..........7

THE FINAL FAIRNESS HEARING ......................................................................................................................7

18.    When And Where Will The Court Decide Whether To Approve The Settlements?............................7

19.    Do I Have To Attend The Hearing?...................................................................................................7

20.    May I Speak At The Hearing? ...........................................................................................................7

GET MORE INFORMATION ................................................................................................................................8

21.    How Do I Get More Information? .......................................................................................................8

## BASIC INFORMATION

**1.   What Is This Notice About?**

This Notice is to inform you about Settlements reached in this case, before the Court decides whether to finally approve the Settlements.  This Notice explains the lawsuit, the Settlements, and your legal rights.  The Court is the United States District Court for the Northern District of California.  This case is titled *In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420.  The people who sued are called the "Plaintiffs."   The companies they sued are called the "Defendants."

**2.  What Is This Lawsuit About?**

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of cylindrical Li-Ion Cells for over ten years, resulting in overcharges to consumers and others who bought portable computers, camcorders, and power tools containing Li-Ion Cylindrical Batteries.  The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. and state antitrust, unfair competition, and consumer protection laws by agreeing to fix prices and restrict output of these cells by, among other things, face-to-face meetings and other communications, customer allocation, and the use of trade associations.  Defendants deny Plaintiffs' allegations.  The Court has not decided who is right.

**3.  Why Are There Settlements?**

The last four groups of Defendants have now agreed to settle the lawsuit – SDI, TOKIN, Toshiba, and Panasonic.  Previously, notice was provided about settlements reached with LG Chem, Hitachi Maxell, NEC, and Sony.  In paragraph 8, below, there is information about how to get benefits from the settlements.

**4.  What Are Li-Ion Cells, Li-Ion Packs, Li-Ion Batteries, Cylindrical Li-Ion Batteries, And Finished Products?**

For purposes of the Settlements:

- "Lithium Ion Battery Cell(s)" or "Li-Ion Cells" means cylindrical, prismatic, or polymer cells used for the storage of power that is rechargeable and uses lithium ion technology.

- "Lithium Ion Battery Pack(s)" or "Li-Ion Packs" means Lithium Ion Battery Cells that have been assembled into packs, regardless of the number of Lithium Ion Cells contained in such packs.

- "Lithium Ion Battery" or "Li-Ion Battery" means a Lithium Ion Battery Cell or Lithium Ion Battery Pack.

- "Lithium Ion Cylindrical Battery" or "Li-Ion Cylindrical Battery" means a cylindrical-type Lithium Ion Battery Cell or cylindrical-type Lithium Ion Battery Pack.

- "Finished Product" means any product and/or electronic device that contains a Lithium Ion Battery, including but not limited to laptop PCs, notebook PCs, netbook computers, tablet computers, mobile phones, smart phones, cameras, camcorders, digital video cameras, digital audio players, and power tools.

**5.  Why Is This A Class Action?**

In a class action, one or more people called the "Class representatives" sue on behalf of themselves and other people with similar claims.  All of these people together are the "Class" or "Class Members."  In a class action, one court may resolve the issues for all Class Members, except for those who exclude themselves from the class.

| THE SETTLEMENTS |
| --- |

**6.  How Do I Know If I May Be Included In The Class or if My Rights are Affected?**

The Class includes all persons and entities who, as United States residents, from January 1, 2000 to May 31, 2011, purchased new, for their own use and not for resale, one of the following products: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products.  The product must have been purchased from someone other than the Li-Ion Battery manufacturer, such as a retail store.

The specific definition of who is included in the Class is set forth in the Settlement Agreements.  The Settlement Agreements, and the related Complaints, are accessible on the website www.reversethecharge.com.  Payments to Class Members may be made only: (1) if the Court approves the Settlements and after any appeals are resolved, and (2) pursuant to a Court-ordered settlement Distribution Plan that deducts expenses, attorneys' fees, and service awards.  The Court will determine the amount, if any, that each Class Member will receive.

Even if you are not in the Settlement Class, your rights may be affected if you bought a Finished Product establishing your membership in the Sony Settlement Class, and did not exclude yourself from it.  The Sony Settlement Class has more members than the present Settlement Class because it covers more devices, including cell phones.  As explained below, the attorneys will now submit a claim for fees, part of which may be paid from the Sony settlement fund.  If you are a member of the Sony Settlement Class you may object to that fee request just like members of the SDI, TOKIN, Toshiba and Panasonic Settlement Class.

**7.  What Do The Settlements Provide?**

The total amount of the Settlement Funds from the SDI, TOKIN, Toshiba, and Panasonic Settlements is $49 million. After deducting Court-approved attorneys' fees, service awards, notice and administration costs, and litigation expenses, the remaining Settlement Fund will be divided into two funds, a Repealer Fund and a Non-Repealer Fund.  The Repealer Fund (90% of the remaining Settlement Fund) will be available for distribution to Class Members who are residents of the following Repealer States: Alabama, Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa,

Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.  The Non-Repealer Fund (10% of the remaining Settlement Fund) will be available for distribution to Class Members who are residents of all other Non-Repealer States.  More details about the Settlements are set forth in the Settlement Agreements, available at www.reversethecharge.com.

## HOW TO GET BENEFITS FROM THE SETTLEMENTS

**8.  How Much Money Can I Get And How Do I Make A Claim?**

Money from all settlements in this case will be distributed together on a per-claim basis, but the amount you receive from each settlement will depend on a Court-approved plan of allocation.

SDI, TOKIN, Toshiba, and Panasonic Settlements:  The claim form will allow class members to state the number of devices they had that are subject to the settlement.  Every class member who files a valid claim against the Repealer or Non-Repealer fund will receive the same amount per device as other people who file claims with that fund.  The amount available for distribution will be affected by any awards made by the Court against the funds for attorneys' fees, reimbursement of costs, or service awards for the class representatives.  How much each class member receives will also depend on the number of claims made from Repealer and Non-Repealer states and a balancing of the cost of distribution with the amount to be distributed to each class member.

Any remaining balance after the Settlement Funds are distributed will be redistributed to Class Members or, if redistribution is too costly compared with the amount of the remaining balance, such funds will be distributed to state Attorneys General to prosecute consumer antitrust claims.  No money will return to the Settling Defendants once the Court finally approves the Settlements.

LG Chem, Hitachi Maxell, NEC, and Sony Settlements:  Notice was provided about settlements reached with LG Chem, Hitachi Maxell, and NEC for $44.95 million, and with Sony for $19.5 million.  If you already made a claim on these settlements you do not need to make a new claim on the SDI, TOKIN, Toshiba, and Panasonic settlements.  Your old claim will be automatically applied to the new settlements.  If you have not yet made a claim on these settlements, you may do so now via the same process.  These settlements do not differentiate between people who live in different states.  Everyone who submits a valid claim will receive the same amount per device.

Although the Court granted final approval to these settlements, approval of the settlements is currently being appealed, and claims cannot be paid until the appeals are resolved.  If there is any balance remaining following distribution of the funds in those settlements to Class Members and money is not able to be reasonably redistributed to Class Members, remaining funds will be distributed to state Attorneys General to prosecute consumer antitrust claims.  No money will return to the Settling Defendants once the Court finally approves the Settlements.  Information about those settlements is available at www.reversethecharge.com.

To make a claim and receive payment, you need to file a valid claim form online or by mail by Month XX, 2019.  **The simple online claim form only takes 3-5 minutes for most individuals to complete**.  **You will find the claim form at www.reversethecharge.com.**  Claims may be submitted online at www.reversethecharge.com or by mail to Lithium Batteries Indirect Purchaser Settlements, c/o Epiq, P.O. Box 10194, Dublin, OH 43017-3194.  The same products are not covered by all of the settlements, so filling out the claim form as accurately and completely as possible helps ensure that you receive your correct share of the Settlements.

**9.  How And When Will I Get A Payment?**

If final approval is granted to the Settlements, Class Members who have filed valid and timely claims will receive cash payments and may receive them distributed directly into an online account.  Such accounts may include accounts with Amazon, PayPal, or Google Wallet, among others.  If you are a Class Member with valid and timely claims and prefer to receive a physical check, please submit a written request by Month XX, 2019 to Lithium Batteries Indirect Purchaser Settlements, c/o Epiq, P.O. Box 10194, Dublin, OH 43017-3194.

The timing of the distribution will be requested by Plaintiffs' lawyers and approved by the Court.  It may not occur until the Settlements are final, and after resolution of any appeals.  All Settlement Funds that remain after payment of the Court-ordered attorneys' fees, service awards, costs, and expenses will be distributed within 45 days of the final judgment (which includes resolution of any appeals), unless modified by the Court.

## REMAINING IN THE CLASS

**10. What Happens If I Remain In The Class?**

To submit a claim you must remain in the class.  In return for receiving monetary and/or nonmonetary benefits of the Settlement Agreements, you will give up your right to sue the Settling Defendants based on claims relating to the alleged conduct pertaining to any indirect purchase of cylindrical, prismatic, or polymer battery cells or packs (including cylindrical, prismatic, or polymer battery cells or packs contained in finished products)  You also will be bound by any decisions by

the Court relating to the Settlements. The Settlement Agreements describe the released claims in detail, so read them carefully because those releases will be binding. If you have any questions, you can talk with Class Counsel for free, or you can talk with your own lawyer (at your own expense). The Settlement Agreements are available at www.reversethecharge.com.

## EXCLUDING YOURSELF FROM THE CLASS

**11. How Do I Get Out Of The Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420, Indirect Purchaser Settlements. Your letter must also include:

- Your name, address, and telephone number;

- A statement saying that you want to be excluded from *In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420, Indirect Purchaser Settlements; and

- Your signature.

You must mail your exclusion request postmarked no later than Month XX, 2019, to:

Lithium Batteries Indirect Purchaser Settlements
EXCLUSIONS
c/o Epiq
P.O. Box 10194
Dublin, OH 43017-3194

**12. If I Don't Exclude Myself, Can I Sue For The Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants for the claims being released in this case.

**13. If I Exclude Myself, Can I Still Get Money Benefits?**

No. If you exclude yourself from the Settlement Class, you may not submit a claim and will not receive any money from the Settlements.

## THE LAWYERS REPRESENTING YOU

**14. Do I Have A Lawyer Representing Me?**

The Court has appointed the following lawyers as Class Counsel to represent you and all other members of the Class:

| | | |
|---|---|---|
| Adam J. Zapala, Esq.<br>Cotchett, Pitre & McCarthy, LLP<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>batteries@cpmlegal.com | Jeff Friedman, Esq.<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>batteries@hbsslaw.com | Brendan P. Glackin, Esq.<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>lithiumbatteries@lchb.com |

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15. How Will The Lawyers And Class Representatives Be Paid?**

At the Final Fairness Hearing, Class Counsel will ask the Court to reimburse them for certain fees, costs, and expenses. At the Final Fairness Hearing, or at a later date, Class Counsel will ask the Court for attorneys' fees in the amount of $34,035,000 (inclusive of $4,495,000 already awarded by the Court) plus interest, which is 30% plus interest of the $113.45 million aggregate amount from settlements with all defendants. Attorneys' fees will be awarded proportionally from the funds of each prior settlement, including the $64.45 million in settlements (from Sony, LG Chem, Hitachi Maxell, and NEC) previously approved by the Court. Class Counsel will also request reimbursement of costs incurred through final approval, not to exceed $6,850,000 (inclusive of the $860,188.50 already awarded by the Court). Any payment to the attorneys requires Court approval, and the Court may award less than the requested amounts.

At the Final Fairness Hearing, Class Counsel will ask the Court to provide service awards to the Class representatives, in the amount of $10,000 for each individual Class representative and $25,000 for each governmental entity Class representative, for the work they have undertaken on behalf of the Class. Any service award requires Court approval, and the Court may award less than the requested amounts.

The attorneys' fees, costs, expenses, and service awards that the Court orders, plus the costs to administer the Settlements, will be paid from the Settlement Fund.

Class Counsel's motion for fees, costs, expenses, and service awards will be filed on or around XXXX, and available at www.reversethecharge.com shortly thereafter.  The motion will be posted on the website 14 days before the deadline for requests for exclusion or objections to the Settlements, and you will have an opportunity to comment on the motion. Any member of any of the settlement classes in this case may do so.

## OBJECTING TO THE SETTLEMENTS

### 16. How Do I Object To Or Comment On The Settlements?

You can ask the Court to deny final approval of the Settlements by filing an objection.  You can't ask the Court to change the Settlements; the Court can only approve or reject the Settlements.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.  If you exclude yourself from the Class, you can't object to the Settlements.

Any objection to the proposed Settlements must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must:

- Specify your name, address, and telephone number;
- Clearly identify the case name, number, and settlement (*In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions*, MDL No. 2420, Indirect Purchaser Settlements);
- Be submitted to the Court either by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA  94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and
- Be filed or postmarked on or before Month XX, 2019.

### 17. What Is The Difference Between Excluding Myself From The Class And Objecting To The Settlements?

If you exclude yourself from the Class, you are telling the Court that you do not want to participate in the Settlements.  Therefore, you will not be eligible to receive any benefits from the Settlements, and you will not be able to object to the Settlements.  Objecting to a Settlement means telling the Court that you do not like something about the Settlements.  You are still eligible to receive a settlement payment if you object.

## THE FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlements and any requests by Class Counsel for fees, costs, expenses, and Class representative service awards.  You may attend and you may ask to speak, but you do not have to do so.

### 18. When And Where Will The Court Decide Whether To Approve The Settlements?

The Court will hold a Final Fairness Hearing at X:XX x.m. on Month XX, 2019, at the United States Courthouse, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, CA  94612.  The hearing may be moved to a different date or time without additional notice, so check the Court's PACER site, www.reversethecharge.com, or call 1-888-418-5566 to confirm the date has not been changed.  At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate.  If there are objections or comments, the Court will consider them at that time and may listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel or whether and how much to provide in service awards to Class representatives.  At or after the hearing, the Court will decide whether to approve the Settlements.

### 19. Do I Have To Attend The Hearing?

No. Class Counsel will answer any questions the Court may have.  But you are welcome to attend at your expense.  If you send an objection or comment, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also hire your own lawyer at your own expense to attend on your behalf, but you are not required to do so.

### 20. May I Speak At The Hearing?

If you send an objection or comment on the Settlements, you may have the right to speak at the Final Fairness Hearing as determined by the Court.  You cannot speak at the hearing if you exclude yourself from the Class.

**GET MORE INFORMATION**

**21. How Do I Get More Information?**

This Notice summarizes the Settlements. More details are in the Settlement Agreements.  You can get copies of the Settlement Agreements and more information about the Settlements at www.reversethecharge.com.  You also may write with questions to Lithium Batteries Indirect Purchaser Settlements, c/o Epiq, P.O. Box 10194, Dublin, OH 43017-3194 or call the toll-free number 1-888-418-5566.  You should also register at the website to be directly notified of the terms of the Distribution Plan of the Settlement Fund and other information concerning this case.

**DO NOT CONTACT THE COURT, THE OFFICE OF THE CLERK OF THE COURT,
DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE**

Dated: _____

By Order of the Court
United States District Court
Northern District of California

Exhibit 3



Lithium Batteries Indirect Purchaser Settlements
c/o Epiq
PO Box 10194
Dublin, OH 43017-3194



<<MD_Package>>





<<name_addr_1>>
<<name_addr_2>>
<<name_addr_3>>
<<name_addr_4>>
<<name_addr_5>>

Claim Number:

Control Number:

# Bought a Portable Computer, Mobile or Smart Phone, Power Tool, Camera, Camcorder, Digital Audio Player, or Replacement Battery?

**In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case No. 13-MD-02420 YGR (DMR), MDL No. 2420**

# CLAIM FORM

**Must be Submitted Online or Postmarked No Later Than Month XX, 2019.**

**GENERAL INSTRUCTIONS**

To receive a settlement payment, you must accurately complete this Claim Form and submit it by Month XX, 2019. Claim Forms may be submitted online at www.reversethecharge.com or mailed to the Claims Administrator at Lithium Batteries Indirect Purchaser Settlements, c/o Epiq, PO Box 10194 Dublin, OH 43017-3194. Go to www.reversethecharge.com to learn more about the settlements, your rights, and how claims will be calculated and paid.

This Claim Form should be submitted only if, as a resident of the United States and during the period from January 1, 2000 through May 31, 2011, you purchased new for your own use and not for resale one of the following products which contained a lithium-ion battery: laptop PCs; notebook PCs; netbook computers; tablet computers; mobile phones; smart phones; cameras; camcorders; digital video cameras; digital audio players; power tools; or a replacement battery for any of these products. The product must have been purchased from someone other than the manufacturer, such as a retail store.

You do not need to submit proof of your purchase(s) with your Claim Form. For questions about completing or submitting your claim, call the Claims Administrator at (888) 418-5566.

**To view Epiq's Privacy Notice, please visit http://www.epiqglobal.com/en-us/privacy-statement**

## PART 1: CLAIMANT INFORMATION

Please fill in the appropriate circle to indicate whether you are an Individual ⃝ or a Business ⃝

**First Name:**                              **M.I.:**      **Last Name:**

**Business Name:**

**Person To Contact If There Are Questions Regarding This Claim:**

**Primary Address:**

**Primary Address Continued:**

**City:**                                                                **State:**      **Zip:**

**Foreign Province:**                          **Foreign Postal Code:**        **Foreign Country Name/Abbreviation:**

**Email Address:**

**For Businesses Only:**

**Businesses must provide the following:**

**Taxpayer Identification Number:**

**Select the Employee Size of Business:** ⃝ 1-10 ⃝ 11-50 ⃝ 50 plus

## PART 2: PURCHASE INFORMATION

**For questions about completing or submitting your claim, call the Claims Administrator at 1 (888) 418-5566.**

**Provide the total number of products containing a lithium-ion battery or a replacement battery for one of those products purchased between January 1, 2000 and May 31, 2011. For example, if you bought 3 laptop PCs, write "3" in the corresponding space.**

| Product Type | Number Purchased | State of Residence at Time of Purchase |
|---|---|---|
| **Laptop PC (or replacement battery for Laptop PC)** | | |
| **Notebook PC (or replacement battery for Notebook PC)** | | |
| **Netbook Computer (or replacement battery for Netbook Computer)** | | |
| **Tablet Computer (or replacement battery for Tablet Computer)** | | |
| **Mobile Phone (or replacement battery for Mobile Phone)** | | |
| **Smart Phone (or replacement battery for Smart Phone)** | | |
| **Camera (or replacement battery for Camera)** | | |
| **Camcorder (or replacement battery for Camcorder)** | | |
| **Digital Video Camera (or replacement battery for Digital Video Camera)** | | |
| **Digital Audio Player (or replacement battery for Digital Audio Player)** | | |
| **Power Tool (or replacement battery for Power Tool)** | | |

## PART 3: SIGN AND DATE CLAIM FORM

By signing below, I (we) affirm that the information provided in this Claim Form is true and correct.

_____        _____
Signature                                       Dated

_____        _____
Print Name                                      Title *(if you are filling out this form for a business)*

## REMINDER LIST

Please make sure that you:

1. Sign and date the Claim Form;
2. Keep a copy of the completed Claim Form for your records;
3. Retain your proof of purchase documentation until your claim is closed. You will be notified if you are required to provide this Documentation; and
4. Submit your Claim Form no later than Month XX, 2019, online at www.reversethecharge.com or by mail to Lithium Batteries Indirect Purchaser Settlements, c/o Epiq, PO Box 10194, Dublin, OH 43017-3194. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

**Claim Forms must be electronically submitted no later than Month XX, 2019
or postmarked no later than Month XX, 2019.**

**Questions? Visit www.reversethecharge.com or call, toll-free, 1 (888) 418-5566**