UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS. | Case No. 4:13-MD-02420 YGR (DMR)<br><br>MDL No. 2420<br><br>**ORDER DIRECTING NOTICE TO THE CLASS REGARDING THE SDI, TOKIN, TOSHIBA & PANASONIC SETTLEMENTS** |

This matter comes before the Court on Indirect Purchaser Plaintiffs' Motion to Direct Notice to the Class Regarding the SDI, Tokin, Toshiba, and Panasonic Settlements (the "Motion").

WHEREAS Indirect Purchaser Plaintiffs ("IPPs"), on behalf of themselves and of the proposed stipulated settlement class ("Settlement Class"), and defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. (collectively, "SDI"); TOKIN Corporation ("TOKIN"); Toshiba Corporation ("Toshiba"); and Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation (collectively, "Panasonic," and with SDI, TOKIN, and Toshiba, the "Settling Defendants"), have agreed—subject to Court approval following notice to the Settlement Class and a hearing—to settle the above-captioned matter (the "Action") upon the terms set forth in the SDI Settlement (attached hereto as **Exhibit 1**), the TOKIN Settlement (attached hereto as **Exhibit 2**), the Toshiba Settlement

(attached hereto as **Exhibit 3**), and the Panasonic Settlement (attached hereto as **Exhibit 4**) (together, the "Settlement Agreements");

WHEREAS, this Court previously approved settlement agreements between IPPs and defendants Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics Inc. (collectively, "Sony"); LG Chem, Ltd. and LG Chem America, Inc. (collectively, "LG Chem"); Hitachi Maxell Ltd. and Maxell Corporation of America (collectively, "Hitachi Maxell"); and NEC Corporation ("NEC"), upon the terms set forth in the Sony Settlement (attached hereto as **Exhibit 5**), the LG Chem Settlement (attached hereto as **Exhibit 6**), the Hitachi Maxell Settlement (attached hereto as **Exhibit 7**), and the NEC Settlement (attached hereto as **Exhibit 8**);

WHEREAS, this Court has reviewed and considered the Settlement Agreements entered into among the parties, the record in this case, the briefs and their supporting exhibits and declarations, and the arguments of counsel;

WHEREAS, IPPs have applied for an order to direct notice to the Settlement Class (defined in paragraph 2 below) in connection with the proposed Settlement Agreements pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

WHEREAS, IPPs have presented sufficient information, pursuant to the Federal Rules and this District's Procedural Guidance for Class Action Settlements, to justify directing notice of the proposed Settlement Agreements to the Settlement Class;

WHEREAS, this Court finds that it is likely to approve the proposed Settlement Agreements under Rule 23(e)(2), and that it is likely to certify the Settlement Class for purposes of judgment on the proposed Settlement Agreements; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreements;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby find that it is likely to approve the proposed Settlement Agreements under Rule 23(e)(2). Specifically:

a. The class representatives and counsel have vigorously represented the interests of the Settlement Class, having prosecuted this action on behalf of the Settlement Class for more than five years.

b. The Settlement Agreements arise out of arm's-length, informed, and non-collusive negotiations between counsel for IPPs and the Settling Defendants, who convened multiple times over several months to arrive at settlement terms.

c. The relief provided for the Settlement Class is adequate, considering: (i) the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of IPPs' case; (ii) the effectiveness and straightforwardness of the proposed claims process, which is similar to the process this Court previously approved; (iii) the reasonableness of the anticipated request for an award of attorneys' fees; and (iv) the absence of any agreement required to be identified under Rule 23(e)(3).

d. The Settlement Agreements treat class members equitably relative to each other. IPPs propose a distribution plan, one of two options recommended by Judge Rebecca J. Westerfield (ret.), that would allocate 90 percent of the settlement funds to class members from states that have passed laws allowing recovery by indirect purchasers (so-called "repealer states") and 10 percent of the settlement funds to class members from states that have not done so ("non-repealer states").[1] I have reviewed the adversarial process undertaken by the IPPs to arrive at this recommendation, and find that it was appropriate. This Court is therefore likely to find IPPs' proposed distribution plan fair, reasonable, and adequate. It is appropriate for class members from non-repealer states to receive a limited recovery because they are still active litigants in the case, and their claims have been neither dismissed from nor amended out of the pleadings. Moreover, this Court's prior analysis of California choice-of-law rules would have been subject to an appeal had this case gone to judgment. *National Super Spuds, Inc. v. New York Mercantile Exchange*, 660 F.2d 9, 19 (2d Cir. 1981); *see also Anderson v. Nextel Retail Stores, LLC*, No. CV 07-4480-SVW FFMX, 2010 WL 8591002, at *9 (C.D. Cal. Apr. 12, 2010).

---

[1] The term "repealer" refers to a state whose highest court has concluded that the relevant state law affords a right of recovery to consumers notwithstanding the Supreme Court's decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

2. The Court does hereby find that, for purposes of judgment on the proposed Settlement Agreements, it is likely to certify the Settlement Class, which is defined as follows:

> [A]ll persons and entities who, as residents of the United States and during the period from January 1, 2000 through May 31, 2011, indirectly purchased new for their own use and not for resale one of the following products which contained a lithium-ion cylindrical battery manufactured by one or more defendants or their coconspirators: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. Excluded from the class are any purchases of Panasonic-branded computers. Also excluded from the class are any federal, state, or local governmental entities, any judicial officers presiding over this action, members of their immediate families and judicial staffs, and any juror assigned to this action, but included in the class are all non-federal and non-state governmental entities in California.

Specifically:

a. The Settlement Class is sufficiently numerous, as there are millions of geographically-dispersed class members, making joinder of all members impracticable.

b. There are questions of law and fact common to the Settlement Class.

c. The claims of the class representatives are typical of the claims of the Settlement Class.

d. The class representatives will fairly and adequately protect the interests of the Settlement Class, and the class representatives have no interests in conflict with those of the Settlement Class. Moreover, the class representatives have retained counsel experienced in antitrust class action litigation who have, and will continue to, vigorously represent the Settlement Class.

e. Common questions of law and fact predominate over any questions affecting only individual members. Predominance is satisfied with respect to the nationwide Settlement Class. *First*, questions as to the existence of the alleged conspiracy and as to the occurrence of price-fixing are common to all class members and predominate over any conceivable individual issues. Resolution of IPPs' claims depends principally on whether defendants participated in a price-fixing conspiracy, and whether that conspiracy caused an artificial and non-competitive increase to the market price of lithium ion batteries. Thus, if IPPs were able to prove these elements, based on common evidence, a jury could reasonably infer that every class member suffered some injury as a result. *Second*, certification of a Settlement Class

that includes residents from both repealer and non-repealer states does not affect the predominance of common issues, because (i) the legal issue of whether purchasers from non-repealer states can assert claims under California law is a common question susceptible to a common answer, and the only differences—state law remedies—fall into a predictable binary pattern; and (ii) even if an individual component to that legal question were to exist, that individual component would be only one issue among a host of predominantly common issues. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). *Third*, the distribution of different amounts to subgroups of the Settlement Class (*i.e.*, repealer state residents and non-repealer state residents) does not affect predominance because it is yet another common question.

    f. Resolving these claims through a class settlement is superior to other available methods for a fair and efficient adjudication.

  3. Having found that it will likely approve the Settlement Agreements and certify the Settlement Class, the Court does hereby direct IPPs to give notice of the proposed Settlement Agreements to the Settlement Class.

  4. The Court designates Jason Ames, Caleb Batey, Christopher Bessette, Cindy Booze, Matt Bryant, Steve Bugge, William Cabral, Matthew Ence, Drew Fennelly, Sheri Harmon, Christopher Hunt, John Kopp, Linda Lincoln, Patrick McGuiness, Joseph O'Daniel, Tom Pham, Piya Robert Rojanasathit, Bradley Seldin, Donna Shawn, David Tolchin, Bradley Van Patten, the City of Palo Alto, and the City of Richmond as representatives for the Settlement Class for purposes of disseminating notice.

  5. The Court designates Cotchett, Pitre & McCarthy, LLP; Hagens Berman Sobol Shapiro LLP; and Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel for the Settlement Class.

  6. The Court approves as to form and content the proposed long-form notice, attached hereto as **Exhibit 9**.

  7. The Court approves as to form and content the proposed summary notice, attached hereto as **Exhibit 10**. Class Counsel may make non-substantive changes, as appropriate, for

purposes of effective dissemination to class members (*e.g.*, via email notice, press release, or other media). The Court likewise approves the Claim Form attached hereto as **Exhibit 11**.

8. The Court further finds that the proposed plan of notice, and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Court appoints the firm Epiq Class Action & Claims Solutions ("Epiq") as the Settlement Notice Administrator. IPPs and their designees, including the Settlement Notice Administrator, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreements.

10. The Final Approval Hearing shall be held before this Court on **July 16, 2019, at 2:00 p.m.**, at the United States District Court, located in Courtroom 1, 4th Floor, at 1301 Clay Street, Oakland, CA 94612, to determine: whether the proposed Settlement Agreements are fair, reasonable, and adequate under Rule 23(e)(2); whether the Settlement Class should be certified; whether final judgment should be entered herein; whether the proposed plan of distribution should be approved; the amount of fees and expenses that should be awarded to Class Counsel; and the amount of the incentive awards that should be provided to class representatives. The Court may adjourn the Final Approval Hearing without further notice to the members of the Settlement Class.

11. The Court directs the Settlement Notice Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    a. No later than **April 5, 2019**, the Settlement Notice Administrator shall provide e-mail notice, substantially in the manner described in the Declaration of Cameron R. Azari, to all class members whose e-mail addresses have been identified or can be identified with reasonable effort;

    b. No later than **April 5, 2019**, the Settlement Notice Administrator shall commence a broadcast notice campaign, substantially in the manner described in the Declaration of Cameron R. Azari;

|   |   |   |
|---|---|---|
| 1 | c. | No later than **April 5, 2019**, the Settlement Notice Administrator shall |

c. No later than **April 5, 2019**, the Settlement Notice Administrator shall commence a digital banner and video notice campaign, substantially in the manner described in the Declaration of Cameron R. Azari.

d. No later than **April 5, 2019**, the Settlement Notice Administrator shall release a party-neutral press release to approximately 15,000 media outlets across all 50 states.

e. The Settlement Notice Administrator shall continue to maintain the existing website (www.reversethecharge.com) and toll-free phone number (1-888-418-5566), established in connection with previous settlement agreements in this case. The website shall continue to make available to class members additional, detailed information, including links to file claims online, answers to frequently asked questions, important case documents, and contact information for both Class Counsel and the Settlement Notice Administrator. The Settlement Notice Administrator shall cause the full versions of the Settlement Agreements and this Order Directing Notice to the Class to be published on the website.

12. The claims period shall commence **April 5, 2019**, and shall continue through and including **July 19, 2019**. The Court further finds that the claims period for the Settlement Agreements shall run concurrent with the claims period for all prior settlements—specifically, those with defendants Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics Inc. (collectively, "Sony"); LG Chem Ltd. and LG Chem America, Inc. (collectively, "LG Chem"); Hitachi Maxell, Ltd. and Maxell Corporation of America (collectively, "Hitachi Maxell"); and NEC Corporation ("NEC"). Class members who have submitted claims in connection with a prior round of settlements (and who do not exclude themselves) do not need to make a new claim; prior claims will be deemed to include the settlements with SDI, Toshiba, Tokin and Panasonic.

13. All members of the Settlement Class shall be bound by all determinations and judgments in this Action concerning the Settlement Agreements, whether favorable or unfavorable to the Settlement Class.

14. Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by **April 23, 2019**, or fourteen days before the deadline for exclusions and objections.

15. Any person who desires to request exclusion from the Settlement Class shall do so by **May 28, 2019**. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as any trade name or business name and address used by such person or entity, and must be signed by the class member seeking exclusion. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreements, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to SDI, TOKIN, Toshiba, or Panasonic entered in this Action.

16. Any member of the Settlement Classes who does not properly and timely request exclusion from the Settlement Class as provided above shall, upon final approval of the Settlements, be bound by the terms and provisions of the Settlements so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreements, whether or not such person or entity objected to the Settlement Agreements and whether or not such person or entity makes a claim upon the settlement funds.

17. Any member of the Settlement Class may enter an appearance in this litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

18. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the Settlement Agreements should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorney's fees and expenses should or should not be awarded to Class Counsel; or why the incentive awards should or should not be awarded to the class representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Lithium Ion Batteries Antitrust Litigation, Indirect Purchaser Action*, Case No. 13-md-02420 YGR (DMR)), (b) be submitted to the Court either by mailing

them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay St, Oakland, CA 94612, and (c) be filed or postmarked on or before **May 28, 2019**.

19. All papers in support of the settlements and responses by Class Counsel regarding objections and exclusions shall be filed and served by **June 11, 2019**.

20. The Court retains authority to modify any of these dates for good cause shown or on its own discretion.

21. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the settlement funds, shall be paid for as set forth in the Settlement Agreements.

22. Neither the Settlement Agreements, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by IPPs or defendants SDI, TOKIN, Toshiba, or Panasonic of the truth or falsity of any of the allegations in the lawsuit, or of any liability, fault or wrongdoing of any kind.

23. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlements, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement Agreements.

IT IS SO ORDERED.

Dated: __March 11, 2019__

HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE