# EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-MD-2420-YGR |
| | MDL No. 2420 |
| This Document Relates to: | **SETTLEMENT AGREEMENT** |
| ALL INDIRECT PURCHASER PLAINTIFF ACTIONS | |

This Settlement Agreement (hereinafter, "Agreement") is made and entered into as of the 17ᵗʰ day of November, 2015, by and between Defendants Sony Corporation, Sony Energy Devices Corporation and Sony Electronics Inc. (collectively "Sony"), and Indirect Purchaser Plaintiffs, both individually and on behalf of Classes in the above-captioned class action. This Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## RECITALS

WHEREAS, Indirect Purchaser Plaintiffs are prosecuting the above-captioned litigation on their own behalf and on behalf of Classes against, among others, Sony;

WHEREAS, Indirect Purchaser Plaintiffs allege, among other things, that Sony violated the antitrust laws by conspiring to fix, raise, maintain or stabilize the prices of Lithium Ion Batteries, and these acts caused the Classes to incur significant damages;

WHEREAS, Sony has denied and continues to deny each and all of the claims and allegations of wrongdoing made by the Indirect Purchaser Plaintiffs in the Actions; all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions; and the allegations that the Indirect Purchaser Plaintiffs or any member of Classes were harmed by any conduct by Sony alleged in the Actions or otherwise;

WHEREAS, Indirect Purchaser Plaintiffs and Sony agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Sony or of the truth of any of the claims or allegations alleged in the Actions;

WHEREAS, arm's length settlement negotiations have taken place between Sony and Indirect Purchaser Plaintiffs' Class Counsel, including negotiations conducted pursuant to mediation with Judge Vaughn R. Walker (ret.), and this Agreement, which

1

embodies all of the terms and conditions of the Settlement between the Settling Parties, has been reached (subject to the approval of the Court) as provided herein and is intended to supersede any prior agreements between the Settling Parties;

WHEREAS, Indirect Purchaser Plaintiffs' Class Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Indirect Purchaser Plaintiffs' Third Consolidated Amended Class Action Complaint filed in MDL Docket No. 2420, the legal and factual defenses thereto and the applicable law, that it is in the best interests of the Indirect Purchaser Plaintiffs and the Classes to enter into this Agreement to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Indirect Purchaser Plaintiffs and the Classes, and, further, that Indirect Purchaser Plaintiffs' Class Counsel consider the Settlement set forth herein to be fair, reasonable and adequate and in the best interests of the Indirect Purchaser Plaintiffs and the Classes; and

WHEREAS, Sony, despite its belief that it is not liable for the claims asserted against it in the Actions and that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid the further expense, inconvenience and distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to the Indirect Purchaser Plaintiffs and the Classes and avoid the risks inherent in complex litigation;

## AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their attorneys of record, that, subject to the approval of the Court, the Actions and the Released Claims as against Sony shall be finally and fully settled, compromised and dismissed on the merits and with prejudice upon and subject to the terms and conditions of this Agreement, as follows:

A.  **Definitions**

1.    As used in this Agreement the following terms have the meanings specified
below:

(a)    "Actions" means *In re Lithium Ion Batteries Antitrust Litigation –*
*All Indirect Purchaser Actions,* Case No. 13-MD-02420 YGR
(DMR), and each of the cases brought on behalf of indirect
purchasers previously consolidated and/or included as part of MDL
Docket No. 2420.

(b)    "Affiliates" means entities controlling, controlled by or under
common control with a Releasee or Releasor.

(c)    "Authorized Claimant" means any Indirect Plaintiff Purchaser who,
in accordance with the terms of this Agreement, is entitled to a
distribution consistent with any Distribution Plan or order of the
Court.

(d)    "Class" or "Classes" are generally defined as all Persons who,
during the period from and including January 1, 2000 through
May 31, 2011, purchased in the United States for their own use and
not for resale from an entity other than an MDL Defendant a
Lithium Ion Battery or Lithium Ion Battery Pack manufactured by
an MDL Defendant or alleged co-conspirator, or a Finished Product
containing a Lithium Ion Battery or Lithium Ion Battery Pack
manufactured by an MDL Defendant or alleged co-conspirator.
Excluded from the Class are the MDL Defendants, their parents,
subsidiaries and affiliates and any judge, justice or judicial officer
presiding over this matter and the members of her or his immediate
families and judicial staff.  "Class" and "Classes" also includes
(1) the multiple statewide classes, including subclasses, alleged by

3

Indirect Purchaser Plaintiffs' Third Consolidated Amended Class Action Complaint under Federal Rule of Civil Procedure 23(a) and (b)(3), which purport to proceed under the consumer protection or antitrust laws of:  Arizona, Arkansas, California, Florida, Hawaii, Illinois, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, Washington D.C., West Virginia, and Wisconsin; and (2) the California governmental damages subclass alleged by Indirect Purchaser Plaintiffs' Third Consolidated Amended Class Action Complaint which purports to include non-federal and non-state governmental entities in these Actions.

(e)     "Class Counsel" means the law firms of Cotchett, Pitre & McCarthy, LLP; Hagens Berman Sobol Shapiro LLP; and Lieff Cabraser Heimann & Bernstein, LLP.

(f)     "Class Member" means a Person who falls within the definition of the Classes and who does not timely and validly elect to be excluded from the Classes in accordance with the procedure to be established by the Court.

(g)     "Court" means the United States District Court for the Northern District of California.

(h)     "Distribution Plan" means any plan or formula of allocation of the Gross Settlement Fund, to be approved by the Court, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.  Any Distribution Plan is not part of this Agreement.

4

(i)    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 35 of this Agreement have occurred and have been met.

(j)    "Escrow Agent" means the agent jointly designated by Class Counsel and Sony, and any successor agent.

(k)    "Execution Date" means the date of the last signature set forth on the signature pages below.

(l)    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.   Without limitation, an order becomes "Final" when:  (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this Agreement, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.  Any appeal or other proceeding pertaining solely to any order adopting or approving a Distribution Plan, and/or to any order issued with respect to an application for attorneys' fees and expenses consistent with this Agreement, shall not in any way delay or preclude the Judgment from becoming Final.

(m)     "Finished Product" means any product and/or electronic device that contains a Lithium Ion Battery or Lithium Ion Battery Pack, including but not limited to laptop PCs, notebook PCs, netbook computers, tablet computers, mobile phones, smart phones, cameras, camcorders, digital video cameras, digital audio players and power tools.

(n)     "Gross Settlement Fund" means the Settlement Amount plus any interest that may accrue.

(o)     "Indirect Purchaser Plaintiffs" means Thomas Tuohy, Christopher Hunt, Shawn Sellers, Kristina Yee, Piya Robert Rojanasathit, Richard E. Johns, Steve Bugee, Tom Pham, Bradley Seldin, Gerasimos Molfetas, Patrick McGuinness, Kathryn Knowles, Kirsten Luenz, Jason Ames, William Cabral, David Shawn, Michael D'Orazio, Robert L. McGranahan, David Beson, Joseph O'Daniel, Maury "Kim" Billingsley, Angela Turner, David Tolchin, Matt Bryant, Valentina Juncai, Kathleen Alice Tawney, Sheri Harmon, Christopher Bessette, Sue Hiller, Linda Lincoln, Bradley Van Patten, KCN Services, LLC, the City of Palo Alto and the City of Richmond, as well as any other Person added as an Indirect Purchaser Plaintiff in the Actions.

(p)     "Judgment" means the order of judgment and dismissal of the Actions with prejudice.

(q)     "Lithium Ion Battery" means a Lithium Ion Battery Cell or Lithium Ion Battery Pack.

(r)     "Lithium Ion Battery Cell" means cylindrical, prismatic or polymer cell used for the storage of power that is rechargeable and uses lithium ion technology.

6

(s)    "Lithium Ion Battery Pack" means Lithium Ion Cells that have been assembled into a pack, regardless of the number of Lithium Ion Cells contained in such packs.

(t)    "MDL Defendants" means LG Chem, Ltd.; LG Chem America, Inc.; Samsung SDI Co. Ltd.; Samsung SDI America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Sanyo Electric Co., Ltd.; Sanyo North America Corporation; Sanyo GS Soft Energy Co. Ltd.; Sony Corporation; Sony Energy Devices Corporation; Sony Electronics Inc.; Hitachi Maxell, Ltd.; Maxell Corporation of America; GS Yuasa Corporation; NEC Corporation; NEC Tokin Corporation; Toshiba Corporation; A&T Battery Corporation; and Toshiba America Electronic Components Inc.

(u)    "Net Settlement Fund" means the Gross Settlement Fund, less the payments set forth in ¶ 19(a)-(e).

(v)    "Notice and Administrative Costs" means the reasonable sum of money not in excess of seven-hundred fifty thousand U.S. Dollars ($750,000.00) to be paid out of the Gross Settlement Fund to pay for notice to the Classes and related administrative costs.

(w)    "Notice and Claims Administrator" means the claims administrator(s) to be selected by Class Counsel and approved by the Court.

(x)    "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any

7

business or legal entity and any spouses, heirs, predecessors, successors, representatives or assignees of any of the foregoing.

(y) "Proof of Claim and Release" means the form to be sent to the Classes, upon further order(s) of the Court, by which any member of the Classes may make claims against the Gross Settlement Fund.

(z) "Released Claims" means any and all manner of claims, demands, rights, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, injuries, damages whenever incurred and liabilities of any nature whatsoever, known or unknown (including, but not limited to, "Unknown Claims"), foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, in law or in equity, under the laws of any jurisdiction, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct prior to the date of this Agreement and arising out of or related in any way in whole or in part to any facts, circumstances, acts or omissions arising out of or related to (1) any purchase or sale of Lithium Ion Batteries (including Lithium Ion Batteries contained in Finished Products) up through May 31, 2011; or (2) any agreement, combination or conspiracy to raise, fix, maintain or stabilize the prices of Lithium Ion Batteries (including Lithium Ion Batteries contained in Finished Products) or restrict, reduce, alter or allocate the supply, quantity or quality of Lithium Ion Batteries (including Lithium Ion Batteries contained in Finished Products) or concerning the development, manufacture, supply, distribution, transfer, marketing, sale or

8

pricing of Lithium Ion Batteries (including Lithium Ion Batteries contained in Finished Products), or any other conduct alleged in the Actions or relating to restraint of competition that could have been or hereafter could be alleged against the Releasees relating to Lithium Ion Batteries; or (3) any other restraint of competition relating to Lithium Ion Batteries that could be asserted as a violation of the Sherman Act or any other antitrust, unjust enrichment, unfair competition, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, contract, civil conspiracy or consumer protection law, whether under federal, state, local or foreign law.

(aa)    "Releasees" means Sony and their former, present and future direct and indirect parents, subsidiaries and Affiliates, and their respective former, present and future officers, directors, employees, managers, members, partners, agents, shareholders (in their capacity as shareholders), attorneys and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.

(bb)    "Releasors" means the Indirect Purchaser Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective direct and indirect parents, subsidiaries and Affiliates, their former, present or future officers, directors, employees, agents and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.

(cc)    "Settlement" means the settlement of the Released Claims set forth herein.

(dd)    "Settlement Amount" means Nineteen Million Five-Hundred Thousand U.S. Dollars ($19,500,000).

9

(ee)    "Settling Parties" means, collectively, Sony and the Indirect Purchaser Plaintiffs (on behalf of themselves and the Classes).

(ff)    "Unknown Claims" means any Released Claim that an Indirect Purchaser Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Releasees that if known by him, her or it, might have affected his, her or its settlement with and release of the Releasees, or might have affected his, her or its decision not to object to or opt out of this Settlement.   Such Unknown Claims include claims that are the subject of California Civil Code § 1542 and equivalent, similar or comparable laws or principles of law.  California Civil Code § 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**B.    Preliminary Approval Order, Notice Order and Settlement Hearing**

2.    **Reasonable Best Efforts to Effectuate This Settlement**.  The Settling Parties:  (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this Agreement.

3.    **Motion for Preliminary Approval**.  At a time to be determined by Class Counsel, and subject to prior notice of ten (10) days to Sony, Class Counsel shall submit this Agreement to the Court and shall apply for entry of a preliminary approval order ("Preliminary Approval Order"), requesting, *inter alia*, preliminary approval ("Preliminary Approval") of the Settlement.  The motion shall include (a) the proposed

10

Preliminary Approval Order, and (b) a definition of the proposed settlement classes pursuant to Federal Rule of Civil Procedure 23. The text of the foregoing items (a)-(b) shall be agreed upon by the Settling Parties.

4.      **Proposed Form of Notice**. At a time to be determined in their sole discretion but no later than any other class settlement entered into by Class Counsel, Class Counsel shall submit to the Court for approval a proposed form of, method for and schedule for dissemination of notice to the Classes. To the extent practicable and to the extent consistent with this paragraph, Class Counsel may seek to coordinate this notice program with other settlements that may be reached in the Actions in order to reduce the expense of notice. This motion shall recite and ask the Court to find that the proposed form of and method for dissemination of notice to the Classes constitutes valid, due and sufficient notice to the Classes, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23. Class counsel shall provide Sony with seven days advance notice of the text of the notice(s) to be provided to the Classes, and shall consider in good faith any concerns or suggestions expressed by Sony. Sony shall be responsible for providing all notices required by the Class Action Fairness Act of 2005 to be provided to state attorneys general or to the United States of America.

5.      **Motion for Final Approval and Entry of Final Judgment**. Not less than thirty-five (35) days prior to the date set by the Court to consider whether this Settlement should be finally approved, Class Counsel shall submit a motion for final approval ("Final Approval") of the Settlement by the Court. The Settling Parties shall jointly seek entry of the final approval order ("Final Approval Order") and Judgment:

(a)     certifying the Classes, pursuant to Federal Rule of Civil Procedure 23, solely for purposes of this Settlement;

(b)     fully and finally approving the Settlement contemplated by this Agreement and its terms as being fair, reasonable and adequate

11

within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation pursuant to its terms and conditions;

(c)    finding that the notice given to the Class Members constituted the best notice practicable under the circumstances and complies in all respects with the requirements of Federal Rule of Civil Procedure 23 and due process;

(d)    directing that the Actions be dismissed with prejudice as to Sony and, except as provided for herein, without costs;

(e)    discharging and releasing the Releasees from all Released Claims;

(f)    permanently barring and enjoining the institution and prosecution, by Indirect Purchaser Plaintiffs and Class Members, of any other action against the Releasees in any court asserting any claims related in any way to the Released Claims;

(g)    reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation and enforcement of this Agreement;

(h)    determining pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of a final judgment as to Sony; and

(i)    containing such other and further provisions consistent with the terms of this Agreement to which the parties expressly consent in writing.

Class Counsel also will request that the Court approve the proposed Distribution Plan and application for attorneys' fees and reimbursement of expenses (as described below).

6.    **Stay Order**. Upon the date that the Court enters an order preliminarily approving the Settlement, Indirect Purchaser Plaintiffs and members of the Classes shall be

barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind worldwide based on the Released Claims. Nothing in this provision shall prohibit the Indirect Purchaser Plaintiffs or Class Counsel from continuing to participate in discovery in the Actions that is initiated by other plaintiffs or that is subject to and consistent with the cooperation provisions set forth in ¶¶ 28-34.

**C.     Releases**

7.     **Released Claims**. Upon the Effective Date, the Releasors (regardless of whether any such Releasor ever seeks or obtains any recovery by any means, including, without limitation, by submitting a Proof of Claim and Release, or by seeking any distribution from the Gross Settlement Fund) shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees.

8.     **No Future Actions Following Release**. The Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain or prosecute any suit, action or complaint or collect from or proceed against Sony or any other Releasee (including pursuant to the Actions) based on the Released Claims in any forum worldwide, whether on his, her or its own behalf or as part of any putative, purported or certified class of purchasers or consumers.

9.     **Covenant Not to Sue**. Releasors hereby covenant not to sue the Releasees with respect to any such Released Claims. Releasors shall be permanently barred and enjoined from instituting, commencing or prosecuting against the Releasees any claims based in whole or in part on the Released Claims. The parties contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted on behalf of any Releasors with respect to the Released Claims.

10.     **Waiver of California Civil Code § 1542 and Similar Laws.**   The Releasors acknowledge that, by executing this Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, even Unknown Claims.  In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code § 1542, as set forth in ¶ 1(ff), or equivalent, similar or comparable laws or principles of law.  The Releasors acknowledge that they have been advised by Class Counsel of the contents and effects of California Civil Code § 1542, and hereby expressly waive and release with respect to the Released Claims any and all provisions, rights and benefits conferred by California Civil Code § 1542 or by any equivalent, similar or comparable law or principle of law in any jurisdiction.   The Releasors may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, foreseen or unforeseen, asserted or unasserted, contingent or non-contingent, and accrued or unaccrued claim, loss or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts.  The release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims in this paragraph is not a mere recital.

11.     **Claims Excluded from Release.**  Notwithstanding the foregoing, the releases provided herein shall not release claims against Sony for product liability, breach of contract, breach of warranty or personal injury, or any other claim unrelated to the allegations in the Actions.  For avoidance of doubt, this Agreement does not release claims arising from restraints of competition directed at goods other than (a) Lithium Ion Batteries, or (b) Lithium Ion Batteries contained in Finished Products.  Additionally, the

releases provided herein shall not release any claims to enforce the terms of this Agreement.

### D.   Settlement Fund

12.   **Settlement Payment**.   Sony shall pay by wire transfer the Settlement Amount to the Escrow Agent pursuant to mutually agreeable escrow instructions within thirty (30) business days after the Execution Date.   This amount constitutes the total amount of payment that Sony is required to make in connection with this Settlement Agreement.   This amount shall not be subject to reduction, and upon the occurrence of the Effective Date, no funds may be returned to Sony.   The Escrow Agent shall only act in accordance with the mutually agreed escrow instructions.

13.   **Disbursements Prior to Effective Date**.   No amount may be disbursed from the Gross Settlement Fund unless and until the Effective Date, except that: (a) Notice and Administrative Costs, which may not exceed seven-hundred fifty thousand U.S. Dollars ($750,000), may be paid from the Gross Settlement Fund as they become due; (b) Taxes and Tax Expenses (as defined in ¶ 17(b) below) may be paid from the Gross Settlement Fund as they become due; and (c) attorneys' fees and reimbursement of litigation costs, as may be ordered by the Court, may be disbursed during the pendency of any appeals which may be taken from the judgment to be entered by the Court finally approving this Settlement.   Class Counsel will attempt in good faith to minimize the amount of Notice and Administrative Costs and may seek to coordinate the notice described herein with other settlements in these Actions.

14.   **Refund by Escrow Agent**.   If the Settlement as described herein is finally disapproved by any court, or it is terminated as provided herein, or the Judgment is overturned on appeal or by writ, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Amount while held in escrow, excluding only Notice and Administrative Costs, Taxes and Tax Expenses (as defined herein), shall

be refunded, reimbursed and repaid by the Escrow Agent to Sony within five (5) business days after receiving notice pursuant to ¶ 41 below.

15.     **Refund by Class Counsel.**  If the Settlement as described herein is finally disapproved by any court, or it is terminated as provided herein, or the Judgment is overturned on appeal or by writ, any attorneys' fees and costs previously paid pursuant to this Agreement (as well as interest on such amounts) shall be refunded, reimbursed and repaid by Class Counsel to Sony within thirty (30) business days after receiving notice pursuant to ¶ 41 below.

16.     **No Additional Payments by Sony.**  Under no circumstances will Sony be required to pay more or less than the Settlement Amount pursuant to this Agreement and the Settlement set forth herein.  For purposes of clarification, the payment of any Fee and Expense Award (as defined in ¶ 25 below), the Notice and Administrative Costs, and any other costs associated with the implementation of this Settlement Agreement shall be exclusively paid from the Settlement Amount.

17.     **Taxes.**  The Settling Parties and the Escrow Agent agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

        (a)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg.

§1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Gross Settlement Fund, and (iii) timely and properly filing applicable federal, state and local tax returns necessary or advisable with respect to the Gross Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this paragraph) shall be consistent with the provisions of this paragraph and in all events shall reflect that all Taxes as defined in ¶ 17(b) below on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in ¶ 19 hereof;

(b)      The following shall be paid out of the Gross Settlement Fund: (i) all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Sony or its counsel with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"); and (ii) all expenses and costs incurred in connection with the operation and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph (collectively, "Tax Expenses"). In all events neither

Sony nor its counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Gross Settlement Fund, the Escrow Agent shall indemnify and hold harmless Sony and its counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Gross Settlement Fund and shall timely be paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Sony nor its counsel is responsible therefor, nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, their tax attorneys and their accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

**E.** **Administration and Distribution of Gross Settlement Fund**

18. **Time to Appeal**. The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether or not either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or resolved.

19. **Distribution of Gross Settlement Fund**. Upon further orders of the Court, the Notice and Claims Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall

18

administer the claims submitted by members of the Classes and shall oversee distribution of the Gross Settlement Fund to Authorized Claimants pursuant to the Distribution Plan. Subject to the terms of this Agreement and any order(s) of the Court, the Gross Settlement Fund shall be applied as follows:

      (a)      To pay all costs and expenses reasonably and actually incurred in connection with providing notice to the Classes in connection with administering and distributing the Net Settlement Fund to Authorized Claimants, and in connection with paying escrow fees and costs, if any;

      (b)      To pay all costs and expenses, if any, reasonably and actually incurred in soliciting claims and assisting with the filing and processing of such claims;

      (c)      To pay the Taxes and Tax Expenses as defined herein;

      (d)      To pay any Fee and Expense Award that is allowed by the Court, subject to and in accordance with the Agreement; and

      (e)      To distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Agreement, any Distribution Plan or order of the Court.

      20.      **Distribution of Net Settlement Fund**. Upon the Effective Date and thereafter, and in accordance with the terms of this Agreement, the Distribution Plan and such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

      (a)      Each member of the Classes who claims to be an Authorized Claimant shall be required to submit to the Notice and Claims Administrator a completed Proof of Claim and Release in such form as shall be approved by the Court;

(b)    Except as otherwise ordered by the Court, each member of the Classes who fails to submit a Proof of Claim and Release within such period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Agreement and the Settlement set forth herein;

(c)    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Distribution Plan to be approved by the Court. Any such Distribution Plan is not a part of this Agreement. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date; and

(d)    All Persons who fall within the definition of the Classes who do not timely and validly request to be excluded from the Classes shall be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

21.    **No Liability for Distribution of Settlement Funds**. Neither the Releasees nor their counsel shall have any responsibility for, interest in or liability whatsoever with respect to the distribution of the Gross Settlement Fund; the Distribution Plan; the determination, administration or calculation of claims; the Settlement Fund's qualification as a "qualified settlement fund"; the payment or withholding of Taxes or Tax Expenses; the distribution of the Net Settlement Fund; or any losses incurred in connection with any such matters. The Releasors hereby fully, finally and forever release, relinquish and discharge the Releasees and their counsel from any and all such liability. No Person shall have any

claim against Class Counsel or the Notice and Claims Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan or further orders of the Court.

      22.    **Balance Remaining in Net Settlement Fund**.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Class Counsel may reallocate such balance among Authorized Claimants in an equitable and economic fashion, distribute remaining funds through *cy pres*, or allow the money to escheat to federal or state governments, subject to Court approval.  In no event shall the Net Settlement Fund revert to Sony.

      23.    **Distribution Plan Not Part of Settlement**.  It is understood and agreed by the Settling Parties that any Distribution Plan, including any adjustments to any Authorized Claimant's claim, is not a part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Agreement, and any order or proceedings relating to the Distribution Plan shall not operate to terminate or cancel this Agreement or affect the finality of the Judgment, the Final Approval Order, or any other orders entered pursuant to this Agreement.  The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or approved.

      **F.**    **<u>Attorneys' Fees and Reimbursement of Expenses</u>**

      24.    **Fee and Expense Application**.  Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Gross Settlement Fund for:  (a) an award of attorneys' fees; plus (b) reimbursement of expenses incurred in connection with prosecuting the Actions; plus (c) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court.

21

25. **Payment of Fee and Expense Award**. Any amounts that are awarded by the Court pursuant to the above paragraph (the "Fee and Expense Award") shall be paid from the Gross Settlement Fund consistent with the provisions of this Agreement.

26. **Award of Fees and Expenses Not Part of Settlement**. The procedure for, and the allowance or disallowance by the Court of, the Fee and Expense Application are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Agreement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any Fee and Expense Award or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment and the Settlement of the Actions as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Award or Distribution Plan shall constitute grounds for cancellation or termination of this Agreement.

27. **No Liability for Fees and Expenses of Class Counsel**. Neither the Releasees nor their counsel shall have any responsibility for or liability whatsoever with respect to any payment(s) to Class Counsel pursuant to this Agreement and/or to any other Person who may assert some claim thereto or any Fee and Expense Award that the Court may make in the Actions, other than as set forth in this Agreement.

**G.** **Cooperation**

28. **Cooperation as Consideration**. In return for the Release and Discharge provided herein, Sony agrees to pay the Settlement Amount and agrees to provide cooperation to Indirect Purchaser Plaintiffs as set forth specifically below. Except as otherwise specified herein, all cooperation shall commence within ten (10) business days after Preliminary Approval by the Court of this Agreement.

29. **Cooperation Subject to and Consistent with Prior Obligations**. Sony and the Indirect Purchaser Plaintiffs shall not be obligated to provide cooperation that

22

would violate an applicable court order or Sony's commitments to the United States Department of Justice or any other governmental entity. Additionally, Indirect Purchaser Plaintiffs and Sony will take reasonable efforts to accommodate the other's efforts to minimize duplication in the providing of any cooperation.

30.   **Cooperation**.

(a)   Within a reasonable period of time (but no more than thirty (30) days) after submission by Class Counsel to the Court of a proposed form of notice to the Classes, Sony's counsel shall meet with Class Counsel for the purpose of identifying any Sony documents that have been produced as of that time that relate to and/or support the allegations in the Third Consolidated Amended Class Action Complaint or that show Sony Lithium Ion Battery sales, pricing, capacity or production; provided, however, that such obligation shall not require Sony to provide information protected by the attorney-client privilege, attorney work-product doctrine and/or other similar privileges and shall not waive any such protections or privileges.   Further, such communications shall be considered privileged settlement discussions pursuant to Federal Rule of Evidence 408 and similar provisions.

(b)   Sony will produce all English translations of any documents that it provided to the United States Department of Justice in connection with its investigation of potential collusion concerning Lithium Ion Batteries, to the extent they exist, within fifteen (15) business days after Preliminary Approval by the Court of this Agreement.

(c)   Sony agrees that Class Counsel may ask questions at depositions of Sony witnesses noticed by other plaintiffs in the Actions.

(d)   If Sony produces any declarations, documents, data or other

23

responses to discovery to any other plaintiff in the Actions, Sony will produce the same to Class Counsel.

(e)    Each of the Settling Parties shall cooperate in good faith to authenticate, to the extent possible, documents and/or things produced in the Actions, whether by declarations, affidavits, depositions, hearings and/or trials as may be necessary for the Actions, without the need for the other party to issue any subpoenas, letters rogatory, letters of request or formal discovery requests to the other.

(f)    Sony will respond to reasonable requests (including, if necessary, by providing reasonable telephonic access to appropriate employees) for clarification of the transactional, production and cost data that Sony produced in the Actions prior to the Execution Date.

(g)    Sony will continue to comply with the terms of paragraph I(C) in the Court's Order re Deposition Protocol (ECF No. 593) ("Deposition Protocol") relating to employee "watchlists" for as long as these terms are in effect.  Sony will inform Class Counsel under the terms of that paragraph if Sony becomes aware that a person on Plaintiffs' (as defined in the Deposition Protocol) watchlist intends to leave, or does leave, his or her employment at Sony, to the extent reasonably possible.

(h)    Upon reasonable notice after Preliminary Approval of this Agreement, Sony shall use its best efforts to make available up to two (2) of its employees identified by Indirect Purchaser Plaintiffs for interviews, depositions and/or testimony at trial, via videoconference or at a mutually agreed upon location or locations

(except for testimony at trial, which shall be at the United States District Court for the Northern District of California). Unless mutually agreed to by the Parties, any such interviews shall not exceed one six-hour day. Except as specifically provided for herein, any such depositions shall be conducted in accordance with the procedures set forth in the Deposition Protocol and shall count toward the maximum of twelve (12) depositions for Sony as a defendant group as set forth in the Deposition Protocol.

31. **Confidentiality.** Indirect Purchaser Plaintiffs and Class Counsel agree that they will not use the information provided by Sony or its representatives for any purpose other than pursuit of the Actions, and will not publicize the information beyond what is reasonably necessary for the prosecution of the Actions. Any information provided pursuant to this Agreement shall be subject to the Stipulated Protective Order entered in the Actions on May 17, 2013 (ECF No. 193) ("Protective Order") as if produced in response to discovery requests and so designated.

32. **Other Discovery.** Upon the Execution Date, Sony and Releasees need not respond to formal discovery from Indirect Purchaser Plaintiffs or otherwise participate in the Actions. Further, neither Sony nor the Indirect Purchaser Plaintiffs shall file motions against the other or initiate or participate in any discovery, motion or proceeding directly adverse to the other in connection with the Actions, except as specifically provided for herein, and Sony and the Indirect Purchaser Plaintiffs shall not be obligated to respond to or supplement prior responses to formal discovery that has been previously propounded by the other in the Actions or otherwise participate in the Actions. Indirect Purchaser Plaintiffs and Sony agree to withdraw all outstanding discovery served on the other.

33. **Resolution of Disputes.** To the extent the Settling Parties disagree about the interpretation or enforcement of any terms of this Agreement relating to future cooperation by Sony, they agree to submit such disputes for binding resolution by Judge

25

Vaughn R. Walker (ret.) or another mutually agreed neutral.

34.     **Final Approval**.  In the event that this Agreement fails to receive Final Approval by the Court as contemplated herein or in the event that it is terminated by either of the Settling Parties under any provision herein, the parties agree that neither Indirect Purchaser Plaintiffs nor Class Counsel shall be permitted to introduce in evidence, at any hearing, or in support of any motion, opposition or other pleading in the Actions or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Actions, any information provided by Sony or its counsel pursuant to ¶ 30(a) or ¶ 30(f) or any information obtained during interviews provided pursuant to ¶ 30(h). Further, in such event, Sony and Indirect Purchaser Plaintiffs will each be bound by and have the benefit of any rulings made in the Actions to the extent they would have been applicable to Sony or Indirect Purchaser Plaintiffs had Sony been participating in the Actions.

**H.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

35.     **Effective Date**.  The Effective Date of this Agreement shall be conditioned on the occurrence of all of the following events:

      (a)     Sony no longer has any right under ¶¶ 40-41 to terminate this Agreement or, if Sony does have such right, they have given written notice to Class Counsel that they will not exercise such right;

      (b)     the Court has finally approved the Settlement as described herein, following notice to the Classes and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

      (c)     the Judgment has become Final.

36.     **Occurrence of Effective Date**.  Upon the occurrence of all of the events referenced in the above paragraph, any and all remaining interest or right of Sony in or to

the Gross Settlement Fund, if any, shall be absolutely and forever extinguished, and the Gross Settlement Fund (less any Notice and Administrative Costs, Taxes, Tax Expenses or Fee and Expense Award paid) shall be transferred from the Escrow Agent to the Notice and Claims Administrator as successor Escrow Agent within ten (10) days after the Effective Date.

37.     **Failure of Effective Date to Occur**.  If all of the conditions specified in ¶ 35 are not met, then this Agreement shall be cancelled and terminated, subject to and in accordance with ¶ 41 unless the Settling Parties mutually agree in writing to proceed with this Agreement.

38.     **Exclusions**.  Class Counsel shall cause copies of requests for exclusion from the Classes to be provided to Sony's counsel.  No later than fourteen (14) days after the final date for mailing requests for exclusion, Class Counsel shall provide Sony's counsel with a complete and final list of opt-outs.  With the motion for final approval of the Settlement, Class Counsel will file with the Court a complete list of requests for exclusion from the Classes, including only the name, city and state of the person or entity requesting exclusion.  With respect to any member of the Class  who requests exclusion from the Classes, Sony reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether the member of the Class is an indirect purchaser of the allegedly price-fixed product and/or has standing to bring any claim.  Sony shall have the option to terminate this Agreement if the purchases of Lithium Ion Batteries, Lithium Ion Packs and/or Finished Products made by members of the Classes who timely and validly request exclusion from the Classes equal or exceed five percent (5%) of the total volume of purchases made by the Classes.  After meeting and conferring with Class Counsel, Sony may elect to terminate this Agreement by serving written notice on Class Counsel by email and overnight courier and by filing a copy of such notice with the Court no later than thirty (30) days before the date for the final approval hearing of this Agreement, except that Sony shall have a minimum of ten (10) days in which to decide whether to terminate this

Agreement after receiving the final opt-out list.  In the event that Sony exercises its option to terminate this Agreement: (i) this Agreement shall be null and void as to Sony, and shall have no force or effect and shall be without prejudice to the rights and contentions of Releasees and Releasors in this or any other litigation; and (ii) the Settlement fund paid by Sony, plus interest thereon, shall be refunded promptly to Sony, minus such payment (as set forth in this Agreement) of Notice and Administrative Costs and Taxes and Tax Expenses, consistent with the provisions of ¶ 41.

39.   **Objections.**  Settlement Class members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objection by the end of the period to object to the Settlement.  Any award or payment of attorneys' fees made to the counsel of an objector to the Settlement shall only be made by Court order and upon a showing of the benefit conferred to the Classes.  In determining any such award of attorneys' fees to an objectors' counsel, the Court will consider the incremental value to the Classes caused by any such objection.  Any award of attorneys' fees by the Court will be conditioned on the objector and his or her attorney stating under penalty of perjury that no payments shall be made to the objector based on the objector's participation in the matter other than as ordered by the Court.   Sony shall have no responsibility for any such payments.

40.   **Failure to Enter Proposed Preliminary Approval Order, Final Approval Order or Judgment.**  If the Court does not enter the Preliminary Approval Order, the Final Approval Order or the Judgment, or if the Court enters the Final Approval Order and the Judgment and appellate review is sought and, on such review, the Final Approval Order or the Judgment is finally vacated, modified or reversed, then this Agreement and the Settlement incorporated therein shall be cancelled and terminated; provided, however, the Settling Parties agree to act in good faith to secure Final Approval of this Settlement and to attempt to address in good faith concerns regarding the Settlement identified by the Court and any court of appeal.  No Settling Party shall have any obligation

28

whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application or Distribution Plan, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Agreement by any Settling Party. Without limiting the foregoing, Sony shall have, in its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of all of the Actions against it.

41. **Termination**. Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate, or be cancelled or otherwise fail to become effective for any reason, including, without limitation, in the event that Sony elects to terminate this Agreement pursuant to ¶ 38, the Settlement as described herein is not finally approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then:

(a) within five (5) business days after written notification of such event is sent by counsel for Sony to the Escrow Agent, the Gross Settlement Fund—including the Settlement Amount and all interest earned on the Settlement Fund while held in escrow excluding only Notice and Administrative Costs that have either been properly disbursed or are due and owing, Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, and attorneys' fees and costs that have been disbursed pursuant to Court order—will be refunded, reimbursed and repaid by the Escrow Agent to Sony; if said amount or any portion thereof is not returned within such five (5) day period, then interest shall accrue thereon at the rate of ten percent (10%) per annum until the date that said amount is returned;

29

(b)     within thirty (30) business days after written notification of such event is sent by counsel for Sony to Class Counsel, all attorneys' fees and costs which have been disbursed to Class Counsel pursuant to Court order shall be refunded, reimbursed and repaid by Class Counsel to Sony;

(c)     the Escrow Agent or its designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to Sony, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to such written request;

(d)     the Settling Parties shall be restored to their respective positions in the Actions as of the Execution Date, with all of their respective claims and defenses preserved as they existed on that date;

(e)     the terms and provisions of this Agreement, with the exception of ¶¶ 13-15, 17, 27, 31, 33-35, 37, 40-41, 43-44, 46-47, 49-56 (which shall continue in full force and effect), shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of, this Agreement) shall be used in the Actions or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect); and

(f)     any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## I.     No Admission of Liability

**42.    Final and Complete Resolution.**   The Settling Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between

them with respect to the Actions and Released Claims and to compromise claims that are contested, and it shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or any allegation made in the Actions.

43. **Federal Rule of Evidence 408**. The Settling Parties agree that this Agreement, its terms and the negotiations surrounding this Agreement shall be governed by Federal Rule of Evidence 408 and shall not be admissible or offered or received into evidence in any suit, action or other proceeding, except upon the written agreement of the Settling Parties hereto, pursuant to an order of a court of competent jurisdiction, or as shall be necessary to give effect to, declare or enforce the rights of the Settling Parties with respect to any provision of this Agreement.

44. **Use of Agreement as Evidence**. Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, any allegation made in the Actions, or any wrongdoing or liability of Sony; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Releasees may file this Agreement and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The limitations described in this paragraph apply whether or not the Court enters the Preliminary Approval Order, the Final Approval Order or the Judgment.

J.       **Miscellaneous Provisions**

45.       **Voluntary Settlement**.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement as described herein were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily following mediation with Judge Vaughn R. Walker (ret.) and after consultation with competent legal counsel.

46.       **Consent to Jurisdiction**.  Sony and each Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement.  Solely for purposes of such suit, action or proceeding, to the fullest extent that they may effectively do so under applicable law, Sony and the Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient forum.  Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of ¶¶ 7-11 hereof, including but not limited to any suit, action or proceeding in which the provisions of ¶¶ 7-11 hereof are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a suit, action or proceeding arising out of or relating to this Agreement.  In the event that the provisions of ¶¶ 7-11 hereof are asserted by any Releasee as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding, it is hereby agreed that such Releasee shall be entitled to a stay of that suit, action or proceeding until the Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on the provisions of ¶¶ 7-11.  Nothing herein shall be construed as a submission to jurisdiction for any purpose other than any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

47.     **Resolution of Disputes; Retention of Exclusive Jurisdiction**.   Any disputes between or among Sony and any Class Members concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court.   The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Agreement.

48.     **Binding Effect**.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by Indirect Purchaser Plaintiffs and Class Counsel shall be binding upon all Class Members.

49.     **Authorization to Enter Settlement Agreement**.   The undersigned representatives of Sony represent that they are fully authorized to enter into and to execute this Agreement on behalf of Sony.   Class Counsel, on behalf of Indirect Purchaser Plaintiffs and the Classes, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of the Classes pursuant to this Agreement to effectuate its terms and to enter into and execute this Agreement and any modifications or amendments to the Agreement on behalf of the Classes that they deem appropriate.

50.     **Notices**.  All notices under this Agreement shall be in writing.  Each such notice shall be given either by (a) e-mail; (b) hand delivery; (c) registered or certified mail, return receipt requested, postage pre-paid; (d) FedEx or similar overnight courier; or (e) facsimile and first class mail, postage pre-paid and, if directed to any Class Member, shall be addressed to Class Counsel at their addresses set forth below, and if directed to Sony, shall be addressed to their attorneys at the addresses set forth below or such other addresses as Class Counsel or Sony may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

If directed to the Indirect Purchaser Plaintiffs, address notice to:

COTCHETT, PITRE & MCCARTHY, LLP
Steven N. Williams (swilliams@cpmlegal.com)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:    650-697-6000
Facsimile:    650-697-0577

HAGENS BERMAN SOBOL SHAPIRO LLP
Jeff Friedman (jefff@hbsslaw.com)
715 Hearst Avenue, Suite 202
Berkley, CA 94710
Telephone:    510-725-3000
Facsimile:    510-725-3001


LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Brendan P. Glackin (bglackin@lchb.com)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:    415-956-1000
Facsimile:    415-956-1008

If directed to Sony, address notice to:

COOLEY LLP
John C. Dwyer (dwyerjc@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
Beatriz Mejia (mejiab@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

**51.** **Headings**. The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

**52.** **No Party Deemed to Be the Drafter**. None of the parties hereto shall be deemed to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

34

53.     **Choice of Law**.  This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that state's choice of law principles.

54.     **Amendment; Waiver**.  This Agreement shall not be modified in any respect except by a writing executed by Sony and Class Counsel, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

55.     **Execution in Counterparts**.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Settling Parties to this Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

56.     **Integrated Agreement**.  This Agreement constitutes the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Agreement is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true.  Each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

57.    **Return or Destruction of Confidential Materials**.   The Settling Parties agree to comply with ¶ 11 of the Protective Order entered in these Actions at the conclusion of these Actions.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first herein above written.

INDIRECT PURCHASER PLAINTIFFS' CLASS
COUNSEL, on behalf of Indirect Purchaser
Plaintiffs individually and on behalf of the Classes

By: _____

Steven N. Williams
**COTCHETT, PITRE & MCCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Fax: 650-697-0577
swilliams@cpmlegal.com


By: _____

Jeff Friedman
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
715 Hearst Avenue, Suite 202
Berkley, CA 94710
Telephone: 510-725-3000
Fax: 510-725-3001
jefff@hbsslaw.com


By: _____

Brendan P. Glackin
**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
Brendan P. Glackin
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
Fax: 415-956-1008
bglackin@lchb.com

37

DEFENDANTS SONY CORPORATION, SONY
ENERGY DEVICES CORPORATION AND
SONY ELECTRONICS INC.

By: _____
John C. Dwyer
Stephen C. Neal
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Tel:  (415) 495-5000
Fax:  (415) 495-7400

Beatriz Mejia
Matthew M. Brown
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel:  415-693-2000
Fax:  415-693-2222
mejiab@cooley.com
brownmm@cooley.com