Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com

Elizabeth J. Cabraser (083151)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

Joseph W. Cotchett (36324)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com

*Indirect Purchaser Plaintiffs*
*Co-Lead Class Counsel*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION,<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 13-MD-02420 YGR (DMR)<br><br>MDL No. 2420<br><br>FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO PANASONIC DEFENDANT FAMILY |

This matter came before the Court to determine whether to finally approve the settlement with

defendants Panasonic Corporation, Panasonic Corporation of North America, Sanyo Electric Co.,

Ltd., and Sanyo North America Corporation (collectively "Panasonic/Sanyo") set forth in the

Settlement Agreement ("Agreement"), dated December 27, 2018, relating to the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, determined (1) that the settlement should be approved, and (2) that there is no just reason for the delay of the entry of this Final Judgment approving this Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits in accordance with the terms of the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Agreement, including all members of the Class.

2. The definitions of terms set forth in the Agreement are incorporated hereby as though fully set forth in this Judgment.

3. The Court has granted final approval and confirmed the settlement set forth in the Agreement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Pursuant to Federal Rules of Civil Procedure 23(g), Hagens Berman Sobol Shapiro LLP, Lieff Cabraser Heimann & Bernstein, LLP and Cotchett, Pitre & McCarthy, LLP have been appointed as counsel for the Class. This firms have and will fairly and competently represent the interests of the Class.

5. The persons/entities identified in Attachment 8 to the Declaration of Cameron R. Azari, Esq., on Implementation and Adequacy of Class Notice Program, filed on June 11, 2019 (ECF No. 2501-9) have validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through the Panasonic/Sanyo Settlement Agreement.

6. This Court hereby dismisses on the merits and with prejudice the Action, with each party to bear its own costs and attorneys' fees except as otherwise described in the Settlement Agreement.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8. The Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Agreement.

9. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining any future applications by plaintiffs' counsel for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Action and Releasors, for the purpose of enforcing and administering the Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

10. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

DATED: August 27, 2019

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE