**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 04 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN YOUNG; BRADLEY SELDIN; BRUCE STERMAN; CHARLES CARTE; BRIAN HANLON; NICHOLE M. GRAY; WOODROW CLARK II; REBECCA CERVENAK; JOHN RUSSO; MATTHEW J. MILLER; RACHEL L. MILLER; BRADLEY VAN PATTEN; BENJAMIN KRAMER; JAMES A. SMITH; ANGELA TURNER; KATHERINE A. WIRKUS; MICHAEL BARBAT; DAVID BROWNLEE; ROBERT ALAN DISHMAN; JOAN GOODMAN; DAVID MCAFEE; DAWN THOMPSON; THE STEREO SHOP; MICHELE CRIDEN; BRIAN CALEB BATEY; A-1 COMPUTERS, INC.; YEVGENIYA LISITSA, Esquire, Attorney; DANIEL MEIR; KIMBERLY RAIMONDO; DRAKE DAILEY-CHAWLIBOG; MEGHAN DOWLING; MICHAEL HULL; DAVID SHAWN; DEWEESE SMITH; REGINA SHANNON; RENEE MEIER; FIRST CHOICE MARKETING, INC.; MICHAEL JAMES DOYLE; REBECCA COHEN; ELLIS GREENSPAN; LOUIS MESSINA; PATRICE NEALON; ELIZABETH PORTER; DAWN | No.   17-15795<br><br>D.C. No. 4:13-md-02420-YGR<br><br>MEMORANDUM[*] |

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

POTOVIN; DAWN POTOVIN; MARYLIN SHARP; GRACE SHIRE; DAN WEHKING; STEVEN WILEY; NANCY RUAN; CHAD CONOVER; SUSANNE HILLER; ROBERT HYAMS; MATTHEW WEINER; GERASIMOS MOLFETAS; THOMAS R. TUOHY; BEVERLEE SCLAR; DAVID PETREE; MIKE KATZ-LACABE; JAMES O'NEIL; LLOYD RANOLA; ALFRED H. SIEGEL; TOM PHAM; KATHLEEN TAWNEY; CALVIN CALKINS; AUTOMATION ENGINEERING, LLC; EDWARD KLUGMAN; GENE POWERS; RICHARD S.E. JOHNS; BRANDON MARTINEZ; ANGELO MICHAEL D'ORAZIO; RON NELSON, Jr.; UNIVISION-CRIMSON HOLDING, INC.; PIYA ROBERT ROJANASATHIT; MICHAEL S. WILSON; RITZ CAMERA & IMAGE, LLC; STEVEN BUGGE; A. KEITH THROWER; KRISTINA YEE; JOSEPHY G. O'DANIEL; JASON AMES; WILBUR FRANKLIN; BEATRIZ HERNANDEZ; LINDA LINCOLN; KRISTIN STARR BARNES; MARK BERGERON; MICHAEL JANUSA; ADAM RONQUILLO; TERRI WALNER; ANNA JAWOR; KRISTA LEPORE; THE NATIONWIDE GROUP; MATT BRYANT; LAURA GALLARDO; SPENCER HATHAWAY; ALEXANDRA LE; ROBERT MCGRANAHAN; PATRICK MCGUINNESS; ERINN TOZER; DAVID GIBBONS; VALENTINA JUNCAJ; VIOLET SELCA; CORIE LEVY; SCOTT BEALL;

THEODORE WOLFENDALE;
CHRISTOPHER BESSETTE;
ALEXANDER C. EIDE; POLLY
COHEN; SAN FRANCISCO
COMMUNITY COLLEGE DISTRICT;
INDIRECT PURCHASER PLAINTIFFS;
DIRECT PURCHASER PLAINTIFFS;
ERIC MCGUIRE; KCN SERVICES,
LLC; BRAD MARCUS; BASIL
BOURQUE; KEVIN LITWIN;
MELINDA LAWSON; DAVID
TOLCHIN; UNITED STATES OF
AMERICA; KAREN STROMBERG;
CITY OF PALO ALTO; CITY OF
RICHMOND; MATTHEW SABA;
SHAWN SELLERS; TRACFONE
WIRELESS, INC.; ACER, INC.; ACER
AMERICA CORPORATION;
GATEWAY, INC.; GATEWAY U.S.
RETAIL, INC.; MICROSOFT MOBILE
INC.; MICROSOFT MOBILE OY; DELL,
INC.; DELL PRODUCTS L.P.,

        Plaintiffs-Appellees,

CHRISTOPHER ANDREWS,

        Objector-Appellant,

v.

LG CHEM LTD.; LG CHEM AMERICA,
INC.; SONY CORPORATION; SONY
ELECTRONICS, INC.; SAMSUNG SDI
AMERICA; HITACHI LTD.; HITACHI
MAXELL, LTD; MAXELL
CORPORATION OF AMERICA; SONY

ENERGY DEVICES CORPORATION; SAMSUNG SDI CO, LTD.; HITACHI AMERICA LTD.; HITACHI MAXELL CORPORATION OF AMERICA; TOSHIBA AMERICA, INC; TOSHIBA CORPORATION; LG CHEM AMERICA; LG CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS COMPANY, LTD.; SAMSUNG SDI CHUSIK HOESA; SONY CORPORATION OF AMERICA; SANYO ELECTRIC CO., INC; NEC TOKIN CORPORATION; NEC CORPORATION; LG CHEMICAL LTD.; LG CHEMICAL AMERICA, INC.; HITACHI MAXELL, LTD.; PCM,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted August 30, 2019[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

The district court approved a class-action settlement agreement between

Indirect Purchaser Plaintiffs ("IPP") and defendants Sony Corporation, Sony

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

4

Energy Devices Corporation, and Sony Electronics Inc.  Christopher Andrews, a class member objecting to the settlement, appeals.  He argues that the notice of settlement was deficient, errors in the settlement agreement and the district court's approval order rendered the settlement unfair, and class members were denied access to crucial documents because they were improperly sealed.  We affirm.

    1.  We review de novo whether notice of a settlement satisfies due process and the Federal Rules.  *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993).  Notice of a class-action settlement must be the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  The content of the notice is sufficient if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019).

    The district court properly found that the notice of settlement was sufficient.  A notice need not contain "an estimate of the potential value of [the class's] claims" had the case proceeded to trial.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015).  As for Andrews's assertion that a Spanish version of the notice was required, Andrews does not have standing to make this

argument. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'"); *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1017 (9th Cir. 2003) (refusing to address an argument that the appellant "lack[ed] standing to make"). Andrews's contention that a settlement notice cannot precede the formulation of a claims process is unsupported. The rest of Andrews's attacks on the notice are inconsistent with the record or irrelevant. The district court did not err in finding the notice here satisfied due process and Rule 23.

2. We review a district court's approval of a class action settlement for clear abuse of discretion. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011). Such review is "extremely limited" in light of the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Hyundai*, 926 F.3d at 556. A party challenging a settlement approval "must make a strong showing that the district court clearly abused its discretion." *Id.* (internal quotation omitted).

Andrews raises a host of objections to the settlement agreement and district court's approval order. First, Andrews claims that the $19.5 million settlement amount was unjustifiably low compared to the "$177 million in total alleged damages" attributable to Sony. But a "proposed settlement is not to be judged

6

against a hypothetical or speculative measure of what *might* have been achieved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). In any event, the district court here found that the "possibility that a settlement could have been greater does not mean that it is not fair and reasonable, in light of the countervailing litigation risks present." Andrews does not analyze those risks or otherwise demonstrate why a higher settlement amount was warranted.

Second, Andrews argues that the settlement agreement is invalid because no named class representative submitted a declaration confirming that the representatives reviewed the settlement agreement and believed it was in the best interests of the class. There is no such requirement.

Third, Andrews contends that class counsel and the defendants "have not agreed" that Rule 11 was complied with, making the settlement ineffective. But parties need not affirmatively agree to comply with Rule 11. Simply signing and filing a document in the district court certifies compliance with the Rule. Fed. R. Civ. P. 11(b).

Finally, Andrews faults the settlement agreement for referencing IPP's third amended complaint, even though IPP later filed a fourth amended complaint. This argument is without merit. When the settlement agreement was signed, the third amended complaint was the operative complaint. Thus, the settlement agreement

understandably references that complaint, and not one that was filed months later.

Andrews's remaining objections to the settlement agreement and district court's approval order are either contradicted by the record or devoid of analysis and legal citations. We find those arguments to be unpersuasive. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (rejecting arguments that contained "[b]are assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw"). Accordingly, the district court did not abuse its discretion in approving the settlement agreement.

3. We review a district court's decision to retain filings under seal for abuse of discretion. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014). Andrews argues that many documents were improperly sealed, preventing class members from accurately assessing the settlement's fairness. But several documents Andrews identifies are not sealed. Rather, they are publicly available with limited redactions. For the documents that are sealed, Andrews offers nothing persuasive to counter the district court's finding that the "documents pertinent to plaintiffs' settlement with the Sony defendants, motion for approval, and motion for reimbursement of costs were all readily available. . . . Thus, objectors were able to access all the information relevant to the settlement here." The district court did not abuse its discretion.

**AFFIRMED.**