Clerk of the Court

U.S. District Court for the

Northern District of California

United States Courthouse

1301 Clay Street Suite 400S

Oakland California 94612



**In re Lithium Ion Batteries Antitrust Litigation – All Indirect Purchaser Actions, MDL 4:13-md-02420-YGR,**
Samsung SDI Co., Ltd. and Samsung SDI America, Inc. ("SDI"); TOKIN Corporation ("TOKIN"); Toshiba Corporation ("Toshiba"); and Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation ("Panasonic") (the Third Round Of Settlements)

Judge Yvonne Gonzalez Rogers

Christopher Andrews, Pro se

Objector

# NOTICE OF APPEAL BY OBJECTOR CHRISTOPHER ANDREWS

This is an absolute good faith appeal that will reverse this approval for multiple reasons. Class counsel divided and conquered the class by gaming the system.

Notice is hereby given that Class Member/Objector Christopher Andrews appeals to the United States Court of Appeals for the Ninth Circuit from the Order Granting Final Approval of Indirect Purchaser Plaintiffs' Settlement with Defendants Samsung SDI Co., Ltd. and Samsung SDI America, Inc. ("SDI"); TOKIN Corporation ("TOKIN"); Toshiba Corporation ("Toshiba"); and Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation ("Panasonic") (the Third Round Of Settlements), Granting Motion for Approval of Settlement, Attorneys Fees, and Incentive Awards. The Class Member/Objector Christopher Andrews also hereby appeals from any and all orders or judgments approving the class settlement, class counsel's attorneys' fees, expenses and incentive awards to named class representatives, and any order or judgment naming or identifying Class Members/Objector or the objection filed by Class Members/Objectors, and any order requiring an appeal bond, including any order entered or signed subsequent to this notice of appeal.

He specifically appeals Doc 2516 entered on August 16, 2019 and the subsequent final judgment orders Doc 2521, Doc. 2522, Doc. 2523, Doc. 2524 entered on August 27, 2019 including any other orders and opinions that merge therein.

With this notice of appeal the objector also includes a motion to proceed in forma pauperis, attaching a copy of this notice of appeal listing the reasons for the appeal, two copies of the existing, still in force, in forma pauperis order approval by the 9th Circuit Case 17-17369 as it relates to this current case 13-md-02420-YGR, Exhibit 1, which has not been revoked and two copies of another existing in force, in forma pauperis order approval by the 9th Circuit, Case 17-16459, Exhibit 2, both of which will waive the $505 fee. Nothing has financially changed.

The objector raised the issues below in his objection and/or at the fairness hearing but to no avail so an appeal is required.

1. Lack of adequate notice to the vast majority of the 190 million+ unidentified class members which has been proven in this objector's objection and exhibits that contradicts the misleading filing made by the notice administrator that 165 million class members saw the class notice not once, but three times each, an absolute impossibility, it's plainly deceptive, a complete fabrication and can't be proven in any way shape or form and was made solely to obtain the approval and bloated fees they all seek thereby cheating the class. Twelve million emails were allegedly sent but no direct mail was ever utilized when it was available that is why only one million claims were filed which is half of one percent claims take rate and utter failure of the notice program. How many emails bounced back was never disclosed.

Those 178 million remaining, unnoticed and unidentified class members could not file a claim, object or opt out because they knew nothing of this litigation violating 9th Circuit and Supreme Court precedent. The internet campaign was a failure (as the objector has said and proven it would be in his original Sony objection three years ago.) and the traditional media campaign was also total failure as well. The court failed to explain why my evidence that absolutely contradicts the notice administrator figures was invalid when it clearly it is not. All this violates Rule 23(b)(3), Rule 23(c)(2), 9th Circuit, Supreme Court precedent making it abuse of discretion.

"Before the district court approves a class settlement under Rule 23(e), it is "critical" that class members receive adequate notice. Hanlon, 150 F.3d at 1025.
The court's role in the fairness hearing is to look for "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." (2016 WL 4249914, at *3 *citing In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir.2011)).
"Indeed, the lead class action opinion from the Supreme Court warns that any problems with effective notice "render[] highly problematic any endeavor to tie to a settlement class persons with no perceptible asbestos-related disease at the time of the settlement." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 628 (1997). Even where notice is actually received, that notice may still, in some instances be inadequate

because "those without current [injuries] may not have the information or foresight needed to decide, intelligently" whether to opt out of the class. Id.

In cases where the class is defined to include those who may not know if injury (if any), there is substantial doubt "whether class action notice sufficient under the Constitution and Rule 23 could ever be given to legions so unselfconscious and amorphous." Id.

The Supreme Court has held that "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812(1985); accord Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 363 (2011) ("In the context of a class action predominantly for money damages we have held that absence of notice and opt-out violates due process.").

https://www.dwt.com/files/Uploads/Documents/Presentations/BurnsideLitigatingClassActions.pdf

> Below from the approval order Case 4:13-md-02420-YGR Document 2516 Filed 08/16/19 Page 11 of 16 @ 22-28
>
> "The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order. The notice administrator estimates that the notice program reached approximately 87 percent of adults who purchased portable computers, power tools, camcorders, or replacement batteries, and these class members were notified an average of 3.5 times each. As a result of Plaintiffs' notice efforts, in total, 1,025,449 class members have submitted claims. That

includes 51,961 new claims, and 973,488 claims filed under the prior settlements, which will be applied to this round of settlements."

Response: The 190+ million potential claimants that just purchased cell phones that held lithium ion batteries does not include the approximately 30 million laptops that were sold per year during the class period nor the hundreds of millions of camcorders, tablets, cameras and power tools purchased during that time frame making the total battery numbers not in the millions but in the mid to high hundreds of millions. The notice administrator's claim that 165 million class members saw the electronic notice three times was proven wrong by the objector in Exhibit 3 in the objection and is totally false. Class counsel failed to show how they could or did feasibly identify the entire 190+ million cell phone class members to notice them. Since most of the class was unable to be noticed and could not participate in this settlement process they could not opt out violating due process. The pitiful half of one percent claims take rate is a failure in and by itself and cause for reversal.

At the fairness hearing class counsel finally got around to finally admitting to not knowing the total number of batteries involved in this overcharge pricing scheme (they claimed millions, no it's not it's in the high hundreds of millions). The objector has asked for that number repeatedly since Nov 2016, almost three years ago in his first objection in the Sony case. Class counsel and the notice experts cannot accurately know what the actual damage amount and more importantly the number of batteries and devices involved for each defendant is without this number, its common sense.

Class counsel and the notice/claim administrator are intentionally cheating the class in this collusional swindling settlement with fake damage estimates, batteries, and device guesstimates.

2.The Defective Claims Process. At the fairness hearing it was disclosed that 1 million claims were filed claiming 53 million devices. That is equal to 53 devices purchased per claimant during the class period for personal use. That is 5 laptops, tablets, battery powered tools, or cell phones purchased each year per claimant during the class period. I call shenanigans. Using these same ratio numbers above, if each of the 190 million class members who were not noticed had been able to file a claim for the average of 53 devices as above, there would be 10 billion devices claimed! (190 million claimants multiplied by 53 devices each purchased during the class period.) It's impossible. This is a huge fraud going on here which cheats the honest claimants but nobody cares. Any approval should have been withheld while the obvious fraudulent claim numbers were investigated before approval was made. How many claims are valid? Nobody knows because there is no claims protocol in place to address all the questionable claims so they are left unchallenged, ripping off the class, an issued raised by this objector in his objection and left totally unaddressed along with other issues.

Class counsel didn't even post the expert reports to the class website for the class to review but could post 5000 pages in their final approval papers dealing with their fees and how great this deal is for the class. The claimants were unable to review the critical

documents above and did not know about the fraudulent switcheroo release scheme before deciding what action to take in these proposed settlements, file a claim, do nothing, object or opt out, a due process violation and abuse of discretion. That was done intentionally; the less information made available the easier it is to push through this flawed approval.

3. Class Counsel forgot to attach the two page release to the claim form. That missing release would have alerted the claimants to read over and agree to release of the claims against the defendants when filing their claim. There is no acknowledgement that the claimant ever saw, was aware of and or agreed to the one and a half page release when they filled out their claim form meaning the claimants did not understand the rights they were giving up. The release is located at Doc 2459-1 pg 88 C 7-11. This is a due process violation and abuse of discretion.

4. There are two different dated releases with different docket numbers for defendants Toshiba and Samsung/SDI in play contrary to what the lawyers for Toshiba and Samsung/ASDI claimed to the court at the fairness hearing.

5. The High Incentive Awards Are Not Justified Based On The Record

> Below from Case 4:13-md-02420-YGR Document 2516 Filed 08/16/19 page 13 of 16 @ 1-3
> (3) service awards for each of the class representatives—$10,000 for each of the twenty-one individual class representatives and $25,000 for each of two governmental entity class representatives; and (4) additional class settlement

administration costs up to $10,000.00.

The class was not told what the name plaintiffs turned down. They may have been told that would be the minimum they would receive but the court has kept that number and the sealed bid away from the eyes of the class and the objector. So the class member receives under $2.00 and the named class member receives $10,000.00. The disparity is way too much of a difference not to have influenced their decision to settle.

6. The fee awarded was 20% over the benchmark of 25%, overpaying the lawyers by six million dollars not counting the questionable "partner" hourly rates. This is a windfall for the lawyers especially with the issues left dangling without adequate explanation or justification.

7. The district court erred by refusing to rule on the request that class counsel intentionally broke court rules by not sending this objector copies of their filings after he put in his appearance via his objection and requested copies be sent to him as stated in the objection since he is not a Pacer receiver. As a result the objector was unable to respond to this and another filing thus violating his due process rights, the documents should have been struck which would have prevented approval. This is abuse of discretion. Why have rules when they are selectively applied?

An FYI. Hagens Berman has settled one case one case a month for the past four years and is currently working on 137 cases per their website so they did not give up

business to work on this case, contrary to their under oath submission. The objector does not believe that half their attorneys are all equal partners and may be partners in name only which boosts the hourly rate by hundreds of dollars per hour creating a windfall in this case and the other forty eight. They also failed to disclose to the court at the fairness hearing that they had lied in Judge Seeborg's courtroom in the fairness hearing for the Disk II case causing an illegal $54 million approval to be approved and the resulting millions in bloated fees and expenses to be illegally awarded, thus cheating the class. See in re Optical Disk Drive Products Antitrust Litigation, 3:10-md-2143. This objector has appealed, the case has an oral argument date in late October and he will win since the court violated Ninth Circuit case law by not responding to this objector's non frivolous objection. Lief Crabraser also failed to disclose to the court that it had been found by a special master to have been involved in a double billing scheme that overcharged a class $4 million in the State Street case and got caught due to an error by one of the other actors. Both firms sold classes out in the past and sold out the class in this case. It's their divide and conquer strategy.

- 

### Summary

While the objector strongly agrees with the court that corporations should be held accountable, he disagrees with letting them off the hook for a small percentage in damages on the dollar while leaving the material and numerous errors in the settlements uncorrected without adequate justification violating Rule 23(e). Providing

windfall incentives of $10,000.00 for each named plaintiff compared to the under $2.00 each absent class member receives bought them off. There is no real justice for the class in this settlement line justice process run by Hagens Berman. This approval is a social and judicial waste of time and resources, and unfairly allows Hagens Berman to move on to other cases.

The court made similar mistakes in this approval like it did in the first two. The named plaintiffs, class counsel, defendants and the notice entity violated the rights of the 190+ million member class via due process violations, bad faith, violations of various sections of Rule 23, 9th Circuit and Supreme Court precedent in this collusional settlement and approval. The parties refused to pause the litigation and fix the obvious material issues even though they were told and knew they were going down the wrong road but were too stubborn to turn around.

The court also couldn't help but be more welcoming of Hagens Berman's misleading, error strewn filings and omissions that confirm its biases than the facts pointed out by this objector that challenges them. This approval is destined for reversal just like the first two approvals apparently are, see below.

## 9th Circ. Judge Sees 'Obvious Error' In $45M Battery Deals

- August 28, 2019

Law360 covers the August 28, 2019 oral argument in CCAF's appeal of the first tranche of Lithium antitrust settlements. The settlements would provide all class members equal *pro rata* compensation even though class members in roughly half the states had no plausible claim against the defendants.

All three judges sitting on the panel expressed doubts about the settlements' approval. Aside from Judge Bybee's comments, U.S. Circuit Judge M. Margaret McKeown said the judge's order approving the settlements was "conclusory," and Judge McKeown expressed concerns that Judge Gonzalez Rogers didn't explain her reasoning for finding that the deals were fair.

"Even if we didn't have the Illinois Brick issue, why should we uphold with that?" Judge McKeown said. "We're kind of left at a loss as to the basis of the fairness conclusion, and I agree brevity can be great — when it's also explanatory."

Meanwhile, U.S. Circuit Judge Michael Daly Hawkins said the "bottom line" is that trial judge concluded that she was going to to allow a class of people to receive compensation for an injury "that the Supreme Court has told us doesn't exist."

Read the full article here.

From HLLI

I hereby certify under penalty of perjury that all of the above is true and accurate to the best of my knowledge.

Respectfully submitted,

*[signature]*

Christopher Andrews, Pro Se Appellant

PO Box 530394

Livonia, MI 48153

T. 248-635-3810

E. caaloa@gmail.com

Dated September 06, 2019

\ **Proof of Service**

I hereby certify under penalty of perjury that on this day September 06, 2019 the objector mailed two copies of this Notice of Appeal to the Clerk of the Court via postage paid Priority Mail with a copy going to Hagens Berman via prepaid first class mail at the addresses listed below. The objector also includes in the mailing two copies of a motion to proceed in forma pauperis along with two copies of the existing, still in force, in forma pauperis order approval by the 9th Circuit Case 17-17369 as it relates to this current case 13-md-02420-YGR, Exhibit 1 which has not been revoked and two copies of another existing in force, in forma pauperis order approval by the 9th Circuit, Case 17-16459, Exhibit 2, both of which should waive the filing fee and any appeal bond. Copies of the documents to the balance of the 40+ firms on both sides will be sent to them by electronic notification to those registered with the ECF system.

Clerk of the Court
US District Court for the Northern District of California,
1301 Clay Street Suite 400S,
Oakland CA 94612

Attention S. Berman
Hagens Berman Sobol
1918 Eighth Ave. Suite 3300
Seattle, WA 98101

*Christopher Andrews* (signature)

Christopher Andrews, Pro Se Objector
PO Box 530394
Livonia, MI 48153-0394
Telephone 248-635-3810
Email: caaloa@gmail.com
Dated September 06, 2019