# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>-------------------------------------------<br><br>This Order relates to the<br>Indirect Purchaser Actions | Case No. 4:13-md-02420-YGR (DMR)<br><br>**ORDER DENYING MOTION FOR CLARIFICATION RE: UNREDACTED BID**<br><br>Dkt. No. 2533 |

On September 16, 2019, objector Gordon Morgan filed his Motion for Clarification, to Locate Unredacted Bid, and to Order Submission of Unredacted Bid for Purposes of a Complete Appellate Record. (Dkt. No. 2533.) Objector Michael Bednarz joined in that motion on September 17, 2019. (Dkt. No. 2535.) For the reasons stated herein, the motion is **DENIED**.

In his motion, Morgan requests the court unseal a document submitted by the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") in connection with its request to be appointed lead counsel in this action, the redacted version of which appears at Docket No. 108-1.

First, Morgan's motion is both procedurally defective and substantively inadequate as a basis for reconsidering the Court's prior Order denying his request to unseal the bid. The motion is procedurally improper for its failure to comply with Civil Local Rule 7-9. The motion essentially seeks reconsideration of this Court's August 16, 2019 Order Granting Indirect Purchaser Plaintiffs' (IPPs) Motion for Final Approval of Settlements with SDI, Tokin, Toshiba and Panasonic Defendants and Granting Motion for Attorneys' Fees, Expenses and Service Awards (Dkt. No. 2516), in which the request to unseal the bid was denied (*id.* at 5), without first

seeking leave to do so.

Moreover, Morgan offers no material change in the law or facts that would support reconsideration. As the Court stated in its Order Granting Indirect Purchaser Plaintiffs' (IPPs) Motion for Final Approval of Settlements with SDI, Tokin, Toshiba and Panasonic Defendants and Granting Motion for Attorneys' Fees, Expenses and Service Awards, one firm's rejected bid to be lead counsel is irrelevant to the Court's determination of the reasonableness of the attorneys' fees sought here. (Dkt. No. 2516 at 5.) Morgan has offered no argument or authority that would support public filing of the redacted portion of the declaration, much less one that he could not have presented previously in connection with his objection to final approval.

Even if Morgan could offer a persuasive reason to require the Court to unseal or otherwise provide the redacted portion of the document to him, or include the document the Court could not do so. Some explication of the chronology of the proceedings is necessary to explain why.

On March 28, 2013, plaintiffs in the *Young*, *Hanlon*, *Cohen*, and *Powers* Indirect Purchaser actions filed an application requesting Hagens Berman be appointed interim class counsel. (Dkt. No. 108.) In support of that motion, counsel Steve W. Berman filed a declaration (Dkt. No. 108-1) in which portions of paragraph 17 were redacted. On that same date, plaintiffs Bradley Seldin, Bruce Sterman, and Kevin Young filed an administrative motion to seal portions of the Declaration of Steve W. Berman (Dkt. No. 107, "Motion to Seal".) That administrative motion included: (1) a motion stating Steve W. Berman had submitted a declaration that included an attorneys' fees and expense grid which Hagens Berman proposed to the Court in support of its application, and arguing why that information should be sealed; (2) a Declaration of Steve W. Berman in Support of the Administrative Motion to Seal (Dkt. No. 107-1) stating that the confidential information in his other declaration should be sealed as privileged attorney work-product; and (3) a proposed form of order on the Motion to Seal (Dkt. No. 107-2). The ECF docket does not indicate that a version of the Berman Declaration without redaction of the portions of paragraph 17 was ever filed in the ECF system.

On April 3, 2013, after a lengthy and thorough hearing with counsel from across the United States on, the Court stated its decision on the record. (*See generally* Dkt. No. 145 [minutes of

April 3, 2013]; Dkt. No. 148 [Transcript of April 3, 2013 Proceedings].) On May 24, 2013, the Court issued its written decision regarding appointment of interim class counsel, in which it rejected Hagens Berman's proposal in favor of appointing three firms as interim *co*-lead counsel. (Dkt. No. 202 [May 24, 2013 Modified Pretrial Order No. 1].)

Subsequent to the issuance of May 23, 2013 Modified Pretrial Order No. 1, the Court granted the pending Motion to Seal and ordered that "portions of the Berman Declaration be filed under seal." (Dkt. No. 216.) Again, the Court's review of the electronic docket does not indicate that any such unredacted version was docketed under seal subsequent to the order granting the Motion to Seal.[1] Thus, to the extent the order granting the Motion to Seal implies that the unredacted version was ever docketed, or that it was otherwise in the possession of the Court at the time the order granting the sealing was entered, that is an apparent clerical error.

To the best of the undersigned's recollection, Hagens Berman submitted the unredacted version of the declaration to the Court for review *in camera* prior to the April 3, 2013 hearing and the Court returned the *in camera* submission to Hagens Berman, through the courtroom deputy, at the hearing. However, the record does not so reflect.[2]

Out of an abundance of caution, given the lack of a definitive statement in the record, the Court has conducted a thorough search of its own notes and chambers copies of submissions. The Court has not located any copy of the *in camera* submission from Hagens Berman, electronically docketed or otherwise.

Finally, the Court finds no merit in Morgan's request that it order Hagens Berman to include the redacted portion in the record on appeal. The Court has established that it did not consider the redacted portion in reaching its decision to appoint counsel, nor does that redacted information have any apparent bearing on the Court's determination of whether the attorneys' fees awarded upon settlement approval were reasonable, given the procedural history of this case and

---

[1] The Court notes that the electronic docket in this multi-district litigation currently numbers 2,558 entries.

[2] The only reference to the *in camera* submission is in the transcript of the lead counsel hearing (Dkt. No. 148) at 60:17-61:5. [Sandra Cuneo, counsel for plaintiff Kristin Starr Barnes, noting that Hagens Berman submitted the request to file their fee and expense structure under seal but noting the "Court didn't ask for it . . . you have not decided to [have] a bidding contest"].

the myriad of factors the Court considered in reaching its decision on what amount of fees would be fair and reasonable upon settlement of the class action. (Dkt. No. 2516 at 12-14.)

For the foregoing reasons, the motion is **DENIED**.

This terminates Docket No. 2533.

**IT IS SO ORDERED.**

Dated: November 18, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**