# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Case No. 4:13-md-02420-YGR<br><br>[~~PROPOSED~~] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO DIRECT NOTICE REGARDING SETTLEMENTS WITH LG CHEM, HITACHI MAXELL, AND NEC DEFENDANTS<br><br><u>**AS MODIFIED BY THE COURT**</u> |

The Indirect Purchaser Plaintiffs ("IPPs") filed a Motion to Direct Notice Regarding Settlements with (1) Defendants LG Chem, Ltd. and LG Chem America, Inc. ("LG Chem"); (2) Hitachi Maxell Ltd. and Maxell Corporation of America ("Hitachi Maxell"); (3) and NEC Corporation ("NEC") (collectively, the "Settling Defendants"). The Court heard the argument of counsel and, having reviewed the pleadings, the settlement agreements, other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court does hereby find that it is likely to approve the proposed Settlement Agreements under Rule 23(e)(2). Specifically:

    a. The Class Representatives and Counsel have vigorously represented the interests of the Settlement Class, having prosecuted this Action on behalf of the Settlement Class for more than six years.

    b. The Settlement Agreements subject to this Motion arise out of arms'-length, informed, and non-collusive negotiations between counsel for IPPs and each of the Settling Defendants, who convened multiple times over several months to arrive at the settlement terms.

    c. The relief provided for the Settlement Class is adequate, considering: (i) the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of IPPs' case; (ii) the effectiveness and straightforwardness of the claims process, which is the same as the Court has previously approved; (iii) the reasonableness of the anticipated request for attorneys' fees; and (iv) the absence of any agreement required to be identified under Rule 23(e)(3).

2. The Settlement Agreements treat class members equitably relative to each other. IPPs propose a Distribution Plan that the Court has already finally approved in connection with the Round 3 Settlements. This Distribution Plan will allocate 90 percent of the settlement funds to class members from states that permit recovery

by indirect purchasers (so-called "repealer states") and 10 percent of the settlement funds to class members from states that have not done so (so-called "non-repealer states"). The Court has reviewed the adversarial process utilized in connection with the Round 3 Settlements undertaken by the IPPs to arrive at this recommendation, and finds that it was appropriate and provided structural assurances of fairness to the class for this round of settlements. This Court is, therefore, likely to grant final approval of IPPs' proposed Distribution Plan as fair, reasonable, and adequate. It is appropriate for class members from non-repealer states to receive some recovery through these settlements because, first, these settlements were reached at a time when the IPPs were seeking to certify a nationwide class under choice of law principles, which would have included residents from non-repealer states, second, residents from non-repealer states are still active litigants in this case and their claims have been neither dismissed from nor amended out of the pleadings. Moreover, this Court's prior analysis of the choice of law rules would have been subject to an appeal had this case gone forward to judgment. *See National Super Spuds, Inc. v. New York Mercantile Exchange*, 660 F.2d 9, 19 (2d Cir. 1981); *see also Anderson v. Nextel Retail Stores, LLC*, No. CV 07-4480-SVW FFMX, 2010 WL 8591002, at *9 (C.D. Cal. Apr. 12, 2010).

3. The Court hereby finds that, for purposes of judgment on the proposed Settlement Agreements, it is likely to certify the Settlement Class, which is defined as:

> [A]ll persons and entities who, as residents of the United States and during the period from January 1, 2000 through May 31, 2011, indirectly purchased new for their own use and not for resale one of the following products which contained a lithium-ion cylindrical battery manufactured by one or more defendants or their coconspirators: (i) a portable computer; (ii) a power tool; (iii) a camcorder; or (iv) a replacement battery for any of these products. Excluded from the class are any purchases of Panasonic-branded computers. Also excluded from the class are any federal, state, or local governmental entities, any judicial officers presiding over this action, members of their immediate families and judicial staffs, and any juror assigned to this action, but included in the class are all non-federal and non-state governmental entities in California.

a. The Settlement Class is sufficiency numerous, as there are millions of geographically-dispersed class members, making joinder of all members impracticable.
b. There are questions of law and fact common to the Settlement Class.
c. The claims of the class representatives are typical of the claims of the Settlement Class members.
d. The class representatives have, and will continue to, fairly and adequately protect the interests of the Settlement Class, and the class representatives have no interests in conflict with those of the Settlement Class. Moreover, the class representatives have retained counsel experienced in antirust class action litigation who have, and will continue to, vigorously represent the Settlement Class.
e. Common questions of law and fact predominate over any questions affecting only individual members. Predominance is satisfied by the fact that this is a price-fixing case, and given the nationwide Settlement Class. *First,* questions as to the existence of the alleged conspiracy and as to the occurrence of price-fixing are common to all class members and predominate over any conceivable individual issues. Resolution of IPPs' claims depend principally on whether defendants participated in the alleged price-fixing conspiracy, and whether this conspiracy caused an artificial increase in the prices paid for lithium ion batteries. *Second*, certification of certification of a Settlement Class that includes residents from both repealer and non-repealer states does not affect the predominance of common issues. While this Court previously performed a choice of law analysis with respect to the litigation class, it is not obligated to do so for the settlement class. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 563 (9th Cir. 2019). The Ninth Circuit recently rejected the need to do so in the settlement context, holding that "[t]he prospect of having to apply the

separate laws of dozens of jurisdictions present[s] a significant issue for *trial manageability*," but need not be considered in the settlement context. *Id.* (emphasis added). *Third*, the distribution of different amounts to subgroups of the Settlement Class (*i.e.*, repealer state residents and nonrepealer state residents) does not affect predominance because it is yet another common question.

    f. Resolving these claims through a class settlement is superior to other available methods for a fair and efficient adjudication.

4. Having found that it is will likely approve the Settlement Agreements and certify the Settlement Class, the Court does hereby direct IPPs to give notice of the proposed Settlement Agreements to the Settlement Class.

5. The Court designates Jason Ames, Caleb Batey, Christopher Bessette, Cindy Booze, Matt Bryant, Steve Bugge, William Cabral, Matthew Ence, Drew Fennelly, Sheri Harmon, Christopher Hunt, John Kopp, Linda Lincoln, Patrick McGuiness, Joseph O'Daniel, Tom Pham, Piya Robert Rojanasathit, Bradley Seldin, Donna Shawn, David Tolchin, Bradley Van Patten, the City of Palo Alto, and the City of Richmond as representatives for the Settlement Class for purposes of disseminating notice.

6. The Court designates Cotchett, Pitre & McCarthy, LLP; Hagens Hagens Berman Sobol Shapiro LLP; and Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel for the Settlement Class.

7. The Court appoints the firm Epiq Class Action & Claims Solutions ("Epiq") as the Settlement Notice Administrator Settlement Class Counsel and their designees are authorized to expend funds from the escrow accounts to pay notice and administration costs as set forth in the Settlement Agreements.

8. The Court finds that IPPs' proposed notice program fully complies with Federal Rule of Civil Procedure 23 and due process and constitutes the best notice practicable under the circumstances.

9.  The Court approves the form of the Email Notice attached hereto as Exhibit A. The Court also approves the form of the Long Form Notice attached hereto as Exhibit B, including the exclusion and inclusion procedures as described therein. The Court finds that taken together, emailing the Email Notice to those email addresses of class members that are available to Settlement Class Counsel, together with publication of the Email Notice, and internet posting of the Long Form Notice are: (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise members of the settlement class of the proposed settlements and of their right to object or to exclude themselves as provided in the settlement agreements; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal or state law.

10. IPPs' notice provider shall provide notice of the settlements and the claims process consistent with the procedure outlined in IPPs' Motion to Direct Notice Regarding Settlements.

11. IPPs' notice provider shall cause banner ads to be placed on the websites as discussed in the Notice Plan, or substantially similar websites should some circumstance make it impossible to post on the precise websites listed in the Notice Plan.

12. IPPs' notice provider shall publish notice in sponsored search listings on major search engines, as described in the Notice Plan.

13. IPPs' notice provider shall send informational releases regarding the case as an email "blast" to media outlets nationwide, including newspapers, magazines, national wire services, television, radio and online media, as discussed in the Notice Plan.

14. IPPs' notice provider shall maintain the case-specific website, toll-free telephone number, and postal mailing address to further assist potential settlement class members in understanding their rights under the settlements.

15. The Court sets the following schedule for the dissemination of class notice and the scheduling of further litigation events, including but not limited to, the final approval hearing, opt-out and objection deadlines, and deadlines by which a motion for attorneys' fees and litigation expenses shall be submitted:

| Event | Due Date |
| --- | --- |
| Notice Campaign Begins | February 11, 2020 |
| Last Day to file IPPs' Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | March 9, 2020 |
| Exclusion and Objection Deadline | April 13, 2020 |
| Motion for Final Approval and Response to Objections (if any) | May 5, 2020 |
| Final Approval Hearing | **WEDNESDAY, May 20, 2020, 2:00 pm** |

16. Consistent with the above schedule, each member of the settlement class shall have the right to be excluded from the settlement class by mailing a request for exclusion to the claims administrator to be postmarked no later than April 13, 2020. Requests for exclusion must be in writing and set forth the name and address of the person or entity that wishes to be excluded, any trade name or business name and address used by such person or entity, and must be signed by the class member seeking exclusion. No later than May 5, 2020 Settlement Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the settlement class as provided in the settlement agreements.

17. Any member of the settlement class that does not properly and timely request exclusion from the settlement class as provided above shall, upon final approval of the settlements, be bound by the terms and provisions of the settlements so

approved, including, but not limited to, the releases, waivers, and covenants set forth in the settlement agreements, whether or not such person or entity objected to the settlement agreements, and whether or not such person or entity makes a claim upon the settlement funds.

18. Each member of the settlement class that has not timely excluded themselves from the settlement class shall have the right to object to the new Distribution Plan by filing written objections with the Court no later than **April 13, 2020**. Failure to timely file written objections will preclude a class member from objecting to the settlements.

19. Each member of the settlement class as provided above shall have the right to appear at the Fairness Hearing by filing a notice of intention to appear.

20. The Court will conduct a Fairness Hearing on **Wednesday, May 20, 2020**, at 2:00 p.m., at the United States Courthouse, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California 94612. The Fairness Hearing will be conducted to determine the following:

    a. Whether the proposed Distribution Plan and settlements are fair, reasonable, and adequate and should be granted final approval;

    b. Whether final judgment should be entered dismissing with prejudice the claims of the settlement class against Defendants LG Chem, Hitachi Maxell, and NEC; and

    c. Such other matters as the Court may deem appropriate.

21. All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than **May 5, 2019**.

**IT IS SO ORDERED.**

Dated: January 10, 2020

YVONNE GONZALEZ ROGERS
United States District Judge