| | |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | JAN 30 2020 |
| | MOLLY C. DWYER, CLERK |
| | U.S. COURT OF APPEALS |

In re: LITHIUM ION BATTERIES ANTITRUST LITIGATION.

_____

INDIRECT PURCHASER PLAINTIFFS,

        Plaintiff-Appellee,

GORDON B. MORGAN,

        Objector-Appellant,

 v.

PANASONIC CORPORATION; et al.,

        Defendants-Appellees.

No.   19-16855

D.C. No. 4:13-md-02420-YGR
Northern District of California,
Oakland

ORDER

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

      On August 16, 2019, the district court granted plaintiff-appellee Indirect Purchaser Plaintiffs ("IPP") motion for attorney's fees, expenses, and service awards based on three rounds of settlement agreements with different sets of defendants.

      On September 16, 2019, this court vacated the district court's order approving the settlement agreements between IPP and LG Chem, Limited, LG Chem America, Incorporated, Hitachi Maxell, Limited, Maxell Corporation of America, and NEC Corporation.  *See Indirect Purchaser Plaintiffs v. Bednarz*, 777

SM/MOATT

Fed. App'x 221 (9th Cir. 2019) ("*Bednarz*").

The same day that this court decided *Bednarz*, objector-appellant Gordon Morgan filed a notice of appeal from the August 16, 2019 order.

On December 12, 2019, the district court issued an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1, stating a willingness to "consider whether any modification of its attorney fee award is warranted in connection with the [IPPs'] revised distribution plan and any class member objections thereto."

Because we vacated the district court's order approving the settlement agreements in *Bednarz,* we agree that it is appropriate to vacate the district court's fee award.  *See Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1167 (9th Cir. 2013) (reversing award of attorney's fees and costs because the court reversed the settlement).  The portion of the August 16, 2019 order awarding attorney's fees is vacated.

Appellant's opposed motion for limited remand (Docket Entry No. 13) is granted.  *See* Fed. R. App. P. 12.1(b).  This appeal is remanded to the district court for the limited purpose of considering whether any modification of the attorney's fee award is warranted and entering a new attorney's fee award.

Appellant's motion for a stay of proceedings (Docket Entry No. 13) is granted.  Within 60 days after the date of this order or within 7 days after the district court's ruling on attorney's fees, whichever occurs first, appellant shall file:

(1) a report on the status of district court proceedings and motion for appropriate relief; or (2) the opening brief.  The filing of the opening brief or the failure to file a report will terminate the limited remand.

If the opening brief is filed, the answering and optional reply briefs shall be filed in accordance with the time limits set forth in Federal Rule of Appellate Procedure 31(a).