1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-MD-02420 YGR (DMR)<br><br>MDL No. 2420 |
| This Documents Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **ORDER TO SHOW CAUSE RE: FURTHER NOTICE AND CLARIFICATION OF ALLOCATION AND DISTRIBUTION PLAN** |

**TO INDIRECT PURCHASER PLAINTIFFS AND THEIR APPOINTED INTERIM CLASS COUNSEL:**

**YOU ARE ORDERED TO SHOW CAUSE** why this Court should not require further notice to the class clarifying that all settlements between IPPs and *all* defendants are subject to the same plan of allocation and distribution consistent with the allocation and distribution plan this Court approved in connection with the motion for final approval of IPPs' settlements with the Panasonic, Samsung, Sanyo, and Toshiba defendants ("the Round 3 Settlements").

In its August 16, 2019 Order Granting Indirect Purchaser Plaintiffs' Motion for Final Approval of Settlements with SDI, Tokin, Toshiba, and Panasonic Defendants ("Round 3 Settlements), the Court approved a plan for allocation and distribution of the settlement funds as follows:

> First, 90 percent of the settlement funds will be allocated toward Class Members who are residents from so-called *Illinois Brick* repealer states, and the remaining 10 percent will be allocated toward Class Members who are residents of non-repealer states. Second, within each allocation, the funds will be distributed *pro rata* to claimants based on the total number of covered products purchased from January 1, 2000, through May 31, 2011.

(Dkt. No. 2516, "August 16, 2019 Order", at 4:7-13.)

1

Presently pending before the Court, as part of post-remand consideration of IPPs' motion for approval of the settlement agreements with defendants LG Chem, Hitachi, and NEC ("the Round 2 Settlements"), IPPs request approval of a "revised" distribution plan consistent with the allocation and *pro rata* distribution plan approved in the Court's August 16, 2019 Order.

The Court has undertaken a comprehensive review of the motions, approval orders, and class notices for each of the three rounds of settlements, including IPPs' settlement with the Sony defendants, as well as the discussions on the record regarding the timing of distribution plan decisions. The settlement agreements with each and every defendant included identical language concerning the Court's continuing discretion and jurisdiction to approve any plan of distribution. Class notices distributed in connection with approval of the Sony settlement and the original approval of the Round 2 Settlements indicated that payments or distributions would be "based on a number of factors, including the number of valid claims filed by all Class Members and the dollar value of each Class Member's purchases." (*See* Dkt. Nos. 1504-2; 1714 [Exh. 1].) Indeed, in the hearing on the motion for final approval of the Round 2 settlements on October 3, 2017, the Court specifically noted on the record that objectors' concerns about the distribution plan were not ripe, given that the Court had not yet considered or approved a distribution plan. (Dkt. No. 1984 at 4:16-20, 22-23; *see also id.* at 5:6-12 [IPPs' counsel concurring].) The Court's October 27, 2017 Order granting final approval of the Round 2 Settlement Agreements stated that "a pro rata plan of distribution, *the specifics of which the Court shall approve at a later date*" was approved and ordered IPPs to *submit a proposed distribution plan* at the close of the claims period. (Dkt. No. 2003 at 1, 3, 5, emphasis supplied.)

Thereafter, on November 30, 2018, IPPs notified the Court that they had reached settlements with all remaining defendants and "ha[d]retained the Honorable Rebecca Westerfield (ret.) to recommend a plan of allocation to the Court." (Dkt. No. 2447.) In their motion for preliminary approval of the Round 3 Settlements, IPPs noted that a plan of distribution was left to the determination of the Court and advocated for a 90/10 allocation of the settlement funds as between repealer and non-repealer state class members. (Dkt. No. 2459 at 4, 17-18.) However, the

class notices distributed with the Round 3 settlements approval process stated that the LG Chem, Hitachi Maxell, NEC, and Sony Settlements ". . . *do not differentiate between people who live in different states*.  Everyone who submits a valid claim will receive the same amount per device." (*See* Dkt. No. 2459-2 at ECF pg. 54.)

This statement in the Class Notice distributed with Round 3 was inconsistent with the law of the case.  Prior to the Round 3 Settlements, the Court had not considered or determined a distribution plan for any of the settlements.  The most logical reading of the motion for approval of the final Round 3 settlements would have been to present a distribution plan for the entire settlement fund to the Court.

The error of the Round 3 class notice was compounded after the Ninth Circuit vacated approval of the Round 2 Settlements and remanded to this Court for further proceedings. Consistent with the plan approved in the August 16, 2019 Order, the new notice IPPs provided to the class described a "*revised*" distribution plan applicable to the Round 2 settlements, explaining the allocation of the Net Settlement Fund into the 90/10 division as between repealer and non-repealer state residents, and then a distribution *pro rata* to claimants based on the total number of covered products.  (Dkt. No. 2581-1.)  However, this new notice repeated the erroneous assertion that the Court had decided a distribution plan for the Sony settlement which would provide "the same amount per device" for all class members with valid claims, regardless of their state of residence.  (*Id*. at ECF pg.5.)  In fact, the Court had not decided that the Sony settlement would be subject to a different distribution plan from the other settlements or, as IPPs would have it, *any* specific plan of distribution for the Sony settlement whatsoever.

The Court is inclined to order a new notice to the class clarifying that *all* of the IPP settlements are subject to the same plan of 90/10 allocation based upon residence of the class member in repealer versus non-repealer states and, from those allocations, a *pro rata* distribution to valid claimants based on the total number of covered products purchased from January 1, 2000, through May 31, 2011.  This approach should have been done as part of the Round 3 Settlements

and addresses the early concerns of the Court regarding the appropriate distribution plan for early settlements in these complicated, multi-defendant cases which span over many years.

IPPs shall file a response to this Order to Show Cause no later than **August 24, 2020**, including any proposal for how to provide notice of any clarification in the most expeditious manner, consistent with due process and fairness.  Should the Court require oral argument, it will provide further notice of the date and time of any hearing.

**IT IS SO ORDERED.**

Dated:   August 14, 2020

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

4