1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS* | Case No. 13-MD-02420 YGR (DMR)<br><br>MDL No. 2420<br><br>**ORDER GRANTING IN PART MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS; GRANTING ADMINISTRATIVE MOTION OF SPRINT TO FILE SURREPLY**<br><br>Dkt. Nos. 2584, 2609 |

The Court, having considered Direct Purchaser Plaintiffs' Motion for Order Authorizing Distribution of Settlement Funds (Dkt. No. 2584), the opposition filed by Sprint Communications, Inc. (Dkt. No. 2597), the reply and surreply thereto, as well as the pleadings and other papers on file in this action and the statements of counsel and the parties, hereby finds that:

1.      The Court previously granted final approval of all the settlement agreements, found that due and adequate notice of the settlements was provided to the Class, and granted final approval of the Plan of Allocation set forth in the Class Notices. (*See* Dkt. Nos. 1438 [Sony], 1940 [Hitachi Maxell], 1942 [NEC], 1944 [Panasonic/SANYO], 1946 [Toshiba], 2316 [TOKIN], 2317 [Samsung SDI], and 2318 [LG Chem].)

2.      Certain portions of the claims submitted by Sprint were rejected improperly by the Claims Administrator.  Specifically, Sprint's claims for its purchase of cellular phones, characterized in the attachment to its claim submission as purchased from "Kyocera" for the period of January 1, 2000 to March 31, 2008, shall be deemed purchases from defendant Sanyo and shall

1

be approved.  Sprint, through its agent Kent Recovery Services, attempted to resolve the Claims

Administrator's disallowance of Sprint's claim for millions of eligible Sanyo cell phone purchases,

including providing additional information regarding the basis for the claimed purchases.  Sprint's

attempts were met with a cursory, inadequate, and long-delayed response by the Claims

Administrator and DPPs' counsel.  Sprint explained that its database reflected the Kyocera name

for all purchases because Kyocera acquired Sanyo's phone business in April 2008 and it continued

to purchase cellular phones from the new entity, Kyocera Sanyo Telecom.  (Dkt. No. 2597-6,

Jerymn Decl., at Exh E [Declaration of Sprint Manager of Handset Inventory, Russell Anderson,

dated March 24, 2020].)[1]  The Court finds this explanation reasonable and that Sprint acted

reasonably diligently under the circumstances.[2]

3.      Aside from the objection raised by Sprint, the claims review process appears

otherwise to have been fair, adequate, and reasonable, and to have provided a full and fair

opportunity for potential class members to submit a valid claim.

4.      The Settlement Administrator's conclusion that a minimum payment of $10.00 (ten

dollars) to each approved claimant would conserve administration funds and therefore provide a

greater net benefit to the class overall is reasonable and is approved.

5.      The Settlement Administrator incurred a total of $673,964.94 in costs and expenses

in processing and auditing claims, and related expenses through December 31, 2019, and these

costs and expenses were reasonably incurred in the ordinary course of administering the

settlements and were necessary given the nature and scope of the case.

---

[1] DPPs' objection to the Anderson declaration as lacking in foundation is **OVERRULED**.

[2] Sprint requested to leave to file a surreply (Dkt. No. 2609), which the Court **GRANTS**.  Sprint conceded in the surreply that it had mistakenly believed Kyocera Sanyo Telecom was a "Sanyo subsidiary or affiliate" and therefore covered by the settlement claims process when it submitted its original claim documentation.  It was not until the instant motion that Sprint was informed that Kyocera Sanyo Telecom was not qualified as a subsidiary or affiliate, and therefore claims identifying "Kyocera" as the seller would be disallowed.  While the motion herein described a more detailed process of follow-up with high value claimants, that process admittedly was not followed with respect to Sprint's high value claims.  Had DPP Counsel or the Claims Administrator communicated with Sprint regarding the reasons for its disallowance determination sooner, Sprint could have separated out the pre- and post-Kyocera buyout purchases more precisely and otherwise corrected the apparent mistake here.

6.      The Settlement Administrator's estimate that its remaining work from January 1, 2020 to the completion of final distribution will cost $136,968.96 is reasonable and is approved.

Accordingly, it is hereby **ORDERED** that DPPs' Motion for Approval of Distribution is **GRANTED IN PART** as follows:

1.      In order to conserve administration costs and therefore provide a greater net benefit to the class overall, the Settlement Administrator shall distribute to each approved claimant with an eligible claim a minimum payment of $10.00 regardless of the value of the claimant's strict *pro rata* share of the total settlement funds.

2.      The Settlement Administrator's recommendations regarding the ineligibility and eligibility of the claims are approved, ***except that*** the disallowed claims of Sprint regarding purchase of Sanyo Eligible Cylindrical Unit Amounts are **ORDERED STRICKEN** from the ineligibility list and **ADDED** to the eligibility list.  The Settlement Administrator is **DIRECTED** to submit revised lists reflecting this change no later than **November 6, 2020**.

3.      The Settlement Administrator shall be reimbursed for costs and expenses incurred in the amount of $673,964.94.  Sufficient funds shall be reserved in escrow for the payment of additional claims administration costs in the amount of $136,968.96, and for potential tax liability and other issues in the amount of $250,000.00.

4.      Upon submission of the revised attachments, the Court will issue a further order authorizing the distribution of the settlement funds, to be set forth in the eligible claims attachment, less funds for: (1) payment of claim administration costs; and (2) funds reserved for additional claim administration costs, potential tax liability and other issues.  DPPs are directed to submit a proposed form of final order no later than **November 6, 2020**.

This terminates Docket No. 2584.

**IT IS SO ORDERED.**

Dated: ___October 21, 2020_____

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**