UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 13-MD-02420 YGR (DMR)<br><br>MDL No. 2420<br><br>**ORDER GRANTING IN PART MOTION OF OBJECTOR MICHAEL FRANK BEDNARZ FOR ATTORNEYS' FEES**<br><br>Dkt. Nos. 2587 |

This matter comes before the Court on objecting class member Michael Frank Bednarz's Motion for Attorneys' Fees. (Dkt. No. 2587.) The Court having reviewed the submissions in support of and in opposition, and for the reasons stated herein, the motion is **GRANTED IN PART**. The Court assumes familiarity with the record in these proceedings, as is summarized in the Court's order granting final approval of the Round 2 settlements filed this date.

Objector Bednarz submits that his counsel spent 425.6 hours analyzing and objecting to aspects of IPPs' Round 2 settlements, preparing for and attending the approval hearing, and pursuing those objections on appeal, including motion practice and oral argument at the Circuit Court. Bednarz's counsel asserts that they incurred a reasonable lodestar of $297,439, after exercising billing judgment to make substantial deductions. Bednarz seeks an order awarding attorneys' fees of $900,000, or just over 3 times his lodestar, to be paid out of class counsel's fee award. Bednarz bases his request on what he estimates is a $10 million reallocation of funds to pay for claims of class members in repealer states and contends that he seeks just 9% of that "increase" in funds.

1

       The Court agrees that Bednarz is entitled to a share of class counsel's attorneys' fees award. *See Rodriguez v. Disner*, 688 F.3d 645, 658-59 (9th Cir. 2012) ("*Rodriguez II*"), 688 F.3d at 658-59 (objectors are entitled to attorneys' fees when they confer a substantial benefit on the class); *Rodriguez v. West Pub'g Co.*, 563 F.3d 948, 963 (9th Cir. 2009) ("*Rodriguez I*") (finding it "clearly erroneous" to deny fees to objectors who successfully objected to incentive awards, thereby augmenting the class's net fund by $325,000); *In re Southwest Airlines Voucher Litig.*, 898 F.3d 740 (7th Cir. 2018) (reversing denial of fees to objector who conferred benefit on the class).  The Court finds that Bednarz's participation in the settlement proceedings and appeal to the Ninth Circuit conferred a material benefit to a portion of the class by challenging the original pro rata equal distribution as between repealer and non-repealer state members of the class.  This resulted in a reallocation of approximately $10 million to the repealer-state portion of the $44.95 million common settlement fund for the Round 2 settlements.  Thus, Bednarz helped create a direct benefit for thousands of class members in repealer states, who will now receive increased payments.

       However, it is incorrect to characterize Bednarz's achievement as an "increase" to the settlement fund, since it shifted the available funds from one portion of the class to another.  Thus, the authorities regarding "an increase to the common fund" are not completely on point.  Further, Bednarz's objections and appeal did not focus entirely on the repealer state issue.[1]  The Ninth Circuit has held that, in situations where the benefit to the class is not easily quantified, the district court has "discretion to award fees based on how much time counsel spent and the value of that time."  *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1126 (9th Cir. 2020) (citing *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 571 (9th Cir. 2019)).

       The Court has reviewed Bednarz's submission regarding an appropriate lodestar.  His counsel, Theodore Frank, indicates that his hours are based upon a reconstruction from

---

[1] IPPs make much of the argument that Bednarz's appeal advocated for a renegotiation of the settlement that might have resulted in no settlement with the Round 2 defendants and argued against reallocation of the settlement fund.  The Court does not agree that this warrants denying Bednarz any attorneys' fees at all.  As stated above, the appeal and remand resulted in the Round 2 settlements coming into alignment with the distribution formula of the Round 3 settlements, which accounted for disparities in the risk-discounted value of the claims as between the two subgroups.

1  "contemporaneous email records" and seek an $899/hour billing rate.  (Dkt. No. 2587-1 ¶ 17).

2  Other counsel on the prosecution of the objection kept their time through recordkeeping software

3  and seek a billing rate of $747 per hour for Ms. Holyoak and Ms. St. John, and a $661 per hour

4  billing rate for Mr. Schulman.  Professor Wolfman represents that he spent 75 to 100 hours based

5  upon a reconstruction from his review of contemporaneous records of his work on the case, but is

6  not requesting fees for any time that was principally pedagogical as the head of the law school

7  clinical program that worked on drafts of the appellate briefing.  (Dkt. No. 2587-2 ¶ 11.)  Professor

8  Wolfman declares that he has limited his lodestar request to 37.7 hours at an $899 per hour billing

9  rate.  All rates are all based upon a market survey for the Washington, D.C. area.  Those rates are

10 comparable to, if not less than, the San Francisco Bay Area market rates.

11 The Court finds the rates here are reasonable based upon the Laffey matrix.  IPPs'

12 arguments to the contrary do not persuade.  With respect to the hours, a large number of which are

13 reconstructed, the Court has some misgivings.  While a court cannot deny a fee request in its

14 entirety for lack of contemporaneous or thoroughly documented information, it has the discretion

15 to reduce the fee to a reasonable amount.  *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th

16 Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

17 The Court is further persuaded that the award should be paid out of class counsel's fee

18 award.  Were it not for class counsel's initial acquiescence to the pro rata distribution, and abrupt

19 shift of positions in the Round 3 settlements, Bednarz would not have needed to pursue the

20 objection and appeal.  *Cf. Hendricks v. Starkist Co*, No. 13-CV-00729-HSG, 2016 WL 5462423, at

21 *16 (N.D. Cal. Sept. 29, 2016), *aff'd sub nom. Hendricks v. Ference*, 754 F. App'x 510 (9th Cir.

22 2018); *see also McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626, 651 (E.D. Pa. 2015) (reducing

23 class counsel's attorney fee award to pay fees to objector where class counsel "fulfilled their

24 responsibility to obtain this direct benefit on the second try").  As a matter of equity and fairness to

25 the class, and to avoid dilution of the settlement fund, the award here shall be paid from the

26 attorneys' fees awarded to Class Counsel.

27

28

Thus, based upon the Court's review of the record here, including without limitation, the nature of the result achieved, and the reduced billing rate paid to Class Counsel, the reasonable attorneys' fees incurred for the work undertaken by objector's counsel is $250,000.  Accordingly, for the foregoing reasons, Bednarz's motion is **GRANTED IN PART**.  The Court awards Bednarz **$250,000.00** in attorneys' fees, payable from the fee award to class counsel, and to be divided **$220,000.00** to the Hamilton Lincoln Law Institute and **$30,000.00** to the Georgetown Law Appellate Courts Immersion Clinic.

This terminates Docket No. 2587.

**IT IS SO ORDERED.**

Dated: December 10, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

4