United States District Court

Northern District Of California



In re Lithium Ion Batteries Antitrust Litigation

This Document Relates To

All Indirect Purchaser Actions,

Case No. MDL 4:13-md-02420-YGR,

Judge Yvonne Gonzalez Rogers

Christopher Andrews,

Pro se Objector

# NOTICE OF APPEAL BY OBJECTOR CHRISTOPHER ANDREWS

This is an absolute good faith appeal. Notice is hereby given that Class Member/Objector Christopher Andrews appeals to the United States Court of Appeals for the Ninth Circuit from Dkt 2681 entered on December 10, 2020 that includes:

Order Granting Indirect Purchaser Plaintiffs' Motion For Final Approval Of Settlements With Hitachi, LG Chem And NEC And Revised Plan Of Allocation (Dkt # 2613);

Granting In Part IPP's Renewed Motion For Attorney Fees, Expenses, And Service Awards; Overruling Objections (Dkt 2588)

## Potential Issues On Appeal

The Supreme Court held in Illinois Brick Co. v. Illinois that indirect purchasers do not have standing to bring antitrust claims for damages. (431 U.S. 720, 746-47 (1977)). That decision has been rejected (or repealed) by approximately 30 states. The Supreme Court ruled in California v. ARC America that Illinois Brick repealer states are not preempted by federal law (490 U.S. 93, 101 (1989)). The bottom line is that the court is allowing a class of people to receive compensation for an injury that the Supreme Court has stated doesn't exist.

Standing Issues: Class Counsel doomed this settlement from the beginning eleven years ago when it intentionally included twenty or so non-repealer states in the lawsuit violating Illinois Brick. Including non-repealer states was done solely to obtain a larger settlement amount and thus a larger attorney fee at the expense of those in the repealer states, a double cross and violating rule 23(a) and (d). Now everyone is claiming that violating Illinois Brick by just 10% is acceptable.

Those in non-repealer states lack standing to submit a claim and seek relief because they are not injured, suffered no damages and are not entitled to a penny (let alone any portion of the 90%-10% split award) under Illinois Brick doctrine making this a violation of binding Supreme Court case law which the Ninth Circuit must up hold.

Class Counsel for a second time violated their fiduciary obligations to the entire class by cheating the repealer state claimants by originally giving non-repealer states claimants damages equal to those in the repealer states. Class Counsel violated their fiduciary obligations owed to the entire class for a third time by agreeing to give 10% of repealer states damages to those residing in non-repealer states, a de facto illegal tax on repealer state claimants which then allows us to recoup the 90% of damages we are owed which still violates Illinois Brick in this settlement. Class Counsel could care less what the split is thus selling out the class. This settlement is also a violation of Rule 23(a)(4), 23(e), 23(e)(2) and 23(g)(4).

Incentive awards: The illegal named plaintiffs in the non-repealer states have no right to be awarded $10,000.00 each in incentive awards which illegally reduces damages to those repealer state claimants. Those incentive awards are bounties and are also illegal under binding Supreme Court precedent in this circuit as was shown. How come their bounties were not reduced to say 10% for such a low recovery rate even if it were legal? These illegal awards cheat claimants in the repealer states by reducing our damage reimbursement amounts.

Attorney Fees: The court should have given the firms representing named plaintiffs in non-repealer states zero in fees or reduced them down to 10%, but didn't, which illegally lowers repealer state claimants damage reimbursement amounts.

Next, the fees and expenses incurred by the class would have been substantially reduced if not for the inclusion of the non-repealer states and claimants in the case, again lowering repealer state claimants damage amounts. Next, the repealer states may have been able to negotiate higher amounts for repealer states except the non-repeater states were included, thus diluting negotiating power applicable to the true class, those in repealer states which benefits the defendant at the expense of the class.

I hereby certify under penalty of perjury that all of the above is true and accurate to the best of my knowledge.

Respectfully submitted,

*/s/ Christopher Andrews*

Christopher Andrews,
Pro Se Appellant
PO Box 530394
Livonia, MI 48153
T. 248-635-3810
E. caaloa@gmail.com
Dated December 30, 2020

## Proof of Service

I hereby certify under penalty of perjury that on this day December 30, 2020 the objector mailed two copies of this Notice of Appeal and Motion to Continue to Proceed in forma pauperis (one of each is a chambers copy) to the Clerk of the Court via postage paid certified mail. Copies of these documents will be sent to the attorneys on both sides by electronic notification to those registered with the CM/ECF system.

Clerk of the Court
US District Court for the Northern District of California,
1301 Clay Street Suite 400S,
Oakland CA 94612

Attention S Scarlett
Hagens Berman Sobol
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

*/s/ Christopher Andrews*

Christopher Andrews, Pro Se Objector
PO Box 530394
Livonia, MI 48153-0394
Telephone 248-635-3810
Email: caaloa@gmail.com
Dated December 30, 2020