Steve W. Berman (Pro Hac Vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com

Elizabeth J. Cabraser (SBN 083151)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com

*Class Counsel for Indirect Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION,

This Document Relates to:

ALL INDIRECT PURCHASER ACTIONS

Case No. 13-md-02420-YGR

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 23(e)(5)(B)**

Date: March 1, 2022
Time: 2:00 pm
Judge: Hon. Yvonne Gonzalez Rogers
Court: Courtroom 1, 4th Floor

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 1, 2022 or as soon thereafter as the matter may be heard by the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California, Oakland Division, located at Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California, the Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move the Court for an order approving Plaintiff's' settlement with objector Christopher Andrews ("Objector Andrews") pursuant to Federal Rule of Civil Procedure ("Rule") 23(e)(5)(B)(ii). This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the declaration in support of the motion, argument by counsel at the hearing before this Court, any papers filed in response, such oral and documentary evidence as may be presented at the hearing of this renewed motion, and all papers and records on file in this action.

Dated: January 24, 2022

Respectfully submitted,

By: */s/ Adam J. Zapala*
ADAM J. ZAPALA

**COTCHETT, PITRE & McCARTHY, LLP**
Adam J. Zapala (245748)
Tamarah P. Prevost (313422)
Reid W. Gaa (330141)
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlega.com

By: */s/ Steve W. Berman*
STEVE W. BERMAN

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (pro hac vice)
Shana E. Scarlett (217895)
Benjamin J. Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

By: */s/ Elizabeth J. Cabraser*
ELIZABETH J. CABRASER

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (083151)
Brendan P. Glackin (199643)
Lin Y. Chan (255027)
Michael K. Sheen (288284)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
bglackin@lchb.com
lchan@lchb.com
msheen@lchb.com

*Class Counsel for Indirect Purchaser Plaintiffs*

## TABLE OF CONTENTS

Page

INTRODUCTION ..... 1

PROCEDURAL BACKGROUND ..... 1

A. Round 1 Settlement ..... 1

B. Round 2 Settlements ..... 2

C. Round 3 Settlements ..... 3

D. Remand Proceedings on the Round 2 Settlements ..... 3

E. The Proposed Settlement Agreement with Objector Andrews ..... 4

LEGAL ARGUMENT ..... 5

I. The Proposed Settlement Benefits the Class, Expedites Distribution of the Settlement Funds to the Class, and Promotes Finality ..... 5

II. The Proposed Settlement Is Justified Given Andrews' Work and Contribution ..... 6

CONCLUSION ..... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Dental Supplies Antitrust Litig.*,
No. 16-cv-00696 (E.D.N.Y. Oct. 8, 2019), ECF No. 344 .......... 5, 7

*In re Experian Data Breach Litig.*,
No. 15-cv-01592 (C.D. Cal. July 3, 2019), ECF No. 335 .......... 7

*In re Hyundai & Kia Fuel Econ. Litig.*,
881 F.3d 679 (2018) .......... 6

*Indirect Purchaser Plaintiffs v. Bednarz*,
No. 17-17367, 777 F. App'x 221 (9th Cir. Sept. 16, 2019) .......... 2

*In re Lithium Ion Batteries Antitrust Litig., Indirect Purchaser Plaintiffs v. Andrews*,
853 F. App'x 56 (9th Cir. 2020) .......... 3

*In re Lithium Ion Batteries Antitrust Litig., Indirect Purchaser Plaintiffs v. Christopher Andrews*,
No. 17-17369 (9th Cir., Feb. 20, 2018) .......... 6

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
No. 16-cv-02765 (D.N.J. Feb. 19, 2019), ECF No. 250 .......... 5

**Rules**

Federal Rules of Civil Procedure
Rule 23 .......... 2, 3
Rule 23(e) .......... 7
Rule 23(e)(5)(B) .......... 5, 7
Rule 23(e)(5)(B)(i)-(ii) .......... 5
Rule 23(e)(5)(B)(ii) .......... 5

## INTRODUCTION

Over the course of seven years of arduous litigation against nine of the largest lithium-ion battery manufacturers—including two adverse rulings on class certification—Interim Co-Lead Counsel ("Class Counsel") secured settlements on behalf of indirect purchaser plaintiffs ("IPPs" or "Plaintiffs") totaling $113.45 million to resolve allegations of a broad conspiracy to elevate prices for lithium-ion batteries. On December 10, 2020, the Court granted Plaintiffs' renewed motion for final approval of the Round 2 settlements with Defendants Hitachi, LG Chem, and NEC, including a revised plan of allocation, and Class Counsel's renewed motion for attorneys' fees ("Final Approval Order"), overruling objections from certain class members in the process ("Objectors"). ECF No. 2681. The Court noted, "[t]he reaction of the class favor[ed] approval of the settlement." ECF No. 2681.

Subsequently, Objector Andrews appealed the Final Approval Order and Objector Bednarz appealed the Court's award of attorneys' fees. Plaintiffs have now resolved the appeal of Objector Andrews through this proposed settlement. The settlement with Objector Andrews does not come from the settlement fund itself, and thus, does not decrease the amount available for distribution to eligible class members. Moreover, the modest amount of the settlement is less than the annual interest that accrues on the settlement fund as it awaits distribution to class members. There is no scenario under which Andrews's appeal, if successful, would result in increased recovery for the class. In fact, the settlement averts the possibility that Andrews's objection would unwind the Round 2 settlements, costing the class tens of millions of dollars. It is also justified under a body of authority that permits compensation to objectors who invest time and energy in assisting in the framing of issues for the Court. The resolution also substantially expedites distribution of long-awaited funds to the class. This settlement is therefore in the best interests of the Class, which has waited nine years to recover for the alleged antitrust violations.

## PROCEDURAL BACKGROUND

### A. Round 1 Settlement

On November 17, 2015, Plaintiffs entered into a settlement agreement with Sony Corporation, Sony Energy Devices Corporation, and Sony Electronics, Inc. (collectively, "Sony"

or "Sony Defendants") ("Round 1 Settlement"), which the Court preliminarily approved on May 26, 2016. ECF No. 1292. Objector Andrews subsequently objected. ECF No. 1392. Over the arguments raised by various objectors, including Objector Andrews, the Court ultimately granted final approval of the Round 1 Settlement on March 20, 2017. ECF No. 2017. Objector Andrews subsequently appealed to the Ninth Circuit on April 14, 2017, raising arguments essentially identical to those he raised in his initial objections. ECF No. 1739. On September 4, 2019, the Ninth Circuit affirmed the Court's approval order and again overruled Objector Andrews's arguments to the Round 1 Settlement. ECF No. 2526.

**B. Round 2 Settlements**

In late 2016, Plaintiffs reached settlements with Defendants Hitachi Maxell, Ltd. and Maxell Corporation of America (collectively, "Hitachi"), NEC Corporation ("NEC"), and LG Chem, Ltd. and LG Chem America (collectively, "LG Chem"). The Court granted preliminary approval of the Round 2 Settlements on March 20, 2017, directing notice of a proposed *pro rata* allocation of the settlement funds to the class. ECF No. 1714. On April 12, 2017, after IPPs commenced their notice campaign to the class and one day after the claims period began for the Round 2 Settlements, the Court denied certification of IPPs' proposed nationwide litigation class. ECF No. 1735. This Court granted final approval of the Round 2 Settlements on October 27, 2017 initially allocating settlement funds on a straight *pro rata* basis to class members regardless of their state of purchase. ECF No. 2003. Following this, two objectors, including Objector Andrews, filed appeals to the Round 2 Settlements and Class Counsel's fee award. ECF Nos. 2034, 2050.

The Court denied IPPs' renewed motion for class certification on March 5, 2018. ECF No. 2197. On September 16, 2019, the Ninth Circuit vacated this Court's final approval order of the Round 2 Settlements and Class Counsel's fee award, remanding the case "to allow the district court to properly exercise its discretion consistent with Rule 23's rigorous procedural requirements." *Indirect Purchaser Plaintiffs v. Bednarz*, No. 17-17367, 777 F. App'x 221 (9th Cir. Sept. 16, 2019). The Ninth Circuit also dismissed as moot Objector Andrews's arguments pertaining to issues other than those identified in its September 16th order. ECF No. 2532.

**C. Round 3 Settlements**

While the Round 2 Settlements were pending on appeal, IPPs reached settlements with the remaining Defendants in the action and sought final approval of the Round 3 Settlements. In connection with the Round 3 Settlements, after an extensive allocation proceeding ensuring fairness to class members, IPPs proposed allocating 90% of the settlement proceeds to so-called *Illinois Brick* repealer states and 10% of the settlement proceeds to qualified class members in non-repealer states. ECF No. 2516. On August 16, 2019, the Court finally approved the Round 3 Settlements and the foregoing plan of allocation. ECF No. 2516. Objector Andrews appealed the Round 3 Settlements on September 9, 2019, arguing (as he does in his current appeal) that the 90%/10% allocation was unfair to him and other claimants in repealer states. ECF No. 2527.

In an April 23, 2021 opinion—well *after* this Court's approval and Andrews' appeal of renewed the Round 2 settlements and plan of allocation—the Ninth Circuit considered Andrews's objection regarding the 90%/10% plan of allocation in connection with the Round 3 settlements and ultimately overruled it, affirming the Court's order. ECF Nos. 2527, 2721; *see also In re Lithium Ion Batteries Antitrust Litig., Indirect Purchaser Plaintiffs v. Andrews*, 853 F. App'x 56 (9th Cir. 2020). The Ninth Circuit held, with respect to the plan of allocation, that "the district court permissibly found that the differential allocation of the settlement between class members in repealer and non-repealer states was equitable because, although their claims were less valuable, class members in non-repealer states were still active litigants entitled to minimal recovery." *Id.* at 58. Further, the Ninth Circuit held, with respect to settlement class certification, that final approval was appropriate because "the district court's differential allocation of the settlement funds to class members in repealer and non-repealer states" mitigated any concern about differing strength in claims. *Id.* at 57. Although Andrews made contrary arguments, on the record presented, the Ninth Circuit held there was no abuse of this Court's discretion under Rule 23. *Id.* at 57-58.

**D. Remand Proceedings on the Round 2 Settlements**

Following remand of the Round 2 Settlements, IPPs proposed an allocation plan that mirrored the one approved by the district court and affirmed by the Ninth Circuit for the Round 3

Settlements: allocating 90% of the settlement funds to purchasers from *Illinois Brick* repealer jurisdictions and 10% to purchasers from the other states. ECF No. 2566. IPPs also moved to direct notice to the class regarding the Round 2 Settlements and the new proposed plan of allocation. ECF No. 2566. On January 10, 2020, the Court granted the motion. ECF No. 2571.

Plaintiffs again moved for final approval of the Round 2 settlements on May 5, 2020. At that juncture, without the benefit of the Ninth Circuit's decision regarding the Round 3 settlements and the Plan of Allocation, Objector Andrews again objected on a number of grounds, including the 90%/10% allocation plan. ECF No. 2696. The Court entered its Final Approval Order; Order Regarding the Revised Plan of Allocation (including the revised Plan of Allocation with respect to the Sony settlement), and its Order regarding IPPs' renewed request for attorneys' fees over objections from certain class members on December 10, 2020. ECF Nos. 2613, 2681.

Prior to having the benefit of the Ninth Circuit's decision regarding the Round 3 settlements and the 90%/10% plan of allocation, on January 15, 2021 Objector Andrews again appealed the Court's order finally approving the Round 2 Settlements. ECF No. 2696. Objector Andrews raised objections substantially similar to those subsequently rejected by the Ninth Circuit in connection with the Round 3 settlements.

### E. The Proposed Settlement Agreement with Objector Andrews

Following the foregoing, Plaintiffs and Objector Andrews (the "Settling Parties") reached an agreement whereby Andrews would withdraw his objections and dismiss his appeal in return for $25,000 to be paid directly by Class Counsel.[1] The Settling Parties subsequently sought by stipulated motion, and the Court of Appeals for the Ninth Circuit granted, voluntary dismissal of Andrew's appeal without prejudice. ECF No. 2726.

Per the terms of the settlement agreement, Andrews' payment would not be made using any money from the Class's settlement fund. *See* Ex. 1, Settlement Agreement With Objector Christopher Andrews ("Andrews Settlement"). Class Counsel will effectuate payment to Objector

[1] As discussed further *infra*, Objector Andrews invested significant time and effort over the course of this long and arduous litigation. Andrews estimates that in briefing issues before both the District Court and the Ninth Circuit, that he has invested approximately 600 hours of his own time, and approximately $1,500 in hard costs for travel and accommodation.

Andrews no later than forty-five (45) days after (i) the Court approves the settlement, (ii) such an order from the Court becomes final, and (iii) Objector Andrews's appeal is dismissed with prejudice. *See* Andrews Settlement ¶ 2. In exchange, Objector Andrews has agreed to a release of all presently existing objections to the settlements in this action. *See* Andrews Settlement ¶ 3-4. The Settling Parties accordingly will achieve an outcome that is in the best interest of the class. Therefore, Plaintiffs seek an order approving this settlement pursuant to Rule 23(e)(5)(B)(ii).

## LEGAL ARGUMENT

Rule 23(e)(5)(B) requires court approval of payments or other consideration exchanged in connection with the withdrawing of any objections to a class settlement or the dismissing or abandoning of any appeals from a judgment approving class settlement. Fed. R. Civ. P. 23(e)(5)(B)(i)-(ii).

### I. The Proposed Settlement Benefits the Class, Expedites Distribution of the Settlement Funds to the Class, and Promotes Finality

Approval of Plaintiffs' settlement with Andrews benefits the class by expediting distribution of the settlement funds to qualified claimants that would otherwise be delayed pending resolution of Andrews' appeal. Absent that appeal, Class Counsel would be free to begin the long-delayed process of distributing funds to the more than one million class members to whom money is owed and bring this long, arduous litigation to a close. Among the circumstances supporting this proposed resolution, the first settlement in the sequence (Round 1) was reached over five years ago. Courts have approved payments to objectors in situations such as this, as the payment avoids further delay in the distribution of settlement funds. *See* Order at 3, *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-cv-02765 (D.N.J. Feb. 19, 2019), ECF No. 250 (granting approval of payment because "14,635 claims have been filed by Class Members but distribution of approved settlement funds is delayed until the Objectors/Appellants' appeals are resolved"); Joint Motion by Plaintiffs & Objector for Indicative Ruling to Effectuate Terms of Settlement with Objector & Objector's Counsel ("Joint Motion") at 2-4, *In re Dental Supplies Antitrust Litig.*, No. 16-cv-00696 (E.D.N.Y. Oct. 8, 2019) ("*Dental Supplies*"), ECF No. 344 (asking court to approve settlement with objector because payment would permit distribution of

settlement funds without further delay; motion granted without written opinion on October 17, 2019).

Additionally, approval of Plaintiffs' settlement with Objector Andrews protects the class from the unlikely but possible recission or vacation of the settlement, preserving a result this court has recognized is overwhelmingly favored by the class. *See* ECF No. 2681 ("Over one million class members filed claims. Only four objections were received out of millions of class members, and only twenty-one class members requested exclusion from the class. The reaction of the class favors approval of the settlement."). To be clear, Class Counsel view Andrews's appeal as extremely low risk given prior dispositions by the Ninth Circuit. However, court proceedings always involve risk, and a possible risk of a successful appeal by Andrews is a complete loss of the Round 2 proceeds. There is no possibility that a successful appeal by Andrews increases recovery for class members, given this Court's denial of two separate motions to certify a class for litigation purposes.

## II. The Proposed Settlement Is Justified Given Andrews' Work and Contribution

In addition to the foregoing, the proposed *de minimis* settlement is justified in light of Objector Andrews's investment of time and effort advancing what he believed to be the interests of class members. The amount is also proportional to that work and contribution. For example, in connection with the initial appeal on the Round 2 Settlements and the originally contemplated straight *pro rata* plan of allocation, Andrews—like Bednarz—raised issues regarding the fairness of that plan of allocation. In connection with his previous Round 2 appeal, Andrews raised the Ninth Circuit's panel decision in *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679 (2018). *See e.g.*, Andrews' Supplement to Appeal, *In re Lithium Ion Batteries Antitrust Litig., Indirect Purchaser Plaintiffs v. Christopher Andrews*, No. 17-17369 (9th Cir., Feb. 20, 2018), Dkt. Entry 7. Both Andrews and objector Bednarz made similar arguments to the Ninth Circuit, which ultimately resulted in vacating the final approval order and the then-existing plan of allocation for further consideration. This Court awarded attorney's fees to Bednarz in connection with this appeal and its contribution to the case. ECF No. 2587.

In similar fashion, in connection with this Court's consideration of a revised distribution plan with respect to the Round 1 Settlement with Sony occurring in December 2020, Mr. Andrews again advocated that a straight *pro rata* plan of distribution was unfair and that the Court should alter it. *See* Andrews's Objection to the Distribution Plan at 7, ECF No. 2660. The Court ultimately altered the plan of distribution with respect to the Sony settlement to the 90%/10% framework. Mr. Andrews has consistently maintained an objection on this topic in some form since preliminary approval of the Round 1 Settlement was granted. Indeed, in Mr. Andrews's initial appeal of the Round 1 Settlement, he argued that the straight *pro rata* plan of allocation was unfair. *See* Appellant Br. at 19, Case No. 17-15795 (9th Cir. 2017), ECF No. 6.

In situations where objectors have helped frame issues for the district court, courts have approved settlements, such as the one proposed here. *See* Order Approving Payment to Objector Pursuant to FRCP Rule 23(e)(5)(B) at 2, *In re Experian Data Breach Litig.*, No. 15-cv-01592 (C.D. Cal. July 3, 2019), ECF No. 335 (relying on reasoning in stipulation, that stated, "the Parties agree that the Objection assisted in framing the issues for consideration by the Court in connection with settlement approval under Fed. Rule Civ. Pro. 23(e)"); Joint Motion at 3, *Dental Supplies*, ECF No. 344 ("Class Counsel agree that the objection assisted in framing the issues for consideration by the Court in connection with its approval of the Class Settlement under Fed. R. Civ. P. 23(e)"; motion granted without written opinion on October 17, 2019).

Further, there is no evidence of improper motive by Andrews in taking his appeal or in resolving his objection to the settlement. The Ninth Circuit's order affirming the Round 3 Settlements over Objector Andrews's objections (ECF No. 2721)—issued after Objector Andrews's appeal of the Court's most recent order approving the Round 2 Settlements—has reshaped his perception of his currently pending appeal. His views have also been shaped by the Court's denial of the litigated class certification motion. Given the dynamics of this case and its complicated procedural history, Objector Andrews now agrees that his continued pursuit of his appeal, especially given the district court's denial of a litigated class certification motion and the additional risks present in the litigation, is no longer in the best interests of the class.

This resolution therefore protects the common fund; accelerates payment to the class; and does not deprive the class of any possible additional recovery that might flow from a successful appeal. It is also justified as an award for the time and energy invested in the case by Objector Andrews. Indeed, the resolution proposed here is comparable to the service awards to other class representatives in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move this Court for an order approving the proposed settlement with Christopher Andrews.

Dated: January 24, 2022

Respectfully submitted,

By: */s/ Adam J. Zapala*
ADAM J. ZAPALA

**COTCHETT, PITRE & McCARTHY, LLP**
Adam J. Zapala (245748)
Tamarah P. Prevost (313422)
Reid W. Gaa (330141)
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlega.com

By: */s/ Steve W. Berman*
STEVE W. BERMAN

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (pro hac vice)
Shana E. Scarlett (217895)
Benjamin J. Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

By: */s/ Elizabeth J. Cabraser*
ELIZABETH J. CABRASER

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (083151)
Brendan P. Glackin (199643)
Lin Y. Chan (255027)
Michael K. Sheen (288284)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
bglackin@lchb.com
lchan@lchb.com
msheen@lchb.com

*Class Counsel for Indirect Purchaser Plaintiffs*

**FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Adam J. Zapala, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Adam J. Zapala*

Adam J. Zapala
Cotchett, Pitre & McCarthy, LLP