Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

*Attorney for Objector Michael Frank Bednarz*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION, | Case No. 13-md-02420 YGR (DMR) |
| | MDL No. 2420 |
| This Document Relates to: | **OBJECTOR MICHAEL FRANK BEDNARZ'S OPPOSITION TO ANDREWS SETTLEMENT** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Judge:      Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor (Zoom conference)<br>Date:       March 1, 2022<br>Time:      2:00 p.m. |

**Background**

On January 15, 2021, Chris Andrews filed a *pro se in forma pauperis* appeal to three court orders, the latest of which was entered December 10, 2020. Appeal No. 21-15138. This Court granted Andrews's *in forma pauperis* motion. Dkt. 2706. (At least one other court has denied such a motion, and Andrews paid the filing fee there, suggesting that his noncompliant motion for IFP status here was not meritorious.) The Ninth Circuit accepted Andrews's excuse that he timely mailed his notice of appeal and chose not to dismiss his appeal. Andrews then on July 19 filed an entirely frivolous brief that admittedly simply cut and paste the work product of Frank Bednarz's attorneys from Appeal No. 17- 17367, involving a different approval order of a different distribution and settlement. Andrews changed the word "Bednarz" to "Andrews," and then repeated many of Bednarz's arguments and factual representations and citations without regard to the Ninth Circuit law of the case in later appeals, different facts, different procedural posture, different judicial holdings, different objections, different excerpts of record, and different issues raised by the new settlement distribution and new rulings, making the Andrews appellate brief incoherent. (Page 47 of Andrews's brief falsely implies that Georgetown Law School's appellate clinic had something to do with it, because he plagiarized that sentence from Bednarz's earlier brief, too.) It had zero chance of success, and could only interfere with the class's rights by creating cacophony in the consolidated appeal.

For this, plaintiffs propose to pay Andrews $25,000 to dismiss his appeal. Dkt. 2728. The class gets nothing in this Rule 23(e)(5)(B) settlement—other than the withdrawal of Andrews's vexatious appeal.

This payment—a $25,000 settlement where the class gets nothing and Andrews gets 100% of the proceeds—violates Rule 23(e)(5)(B). Class counsel Bednarz, who successfully argued the leading appellate case forbidding such conduct, opposes the motion, unless the court also orders disgorgement of the $25,000 into the settlement class fund. *Pearson v. Target Corp.*, 968 F.3d 827 (7th Cir. 2020). Bednarz also objects to the false factual contentions in plaintiffs' motion.

**Argument**

**Rule 23(e)(5)(B) forbids this sort of payoff.**

Rule 23(e)(5)(B)(ii) requires district court approval specifically for "forgoing, dismissing, or abandoning an appeal" of denial in exchange for "payment or other consideration." *Pearson* identifies the problem of objectors "willing to abandon their appeals in return for sizable side payments that do not benefit the plaintiff class: a figurative 'blackmail' by selfish holdouts threatening to disrupt collective action unless they are paid off." 968 F.3d at 829. The Seventh Circuit forbids this:

> Falsely flying the class's colors, [Andrews] extracted [$25,000] in what economists would call rents from the litigation process simply by showing up and objecting to consummation of the settlement to slow things down until they were paid. We hold that settling an objection that asserts the class's rights in return for a private payment to the objector is inequitable and that disgorgement is the most appropriate remedy.

*Id. Accord Drazen v. Godaddy.com, LLC,* No. 1:19-00563-KD-B, 2021 U.S. Dist. LEXIS 77525, at *6 (S.D. Ala. Apr. 22, 2021); *see also Rougvie v. Ascena Retail Grp., Inc.*, 2019 U.S. Dist. LEXIS 28229, at *56-*57 (E.D. Pa. Feb. 21, 2019) (similar pre-Rule 23(e)(5)(B) amendment settlement permissible, but would be barred by Rule 23(e)(5)(B)).

Simply put, "Money that class counsel were willing to part with to finally resolve the litigation consisted of savings that ought to have enured to the class—not to defendants, the [] objectors, or their lawyers." *Pearson*, 968 F.3d at 836. "The sole fact that the withdrawal of an objection or dismissal of an appeal will expedite distribution of the settlement funds does not justify payment to withdraw an improper objection or dismiss an improper appeal." Bolch Judicial Inst. (Duke L. Sch.), *Guidelines and Best Practices Implementing 2018 Amendments to Rule 23 Class Action Settlement Provisions* 25 (2018) (attached as Exhibit 1); *accord Rougvie*, 2019 U.S. Dist. LEXIS 28229, at *56-*57. (N.B. that the Bolch *Guidelines* gives "special thanks" to class counsel Elizabeth Cabraser for her "substantial drafting assistance." *Guidelines* v.) *See also* Elizabeth Cabraser and Adam Steinman, *What is a Fair Price for Objector Blackmail? Class Actions, Objectors, and the 2018 Amendments to Rule 23*, 24 Lewis & Clark L. Rev. 549 (2020).

Class counsel also suggests that the settlement is justified by "Andrews's work." Except Andrews didn't do the work that led to this payment: he copied and pasted Bednarz's counsel's work, and never filed a reply

brief. Class counsel trumpets the 600 hours Andrews put in as a *pro se* copying and pasting someone else's briefs, but argued to this Court in bad faith that Bednarz's professional team of counsel, including two Supreme Court advocates, that did actual research and actually won an appeal, could not possibly have expended 425.6 hours on its efforts. Dkt. 2587-1. (And ironically, class counsel has filed a frivolous untimely appeal, No. 21-15200, to argue that Bednarz should receive *zero* in fees for his *successful* appeal in No. 17-17367.) The Court already made a finding that it was Bednarz's appeal that generated a "direct benefit" of $10 million in "additional payments" for repealer-state class members. Dkt. 2682 at 2. Andrews never contended that his unsuccessful appeals had any role in Bednarz's success. If Andrews truly believed his work in bringing several unsuccessful appeals had any causal effect that benefited the class, he should have made a timely motion for attorneys' fees, instead of seeking payment over two years after the court's deadline in conjunction with a frivolous appellate brief. And paying an objector for "work" that does not benefit the class makes a nullity of the Rule 23(e)(5)(B) approval process: *all* objectors, including bad-faith objectors, do "work." *Cf. Guidelines* 25.

The court should order the $25,000 paid to the class settlement fund under *Pearson*; if Andrews agrees to this, he can then seek a percentage of the common-fund benefit he created by settling his appeal. If he opposes disgorgement, he should get nothing.

Dated: February 7, 2022          Respectfully submitted,

                                 */s/ Theodore H. Frank*
                                 Theodore H. Frank (SBN 196332)
                                 HAMILTON LINCOLN LAW INSTITUTE
                                 CENTER FOR CLASS ACTION FAIRNESS
                                 1629 K Street NW, Suite 300
                                 Washington, DC 20006
                                 Email: ted.frank@hlli.org
                                 Cell: 703-203-3848

                                 *Attorney for Objector M. Frank Bednarz*

PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Response using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

DATED this 7th day of February 2022.

/s/ *Theodore H. Frank*
Theodore H. Frank