Steve W. Berman (Pro Hac Vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com

Elizabeth J. Cabraser (SBN 083151)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com

*Class Counsel for Indirect Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION, | Case No. 13-md-02420-YGR<br><br>**INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)(5)(B)** |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Date: March 1, 2022<br>Time: 2:00 pm<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Court: Courtroom 1, 4th Floor |

**IPPs' Reply in Support of Motion to Approve Settlement Pursuant to Fed. R. Civ. P. 23(e)(5)(B); Case No. 13-md-02420-YGR**

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| I. The Andrews Settlement Benefits the Class | 1 |
| II. Bednarz Lacks Article III Standing | 4 |
| III. Rule 23(e)(5)(B) Does Not Permit "Objections" to a Proposed Individual Settlement with an Objector | 5 |
| CONCLUSION | 6 |

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Dental Supplies Antitrust Litig.*,
    No. 16-cv-00696 (E.D.N.Y. Oct. 8, 2019) ................................................................................4

*Devlin v. Scardelletti*,
    536 U.S. 1 (2002) ....................................................................................................................8

*Drazen v. Godaddy.com, LLC*
    2021 U.S. Dist. LEXIS 77525 at *8-11 ...................................................................................6

*Frank v. Gaos*,
    139 S. Ct. 1041 (2019) ............................................................................................................7

*FW/PBS, Inc. v. Dallas*,
    493 U.S. 215 (1990) ................................................................................................................7

*Gibson v. Chrysler*,
    261 F.3d 927 (9th Cir. 2001) ...................................................................................................8

*Indirect Purchaser Plaintiffs v. Andrews*,
    No. 21-15138 (9th Cir.) ...........................................................................................................4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................................7

*Pearson v. Target Corp.*,
    968 F.3d 827 (7th Cir. 2020) ............................................................................................5, 6

*Rougvie v. Ascena Retail Grp., Inc.*,
    No. 15-724, 2019 WL 944811 (E.D. Pa. Feb. 21, 2019) .........................................................6

*Spokeo v. Robins*,
    578 U.S. 330 (2016) ................................................................................................................7

*Valley Forge Christian College v. Americans United for Separation of Church and
    State*,
    454 U.S. 464 (1982) ................................................................................................................7

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
    No. 16-cv-02765 (D.N.J. Feb. 19, 2019) .................................................................................4

**Rules**

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................................7, 8
    Rule 23(e)................................................................................................................................6
    Rule 23(e)(5)(A) .....................................................................................................................8
    Rule 23(e)(5)(B)............................................................................................................4, 7, 8, 9

# INTRODUCTION

Almost eight years into this complex multidistrict litigation, and following multiple rounds of settlements and appeals in which the settlements have been thoroughly examined, the class's interest favors resolving the last objection impeding distribution of the Round 2 settlements. The Court should reject Objector Bednarz's unsupported and contradictory arguments against approval of the proposed settlement with Objector Christopher Andrews (ECF No. 2728-2) (the "Andrews Settlement").

## I. The Andrews Settlement Benefits the Class

The Andrews Settlement benefits the class by expediting settlement distribution without decreasing the settlement fund that is available to the class. In exchange for a payment of $25,000, Objector Andrews has agreed to withdraw his objections and dismiss his appeal, which focuses solely and narrowly on this Court's approval of a 90%/10% plan of allocation for the Round 2 settlements.[1] That withdrawal will dispose of the only remaining obstacle to distribution of the settlement to class members. Moreover, Class Counsel would effectuate the payment of $25,000 from its own funds—with zero impact on the settlement funds to be paid to class members. Further, as explained in IPPs' Motion, the Andrews Settlement is justified under legal authority that permits compensation to objectors who invest time and energy in assisting in the framing of issues for the Court. *See* Mot. at 6-7. Approval of the proposed Andrews Settlement is therefore appropriate under Rule 23(e)(5)(B).[2]

---

[1] *See* Am. Informal First Br. on Cross-Appeal, *Indirect Purchaser Plaintiffs v. Andrews*, No. 21-15138 (9th Cir.), ECF No. 37. Although Andrews initially cited, in his Notice of Appeal, this Court's Order regarding Attorney's Fees, Expenses, and Service Awards (ECF No. 2696), he has not argued on appeal to the Ninth Circuit that this Court erred in awarding fees, expenses, and service awards.

[2] *See* Order at 3, *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-cv-02765 (D.N.J. Feb. 19, 2019), ECF No. 250 (approving payment where "14,635 claims have been filed by Class Members but distribution of approved settlement funds is delayed until the Objectors/Appellants' appeals are resolved"); Jt. Mot. for Indicative Ruling at 2-4, *In re Dental Supplies Antitrust Litig.*, No. 16-cv-00696 (E.D.N.Y. Oct. 8, 2019), ECF No. 344 (seeking approval of settlement with objector because payment would permit distribution of settlement funds without further delay), *granted Dental Supplies*, No. 16-cv-00696 (E.D.N.Y. Oct. 17, 2019) (docket text entry).

Bednarz characterizes Andrews's current appeal as "frivolous," "vexatious," and "having zero chance of success." Opp. 1.[3] That is an easy view to take from the sidelines. Bednarz has nothing at stake here; Bednarz prefers to spend his time requesting that the Ninth Circuit increase the fee award this Court previously awarded his counsel. So be it—this question apparently has far more import for Bednarz. However, all litigation involves risk, and even apparently "frivolous" appeals do too. Even if Andrews's appeal has only a 1% chance of success, the result would be a total loss for the class because given this Court's orders denying certification of a litigation class there is no "better deal" to be had on remand. Bednarz's remedy of rejecting the Andrews Settlement would *harm* the class by forcing class counsel to expend time and money defending an appeal that, if successful, would deprive the class of tens of millions of dollars in recovery. $25,000 is a fair price to pay for avoiding those risks and costs. Bednarz's alternative remedy of "disgorging" the money into the class fund is incoherent; if Andrews does not receive the consideration owed for the settlement, he has the right to reinstate his appeal.

Bednarz's citation to a Seventh Circuit case, *Pearson v. Target Corp.*,[4] is unavailing. *Pearson* differs from this case in four key respects. *First*, unlike the funds paid to individual objectors in *Pearson*, the settlement payment here does **not** come from the settlement fund, nor have Defendants advanced additional funds for paying Andrews. Indeed, the Andrews Settlement does not affect the settlement fund *at all*. Because Andrews' appeal does not challenge Class Counsel's Court-approved attorney's fees, and it would not materially change the total amount of settlement funds available to class members, the proposed payment does not "consist[] of savings that ought to have enured to the class."[5] *Second*, in *Pearson*, the Seventh Circuit was concerned that "[a] potential benefit for the class—a better settlement—[wa]s leveraged for a purely personal gain [for the objectors] . . . ."[6] That is not the situation here where Andrews' appeal, if

---

[4] 968 F.3d 827 (7th Cir. 2020).

[5] *Id.* at 836.

[6] *Id.* at 831.

successful, would undo the settlement leading to *no recovery* for the class or, even if unsuccessful, would delay distribution of the settlement. *Third*, unlike in *Pearson* and as explained in IPPs' Motion, the Andrews Settlement is justified by legal authority permitting compensation to objectors who invest time and energy assisting the framing of issues for the Court. *Fourth*, the proposed payment to Andrews here (which is equivalent to 0.00056 percent of the Round 2 settlement fund and is not drawn from that fund) is *de minimis* and pales in comparison to $130,000 in total settlement amounts at issue in *Pearson* (which amounted to 1.7 percent of the settlement fund and was drawn in part from the settlement itself).

The other off-point, out-of-circuit authorities Mr. Bednarz cites are similarly unavailing. In *Drazen v. Godaddy.com, LLC*, the trial court disapproved of what class counsel called an incentive award to the objector because, following an outlier decision two years ago, the Eleventh Circuit does not permit incentive awards even to appointed named plaintiff class representatives.[7] That is not the law in the Ninth Circuit.[8] And, this is not an award being paid from class funds. The *Drazen* decision similarly rejected a request for $375,000 in attorneys' fees because, under the facts of that case, the payment appeared excessive.[9] Here, in contrast, for all of the reasons stated above and in IPPs' Motion, the proposed payment to Objector Andrews is not excessive. Finally, in *Rougvie v. Ascena Retail Grp., Inc.*,[10] the court merely noted the unremarkable fact of the 2018 amendments and that the much larger proposed payment there at issue occurred prior to the amendment date, and on that basis declined to scrutinize the payment at all. These authorities do not require disapproval of this proposed settlement.

Bednarz invokes guidelines and an article critical of objector payments. Of course, the Rule 23(e) amendment reflects and implements a policy to discourage objections interposed to

---

[7] *See* No. 1:19-00563-KD-B, 2021 WL 1881648 (S.D. Ala. Apr. 22, 2021) (citing *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020) (finding that class representative incentive awards were not permitted based on authority from 1882 and 1885).

[8] Order, ECF No. 2681 at 40 (citing *Staton v. Boeing,* 327 F.3d 938, 977 (9th Cir. 2003)).

[9] *Drazen*, 2021 U.S. Dist. LEXIS 77525 at *8-11.

[10] No. 15-724, 2019 WL 944811 (E.D. Pa. Feb. 21, 2019).

**IPPs' Reply in Support of Motion to Approve Settlement Pursuant to Fed. R. Civ. P. 23(e)(5)(B); Case No. 13-md-02420-YGR** 3

hold up class settlements, a policy that class counsel have promoted and with which they agree. Here, however, in the parlance of the article Bednarz refers to,[11] the "fair price" proposed to eliminate "objector blackmail" is *de minimis* and does not reduce the class's benefit. While it might be wished otherwise, *de minimis* settlements like this one are at times the best alternative in a system that can still be exploited by objectors threatening the interests of the class.

## II.     Bednarz Lacks Article III Standing

Bednarz also does not have standing to challenge the settlement. Article III standing limitations apply to proposed settlements requiring court approval under Rule 23. *See Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019). As the Supreme Court stated in *Spokeo v. Robins*, 578 U.S. 330 (2016), Article III standing is a "doctrine rooted in the traditional understanding of a case or controversy." *Id.* 338. The doctrine limits the parties capable of invoking the jurisdiction of the federal courts in seeking redress for a legal wrong. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464 (1982). Under the Supreme Court's Article III analysis, the "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). The party seeking to establish the court's jurisdiction must have (1) suffered an injury in fact, that is (2) fairly traceable to the challenged conduct, and (3) likely to be redressed by a favorable judicial decision, *id.* 560-561; and additionally has the burden of affirmatively establishing each of these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215 (1990).

Here, Mr. Bednarz cannot establish any of the Article III standing requirements necessary to challenge the proposed Rule 23(e)(5)(B) settlement. Mr. Bednarz has identified *no* injury in fact, to him or other unnamed class members, that would result were the Court to approve the proposed resolution with Objector Andrews to facilitate settlement distribution here. Mr. Bednarz therefore is not legally aggrieved by Objector Andrews no longer pursuing his objection. If

---

[11] *See* Opp. at 3 (citing authorities, including E. Cabraser & A. Steinman, *What is a Fair Price for Objector Blackmail? Class Actions, Objectors, and the 2018 Amendments to Rule 23*, 24 Lewis & Clar L. Rev. 549 (2020)).

**IPPs' Reply in Support of Motion to Approve Settlement Pursuant to Fed. R. Civ. P. 23(e)(5)(B);
Case No. 13-md-02420-YGR** 4

1 anything, Bednarz benefits from the settlement in that it brings finality to issues related to
2 distribution.

3       The modest payment to Andrews will not impact the size of the settlement fund itself (or
4 the amount of attorneys' fees paid to class counsel in this matter). Andrews Settlement ¶ 1. This
5 means that the funds available for distribution to the class are exactly the same with or without the
6 Andrews Settlement. Mr. Bednarz's share of the settlement proceeds is not diluted one cent by the
7 individual settlement with Objector Andrews. Because he is not legally aggrieved, Mr. Bednarz
8 lacks Article III standing to oppose the proposed resolution.

**III.   Rule 23(e)(5)(B) Does Not Permit "Objections" to a Proposed Individual Settlement with an Objector**

11       Mr. Bednarz's purported Opposition to the proposed individual Rule 23(e)(5)(B)
12 settlement also fails to identify any language from Rule 23 itself that permits such an objection.
13 Mr. Bendarz assumes he may freely file motions and other papers in the District Court, but
14 unnamed class members are parties only for "some purposes and not for others." *Devlin v.*
15 *Scardelletti*, 536 U.S. 1, 10 (2002). Mr. Bednarz identifies no impact on his "own interests" that
16 might justify affording him party status for the purpose he assumes here. *Id.*; *see Gibson v.*
17 *Chrysler,* 261 F.3d 927, 940 (9th Cir. 2001) ("a class action, when filed, includes only the claims
18 of the named plaintiff or plaintiffs"). While Rule 23 permits absent class members the right to
19 object to a proposed classwide settlement under Rule 23(e)(5)(A), that provision does not
20 contemplate inter-objector crossfire in the form of challenges to requests that the Court approve a
21 proposed individual settlement pursuant to Rule 23(e)(5)(B).

22       Putting aside the lack of any such authorizing language in the Rule itself, the Advisory
23 Committee Notes similarly do not state any basis for deeming Mr. Bednarz's filing permissible or
24 appropriate. While the Notes regarding the 2018 amendments discuss the Rule's new requirement
25 that payments made in connection with individual settlements with objectors require court
26 approval, they provide no basis for a finding that absent class members may lodge objections to
27 such settlements. *See* Fed. R. Civ. P. 23(e)(5)(B), advisory committee's note (2018). Indeed, the
28

Committee vested district courts with full discretion in noting that "[t]he district court is best positioned to determine whether to approve such arrangements . . . ." *Id.* Given that Mr. Bednarz is the absent class member, it is his burden to identify some basis in the Rules that would permit such a filing in this court. He has failed to do so.

## CONCLUSION

The Court unquestionably has discretion to approve the proposed Rule 23(e)(5)(B) payment to Objector Andrews, and should do so because the payment will not impose any cost on the class or deprive it of any benefit it is owed; is justifiable in light of the service Objector Andrews has rendered throughout the lawsuit in framing certain issues for the Court; and will advance the class's interest by achieving a full and final resolution of outstanding objections, thereby unblocking the logjam on distribution of the Round 2 settlement proceeds. For all of these reasons, the Court should approve the proposed individual settlement with Objector Andrews.

Dated: February 14, 2022

Respectfully submitted,

By: */s/ Adam J. Zapala*
    ADAM J. ZAPALA

**COTCHETT, PITRE & McCARTHY, LLP**
Adam J. Zapala (245748)
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com


By: */s/ Steve W. Berman*
    STEVE W. BERMAN

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (pro hac vice)
Shana E. Scarlett (217895)
Benjamin J. Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com


By: */s/ Brendan P. Glackin*
     ELIZABETH J. CABRASER

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (083151)
Brendan P. Glackin (199643)
Lin Y. Chan (255027)
Michael K. Sheen (288284)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
bglackin@lchb.com
lchan@lchb.com
msheen@lchb.com

*Class Counsel for Indirect Purchaser Plaintiffs*

## FILING ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Adam J. Zapala, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Adam J. Zapala*

Adam J. Zapala
Cotchett, Pitre & McCarthy, LLP