SHIYANG HUANG
2800 SW ENGLER CT.,
TOPEKA, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION, | Case No. 13-md-02420-YGR |
|---|---|
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **OPPOSITION TO MOTION FOR APPROVAL OF SETTLEMENT [2728] PURSUANT TO FED. R. CIV. P. 23(e)(5)(B) BY CLASS MEMBER SHIYANG HUANG** |
| | Date: March 1, 2022<br>Time: 2:00 pm<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Court: Courtroom 1, 4th Floor |

**CLASS MEMBER SHIYANG HUANG'S OPPOSITION TO ANDREWS SETTLEMENT**

Class member Shiyang Huang (ECF No. 2681 at 45) is an "[e]xperienced class action objector",[1] a *pro se* specialized in result-driven objections to improve class-action settlements. **Huang has successfully clawed back $19 million back to class members**.[2] A Ninth Circuit panel circulating his *pro se* brief *amicus curiae* to an *en banc* Ninth Circuit.[3] Reuters once interviewed and profiled Huang for his work, and he presented press-covered *pro se* Certiorari petitions before the U.S. Supreme Court.[4] A Chief District Judge awarded Huang $500 in full for his objection work, ***despite fierce opposition from,*** *ironically*, ***Hagens Berman, who here insist to pay off Andrews for $25,000 for zero financial benefit to the entire Class***.[5]

Huang joins Bednarz: Unless the Class gets majority benefit out of it, this deal **must fail**. This Court should consider Huang's unique view as an accomplished *pro se* objector:

> **It is patently inequitable that class counsels opposed Huang in seeking even a nominal $500 objector award, after Chief Judge in this District recognized his work added $18 million dollars into class member's pockets; yet, when class counsels wish to buy-off objectors for *zero monetary benefit* to the class, they champion the "Objector Blackmail" dealmaking that they claim to hate.**

---

[1] *Yamagata v. Reckitt Benckiser LLC*, No. 3:17-cv-3529-VC, ECF No. 236 at 3 (N.D. Cal. Oct. 21, 2021) (noting Huang's support to show reasonableness of counsel's fee request)

[2] *In re Optical Disk Drive Prods. Antitrust Litig.* ("ODD"), 2021 WL 3502506 (N.D. Cal. Jul. 2, 2021) (nearly **$18 million** back to Class members); *Kukorinis v. Wal-Mart Inc.*, No. 19-cv-20592, ECF No. 98 at 7 & n.4 (S.D. Fla. Sep. 21, 2021) (fee reduction of **$1.25 million**)

[3] *Joffe v. Google Inc.*, No. 20-15616, Order granting motion (9th Cir. Jan. 19, 2022).

[4] *See Equifax, Class Waive Responses In High Court Appeal Of Data Breach Row Settlement.* Lexis Legal News (Sep. 23, 2021). https://bit.ly/3gPgjxz; *See* Alison Frankel, *11th Circuit's strict new rule for data breach standing will figure in Equifax appeal.* Reuters.com https://reut.rs/2N5LZD9.

[5] *ODD,* No. 3:10-md-2143, ECF No. 3067 (N.D. Cal. Oct. 18, 2021)

1

Huang found it **necessary** to brief only after reviewing Indirect Purchaser Plaintiffs' reply making up claims to create "benefit" of Andrews Settlement that the Class will never see. *See Custom Vehicles, Inc. v. Forest River, Inc.,* 464 F.3d 725, 726 (7th Cir. 2006) ("If a material misrepresentation comes in the adversary's reply brief," one "may ask for leave to file a supplemental statement.") Huang also found it particularly **troubling** that IPP's deal is now a national embarrassment, criticized by Professor Brian Fitzpatrick, a known authority in class actions. *See* Alison Frankel*, Class counsel want to pay objector $25K to ditch appeal. Ted Frank is in their way.* Reuters.com (Feb. 11, 2022). https://reut.rs/3oQKwAB. (noting that Professor "Fitzpatrick … is concerned that meritless objector appeals will proliferate if trial courts bless the deals. In an email, he said it's 'pretty flimsy' to argue that objector settlements are justified merely because they eliminate any risk on appeal and expedite payments to class members.")

## ARGUMENT

### I. CLASS MEMBERS UNQUESTIONABLY HAVE ARTICLE III STANDING TO SCRUTINIZE "SIDE PAYMENTS" BY CLASS COUNSEL

Class counsel's reply attacks Objector Bednarz's opposition procedurally, because IPPs think he lacks Article III standing. That claim without merit must be rejected out of hand.

> Frank had standing in the district court and has standing now for the same reason that [] other objectors had standing in the appeals that precipitated Frank's motion: a class member has standing to defend the class, whose interest he shares, against sell-outs by the self-appointed representatives who control the interests of all.

*Pearson v. Target Corp.,* 968 F.3d 827, 835 (7th Cir. 2020). Indeed, IPP's claim is borderline frivolous: class members who might ***not*** get $25,000 more for *pro rata* distribution would unquestionably have "standing" to oppose. That is because by re-directing that money to Andrews alone (instead of the Class), "[f]or standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'" *Czyzewski v. Jevic Holding Corp.,* 137 S. Ct. 973, 983 (2017).

**II. IF ANDREWS IS SOLELY PAID $25,000 FOR SETTLING HIS APPEAL, THE CLASS OBTAINS ABSOLUTELY ZERO BENEFIT**

The Ninth Circuit's law has discussed the topic of **pay-for-performance** broadly, which unquestionably applies to Objectors too: One "who works incredibly hard, but obtains **nothing for the class, is not entitled to fees calculated by any method**." *In re HP Inkjet Printer Litig.*, 716 F.3d 1176, 1182 (9th Cir. 2013) (emphasis added). Hagens Berman is a part of IPP counsel here, and their words opposing Huang's merely $500 objector award elsewhere (*after he secured $18 million more for class*) are also particularly on point here: "Given that [Andrews] objections did not "increase the fund or otherwise substantially benefit the class members," [this] motion should be denied." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143, ECF No. 3065 (N.D. Cal. Oct. 5, 2021) (quoting *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012)).

Thus, IPPs' bald claim that "the Andrews Settlement is justified under legal authority that permits compensation to objectors who invest time and energy in assisting in the framing of issues for the Court" (ECF No. 2730 at 1) is entirely pointless. IPPs could present that argument elsewhere while buying off other objectors, but the Ninth Circuit's law is settled: it *disagreed.*

Next, IPPs admit that Andrews Settlement will not benefit the Class financially at all: "zero impact on the settlement funds to be paid to class members." Reply, ECF No. 2730 at 1.

Then, with zero real dollar benefits to claim, IPPs tries to create "virtual benefits" by claiming "there is no 'better deal' to be had on remand". Reply at 2.  That weak **parade of horrible** is not just arguably wrong, it is affirmatively wrong: as a repealer-state class member, Huang already received "better deal" from the new 90/10 distribution, thanks to Objector Bednarz's prior successful appeal from *In re Lithium Ion Batteries Antitrust Litig.*, 777 Fed. Appx. 221. (9th Cir. 2019). Thus, **settling Andrews' appeal is the only option with zero class benefits.** Moreover, Objector Andrews' appeal sought even a better deal for class members:

3

Andrews appears to argue that a 100/0 split should occur instead. *See* Andrews appellate brief, https://tmsnrt.rs/33klAdc, at 30 ("the court fused together class members with cognizable claims and members with no claims at all.") Indeed, even Judge Easterbrook cannot agree with IPP's bald claim either that settling Andrews' appeal is anyhow the best outcome for the Class (by being empty-handed?!). *See Crawford v. Equifax Payment Servs.,* 201 F.3d 877, 881 (7th Cir. 2000) (Easterbrook, J.) ("The possibility that we would see merit to [Andrews'] appeal cannot be called ['harm']; appellate correction of a district court's errors is a benefit to the class.")

### III.   ALLOWING CLASS COUNSEL TO BUY-OFF OBJECTIONS IS BAD POLICY

The most accomplished objector's attorneys agree on one thing, which Huang concurs as well: the claims of "threaten[ing] class counsel into settling … only ma[kes] a difference if the underlying objection was meritorious." Decl. of Theodore Frank (counsel for Bednarz here), *In re Capital One TCPA Litig.,* No. 15-1639, ECF No. 42-2 at 9 (7th Cir. Jun. 10, 2015).

> class counsel who pay objectors to drop meritorious objections and to abandon appeals having a strong chance of success. In my twenty-six years in the plaintiffs' class-action bar, I never became aware of a case in which class counsel paid objectors to dismiss appeals that they believed to be frivolous or of insubstantial merit. **The payments I knew of all were made to induce objectors to abandon appeals that class counsel feared the objectors were apt to win.**

Eric Alan Isaacson, *A Real-World Perspective on Withdrawal of Objections to Class-Action Settlements and Attorneys' Fee Awards: Reflections on the Proposed Revisions to Federal Rule of Civil Procedure 23(e)(5),* 10 Elon L. R. 35, 57-58 (2018) (emphasis added).

Huang—also a *pro se*—one was reached out by class counsel for discussion of settling his objection; unlike Andrews, Huang walked off, when he knew the Class will not benefit much, if at all. Huang's patience paid off, adding millions to class members. But Huang knows how it works from IPPs' view: If it can "buy off" Andrews for pennies-on-the-dollar, **the only "benefit" is to** *insulate millions of dollars in attorney's fees from appellate scrutiny*.

4

Although "it is well settled that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements,"[6] Justice Department warned that "Class counsel [often] discounts [objectors] as … disingenuous professionals [while] most consumer class members in this case and others like it do not have the time or the knowledge of legal process to file objections."[7] *In re Apple Device Perf. Litig.,* 5:18-md-2827, ECF No. 575 at 7 (N.D. Cal. Dec. 2, 2020). Indeed, class counsel often "cry wolf" for so-called "serial objectors" for extorting class counsel in exchange for settling objections and/or appeals. Yet, when Class Counsel fear meritorious objectors, they champion "objector blackmail" to protect their fees. In parallel to *Pitts v. Terrible Herbst Inc.,* 653 F.3d 1081, 1091 (9th Cir. 2011), "A rule allowing [objection] to become moot "simply because [Class Counsel] has sought to `buy off' the individual private claims of the [objector]… would thus contravene Rule 23's core concern:"

> some objectors may be seeking only personal gain, and using objections to obtain benefits for themselves rather than assisting in the settlement-review process. At least in some instances, it seems that objectors—or their counsel—have sought to obtain consideration for withdrawing their objections or dismissing appeals from judgments approving class settlements. And class counsel sometimes may feel that avoiding the delay produced by an appeal justifies providing payment or other consideration to these objectors. Although the payment may advance class interests in a particular case, allowing payment perpetuates a system that can encourage objections advanced for improper purposes.

*Rule 23 committee notes—2018 amendment* on Rule 23(e)(5)(B). Rule 23(e)(5)(B) operates on both directions, and it provides no occasion for Class Counsel's doublespeak: **If objectors cannot directionally "blackmail" class counsel for settling objections selfishly, then it's**

---

[6] *White v. Auerbach,* 500 F.2d 822, 828 (2d Cir. 1974).

[7] *Cf. In re Plise,* No. 15-15786, 2018 WL 1099714, at *7 (9th Cir. Mar. 1, 2018) ("counsel makes several ad hominem attacks alleging unethical behavior on the part of opposing counsel … We are, in short, hugely unimpressed with counsel's efforts, which we find both improper and unprofessional.") But regrettably, such attack to objectors is now ***commonplace***.

1  **equally true that class counsel cannot directionally "pick off" objectors for cheap, whose**

2  **contentions—if successful—may benefit the Class at the expense of class counsel.**

3  Unless Objector Andrews' settlement yields any real financial benefit for the Class, such

4  deal would make Rule 23(e)(5)(B) to be a total nullity. That cannot and should not happen.

## CONCLUSION

6  Unless Objector Andrews consents to returning majority part of his $25,000 settlement

7  into the Class fund, *accord* Bednarz Opp., ECF No. 2729, IPP's motion for settlement (or better

8  described as "Motion to Buy Off Objector Andrews") must be denied under Rule 23(e)(5)(B).

9  Date:   February 15, 2022                                          Respectfully Submitted,

/s/ Shiyang Huang
  Shiyang Huang
  2800 SW ENGLER CT.
  Topeka, KS 66614
  (314) 669-1858
  Defectivesettlement@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2022, I filed the foregoing notice via this Court's CM/ECF system, from which participants in the case will be served.

I also caused a paper copy to be served to Mr. Christopher Andrews, addressed at PO Box 530394, Livonia, MI 48153-0394, via first-class U.S. mail. I also served—as a courtesy—a copy of this filing via E-mail, to caaloa@gmail.com, both from IPPs' settlement agreement with Andrews at ECF No. 2728-2 at 4.

/s/ Shiyang Huang