# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Direct Purchaser Actions* | Case No. 13-md-02420-YGR<br>MDL No. 2420<br><br>**[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF REMAINING SETTLEMENT FUNDS**<br><br>**\*\*AS MODIFIED BY THE COURT\*\***<br><br>Date:      January 10, 2023<br>Time:      2:00 p.m.<br>Judge:    Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1<br><br>Re: Dkt. No. 2754 |

1  The Court, having considered Direct Purchaser Plaintiffs' Motion for Order Authorizing Distribution of Remaining Settlement Funds ("Motion"), the Declaration of James Page, Esq. in Support of Direct Purchaser Plaintiffs' Motion for Order Authorizing Distribution of Remaining Settlement Funds ("Page Declaration"), the Second Supplemental Declaration of James Page, Esq.,[1] the Declaration of William E. Kovacic, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that:

1. The Court previously approved a *pro rata* distribution of $91,520,463.98 from the settlement funds, ECF No. 2684, which was paid by paper check to 8,745 approved claimants, ECF No. 2708-1, at ¶ 2, and of which $11,352.49 remains.

2. The Court previously authorized reserving settlement funds for the payment of additional claims administration costs in the amount of $136,968.96, and for potential tax liability and other issues in the amount of $250,000.00. ECF No. 2684, at ¶ 3.

3. $24.35 of the settlement funds were not previously distributed due to rounding.

4. The Settlement Administrator incurred a total of $122,866.92 in additional unreimbursed claims administration costs between January 1, 2020 and July 31, 2022, and these costs and expenses were reasonably incurred in the ordinary course of administering the settlements and were necessary given the nature and scope of the case.

5. The Settlement Administrator's estimate that its remaining work from August 1, 2022 to the completion of its work on the case will cost $14,102.04 is reasonable.

Accordingly, it is hereby ORDERED and DECREED that:

6. Direct Purchaser Plaintiffs' Motion is GRANTED.

7. Additional *pro rata* payments totaling $651,552.60 shall be paid from the remaining settlement funds to the 114 previously approved claimants who (i) cashed their initial

---

[1] As the Court previously noted on December 28, 2022, the motion was posted on the settlement webpage and no oppositions were received. (Dkt. No. 2759.) However, based upon a review of the submitted papers, there appeared to be a typographical error in the motion papers and the Court issued an order requesting clarification as to the remaining amount for distribution. (*Id.*) Plaintiffs have confirmed that there was a typographical error in the Page Declaration that resulted in a mismatch between the total remaining for distribution and their presentation of the relevant calculation. (Dkt. No. 2760.) Based upon the second supplemental declaration, the error did not impact the substance of the motion since the total amounts at issue were properly stated.

1   checks and (ii) would also be eligible to receive more than $10.00 in this proposed supplemental
2   distribution, as set forth in **Exhibit C** to the Page Declaration and **Attachment 1** hereto.
3       8.    Thereafter, remaining settlement funds, if any, shall be designated to a *cy pres*
4   beneficiary, the George Washington University Law School Competition Law Center ("CLC").
5   CLC is an appropriate recipient of the remaining settlement funds. The interests of CLC and its
6   focus on the antitrust laws and Section 1 of the Sherman Act are aligned with the interests of the
7   Direct Purchaser Class in this price-fixing class action. *See Six (6) Mexican Workers v. Arizona*
8   *Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990).
9       9.    The Settlement Administrator shall be reimbursed for costs and expenses incurred
10  in the amount of $122,866.92.
11      10.    The $14,102.04 remainder of the $136,968.96 previously reserved for claims
12  administration costs may be approved and paid by the Co-Lead Counsel for Direct Purchaser
13  Plaintiffs upon presentation of an invoice from the Settlement Administrator.
14  **IT IS SO ORDERED.**

Dated: January 5, 2023

_____
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE