Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com

Elizabeth J. Cabraser (083151)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

Adam J. Zapala (245748)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-MD-02420 YGR (DMR)<br><br>MDL No. 2420 |
| This Documents Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' PLAN AND SCHEDULE OF DISTRIBUTION AND** ~~[PROPOSED]~~ **ORDER**<br><br>DATE ACTION FILED: Oct. 3, 2012 |

Indirect Purchaser Plaintiffs (IPPs) submit this proposed plan of distribution and schedule pursuant to this Court's prior orders. This Court has previously appointed Sipree, Inc., d/b/a DigitalPay (Digital Pay) and Epiq Class Action & Claims Solutions, Inc. (Epiq) as the claims administrators for the Indirect Purchaser Class (ECF Nos. 2475, 2571). IPPs propose that these two administrators continue through the final distribution of funds.

**Funds Available for Distribution:** In total, the indirect purchasers recovered $113,450,000 million for the indirect purchaser class. During the pendency of appeals and since the inception of the individual settlement accounts, $1,113,936.23 in interest accrued in the accounts. This Court awarded $33,829,176.00 in attorneys' fees, $6,751,735.84 in reimbursed expenses, and $260,000 in service awards (representing $10,000 for each of the twenty-one individual class representatives and $25,000 for each of the two governmental entity class representatives). ECF No. 2516. To date, notice and claims administrators have been paid $2,663,383.94, and an additional $332,802.29 is anticipated, for a total of $2,996,186.23.[1] Finally, the accounts paid a total of $24,322.39 in taxes and tax expenses on the accrued interest. The following chart summarizes these amounts:

| Total Settlements | $ 113,450,000.00 |
|---|---|
| Interest | $ 1,113,936.23 |
| Attorneys' Fees | $ (33,829,176.00) |
| Reimbursed Expenses | $ (6,751,735.84) |
| Service Awards to Individual Class Reps ($10,000/person) | $ (210,000.00) |
| Service Awards to Municipal Plaintiffs ($25,000/entity) | $ (50,000.00) |
| Administrative Costs Incurred | $ (2,663,383.94) |
| Estimated Future Administrative Costs | $ (332,802.29) |
| Tax and Tax Expenses | $ (24,322.39) |
| **Net Settlement Fund Available for Distribution** | **$ 70,702,515.77** |

---

[1] To date, Epiq has been paid $553,647.48; has a current outstanding invoice of $9,923.39 and estimates fees and expenses to complete distribution of $122,878.90. DigitalPay has been paid $756,213 and estimates fees and expenses to complete distribution of $200,000. KCC, a previously appointed notice and claims administrator has been paid $622,575.71, and AB Data, a previously appointed notice and claims administrator has been paid $704,210.21. Under the eight settlement agreements, the total allowed for administrative costs was $4.1 million. This means the estimated costs are $1.1 million under budget, after four rounds of notice and multiple appeals. As has been repeatedly represented to the Court, Class Counsel has vigorously negotiated the contracts and overseen expenses to maximize all returns to the class.

IPP PROPOSED PLAN OF DISTRIBUTION AND SCHEDULE - 1
CASE NO.: 4:13-MD-02420-YGR (DMR)

**Valid Claims:** After a lengthy audit process, there remain 1,079,487 valid and timely claims, representing the following number of devices from each category of the settlement class:

| Category | Repealer State | Non-Repealer State | Total |
|---|---|---|---|
| PC Units | 24,807,916.00 | 7,896,585.00 | 32,704,501.00 |
| Mobile Units | 24,317,728.00 | 6,766,647.00 | 31,084,375.00 |
| Camcorder Units | 1,691,895.00 | 2,817,888.00 | 4,509,783.00 |
| Power Tool Units | 11,068,039.00 | 3,762,891.00 | 14,830,930.00 |
| **Total Units** | **61,885,578.00** | **21,244,011.00** | **83,129,589.00** |
| **Total Claims** | **622,297.00** | **457,190.00** | **1,079,487.00** |

These claims were received at www.reversethecharge.com, via email to info@reversethecharge.com, and via U.S. Mail.

**Plan of Distribution:** This Court previously approved a two-step distribution plan. *First*, 90 percent of each settlement fund will be allocated to claims of Class Members who reside in *Illinois-Brick* repealer states, and the remaining 10 percent will be allocated to claims of Class Members who reside in non-repealer states. *Second*, within each allocation, the funds will be distributed *pro rata* to claimants based on the total number of covered products purchased from January 1, 2000, through May 31, 2011. ECF No. 2516 at 4.

Execution of the distribution plan must also account for the existence of two different settlement classes. The settlement class for the Sony settlement represented a broader class of devices, including cell phones in addition to PCs, camcorders and power tools. ECF No. 1209-1 at 6. Therefore, distribution to all four of those product categories will be made from the Sony settlement. The subsequent seven settlements included only PCs, camcorders and power tools. ECF Nos. 1652-3 at 3 (LG Chem); 1672-2 at 3 (NEC); 1672-3 at 2 (Hitachi Maxell); 2459-1 at 4 (Panasonic); 2459-1 at 4 (SDI); 2459-1 at 3 (Tokin); and 2459-1 at 3 (Toshiba). Therefore, distribution of those seven funds will be made to only three product categories (PCs, camcorders and power tools).

The fees, expenses, service awards, administrative costs and tax expenses noted above will be allocated proportionally between the Sony and non-Sony funds. In other words, because the Sony settlement amounts to 17.1881886% of the total settlements, 17.1881886% of the fees, expenses and service awards will be paid from that fund, with the remainder paid from the other funds. This leaves $12,084,976.46 available for distribution from the Sony settlement to the broader 4-device class, and

$58,617,539.31 available for distribution from the remaining seven settlements to the 3-device class. These amounts will, as noted above, be allocated between repealer state claims (90%) and non-repealer state claims (10%).

**Procedures for Distribution**:

The following five payment options will be available to class members:

<u>Option 1: Virtual Mastercard with Online & Point of Sale (POS) Use</u> – $1,000 Maximum Limit. This option does not require a bank account. A virtual Mastercard is instantly activated with confirmation of name + mobile number, with no other registration needed.

<u>Option 2: Physical Mastercard (pCard): Online & Point of Sale Use</u> – $9,999 Max. This option also does not require a bank account for online / point-of-sale usage. The card only requires activation – no other registration needed.

<u>Option 3: Amazon</u> – $2,000 Max. Instant use and/or transfer to Amazon balance.

<u>Option 4: Target</u> – $2,000 Max. Instant use online or at point of sale (printout or Target app).

<u>Option 5: Starbucks</u> – $500 Max. Instant use online or at point of sale (with Starbucks app).

Claimants will be presented with payment options according to the amount of their validated settlement claim and the maximum value approved for an endpoint. For validated claims up to $10,000 (the maximum for digital payments, per AML Compliance) claimants will have the following choices:

| Level of Payment | Payment Amount | Payment Options | Maximum Amounts |
|---|---|---|---|
| **Tier 1** | $5.00-$499.99 | Target<br>Digital Debit Card (vMC)<br>Amazon<br>Starbucks | $2,000<br>$1,000<br>$2,000<br>$500 |
| **Tier 2** | $500-$999.99 | Target<br>Digital Debit Card (vMC)<br>Amazon<br>pCard – Online/POS | $1,000<br>$1,000<br>$2,000<br>$1,000 |
| **Tier 3** | $1000-$1999.99 | Amazon<br>pCard – Online/POS/ATM | $2,000<br>$9,999.99 |
| **Tier 4** | $2,000-$9999.99 | pCard – Online/POS/ATM | $9,999.99 |

To maximize participation, the distribution will be executed in two phases: "Initial Payment Offering" and "Second Round Offering." During Initial Payment Offering, claimants will be sent emails notifying them of the funds that are waiting for them. Claimants will be able to follow simple, easy steps to receive their payment – a process of four clicks, with no applications required. DigitalPay estimates that more than 80% of claimants are expected to receive funds in this phase of the program.

Payment notices sent in the Initial Payment Offering each have a pre-designated time-to-live (TTL). After TTL expiration, DigitalPay will gather a file of claimants who accepted payment during the Initial Payment Offering. A final assessment of funds remaining for distribution will be completed, followed by the Second Round Offering. In this phase, DigitalPay will send a final pro-rata payment to claimants who accepted funds in the Initial Payment Offering. This payment will align with the same endpoint the claimant chose to receive funds in the Initial Payment Offering. This process:

- Maximizes payout with 100% delivery to claimants who are proven to be responsive and have validated email addresses;
- Provides continuity by sending the additional pro-rata payment to an endpoint the claimant prefers;
- Provides finality of payment and delegates escheatment to the retailer or bank issuing the debit card;
- Takes the settlement fund to as close to a $0 balance as possible (not including outstanding paper checks or final "bounced" digital pro-rata payments).

For those class members that have requested payment by check, or for whom the award value is too large to allow for digital payment, Epiq will mail checks. As of the time of this filing, there are estimated to be 15,000 requests for checks. Epiq will also assist DigitalPay with the customer service component of the digital distribution.

After this second round of distribution, it is estimated that insufficient funds will exist to make a third round of distribution economically feasible. Consistent with prior notices sent to the class and approved by this Court, the remaining funds will escheat to the Attorneys General for the Class jurisdictions for use in prosecuting consumer antitrust claims. No funds will be returned to the

defendants. If it appears that a third round of distribution would make economic sense given the funds remaining, Class Counsel will notify the Court.

**Proposed Schedule**: IPPs propose the following schedule for the distribution:

| Event | Date for Completion |
|---|---|
| **Warm Up Emails**<br><br>DigitalPay emails claimants an initial notice (a "warm up") that communicates payment is soon coming and provides a date range of when payee will see payment. This email sets expectations and reinforces credibility of the payment to be received. | Completed 49 days from granting of proposed plan of distribution. |
| **Phase I: Payment Notification and Receipt**<br><br>DigitalPay issues payments ("payment notification") to claimants via email. From this communication, claimants will be able to select where they would like to receive funds. This action transfers funds from the settlement fund to the possession of the payee.<br><br>Claims administrator Epiq Class Action Claims and Solutions (Epiq) to mail paper checks week the same week that digital payments begin. | Completed 73 days from granting of proposed plan of distribution. |
| **Payment Expiration**<br><br>All digital payments issued in Phase I will expire over this period (each digital payment expires 28 days after being issued; the vast majority of payments taken will occur in a ~72-hour window from notification). While a payment is active—but has not yet been taken—payees will receive three emails to remind them they have funds waiting. | Completed 101 days from granting of proposed plan of distribution. |
| **Report Results of Phase I**<br><br>DigitalPay and Epiq to identify and report funds that have not yet been taken by payees. Final accounting report and reconciliation will be created, along with proposed Second Round Distribution amounts. A report on first round distribution will be filed with the Court with a proposed plan for Second Round Distribution. | Completed 144 days from granting of proposed plan of distribution. |

IPP PROPOSED PLAN OF DISTRIBUTION AND SCHEDULE - 5
CASE NO.: 4:13-MD-02420-YGR (DMR)

| Event | Date for Completion |
|---|---|
| **Phase II: Second Round Distribution**<br><br>Claims administrator DigitalPay securely delivers a final pro rata payment to all payees who took a payment in the Initial Payment Offering (Phase I), as well as those that requested an updated method of payment in Phase I. This final phase delivers funds to all entitled claimants with the intent of taking the settlement balance as closed to $0 as possible (except for outstanding physical checks issued by Epiq).<br><br>Claims administrator Epiq to reissue checks with 30-day expiration to those who did not cash 60 days from first issuance. | Completed 160 days from granting of proposed plan of distribution. |
| **Final Reporting**<br><br>Claims administrator DigitalPay to provide final report regarding the disbursement of the settlement funds.<br><br>Claims administrator Epiq to identify and report checks that have not been cashed 30 days from re-issuance.<br><br>Any remaining funds will be distributed to the Attorneys General for the Class jurisdictions for use in prosecuting consumer antitrust claims. | Completed 203 days from granting of proposed plan of distribution. |

**IT IS SO ORDERED.**

Dated: May 2, 2023

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: April 7, 2023 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | By  *s/ Shana E. Scarlett* |
| | | SHANA E. SCARLETT |
| 4 | | Steve W. Berman (*pro hac vice*) |
| | | Benjamin J. Siegel (256260) |
| 5 | | 715 Hearst Avenue, Suite 300 |
| | | Berkeley, CA 94710 |
| 6 | | Telephone: (510) 725-3000 |
| 7 | | Facsimile:  (510) 725-3001 |
| | | steve@hbsslaw.com |
| 8 | | shanas@hbsslaw.com |
| | | bens@hbsslaw.com |
| 9 | | |
| | DATED: April 7, 2023 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 10 | | |
| 11 | | By  *s/ Brendan P. Glackin* |
| | | BRENDAN P. GLACKIN |
| 12 | | Elizabeth J. Cabraser (SBN 083151) |
| | | Brendan P. Glackin (199643) |
| 13 | | Lin Y. Chan (SBN 255027) |
| | | Michael K. Sheen (288284) |
| 14 | | 275 Battery Street, 29th Floor |
| | | San Francisco, CA 94111-3339 |
| 15 | | Telephone: (415) 956-1000 |
| | | Facsimile:  (415) 956-1008 |
| 16 | | ecabraser@lchb.com |
| | | bglackin@lchb.com |
| 17 | | lchan@lchb.com |
| | | msheen@lchb.com |
| 18 | | |
| 19 | DATED: April 7, 2023 | COTCHETT, PITRE & McCARTHY, LLP |
| 20 | | By  *s/ Adam J. Zapala* |
| | | ADAM J. ZAPALA |
| 21 | | Joseph W. Cotchett (SBN 36324) |
| | | Tamarah P. Prevost (SBN 313422) |
| 22 | | 840 Malcolm Road |
| | | Burlingame, CA 94010 |
| 23 | | Telephone: (650) 697-6000 |
| | | Facsimile:  (650) 697-0577 |
| 24 | | jcotchett@cpmlegal.com |
| | | azapala@cpmlegal.com |
| 25 | | tprevost@cpmlegal.com |
| 26 | | |
| | | *Counsel for Indirect Purchaser Plaintiffs* |
| 27 | | |
| 28 | | |

IPP PROPOSED PLAN OF DISTRIBUTION AND SCHEDULE - 7
CASE NO.: 3:10-MD-02420-YGR (DMR)